IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WHITMAN INSURANCE COMPANY, LTD.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**TRAVELERS INDEMNITY COMPANY,** *et al.*<br><br>*Defendants.* | **Civil Action No. 1:05CV01125**<br>**John Garrett Penn, Judge** |

### WHITMAN INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE TRIGGER-OF-COVERAGE ISSUE

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, plaintiff Whitman Insurance Company, Ltd. hereby moves for partial summary judgment on the trigger-of-coverage issue. Specifically, Whitman requests a ruling that defendants' duty to indemnify is triggered by the same injury-in-fact trigger of coverage applied by the Court of Appeals to the underlying primary policies in *Abex Corporation v. Maryland Casualty Co.*, 790 F.2d 119, 124-27 (D.C. Cir. 1986), or the comparable trigger of coverage set forth by the Illinois Supreme Court in *Zurich v. Raymark*, 514 N.E.2d 156 (Ill. 1987). Additionally, Whitman seeks a ruling that "injury in fact" occurs simultaneously with an asbestos claimant's exposure to asbestos fibers, and continues to occur after cessation of actual exposure, until the claimant's death. These declarations, if entered, would substantially expedite the ultimate resolution of this dispute.

In support of this motion, Whitman relies on the accompanying statement of undisputed material facts and memorandum of points and authorities. A Proposed Order setting forth the undisputed facts and conclusions of law is also attached.

                    Respectfully submitted,

Dated: July 14, 2005

                    _____
                    Daniel E. Chefitz (D.C. Bar No. 481420)
                    Brooke Clagett (D.C. Bar No. 460570)
                    MORGAN, LEWIS & BOCKIUS LLP
                    1111 Pennsylvania Avenue, N.W.
                    Washington, D.C. 20004
                    Telephone:  202.739.3000
                    Facsimile:   202.739.3001

                    *Attorneys for Plaintiff*
                    *Whitman Insurance Company, Ltd.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WHITMAN INSURANCE COMPANY, LTD.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**TRAVELERS INDEMNITY COMPANY,** *et al.*<br><br>*Defendants*. | Civil Action No. 1:05CV01125<br>John Garrett Penn, Judge<br><br>Related Case:<br>Civil Action No. 82-2098 |

**WHITMAN INSURANCE COMPANY'S MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR
PARTIAL SUMMARY JUDGMENT ON THE TRIGGER-OF-COVERAGE ISSUE**

By this motion, Plaintiff Whitman Insurance Company, Ltd. seeks partial summary judgment on the applicable trigger of coverage under defendant insurers' policies. In particular, Whitman requests a declaration that defendants' duty to indemnify is triggered by the same injury-in-fact trigger of coverage applied by the Court of Appeals to the underlying primary policies in *Abex Corporation v. Maryland Casualty Co.*, 790 F.2d 119, 124-27 (D.C. Cir. 1986), or the comparable trigger of coverage set forth by the Illinois Supreme Court in *Zurich v. Raymark*, 514 N.E.2d 156 (Ill. 1987). Additionally, Whitman seeks a declaration that "injury in fact" occurs simultaneously with an asbestos claimant's exposure to asbestos fibers, and continues to occur after cessation of actual exposure, until the claimant's death. These declarations, if entered, would substantially expedite the ultimate resolution of this dispute.

**I.      INTRODUCTION**

For 24 years this Court has adjudicated the coverage dispute between Abex Corporation, now known as Pneumo Abex LLC ("Abex"), and its insurers over the insurers' obligations to

defend and indemnify Abex in connection with thousands of personal injury claims arising from exposure to products containing asbestos allegedly manufactured, sold, used, or distributed by Abex (hereinafter, the "Abex asbestos-related suits and claims").  By this related action, Whitman, a captive insurance company that has paid millions of dollars for Abex asbestos-related suits and claims as an insurer responsible for certain post-1977 layers of coverage, seeks to hold the defendant excess insurers to the same or consistent coverage rulings that have governed the responsibilities the insurers who issued the underlying primary and umbrella policies for the last two decades.   This motion focuses on the appropriate trigger of coverage and how to apply that trigger to the Abex asbestos-related suits and claims.

