# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WHITMAN INSURANCE COMPANY, LTD.,** | **Civil Action No. 1:05CV01125** |
| *Plaintiff,* | **John Garrett Penn, Judge** |
| **v.** | |
| **TRAVELERS INDEMNITY COMPANY,** *et al.* | |
| *Defendants.* | |

### STATEMENT OF UNDISPUTED MATERIAL FACTS OF WHITMAN INSURANCE COMPANY, LTD. IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE TRIGGER-OF-COVERAGE ISSUE

Pursuant to Local Civil Rule 7(h), Whitman Insurance Company, Ltd. ("Whitman") submits this Statement of Material Facts, as to which there is no genuine issue, in support of its Motion for Partial Summary Judgment on the Trigger-of-Coverage Issue.

1.      For 24 years this Court has adjudicated the coverage dispute between Abex Corporation, now known as Pneumo Abex LLC, ("Abex"), and certain of its insurers over the insurers' obligations to defend and indemnify Abex in connection with thousands of personal injury claims arising from exposure to products containing asbestos allegedly manufactured, sold, used, or distributed by Abex (hereinafter, the "Abex asbestos-related suits and claims"). *See* Declaration of Archie L. Meairs ("Meairs Decl.") ¶ 4-6.

2.      Liability for the Abex asbestos-related suits and claims is covered by numerous primary Comprehensive General Liability ("CGL") policies issued to American Brake Shoe Company and IC Industries, Inc. between 1943 and 1985.  Meairs Decl. ¶¶ 3, 7.

3.      These primary policies, and certain umbrella policies, have been the subject of extensive litigation before this Court and the Court of Appeals in the related action captioned

*Abex Corporation v. Maryland Casualty Company*, No. 82-2098 (JGP) ("*Abex Action*").  Meairs

Decl. ¶7.

4.     In related action, Whitman seeks the hold the defendant excess insurers to the

same or consistent coverage rulings that have governed the responsibilities of Abex's primary

and umbrella insurers for the last two decades.

5.     Whitman is a captive insurance company responsible for portions of the primary

Comprehensive General Liability ("CGL") insurance issued to IC Industries, Inc., previously

known as Illinois Central Industries, Inc., later known as Whitman Corporation, and now known

as PepsiAmericas, Inc. (collectively "IC Industries"), for the policy periods between March 1,

1978 to April 1, 1985.  Meairs Decl. ¶2.

6.     The CGL policy is the standard liability insurance policy that, with only rare

exceptions, is uniformly used by the insurance industry in the United States, and all of the

primary policies at issue in the *Abex Action* contain identical or substantively identical language

to the standard CGL policy in defining the insurers' obligations to the insured.  *Abex*

*Corporation v. Maryland Casulaty Co.*, 790 F.2d 119, 122 (D.C. Cir. 1986).

7.     Under the CGL policy, the insurers are obliged to indemnify Abex for all

damages that result from "bodily injury or property damage to which [the] policy applies caused

by an occurrence . . . ."  790 F.2d at 122.  An "occurrence," in turn, is defined in the CGL policy

to include "injurious exposure to conditions which results, during the policy period, in bodily

injury or property damage neither expected nor intended from the standpoint of the insured."  *Id.*

8.     The defendant insurers issued various umbrella and excess policies of insurance

to Abex or its affiliates providing excess liability coverage for the same time period as that

provided in the policies at issue in the *Abex Action*.  Meairs Decl. ¶ 8.

9.    Most of the umbrella and excess policies, which sit above the primary policies or on the same layers as the excess policies at issue in the *Abex Action*, "follow form" to, or have substantially the same terms and conditions as, the underlying primary policies.  Meairs Decl. ¶ 8.  Consequently, the umbrella and excess policies at issue in this case require the defendant insurers to indemnify Abex for all damages that result from "bodily injury" caused by an "occurrence," as defined in the primary policies.  The definition of "occurrence" in the primary policies therefore determines what event or events will "trigger" the defendant insurers' duties to defend and indemnify Abex.

10.    All of the post-1970 insurance policies at issue in this action were negotiated, drafted, issued, and delivered in Illinois to IC Industries.  All of these policies were also brokered in Illinois through Rollins Burdick Hunter Company's Chicago, Illinois office, and all premiums for these policies were paid in Illinois.  The Lloyd's post-1970 policies even provide an Illinois-based agent for purposes of process of service under the policies.  Meairs Decl. ¶9

11.    Since the time of their issuance, the post-1970 policies have been maintained in Illinois in the insurance department of IC Industries, where they remain to date.  Meairs Decl. ¶10.

12.    In May 1999, the Court in the *Abex Action* conducted an eight-day trial on the issue of when injury-in-fact occurred in the underlying Abex asbestsos-related suits and claims.

13.    In an opinion dated October 9, 2001, the Court concluded that the issue had been "resolved by the parties by way of a stipulation which is not inconsistent with the evidence this Court heard during a factual hearing on when injury-in-fact occurs."  *Pneumo Abex Corp. v. Maryland Cas. Co.*, No. 82-2098, 2001 U.S. Dist. LEXIS 20297 at *7 (D.D.C. Oct. 9, 2001).

14.    Defendants Travelers Indemnity Company and National Union Fire Insurance

Company of Pittsburgh, Pa., were parties to the *Abex Action* at the time the Court issued its October 9, 2001 opinion.

15.     Three of the defendants in this case – Lloyd's, First State, and Stonewall – also were parties in *Stonewall Insurance Co. v. Asbestos Management Corp.*, No. 86 Civ. 9671 (S.D.N.Y.).

16.     The court in the *Stonewall* case received evidence regarding when injury-in-fact occurs in the context of asbestos-related personal injury claims.

17.     The record in the *Stonewall* case (including the additional evidence presented on remand from the Court of Appeals), was available to the parties in the *Abex Action* before the injury-in-fact trial commenced in that case.

18.     The evidence presented at trial in the *Abex Action* is consistent with the holdings in *Stonewall*, on appeal and on remand, regarding when injury-in-fact occurs.


                                        Respectfully submitted,


Dated: July 14, 2005                    _____
                                        Daniel E. Chefitz (D.C. Bar No. 481420)
                                        Brooke Clagett (D.C. Bar No. 460570)
                                        MORGAN, LEWIS & BOCKIUS LLP
                                        1111 Pennsylvania Avenue, N.W.
                                        Washington, D.C. 20004
                                        Telephone:   202.739.3000
                                        Facsimile:   202.739.3001

                                        *Attorneys for Plaintiff*
                                        *Whitman Insurance Company, Ltd.*