IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WHITMAN INSURANCE COMPANY, LTD.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**TRAVELERS INDEMNITY COMPANY,** *et al.*<br><br>*Defendants*. | Civil Action No. 1:05CV01125<br>John Garrett Penn, Judge<br><br><br>Related Case:<br>Civil Action No. 82-2098 |

**STATEMENT OF UNDISPUTED MATERIAL FACTS OF WHITMAN INSURANCE
COMPANY, LTD. IN SUPPORT OF ITS MOTION FOR
<u>PARTIAL SUMMARY JUDGMENT ON THE NUMBER-OF-OCCURRENCE ISSUE</u>**

Pursuant to Local Civil Rule 7(h), Whitman Insurance Company ("Whitman") submits this Statement of Material Facts, as to which there is no genuine issue, in support of its Motion for Partial Summary Judgment on the Number-of-Occurrence Issue.

1.      Abex Corporation ("Abex") was a manufacturer engaged in the sale and distribution of brake-linings for railroad cars, automobiles, trucks, and industrial machinery (hereinafter "friction products").  Declaration of Archie Meairs ("Meairs Decl."), ¶3.

2.      At one time, the friction products manufactured and sold or distributed by Abex contained asbestos.  Meairs Decl., ¶3.

3.      As a result of its manufacture and sale or distribution of friction products containing asbestos, Abex has been and is presently a defendant in thousands of product liability suits ("Abex asbestos-related suits and claims").  Meairs Decl., ¶4.

4.      The Abex asbestos-related suits and claims seek damages because of alleged bodily injury or personal injury (hereafter, "bodily injury") and allege causes of action including,

without limitation, negligence, strict liability, and product liability, that allegedly arose from exposure to a friction product allegedly manufactured and sold or distributed by Abex. Meairs Decl., ¶5.

5. The Abex asbestos-related suits and claims include claims based on theories of market share, conspiracy, and similar claims or causes of action. Meairs Decl., ¶5.

6. All of the post-1970 insurance policies that Abex has asserted as providing coverage for the Abex asbestos-related suits and claims were negotiated, drafted, and issued in Illinois to Illinois Central Industries, Inc. ("IC Industries") (subsequently known as IC Industries, Inc. and Whitman Corporation, now known as PepsiAmericas Inc.). At all relevant times, Abex was a wholly-owned subsidiary of IC Industries or its successors. Meairs Decl., ¶7.

7. All of these post-1970 policies were brokered through Rollins Burdick Hunter Company's Chicago, Illinois office. All premiums for these policies were paid by IC Industries in Illinois. Meairs Decl., ¶7.

8. Since the time of their issuance, all of the post-1970 policies have been maintained in Illinois in the insurance departments of Illinois Central Industries, Inc. and its successors. Meairs Decl., ¶8.

**1974 Policy Period**

9. Argonaut Insurance Company ("Argonaut") issued policy CL90308006142 to IC Industries providing primary comprehensive general liability ("CGL") coverage for the period March 1, 1974 to March 1, 1975 (the "1974 policy period"). Meairs Decl., ¶9.

10. This Argonaut policy defines an "occurrence" to mean "an accident including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." Meairs Decl., ¶9.

**1975 Policy Period**

11.     Continental Insurance Company ("Continental") issued policy L6348764 to IC Industries providing primary CGL coverage for the policy period March 1, 1975 to March 1, 1976 (the "1975 policy period").  Meairs Decl., ¶10.

12.     This Continental policy provides, in part, that "[f]or the purpose of determining the limit of the company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence."  Meairs Decl., ¶10.

**1976 Policy Period**

13.     Continental issued policy L6348764 to IC Industries providing primary CGL coverage for the policy period March 1, 1976 to March 1, 1977 (the "1976 policy period"). Meairs Decl., ¶10.

14.     The Continental primary policy provides, in part, that "[f]or the purpose of determining the limit of the company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence."  Meairs Decl., ¶10.

**1977 Policy Period**

15.     Continental issued policy L6348764 to IC Industries providing primary CGL coverage for the policy period March 1, 1977 to March 1, 1978 (the "1977 policy period"). Meairs Decl., ¶10.

16.     This Continental policy provides, in part, that "[f]or the purpose of determining the limit of the company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered

as arising out of one occurrence." Meairs Decl., ¶10.

### 1978 Policy Period

17.    Northwestern National Insurance Company ("Northwestern") issued policy CLA 791731 to IC Industries providing primary CGL coverage for the policy period March 1, 1978 to April 1, 1979 (the "1978 policy period"). Meairs Decl., ¶11.

18.    This Northwestern primary policy defines an "occurrence" to mean "an accident including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." Meairs Decl., ¶11.

### 1979 Policy Period

19.    Continental issued policy SRL 3632812 to IC Industries providing primary CGL coverage for the policy period April 1, 1979 to April 1, 1980 (the "1979 policy period"). Meairs Decl., ¶12.

20.    This Continental policy provides, in part, that "[f]or the purpose of determining the limit of the company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence." Meairs Decl., ¶12.

### 1980 Policy Period

21.    National Union Fire Insurance Company of Pittsburgh, PA ("National Union") issued policy GLAL 1270278 to IC Industries providing primary CGL coverage for the policy period April 1, 1980 to April 1, 1981 (the "1980 policy period"). Meairs Decl., ¶13.

22.    This National Union primary policy provides, in part, that "[f]or the purpose of determining the limit of the company's liability, all bodily injury and property damage arising

out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence." Meairs Decl., ¶13.

### 1981 Policy Period

23.  National Union issued policy GLAL 1270278 to IC Industries providing primary CGL coverage for the policy period April 1, 1981 to April 1, 1982 (the "1981 policy period"). Meairs Decl., ¶13.

24.  This National Union policy provides, in part, that "[f]or the purpose of determining the limit of the company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence." Meairs Decl., ¶13.

### 1982 Policy Period

25.  National Union issued policy GLA 956 76 32 to IC Industries providing primary coverage for the policy period April 1, 1982 to April 1, 1983 (the "1982 policy period"). Meairs Decl., ¶14.

26.  This National Union policy defines an "occurrence" to mean "an accident including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." Meairs Decl., ¶14.

### 1983 Policy Period

27.  National Union issued policy GLA 9184801 to IC Industries providing primary CGL coverage for the policy period April 1, 1983 to April 1, 1984 (the "1983 policy period"). Meairs Decl., ¶15.

28.  This National Union policy defines an "occurrence" to mean "an accident

including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." Meairs Decl., ¶15.

### 1984 Policy Period

29.   National Union issued policy GLA 9184801 to IC Industries providing primary CGL coverage for the policy period April 1, 1984 to April 1, 1985 (the "1984 policy period"). Meairs Decl., ¶15.

30.   This National Union policy defines an "occurrence" to mean "an accident including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." Meairs Decl., ¶15.

Respectfully submitted,

Dated: July 14, 2005

Daniel E. Chefitz (D.C. Bar No. 481420)
Brooke Clagett (D.C. Bar No. 460570)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:   202.739.3000
Facsimile:   202.739.3001

*Attorneys for Plaintiff*
*Whitman Insurance Company, Ltd.*