IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WHITMAN INSURANCE COMPANY, LTD.,<br><br>*Plaintiff,*<br><br>v.<br><br>TRAVELERS INDEMNITY COMPANY, *et al.*<br><br>*Defendants.* | Civil Action No. 1:05CV01125<br>John Garrett Penn, Judge |

**DECLARATION OF ARCHIE L. MEAIRS IN SUPPORT OF WHITMAN'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON NUMBER-OF-OCCURRENCE ISSUE**

I, Archie L. Meairs, declare as follows:

1.  I am President of Whitman Insurance Company, Ltd. and Director of Risk Management for PepsiAmericas, Inc. Through those capacities, I have personal knowledge of the matters set forth herein, and if called and sworn to testify as a witness, I could and would testify competently thereto.

2.  Whitman Insurance Company, Ltd. is a captive insurance company responsible for portions of the primary comprehensive general liability ("CGL") insurance issued to IC Industries, Inc., previously known as Illinois Central Industries, Inc., later known as Whitman Corporation, and now known as PepsiAmericas, Inc. (collectively "IC Industries") for the policy periods between March 1, 1978 to April 1, 1985. These CGL policies issued to IC Industries provided coverage to Abex Corporation ("Abex") as an additional insured, which, during those policy periods, was a wholly-owned subsidiary of IC Industries. Whitman Insurance Company

has paid millions of dollars in connection with the indemnity and defense costs for the Abex asbestos-related suits and claims, as defined herein.

3. Abex has admitted that it was a manufacturer, seller and distributor of brake-linings for automobiles, trucks, industrial machinery, and railroad cars (hereinafter "friction products"). Abex has also admitted that at one time, the friction products manufactured and sold or distributed by Abex contained asbestos.

4. Review of data summaries and underlying complaints establishes that as a result of its manufacture and sale or distribution of friction products containing asbestos, thousands of product liability suits and claims have been brought against Abex. ("Abex asbestos-related suits and claims").

5. Review of underlying complaints reveals that the Abex asbestos-related suits and claims seek damages because of alleged bodily injury or personal injury (hereafter, "bodily injury"). The Abex asbestos-related suits and claims allege causes of action including, without limitation, negligence, strict liability, and product liability, that allegedly arose from exposure to a friction product allegedly manufactured and sold or distributed by Abex, and the Abex asbestos-related suits and claims include claims based on theories of conspiracy, market share and/or similar claims or causes of action.

6. Consultants, staff under my supervision, and I have reviewed the historical insurance policies of IC Industries from time to time for various reasons.

7. Review of the policies, summaries and other historic documents establishes that all of the post-1970 insurance policies identified in this action, as well as all underlying primary and umbrella policies, were negotiated, drafted, issued and delivered in Illinois to IC Industries,

all of these policies were brokered in Illinois through Rollins Burdick Hunter Company's Chicago, Illinois office, and all premiums were paid in Illinois.

8.    Since the time of their issuance all of these post-1970 policies have been maintained in Illinois in the insurance department of IC Industries, where they remain to date.

9.    Argonaut issued policy CL90308006142 to IC Industries providing primary CGL coverage for the period March 1, 1974 to March 1, 1975. The policy defines an "occurrence" to mean "an accident including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

10.   Continental issued policy L6348764 to IC Industries providing primary CGL coverage for the policy periods March 1, 1975 to March 1, 1976, March 1, 1976 to March 1, 1977, and March 1, 1977 to March 1, 1978. The policy provides, in part, that "[f]or the purpose of determining the limit of the company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence."

11.   Northwestern issued policy CLA 791731 to IC Industries providing primary CGL coverage for the policy period March 1, 1978 to April 1, 1979. The policy defines an "occurrence" to mean "an accident including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

12.   Continental issued policy SRL 3632812 to IC Industries providing primary CGL coverage for the policy period April 1, 1979 to April 1, 1980. The policy provides, in part, that

"[f]or the purpose of determining the limit of the company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence."

13.   National Union issued policy GLAL 1270278 to IC Industries providing primary CGL coverage for the policy periods April 1, 1980 to April 1, 1981 and April 1, 1981 to April 1, 1982.  The policy provides, in part, that "[f]or the purpose of determining the limit of the company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence."

14.   National Union issued policy GLA 956 76 32 to IC Industries providing primary CGL coverage for the policy period April 1, 1982 to April 1, 1983.  The policy defines an "occurrence" to mean "an accident including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

15.   National Union issued policy GLA 9184801 to IC Industries providing primary CGL coverage for the policy periods April 1, 1983 to April 1, 1984 and April 1, 1984 to April 1, 1985.  The policy defines an "occurrence" to mean "an accident including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14th day of July, 2005 at Rolling Meadows, Illinois.

                                              Archie L. Meairs