**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

WHITMAN INSURANCE COMPANY, LTD,

$\qquad$ Plaintiff,

vs.

TRAVELERS INDEMNITY CO., *et al.*,

$\qquad$ Defendants.

Case No.:  05-01125

Judge John Garrett Penn

## FIRST STATE INSURANCE COMPANY'S MOTION TO DISMISS

Defendant First State Insurance Company ("First State") hereby moves to dismiss plaintiff's complaint:  (1) pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join indispensable parties; (2) because this action is not brought by the real party in interest, and the nominal plaintiff lacks standing; (3) pursuant to Fed. R. Civ. P. 12(b)(1) for misalignment of parties such that there is no subject matter jurisdiction; and (4) pursuant to *Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995), because there is a prior pending action in New York state court.  The grounds for this motion are set forth in the accompanying Memorandum of Points and Authorities.

Respectfully submitted,

Date:  July 26, 2005

/s/ Eric S. Parnes
Eric S. Parnes (D.C. Bar No. 489071)
Kathryne Love (D.C. Bar No. 479644)
Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
Tel: 202-721-4600
Fax: 202-721-4646
*Attorneys for First State Insurance Company*

*Of Counsel:*
David R. Biester
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WHITMAN INSURANCE COMPANY, LTD.,

                            Plaintiff,

       vs.

TRAVELERS INDEMNITY COMPANY, *et al.*,

                       Defendants.

Case No.:  05-01125

Judge John Garrett Penn

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FIRST STATE INSURANCE COMPANY'S MOTION TO DISMISS OR STAY THIS ACTION

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS ...................................................................................................5

    The Whitman Action...............................................................................................5

        Whitman.................................................................................................5

        Procedural History ................................................................................5

        Pneumo Abex LLC ...............................................................................6

        The Insurer Defendants.........................................................................7

        The Unnamed Insurers ..........................................................................7

        The Missing Parties:  Cooper and PepsiAmericas...................................8

            PepsiAmericas.........................................................................8

            Cooper ...................................................................................9

    The NY Action........................................................................................................9

        New York Complaint.............................................................................9

        Procedural History .............................................................................10

    The Complaint in the Prior DC Action .......................................................... 11

ARGUMENT ....................................................................................................................11

I.     THIS CASE SHOULD BE DISMISSED BECAUSE JOINDER OF
       INDISPENSABLE PARTIES, COOPER AND PEPSIAMERICAS, IS
       IMPOSSIBLE ......................................................................................................12

      A.    Cooper and PepsiAmericas Are "Necessary" Parties That Must be Joined for
           Just Adjudication ................................................................................ 12

           1.    Complete Relief is Impossible Without Cooper and PepsiAmericas. ..........13

           2.    PepsiAmericas and Cooper Claim an Interest in the Scope of the
               Policies and Allowing this Action to Proceed will Subject the
               Insurers to a Substantial Risk of Conflicting Obligations ............................14

B.   Cooper and PepsiAmericas Cannot be Joined in this Action Because Their Presence Would Destroy Diversity ..................................................................... 15

C.   This Action Should be Dismissed Because Cooper and PepsiAmericas Are Indispensable Parties............................................................................................. 16

1.   The Insurer Defendants Would Be Prejudiced by a Judgment Absent Cooper and PepsiAmericas ........................................................................16

2.   The Relief Cannot be Shaped to Protect the Parties ....................................17

3.   Judgment Rendered Without Cooper and PepsiAmericas is Inadequate and Potentially Wasteful of Judicial Resources ........................18

4.   Whitman has an Adequate Remedy Available in the NY Action................18

II.   THIS ACTION SHOULD BE DISMISSED BECAUSE WHITMAN IS NOT THE REAL PARTY IN INTEREST AND LACKS STANDING TO BRING THIS SUIT...............................................................................................................19

III.   THIS ACTION SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(b)(1) FOR LACK OF DIVERSITY BECAUSE PNEUMO ABEX SHOULD BE REALIGNED AS PLAINTIFF.........................................................................................20

A.   Pneumo Abex Should Be Realigned as a Plaintiff with Whitman....................... 21

B.   There is No Diversity Jurisdiction Once Pneumo Abex is Properly Aligned with Whitman as a Plaintiff ......................................................................................... 23

IV.   THIS ACTION SHOULD BE DISMISSED OR STAYED IN DEFERENCE TO THE PARALLEL NY ACTION ...................................................................................23

A.   The *Wilton/Brillhart* Standard Applies to this Motion .......................................... 24

B.   Under *Wilton,* this Action Should Be Dismissed................................................... 26

1.   This Action Cannot Fully Resolve This Controversy, but the NY Action Can ....................................................................................................26

2.   The NY Action Was Filed Three Years Before This Action........................27

3.   Allowing This Action to Proceed May Lead to Inconsistent Outcomes .....................................................................................................27

4.   This Dispute Arises Under State Law and Does Not Involve Any Issues of Significant Public Concern ............................................................28

5.   Whitman's and PepsiAmericas' Maneuverings to Avoid Jurisdiction in New York Must Be Rejected ..................................................................28

CONCLUSION..................................................................................................................30

## <u>TABLE OF AUTHORITIES</u>

### CASES

<u>Page</u>

*Abex Corp. v. Maryland Cas. Co.*, 790 F.2d 119 (D.C. Cir. 1986) .........................................28, 30

*Acton Co. v. Bachman Foods, Inc.*, 668 F.2d 76 (1st Cir. 1982) ...................................................18

*Aetna Cas. & Sur. Co. v. Rasa Mgmt. Co., Inc.*, 621 F. Supp. 892 (D. Nev. 1985) .....................13

*\*Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942) ................................................24, 26, 27

*Catalyst & Chem. Services, Inc. v. Global Ground Support*, 350 F. Supp. 2d 1
    (D.D.C. 2004) ...........................................................................................................................20

*Chapman v. Clarendon Nat'l Ins. Co.*, 299 F. Supp. 2d 559 (D. Va. 2004)..................................28

*\*City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63 (1941).............................................21, 23

*\*Cloverleaf Standardbred Owners Ass'n v. Nat'l Bank of Wash.*, 699 F.2d 1274
    (D.C. Cir. 1983) ...........................................................................................................13, 16, 17

*Fortuin v. Milhorat*, 683 F. Supp. 1 (D.D.C. 1988).......................................................................18

*Hanes Corp. v. Millard*, 531 F.2d 585 (D.C. Cir. 1976)..........................................................26, 28

*IDT Corp. v. eGlobe Inc.*, 140 F. Supp. 2d 30 (D.D.C. 2001)........................................................23

*Jackson v. Culinary Sch.*, 59 F.3d 254 (D.C. Cir. 1995) ..........................................................23, 28

*Jackson v. Culinary Sch. of Wash.*, 27 F.3d 573 (D.C. Cir. 1994), *vacated on
    other grounds*, 515 U.S. 1139 (1995) .....................................................................................26

*Kickapoo Tribe v. Babbit*, 43 F.3d 1491 (D.C. Cir. 1995)......................................................12, 18

*Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112 (D.D.C. 1999) ...................................................19

*Maryland Cas. Ins. Co. v. Newpark Towers*, No. 89-0649-LFO, 1990 U.S. Dist.
    LEXIS 15317 (D.D.C. Nov. 5, 1990) ......................................................................................24

*Meng v. Schwartz*, 305 F. Supp. 2d 49 (D.D.C. 2004) .................................................................15

*\*National Union Fire Ins. Co. v. Rite Aid  of S.C., Inc.*, 210 F.3d 246 (4th
    Cir. 2000) ........................................................................................................................ *passim*

*Northland Ins. Co. v. Berkebile Oil Co.*, No. 3:03CV00011, 2003 U.S. Dist.
    LEXIS 23492 (W.D. Va. Dec. 12, 2003)................................................................................17

*Pneumo Abex Corporation v. Maryland Casualty Company*, No. 82CV2098, 2001 U.S. Dist. LEXIS 20297 (D.D.C. Oct. 9, 2001)....................................................................11

*Potomac Elec. Power Co. v. Babcock & Wilcox Co.*, 54 F.R.D. 486 (D. Md. 1972)....................19

*Provident Tradesman Bank & Trust v. Patterson*, 390 U.S. 102 (1968).................................14, 18

