# Court of Appeals

*of the*

# State of New York

---

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,

*Plaintiff-Appellant,*

– against –

ALLSTATE INSURANCE CO.; AMERICAN HOME ASSURANCE CO.; AMERICAN RE-INSURANCE CO.; CENTURY INDEMNITY CO.; CERTAIN UNDERWRITERS OF LLOYDS, LONDON AND LONDON MARKET INSURANCE COMPANIES; CGU CORPORATION; DAIRYLAND INSURANCE CO.; FEDERAL INSURANCE CO.; GENERAL REINSURANCE CORPORATION; HIH AMERICA COMPENSATION LIABILITY INSURANCE CO.; HOME INSURANCE CO.; INSURANCE CO. OF NORTH AMERICA; NEW ENGLAND INSURANCE COMPANY; PROTECTIVE NATIONAL INSURANCE COMPANY OF OMAHA; ST. PAUL FIRE & MARINE INSURANCE CO.; TRANSAMERICA INSURANCE CO.; TRAVELERS INDEMNITY CO.; TWIN CITY FIRE INSURANCE CO. and UNITED STATES FIRE INSURANCE CO.,

*Defendants-Respondents.*

---

## BRIEF OF PNEUMO ABEX CORPORATION AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFF-APPELLANT

---

*Of Counsel:*
   JOSEPH W. DORN
   JEFFREY S. BUCHOLTZ
   M. ALEXANDER KOCH
   KING & SPALDING
   1730 Pennsylvania Avenue, N.W.
   Washington, DC 20006
   (202) 737-0500

PAUL A. STRAUS
DANIELLE SALLAH
KING & SPALDING
*Attorneys for Amicus Curiae Pneumo*
   *Abex Corporation*
1185 Avenue of the Americas
New York, New York 10036
(212) 556-2100

Date: February 12, 2002

Flavors Holdings Inc.

M & F Worldwide Corp.

Mafco Establishment

Mafco Weihai Green Industries of Science & Technology

PCT International Holdings Inc.

Rishmac Produce & Export Co.

Xianyang Concord Natural Products Inc.

Dated: February 12, 2002

Respectfully submitted,

Paul A. Straus
Danielle Sallah
KING & SPALDING
1185 Avenue of the Americas
New York, NY 10036-4003
(212) 556-2100

Joseph W. Dorn
Jeffrey S. Bucholtz
M. Alexander Koch
KING & SPALDING
1730 Pennsylvania Ave., N.W.
Washington, DC 20006
(202) 737-0500

Counsel for Amicus Curiae
Pneumo Abex Corporation

New York County Clerk's Index No. 600142/98

---

**COURT OF APPEALS
OF THE
STATE OF NEW YORK**

---

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,

*Plaintiff-Appellant*,

- against -

ALLSTATE INSURANCE CO.; AMERICAN HOME ASSURANCE CO.; AMERICAN RE-INSURANCE CO.; CENTURY INDEMNITY CO.; CERTAIN UNDERWRITERS OF LLOYDS, LONDON AND LONDON MARKET INSURANCE COMPANIES; CGU CORPORATION; DAIRYLAND INSURANCE CO.; FEDERAL INSURANCE CO.; GENERAL REINSURANCE CORPORATION; HIH AMERICA COMPENSATION LIABILITY INSURANCE CO.; HOME INSURANCE CO.; INSURANCE CO. OF NORTH AMERICA; NEW ENGLAND INSURANCE COMPANY; PROTECTIVE NATIONAL INSURANCE COMPANY OF OMAHA; ST. PAUL FIRE & MARINE INSURANCE CO.; TRANSAMERICA INSURANCE CO.; TRAVELERS INDEMNITY CO.; TWIN CITY FIRE INSURANCE CO.; and UNITED STATES FIRE INSURANCE CO.,

*Defendants-Respondents.*

---

**CORPORATE AFFILIATION STATEMENT
PURSUANT TO RULE 500.11(b)**

---

Pursuant to Rule 500.11(b) of the Rules of this Court, amicus curiae Pneumo Abex Corporation states that its parent companies, subsidiaries, and affiliates are:

Choube-Shirin Export Company Ltd.

Concord Pacific Corporation

EVD Holdings Inc.

EVD Holdings S.A.

Extraits Vegetaux et Derives, S.A.

