## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WHITMAN INSURANCE COMPANY, LTD.
76 St. Paul Street,
Suite 500
Burlington, Vermont 05401,

*Plaintiff,*

v.

TRAVELERS INDEMNITY COMPANY
One Tower Square
Hartford, Connecticut 06183

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.
70 Pine Street, 3rd Floor
New York, New York 10270

AIU INSURANCE COMPANY
70 Pine Street
New York, New York 10270

ALLIANZ UNDERWRITERS INSURANCE
COMPANY, formerly known as Allianz Insurance
Company
2350 Empire Avenue
Burbank, California 91504

AMERICAN HOME ASSURANCE COMPANY
70 Pine Street, 3rd Floor
New York, New York 10270

AMERICAN REINSURANCE COMPANY
555 College Road East
Princeton, New Jersey 08543

ASSOCIATED INTERNATIONAL INSURANCE
COMPANY
10 Parkway North, Suite 100
Deerfield, Illinois 60015

Civil Action No. 05-01125

Judge John Garrett Penn

AMENDED COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF

CALIFORNIA UNION INSURANCE COMPANY,
subsequently known as Century Indemnity Company
and now also known as ACE, Ltd.
1601 Chestnut Street
Philadelphia, Pennsylvania 19103

CERTAIN UNDERWRITERS AT LLOYD'S
LONDON AND THE LONDON MARKET
COMPANIES
750 Seventh Avenue
New York, New York 10019

EMPLOYERS MUTUAL CASUALTY COMPANY
717 Mulberry Street
Des Moines, Iowa 50309

FALCON INSURANCE COMPANY
One Beacon Street
Boston, Massachusetts 02108

FEDERAL INSURANCE COMPANY
15 Mountain View Road
Warren, New Jersey 07061

FIREMAN'S FUND INSURANCE COMPANY
777 San Marin Drive
Novato, California 94998

FIRST STATE INSURANCE COMPANY
150 Federal Street
Boston, Massachusetts 02110

GRANITE STATE INSURANCE COMPANY
70 Pine Street, 3rd Floor
New York, New York 10270

HUDSON INSURANCE COMPANY
300 First Stamford Place, 6th Floor
Stamford, Connecticut 06902

THE INSURANCE COMPANY OF THE STATE OF
PENNSYLVANIA
70 Pine Street
3rd Floor
New York, New York 10270

MT. MCKINLEY INSURANCE COMPANY,
formerly known as Gibraltar Casualty Company
477 Martinsville Road
Liberty Corner, New Jersey 07938

NATIONAL SURETY CORPORATION
33 West Monroe Street
Chicago, Illinois 60603

NEW HAMPSHIRE INSURANCE COMPANY
70 Pine Street
3rd Floor
New York, New York 10270

STONEWALL INSURANCE COMPANY
2 Central Square
Cambridge, Massachusetts 02139

TIG INSURANCE COMPANY, formerly known as
International Insurance Company
5205 North O'Connor Boulevard
2nd Floor
Irving, Texas 75015

PNEUMO ABEX LLC
c/o Corporation Service Company
2711 Centerville Road
Suite 400
Wilmington, Delaware 19808

                    *Defendants.*

---

## Nature of This Action

Whitman Insurance Company, Ltd. ("Whitman" or "plaintiff") for its complaint,
alleges upon knowledge as to its own acts, and upon information and belief as to the acts of all
other parties, as follows:

1.      This action is related to the ongoing action entitled *Abex Corporation v. Maryland
Casualty Company*, Civil Action 82-2098, which is pending before Judge John Garrett Penn and

has been the subject of voluminous discovery, motions, hearings and rulings in this Court over the past 24 years, as well as a decision by the United States Court of Appeals for the District of Columbia Circuit, *Abex Corp. v. Maryland Cas. Co.*, 790 F.2d 119 (D.C. Cir.1986) (the "*Abex* D.C. Action*"*). The *Abex* D.C. Action concerns the same subject matter as this action, certain of the same insurers as in this action, and the identical or substantially similar insuring provisions as are contained in the "Policies", as defined herein. In this action, Whitman seeks to apply the same rulings, or rulings substantively consistent to the rulings in the *Abex* D.C. Action, to the Policies.

2.    Venue is proper in this Court in that a related case involving the same subject matter, certain of the same parties and the same or similar policy language as contained in the Policies has been pending in this Court since 1982, and remains so pending.

3.    This is an action for declaratory judgment, pursuant to 28 U.S.C. §2201, to determine an actual controversy among the parties concerning (i) the obligation of the defendant insurers to pay in full the costs and expenses including, without limitation, the costs of investigation, defense and legal liabilities, arising from or in connection with claims, suits, actions, causes of action and demands asserted against Abex Corporation including successor Pneumo Abex LLC (collectively "Abex" or the "insured"), or which may in the future be asserted against Abex, alleging bodily injury and/or personal injury due to exposure to products allegedly containing asbestos ("Abex asbestos-related suits and claims"), and (ii) the obligation of the defendants, their assigns and persons claiming rights on behalf of a defendant to treat the Abex asbestos-related suits and claims as arising out of, or caused by, a single "occurrence." The Abex asbestos-related suits and claims seek damages because of bodily injury or personal injury (hereafter, "bodily injury") and allege causes of action, including without limitation negligence, strict liability, and product liability, that allegedly arose from exposure to a product allegedly manufactured, sold, used or distributed by Abex. The "Abex asbestos-related suits and claims" include all claims and suits asserted against Abex alleging bodily injury as the result of the manufacture, sale or distribution of asbestos-containing friction products, including (without

limitation) claims based on theories of market share, conspiracy and similar claims or causes of action.

4.    The defendant insurers issued various umbrella and excess policies of insurance (the "Policies") as alleged herein. Primary, umbrella and excess insurance policies may apply variously to a loss even when part of a comprehensive, related program of insurance protection. "Umbrella policies" typically "sit above" a primary insurance policy or a self-insured retention, or both. Umbrella policies typically contain "drop down" provisions that require the policies to respond upon exhaustion or satisfaction of the underlying coverage or retention and, in addition, provide coverage in circumstances where the underlying coverage or retention does not apply. Umbrella policies that contain supplemental defense reimbursement obligations act as "expanded primary" policies, whereas other umbrella policies without such supplemental defense reimbursement obligations act as excess-level coverage. Umbrella policies may both incorporate the terms of underlying insurance or retention or may act as "stand alone" policies of insurance, with independent terms and conditions. "Excess" policies typically "follow form" to umbrella policies. In the case of the Policies, all of the excess policies incorporate terms and conditions found in the umbrella policies included in this action. "Primary policies" are typically "first dollar" coverage and "sit at the bottom" of a comprehensive integrated insurance program. The rights and obligations of Whitman concern the umbrella and excess policies described in this complaint. The rights and obligations of Whitman, however, as well as the rights and obligations of all of the parties to this action, have been determined by, and are related to the *Abex* D.C. Action, including determinations made in the *Abex* D.C. Action and compromises reached in the context of the *Abex* D.C. Action. A majority of the Policies "follow form" to or have substantially the same terms and conditions as contained in the primary and umbrella policies at issue in the *Abex* D.C. Action. Bodily injury is alleged to have taken place during the periods of the Policies.

