UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Whitman Insurance Company, Ltd.** : | |
| : | |
| *Plaintiff*, : | |
| : | |
| v. : | Civil Action No. 05-1125 (JGP) |
| : | |
| **Travelers Indemnity Company**, *et al.*, : | Judge John Garrett Penn |
| : | |
| *Defendants*. : | |

**ANSWER AND SEPARATE DEFENSES OF DEFENDANT COMPAGNIE
EUROPEENNE D'ASSURANCES INDUSTRIELLES, S.A. TO PLAINTIFF'S
AMENDED COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendant, Compagnie Europeenne d'Assurances Industrielles, S.A. ("CEAI"), by way of Answer to the Complaint for Declaratory And Injunctive Relief filed by Plaintiff, Whitman Insurance Company, Ltd. ("Whitman" or "Plaintiff") alleges and says:

I.  **NATURE OF THE ACTION**

1. CEAI lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. To the extent the allegations contained in Paragraph 2 constitute legal conclusions, no response from CEAI is required. To the extent Paragraph 2 contains factual allegations directed to CEAI, those allegations are denied.

3. To the extent the allegations contained in Paragraph 3 consist of a recitation of the nature of and/or basis for this action, no response is required, and CEAI avers that the Amended Complaint speaks for itself. CEAI lacks knowledge and

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

4. To the extent the allegations contained in Paragraph 4 constitute legal conclusions, and/or are directed at defendants other than CEAI, no response from CEAI is required. CEAI lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4, except to deny that its obligations, if any, have been previously determined by or in the Abex D.C. Action.

5. To the extent the allegations contained in Paragraph 5 constitute legal conclusions, no response from CEAI is required. To the extent the allegations contained in Paragraph 5 constitute factual assertions, CEAI admits only that it was named as a nominal defendant in the lawsuit in New York State Supreme Court, styled *Certain Underwriters at Lloyd's London, et al. v. Pneumo Abex Corporation et al.*, N.Y. Sup. Ct., County of New York, Index No. 02602493. To the extent that the allegations contained in Paragraph 5 are directed to other defendants, CEAI makes no response.

6. To the extent the allegations contained in Paragraph 6 constitute legal conclusions, and/or a statement of the relief sought by plaintiff in this action, no response from CEAI is required. To the extent the allegations contained in Paragraph 6 constitute factual assertions, CEAI lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. To the extent the allegations contained in Paragraph 7 constitute legal conclusions, no response from CEAI is required. CEAI lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

8.          To the extent the allegations contained in Paragraph 8 consist of a recitation of the relief sought by Plaintiff in this action, summarizes the declarations the Plaintiff seeks, no response from CEAI is required.

9.          To the extent the allegations contained in Paragraph 9 constitute legal conclusions, no response from CEAI is required. To the extent that the allegations contained in Paragraph 9 are directed to other defendants, CEAI makes no response. To the extent any factual allegations contained in Paragraph 9 are directed at CEAI, they are denied.

## II.  THE PARTIES AND JURISDICTION

10-18.      CEAI lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 10 through 18.

19.         To the extent that allegations contained in Paragraph 19 are directed to other defendants, CEAI makes no response. To the extent the allegations contained in Paragraph 19 are directed to CEAI, it admits only that it is not incorporated in or domiciled in the United States or any district or state of the United States, and that through its respective agents, it was authorized to underwrite Policies covering risks in the District of Columbia. CEAI denies any remaining allegations contained in Paragraph 19.

20-33.      CEAI lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 20 through 33.

34. CEAI lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

**GENERAL FACTUAL ALLEGATIONS**

35. CEAI lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36. CEAI lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37-44. CEAI lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 37 through 44.

45. To the extent that allegations contained in Paragraph 45 are directed to other defendants, CEAI makes no response. To the extent the allegations contained in Paragraph 45 are directed to CEAI, it admits only that it subscribed to certain percentages of the policies of insurance issued to Abex Corporation and/or I.C. Industries, Inc. as immediately set forth below:

| **Inception** | **Expiration** | **Policy Number** |
|---|---|---|
| 01/04/83 | 01/04/84 | UQA0088 |
| 01/04/83 | 01/04/84 | UQA0089 |
| 01/04/84 | 01/04/85 | URA0059 |
| 01/04/84 | 01/04/85 | URA0060 |

CEAI denies the remaining allegations contained in Paragraph 45.

