UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON (Members of Syndicate Nos. 002, 015, 016, 023, 029, 033, 035, 036, 049, 056, 057, 059, 065, 069, 073, 074, 075, 077, 086, 088, 090, 101, 108, 109, 110, 112, 116, 126, 130, 132, 133, 135, 138, 151, 164, 165, 169, 174, 188, 189, 190, 204, 211, 212, 219, 223, 224, 227, 231, 233, 235, 238, 243, 250, 263, 264, 265, 267, 278, 279, 283, 286, 297, 299, 300, 301, 303, 304, 311, 316, 317, 328, 329, 334, 347, 357, 358, 360, 365, 371, 373, 374, 395, 396, 397, 404, 405, 417, 420, 422, 427, 433, 434, 440, 448, 450, 461, 462, 465, 471, 472, 474, 475, 476, 479, 484, 489, 490, 499, 507, 518, 538, 553, 555, 576, 583, 589, 590, 592, 595, 604, 610, 612, 618, 619, 620, 621, 625, 629, 632, 634, 650, 651, 653, 656, 660, 661, 677, 680, 687, 688, 694, 701, 707, 711, 713, 719, 724, 755, 756, 763, 767, 768, 773, 795, 796, 797, 799, 800, 819, 830, 838, 845, 849, 857, 867, 870, 896, 899, 901, 905, 917, 918, 924, 928, 947, 948, 964, 975, 989, 999); DOMINION INSURANCE COMPANY LTD.; AND WORLD AUXILIARY INSURANCE CORPORATION LTD., | Case No. 02/8053A <br><br> Assigned to The Honorable Robert D. Drain <br><br><br><br> **ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIMS, AND CROSS-CLAIMS OF DEFENDANTS PNEUMO ABEX CORPORATION, COOPER INDUSTRIES, INC., AND PEPSIAMERICAS, INC.** |
| *Plaintiffs,* | |
| *against* | |
| PNEUMO ABEX CORPORATION; PEPSI AMERICAS, INC.; COOPER INDUSTRIES, INC.; AIU INSURANCE COMPANY; ALLIANZ INSURANCE COMPANY; ALLSTATE INSURANCE COMPANY (as successor-in-interest to Northbrook Excess Surplus Insurance Company formerly Northbrook Insurance Company); AMERICAN HOME ASSURANCE COMPANY; AMERICAN REINSURANCE COMPANY; ARGONAUT INSURANCE COMPANY; ASSOCIATED INTERNATIONAL INSURANCE COMPANY; CENTURY INDEMNITY | |

COMPANY (as successor-in-interest to )
California Union Insurance Company); )
COLUMBIA CASUALTY; CONTINENTAL )
INSURANCE COMPANY; CONTINENTAL )
CASUALTY COMPANY; EMPLOYERS )
MUTUAL CASUALTY COMPANY; )
EVANSTON INSURANCE COMPANY; )
FALCON INSURANCE COMPANY; )
FEDERAL INSURANCE COMPANY; )
FIREMAN'S FUND INSURANCE )
COMPANY; FIRST STATE INSURANCE )
COMPANY; GRANITE STATE INSURANCE )
COMPANY; GREAT AMERICAN SURPLUS; )
HARBOR SPECIALTY INSURANCE )
GROUP; HIGHLANDS INSURANCE )
COMPANY; THE HOME INSURANCE )
COMPANY; HUDSON INSURANCE )
COMPANY;  INSURANCE COMPANY OF )
NORTH AMERICA; INTERNATIONAL )
INSURANCE COMPANY; MT. MCKINLEY )
INSURANCE COMPANY (formerly known as )
Gibraltar Casualty Company); ISOP; )
NATIONAL SURETY CORP.; NATIONAL )
UNION FIRE INSURANCE COMPANY OF )
PITTSBURGH, PA.; NEW HAMPSHIRE )
INSURANCE COMPANY; STONEWALL )
INSURANCE CO.; TRAVELERS CASUALTY )
& SURETY COMPANY; and JOHN DOES 1- )
100, )
)
*Defendants*, )
)
ALBA GENERAL INSURANCE COMPANY )
LTD.; ANGLO FRENCH INSURANCE )
COMPANY LTD.; ANGLO SAXON )
INSURANCE ASSOCIATION LTD.; )
BISHOPSGATE INSURANCE COMPANY )
LTD.; BRITISH AVIATION INSURANCE )
COMPANY LTD.; BRITISH MERCHANTS )
INSURANCE COMPANY LTD.; BRITTANY )
INSURANCE COMPANY LTD.; )
COMPAGNIE D'ASSURANCE MARITIMES )
AERIENNES & TERRESTRES, S.A.; CITY )
GENERAL  INSURANCE COMPANY; )
COMPAGNIE EUROPEENNE )
D'ASSURANCES INDUSTRIELLES, S.A.; )
CORNHILL INSURANCE PLC; )
ECONOMIC INSURANCE COMPANY )
LTD.; EXCESS INSURANCE COMPANY )