In *Abex*, the Court of Appeals applied an "injury-in-fact" trigger to Abex's pre-1974 primary policies.[1]  The Court of Appeals remanded the case to this Court to determine when injury-in-fact, through exposure of the claimants to asbestos, actually occurred.  The Court of Appeals noted that this Court "need not pinpoint the exact date of injury," but need only require "reasonably reliable evidence that the injury, sickness, or disease more likely than not occurred during the period of coverage."  *Id.* at 128 (internal quotation marks omitted).

After remand, this Court allowed discovery and conducted an eight-day trial on the injury-in-fact issue.  In an opinion dated October 9, 2001, the Court concluded that the issue had been "resolved by the parties by way of a stipulation which is not inconsistent with the evidence this Court heard during a factual hearing on when injury-in-fact occurs."[2]  *Pneumo Abex Corp. v. Maryland Cas. Co.*, No. 82-2098, 2001 U.S. Dist. LEXIS 20297 at *7 (D.D.C. Oct. 9, 2001).

---

[1] At the time of the Court of Appeals' opinion, Abex's post-1974 insurers were not part of the case.

[2] By that time, all of the post-1974 primary insurers, including a number that also issued excess coverage, were parties to the *Abex Action*.  Additionally, the parties in *Abex* at the time of the 2001 Opinion included two insurers that are also defendants in this case, Travelers Indemnity Company and National Union Fire Insurance Company of Pittsburgh, Pa.

The defendant insurers in this related case issued excess coverage for the period 1952 through 1985 that follows form to, or contains substantively similar terms and conditions as, the policies subject to the stipulation and the trigger-of-coverage ruling in the *Abex Action*. Accordingly, holding the defendant insurers to the same trigger-of-coverage rule and application as their underlying insurers or co-insurers is fair, equitable, and appropriate.

## II.     STATEMENT OF FACTS

This case concerns the obligations of certain excess insurers to defend and indemnify Abex in connection with thousands of personal injury claims arising from exposure to asbestos fibers. Liability for these claims is covered by numerous primary Comprehensive General Liability ("CGL") policies issued to American Brake Shoe Company and IC Industries, Inc. between 1943 and 1985. Declaration of Archie L. Meairs ("Meairs Decl.") ¶¶ 3, 7. These primary policies, and certain umbrella policies, have been the subject of extensive litigation before this Court and the Court of Appeals in the related action captioned *Abex Corporation v. Maryland Casualty Company*, No. 82-2098 (JGP) ("*Abex Action*"). Meairs Decl. ¶ 3.

The CGL policy is the standard liability insurance policy that, with only rare exceptions, is uniformly used by the insurance industry in the United States, and all of the primary policies at issue in the *Abex Action* contain identical or substantively identical language to the standard CGL policy in defining the insurers' obligations to the insured. *Abex*, 790 F.2d at 122. Under the CGL policy, the insurers are obligated to indemnify Abex for all damages that result from "bodily injury or property damage to which [the] policy applies caused by an occurrence . . . ." An "occurrence," in turn, is defined in the CGL policy to include "injurious exposure to conditions which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured." *Id.*

The defendant insurers issued various umbrella and excess policies of insurance to Abex Corporation or its affiliates providing excess liability coverage for the same time period as that provided in the policies at issue in the *Abex Action*. Most of the umbrella and excess policies, which sit above the primary policies or on the same layers as the excess policies at issue in the *Abex Action*, "follow form" to, or have substantially the same terms and conditions as, the underlying primary policies. Meairs Decl. ¶10. Consequently, the umbrella and excess policies at issue in this case require the defendant insurers to indemnify Abex for all damages that result from "bodily injury" caused by an "occurrence," as defined in the primary policies. The definition of "occurrence" in the primary policies therefore determines what event or events will "trigger" the defendant insurers' duties to defend and indemnify Abex.

On these undisputed facts, it is clear that, as a matter of law, the defendant insurers' duties to defend and indemnify are triggered if injury-in-fact occurred during the policy period. Partial summary judgment on this issue therefore should be granted.