*Roche v. Lincoln Prop. Co.*, 373 F.3d 610 (4th Cir. 2004), *cert. granted*, 125 S.Ct. 1398, 161 L.Ed.2d 189 (Feb 28, 2005) .....................................................................................19

*Roth v. D.C. Courts*, 160 F. Supp. 2d 104 (D.D.C. 2001) ................................................................26

*Saylab v. Harford Mut. Ins. Co.*, 271 F. Supp. 2d 112 (D.D.C. 2003) ...........................................21

*Sta-Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281 (7th Cir. 1996) ...........................................19

*State Auto Ins. Cos. v. Summy*, 234 F.3d 131 (3d Cir. 2001)..........................................................28

*Stenhouse v. G.F. Jacobson*, 193 F. Supp. 694 (N.D. Cal. 1961)....................................................17

*Strawbridge v. Curtiss*, 7 U.S. 267 (1806)...............................................................................15, 23

*Unigard Sec. Ins. Co. v. North River Ins. Co.*, 594 N.E.2d 571 (N.Y. 1992)................................20

*United States Fire Ins. v. Tuckerman Lane Dev. Co.*, No. 95-0537, 1995 U.S. Dist. LEXIS 22062 (D.D.C. June 28, 1995) ......................................................................28

*Ward v. Deavers*, 203 F.2d 72 (D.C. Cir. 1953) ............................................................................17

*Warth v. Seldin*, 422 U.S. 490 (1975) ............................................................................................20

*\*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) .................................................................. *passim*

## STATUTES

28 U.S.C. § 1331.............................................................................................................................15

28 U.S.C. § 1332........................................................................................................................15, 23

28 U.S.C. § 1332(c)(1)....................................................................................................................15

28 U.S.C. 2201(a) ...........................................................................................................................23

Fed. R. Civ. P. 12(b)(1)..............................................................................................................1, 21, 23

Fed. R. Civ. P. 12(b)(7)................................................................................................... *passim*

Fed. R. Civ. P. 17(a) .......................................................................................................................19

Fed. R. Civ. P. 19 .................................................................................................................12

Fed. R. Civ. P. 19(a) .....................................................................................................13, 14

Fed. R. Civ. P. 19(a)(2)(ii) ..................................................................................................14

Fed. R. Civ. P. 19(b) ............................................................................................................16

**MISCELLANEOUS**

4 *Moore's Federal Practice* § 17.10[1] (3d ed. 2004)................................................................19

NY 966304_8.DOC

Defendant First State Insurance Company ("First State") submits this memorandum of law in support of its motion to dismiss this action:  (1) pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join indispensable parties; (2) because this action is not brought by the real party in interest, and the nominal plaintiff lacks standing; (3) pursuant to Fed. R. Civ. P. 12(b)(1) for misalignment of parties such that there is no subject matter jurisdiction; and (4) pursuant to *Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995), because there is a prior pending action in New York state court.

## PRELIMINARY STATEMENT

Three years ago, Certain Underwriters at Lloyd's, London and Certain London Market Companies ("London Market Insurers") filed a coverage action in New York state court (the "NY Action," fully defined below) to determine rights under certain excess insurance policies allegedly issued to IC Industries and American Brake Shoe Corp.  These insurance claims relate to underlying asbestos liabilities of a purported successor of American Brake Shoe Corp., as discussed below.  PepsiAmericas, Inc. ("PepsiAmericas") was named as a defendant in the NY Action, as it claims to be a successor to IC Industries with rights under the policies, but is not a party to this case.

PepsiAmericas sat back for three years while still another party claiming rights to proceeds under the same policies (Cooper Industries, discussed below) engaged in its own unsuccessful attempt to transfer the NY Action, during that time never suggesting that the case belonged in this Court.  Now, suddenly unhappy with the prospect of proceeding in New York, PepsiAmericas has used its subsidiary, Whitman Insurance Company, Ltd. ("Whitman"), to bring this parallel but lesser suit, also relating to coverage for asbestos liabilities of Pneumo Abex.  PepsiAmericas itself could not have brought this diversity action.

In short, this action is merely a façade, attempting to manufacture federal jurisdiction to avoid proper application of current New York state law in the more comprehensive, prior pending action. Moreover, PepsiAmericas apparently seeks more than a new venue — it seeks to use this case to bind non-party insurers to rulings in an action filed long ago. If the real parties in interest were named, or the parties properly aligned, there would be no diversity, and no subject matter jurisdiction.

The crux of the controversy here is the determination of various entities' purported rights and obligations under policies allegedly issued in favor of American Brake Shoe Company and IC Industries, Inc. (the "Policies").[1] The entities seeking coverage under the Policies include not only PepsiAmericas, Inc., but also Cooper Industries, and Pneumo Abex. The nominal plaintiff, Whitman, is merely the convenient subsidiary of PepsiAmericas.[2] PepsiAmericas alleges rights under the Policies, but PepsiAmericas is not a party to this case. Cooper also asserts rights to proceeds under the Policies because it claims to have owned certain assets of Pneumo Abex. Cooper is also not a party to this case. Elsewhere, American Brake Shoe's alleged successor, Pneumo Abex, alleges it is entitled to rights under the Policies. Cooper and PepsiAmericas each claim to be "net of insurance indemnitors" of Pneumo Abex for asbestos liabilities, pursuant to a series of contracts that do not include First State. PepsiAmericas has itself asserted that it, Whitman, and Pneumo Abex all have a "vested stake"

---

1. First State does not concede that any of these entities has established a right to recover under its policies.

2. Whitman's complaint in this action ("Whitman Compl.") alleges "Whitman is an insurance company that is responsible to pay, has paid, and continues to pay, for Abex asbestos-related suits and claims that alleged bodily injury during the Policy periods 1978 through 1985." The allegations go on to seek declaratory judgment against insurers who issued policies to IC Industries or American Brake Shoe Corp., such as defendant First State, but there is no claim of any privity between Whitman and any of the other insurers.

NY 966304_8.DOC

in the dispute at issue here.  These entanglements do make one thing clear:  PepsiAmericas and Cooper should be parties to this litigation.

PepsiAmericas and Cooper were intentionally omitted from this action because joinder of either would defeat diversity; for this same reason, Pneumo Abex has been improperly listed with the insurers on the defense side of the case instead of as plaintiff where it belongs. Notably, Cooper, PepsiAmericas, and Pneumo Abex are aligned in the parallel and more comprehensive prior pending NY action involving declaratory judgment with respect to a broader group of entities' rights and obligations under the Policies for the same asbestos liabilities at issue in this litigation.  *Certain Underwriters at Lloyd's, London, et al. v. Pneumo Abex Corp., et al.*, No. 02-602493 (the "NY Action") (Exhibit 1, Complaint for Declaratory Judgment, captioned *Certain Underwriters at Lloyd's London, et al. v. Pneumo Abex Corp., et al.*, No. 02-602493, New York Supreme Court, New York County, dated July 9, 2002 ("NY Compl."), attached to the Declaration of David R. Biester ("Biester Decl.").)  PepsiAmericas seeks to stay the NY Action, in a brief referring collectively to "Abex" and "PepsiAmericas" as "the 'insureds,'" tacitly suggesting that this action — to which it is not a party — will resolve its rights with respect to the Policies.

Cooper attempted to avoid the jurisdiction of the New York state court by removing the NY Action to federal district court in New York, seeking ultimately to transfer the case to the Federal-Mogul bankruptcy.  PepsiAmericas joined "in the general arguments and proposed outcome" advanced by Cooper, "without necessarily adopting each fact described and relied upon."  The NY Action spent considerable time in limbo while Cooper pursued this procedural maneuvering, but was ultimately remanded to New York Supreme Court on May 1, 2005.  PepsiAmericas now seeks a stay of the NY Action, relief opposed by Cooper.  At no time

3

before remand did any of the purported policyholders (including PepsiAmericas and Cooper) seek to transfer the NY Action to this Court or file a complaint in the Superior Court for the District of Columbia.  More significantly, Whitman, who does not, and cannot, claim any direct interest in the Policies, has never sought to intervene in the NY Action.