## TABLE OF CONTENTS

CORPORATE AFFILIATION STATEMENT ..................................................................... i

TABLE OF AUTHORITIES ........................................................................................... iv

QUESTIONS PRESENTED ............................................................................................ 1

INTEREST OF AMICUS CURIAE .................................................................................. 3

SUMMARY OF ARGUMENT ........................................................................................ 7

ARGUMENT .................................................................................................................. 9

I.   THE PLAIN LANGUAGE OF THE POLICIES REQUIRES EACH TRIGGERED POLICY TO INDEMNIFY CON EDISON FOR ALL SUMS PAID AS A RESULT OF THE TRIGGERING EVENT ............................. 9

   A.   This Court's Precedents Make Clear That A Court Has No Discretion To Depart From The Plain Meaning Of A Policy Because Of Perceived Considerations Of Equity Or Efficiency ................................. 9

   B.   The Plain Language Of The Policies Forecloses Respondents' Request To Pay Only A Pro Rata Allocated Share To Con Edison ............ 11

II.  THE INTERPRETATION OF AN INSURANCE POLICY IS A LEGAL QUESTION GOVERNED BY WELL-ESTABLISHED STANDARDS, NOT A DISCRETIONARY MATTER COMMITTED TO THE JUDGMENT OF THE COURT BASED ON ITS OWN VIEW OF PUBLIC POLICY ................................................................................................ 16

   A.   Under This Court's Precedents, Insurance Policy Interpretation Is Governed By A Well-Defined Legal Analysis In Which Equity And Public Policy Have No Role ................................................................ 16

   B.   *Olin* Substituted A Free-Form Discretionary Inquiry In Place Of The Legal Analysis Required By This Court's Precedents ............................. 19

III. EQUITY AND EFFICIENCY COUNSEL AGAINST JUDICIAL ADOPTION OF A PRO RATA ALLOCATED DUTY TO INDEMNIFY .......... 27

CONCLUSION ............................................................................................................ 30

TABLE OF AUTHORITIES

**Cases:** Page

*Abex Corp. v. Maryland Cas. Co.,*
   790 F.2d 119 (D.C. Cir. 1986) .................................................................................. 3, 4

*Allstate Ins. Co. v. Dana Corp.,*
   759 N.E.2d 1049 (Ind. 2001) ........................................................................................ 27

*American Nat'l Fire Ins. Co. v. B & L Trucking and Constr. Co.,*
   134 Wash.2d 413, 951 P.2d 250 (1998) ....................................................................... 27

*Asbestos Ins. Coverage Cases,* Judic. Council Coord. Proceeding No. 1072
   (Cal. Super. Ct. Jan. 24, 1990) ..................................................................................... 28

*Breed v. Insurance Co. of N. Am.,*
   46 N.Y.2d 351 (1978) ......................................................................................... *passim*

*Continental Cas. Co. v. Rapid-American Corp.,*
   80 N.Y.2d 640 (1993) ..................................................................................................... 5

*E.R. Squibb & Sons, Inc. v. Accident and Cas. Ins. Co.,*
   860 F. Supp. 124 (S.D.N.Y. 1994) ................................................................................. 6

*E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.,*
   241 F.3d 154 (2d Cir. 2001) .......................................................................................... 24

*Federal Ins. Co. v. Cablevision Sys. Dev. Co.,*
   836 F.2d 54 (2d Cir. 1987) .............................................................................................. 5

*Francis v. INA Life Ins. Co. of N.Y.,*
   809 F.2d 183 (2d Cir. 1987) ..................................................................................... 9, 10

*Hercules, Inc. v. AIU Ins. Co.,*
   784 A.2d 481 (Del. 2001) ......................................................................... 14, 21, 23, 26

*Janneck v. Metropolitan Life Ins. Co.,*
   162 N.Y. 574 (1900) ............................................................................................... 10, 14

*John Hancock Mut. Life Ins. Co., v. Amerford Int'l Corp.,*
   22 F.3d 458 (2d Cir. 1994) ............................................................................................ 15

*Kenavan v. Empire Blue Cross and Blue Shield,*
    248 A.D.2d 42 (1st Dept. 1998) ................................................................ 17

*Leverso v. Southtrust Bank of Al., N.A.,*
    18 F.3d 1527 (11th Cir. 1994) ................................................................... 11