5.    In an attempt to avoid and disregard numerous coverage decisions reached during the *Abex* D.C. Action, or to seek inconsistent rulings and decisions, Lloyd's and the London

Market Companies filed a lawsuit in New York State Supreme Court against the insureds and the defendant insurers in this action, styled *Certain Underwriters at Lloyd's London, et al. v. Pneumo Abex Corporation et al.,* N.Y. Sup. Ct., County of New York, Index No. 02602493 (the "New York litigation"). The New York litigation involves the same coverage issues that have been decided and will be decided in *Abex* D.C. Action. The New York litigation was subject to a *de facto* stay until on or about May 9, 2005, and is currently subject to an order staying the New York litigation.

6.    Whitman is an insurance company that has paid, and may in the future be responsible to pay additional amounts, for Abex asbestos-related suits and claims that allege bodily injury during the Policy periods 1978 through 1985. Whitman has paid and may in the future be responsible to pay for Abex asbestos-related suits and claims that Abex and one or more of the defendant insurers contend are covered under primary, umbrella and excess policies of insurance issued to IC Industries, Inc. At one time, Abex was a subsidiary of IC Industries, Inc., and an affiliate of plaintiff, but has no present ownership or affiliate relationship with plaintiff. Since the filing of the *Abex* D.C. Action, a direct adversity has arisen between Abex and plaintiff, among others, concerning the responsibility to pay for costs and expenses associated with Abex asbestos-related suits and claims. Further, because Abex is an insured under the Policies, its interests with regard to the Policies have been, may be, or are adverse to Whitman in its capacity as an insurer responsible or potentially responsible to pay for Abex asbestos-related suits and claims. Among other things, Abex has declined to date to seek or join in seeking a judgment that all Abex asbestos-related suits and claims asserted against Abex alleging bodily injury as the result of Abex's manufacture, sale or distribution of asbestos-containing friction products arise out of or are caused by a single "occurrence". By this action, plaintiff seeks, among other things, to require Abex and the other insurers so to treat the Abex asbestos-related suits and claims, and otherwise to assure that the Abex asbestos-related suits and claims are treated on a principled, equitable, and consistent basis as to it and all defendants in

accordance with the declarations sought herein, including (without limitation) in a manner consistent with the prior history and rulings in the *Abex* D.C. Action and the law of this Court.

7.     The only insured under the Policies named as a defendant in the Abex asbestos-related suits and claims is Abex. While the Policies may include multiple insureds, Abex is the only insured on whose behalf coverage is sought for the Abex asbestos-related suits and claims. Accordingly, no other insured under the Policies is a necessary party to this dispute.

8.     Plaintiff seeks the following declarations, which are consistent with prior rulings in cases decided by this Court: (i) all asbestos-related suits and claims arise out of one "occurrence" covered under the Policies consistent with the holding of this Court in *Owens-Illinois, Inc. v. Aetna Cas. and Sur. Co.*, 597 F.Supp. 1515, 1528 (D.C. Dist. 1984); (ii) defendant insurers' duty to defend the Abex asbestos-related suits and claims is joint, several and indivisible, as held by this Court in the *Abex* D.C. Action; (iii) Abex may select the Policy or Policies and policy year or years to which to allocate such defense or indemnity costs or damages for excess Policies issued subsequent to January 1, 1971, consistent with *Zurich Ins. Co. v. Raymark Industries, Inc.*, 118 Ill.2d 23, 514 N.E.2d 156 (1987) and *Keene Corp. v. Insurance Co. of N.Am.*, 215 U.S.App. D.C. 165, 667 F.2d 1034 (1981); (iv) Abex is not required to pay or reimburse deductibles, self-insured retentions or uninsured years for the Abex asbestos-related suits and claims as long as the insureds have available insurance that does not contain such deductibles or self-insured retentions; (v) an "injury-in-fact" trigger of coverage or other consistent trigger of coverage such as the *Zurich v. Raymark* trigger of coverage applies to the Abex asbestos-related suits and claims, consistent with the holding in the *Abex* D.C. Action as affirmed by the United States Court of Appeals for the District of Columbia Circuit; (vi) "fronting" policies of insurance, deductibles, self-insured retained limits and effective self-insurance of any kind achieved through any means, including but not limited to reinsurance and/or retrocessions, do not constitute "other insurance" within the context of the Policies; (vii) insurer defendants with coverage above any insolvent insurance company are required to "drop down" and fill any gap in coverage, or in the alternative, are required to attach upon the liability

exceeding their attachment points and the specific underlying insurance not being valid and collectible; (viii) only one deductible, self-insured retained limit or effective self-insured retention achieved through reinsurance, retrocessions or similar means is payable in respect of all past, pending and future Abex asbestos-related suits and claims; and (ix) the Policies are governed by the law of the jurisdiction in which the Policies were delivered to the first-named insured, i.e., the principal place of business of the first-named insured at the inception date of the Policy, subject to the application of the prior substantive law as enunciated in the *Abex* D.C. Action.

9.     The liabilities alleged in the Abex asbestos-related suits and claims are sufficient to implicate all of the Policies. All of the insurer defendants issued Policies that are either in excess of, or in the same layer as, the "fronting" policies that are reinsured in part by Whitman. As such, all of the insurer defendants issued Policies that are responsible for payment of defense or indemnity costs for the Abex asbestos-related suits and claims that Whitman has paid in the past, or may be responsible to pay in the future. All of the parties' rights are affected by the declarations sought herein, including without limitation that all Abex asbestos-related suits and claims arise from the same single "occurrence." Accordingly, so as to assure consistency of rulings applicable to all parties on a fair and equitable basis, a ripe and justiciable controversy exists between plaintiff and defendants regarding the parties' respective rights and obligations under the Policies.

## The Parties and Jurisdiction

10.     Whitman is an insurance company organized under the laws of the State of Vermont, with its principal place of business in Vermont. At all pertinent times, Whitman is a captive reinsurer directly or indirectly responsible for meeting costs and expenses associated with the Abex asbestos-related suits and claims covered by the Policies.