46-61. CEAI lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 46 through 61.

62. To the extent the allegations contained in Paragraph 62 constitute legal conclusions, and/or are directed at defendants other than CEAI, no response from CEAI is required. To the extent Paragraph 62 contains factual allegations directed at CEAI, those allegations are denied.

63. To the extent the allegations contained in Paragraph 63 constitute legal conclusions, and/or are directed at defendants other than CEAI no response from CEAI is required. To the extent Paragraph 63 contains factual allegations directed at CEAI, those allegations are denied.

64. Paragraph 64 recites the holding of another court rather than an allegation of fact to which no response is required.

65. To the extent the allegations contained in Paragraph 65 constitute legal conclusions, no response from CEAI is required. To the extent Paragraph 65 contains factual allegations directed at CEAI, those allegations are denied.

66. CEAI lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66.

67. CEAI lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67.

68. CEAI lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68.

69. The allegations contained in Paragraph 69 consist of Plaintiff's characterization of the scope, content, and/or rulings made in the New York litigation and Abex D.C. litigation to which no response is required. To the extent that allegations contained in Paragraph 69 are directed to other defendants, CEAI makes no response. To

the extent Paragraph 69 contains factual allegations directed to CEAI, it lacks the knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69, except to deny that its rights and/or obligations vis-à-vis the Plaintiff have already been determined in those cited actions.

70.     To the extent Paragraph 70 contains factual allegations directed to CEAI, it lacks the knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70.

71.     To the extent the allegations contained in Paragraph 71 are directed to CEAI, it lacks the knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71.

72.     To the extent the allegations contained in Paragraph 72 are directed to CEAI, it lacks the knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72.

73.     To the extent the allegations contained in Paragraph 73 are directed to CEAI, it lacks the knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73.

74.     CEAI admits that the New York action has been stayed. To the extent the remaining allegations of Paragraph 74 consist of a recitation of the relief sought by Plaintiff in this action, no response is required.

**First Claim – Declaratory Judgment Against All Defendants**

75.	CEAI repeats and re-alleges its responses to allegations contained in Paragraphs 1 - 74 as if set forth fully herein at length.

76.	To the extent the allegations contained in Paragraph 76 concern positions taken by other defendants in this action, CEAI lacks knowledge and information sufficient to form a belief as to the truth of those allegations. To the extent that the allegations contained in this Paragraph consist of a recitation of the relief sought by Plaintiff in this action, no response is required.

77.	To the extent the allegations contained in Paragraph 77 constitute legal conclusions, no response from CEAI is required. To the extent Paragraph 77 contains factual allegations, those allegations are denied.

78.	As the allegations contained in Paragraph 78 consist of a recitation of the relief sought by the Plaintiff in this action, no response is required.

79.	To the extent that the allegations contained in Paragraph 79 are directed to other defendants, CEAI makes no response. To the extent Paragraph 79 contains factual allegations directed to CEAI, those allegations are denied.

**Second Claim -- All Writs Act-Against All Defendants**

80.	CEAI repeats and re-alleges its responses to the allegations contained in Paragraphs 1-79 as if set forth fully herein at length.

81.	CEAI lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81.

82.	To the extent the allegations contained in Paragraph 82 are an attempt by Plaintiff to characterize the scope and content of the New York litigation,

CEAI avers that the pleadings in the New York litigation speak for themselves and no response is required. To the extent the allegations contained in Paragraph 82 constitute legal conclusions, no response from CEAI is required. To the extent the allegations contained in Paragraph 82 are directed to other defendants, CEAI makes no response. To the extent the allegations contained in Paragraph 82 are directed to CEAI, it admits only that it has been named as a nominal defendant in the New York State Supreme Court Action. CEAI denies the remaining allegations contained in Paragraph 82.

83. As the allegation contained in Paragraph 83 constitutes a legal conclusion, no response from CEAI is required.

84. The allegation contained in Paragraph 84 consists of a recitation of the relief sought by the Plaintiff in this action to which no response is required.