2

LTD.; FIDELIDADE INSURANCE )
COMPANY; FOLKSAM INTERNATIONAL )
INSURANCE COMPANY LTD.; )
HEDDINGTON INSURANCE (UK) LTD.; )
HELVETIA-ACCIDENT SWISS )
INSURANCE COMPANY LTD.; )
LEXINGTON INSURANCE COMPANY )
(UK) LTD.; LONDON & EDINBURGH )
INSURANCE COMPANY LTD.; LUDGATE )
INSURANCE COMPANY LTD.; MINSTER )
INSURANCE COMPANY LTD.; MITSUI )
MARINE & FIRE INSURANCE COMPANY )
(EUROPE) LTD.; OSLO REINSURANCE )
COMPANY (UK) LTD.; RIVER THAMES )
INSURANCE COMPANY LTD.; ROYAL )
SCOTTISH INSURANCE COMPANY LTD.; )
SPHERE/DRAKE INSURANCE COMPANY )
LTD.; ST. PAUL INTERNATIONAL )
INSURANCE COMPANY LTD.; )
STRONGHOLD INSURANCE COMPANY )
LTD.; SWISS NATIONAL INSURANCE )
COMPANY LTD.; SWITZERLAND )
GENERAL INSURANCE COMPANY; )
THREADNEEDLE INSURANCE )
COMPANY LTD.; TOKIO MARINE & FIRE )
INSURANCE (UK) LTD.; TRENT )
INSURANCE COMPANY LTD.; )
VANGUARD INSURANCE COMPANY )
LTD.; WINTERTHUR SWISS INSURANCE )
COMPANY; and WORLD MARINE & )
GENERAL INSURANCE COMPANY LTD., )
)
           *Nominal Defendants.* )
)

Defendants Pneumo Abex Corporation ("Pneumo Abex"), Cooper Industries,

Inc. ("Cooper"), and PepsiAmericas, Inc. ("PAS") (collectively, the "Defendants"), for

their answer, affirmative defenses, counter-claims, and cross-claims to the complaint filed by

Plaintiffs, Certain Underwriters at Lloyd's, London ("Lloyd's"), Dominion Insurance

Company Ltd. ("Dominion"), and World Auxiliary Insurance Corporation Ltd. ("World

Auxiliary") (collectively, "Plaintiff Insurers"), hereby state:

3

## FIRST DEFENSE

## INTRODUCTION

1.  Defendants admit the allegations in paragraph 1 of the complaint.

2.  Defendants deny the allegations in paragraph 2 of the complaint, except that Defendants admit that Plaintiffs seek the relief that they allege in this paragraph.

## THE PARTIES

3.  Defendants deny the allegations of paragraph 3 of the complaint because they are without knowledge or information sufficient to form a belief as to the truth of the matters alleged therein.

4.  Defendants deny the allegations of paragraph 4 of the complaint, except that they admit the first sentence of paragraph 4 of the complaint.

5.  Defendants deny the allegations of paragraph 5 of the complaint, except that they admit the first sentence of paragraph 5 of the complaint.

6.  Defendants admit the allegations of paragraph 6 of the complaint.

7.  Defendants deny the allegations of paragraphs 7 through 41 of the complaint because they are without knowledge or information sufficient to form a belief as to the truth of the matters alleged therein.

8.  Defendants deny the allegations of paragraph 42 of the complaint.

## JURISDICTION AND VENUE

9.  Defendants deny the allegations of paragraphs 43 through 45 of the complaint because they are without knowledge or information sufficient to form a belief as to the truth of the matters alleged therein.

## THE POLICIES

10.  Defendants admit the allegations of paragraphs 46 through 81 of the complaint that each of Plaintiff Insurers and Defendant Insurers issued one or more

4

umbrella or excess liability insurance policies in favor of American Brake Shoe Company or
I.C. Industries, Inc. and that each of the policies provided product liability coverage, but
they otherwise deny the specific allegations of paragraphs 46 through 81 of the complaint
and refer to the insurance policies referenced therein for their true and complete contents,
terms and conditions.

### THE ASBESTOS-RELATED PRODUCTS LIABILITY CLAIMS

11.  Defendants admit the allegations of paragraphs 82 through 85 of the
complaint, refer to the underlying asbestos claims and insurance policies referenced therein
for their true and complete contents, terms and conditions, and aver that Pneumo Abex has
given timely notice to all Plaintiff Insurers, Insurance Company Defendants, and Nominal
Defendants of the referenced claims.

12.  Defendants admit the allegations of paragraph 86 of the complaint.

13.  Defendants admit the allegations of paragraph 87 of the complaint that
Plaintiff Insurers deny any such obligations to Pneumo Abex or PAS, and Defendants aver
that such denial constitutes an admission that Plaintiff Insurers are in breach of the
referenced London Policies and that Plaintiff Insurers have acted in bad faith.  Defendants
refer to the insurance policies referenced therein for their true and complete contents,
terms and conditions.

14.  Defendants deny the allegations of paragraph 88 of the complaint and refer
to the insurance policies referenced therein for their true and complete contents, terms and
conditions.

15.  Defendants admit the allegations of paragraph 89 of the complaint.

16.  Defendants deny the allegations of paragraph 90 of the complaint, except
that Defendants admit that Plaintiff Insurers deny that Cooper has any rights to the

5

referenced insurance policies.  Defendant Cooper further avers that it does have rights to the proceeds of the referenced policies based upon its contractual relationship with Pneumo Abex.

### FIRST CAUSE OF ACTION
### (DECLARATORY RELIEF UNDER POLICIES)

17.  Defendants repeat and reallege their responses in paragraphs 1 through 16.

18.  Defendants deny the allegations of paragraph 92 of the complaint and refer to the insurance policies referenced therein for their true and complete contents, terms and conditions.  Further, the allegations of paragraph 92 of the complaint are conclusions of law to which no response is required.