### III.   ARGUMENT

The courts of the only potentially relevant jurisdictions – Illinois and New York[3]– have held that coverage under the standard CGL policy is triggered when injury occurs during the policy period. *See Zurich*, 514 N.E.2d at 159 (applying Illinois law); *Stonewall Ins. Co. v. Asbestos Claims Management Corp.*, 73 F.3d 1178, 1196-97 (2d Cir. 1995) (applying New York and Texas law); *Abex*, 790 F.2d at 4 (applying New York law). The extensive litigation of asbestos-related insurance claims since the Court of Appeals' ruling in *Abex* has resulted in a growing consensus that injury-in-fact in the asbestos context first occurs at or shortly after initial exposure to asbestos. Moreover, the courts have held that subsequent injuries occur each year

---

[3] All of the post-1974 policies – in fact, all of the post-1970 policies – were issued to IC Industries in Illinois. Meairs Decl. ¶¶ 9-10. Thus, more than 95% of the policies – by policy limits – at issue in this case should be governed by the law of Illinois.

that the claimant continues to be exposed to asbestos. Thus, under the injury-in-fact trigger, the Court should hold that the excess policies in this case are triggered if the claimants in the underlying Abex asbestos-related suits and claims were exposed to asbestos at any time during the policy period.

Moreover, recent decisions hold that injury-in-fact in the asbestos context continues after exposure to asbestos ceases, and recurs each year thereafter, until the claimant dies. Consequently, this Court should hold that the insurer defendants' duty to indemnify was triggered if a claimant who had previously been exposed to asbestos fibers was alive during the applicable policy period.

> A. Defendants' Duty to Indemnify is Triggered by Injury Occurring During the Policy Period.

Addressing the same issue presented by this motion, the Court of Appeals in *Abex* held that the insurers' duty to indemnify is triggered by an injury occurring during the policy period. *Abex*, 790 F.2d at 126-27. Under this theory, "'a real but undiscovered *injury*, proved in retrospect to have existed at the relevant time, would establish coverage, irrespective of the time the injury became diagnosable.*" Stonewall*, 73 F.3d at 1194 (quoting *American Home Prods. Corp. v. Liberty Mutual Ins. Co.*, 565 F. Supp. 1485, 1497 (S.D.N.Y. 1983), *aff'd*, 748 F.2d 260 (2d Cir. 1984)) (alterations and internal quotation marks omitted). In other words, the asbestos-induced injury "need not be compensable or diagnosable during the policy period if its existence during that period can be proved in retrospect." *Abex*, 790 F.2d at 121.

Although the Court of Appeals in *Abex* focused on New York law, a consistent result is reached if Illinois law is applied to the post-1970 policies. In *Zurich*, the Illinois Supreme Court held that the insurers' obligations are triggered by "bodily injury," "sickness," or "disease" taking place during the policy period. *Zurich*, 514 N.E.2d at 161. Accordingly, the injury-in-

1-WA/2418552.1                              5

fact trigger applied by the Court of Appeals to the Abex asbestos-related suits and claims in *Abex* is entirely consistent with the trigger of coverage applicable to all post-1970 Illinois policies.

   B. <u>Injury in Fact Occurs, as a Matter of Law, Upon Inhalation of Asbestos Fibers.</u>

  In *Abex*, the Court of Appeals reversed this Court's grant of summary judgment because the record at that time was "devoid of evidence on when asbestos-related injury occurs." 790 F.2d at 127. The court recognized, however, that asbestos-related injury may occur "simultaneously with exposure," as Abex argued, but declined to so hold as a matter of law because the courts were split on the issue at that time. *Id.* at 127 & n.36. In the 19 years since the Court of Appeals' 1986 decision, a wealth of scientific and medical information has been made available to the courts on precisely this issue, which has resulted in a growing consensus that injury-in-fact indeed occurs at or shortly after initial exposure to asbestos.

  As the Illinois Supreme Court held in *Zurich*: "'Bodily injury' takes place at or shortly after the time a claimant was exposed to asbestos and continues throughout claimant's exposure to asbestos. Thus, an insurer that was on the risk during the time the claimant was exposed to asbestos must provide coverage." 514 N.E.2d at 161. The court reached this conclusion based on "extensive medical testimony" finding "that asbestos fibers cause physical and biochemical injury to the cells of the lung at or shortly after inhalation." *Id.* at 159-60. Indeed, the insurers in *Zurich,* one of whom is a party in this case, conceded that lung cells are "physically and chemically damaged by [the inhalation of] asbestos fibers."[4] *Id.* at 160.

  Similarly, in *Stonewall*,[5] the district court found, and the Court of Appeals affirmed, that injury-in-fact in the asbestos context first occurs at or shortly after exposure to asbestos fibers. 73 F.3d at 1197. The court applied the injury-in-fact trigger of coverage articulated in *American*

---

[4] Defendant Federal Insurance Company was a party to the *Zurich* case.
[5] Three of the defendants in this case, Lloyd's, First State, and Stonewall, were parties in the *Stonewall* case.