Instead, Whitman filed this action as a shell for PepsiAmericas in an attempt to avoid the application of current New York state law.  Whitman relies upon the false basis that this action is part and parcel of another case before this Court, which actually involves different insurance policies and different parties, captioned *Abex v. Maryland Casualty Company*, Civil Action 82-2098 (the "1982 Action").  Most of the record in that case is under seal.  At least initially, the 1982 Action apparently involved only primary insurance carriers.  Most of the defendants in this case issued only excess coverage.  Whitman apparently seeks to apply decisions in that action as law of the case against the instant defendants, few of whom participated at all in the 1982 Action.

As between the two competing actions, it is quite clear that the NY Action is proper, and this action is properly dismissed.  The NY Action is before a court of general jurisdiction, was first filed, and is more comprehensive.  Parties crucial to a complete resolution of this dispute are already participating in the NY Action, and additional parties may be added there if needed without jurisdictional concerns.

4

## STATEMENT OF FACTS[3]

### The Whitman Action

#### Whitman

Plaintiff Whitman states it is an insurance company organized under the laws of the State of Vermont, with its principal place of business in Vermont. (Whitman Compl. ¶ 9.) None of the named defendants are alleged to have any corporate citizenship in Vermont. (*See* Whitman Compl. ¶¶ 10-32.) Whitman asserts that as a subsidiary and insurer of IC Industries it is responsible directly or indirectly for costs and expenses associated with "Abex asbestos-related suits and claims," apparently meaning claims against Pneumo Abex and its predecessors that allege bodily injury during the periods of 1978 through 1985. (Whitman Compl. ¶ 6.) According to its corporate parent, Whitman is a reinsurer of primary policies issued to Pneumo Abex. (Biester Decl. Ex. 2, PepsiAmericas' Reply Memorandum of Law in Further Support of Motion to Stay the NY Action ("PepsiAmericas NY Reply"), at 16, 19.)

#### Procedural History

On June 7, 2005, Whitman filed a three-count complaint, seeking declaratory judgment regarding numerous specified issues (Whitman Compl. ¶¶ 76, 85) and a generic claim under the All Writs Act (Whitman Compl. ¶¶ 81, 82), apparently prefatory to a motion in this Court to enjoin the parties from pursuing the NY Action. There is no alleged contractual relationship between any of the Insurer Defendants and Whitman. Rather, the Complaint is

---

3.    The statements contained herein reflect allegations in this and the NY Action. First State does not admit the truth of any such allegations, but restates them here to demonstrate that this litigation is incomplete. First State does not waive the right to pursue discovery as to these jurisdictional issues.

NY 966304_8.DOC

dedicated to seeking an extension of the prior rulings made in the 1982 Action.  (*See, e.g.*, Whitman Compl. ¶¶ 1, 5, 7, 62-66, 68-69, 72.)

Whitman has filed motions for partial summary judgment regarding trigger and the number of occurrences.  There has been no discovery to date.

### Pneumo Abex LLC

Pneumo Abex has been through multiple corporate iterations, allegedly beginning with the American Brake Shoe and Foundry Company.  (Biester Decl. Ex. 3, Answer, Affirmative Defenses, Counter-Claims, and Cross-Claims of Defendants Pneumo Abex Corporation, Cooper Industries, Inc., and PepsiAmericas, Inc., dated August 6, 2002 ("NY Joint Answer"), at 11, ¶ 8.)  According to Pneumo Abex, American Brake Shoe and Foundry Company originated in 1902, changed its name to American Brake Shoe Company in 1943, and again to Abex Corporation in 1968.  (NY Joint Answer, at 11, ¶ 8.)  American Brake Shoe and Foundry Company (or its successors) has been sued in a series of underlying claims relating to asbestos.  (NY Joint Answer, at 8, ¶ 2.)

Abex Corporation's assets and liabilities have been the subject of multiple transactions or restructurings allegedly involving, *inter alia*, PepsiAmericas and Cooper Industries.  (*See* NY Joint Answer, at 8-9, ¶¶ 10, 15.)  The Whitman Complaint variously refers to "Abex Corporation including its successor Pneumo Abex LLC (collectively 'Abex' or the 'insured')" (Whitman Compl. ¶ 3) "as a limited liability company organized under the laws of Delaware, with its principal place of business in New Jersey, and includes its successors, assigns and persons claiming rights on behalf of Abex."  (Whitman Compl. ¶ 32.)  Pneumo Abex's interest in insurance recoveries appears to have been subject to an amorphous interrelationship with Cooper and PepsiAmericas.  (NY Joint Answer, at 12, ¶¶ 13, 14.)

6

**The Insurer Defendants**

The Whitman Complaint seeks a declaration concerning the following insurers' obligations in connection with Abex asbestos liabilities under the Policies allegedly issued between 1952 and 1985:  The Travelers Indemnity Co.; National Union Fire Insurance Company of Pittsburgh, Pa.; AIU Insurance Co.; Allianz Global Risks U.S. Insurance Co.; American Home Assurance Co.; American Reinsurance Co.; Associated International Insurance Co.; California Union Insurance Co.; the London Market Insurers; Employers Mutual Casualty Co.; Falcon Insurance Co.; Federal Insurance Co.; Fireman's Fund Insurance Co.; First State Insurance Company; Granite State Insurance Co.; Hudson Insurance Co.; The Insurance Company of the State of Pennsylvania; Mt. McKinley Insurance Co.; National Surety Corp.; New Hampshire Insurance Co.; Stonewall Insurance Co.; and TIG Insurance Co. (collectively, the "Insurer Defendants.").  Each of the Insurer Defendants is a party to the NY Action.  (Biester Decl. Ex. 1, NY Compl. ¶¶ 3-40.)  As discussed below, few of the Insurer Defendants were parties to the 1982 Action.  The Policies allegedly issued by the overwhelming majority of the Insurer Defendants were not at issue in the 1982 Action.  First State and its policies were never part of the 1982 Action.

**The Unnamed Insurers**

The following insurers named in the NY Action have been omitted from this action:  Allstate Insurance Co.; Argonaut Insurance Co.; Columbia Casualty; Continental Insurance Co.; Continental Casualty Co.; Great American Insurance Co.; Harbor Specialty Insurance Co.; and Highlands Insurance Co.  (Biester Decl. Ex. 1, NY Compl. ¶¶ 3-40) (collectively, the "Unnamed Insurers").

7

### The Missing Parties:  Cooper and PepsiAmericas

As they have asserted in the NY Action, Cooper and PepsiAmericas seek coverage for asbestos liabilities under the Policies.  (Biester Decl. Ex. 3, NY Joint Answer, at 9, ¶ 3.)  Cooper and PepsiAmericas allege an interest in the Policies in connection with Abex asbestos liabilities pursuant to a series of contracts.  (NY Joint Answer, at 12, ¶¶ 13, 14.) According to their joint answer and counterclaims filed in the NY Action, "[PepsiAmericas] and Cooper, as net-of-insurance indemnitors of certain of the Asbestos Claims, assert rights to certain of the proceeds of the insurance covering Abex, and [PepsiAmericas] also has other rights, including its rights as the successor in interest to IC Industries, as an insured under policies issued by certain of the Insurance Companies."  (NY Joint Answer, at 9, ¶ 3.)  PepsiAmericas and Cooper are not named in this action.

#### *PepsiAmericas*

PepsiAmericas, a party to the NY Action, claims to be the successor to IC Industries.  (NY Joint Answer, at 9, ¶ 3.)  Whitman asserts it is a subsidiary of IC Industries. (Whitman Compl. ¶¶ 6, 9.)  PepsiAmericas did not list Whitman as an insurer on the IC Industries' insurance coverage chart submitted in the NY Action.  (Biester Decl. Ex. 4, Exhibit A to the Affidavit of Paul A. Zevnik ("Zevnik Aff."), captioned "I.C. Industries/Abex Product Coverage Responsive to Asbestos-Related Claims (Issued to Abex pre-1971; Issued to I.C. Industries 1971-1985").)  In the NY Action, PepsiAmericas filed an answer and counterclaims jointly with Cooper and Pneumo Abex against, *inter alia*, the Insurer Defendants.  In that pleading, PepsiAmericas asserted claims as an insured under the Policies for the asbestos liabilities at issue in this litigation.  (NY Joint Answer, at 9, ¶ 3.)  PepsiAmericas is allegedly

8

incorporated in Delaware with its principal place of business in Illinois.  (Biester Decl. Ex. 1, NY

Compl. ¶ 5; NY Joint Answer, at 4, ¶ 5.)