*Mendes & Mount v. American Home Assur. Co.,*
    97 A.D.2d 384 (1st Dept. 1983) ................................................................. 5

*Metropolitan Life Ins. Co. v. RJR Nabisco, Inc.,*
    906 F.2d 884 (2d Cir. 1990) ..................................................................... 26

*Morgan Stanley Group Inc. v. New England Ins. Co.,*
    225 F.3d 270 (2d Cir. 2000) ..................................................................... 17

*Olin Corp. v. Insurance Co. of N. Am.,*
    221 F.3d 307 (2d Cir. 2000) ............................................................... *passim*

*Owens-Illinois, Inc. v. United Ins. Co.,*
    138 N.J. 437, 650 A.2d 974 (1994) ........................................... 7, 24, 25, 28

*Pneumo Abex Corp., et al. v. Maryland Cas. Co., et al.,*
    Civ. A. No. 82-2098 (D.D.C.) ..................................................... 3, 5, 6, 19

*In re Prudential Lines Inc.,*
    158 F.3d 65 (2d Cir. 1998) ........................................................ 22, 23, 24, 29

*Rhone-Poulenc Basic Chem. Co. v. American Motorists Ins. Co.,*
    616 A.2d 1192 (Del. 1992) ....................................................................... 11

*Rosenthal v. American Bonding Co. of Baltimore,*
    207 N.Y. 162 (1912) ................................................................................. 10

*Scholastic, Inc. v. Harris,*
    259 F.3d 73 (2d Cir. 2001) ....................................................................... 16

*State of New York v. Home Indem. Co.,*
    66 N.Y.2d 669 (1985) ......................................................................... 16, 17

*Stonewall Ins. Co. v. Asbestos Claims Mgmt. Corp.,*
    73 F.3d 1178 (2d Cir. 1995),
    *modified,* 85 F.3d 49 (2d Cir. 1996) .................................................. *passim*

*Teichman v. Community Hosp. of Western Suffolk*,
   87 N.Y.2d 514 (1996) .................................................................................. 10

*Uribe v. Merchants Bank of New York*,
   91 N.Y.2d 336 (1998) ..................................................................... 9, 10, 16

*W.W.W. Assocs., Inc. v. Giancontieri*,
   77 N.Y.2d 157 (1990) ............................................................. 9, 15, 16, 18

*Wallace v. 600 Partners Co.*,
   86 N.Y.2d 543 (1995) ..................................................................... 9, 10, 26

*Wallace v. 600 Partners Co.*,
   205 A.D.2d 202 (1st Dept. 1994) ................................................................ 15

*Weinberg & Holman v. Providence Washington Ins. Co.*,
   254 N.Y. 387 (1930) ............................................................................. 10, 15

*Westview Assocs. v. Guaranty Nat'l Ins. Co.*,
   95 N.Y.2d 334 (2000) .................................................................................. 18

*York-Buffalo Motor Express, Inc. v. National Fire & Marine Ins. Co.*,
   294 N.Y. 467 (1945) .................................................................................... 14

Other Authorities:

   4 Williston, *Contracts* § 610A (3d ed.) ....................................................... 10

## QUESTIONS PRESENTED

Amicus curiae Pneumo Abex Corporation ("Abex") addresses only the first of the three questions presented by plaintiff-appellant Consolidated Edison Company of New York, Inc. ("Con Edison"). Con Edison frames this question as follows:

> Should Con Edison's damages be allocated across all of the years at issue in this action (1936 to 1986), notwithstanding insurance policy language to the contrary, insurance industry custom and practice to the contrary, and decisions of this Court to the contrary?

Abex would restate this question[1] as follows:

> The insurance policies at issue in this case provide, with immaterial variations, that the insurer must indemnify Con Edison for "all sums" that Con Edison is obligated to pay for direct and consequential damages because of property damage arising from "an event, or continuous or repeated exposure to conditions, which causes injury, damage or destruction during the policy period." The questions presented are:
>
> 1. Where an event "which cause[d] . . . damage . . . during the policy period" of a policy also caused damage during other policy periods, does the plain language of the policy require the policy to indemnify Con Edison for "all sums" (up to policy limits) that Con Edison is obligated to pay because of damage arising from that event?