11.     Defendant Travelers Indemnity Company ("Travelers") is an insurance company organized under the laws of the State of Connecticut, with its principal place of business in

Hartford, Connecticut. At all pertinent times, Travelers was, and is, licensed to do business, and was and is doing business, in the District of Columbia.

12.    Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") is an insurance company organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in New York, New York. At all pertinent times, National Union was, and is, licensed to do business, and was and is doing business, in the District of Columbia.

13.    Defendant AIU Insurance Company ("AIU") is an insurance company organized under the laws of the State of New York, with its principal place of business in New York, New York. At all pertinent times, AIU was, and is, licensed to do business, and was and is doing business, in the District of Columbia.

14.    Defendant Allianz Underwriters Insurance Company, formerly known as Allianz Insurance Company ("Allianz") an insurance company organized under the laws of the State of California, with its principal place of business in Burbank, California. At all pertinent times, Allianz was, and is, licensed to do business, and was and is doing business, in the District of Columbia.

15.    Defendant American Home Assurance Company ("American Home") is an insurance company organized under the laws of the State of New York, with its principal place of business in New York, New York. At all pertinent times, American Home was, and is, licensed to do business, and was and is doing business, in the District of Columbia.

16.    Defendant American Re–Insurance Company ("American Re") is an insurance company organized under the laws of the State of Delaware, with its principal place of business in Princeton, New Jersey. At all pertinent times, American Re was, and is, licensed to do business, and was and is doing business, in the District of Columbia.

17.    Defendant Associated International Insurance Company ("Associated International") is an insurance company organized under the laws of the State of Illinois, with its

principal place of business in Deerfield, Illinois. At all pertinent times, Associated International was, and is, licensed to do business, and was and is doing business, in the District of Columbia.

18.    Defendant California Union Insurance Company ("Cal Union") is an insurance company organized under the laws of the State of California, with its principal place of business in the State of California. At all pertinent times, Cal Union was, and is, licensed to do business, and was and is doing business, in the District of Columbia. Cal Union now purports to be known as Century Indemnity Company, a Pennsylvania corporation headquartered in Philadelphia, Pennsylvania, or ACE Limited, a Cayman Islands corporation headquartered in Hamilton, Bermuda. However, the transactions resulting in such name and ownership changes have been judicially challenged and, accordingly, references in this complaint will be to Cal Union, the contracting party.

19.    Defendant Certain Underwriters at Lloyd's, London, ("Lloyd's") are lead underwriters and managing agents authorized to buy, sell and profit from insurance risks with their principal place of business in London, England. This defendant sold insurance policies to and covering Abex. This defendant operates by and through the Society of Lloyd's incorporated under the laws of the United Kingdom. *See, e.g., Society of Lloyd's v. Reinhart*, 402 F.3d 982 (10th Cir. 2005). Defendant London Market Companies are individual insurance companies existing under the of the laws of the United Kingdom or another foreign sovereign with their principal place of business in London, England, and subscribing to insurance policies in the London insurance market covering Abex. The London Market Companies being sued are: Dominion Insurance Company, Ltd., World Auxiliary Insurance Corporation Ltd., Alba General Insurance Company, Ltd., Anglo French Insurance Company, Ltd., Anglo Saxon Insurance Association, Ltd., Bishopgape Insurance Company, Ltd., British Aviation Insurance Company Ltd., Brittany Insurance Company Ltd., Compagnie Europeenne d'Assurances Industrielles, SA, Cornhill Insurance PLC, Economic Insurance Company Ltd., Excess Insurance Company Ltd., Fidelidade Insurance Company, Folksam International Insurance Company, Ltd., Heddington Insurance (UK) Ltd., Helvetia-Accident Swiss Insurance Company Ltd.,  Lexington Insurance

Company (UK) Ltd., London & Edinburgh Insurance Company Ltd., Minster Insurance

Company Ltd., Mitsui Marine & Fire Insurance Company (Europe) Ltd., Oslo Reinsurance

Company (UK) Ltd., River Thames Insurance Company Ltd., Royal Scottish Insurance Ltd.,

Sphere/Drake Insurance Company Ltd., St. Paul International Insurance Company Ltd.,

Stonghold Insurance Company Ltd., Swiss National Insurance Company Ltd., Switzerland

General Insurance Company, Threadneedle Insurance Company Ld., Tokio Marine & Fire

Insurance (UK) Ltd., Trent Insurance Company Ltd., Vanguard Insurance Company Ltd.,

Winterthur Swiss Insurance Company, and World Marine & General Insurance Company Ltd.

(collectively, the "London Market Companies"). None of the foregoing London Market

Companies is incorporated in or domiciled in the United States or any district or state of the

United States. At all times relevant hereto, defendants Lloyd's and the London Market

Companies were authorized, through their respective agents, to underwrite Policies covering

risks in the District of Columbia. The foregoing Lloyd's and London Market Companies

defendants have consented to the jurisdiction of this Court.

20.    Defendant Employers Mutual Casualty Company ("Employers Mutual") is an

insurance company organized under the laws of the State of Iowa, with its principal place of

business in Des Moines, Iowa. At all pertinent times, Employers Mutual was, and is, licensed to

do business, and was and is doing business, in the District of Columbia.

21.    Defendant Falcon Insurance Company ("Falcon") is an insurance company

organized under the laws of the State of Delaware, with its principal place of business in Boston,

Massachusetts. At all pertinent times, Falcon was, and is, licensed to do business, and was and is

doing business, in the District of Columbia.

22.    Defendant Federal Insurance Company ("Federal") is an insurance company

organized under the laws of the State of Indiana, with its principal place of business in Warren,

New Jersey. At all pertinent times, Federal was, and is, licensed to do business, and was and is

doing business, in the District of Columbia.

23.    Defendant Fireman's Fund Insurance Company ("Fireman's Fund") is an insurance company organized under the laws of the State of California, with its principal place of business in Novato, California. At all pertinent times, Fireman's Fund was, and is, licensed to do business, and was and is doing business, in the District of Columbia.

24.    Defendant First State Insurance Company ("First State") is an insurance company organized under the laws of the State of Connecticut, with its principal place of business in Boston, Massachusetts. At all pertinent times, First State was, and is, licensed to do business, and was and is doing business, in the District of Columbia.

25.    Defendant Mt. McKinley Insurance Company, formerly known as Gibraltar Casualty Company ("Gibraltar"), is an insurance company organized under the laws of the State of Delaware, with its principal place of business in Liberty Corner, New Jersey. At all pertinent times, Gibraltar was, and is, licensed to do business, and was and is doing business, in the District of Columbia.