**Third Claim – Declaratory Judgment – Duty to Investigate and Defend, Reimburse Defense Costs and Indemnify Against All Insurer Defendants**

85. CEAI repeats and re-alleges its responses to the allegations contained in Paragraphs 1-84 as if set forth fully herein at length.

86. To the extent the allegations contained in Paragraph 86 constitute legal conclusions, no response from CEAI is required. To the extent that the allegations contained in Paragraph 86 are directed to other defendants, CEAI makes no response. To the extent Paragraph 86 alleges any breach of duty or obligations owed by CEAI to Plaintiff, such allegations are denied.

87. As the allegations contained in Paragraph 87 consist of a recitation of the relief sought by the Plaintiff in this action, no response is required.

88.     To the extent that the allegations contained in Paragraph 88 are directed to other defendants, CEAI makes no response. To the extent the allegations in Paragraph are directed to CEAI, it admits that it does not have a coverage obligation for the Abex asbestos-related suits and claims sought by the Plaintiff. It denies the remaining allegations contained in Paragraph 88.

89.     It denies the allegations contained in Paragraph 89.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The allegations of coverage by Whitman against this defendant fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Whitman's claims for coverage under the CEAI policies at issue may be barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

### THIRD AFFIRMATIVE DEFENSE

The insureds have failed to comply with conditions required under the insurance policies issued by CEAI. For example, insureds have failed to provide proof that the applicable limits underlying CEAI's excess coverages, including self-insured retentions and maintenance deductibles, have been properly exhausted.

### FOURTH AFFIRMATIVE DEFENSE

The claims against CEAI may be barred in whole or in part to the extent that the insureds failed to provide timely and proper notice.

### FIFTH AFFIRMATIVE DEFENSE

Insurance coverage does not exist under the insurance policies issued by CEAI for all or part of the claims against Whitman to the extent such claims are not the result of an "occurrence" within the meaning of the insurance policies issued by CEAI or any policies to which CEAI's policies may in part follow form.

### SIXTH AFFIRMATIVE DEFENSE

The insurance policies issued by CEAI are "excess" policies under which CEAI has no obligation, or a limited obligation, to defend.

### SEVENTH AFFIRMATIVE DEFENSE

No coverage is available to the extent the entity being held liable does not qualify as an insured or named insured under the CEAI policies.

### EIGHTH AFFIRMATIVE DEFENSE

The insurance policies issued by CEAI are "excess" policies under which CEAI has no obligation to indemnify or pay on behalf of Whitman for the claims against the insureds absent proof that the applicable per occurrence and/or aggregate limits of underlying coverages, including self-insured retentions and maintenance deductibles, have been properly exhausted by payments on covered settlements or judgments.

### NINETH AFFIRMATIVE DEFENSE

Insurance coverage does not exist under the insurance policies issued by CEAI for punitive damages, fines or penalties assessed against the insureds or Whitman. Also, coverage is barred where the insureds and/or Whitman's actions resulting in the underlying claims were in violations of law and/or public policy.

### TENTH AFFIRMATIVE DEFENSE

Insurance coverage for certain claims may be barred in whole or in part insofar as the insurance policies issued by CEAI or policies to which they may in part follow form exclude coverage pursuant to an asbestos or pollution exclusion.

### ELEVENTH AFFIRMATIVE DEFENSE

Whitman is required to fill any gaps in coverage resulting from the insureds' failure to maintain underlying insurance.

### TWELFTH AFFIRMATIVE DEFENSE

The insurance policies issued by CEAI do not "drop down" in the event that an underlying insurer becomes insolvent or "spread out" in the event that a carrier sharing in this defendant's layer becomes insolvent.

### THIRTEENTH AFFIRMATIVE DEFENSE

Insurance coverage does not exist under the insurance policies issued by CEAI for all or part of the claims against the insureds to the extent the insureds were aware of the injuries or any other claimed loss prior to the inception date of said policies or to the extent the claimed loss was in progress as of the inception of said policies.

### FOURTEENTH AFFIRMATIVE DEFENSE

Insurance coverage does not exist under the insurance policies issued by CEAI for all or part of the claims against the insureds to the extent the insureds have failed in their duty to mitigate their damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Insureds' claims for coverage are barred in whole or in part to the extent that the conduct giving rise to the insureds' potential liability was deliberate, and intentional in nature or to the extent the claimed injuries were expected or intended.