19.  Defendants deny the allegations of paragraph 93 of the complaint.

20.  Defendants deny the allegations of paragraph 94 of the complaint as they allege a legal conclusion to which no response is necessary.

21.  Defendants admit the allegations of paragraph 95 of the complaint.

22.  Defendants deny the allegations of paragraph 96 of the complaint.

23.  Defendants deny the allegations of paragraph 97 of the complaint, except that Defendants admit that Plaintiffs seek the relief alleged in this paragraph.

24.  Each allegation not expressly either admitted or denied on information and belief by any defendant is expressly denied by that defendant.

### SECOND DEFENSE

Plaintiff Insurers' complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff Insurers have waived all of their insurance coverage defenses, including each and every coverage defense asserted in Paragraph 93 of the complaint.

6

1487516 v4; VVRW04!.DOC

## FOURTH DEFENSE

Plaintiff Insurers are estopped to deny coverage for the underlying asbestos claims.

## FIFTH DEFENSE

Plaintiff Insurers' claims are barred by the doctrine of laches.

## SIXTH DEFENSE

Plaintiff Insurers are barred from any equitable relief they seek by reason of their own unclean hands.

## SEVENTH DEFENSE

Plaintiff Insurers' claims, in whole or in part, are barred to the extent that Plaintiff Insurers have failed to comply with the terms and conditions of the umbrella and excess general liability insurance policies covering Pneumo Abex.

## EIGHTH DEFENSE

Plaintiff Insurers' claims are barred by Plaintiff Insurers' bad faith conduct toward Pneumo Abex and I.C. Industries.

## NINTH DEFENSE

Plaintiff Insurers' claims are barred for the reasons set forth in Defendants' counter-claims and cross-claims.

## TENTH DEFENSE

Plaintiff Insurers' claims are barred for their failure to join all necessary and indispensable parties to this action pursuant to Federal Rule of Civil Procedure 17(a).

## ELEVENTH DEFENSE

Plaintiff Insurers' claims are barred, in whole or in part, by their lack of capacity and standing to bring this lawsuit.

## TWELFTH DEFENSE

1487516 v4; VVRW04!.DOC

Plaintiffs Dominion and World Auxiliary's claims are barred by their lack of capacity and standing to bring this lawsuit pursuant to New York Business Corporations Law § 1312.

**COUNTER-CLAIMS AGAINST PLAINTIFFS CERTAIN
UNDERWRITERS AT LLOYD'S, LONDON, DOMINION
INSURANCE COMPANY LTD., AND WORLD AUXILIARY
INSURANCE CORPORATION LTD., AND CROSS-CLAIMS
AGAINST CERTAIN INSURANCE COMPANY DEFENDANTS AND ALL
NOMINAL DEFENDANTS BY DEFENDANTS PNEUMO ABEX
CORPORATION, COOPER INDUSTRIES, INC., AND PEPSIAMERICAS, INC.**

Defendants Pneumo Abex, Cooper, and PAS, for their counter-claims against Plaintiffs Certain Underwriters at Lloyd's, London, Dominion, and World Auxiliary, and their cross-claims against all insurance company defendants and all nominal defendants (collectively, the Plaintiff Insurers, insurance company defendants (except for those companies listed below as having come to agreement with Abex regarding how to honor their obligations to Abex), and all nominal defendants are hereinafter referred to as the "Insurance Companies"), hereby allege and state as follows:

1.  This is an action for breach of contract and for a declaratory judgment pursuant to 28 U.S.C. § 2201, et seq. for the purposes of determining a question of actual controversy between Pneumo Abex and the Insurance Companies in construing the rights and obligations of the parties arising from contracts of umbrella and excess general liability insurance sold by the Insurance Companies in favor of Abex.

2.  Pneumo Abex, as successor-in-interest to Abex Corporation (collectively "Abex"), with respect to the matters that are the subject of these counter-claims and cross-claims, has been named, and expects to continue to be named, as a defendant in tort claims brought by persons seeking damages for physical injury, bodily injury or wrongful death resulting from alleged exposure to asbestos or asbestos-containing products (the "Asbestos

8

Claims"). Substantial costs to defend the underlying Asbestos Claims have been incurred by or on behalf of Abex. In addition, in appropriate cases, Abex has settled and expects to settle certain Asbestos Claims with underlying plaintiffs, resulting in additional costs being incurred by or on behalf of Abex. While Abex denies any liability with respect to the Asbestos Claims, Abex recognizes the possibility that some of the Asbestos Claims may result in adjudications and judgments of liability for damages resulting from bodily injury, physical injury, or wrongful death.

3. PAS and Cooper, as net-of-insurance indemnitors of certain of the Asbestos Claims, assert rights to certain of the proceeds of the insurance covering Abex, and PAS also has other rights, including its rights as the successor in interest to IC Industries, an insured under policies issued by certain of the Insurance Companies.