*Home Products Corporation v. Liberty Mutual Insurance Company*, 748 F.2d 760 (2d Cir. 1984), and applied by the Court of Appeals in *Abex*. *See* 73 F.3d at 1194. The medical evidence introduced at trial demonstrated that, "[f]rom the time of exposure, asbestos fibers are readily inhaled into the lungs and can immediately injure the cells by causing inflammation and scarring," which, in turn, causes asbestos-related diseases such as asbestosis and pleural plaques. *Id.* at 1198. Similarly, an individual cell exposed to asbestos will "mutate," which may cause additional mutations -- all of which constitute "injuries" -- that ultimately may lead to asbestos-related cancer. *Id.* at 1198-99. As a result, each exposure to asbestos constitutes a separate injury-in-fact for purposes of determining whether coverage under a particular policy period is triggered.

Thus, jurisdictions adopting the injury-in-fact trigger of coverage have concluded that coverage for asbestos-related injuries is triggered virtually simultaneously with exposure to asbestos. Those courts also have rejected the notion that injury-in-fact is *limited* to the initial exposure, holding instead that continuous exposure to asbestos fibers causes additional injuries. This Court should therefore hold that coverage under the excess policies in this case is triggered for each year in which the claimants in the Abex asbestos-related suits and claims were exposed to asbestos fibers.

        C.    <u>Claimants Exposed to Asbestos Are Injured at the Time of Exposure and Every Year Thereafter.</u>

Finally, the Court should hold that a claimant who has been exposed to asbestos suffers injury not only at the time of initial exposure, but also during every year thereafter, until the claimant dies. In *Stonewall*, after both a bench trial and a jury trial, the district court held that, with respect to *non-cancer* asbestos-induced diseases, such as asbestosis and pleural plaques, "bodily injury," within the meaning of the policies, occurs from the date of first exposure to the

date of claim or death, whichever is earlier. *See* 73 F.3d at 1193, 1197-98. The Court of Appeals affirmed because the medical evidence showed that, "[e]ven if an individual is no longer exposed to asbestos, asbestos fibers within the lung continue to split or divide over time, which is the main cause of the disease continuing and progressing." *Id.* at 1198.

The *Stonewall* court remanded for further consideration the district court's conclusion that only policies in effect at the date of direct exposure must respond to claims of asbestos-induced *cancers. See id.* at 1199-20. On remand, the district court received additional evidence and concluded that "it was in error in its earlier ruling." *Stonewall Ins. Co. v. Asbestos Management Corp.*, No. 86 Civ. 9671, 1998 WL 405047 *3 (S.D.N.Y. July 17, 1998). On reconsideration, the court found that victims of asbestos-related cancers, both lung cancer and mesothelioma, suffer injuries at the time of exposure and also in every year thereafter. *Id.*

The trials and reconsideration on remand in *Stonewall* were concluded by the time this Court held the injury-in-fact trial in the *Abex Action*. Three of the defendants in this case were parties in *Stonewall*, and the *Stonewall* record was available to the parties in *Abex* before trial. After hearing eight days of testimony, this Court concluded that the *Abex* parties' stipulation regarding when injury-in-fact occurs was consistent with the evidence presented at trial. 2001 U.S. Dist. LEXIS 20297 at *7. As the Court of Appeals in *Abex* noted, there is no need for the Court to conduct an additional trial on this issue. Rather, since the Court already has determined "that asbestos exposure causes injury at a particular time and in a particular manner," it is appropriate for the Court "to apply these findings to *all* similar cases." 790 F.2d at 128 (emphasis in original).

## CONCLUSION

For the foregoing reasons, Whitman's motion for partial summary judgment on the trigger-of-coverage issue should be granted.

                                            Respectfully submitted,

Dated: July 14, 2005

                                            Daniel E. Chefitz (D.C. Bar No. 481420)
                                            Brooke Clagett (D.C. Bar No. 460570)
                                            MORGAN, LEWIS & BOCKIUS LLP
                                            1111 Pennsylvania Avenue, N.W.
                                            Washington, D.C. 20004
                                            Telephone:   202.739.3000
                                            Facsimile:    202.739.3001

                                            *Attorneys for Plaintiff*
                                            *Whitman Insurance Company, Ltd.*