*Cooper*

Cooper, also a party in the NY Action, makes claims against the Insurer

Defendants (and certain of the Unnamed Insurers) and seeks to maximize recovery from the

Policies for asbestos liabilities.  (NY Joint Answer, at 9, ¶ 3.)  Cooper claimed that it acquired

the assets of Pneumo Abex's friction products division and faces liabilities for Abex-related

asbestos claims.  (NY Joint Answer, at 9, ¶ 3.)  In opposing a stay of the NY Action, Cooper

asserted that it has "reimbursed Pneumo Abex for over $140 million out of pocket" for asbestos

bodily injury claims.  (Biester Decl. Ex. 5, Cooper Industries LLC's Opposition to

PepsiAmericas' Mot. to Stay ("NY Cooper Opp'n"), at 5.)  Cooper claims that it is the entity that

"stands to recover the overwhelming majority of monies at issue" in the NY Action.  (NY

Cooper Opp'n, at 2.)  In the NY Action, Cooper removed the case to the District Court for the

Southern District of New York, then together with Pneumo Abex unsuccessfully sought transfer

to the Federal Mogul bankruptcy, a result that PepsiAmericas also sought.  (Biester Decl. Ex. 6,

Response of Defendants Pneumo Abex Corp. and Cooper Industries, Inc. to Plaintiffs' Mot. and

Mem. of Law in Supp. of Plaintiffs' Mot. to Remand, ("NY Opp'n to Remand"), at 1.)  Cooper

allegedly has its principal place of business in Texas.  (Biester Decl. Ex. 1, NY Compl. ¶ 6; NY

Joint Answer, at 4, ¶ 6.)

**The NY Action**

**New York Complaint**

As presently constituted, the London Market Insurers are the plaintiffs in the NY

Action.  (NY Compl. ¶ 3.)  The complaint seeks a declaratory judgment to determine

9

PepsiAmericas', Cooper's, and Pneumo Abex's rights, if any, under the Policies originally issued respectively to IC Industries and/or American Brake Shoe from 1952 to 1985 in connection with Abex-related liabilities.  (NY Compl. ¶ 1.)

### Procedural History

The NY Action was initially filed in New York state court by the London Market Insurers on July 9, 2002.  The case was brought against Pneumo Abex Corporation[4], PepsiAmericas, Cooper, and both the Insurer Defendants and the Unnamed Insurers in the Whitman Action.  (NY Compl. ¶¶ 4-40.)  Cooper removed the NY Action to the Southern District of New York, and the London Market Insurers moved to remand.  (Biester Decl. Ex. 6, NY Remand Opp'n.)  While in federal court, PepsiAmericas, Cooper and Pneumo Abex filed a joint answer and joint counterclaims against the Insurer Defendants.  (Biester Decl. Ex. 3, NY Joint Answer.)  Cooper and Pneumo Abex also moved to transfer the case to the Federal Mogul bankruptcy.  (Biester Decl. Ex. 6, NY Remand Opp'n.)  PepsiAmericas joined "in the general arguments and proposed outcome" advanced by Cooper, "without necessarily adopting each fact described and relied upon."  (Biester Decl. Ex. 6, NY Remand Opp'n, at 1.)  The federal court ultimately remanded the NY Action to New York Supreme Court on May 1, 2005.

On June 16, 2005, Justice Cahn held a preliminary conference in the NY Action. The Court appointed Judge John Bradley as special master for discovery, and Judge Bradley set an initial discovery schedule.  (Biester Decl. Ex. 7, Transcript of Preliminary Conference in the NY Action held on June 16, 2005, ("NY Action Tr.").)

---

4.  The NY Action filed three years ago names Pneumo Abex Corporation as a defendant.  In this action, Pneumo Abex LLC is a named party.  For convenience (and without waiver of any right), this brief will refer to Pneumo Abex Corporation and Pneumo Abex LLC as "Pneumo Abex."

10

Two weeks after the Whitman Complaint was filed, on June 21, 2005, PepsiAmericas filed a motion to stay the NY Action by order to show cause. Opposition papers were filed, including an opposition by Cooper. PepsiAmericas filed a reply on July 14, 2005. Hearing on the motion is scheduled for August 18, 2005.

**The Complaint in the Prior DC Action**

The instant complaint refers repeatedly to the 1982 Action. (*See, e.g.*, Whitman Compl. ¶¶ 1, 5, 7, 62-66, 68-69, 72.) The pleadings in the 1982 Action are generally under seal and have not, to date, been made available to First State or most of the Insurer Defendants, although certain of the court's rulings are publicly available. *Pneumo Abex Corporation v. Maryland Casualty Company*, No. 82CV2098, 2001 U.S. Dist. LEXIS 20297 (D.D.C. Oct. 9, 2001). First State, along with most of the Insurer Defendants, was not party in the 1982 Action. In fact, the commencement of the 1982 Action predates some of the policies issued by First State and other Insurer Defendants, and does not involve the same parties and issues as in the present litigation. (*Cf.* Whitman Compl. ¶¶ 2 and 49.) At least initially, the 1982 Action apparently involved only primary insurance carriers. (*See* Biester Decl. Ex. 8, Zevnik Aff. ¶ 19.) The 1982 Action was originally filed by Abex, allegedly a predecessor to Pneumo Abex. *Pneumo Abex Corp.,* 2001 U.S. Dist. LEXIS 20297, at *7, n.1. In the course of that action, an alleged earlier incarnation of PepsiAmericas intervened as a plaintiff alongside Pneumo Abex. *Pneumo Abex Corp.,* 2001 U.S. Dist. LEXIS 20297, at *7, n.1.

## ARGUMENT

This action is improperly filed and should be dismissed because: (1) Whitman failed to join non-diverse indispensable parties; (2) Whitman is not the real party in interest and

lacks standing to bring this action; (3) the parties, if properly aligned, would defeat diversity; and

(4) a prior parallel action is pending in New York state court.

## I.     THIS CASE SHOULD BE DISMISSED BECAUSE JOINDER OF INDISPENSABLE PARTIES, COOPER AND PEPSIAMERICAS, IS IMPOSSIBLE.

A case must be dismissed if the plaintiff has failed to join an indispensable party

that would defeat diversity.  Fed. R. Civ. P. 12(b)(7).  Courts apply a three-part test to determine

whether a party is indispensable:  (1) is the absent party "necessary" (*i.e.*, "needed for just

adjudication"); if so, (2) can the absent party be joined in the litigation; and (3) if joinder is not

feasible, the court is to examine the four factors enumerated in Rule 19(b) to determine whether

"in equity and good conscience" the case can proceed without the absent party.  *See Kickapoo

Tribe v. Babbit*, 43 F.3d 1491, 1494-95 (D.C. Cir. 1995) (reversing trial court and dismissing

action for failure to join an indispensable party) (citing Fed. R. Civ. P. 19).

Cooper and PepsiAmericas both should be joined in this action, but their joinder

would destroy federal court jurisdiction.  In fact, lack of diversity is the sole explanation for their

absence from this case.  Proceeding without Cooper and PepsiAmericas would contradict equity

and good conscience, and reward the alleged policyholders' procedural maneuvering.

### A.     Cooper and PepsiAmericas Are "Necessary" Parties That Must be Joined for Just Adjudication.

An absent party is "necessary" to the litigation if:  (1) in the party's absence

complete relief cannot be accorded among those already parties, or (2) the party claims an

interest relating to the subject of the action and is so situated that the disposition of the action in

the party's absence may (i) as a practical matter impair or impede the party's ability to protect

that interest or (ii) leave any persons already parties subject to a substantial risk of incurring

double, multiple or otherwise inconsistent obligations by reason of the party's claimed interest.

Fed. R. Civ. P. 19(a).  Cooper and PepsiAmericas are "necessary" parties under these criteria.