The lower courts did not address this question expressly, but implicitly answered it in the negative. Abex submits that this Court should answer this question in the affirmative.

---

[1] Con Edison's appeal addresses the scope of an insurer's duty to indemnify its insured under a contract of insurance. It does not address the proper methodology for allocating indemnity costs among insurers in the context of their cross-claims for equitable contribution. Con Edison's reference to allocating damages is made in the context of determining the scope of the insurer's duty to indemnify under the parties' contract of insurance, not in the context of resolving cross-claims among insurers based on equitable principles in the absence of a contractual relationship.

2. Alternatively, if such policy language is ambiguous, and if the insurer does not establish through extrinsic evidence that the parties intended the policy to require indemnification only for the portion of the damage that occurred during the policy period, does the *contra proferentum* principle require the policy to indemnify Con Edison for "all sums" (up to policy limits) that Con Edison is obligated to pay because of damage arising from the event?

The lower courts did not address this question expressly, but implicitly answered it in the negative. Abex submits that this Court should answer this question in the affirmative.

3. Alternatively, if this Court decides that it is not bound either by the language of the policy or by the *contra proferentum* principle, but rather is free to weigh equitable considerations, efficiency, and notions of public policy and to adopt such interpretation as it may deem preferable, should this Court adopt the rule that a triggered "all sums" policy need only indemnify Con Edison for the portion of the damage that occurred during the policy period?

The lower courts answered this question in the affirmative. Abex submits that this Court should answer this question in the negative.

2

## INTEREST OF AMICUS CURIAE

Amicus curiae Abex is the successor-in-interest to Abex Corporation, a former manufacturer of friction products. Until the mid-1980s, certain of the friction products manufactured by Abex contained some resin-bonded chrysotile asbestos. Since 1977, tens of thousands of asbestos-related personal injury claims have been filed against Abex. Similar claims continue to be filed every month. The claimants in these cases allege bodily injury, sickness, disease, or death resulting from alleged exposure to asbestos or asbestos-containing materials. These claimants seek substantial damages from Abex for these alleged asbestos-related injuries. As is common in mass tort litigation, the costs that Abex has incurred to defend these asbestos claims far exceed the amounts that Abex has paid in settlement of these claims. No final judgment has been entered against Abex in over two decades of asbestos litigation.

In 1982, Abex filed a lawsuit in the U.S. District Court for the District of Columbia against three of its primary insurers, seeking a declaration that each of these three insurers has an indivisible duty to defend and to indemnify Abex against underlying asbestos bodily-injury claims. That case, *Pneumo Abex Corp., et al. v. Maryland Cas. Co., et al.*, Civ. A. No. 82-2098 (D.D.C.), remains pending today, 20 years after it was instituted. The language of Abex's insurance policies at issue in that case is materially identical to the language of Con Edison's policies at issue here, and New York law governs the insurance coverage claims in Abex's original complaint. *See Abex Corp. v. Maryland Cas. Co.*, 790 F.2d 119, 121 & n.3 (D.C. Cir. 1986).

Like Con Edison's policies, Abex's policies require the insurer to indemnify Abex for "all sums which [Abex] shall be legally obliged to pay as damages because of . . . bodily injury . . . caused by an occurrence." *Id.* at 121. "Occurrence" is defined as "an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury . . . ." *Id.* at 121 n.3. Under this policy language, a policy is triggered if "injurious exposure to conditions . . . results, during the policy period, in bodily injury." If a claim involves bodily injury that occurred during policy period A, the claim triggers policy A; if the injury also occurred during policy period B, the claim also triggers policy B; if the injury further continued into policy period C, the claim triggers policy C as well; and so on. While injury during policy period A thus is the trigger for coverage under policy A, coverage once triggered is not restricted to damages attributable to the portion of the injury that occurred during policy period A. To the contrary, once a policy is triggered by an underlying claim, the policy must pay "all sums" (up to policy limits) that Abex is obligated to pay because of that claim. Each triggered policy, in other words, has an "indivisible" obligation to pay the damages caused by a covered claim. Because the triggered policies are severally liable for all the damages caused by such a claim, Abex may select one or more triggered policies to respond to a given claim, subject, of course, to policy limits and the total value of the claim. The insurer that indemnifies Abex then may seek equitable contribution from other insurers, if any, whose policies were triggered by the claim.