26.    Defendant Granite State Insurance Company ("Granite State") is an insurance company organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in New York, New York. At all pertinent times, Granite State was, and is, licensed to do business, and was and is doing business, in the District of Columbia.

27.    Defendant Hudson Insurance Company ("Hudson") is an insurance company organized under the laws of the State of Delaware, with its principal place of business in Stamford, Connecticut. At all pertinent times, Hudson was, and is, licensed to do business, and was and is doing business, in the District of Columbia.

28.    Defendant Insurance Company of the State of Pennsylvania ("ISOP") is an insurance company organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania. At all pertinent times, ISOP was, and is, licensed to do business, and was and is doing business, in the District of Columbia.

29.    Defendant TIG Insurance Company, formerly known as International Insurance Company ("International"), is an insurance company organized under the laws of the State of

California, with its principal place of business in Irving, Texas. At all pertinent times, International was, and is, licensed to do business, and was and is doing business, in the District of Columbia.

30.     Defendant National Surety Corporation ("National Surety") is an insurance company organized under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois. At all pertinent times, National Surety was, and is, licensed to do business, and was and is doing business, in the District of Columbia.

31.     Defendant New Hampshire Insurance Company ("New Hampshire") is an insurance company organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in New York, New York. At all pertinent times, New Hampshire was, and is, licensed to do business, and was and is doing business, in the District of Columbia.

32.     Defendant Stonewall Insurance Company ("Stonewall") is an insurance company organized under the laws of the State of Rhode Island, with its principal place of business in Cambridge, Massachusetts. At all pertinent times, Stonewall was, and is, licensed to do business, and was and is doing business, in the District of Columbia.

33.     Defendant Pneumo Abex LLC ("Abex") is a limited liability company organized under the laws of Delaware, with its principal place of business in New Jersey, and includes its predecessors and successors. Abex is a party in the *Abex* D.C. Action, pending in this Court. The *Abex* D.C. Action is related to this action.

34.     The amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs, and complete diversity of citizenship exists between plaintiff and defendants.

### General Factual Allegations

35.     Since 1977, the Abex has been served with claims and has been named as defendants or co-defendants in thousands of Abex asbestos-related suits and claims filed in various federal and state courts across the United States. In the Abex asbestos-related suits and claims, the claimants have alleged bodily injury, sickness, disease, or wrongful death resulting

from alleged exposure to asbestos or asbestos-containing materials. Claimants in the Abex asbestos-related suits and claims have also alleged various theories of recovery, such as market share liability, conspiracy and other similar claims. Such theories of recovery may neither state a valid cause of action or be covered under the Policies. However, to the extent coverage is sought for such claims from Whitman, plaintiff contends that such theories of recovery derive from and are related to the manufacture, sale or distribution of an asbestos-containing product and, accordingly, derive from the same cause or causative agency, or "occurrence", as the manufacture, sale or distribution of asbestos-containing products by Abex. Claimants in these Abex asbestos-related suits and claims seek substantial damages from the insureds arising out of the alleged asbestos-related conditions. Plaintiff anticipates that additional Abex asbestos-related suits and claims or similar claims will be brought against the insureds in the future.

36.     To date, many of these Abex asbestos-related suits and claims have been dismissed, with no payments made to the plaintiffs in those claims. The insured has entered into settlements in other Abex asbestos-related suits and claims. Substantial costs have been incurred by or on behalf of the insured to defend all of the Abex asbestos-related suits and claims. Substantial indemnity costs have been incurred by or on behalf of the insured in making settlement payments to plaintiffs in certain Abex asbestos-related suits and claims, and such indemnity costs may, in appropriate cases, continue to be incurred. While the insured denies any liability with respect to the Abex asbestos-related suits and claims, plaintiff recognizes the possibility that some of the Abex asbestos-related suits and claims may result in substantial indemnity costs as a result of judgments against the insured with respect to present and future Abex asbestos-related suits and claims. Thousands of Abex asbestos-related suits and claims remain pending against the insured as of the date of this complaint.

37.     Travelers issued the following Policies, which are responsive to some, or all, of the Abex asbestos-related suits and claims:

| Policy Period | Policy Number |
|---|---|
| 3/1/1971 – 3/1/1974 | TRNSL 957500-71 |

3/1/1971 – 3/1/1974        T-CUP 957503-71

38.    National Union issued the following Policies, which are responsive to some, or all, of the Abex asbestos-related suits and claims:

| Policy Period | Policy Number |
|---|---|
| 4/1/1981 – 4/1/1982 | 1226093 |
| 4/1/1982 – 4/1/1983 | 1185393 |
| 4/1/1982 – 4/1/1983 | 1186360 |

39.    AIU issued the following Policies, which are responsive to some, or all, of the Abex asbestos-related suits and claims:

| Policy Period | Policy Number |
|---|---|
| 4/1/1980 – 4/1/1981 | 75–101664 |
| 4/1/1981 – 4/1/1982 | 75-101576 |
| 4/1/1982 – 4/1/1983 | 75-100914 |
| 4/1/1982 – 4/1/1983 | 75-100915 |
| 4/1/1983 – 4/1/1984 | 75-103526 |
| 4/1/1984 – 4/1/1985 | 75-103593 |

40.    Allianz issued the following Liability Insurance Policy, which is responsive to some, or all, of the Abex asbestos-related suits and claims:

| Policy Period | Policy Number |
|---|---|
| 4/1/1982 – 4/1/1983 | AUX 520 1403 |

41.    American Home issued the following Policies, which are responsive to some, or all, of the Abex asbestos-related suits and claims:

| Policy Period | Policy Number |
|---|---|
| 3/1/1973 – 3/1/1974 | CE 2749634 |
| 3/1/1974 – 3/1/1975 | CE 2749634 |
| 3/1/1975 – 3/30/1976 | CE 2749634 |

42.    American Re issued the following Policies, which are responsive to some, or all, of the Abex asbestos-related suits and claims:

| Policy Period | Policy Number |
|---|---|

| | |
|---|---|
| 8/1/1962 – 8/1/1963 | M–5124–0001 |
| 8/1/1963 – 8/1/1964 | M–5124–0001 |
| 8/1/1964 – 8/1/1965 | M–5124–0001 |
| 8/1/1965 – 8/1/1966 | M–5124–0001 |
| 8/1/1966 – 8/1/1967 | M–5124–0001 |
| 8/1/1967 – 8/1/1968 | M–5124–0001 |
| 8/1/1968 – 8/1/1969 | M 0085282 |
| 8/1/1969 – 8/1/1970 | M 0085282 |
| 8/1/1970 – 3/1/1971 | M 0085282 |
| 3/1/1971 – 3/1/1972 | M 0372960 |
| 3/1/1972 – 3/1/1973 | M 0372960 |
| 3/1/1973 – 3/1/1974 | M 0372960 |
| 3/1/1974 – 3/1/1975 | M–1029033 |
| 3/1/1975 – 3/30/1976 | M–1029033 |
| 3/30/1976 – 3/1/1977 | M–1029685 |