### SIXTEENTH AFFIRMATIVE DEFENSE

The insureds' and/or Whitman's claims are barred to the extent the insureds' and/or Plaintiff's damages occurred completely before or after CEAI's policy periods. The insureds' and/or Whitman's claims are barred to the extent there was no "bodily injury" or "occurrence" during the CEAI policy periods.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent CEAI is liable for Whitman's damages or defense costs, if at all, CEAI is ultimately obligated only for its share of those damages or defense costs properly allocated to its policy periods that are in excess of the applicable underlying coverage. Such allocation includes periods where Abex Corp./I.C. Industries Inc. is uninsured or underinsured.

### EIGHTEENTH AFFIRMATIVE DEFENSE

CEAI has no obligation to provide defense or indemnity costs, if at all, once the applicable per occurrence or aggregate limits of its policies are exhausted.

### NINETEENTH AFFIRMATIVE DEFENSE

CEAI has no obligation to pay defense costs, if at all, incurred prior to the insureds and/or Whitman providing CEAI with proper notice of the underlying claims.

### TWENTIETH AFFIRMATIVE DEFENSE

Certain CEAI policies may contain a "Prior Insurance and Non Cumulation of Liability" clause and accordingly, may become exhausted pursuant to that clause. Once exhausted, CEAI no longer has any obligations or duties under these policies.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Some or all of Whitman's claims may be barred under the co-operation clause contained in the CEAI policies, which requires CEAI's approval of any settlement of underlying claims as a condition precedent to payment of the claim.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Insurance coverage does not exist under the insurance policies issued by CEAI for all or part of the claims against the insureds and/or Whitman to the extent the issuance of these policies was based upon the insureds' misrepresentations or failure to disclose material facts to CEAI.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The obligations of CEAI, if any, may be subject to the other insurance clauses and subrogation clauses in its policies and to its equitable rights of contribution and subrogation. To the extent the insureds and/or Whitman has impaired CEAI's rights, no coverage is available.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Whitman has voluntarily paid or assumed the obligation to pay any claim without CEAI's consent, no coverage is available for such payment.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Whitman's loss is assumed under contract, coverage may be barred under some or all of the CEAI policies.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent the CEAI policies are held to provide defense and indemnity, such coverage may be limited by the ultimate net loss provision contained in those policies.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Whitman bears the burden of establishing the terms and conditions of CEAI's policies, including any missing or incomplete policies.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Complaint does not describe the underlying claims against the insureds and/or Whitman with sufficient particularity to enable CEAI to determine all of its defenses, including any and all defenses based upon the terms, conditions, exclusions, limits of liability or policy period of the insurance policies issued by CEAI. Therefore, CEAI reserves its right to assert all defenses that may be pertinent to the Complaint once the precise nature of such claims is determined and discovered.

**WHEREFORE**, while denying that it is obligated to pay defense costs or indemnify Whitman's damages as set forth in Plaintiff's complaint, to the extent CEAI is held to be "jointly and severally" liable for Whitman's claims, CEAI seeks contribution against Plaintiff and co-defendants pursuant to the terms, conditions, exclusions and other provisions of the CEAI policies and pursuant to any other factors, equitable and otherwise, considered by the Court.

**WHEREFORE**, CEAI demands contribution or apportionment of Plaintiff's defense and indemnity damages from Plaintiff and co-defendants.

Respectfully submitted,

*[signature]*

Arthur S. Garrett III, Esq.
DC Bar 428190
Keller and Heckman, LLP
1001 G Street, NW
Washington, DC 20001
202-434-4248

On Behalf of:
Glenn D. Curving, Esq.
Elaine A. Rocha, Esq.
RIKER, DANZIG, SCHERER,
HYLAND & PERRETTI, LLP
One Speedwell Avenue
Morristown, NJ 07962-1981
Phone: (973)538-0800
Fax: (973)538-1984

DATED: August 12, 2005          **Attorneys for Defendant,**
                                **Compagnie Europeenne d'Assurances**
                                **Industrielles, S.A.**

3570717.1