4. The Insurance Companies that are the subject of these counter-claims and cross-claims are insurance companies, or the successors-in-interest of insurance companies, that issued umbrella general liability and excess general liability insurance policies covering Abex between August 8, 1952 and April 1, 1985. These counterclaims and cross-claims do not apply to (a) Defendants Allstate Insurance Company, as successor-in-interest to Northbrook Excess Surplus Insurance Company (formerly known as Northbrook Insurance Company) and Great American Surplus, both of which have agreed with Abex as to how they may perform their insurance obligations to Abex; (b) Defendants Argonaut Insurance Company and Travelers Casualty and Surety Company, whose insurance policies covering Abex are already at issue in Abex v. Maryland Casualty Company, as explained in paragraph 32 below, (c) Defendant Evanston Insurance Company, and (d) the primary and umbrella policies of National Union Fire Insurance Company of Pittsburgh, Pa., which are already at issue in Abex v. Maryland Casualty Company, as explained in paragraph 32 below.

9

1487516 v4; VVRW04!.DOC

5. The liability limits of the insurance policies covering Abex that underlie the umbrella liability and excess liability insurance policies issued by the Insurance Companies between August 8, 1952 and April 1, 1985 are either unavailable or are likely to become unavailable in the future. Defendants, therefore, seek a declaratory judgment that, upon the unavailability of the liability limits in immediately underlying insurance policies covering Abex, the Insurance Companies are obligated by the terms of their policies (a) to defend Abex against Asbestos Claims or to pay the costs of defending Abex against Asbestos Claims, and (b) to indemnify Abex for losses resulting from the Asbestos Claims.

6. Abex, Cooper, and PAS, as may be appropriate, also seek damages for certain Insurance Companies' breaches and anticipatory breaches of their contractual obligations (a) to defend Abex against past, pending and future Asbestos Claims, and/or to pay the costs of defending Abex against past, pending and future Asbestos Claims; and (b) to indemnify Abex for losses resulting from past, pending and future Asbestos Claims. As noted above, Abex, Cooper, and PAS do not seek damages against (a) Defendants Allstate Insurance Company, as successor-in-interest to Northbrook Excess Surplus Insurance Company (formerly known as Northbrook Insurance Company) and Great American Surplus, both of which have agreed with Abex as to how they may perform their insurance obligations to Abex; (b) Defendants Argonaut Insurance Company and Travelers Casualty and Surety Company, whose insurance policies covering Abex are already at issue in Abex v. Maryland Casualty Company, as explained in paragraph 32 below, (c) Defendant Evanston Insurance Company, and (d) the primary and umbrella policies of National Union Fire Insurance Company of Pittsburgh, Pa., which are already at issue in Abex v. Maryland Casualty Company, as explained in paragraph 32 below.

## THE IDENTITY OF THE PARTIES

10

7.  Pneumo Abex is a corporation organized under the laws of the State of Delaware, with its principal place of business in Camden, New Jersey.  Pneumo Abex is the corporate successor-in-interest to Abex Corporation, a dissolved corporation, with respect to the matters that are the subject of this complaint.

8.  The company that eventually became Abex Corporation was founded in 1902 and was called at its founding the American Brake Shoe and Foundry Company.  In 1943, the company name was shortened to The American Brake Shoe Company.  In 1966, the company name was changed to Abex Corporation.

9.  In 1968, the stock of Abex Corporation was acquired by Illinois Central Industries, Inc. and it became a wholly owned subsidiary.  Illinois Central Industries, Inc. subsequently became known as IC Industries, Inc. ("IC Industries").

10.  In 1988, IC Industries sold Abex Corporation to PA Holdings Corporation.  In 1990, Abex Corporation was "rolled-up" into PA Holdings Corporation in a transaction designed to simplify the corporate structure.  As part of that roll-up transaction, Abex Corporation was dissolved under Delaware law, and PA Holdings Corporation changed its name to Pneumo Abex Corporation.  As a result, Pneumo Abex Corporation became the corporate successor-in-interest to the dissolved Abex Corporation with respect to the matters that are the subject of these counter-claims and cross-claims.

11.  The Insurance Companies' umbrella and excess general liability insurance policies at issue in this action were issued to either (a) The American Brake Shoe Company/Abex Corporation, or (b) IC Industries, with Abex Corporation (a wholly-owned subsidiary of IC Industries) as an additional insured.  As a result, Pneumo Abex , as the successor-in-interest to Abex Corporation with respect to the matters that are the

11

subject of this complaint, possesses all of Abex Corporation's rights under the umbrella and excess liability insurance policies at issue in these counter-claims and cross-claims.

12. Pneumo Abex Corporation, Abex Corporation and The American Brake Shoe Company are hereinafter referred to as "Abex."

13. Cooper has a net-of-insurance indemnification obligation to Pneumo Abex for certain Asbestos Claims, including certain claims filed after August 28, 1998.

14. PAS is a successor-in-interest to IC Industries and also has a net-of-insurance indemnification obligation to Pneumo Abex for certain Asbestos Claims, including claims filed prior to August 29, 1998.

15. Pursuant to a 1998 purchase and sale agreement between Cooper and Federal-Mogul Corporation ("Federal-Mogul"), Federal-Mogul acquired from Cooper the stock of an entity (now known as Federal-Mogul Products, Inc. and formerly known as Moog Automotive Inc.) that was the successor by merger to Wagner Electric Corporation, a party to a contract that provides net-of-insurance indemnification to Pneumo Abex for certain Asbestos Claims filed against Abex, including certain Asbestos Claims filed after August 28, 1998.

16. Federal-Mogul filed for chapter 11 bankruptcy on or about October 11, 2001, in the Bankruptcy Court for the United States District Court for the District of Delaware.