        1.    *Complete Relief is Impossible Without Cooper and PepsiAmericas.*

        In the NY Action, Cooper and PepsiAmericas claim rights to insurance proceeds

under the Policies, and seek coverage for asbestos liabilities relating to Abex Corporation's

historical manufacturing and distribution of asbestos products.  (*See, e.g.*, Biester Decl. Ex. 3,

NY Joint Answer at 13, ¶ 19.)  In this action, Whitman's Prayer for Relief asks this Court, *inter

alia*:

> • To "determine and declare that the insurer defendants are obligated to pay in
> full the **insured's** legal liabilities, costs and expenses for investigation and
> defense of the Abex asbestos-related suits and claims… ."  (Whitman Compl.,
> Prayer for Relief) (emphasis added);
>
> • To "determine that plaintiff has no obligation to pay the insured's legal
> liabilities, costs and expenses for the investigation and defense of the Abex
> asbestos-related suits… ."  (Whitman Compl., Prayer for Relief) (emphasis
> added).

In the NY Action, Cooper and PepsiAmericas claim to have rights to proceeds under the

Policies, but here Whitman does not and cannot.  Instead, Whitman inexplicably seeks to resolve

PepsiAmericas' and/or Cooper's rights without either present.

        It is well established that claimants to a contract, such as Cooper and

PepsiAmericas, are "necessary" to litigation concerning their rights under that contract.  *See,

e.g.*, *Cloverleaf Standardbred Owners Ass'n v. Nat'l Bank of Wash.*, 699 F.2d 1274, 1279 (D.C.

Cir. 1983) (parties to a contract are "necessary" parties to an action thereunder).  This is

particularly true in insurance coverage cases.  *See, e.g.*, *National Union Fire Ins. Co. v. Rite Aid

of S.C., Inc*., 210 F.3d 246, 251 (4th Cir. 2000) (parent insured a necessary and indispensable

party); *Aetna Cas. & Sur. Co. v. Rasa Mgmt. Co., Inc.*, 621 F. Supp. 892, 893 (D. Nev. 1985)

("In an action by a liability insurer for declaratory judgment to determine the insurer's liability to an insured party, the insured is, of course, a necessary and indispensable party.").

The central issue in this dispute is the interpretation of contracts — the Policies. PepsiAmericas and Cooper claim rights to proceeds under the Policies for the asbestos liabilities. Therefore, it should go without saying that each of them ought to be a party to this action, and complete relief is impossible in their absence.

        2.    *PepsiAmericas and Cooper Claim an Interest in the Scope of the Policies and Allowing this Action to Proceed will Subject the Insurers to a Substantial Risk of Conflicting Obligations.*

PepsiAmericas and Cooper "claim . . . an interest relating to the subject of the action" (the Policies), and permitting this suit to continue without Cooper and PepsiAmericas could subject the Defendant Insurers to "a substantial risk of incurring" conflicting legal obligations. Fed. R. Civ. P. 19(a)(2)(ii); *Provident Tradesman Bank & Trust v. Patterson*, 390 U.S. 102, 107-08 (1968) (possibility of later litigation by missing party shows necessity under Fed. R. Civ. P. 19(a)(2)(ii)).

Here, the risk of conflicting obligations could not be clearer, as Cooper and PepsiAmericas have asserted contractual rights to proceeds under the Policies for the Abex asbestos liabilities at issue. Therefore, any judgment would be open to collateral attack if these parties remain absent. Cooper has gone so far to claim that it has the greatest interest in the Policies at issue. (Biester Decl. Ex. 5, Cooper NY Opp'n, at 2.) PepsiAmericas claims to have its own "vested stake" in the dispute over the Policies. (Biester Decl. Ex. 2, PepsiAmericas NY Reply, at 4-5, n.4.) Both of these parties should be involved in resolution of the dispute to avoid the very real possibility of an inconsistent judgment if one or both of them is able to attack a judgment in a separate proceeding. The specter of inconsistency "weighs heavily" in favor of finding that Cooper and PepsiAmericas are necessary parties. *Rite Aid of S.C.,* 210 F.3d at 252.

14

**B.    Cooper and PepsiAmericas Cannot be Joined in this Action Because Their Presence Would Destroy Diversity.**

Despite their obvious interest in the subject matter of this litigation, PepsiAmericas and Cooper have not been joined.  This is not surprising as they share corporate citizenship with certain defendants, and, therefore, would defeat diversity.  28 USC § 1332(c)(1).[5]

Once added, Cooper and PepsiAmericas must fall on the policyholder side of the case (*i.e.*, aligned with PepsiAmericas' subsidiary, Plaintiff Whitman)[6] and would therefore defeat diversity.  Cooper is alleged to have its principal place of business in Texas.  (Biester Decl. Ex. 1, NY Compl. ¶ 6; Biester Decl. Ex. 3, NY Joint Answer, at 4, ¶ 6.)  Defendant TIG also is alleged to have its principal place of business in Texas.  (Whitman Compl. ¶ 28.) PepsiAmericas is a Delaware corporation with its principal place of business in Illinois.  (Biester Decl. Ex. 1, NY Compl. ¶ 5; Biester Decl. Ex. 3, Joint Answer, at 4 ¶ 5.)  Defendants American Re, Falcon, Mt. McKinley, and Hudson are alleged to be Delaware corporations (Whitman Compl. ¶¶ 15, 20, 26); defendant Associated International is alleged to be an Illinois corporation (Whitman Compl. ¶ 16); and defendant National Surety is alleged to have its principal place of business in Illinois (Whitman Compl. ¶ 29).

---

5.    There is no federal question in this case and the only alleged or potential basis for jurisdiction is diversity.  *See* 28 USC §§ 1331, 1332; Whitman Compl. ¶ 33.  Of course, there must be complete diversity to sustain jurisdiction.  *See, e.g., Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (requiring complete diversity); *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004) (dismissing shareholder derivative action because plaintiffs failed to show a lack of complete diversity).  For diversity purposes, corporations have dual citizenship:  their state of incorporation and their principal place of business.  *See* 28 USC § 1332(c)(1).

6.    Plaintiff Whitman is a subsidiary of PepsiAmericas, and is represented by the same counsel as PepsiAmericas. PepsiAmericas, therefore, can only be aligned with Whitman.  Moreover, Cooper's and PepsiAmericas' interests in this litigation are aligned with Whitman's as alleged policyholders, and they are properly cast as plaintiffs.

15

The Rules, therefore, require further analysis to determine if Cooper and PepsiAmericas are in fact "indispensable" to the case such that the action must be dismissed.

### C. This Action Should be Dismissed Because Cooper and PepsiAmericas Are Indispensable Parties.

Not only are Cooper and PepsiAmericas "necessary" parties whose joinder is impossible, Cooper and PepsiAmericas are "indispensable" under Fed. R. Civ. P. 19(b). Therefore, this action must be dismissed under Fed. R. Civ. P. 12(b)(7). *See, e.g.*, *Cloverleaf Standardbred Owners Ass'n*, 699 F.2d at 1279 (dismissing contract action because party to that contract was indispensable); *Rite Aid of S.C.*, 210 F.3d at 252.

Rule 19(b) provides that if a party meeting the requirements of Rule 19(a) "cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed. R. Civ. P. 19(b).  In applying this standard, the rule instructs courts to consider, *inter alia,* the following four factors:

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).  Each factors weighs in favor of dismissal here.

#### 1. *The Insurer Defendants Would Be Prejudiced by a Judgment Absent Cooper and PepsiAmericas*.

The D.C. Circuit Court of Appeals has repeatedly held that all alleged parties to a contract seeking to enforce rights and obligations thereunder must be joined if the central focus of the case is the construction of the contract. *Cloverleaf Standardbred Owners Ass'n,* 699 F.2d

16

at 1279; *Ward v. Deavers,* 203 F.2d 72, 75 (D.C. Cir. 1953).  In fact, the "potential preclusive effects of any judgment [rendered in the absence of an insured] erode the court's ability to avoid such prejudice."  *Northland Ins. Co. v. Berkebile Oil Co.*, No. 3:03CV00011, 2003 U.S. Dist. LEXIS 23492, at *16 (W.D. Va. Dec. 12, 2003).

        Here, Cooper and PepsiAmericas have both taken the unequivocal position that they have an interest under the Policies with respect to their asbestos liabilities.  They stated in counterclaims in the NY Action against all of the Insurer Defendants in this case that they claim "rights to certain of the proceeds of the insurance covering Abex."  (NY Joint Answer, at 9, ¶ 3.) Because Cooper and PepsiAmericas would have the option of re-litigating these rights in the NY Action, a judgment in their absence could prejudice the Insurer Defendants by subjecting them to duplicative litigation and the potential for conflicting rulings.  Indeed, Cooper itself has opposed a stay of the NY Action.