In opposition to Abex's position that each triggered policy has an indivisible and several obligation to indemnify Abex for damages on a claim that triggers multiple

4

policies, each of Abex's insurers has contended that it need only indemnify Abex for a pro rata portion of the damages on such a claim. Like Con Edison's insurers, Abex's insurers contend that a particular policy's indemnity obligation for damages spanning multiple policy periods covers only the portion of the damages occurring during the particular policy period. The three original defendants in Abex's suit thus refused to provide Abex a complete defense and full indemnification, arguing that Abex's four other primary insurers were required to pay "their shares."

Applying New York law, the district court in Abex's case correctly ruled that each of Abex's primary insurers has an indivisible duty to *defend*. *See Abex Corp. v. Maryland Cas. Co.*, Civ. A. No. 82-2098 (D.D.C. Apr. 6, 1990).[2] In a 1994 decision, however, the district court determined that it was bound to follow New York federal-court decisions that construed New York law not to require an indivisible duty to indemnify where multiple insurers are involved. *See Abex Corp. v. Maryland Cas. Co.*, Civ. A. No. 82-2098 (D.D.C. Aug. 18, 1994). In 2001, the district court reaffirmed its decision concerning the scope of the duty to indemnify. *See Abex Corp. v. Maryland Cas. Co.*, Civ. A. No. 82-2098 (D.D.C. Nov. 6, 2001). In particular, the district court

---

[2] Unlike the primary policies at issue in Abex's case, Con Edison's excess policies at issue here do not contain a separate duty to defend. Thus, the scope of an insurer's duty to defend was not at issue in the courts below and is not at issue in this appeal. Abex notes, however, that it is well settled under New York law that the duty to defend is indivisible. *See, e.g., Mendes & Mount v. American Home Assur. Co.*, 97 A.D.2d 384, 385 (1st Dept. 1983); *Federal Ins. Co. v. Cablevision Sys. Dev. Co.*, 836 F.2d 54, 56 (2d Cir. 1987); *cf. Continental Cas. Co. v. Rapid-American Corp.*, 80 N.Y.2d 640, 655 (1993) (emphasizing that any allocation of defense costs among insurers must not impede the policyholder's right to receive a full and timely defense from any one of the triggered policies; "the insured should not be denied initial recourse to a carrier merely because another carrier may also be responsible").

relied on *Olin Corp. v. Insurance Co. of N. Am.*, 221 F.3d 307 (2d Cir. 2000), and *Stonewall Ins. Co. v. Asbestos Claims Mgmt. Corp.*, 73 F.3d 1178 (2d Cir. 1995), *modified*, 85 F.3d 49 (2d Cir. 1996), in ruling that where there are multiple insurers whose policies are triggered, each insurer has a pro rata, not an indivisible, obligation to indemnify its insured. *Abex Corp.*, Slip Op. at 19-25 (D.D.C. Nov. 6, 2001).[3]

The absence of a controlling decision of this Court holding that the duty to indemnify under policies such as Con Edison's and Abex's is indivisible has had profound negative effects upon Abex. By denying their respective bilateral contractual obligations to indemnify Abex for "all sums," the three original defendants in Abex's case have forced Abex to litigate for 20 years while they and four additional insurers against whom they filed third-party complaints have fought among themselves as to their proper shares. Abex's insurers also have sought to impose a share of indemnity costs on Abex, although the policies give them no right to do so.

As a policyholder with policies that are being interpreted under New York law in an ongoing coverage action, Abex has a strong interest in the disposition of this case. If this Court holds that the duty to indemnify under Con Edison's "all sums" policies is indivisible under New York law, that ruling should apply in Abex's case as well.

---

[3] Abex does not take issue with allocating indemnity costs *among* multiple insurers on a pro rata basis or some other basis in the context of the insurers' cross-claims for contribution, *after* the policyholder has been made whole. Such an allocation among insurers is governed by equitable principles. In contrast, the scope of each insurer's obligation to its insured is governed by the terms of the contract of insurance. *Cf. E.R. Squibb & Sons, Inc. v. Accident and Cas. Ins. Co.*, 860 F. Supp. 124, 127 (S.D.N.Y. 1994) ("payment of claims of the insured must take priority over matters of inter-insurer allocation, even though pro rata allocation is the proper criteri[on] for inter-insurer allocation").

6