43.     Associated International issued the following Policies, which are responsive to some, or all, of responsive to the Abex asbestos-related suits and claims:

| Policy Period | Policy Number |
|---|---|
| 1/5/1979 – 4/1/1979 | AEL 00139C |
| 4/1/1979 – 4/1/1980 | AEL 00139C |
| 4/1/1980 – 4/1/1981 | AEL 00365C |
| 4/1/1981 – 4/1/1982 | AEL 00568C |

44.     Cal Union issued the following Policies, which are responsive to some, or all, of the Abex asbestos-related suits and claims:

| Policy Period | Policy Number |
|---|---|
| 4/1/1982 – 4/1/1983 | ZCX 006195 |
| 4/1/1983 – 4/1/1984 | ZCX 006519 |
| 4/1/1984 – 4/1/1985 | ZCX 007098 |

45.     Lloyd's and the London Market Companies severally subscribed, each in its own proportionate share, to one or more of the following Policies, which are responsive to some, or all, of responsive to the Abex asbestos-related suits and claims:

| Policy Period | Policy Number |
|---|---|
| 8/8/1952 – 8/8/1953 | K14050 |
| 8/8/1953 – 8/8/1954 | K19499 |
| 8/8/1954 – 8/8/1955 | K26013 |
| 8/8/1955 – 8/8/1956 | K32675 |

| Policy Period | Policy Number |
|---|---|
| 9/13/1955 – 9/13/1956 | K34251 |
| 8/8/1956 – 8/8/1957 | K38374 |
| 9/13/1956 – 9/13/1957 | K38906 |
| 8/8/1957 – 8/8/1958 | K45478 |
| 9/13/1957 – 9/13/1958 | K45479 |
| 8/8/1958 – 8/1/1959 | K51515 |
| 9/13/1958 – 8/1/1959 | K51514 |
| 8/1/1961 – 8/1/1962 | C59/5380 |
| 8/1/1961 – 8/1/1962 | 59/E8132 |
| 11/16/1959 – 8/1/1960 | 60/5836 |
| 8/1/1960 – 8/1/1961 | C59/5380 |
| 8/1/1960 – 8/1/1961 | 59/E8132 |
| 8/1/1960 – 8/1/1961 | 60/5836 |
| 8/1/1961 – 8/1/1962 | C59/5380 |
| 8/1/1961 – 8/1/1962 | 59/E8132 |
| 8/1/1961 – 8/1/1962 | 60/5836 |
| 1/5/1979 – 4/1/1979 | ULL 0122 |
| 4/1/1979 – 4/1/1980 | ULL 0122 |
| 4/1/1979 – 4/1/1980 | ULL 0561 |
| 4/1/1980 – 4/1/1981 | UMA 0205 |
| 4/1/1980 – 4/1/1981 | UMA 0206 |
| 4/1/1980 – 4/1/1981 | UMA 0207 |
| 4/1/1981 -- 4/1/1982 | UNA 0164 |
| 4/1/1981 – 4/1/1982 | UNA 0165 |
| 4/1/1981 – 4/1/1982 | UNA 0166 |
| 4/1/1982 – 4/1/1983 | UPA 0115 |
| 4/1/1982 – 4/1/1983 | UPA 0116 |
| 4/1/1983 – 4/1/1984 | UQA 0087 |
| 4/1/1983 – 4/1/1984 | UQA 0088 |
| 4/1/1983 – 4/1/1984 | UQA 0089 |
| 4/1/1984 – 4/1/1985 | UQA 0087 |
| 4/1/1984 – 4/1/1985 | URA 0059 |
| 4/1/1984 -- 4/1/1985 | URA 0060 |

46.    Employers Mutual issued the following Liability Insurance Policy , which is responsive to some, or all, of the Abex asbestos-related suits and claims:

| Policy Period | Policy Number |
|---|---|
| 4/1/1981 – 4/1/1982 | MMMW 72004 |

47.    Falcon issued the following Liability Insurance Policy, which is responsive to some, or all, of the Abex asbestos-related suits and claims:

| Policy Period | Policy Number |
|---|---|

4/1/1982 – 4/1/1983          S1600355

48.     Federal issued the following Policies, which are responsive to some, or all, of the Abex asbestos-related suits and claims:

| Policy Period | Policy Number |
| --- | --- |
| 4/1/1980 – 4/1/1981 | (81) 7922-6250 |
| 4/1/1981 – 4/1/1982 | (81) 7922-6250 |
| 4/1/1981 – 4/1/1982 | 7922-63-02 |

49.     Fireman's Fund issued the following Policies, which are responsive to some, or all, of the Abex asbestos-related suits and claims:

| Policy Period | Policy Number |
| --- | --- |
| 4/1/1981 – 4/1/1982 | XLX 1436393 |
| 4/1/1981 – 4/1/1982 | XLX K136392 |

50.     First State issued the following Policies, which are responsive to some, or all, of the Abex asbestos-related suits and claims:

| Policy Period | Policy Number |
| --- | --- |
| 3/1/1977 – 3/1/1978 | 923956 |
| 4/1/1979 – 4/1/1980 | 927358 |
| 4/1/1980 – 4/1/1981 | 928074 |
| 4/1/1981 – 4/1/1982 | 931542 |
| 4/1/1983 – 4/1/1984 | 932742 |
| 4/1/1984 – 4/1/1985 | 932758 |

51.     Gibraltar issued the following Policies, which are responsive to some, or all, of the Abex asbestos-related suits and claims:

| Policy Period | Policy Number |
| --- | --- |
| 4/1/1981 – 4/1/1982 | GMX 01140 |
| 4/1/1982 – 4/1/1983 | GMX 01616 |
| 4/1/1982 – 4/1/1983 | GMX 01617 |
| 4/1/1983 – 4/1/1984 | GMX 02171 |

52.     Granite State issued the following Policies, which are responsive to some, or all, of the Abex asbestos-related suits and claims:

| Policy Period | Policy Number |
| --- | --- |

| | |
|---|---|
| 3/1/1979 – 4/1/1980 | 6679-1112 |
| 4/1/1980 – 4/1/1981 | 6680-2037 |
| 4/1/1981 – 4/1/1982 | 6681-2384 |
| 4/1/1982 – 4/1/1983 | 6682-3237 |
| 4/1/1983 – 4/1/1984 | 6683-3987 |
| 4/1/1984 – 4/1/1985 | 6684-4645 |