17. The Insurance Companies are either the liability insurance companies that issued umbrella or excess liability insurance policies to Abex and/or IC Industries or are the successors-in-interest to the liability insurance companies that issued umbrella or excess general liability insurance policies to Abex and/or IC Industries.

12

## JURISDICTION AND VENUE

18.  The Insurance Companies have breached, or threatened to breach, insurance contracts with Abex and duties of good faith and fair dealing owed to Abex, causing great damage to Abex's lawful interests. In addition, the Insurance Companies generally have violated, or threatened to violate, their duties and obligations generally to Abex.

19.  Defendants seek a declaratory judgment with respect to the parties' rights under the insurance contracts and the legal relations between Abex and the Insurance Companies. Defendants also seek to obtain the fullest legal relief possible, including money damages, for the Insurance Companies' breaches of contracts and other wrongs.

20.  This Court has jurisdiction over each of the individual Insurance Companies because each of the Insurance Companies is or was licensed or permitted to do business in this jurisdiction, transacts or transacted business in this jurisdiction, and/or contracts or contracted to supply services in this jurisdiction, including the sale of general liability insurance policies.

21.  In addition, certain of the general liability insurance policies, including those sold by Lloyd's, Dominion, World Auxiliary, the Nominal Defendants, and other Insurance Companies, contain, or "follow form" to policies that contain, provisions pursuant to which the insurer consents to submit, at the request of the insured, to the jurisdiction of any court of competent jurisdiction within the United States, and to comply with all requirements necessary to give such court jurisdiction, and to have all matters arising under their policies determined in accordance with the substantive law and practice of such court.

22.  Venue is proper in the Southern District of New York because Abex has, at times relevant to this action, conducted business in the Southern District of New York, and

13

each of the Insurance Companies is presently, or has in the past, conducted business in or
sold insurance to entities operating in the Southern District of New York. In addition,
numerous claims for which insurance coverage is sought in this action are or were brought
in the Southern District of New York.

23. In addition, some or all of the Defendants either already have requested or
will request transfer of this matter to the Bankruptcy Court for the United States District
Court for the District of Delaware and submit that that court is a proper venue for further
determinations in this matter due to the pendancy of the Federal-Mogul bankruptcy in that
court.

## FACTUAL BACKGROUND

24. Between August 8, 1952 and April 1, 1985, each Insurance Company
issued at least one umbrella or excess general liability insurance policy providing broad
insurance coverage to Abex.

25. Abex and/or IC Industries purchased umbrella and excess general liability
insurance policies covering Abex between 1952 and 1985 as part of a comprehensive
program of general liability insurance. The policy numbers and policy periods of the
umbrella and excess general liability insurance covering Abex between August 8, 1952 and
April 1, 1985 that are at issue in this action are listed by insurance company in Exhibit A to
these counter-claims and cross-claims.

26. The umbrella general liability insurance policies issued by the Insurance
Companies covering Abex generally provide coverage in two circumstances, depending on
the terms of the policies. First, when an occurrence or bodily injury, physical injury, or
wrongful death sustained by any person is covered by an underlying policy, the umbrella
policies provide excess coverage for losses once the losses incurred by the insured reach the

14

level of the "attachment point" of the policy, or when the immediately underlying policy
becomes unavailable to Abex. Second, in certain circumstances, when an occurrence or
bodily injury, physical injury or wrongful death sustained by any person is not covered by
the immediately underlying policy, the umbrella policies (and excess policies following form
to that umbrella) provide coverage for the loss, once the losses incurred by the insured
reach the level of the designated retained limit, if any.

27.   The excess liability insurance policies issued by the Insurance Companies
covering Abex provide coverage, depending on the terms of the policies, when the losses
incurred by the insured reach the level of the "attachment point" of each policy, or when
the immediately underlying policy becomes unavailable to Abex.

28.   The Insurance Companies' umbrella and excess general liability insurance
policies obligate the Insurance Companies to indemnify Abex for damages that Abex
becomes legally obligated to pay to third parties, when there is bodily injury, physical
injury, or wrongful death that happens during the policy period arising out of a covered
occurrence, such as the underlying Asbestos Claims.

29.   In addition, certain of the Insurance Companies' umbrella and excess
general liability policies obligate the Insurance Companies to defend, or pay the costs of
defending, Abex against third-party claims that are potentially covered under the policy,
such as the underlying Asbestos Claims.

30.   Since 1977, Abex has been served with claims and has been named as a
defendant or co-defendant in thousands of Asbestos Claims filed in various federal and state
courts across the United States. In those Asbestos Claims, the claimants have alleged
bodily injury, sickness, disease, or wrongful death resulting from alleged exposure to
asbestos or asbestos-containing materials. Claimants in these Asbestos Claims seek

15

substantial damages from Abex arising out of the alleged asbestos-related conditions. Abex anticipates that additional Asbestos Claims will be brought against Abex in the future.

31. To date, many of these Asbestos Claims against Abex have been dismissed, with no payments made to the plaintiffs in those claims. Abex has entered into settlements in other Asbestos Claims. Substantial costs have been incurred by or on behalf of Abex to defend all of the Asbestos Claims. Substantial indemnity costs have been incurred by or on behalf of Abex in making settlement payments to plaintiffs in certain Asbestos Claims, and such indemnity costs may, in appropriate cases, continue to be incurred. While Abex denies any liability with respect to the Asbestos Claims, Abex recognizes the possibility that some of the Asbestos Claims may result in substantial indemnity costs as a result of judgments against Abex with respect to present and future Asbestos Claims. Thousands of Asbestos Claims remain pending against Abex as of the date of these counter-claims and cross-claims.