        2.     *The Relief Cannot be Shaped to Protect the Parties.*

        The issue at the heart of this litigation is which, if any, of various entities may have rights under the Policies, and whether the Policies provide coverage for the asbestos liabilities at issue.  It would be entirely unfair to allow a PepsiAmericas subsidiary to prosecute this action with PepsiAmericas on the sidelines, prepared to employ collateral estoppel against the Insurer Defendants while protecting itself from any similar potential effects against it.  *See Cloverleaf*, 699 F.2d at 1279 (absent contracting party, the interests of both contracting parties "might be detrimentally affected, and there could be no complete settlement of the controversy"); *Stenhouse v. G.F. Jacobson*, 193 F. Supp. 694, 696 (N.D. Cal. 1961) (dismissing action for failure to join indispensable insured, reasoning "defendants might be required to pay twice on a single claim under the policy").  Cooper and PepsiAmericas will either be parties and bound to the judgment, or not.  There is no middle ground to be fashioned that might protect the Insurer

Defendants.  As relief cannot be tailored to compensate for the absence of the necessary parties,

Cooper and PepsiAmericas are indispensable.

3.      *Judgment Rendered Without Cooper and PepsiAmericas is
        Inadequate and Potentially Wasteful of Judicial Resources.*

Without Cooper and PepsiAmericas, there is also substantial risk of prejudice to

the judicial system because valuable judicial resources could be wasted on multiple litigation,

while a single action in a court of general jurisdiction exists that will address all claims.  *See*

*Provident Tradesman Bank & Trust v. Patterson*, 390 U.S. 102, 110-11 (1968); *Acton Co. v.*

*Bachman Foods, Inc.*, 668 F.2d 76, 81 (1st Cir. 1982) ("Equity and good conscience would seem

to require that . . . parties should present their claims in a state court rather than attempt to

manipulate jurisdiction . . . solely for the purpose of retaining jurisdiction in the federal court.")

(citations omitted).  Any judgment in this case would be inadequate because it necessarily will

not address the core question in the case:  the scope of coverage available under the Policies for

Abex asbestos liabilities for all entities seeking coverage.  *See Fortuin v. Milhorat*, 683 F. Supp.

1, 4 (D.D.C. 1988) (holding party to a contract indispensable and noting that without the absent

party's presence "the court is [not able] to render a judgment 'adequate' to protect the parties'

rights").

4.      *Whitman has an Adequate Remedy Available in the NY Action.*

Not only is there an alternative forum, there is a better one.  The NY Action

addresses the same asbestos liabilities, was filed first, and is more comprehensive, as it includes

Cooper, PepsiAmericas and additional parties and policies.  All parties therefore have an

adequate remedy in New York if this action is dismissed.  *See Kickapoo Tribe v. Babbit*, 43 F.3d

1491, 1499, n.12 (D.C. Cir. 1995) (quoting *Provident Tradesman*, 390 U.S. at 112) ("an

adequate remedy inquiry involves the question 'whether the plaintiffs could have brought the

18

same action, against the same parties plus [the absent party] in a state court'"); *Rite Aid of S.C.*,
210 F.3d at 251-52; *Potomac Elec. Power Co. v. Babcock & Wilcox Co*., 54 F.R.D. 486, 491 (D.
Md. 1972) (Pending suit in another forum stands out among pragmatic considerations).
Moreover, the New York Supreme Court is a court of general jurisdiction that can better
accommodate any interested parties.

Accordingly, this action should be dismissed because "equity and good
conscience" require Cooper and PepsiAmericas to be parties.  Fed. R. Civ. P. 12(b)(7).

## II.    THIS ACTION SHOULD BE DISMISSED BECAUSE WHITMAN IS NOT THE REAL PARTY IN INTEREST.

Rule 17(a) requires that "[e]very action shall be prosecuted in the name of the real
party in interest."  Fed. R. Civ. P. 17(a); *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112, 117,
122-23 (D.D.C. 1999) (Penn, J.) (dismissing patent case when plaintiff brought suit in his own
name rather than in name of the corporation that owned the patent).[7]  "[A] corporate parent and
its subsidiaries may not manipulate federal diversity jurisdiction by litigating cases in the name
of the other where the real party in interest is not diverse."  *Roche v. Lincoln Prop. Co.,* 373 F.3d
610, 614 (4th Cir. 2004), *cert. granted*, 125 S.Ct. 1398, 161 L.Ed.2d 189 (Feb 28, 2005); *Sta-
Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 286-87 (7th Cir. 1996) (dismissing action
where nondiverse subsidiary insured was real party in interest).

This Court should not allow PepsiAmericas to manipulate federal jurisdiction by
litigating this action in the name of Whitman.  Whitman does not allege any rights to the Policies
for itself — not as a contracting party, not as a third party beneficiary, nor as an assignee — and

---

7.  Rule 19 indispensable parties are, by definition, real parties in interest under Rule 17.  *See* 4 *Moore's Federal
    Practice* § 17.10[1] (3d ed. 2004).

does not claim coverage thereunder.[8]  Whitman is a mere shell for PepsiAmericas, with a convenient corporate citizenship.  This action should be dismissed because Whitman's presence alone is insufficient to guarantee comprehensive resolution.

**III.   THIS ACTION SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(b)(1) FOR LACK OF DIVERSITY BECAUSE PNEUMO ABEX SHOULD BE REALIGNED AS PLAINTIFF.**

Whitman's parent, PepsiAmericas (then allegedly known as Whitman Corporation), intervened in the 1982 Action as a plaintiff, alongside Abex Corporation.  Abex is now allegedly Pneumo Abex.  Pneumo Abex nominally a defendant in this action, shares an interest in the core issue in this litigation with plaintiff Whitman:  enlarging the scope of insurance coverage available under the Policies for asbestos-related liabilities of various entities claiming to be successors to IC Industries and/or American Brake Shoe Company.  However, Whitman has listed Pneumo Abex as a defendant in this action in an attempt to preserve diversity.  As Pneumo Abex seeks the same relief as Whitman, it must be realigned as a plaintiff (alongside Whitman) in this action.  In fact, it is difficult to discern how Pneumo Abex is distinguishable from Whitman given the vague description of the entity in the Whitman Complaint.  (*See* Whitman Compl. ¶ 32 (defining Pneumo Abex to include "persons claiming rights on behalf of Abex" which, as alleged, thus encompass Whitman itself).)  Once Pneumo

---

8. The Supreme Court has recognized that only litigants with a personal stake in the outcome of a litigation may invoke the jurisdiction of the federal courts.  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  In diversity cases, the federal court must look to the state remedial law to determine if a nominal plaintiff has sufficient interest in the subject matter of the litigation to satisfy standing requirements.  *Catalyst & Chem. Services, Inc. v. Global Ground Support*, 350 F. Supp. 2d 1, 22 (D.D.C. 2004).  Reinsurance contracts generally do not extend rights to the ultimate insured.  *Unigard Sec. Ins. Co. v. North River Ins. Co.*, 594 N.E.2d 571, 574 (N.Y. 1992).  As a corollary, a reinsurer, like Whitman, has no contractual rights or privity with the ultimate insured under insurance policies and lacks standing to dispute their terms.  Whitman's standing to bring claims against the Defendant Insurers is even more tenuous where Whitman, a reinsurer of *primary* insurers, is suing *excess insurers* with regard to the insurance contracts between the insured and the excess insurers.