53.    Hudson issued the following Liability Insurance Policy, which is responsive to some, or all, of the Abex asbestos-related suits and claims:

| Policy Period | Policy Number |
|---|---|
| 4/1/1983 – 4/1/1984 | HC 00892 |

54.    ISOP issued the following Liability Insurance Policy, which is responsive to some, or all, of the Abex asbestos-related suits and claims:

| Policy Period | Policy Number |
|---|---|
| 3/1/1977 – 3/1/1978 | 4177-7632 |

55.    International issued the following Liability Insurance Policy, which is responsive to some, or all, of the Abex asbestos-related suits and claims:

| Policy Period | Policy Number |
|---|---|
| 4/1/1980 – 4/1/1981 | 522 01 8253 8 |

56.    National Surety issued the following Policies, which are responsive to some, or all, of the Abex asbestos-related suits and claims:

| Policy Period | Policy Number |
|---|---|
| 4/1/1980 – 4/1/1981 | XLX 136 64 06 |
| 4/1/1982 – 4/1/1983 | XLX 148 34 38 |
| 4/1/1983 – 4/1/1984 | XLX 153 00 75 |
| 4/1/1984 – 4/1/1985 | XLX 168 60 98 |

57.    New Hampshire issued the following Liability Insurance Policy, which is responsive to some, or all, of the Abex asbestos-related suits and claims:

| Policy Period | Policy Number |
|---|---|
| 3/1/1978 – 3/1/1979 | 5678-0901 |

58.     Stonewall issued the following Policies, which are responsive to some, or all, of the Abex asbestos-related suits and claims:

| Policy Period | Policy Number |
| --- | --- |
| 3/1/1975 – 3/30/1976 | 35000137 |
| 3/30/1976 – 3/1/1977 | 35000585 |

59.     After April 1, 1985, plaintiff declined to issue, subscribe or otherwise insure or reinsure insurance coverage for liabilities arising out of bodily injury, physical injury, or wrongful death caused by exposure to asbestos and believes and therefore alleges that such insurance coverage for asbestos-related loss was not available after April 1, 1985.

60.     Certain of Abex's insurance carriers have already fully satisfied, or agreed to satisfy fully, in a manner consistent with the declarations sought herein, their insuring obligations to Abex for Abex asbestos-related suits and claims. These insurers include Allstate Insurance Company, as successor-in-interest to Northbrook Excess Surplus Insurance Company (formerly known as Northbrook Insurance Company), Argonaut Insurance Company, Columbia Casualty Insurance Company, Continental Casualty Insurance Company, Continental Insurance Company, Evanston Insurance Company, Harbor Insurance Company, Liberty Mutual Insurance Company, Maryland Casualty Company, Northwestern National Insurance Company and Great American Surplus Insurance Company. These insurers are not necessary to any adjudication of rights concerning the Abex asbestos-related suits and claims.

61.     In addition to the insurer defendants, Highlands Insurance Company, The Home Insurance Company, Integrity Insurance Company, Midland Insurance Company, Mission Insurance Company, Southern American Insurance Company, Transit Casualty Insurance Company also issued or subscribed to Policies covering the insureds. However, these insurers currently are or have been the subject of bankruptcy or liquidation proceedings. These insurers are not necessary to any adjudication of rights concerning the Abex asbestos-related suits and claims.

62.     The Policies issued by the insurer defendants provide insurance coverage for all sums, including "all sums" paid in settlement that the insureds become legally obligated to pay as damages because of, among other things, bodily injury, personal injury, property and other damage. Defendant insurers are also obligated to investigate, defend, and pay Abex's defense costs in connection with the Abex asbestos-related suits and claims pursuant to a duty to defend or to pay or reimburse defense costs pursuant to "ultimate net loss" provisions, or similar provisions contained in defendants' Policies.

63.     The Abex asbestos-related suits and claims present allegations and seek damages that are covered by the insurance polices issued by the insurer defendants, and do not come within any exception to or exclusion from insurance coverage. The United States Court of Appeals for the District of Columbia Circuit has already ruled that "Abex is entitled to defense by the insurance companies if the underlying tort complaints 'permit proof' of the facts establishing coverage, or if the complaints do not exclude the possibility that injury-in-fact occurred during the policy period." *Abex Corp., v. Maryland Cas. Co.*, 790 F.2d 119, 128-29 (D.C. Cir. 1986)

64.     The said court has further held that "as long as there remains a possibility – however remote – that injury occurred during the policy periods of each insurer, the insurers must defend Abex. Because it is possible for asbestos-induced injuries to occur at any time following initial exposure, the tort complaints against Abex 'permit proof' that the injury-in-fact occurred during the policy periods of all three insurers. We hold therefore that the insurers must immediately fulfill their duty to defend Abex. This obligation will continue until the insurers establish that, as a matter of law, there is no possibility that they will have to indemnify Abex." *Abex Corp., v. Maryland Cas. Co.*, 790 F.2d 119, 129 (D.C. Cir. 1986).

65.     Consistent with the holding of this Court, all loss in Abex asbestos-related suits and claims alleging bodily injury from the manufacture, sale or distribution of asbestos-containing friction products by Abex constitutes one occurrence. *Owens-Illinois, Inc. v. Aetna Cas. and Sur. Co.*, 597 F.Supp. 1515, 1528 (D.C. Dist. 1984). Furthermore, to the extent that

claims or causes of action such as "market share", "conspiracy" and similar theories of recovery may be covered under the Policies, such theories of recovery also arise out of the same occurrence.

66.    The dispute concerning the parties' respective obligations to pay and reimburse Abex's defense and indemnity costs in connection with the Abex asbestos-related suits and claims is the subject of the *Abex* D.C. Action that has been managed effectively by this Court over the last 24 years.

67.    Plaintiff and other parties have entered into settlements and taken positions based on the ruling doctrines set forth in the *Abex* D.C. Action.

68.    The New York litigation involves the same or substantially the same parties, and involves a determination of coverage for the same claims for bodily injury under the same or substantially the same insurance Policies.

69.    The New York litigation is duplicative of and parallels the *Abex* D.C. Action and this action. The New York litigation seeks declarations regarding the coverage rights of the same insured (Pneumo Abex) which is the plaintiff that filed the *Abex* D.C. Action more than 24 years ago, and the same claims (the Abex asbestos-related suits and claims) that are at issue in the *Abex* D.C. Action. The New York litigation seeks various coverage determinations in connection with the application of the excess policies to the Abex asbestos-related suits and claims such as the obligations of the insurers to defend and indemnify the Abex asbestos-related suits and claims and the appropriate trigger of coverage. This Court in the *Abex* D.C. Action has already determined the obligation of the insurers to defend and indemnify the Abex asbestos-related suits and claims, including a trigger of coverage holding by the D.C. Circuit Court of Appeals, involving some of the very same insurers and identical policy terms that are at issue in the New York litigation.