32. Abex is currently a Plaintiff in Pneumo Abex Corporation, et ano. v. Maryland Casualty Company, et al., Civil Action 82-2098, pending in the United States District Court for the District of Columbia ("Abex v. Maryland Casualty"). The defendants in Abex v. Maryland Casualty are the seven insurance companies that issued primary and umbrella general liability policies covering Abex that underlie the Insurance Companies' umbrella and excess policies at issue in these counter-claims and cross-claims. Those insurance companies, and the years of primary coverage at issue in Abex v. Maryland Casualty, are as follows:

| Primary Insurer Covering Abex | Years of Primary Coverage |
|---|---|
| Maryland Casualty Co. | 8/1/43 - 7/31/57 |
| Liberty Mutual Insurance Co. | 8/1/57 - 3/1/71 |
| The Travelers Indemnity Co. | 3/1/71 - 3/1/74 |

16

| Primary Insurer Covering Abex | Years of Primary Coverage |
|---|---|
| Argonaut Insurance Co. | 3/1/74 - 3/1/75 |
| Continental Insurance Co. | 3/1/75 - 3/1/78, 4/1/79 – 4/1/80 |
| Northwestern National Insurance Co. | 3/1/78 - 4/1/79 |
| National Union Fire Insurance Co. of Pittsburgh, Pa. | 4/1/80 - 4/1/85 |

Travelers, Argonaut, and National Union also issued the following umbrella policies covering Abex that are at issue in Abex v. Maryland Casualty and, thus, not at issue in these counter-claims and cross-claims:

| Insurer | Policy Number | Policy Period |
|---|---|---|
| The Travelers Indemnity Co. | T-CUP 957503-71 | 3/1/71 - 3/1/74 |
| Argonaut Insurance Co. | UL 90-308-006150 | 3/1/74 - 3/1/75 |
| National Union Fire Insurance Co. of Pittsburgh, Pa. | BE 133 89 72 | 4/1/83 - 4/1/85 |

33. After April 1, 1985, Abex was unable to obtain insurance coverage for liabilities arising out of bodily injury, physical injury, or wrongful death caused by exposure to asbestos.

34. As a result of payment of covered claims by certain of the primary insurance companies that are defendants in Abex v. Maryland Casualty, the applicable limits of certain primary insurance policies covering Abex (or of certain annual periods of such policies) issued by Maryland Casualty Company, Liberty Mutual Insurance Company, Travelers Indemnity Company, Argonaut Insurance Company, Continental Insurance Company, Northwestern National Insurance Company, and National Union Fire Insurance Company of Pittsburgh, Pa. have been exhausted. In addition, the limits of certain primary policies that are not yet exhausted have been substantially eroded by the payment of covered claims.

1487516 v4; VVRW04!.DOC

Abex avers that its losses may result in reaching the attachments points of all of the general liability insurance policies sold by the Insurance Companies herein.

35.  Abex has been reimbursed by certain of its insurance companies, other than the Insurance Companies in this action, for portions of its defense costs and indemnity costs related to the Asbestos Claims.  The amount in dispute claimed by Abex in <u>Abex v. Maryland Casualty</u>, if paid by Abex's primary insurers, will exhaust the underlying limits of the remaining primary and umbrella general liability policies covering Abex at issue in <u>Abex v. Maryland Casualty</u>, but may not be enough to satisfy all of the Asbestos Claims.  As Abex is served with additional Asbestos Claims in the future, and continues to incur substantial defense and indemnity costs with respect to those Asbestos Claims, all of the remaining insurance policies at issue in <u>Abex v. Maryland Casualty</u> will become exhausted.

36.  In addition, as a result of payment of covered claims by certain of the excess general liability insurance companies that are not defendants in <u>Abex v. Maryland Casualty</u>, the applicable limits of certain excess general liability insurance policies sold by Columbia Casualty Company, Continental Insurance Company, Continental Casualty Company, American Empire Surplus Lines Insurance Company (formerly known as Great American Surplus Lines Insurance Company), Southern American Insurance Company, and Allstate Insurance Company (as successor-in-interest to Northbrook Excess and Surplus Insurance Company and Northbrook Insurance Company) either have been exhausted or have been substantially eroded by the payment of covered claims.

37.  The Insurance Companies currently have, or will have, contractual obligations to indemnify Abex and, in many instances, to defend Abex or to pay Abex's costs for defending the underlying Asbestos Claims.

18

38. All of the premiums for all of the policies sold by the Insurance Companies, and providing umbrella and excess general liability insurance coverage to Abex were paid.

39. Abex has provided timely notice to the Insurance Companies of the Asbestos Claims against it and otherwise complied with all conditions precedent to coverage for the Asbestos Claims.

40. Except for those companies listed above as having come to agreement with Abex regarding how to honor their obligations to Abex, all of the Insurance Companies either have ignored the notices of Asbestos Claims provided by Abex, or refused to honor their contractual obligations (a) to indemnify Abex, and (b) to defend Abex, or to pay the costs of defending Abex, against Asbestos Claims.