Abex is realigned as a plaintiff, there is no diversity, and this action must be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

### A.    Pneumo Abex Should Be Realigned as a Plaintiff with Whitman.

The doctrine of "realignment" permits a federal court to realign parties in a federal action to reflect their true interests for purposes of determining whether subject matter jurisdiction actually exists.  The U.S. Supreme Court declared that federal courts determining diversity must look beyond the pleadings to decide if the necessary adversity exists between the parties, which is "not to be determined by mechanical rules" but "ascertained from the principal purpose of the suit and the primary and controlling matter in dispute."  *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941).  The court should group parties with the same ultimate interests as plaintiffs or as defendants, as the case may be, and then consider whether any properly characterized plaintiff is a citizen of the same state as a defendant.  *See id.*

Applying the principles espoused in *City of Indianapolis*, this court held in an insurance coverage case, *Saylab v. Harford Mut. Ins. Co.*, 271 F. Supp. 2d 112, 116 (D.D.C. 2003), that it was proper to realign the underlying defendant — the insured — with the underlying plaintiff notwithstanding their facial adversity because:

> The 'real controversy' in this lawsuit is whether any of the Insurance Defendants owes a duty, through contract or otherwise, to indemnify and defend [the insured].  As to that real controversy, [the insured] is a nominal defendant only, whose interests are completely aligned with the [plaintiffs].  Thus, for purposes of considering diversity jurisdiction, the Court must realign [the insured] to the side of the [plaintiffs].

271 F. Supp. 2d at 116.  As in *Saylab,* Pneumo Abex is properly a plaintiff for diversity purposes.  While Whitman holds itself out as an insurer, it is merely advancing the interests of its parent, PepsiAmericas, another alleged policyholder.  Notwithstanding the nominal adversity

between Pneumo Abex and Whitman, both seek declaratory judgments against the Insurer Defendants maximizing coverage under the Policies for the Abex liabilities and thus should be realigned to reflect this reality.

Comparing this action to the NY Action makes the commonality of interest between Whitman, PepsiAmericas, and Pneumo Abex readily apparent.  In the NY Action, PepsiAmericas, Pneumo Abex and Cooper did not assert claims against each other; instead they answered jointly, and presented joint counter and cross-claims against the insurers.  Their pleading in the NY Action concisely states:  "Defendants [defined as PepsiAmericas, Pneumo Abex, and Cooper]" "seek to obtain the fullest legal relief possible, including money damages, for the Insurance Companies' breaches of contracts and other wrongs."  (Biester Decl. Ex. 3, NY Joint Answer, at 13, ¶ 19.)  Most recently, PepsiAmericas has asserted in the NY Action that, "[PepsiAmericas], its captive [Whitman], and Abex all have a vested stake in what happens between insurers because they are the ones who are out of pocket while the insurers point fingers at one another."  (Biester Decl. Ex. 2, PepsiAmericas NY Reply, at 4-5, n.4.)

As Whitman and Pneumo Abex are aligned in their efforts to maximize insurance coverage, the "real controversy" in this case is between the alleged policyholders and the non-affiliated insurers:  the policyholder interests that are represented by Whitman, Pneumo Abex, and non-parties PepsiAmericas (Whitman's parent) and Cooper on one hand, with the insurers' interests on the other.  No matter how Pneumo Abex is described, it most certainly falls on the opposite side of the insurers with respect to the "principal purpose of the suit."  As such, Pneumo Abex must be realigned as a plaintiff with Whitman.

22

**B.      There is No Diversity Jurisdiction Once Pneumo Abex is Properly Aligned with Whitman as a Plaintiff.**

Pneumo Abex is alleged to be Delaware corporation with its principal place of business in New Jersey.  (Whitman Compl. ¶ 32.)  Several of the defendants are alleged to be Delaware corporations:  American Re-insurance (Whitman Compl. ¶ 15), Falcon (Whitman Compl. ¶ 20), Hudson (Whitman Compl. ¶ 26), and Mt. McKinley (Whitman Compl. ¶ 24); three of the defendants are alleged to have principal places of business in New Jersey:  Federal (Whitman Compl. ¶ 21), Mt. McKinley (Whitman Compl. ¶ 24) and American Re (Whitman Compl. ¶ 15).  Therefore, there is no diversity jurisdiction once Pneumo Abex is properly aligned as a plaintiff.  28 USC § 1332; *see City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *IDT Corp. v. eGlobe Inc.*, 140 F. Supp. 2d 30, 36 (D.D.C. 2001) (dismissing for lack of subject matter jurisdiction when plaintiff and defendant were both incorporated in Delaware).

Thus, the action should be dismissed for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1); 28 USC § 1332.  Moreover, as discussed above, dismissal serves efficiency and will not delay resolution, as the NY Action involves PepsiAmericas, Cooper, and Pneumo Abex.

## IV.     THIS ACTION SHOULD BE DISMISSED OR STAYED IN DEFERENCE TO THE PARALLEL NY ACTION.

Even if this Court were properly vested with jurisdiction, it would not be proper to exercise it.  Under the Declaratory Judgment Act, 28 U.S.C. 2201(a), the decision whether to exercise jurisdiction rests within the sound discretion of the District Court.  *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 ("Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."); *Jackson v. Culinary Sch.*, 59 F.3d 254, 256 (D.C. Cir. 1995)

23

("The Supreme Court in *Wilton* took great pains to emphasize the singular breadth of the district court's discretion to withhold declaratory judgment.").

Where, as here, a prior state court action is pending that involves substantially the same parties and substantially the same issues as are presented in the federal declaratory judgment action, there is a presumption that the entire suit should be heard in state court. *See Wilton,* 515 U.S. at 277; *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495-96 (1942) (when a party requests declaratory relief in federal court and a suit is pending in state court presenting the same state law issues, there is a presumption that the entire suit should be heard in state court); *Maryland Cas. Ins. Co. v. Newpark Towers,* No. 89-0649-LFO, 1990 U.S. Dist. LEXIS 15317, at *10-11 (D.D.C. Nov. 5, 1990). As the Supreme Court noted:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.

*Brillhart,* 316 U.S. at 495.

The *Brillhart/Wilton* doctrine is particularly vibrant in the context of insurance coverage actions such as the one before this Court. *See Wilton*, 515 U.S. at 290 (affirming abstention in favor of a parallel state court proceeding in an insurance coverage case). This case should be dismissed or stayed because the NY Action is more comprehensive, was first filed, and includes indispensable parties that are absent in this case.

### A.     The *Wilton/Brillhart* Standard Applies to this Motion.

In general, the *Wilton/Brillhart* presumption in favor of dismissal applies if: (1) the court's jurisdiction is discretionary; and (2) there is a parallel pending state action. *See, e.g.*, *Wilton,* 515 U.S. at 286; *Brillhart*, 316 U.S. at 494-95. Here, both of these threshold requirements for application of the *Wilton/Brillhart* doctrine are easily met.

24

First, the Court's jurisdiction in this action is discretionary. This action brings multiple claims for declaratory relief, which are discretionary. (Whitman Compl., Prayer for Relief); *Wilton*, 515 U.S. at 286. The only other claim, under the "All Writs Act," appears to seek ancillary relief to protect jurisdiction in federal court, but does not seek any substantive injunctive or compensatory relief that would be encompassed in a final judgment. Thus, application of *Wilton* is proper given the relief sought.

Second, there can be no dispute that this action and the NY Action (a state proceeding) are parallel for purposes of application of *Wilton*. Here, Whitman seeks essentially the same declaratory judgment sought in the NY Action: explication of insurance coverage under the Policies for asbestos claims asserted against Pneumo Abex related entities. The NY Action seeks a declaration as to:

> [W]hat obligations, if any, [insurers] may have under certain policies of excess insurance to defend or indemnify Pneumo Abex in connection with products liability claims asserted against it or its predecessors-in-interest, arising from alleged asbestos-related bodily injury….

(NY Compl. ¶ 2.)

The present action seeks a declaration as to:

> [T]he obligation of the defendant insurers…in connection with claims, suits, causes of action or demands asserted against Abex Corporation including successor Pneumo Abex LLC…alleging bodily injury and/or personal injury due to exposure to products allegedly containing asbestos.

(Whitman Compl. ¶ 3.)

There is no practical difference in substantive relief. The only significant difference is that the first-filed NY Action includes indispensable parties omitted from this action who, unlike Whitman, actually allege rights under the subject Policies.