70.    The parallel New York litigation threatens the jurisdiction of this Court in the *Abex* D.C. Action, threatens the parties with being subject to inconsistent judgments and Policy

obligations, and is intended to prevent this Court from taking control to ensure the just and orderly resolution of the litigation, in the *Abex* D.C. Action and in this action.

71.    The New York litigation is intended to impede the progress of Abex's prior-filed *Abex* D.C. Action involving the same or substantially the same parties and insurance Policies, and the same or substantially similar claims, including the Abex asbestos-related suits and claims.

72.    The New York litigation is intended to create confusion, inconvenience and unnecessary expense through duplicative and vexatious litigation.

73.    The New York litigation is intended to interfere with and impede the Court's orderly management of the prior-pending and more comprehensive litigation, and this action.

74.    The New York litigation has been stayed by order of the Supreme Court of the State of New York, New York County. By this action, plaintiff seeks to enjoin defendants from seeking to litigate this dispute in any forum other than this Court.

## FIRST CLAIM FOR RELIEF
### *(Declaratory Judgment Against All Defendants)*

75.    Plaintiff repeats the allegations set forth in paragraphs 1 through 74 as though fully set forth herein, and further alleges as follows:

76.    One or more of the defendants, or persons claiming rights or interests on behalf of a defendant, contend that the Abex asbestos-related suits and claims arise from or constitute more than one occurrence and/or that more than a single deductible, self-insured retained limit or effective self-insured retention achieved by any means (including without limitation through a reinsurance or retrocessional arrangement) should be paid. Such a contention is contrary to applicable law as enunciated by this Court in, among other decisions, *Owens-Illinois, supra*, as well as contrary to the manner in which claims have been handled and resolved that have been subject to the *Abex* D.C. Action pending in this Court.

77.    Plaintiff's interests are vitally affected by the treatment of asbestos-related claims as a single occurrence, subject to only a single deductible, self-insured retained limit or effective

self-insured retention, as are the interests of one or more of the defendants. There is, accordingly, an actual and justiciable controversy between and among the parties as to the "number of occurrences" represented by the Abex asbestos-related suits and claims.

78.     Accordingly, plaintiff seeks the following declaration of rights and obligations against all defendants: (i) a declaration and order that all Abex asbestos-related suits and claims arise out of one "occurrence" covered under the Policies; (ii) a declaration and order that Whitman is not required to pay or reimburse any further or additional deductibles or self-insured retentions or uninsured years for asbestos-related suits or claims; (iii) a declaration and order that "fronting" policies of insurance, deductibles and self-insured retained limits do not constitute "other insurance" within the context of the policies of insurance involved in this case; (iv) a declaration  and order that the Policies are governed by the law of the jurisdiction in which the Policies were delivered to the first-named insured, i.e., the principal place of business of the first-named insured at the inception date of the Policy; and (v) a declaration and order that plaintiff has no obligation to Abex in connection with Abex the asbestos-related suits or claims.

79.     A judicial declaration is necessary and appropriate at this time, and under the circumstances alleged above, so that plaintiff and each of the defendants may ascertain their respective rights and obligations in connection with the Policies.

## SECOND CLAIM FOR RELIEF
### (All Writs Act – Against All Defendants)

80.     Plaintiff repeats the allegations in paragraphs 1 through 79 and further alleges as follows:

81.     This Court has since 1982 effectively managed the *Abex* D.C. Action, which involves the same Abex asbestos-related suits and claims, certain of the same or related parties, and the same or similar policy language as contained in the Policies.

82.     One or more of the defendants herein has sought to adjudicate rights and obligations subject of this Court's proper jurisdiction, as alleged in this action, in New York. The competing New York litigation has been effectively stayed or dormant since it was filed and is currently stayed.  However, plaintiff reasonably believes, and therefore alleges, that one or

more of the defendants, or other persons, intends to attempt to adjudicate matters properly before this Court in the New York litigation or in another forum, in derogation of this Court's superior interest in the outcome of the matters *sub judice* in this action and in the related *Abex* D.C. Action, which has been pending in this Court since 1982, and/or in derogation of the stay issued by the Supreme Court of the State of New York, New York County.

83.    Pursuant to 28 U.S.C. § 1651, this Court may issue all writs necessary or appropriate in aid of its jurisdiction.

84.    Accordingly, plaintiff respectfully requests that this Court preserve its jurisdiction over this action and over the *Abex* D.C. Action and take all steps necessary in aid of its jurisdiction.

### THIRD CLAIM FOR RELIEF
### *(Declaratory Judgment – Duty to Investigate and Defend, Reimburse Defense Costs and Indemnify Against All Insurer Defendants)*

85.    Plaintiff repeats the allegations set forth in paragraphs 1 through 84 as though fully set forth herein, and further alleges as follows:

86.    The defendant insurers are obligated under their insurance policies and applicable law, to investigate, defend, reimburse and indemnify Abex completely against the Abex asbestos-related suits and claims. Defendant insurers, however, have failed to do so in numerous respects including, but not limited to, the following:

(i).    Refusing to acknowledge receipt of Abex's proper and timely notice and tender of the Abex asbestos-related suits and claims;

(ii).    Refusing to acknowledge that they must defend and indemnify the Abex completely against the Abex asbestos-related suits and claims;

(iii).    Refusing to acknowledge that the Abex asbestos-related suits and claims have resulted from an "occurrence" as the term is defined in the Policies;

(iv).    Engaging in litigation conduct that is part of a broader pattern intended to prevent Abex from obtaining coverage under the Policies;

(v).    Failing to acknowledge and act promptly upon communications pertaining to claims arising under the Policies;

(vi). Taking an unreasonable period of time to provide a formal response to requests for coverage;

(vii). Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the insurance policies;

(viii). Taking an unreasonable period of time to reveal their position on coverage of claims after notice of the claims had been promptly submitted;

(ix). Taking an unreasonable period of time to provide for a reasonable explanation, in relation to the facts or applicable law, for the denial of claims.