41. By ignoring Abex's notices of Asbestos Claims and/or refusing to recognize their contractual obligations to Abex in their responses to Abex's notices of Asbestos Claims, the Insurance Companies (except for those companies listed above as having come to agreement with Abex regarding how to honor their obligations to Abex) have breached, or threatened to breach, their contractual obligations to Abex. Consequently, an actual and justiciable claim exists as to all the Insurance Companies named in this action.

### FIRST CLAIM FOR RELIEF
### (FOR BREACH OF CONTRACT
### AGAINST THE INSURANCE COMPANIES)

42. Paragraphs 1 through 41 of these counter-claims and cross-claims are incorporated by reference as if fully set forth herein.

43. As a result of the Asbestos Claims, Abex has incurred, and will continue to incur, substantial legal liability, costs, and expenses.

19

44. Except for those companies listed above as having come to agreement with Abex regarding how to honor their obligations to Abex, each of the Insurance Companies has breached, or it is reasonably anticipated will breach, their obligations as set forth in the umbrella and excess general liability insurance policies covering Abex, by their failure and refusal to pay the total sums, up to the limits of their policies, that Abex became or will become obligated to pay by reason of legal liability and/or settlement, as well as costs and expenses, to the extent required by the applicable policies, for the Asbestos Claims.

45. As a direct and proximate result of their breaches of contract, the Insurance Companies (except for those companies listed above as having come to agreement with Abex regarding how to honor their obligations to Abex) have deprived Abex of the benefit of insurance coverage for which Abex and IC Industries paid substantial premiums.

### SECOND CLAIM FOR RELIEF
### (FOR DECLARATORY RELIEF
### AGAINST THE INSURANCE COMPANIES)

46. Paragraphs 1 through 41 of these counter-claims and cross-claims are incorporated by reference as if fully set forth herein.

47. The umbrella and excess general liability insurance policies sold by the Insurance Companies provide Abex with insurance coverage for liability arising from physical injury, bodily injury and wrongful death, including damages arising out of the Asbestos Claims.

48. The Insurance Companies are obligated by their umbrella and excess general liability insurance policies to pay in full the total sums, up to the limits of their policies, that Abex became, or will become obligated to pay, including damages and costs and expenses, as a result of the Asbestos Claims.

20

49.  Except for those companies listed above as having come to agreement with Abex regarding how to honor their obligations to Abex, the Insurance Companies have refused, or threatened to refuse, to accept their legal obligations to pay in full, to the extent required by their applicable policies, the total sums that Abex legally is obligated to pay, including damages and costs and expenses, as a result of some or all of the Asbestos Claims.

50.  As a result of the foregoing, an actual and justiciable controversy presently exists between Defendants and the Insurance Companies (except for those companies listed above as having come to agreement with Abex regarding how to honor their obligations to Abex) regarding the Insurance Companies' obligations to pay in full the total sums that Abex became or will become legally obligated to pay as a result of some or all of the Asbestos Claims.

### THIRD CLAIM FOR RELIEF
### (FOR BAD FAITH AGAINST HOME, LLOYD'S, DOMINION, WORLD AUXILIARY, AND ALL NOMINAL DEFENDANTS)

51.  Paragraphs 1 through 50 of these counter-claims and cross-claims are incorporated by reference as if fully set forth herein.

52.  In every contract, including contracts and policies of insurance, there is an implied obligation of good faith and fair dealing. This obligation exists in the insurance policies and contracts sold and subscribed to Abex by Home, Lloyd's, Dominion, World Auxiliary, and all Nominal Defendants. As longstanding insurers of Abex, Home, Lloyd's, Dominion, World Auxiliary, and all Nominal Defendants are: (i) obligated to treat Abex in good faith and to deal fairly and honestly with it in all matters relating to the insuring relationship; (ii) give as much consideration to Abex's interests as their own and not to place their interests above or ahead of the interests of Abex; (iii) handle Abex's claims in a

21

manner that does not prejudice Abex; (iv) defend Abex against the Asbestos Claims; and (v) pay Abex's Asbestos Claims.

53.  At all times relevant, each of Home, Lloyd's, Dominion, World Auxiliary, and all Nominal Defendants have been engaged in the trade or business of selling comprehensive general liability insurance policies, including (without limitation) the umbrella and excess general liability at issue in these counter-claims and cross-claims, and in administering and handling claims thereunder.

54.  At all times relevant hereto, each of Home, Lloyd's, Dominion, World Auxiliary, and all Nominal Defendants, owed to Abex a duty of good faith and fair dealing in investigating, reviewing and paying claims such at the Asbestos Claim referred to herein.

55.  Notwithstanding that duty Home, Lloyd's, Dominion, World Auxiliary, and all Nominal Defendants, have consistently failed to act in good faith toward their policyholders and insureds (and assureds) having willfully and knowingly:

a.  Failed to provide a defense or to reimburse defense costs to Abex when potential liability under their policies became apparent;

b.  Failed to acknowledge and act reasonably promptly upon communication of the Asbestos Claims, and otherwise;

c.  Failed to maintain and utilize reasonable standards for the prompt investigation and processing of the Asbestos Claims;

d.  Failed to provide prompt or reasonable explanations for their coverage decisions concerning the Asbestos Claims;

e.  Failed to affirm, pay or agree to pay the Asbestos Claims within a reasonable time after receiving information that underlying coverage has been exhausted and their coverage obligations had been triggered;

22

f. Placed their interests above the interests of their insureds;

g. Otherwise failed or refused to perform known insuring obligations;

h. Unreasonably delayed their notifications, if any, to Abex concerning the disposition of claims, including whether they would be paid or denied;

i. Engaged in improper claims handling designed to prejudice Abex;

j. Unilaterally made "determinations" as to the scope of the duty to defend and/or indemnify under their policies benefiting Abex when such "determinations" were contrary to judicial precedent;

k. Failed to investigate Abex's claims properly; and

l. Failed to timely investigate and/or evaluate Abex's claims.