**B.    Under *Wilton*, this Action Should Be Dismissed.**

Under *Wilton/Brillhart* and their progeny, the considerations for a district court in the exercise of its discretion include:  (1) whether declaratory judgment would finally settle the controversy between the parties and whether the state action is more comprehensive; (2) the potential for interference with ongoing state proceedings; (3) whether there is potential for the two courts to reach conflicting outcomes on the claims for declaratory judgment; (4) whether state or federal law governs and the public importance of the question to be decided; and (5) the equity of the conduct of the declaratory judgment plaintiff.  *See, e.g.*, *Brillhart*, 316 U.S. at 495; *Jackson v. Culinary Sch. of Wash.*, 27 F.3d 573, 580 (D.C. Cir. 1994) (listing various considerations), *vacated on other grounds*, 515 U.S. 1139 (1995); *Hanes Corp. v. Millard*, 531 F.2d 585, 591 n.4 (D.C. Cir. 1976).  These considerations all weigh in favor of abstention.

1.    *This Action Cannot Fully Resolve This Controversy, but the NY Action Can.*

The fact that the NY Action is more comprehensive weighs in favor of dismissing this case.  *Roth v. D.C. Courts*, 160 F. Supp. 2d 104, 110 (D.D.C. 2001) (stating "it would not be prudent for this Court to expend limited judicial resources to resolve issues which would not fully resolve the plaintiffs' claims").

Cooper and PepsiAmericas are the two primary claimants alleging rights under the Policies, and cannot be joined in this action.  Any judgment rendered by this Court cannot bind them, and thus cannot resolve this controversy.  The U.S. Court of Appeals for the D.C. Circuit has instructed district courts to dismiss declaratory judgment actions where the declaratory relief would not "settle the controversy between the parties."  *Jackson*, 27 F.2d at 580 (quoting *Hanes Corp.*, 531 F.2d at 591).  While this action cannot settle the controversy, the

NY Action can.  In recognition of this fact, Cooper itself has asked that the NY Action go forward as opposed to proceeding in this case.  (Biester Decl. Ex. 5, NY Cooper Opp'n.)

       2.     *The NY Action Was Filed Three Years Before This Action.*

      The NY Action was filed on July 9, 2002, over three years prior to this case.  By bringing the instant matter, PepsiAmericas (through Whitman) seeks only to use this Court to interfere with the NY Action in an apparent effort to avoid application of prevailing insurance coverage law.  PepsiAmericas should not be allowed to circumvent an ongoing state court case.  *See Brillhart*, 316 U.S. at 495 ("Gratuitous interference with the orderly and comprehensive disposition of state litigation should be avoided.").

      Acknowledging the judicial preference for prior state court actions, Whitman claims in its complaint that the current case is connected to the 1982 Action in this Court.  (Whitman Compl. ¶ 1.)  Any claim that this forum predates the NY Action with respect to the current dispute is inaccurate as the parties, the policies at issue, and the issues to be resolved are not the same.  First, most defendants in this case, including First State, were not parties to that litigation.  In addition, while the record in the 1982 Action remains sealed, it appears that few, if any of the policies at issue in this litigation, and none of the First State policies, were addressed in the 1982 Action.  Indeed, some of the First State policies implicated were not even issued at the time of the filing of the 1982 Action.  If, despite these differences, Whitman believes prior rulings should be applied, it can join the NY Action and assert that position in that forum.

       3.     *Allowing This Action to Proceed May Lead to Inconsistent Outcomes.*

      As discussed above, allowing this action to proceed creates the potential for conflicting outcomes as this action and the NY Action both seek declarations for the same asbestos liabilities under the same policies.  In this situation, there is no good reason for this

Court to proceed to decide the same issues of fact and state law that are also before the New York court. *See United States Fire Ins. v. Tuckerman Lane Dev. Co.*, No. 95-0537, 1995 U.S. Dist. LEXIS 22062, at *3 (D.D.C. June 28, 1995) ("Two concurrent suits would introduce the prospect of piecemeal litigation and the possibility of inconsistent verdicts.").

    4. *This Dispute Arises Under State Law and Does Not Involve Any Issues of Significant Public Concern.*

    There can be no dispute that this coverage case is a matter of state law — as Pneumo Abex's prior briefing put it — a matter of "New York law." (Biester Decl. Ex. 9, Brief of Pneumo Abex Corporation as Amicus Curiae in *Con. Edison v. Allstate Ins. Co.,* Index No. 600142/98, before the New York Court of Appeals (proclaiming its "Interest as Amici Curiae" "[a]s a policyholder with policies that are being interpreted under New York law in an ongoing coverage case") at 6); *Abex Corp. v. Maryland Cas. Co.*, 790 F.2d 119, 121 (D.C. Cir. 1986) ("The parties have stipulated that this case is governed by New York law."). Accordingly, federal law will not be implicated, strongly militating for dismissal of this case in favor of a pending state court proceeding. *See Jackson v. Culinary Sch.*, 59 F.3d 254, 256 (D.C. Cir. 1995) (*Wilton* is appropriate where the action concerns novel state law issues); *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 136 (3d Cir. 2001) (in insurance coverage case, "the state's interest in resolving its own law must not be given short shrift"); *Chapman v. Clarendon Nat'l Ins. Co*., 299 F. Supp. 2d 559, 563 (D. Va. 2004) (dismissing a declaratory judgment action because "states have a particularly strong interest in regulating the insurance industry").

    5. *Whitman's and PepsiAmericas' Maneuverings to Avoid Jurisdiction in New York Must Be Rejected.*

    Courts have found the type of "procedural fencing" undertaken by Whitman here as an influential consideration in dismissing actions under *Wilton/Brillhart*. *See Hanes Corp.*, 531 F.2d at 591, n.4 (listing "procedural fencing" as a factor under *Brillhart*).

Whitman filed this suit three *years* after the NY Action commenced, and after Cooper and Pneumo Abex unsuccessfully moved to remove and transfer the NY Action to the Federal-Mogul bankruptcy.  PepsiAmericas also joined "in the general arguments and proposed outcome" advanced by Cooper, "without necessarily adopting each fact described and relied upon."  (Biester Decl. Ex. 6, NY Remand Opp'n, at 1 n.1.)  All that while, Whitman never intervened, and PepsiAmericas (Whitman's parent and a party in the NY Action) never argued that Washington, D.C. was the appropriate forum for resolution of the dispute or that Whitman was even relevant to the coverage dispute at issue.  Only after remand of the case from the Southern District of New York to New York Supreme Court did Whitman file its complaint here.  Whitman's attempt to manipulate federal jurisdiction in an obvious attempt to extend outdated interpretations of New York law should not be countenanced.  As articulated by the U.S. Supreme Court, it only makes sense in this situation to defer to the pending state court action and dismiss or stay this case.

PepsiAmericas should not be rewarded for its unseemly attempt to manufacture subject matter jurisdiction by propping up Whitman in an effort to avoid proceeding in the NY Action.  Moreover, not only has PepsiAmericas improperly used Whitman to manipulate the jurisdictional requirements of this action, it also has used the 1982 Action (to which First State was not a party) and its confidentiality order as twin procedural swords to attack the NY Action.  PepsiAmericas has been quite content to offer its own characterizations of the proceedings in the 1982 Action in its attempt to stay the NY Action.  (*See* Biester Decl. Ex. 2, PepsiAmericas NY Reply, at 1-3, 6, 9.)  Whitman has also filed motions for summary judgment in this action, seeking to extend prior rulings in the 1982 Action against entities who have never been part of that case, and who were never heard on the relevant prior motions.  At the same time, Whitman

and PepsiAmericas have not taken any visible steps towards allowing the Insurer Defendants

access to the proceedings in the 1982 Action to the extent such materials are under seal.  They

also fail to provide any documentary explanation of how it could be, as they assert, that New

York has no connection to the litigation (PepsiAmericas NY Reply, at 3), while the D.C. Circuit

has stated that "the parties have stipulated that this case is governed by New York law."  *Abex

Corp.*, 790 F.2d at 121.

All of this confusion and obfuscation can end by deferring to the NY Action,

where all of the parties are present.

## <u>CONCLUSION</u>

For the reasons stated above, this Court should dismiss this action, or, in the

alternative, stay all proceedings in this action pending a result in the New York Action.

/s/ Eric S. Parnes              
ERIC S. PARNES (D.C. Bar No. 489071)
KATHRYNE LOVE (D.C. Bar No. 479644)
HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
(202) 721-4600
*Attorneys for First State Insurance
Company*

*Of Counsel:*

    DAVID R. BIESTER
    HUGHES HUBBARD & REED LLP
    One Battery Park Plaza
    New York, NY 10004
    (212) 837-6000

30

NY 966304_8.DOC