87.    The claimants in the Abex asbestos-related suits and claims seek damages against Abex in an amount that may exhaust all of the insurance at issue in this action. Plaintiff therefore seeks a determination of all of the insurer defendants' obligations to defend, reimburse and indemnify Abex in full against the Abex asbestos-related suits and claims. Plaintiff also seeks a determination that the so-called defenses to coverage asserted by the insurer defendants have no merit, and seeks the following: (i) a declaration and order that all Abex asbestos-related suits and claims arise out of one "occurrence" covered under the Policies; (ii) a declaration and order that the duty to defend the Abex asbestos-related suits and claims is joint, several and indivisible; (iii) a declaration and order that the insureds may select the Policy or Policies and policy year or years to which to allocate such defense or indemnity costs or damages; (iv) a declaration and order that Whitman and Abex are not required to pay or reimburse deductibles, self-insured retentions or uninsured years for the Abex asbestos-related suits and claims as long as they have available insurance that does not contain such deductibles or self-insured retentions; (v) a declaration and order that an "injury-in-fact" trigger of coverage or other consistent trigger applies to the Abex asbestos-related suits and claims; (vi) a declaration and order that "fronting" policies of insurance, deductibles and self-insured retained limits do not constitute "other insurance" within the context of the policies of insurance involved in this case; (vii) that the insurer defendants with coverage above any insolvent insurance company are required to "drop down" and fill any gap in coverage, or in the alternative, are required to attach upon the liability exceeding their attachment points and the specific underlying insurance not being valid and

- 26 -

collectible; (viii) a declaration and order that the Policies are governed by the law of the jurisdiction in which the Policies were delivered to the first-named insured, i.e., the principal place of business of the first-named insured at the inception date of the Policy; and (ix) a declaration and order that plaintiff has no obligations in connection with the Abex asbestos-related suits and claims.

88.    The insurer defendants assert that they do not have a coverage obligation for the Abex asbestos-related suits and claims in a manner consistent with the declarations sought by plaintiff herein, to the harm and detriment of plaintiff, which may be required to pay additional defense and indemnity costs for Abex asbestos-related suits and claims as a result of its capacity as a direct reinsurer of certain of Abex's insurers. Consequently, an actual and justiciable controversy exists between plaintiff and these defendants concerning the defendants' obligations under the Policies.

89.    A judicial declaration is necessary and appropriate at this time, and under the circumstances alleged above, so that plaintiff may ascertain its rights in connection with the Policies.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment as follows:

A.    That this Court determine and declare that the insurer defendants are obligated to pay in full Abex's legal liabilities, costs and expenses for the investigation and defense of the Abex asbestos-related suits and claims, including, without limitation, all sums paid in settlement and for the defense and investigation and for the reimbursement of defense and investigation of the Abex asbestos-related suits and claims, including any liability of Abex arising out of the Abex asbestos-related suits and claims;

B.    That this Court determine that plaintiff has no obligation to pay Abex's legal liabilities, costs and expenses for the investigation and defense of the Abex asbestos-related suits

and claims, including, without limitation, all sums paid in settlement and for the defense and investigation and for the reimbursement of defense and investigation of the Abex asbestos-related suits and claims, including any liability of the insureds arising out of the Abex asbestos-related suits and claims;

      C.      That this Court determine that all Abex asbestos-related suits and claims arise out of a single "occurrence" within the meaning of the Policies;

      D.      That this Court issue such orders, including preliminary and permanent injunctive relief, as are necessary to effectuate this Prayer for Relief or to preserve or aid this Court's jurisdiction over the parties and issues herein;

      E.      Prejudgment and post-judgment interest according to law;

      F.      Plaintiff's reasonable attorneys' fees and the costs and expenses of this lawsuit;

      G.      Declarations ancillary to the other declarations sought herein, including but not limited to:

      (a).      A declaration and order that the Abex asbestos-related suits and claims arise out of one "occurrence," that is covered under the Policies;

      (b).      A declaration and order that the duty to defend for the Abex asbestos-related suits and claims is joint and indivisible;

      (c).      A declaration and order that Abex may select the policy or policies and policy year or years to which to allocate such defense or indemnity costs or damages;

      (d).      A declaration and order that plaintiff is not required to pay or reimburse deductibles, self-insured retentions or uninsured years for the Abex asbestos-related suits and claims;

      (e).      A declaration and order that an "injury-in-fact" or similar trigger of

coverage applies to the Abex asbestos-related suits and claims;

(f).    A declaration and order that "fronting" policies of insurance, deductibles and self-insured retained limits do not constitute "other insurance" within the context of the policies of insurance involved in this case;

(g).    A declaration and order that the insurance companies above any insolvent insurer are required to "drop down" and fill any gap in coverage, or in the alternative, are required to attach upon the liability exceeding their attachment point and the specific underlying insurance not being valid and collectible;

(h).    A declaration that the Policies are governed by the law of the jurisdiction in which the Policies were delivered to the first-named insured, i.e., the principal place of business of the first-named insured at the inception date of the Policy;

H.    Such other and further relief as this Court deems just and proper.


Respectfully submitted,


Dated: July 29, 2005                    By:  _Daniel E. Chefitz_____
                                        Daniel E. Chefitz (D.C. Bar No. 481420)
                                        A.C. Brooke Clagett (D.C. Bar No. 460570)
                                        MORGAN, LEWIS & BOCKIUS LLP
                                        1111 Pennsylvania Avenue, N.W.
                                        Washington, D.C. 20004
                                        Telephone:   202.739.3000
                                        Facsimile:    202.739.3001

                                        *Attorneys for Whitman Insurance Company, Ltd.*

Of Counsel

Paul A. Zevnik
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:   202.739.3000
Facsimile:    202.739.3001

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of July, 2005, a copy of the foregoing
PLAINTIFF WHITMAN INSURANCE COMPANY LTD'S AMENDED COMPLAINT was
served by electronic filing upon counsel listed on the Notice of Electronic Filing, and by first
class mail, postage prepaid, addressed to the following:

| Company Representing | Name of Counsel |
| --- | --- |
| Mt. McKinley Insurance Company | Fred Alvarez, Esq.<br>Arthur J. McColgan, Esq.<br>Ryan M. Henderson, Esq.<br>Mark A. Deptula, Esq.<br>Lord, Bissell & Brook LLP<br>115 S. LaSalle Street<br>Chicago, Illinois 60603 |
| Certain Underwriters at Lloyd's London | Eileen T. McCabe, Esq.<br>Anna R. Newsom, Esq.<br>Mendes & Mount, LLP<br>750 Seventh Avenue<br>New York, New York 10019 |
| Compagnie Europeenne d'Assurances Industrielles and Brittany Insurance Company | Glenn D. Curving Esq.<br>Elaine A. Rocha, Esq.<br>Riker, Danzig, Scherer, Hyland & Perretti LLP<br>One Speedwell Avenue<br>Morristown, New Jersey 07962 |

Daniel E. Chefitz, D.C. Bar No. 481420