Each of Home, Lloyd's, Dominion, World Auxiliary, and all Nominal Defendants knew or should have known that their conduct alleged herein constituted unfair or deceptive acts or practices and bad faith.

56. As a direct and proximate result of these bad faith acts or practices, Abex, Cooper, and PAS, as may be appropriate, have sustained direct, indirect, consequential, special and compensatory damages in an amount according to proof at trial. Abex, Cooper, and PAS, as may be appropriate, are also entitled to all other indirect, consequential, special and exemplary damages provided for by law, including multiple damages, costs and attorneys' fees.

WHEREFORE, Abex, Cooper, and PAS demand judgments in their favor, as may be appropriate, and against the Insurance Companies as follows:

1. That Plaintiff Insurers take nothing by their Complaint and that the Complaint be dismissed with prejudice.

23

2.  On the First Claim for Relief, that the Court enter a monetary judgment in favor of Abex, Cooper, and PAS, as may be appropriate, against each Insurance Company (except for those companies listed above as having come to agreement with Abex regarding how to honor their obligations to Abex), and award Abex, Cooper, and PAS, as may be appropriate:

a.  compensatory damages for each Insurance Company's past and anticipatory breaches of their insurance contracts in an amount to be determined at trial;

b.  pre-judgment and post-judgment interest on those amounts of defense costs and indemnity costs which each of the Insurance Companies wrongfully refused to pay Abex;

c.  all costs incurred in this action, including attorneys' fees; and

d.  such other and further relief as this Court may deem just and appropriate.

3.  On the Second Claim for Relief, that the Court enter a declaratory judgment in favor of Abex, Cooper, and PAS, as may be appropriate, and against each Insurance Company, declaring that each Insurance Company is severally and indivisibly obligated (a) to defend Abex against Asbestos Claims or to pay the costs of defending Abex against Asbestos Claims upon the unavailability to Abex of the liability limits in insurance policies immediately underlying the Insurance Companies' policy or policies, or when the losses of Abex reach the attachment points of each of the insurance policies, and (b) to indemnify Abex for Asbestos Claims when each of the insurance policies attaches.

4.  On the Third Claim for Relief, that the Court enter a monetary judgment in favor of Abex, Cooper, and PAS, as may be appropriate against Home, Lloyd's, Dominion, World Auxiliary, and all Nominal Defendants, including direct, indirect, consequential, special, compensatory, and exemplary damages, plus costs and attorneys' fees.

24

Dated: August 6, 2002                By:   /s/ Edward Tessler
                                           Jerold Oshinsky, Esq. (No. JO-2080)
                                           Edward Tessler, Esq. (No. ET-4503)
                                           DICKSTEIN SHAPIRO MORIN &
                                               OSHINSKY LLP
                                           1177 Avenue of the Americas
                                           New York, NY 10036-2714
                                           Phone: (212) 835-1400

                                           -and-

                                           Mark H. Kolman, Esq.
                                           Andrew J. McFarland, Esq.
                                           Bridget A. Healy, Esq. (No. BH-8147)
                                           DICKSTEIN SHAPIRO MORIN &
                                               OSHINSKY LLP
                                           2101 L Street, NW
                                           Washington, DC 20037-1526
                                           Phone: (202) 785-9700

                                           COUNSEL FOR DEFENDANT
                                               PNEUMO ABEX CORPORATION


Dated: August 6, 2002                By:   /s/ Edward Tessler
                                           Jerold Oshinsky, Esq. (No. JO-2080)
                                           Edward Tessler, Esq. (No. ET-4503)
                                           DICKSTEIN SHAPIRO MORIN &
                                               OSHINSKY LLP
                                           1177 Avenue of the Americas
                                           New York, NY 10036-2714
                                           Phone: (212) 835-1400

                                           -and-

                                           Mark H. Kolman, Esq.
                                           Andrew J. McFarland, Esq.
                                           Bridget A. Healy, Esq. (No. BH-8147)
                                           DICKSTEIN SHAPIRO MORIN &
                                               OSHINSKY LLP
                                           2101 L Street, NW
                                           Washington, DC 20037-1526
                                           Phone: (202) 785-9700

                                           COUNSEL FOR DEFENDANT
                                               COOPER INDUSTRIES, INC.

1487516 v4; VVRW04!.DOC

Dated:  August 6, 2002                    By:     /s/ Richard A. Williamson
                                                  Richard A. Williamson, Esq.
                                                  Flemming, Zulack & Williamson, LLP
                                                  One Liberty Plaza
                                                  New York, NY 10006-1404
                                                  Phone: 212-412-9500

                                                  -and-

                                                  David W. Steuber, Esq.
                                                  Howrey Simon Arnold & White LLP
                                                  550 South Hope Street
                                                  Suite 1400
                                                  Los Angeles, CA 90071

                                                  COUNSEL FOR DEFENDANT
                                                    PEPSIAMERICAS, INC.



1487516 v4; VVRW04!.DOC