SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, et al.,<br><br>                       Plaintiffs,<br>  -against-<br><br>PNEUMO ABEX CORPORATION, et al.,<br><br>             Defendants,<br><br>ALBA GENERAL INSURANCE COMPANY LTD., et al.,<br><br>           Nominal Defendants. | Index Number 602493/02<br><br>Herman Cahn, Judge<br><br><br>**OPPOSITION TO MOTION TO STAY** |

**COOPER INDUSTRIES, LLC'S OPPOSITION TO PEPSIAMERICAS INC.'S MOTION TO STAY**

PepsiAmericas, Inc. ("PAS") has requested a stay of this action in favor of two

actions currently pending in the U.S. District Court for the District of Columbia, one that has

been pending for twenty-three years and is captioned *Pneumo Abex Corp. v. Maryland Cas. Co.*

*et al.*, Civil Action No. 82-2098 (the "Abex D.C. Action") and one that has just been filed and is

captioned *Whitman Ins. Co., Ltd. v. Travelers Indemnity Co. et al.*, Civil Action No.

1:05CV01125 (the "Whitman D.C. Action") (collectively, the "D.C. Litigation"). If granted,

PAS's Motion to Stay will accomplish nothing but further delay in this case, which has already

been pending with little progress for over two years. Cooper Industries, LLC ("Cooper")

opposes further delay of this case and asks this Court to deny PAS's Motion to Stay and permit

this case to move forward to judgment for the following reasons: (1) Cooper does not desire a

stay of this action; (2) the Abex D.C. Action cannot function as an adequate alternative

proceeding to the present action; and (3) the Whitman D.C. Action was filed after this action and

has potentially fatal issues of justiciability.

## I.    BACKGROUND

This action involves the question of whether and to what extent the plaintiff and defendant insurers are obligated to defend and/or indemnify Pneumo Abex LLC ("Pneumo Abex") in connection with underlying asbestos bodily injury claims ("ABIC"). While a predecessor of Pneumo Abex, called Abex Corporation, was at one time a subsidiary of a predecessor of PAS, called I.C. Industries, there is no longer any relationship between Pneumo Abex and PAS, and this is a very significant point. Pneumo Abex is independent of PAS, and the vast majority of the ABIC have, to this point, been paid by Pneumo Abex and reimbursed by Cooper, as an indemnitor of Pneumo Abex. Pneumo Abex has contractually agreed to make the proceeds of insurance coverage for ABIC available to Cooper. Thus, the party that stands to recover the overwhelming majority of the monies at issue in this case is, ultimately, Cooper and not PAS. It is Cooper's desire to move forward promptly with coverage litigation with the hope of obtaining reimbursement of monies advanced to Pneumo Abex in connection with ABIC.[1] To date, Cooper has advanced in excess of $140 million to Pneumo Abex that should be covered by the insurance policies at issue in this litigation, and for obvious reasons Cooper wishes to proceed to obtain coverage determinations.

Cooper opposes any stay of this litigation on the unwarranted assumption that the D.C. Litigation will, in fact, proceed to adjudicate the same issues that are involved in this case. The Abex D.C. Action does not involve the same parties or policies as this action, and Cooper is reasonably concerned that the Whitman D.C. Action will never proceed to reach the merits of the

---

[1] The insurance companies' speculation that Cooper supports PAS in its Motion to Stay is obviously incorrect, and their assumption that Cooper wishes to litigate these issues outside of New York because New York law is unfavorable is a fallacy that needs to be corrected. Because a majority of the policies involved in this case were issued in Illinois to an Illinois policyholder, Cooper believes that Illinois law will apply under New York's choice of law rules. Cooper attempted to remove this case to federal bankruptcy court because Cooper believed, at that time, the case belonged in that court, not because Cooper was attempting to avoid the application of New York law, and Cooper did not oppose the remand to this Court when it became clear that remand was appropriate.

issues currently involved in this case. Accordingly, Cooper urges this Court to deny any stay of proceedings based upon the D.C. Litigation at least until it is clear that the D.C. Litigation could in fact resolve the issues presented in this case.

There are two separate lawsuits currently pending in the District of Columbia. The first, the Abex D.C. Action, is nearly twenty-three years old and does not involve as parties either the plaintiffs in this action, their policies, or Cooper. Notwithstanding the misleading suggestions of PAS in its moving papers, any decisions in that case will not be *res judicata* with respect to this lawsuit as it relates to the plaintiffs.

The second lawsuit in the District of Columbia, the Whitman D.C. Action, was just filed by a subsidiary of PAS, Whitman Insurance Company, Ltd. ("Whitman"), that happens to be a captive insurer, domiciled in Vermont. In the Whitman D.C. Action, the captive insurer has sued the plaintiffs in this case and others for a declaratory judgment with respect to coverage for the ABIC. Presumably, the basis for the Whitman D.C. Action is that the plaintiff therein has *reinsured* certain of the primary policies involved in the Abex D.C. Action and that this somehow affords standing to the captive insurer to sue other insurance companies which it did not reinsure and which issued policies that stand above the primary policies that Whitman reinsures. There is reason to doubt that a reinsurer has standing to sue other insurance companies that it does not reinsure for a declaratory judgment that those insurance companies have duties to a wholly separate and independent policyholder. It would be a mistake to stay this action on the basis of a dubious proceeding such as this second, recently filed action in the District of Columbia.

Further, there is also reason to doubt the amenability of the defendant Certain Underwriters at Lloyd's London ("Lloyd's"), who are plaintiffs in this case, to the jurisdiction of

the federal court in the District of Columbia when jurisdiction is founded upon alleged diversity of citizenship. Depending upon the facts, which are not yet of record in this new case, it is possible that Lloyd's will challenge the jurisdiction of the court on the basis of lack of diversity of citizenship. Once again, this realistic potential issue augers against any stay of this action on the basis of the recently filed Whitman D.C. Action.

Other facts alleged by PAS need to be clarified. It is incorrect that there is an action pending in California that involves the question of insurance coverage. That action was resolved long ago. There is an action pending in California dealing with a particular trust into which the proceeds of some of the insurance policies were deposited, but that action has absolutely nothing to do with insurance coverage questions and in fact, no insurers are even parties to that proceeding. It is therefore misleading to suggest, as PAS has done, that this California proceeding has any bearing on the question of whether the instant action should be stayed. It is not accurate to suggest that the so-called *Jensen-Kelly* litigation is active or pending.

It is also inaccurate to suggest, as PAS has done, that any rulings have ever been made in the Abex D.C. Action as to coverage under the Lloyd's policies involved in this case. Those policies have not been considered.

## II.    ARGUMENT

As PAS admits, the grant or denial of a stay in the present case is discretionary. The Court has no obligation to stay this case, but must only consider the issues of comity and orderly procedure in deciding a motion to stay. *Gen. Aniline & Film Corp. v. Bayer Co.*, 305 N.Y. 479, 485 (1953). This discretion should be exercised in light of the fact that PAS has an especially high burden here, given the significant delay in not filing this Motion to Stay until over two years had elapsed from commencement of the action. *See Anagnostou v. Stifel*, 611 N.Y.S.2d 525, 525 (N.Y. App. Div. 1994) (noting that "defendants have a particularly high

burden to carry in light of the substantial delay in not raising their argument that New York is an inappropriate forum until three years had elapsed from commencement of the action").

Additionally, PAS is requesting that this Court grant a stay for primarily strategic reasons, not legitimate reasons usually associated with a motion to stay. Based on its own moving papers and the recently filed complaint in the Whitman D.C. Action, it is obvious that PAS's interest in this action is indirect and arises primarily from obligations of its subsidiary as a reinsurer of certain primary insurers who are not involved in this action. In contrast, Cooper's interests are direct, albeit through Pneumo Abex -- Cooper stands to recover defense and/or indemnity, through Pneumo Abex, from the insurers who are involved in this case. Such tactical maneuvering by PAS weighs against the granting of a stay. *See, e.g., Karimona Invs., LLC v. Weinreb*, No. 02 CV 1792, 2003 U.S. Dist. LEXIS 3324, at *10-11 (S.D.N.Y. Mar. 6, 2003) (denying motion for stay where party was attempting to utilize a stay to gain a tactical advantage).

## A.    Cooper Does Not Support a Stay of This Action.

PAS's real interest seems to be a desire to protect its subsidiary as a reinsurer of primary insurers who are not involved here. While PAS may desire a stay of this action, Cooper does not. Cooper's sole interest is in resolving rights to insurance coverage from the excess carriers who have current obligations to defend and indemnify Pneumo Abex, and Cooper views this action as the best available avenue for such resolution.

Additionally, while the insurance rights at issue belong to Pneumo Abex, Cooper is the entity that stands to benefit in this case. Cooper has reimbursed Pneumo Abex for over $140 million out of pocket for ABIC, and the insurance coverage disputed here would in turn reimburse Cooper for this vast expenditure. As the entity with the most substantial interest,

therefore, Cooper strongly wishes to proceed to judgment in the present case, the sooner to recoup the large sums it has spent to reimburse Pneumo Abex for ABIC.

Finally, there appears to be no likelihood that the D.C. Litigation will resolve these coverage issues in the near future. Given the glacial pace with which the Abex D.C. Action has proceeded for over two decades, Cooper has no confidence that the Abex D.C. Action will be able to successfully adjudicate these insurance coverage issues in a timely manner. Further, the Whitman D.C. Action is likely flawed and will certainly involve months or even years of procedural wrangling. Thus, the D.C. Litigation affords no opportunity for a swift consideration of the issues currently involved in this case.

**B.    The Abex D.C. Action Cannot Function as an Adequate Alternate Proceeding to This Action.**

"Typically, a stay is granted when there is a **previously filed** action between the **same parties** for the same cause of action." *Stordeur v. Computer Assocs. Int'l, Inc.*, 995 F. Supp. 94, 101 (E.D.N.Y. 1998) (citations omitted) (emphasis added); *see also* CPLR 3211(a)(4). While complete identity of parties is not required, "substantial" identity of parties is necessary. *Case Capital Corp. v. Morgan Invs., Inc.*, 546 N.Y.S.2d 127, 127 (NY App. Div. 1989). This action involves thirty-six defendants and thirty-six nominal defendants, for a total of seventy-two defendants. Only a handful of the defendants are involved in the Abex D.C. Action, and none of the nominal defendants are named in the Abex D.C. Action. There is clearly not a "substantial" identity of parties between this action and the Abex D.C. Action,[2] and in such circumstances, a stay is not warranted under New York law.

---

[2] Additionally, PAS fails to note that the primary Plaintiff in this action, Lloyd's, is not even a party in the Abex D.C. Action. As such, any decision in the Abex D.C. Action would not be *res judicata* with respect to Lloyd's, and Lloyd's claims would still have to be litigated elsewhere.

In addition to a substantial non-identity of parties between this case and the Abex D.C. Action, the two actions also concern completely different sets of insurance policies. The primary policies are being litigated in the Abex D.C. Action, whereas the excess policies are being litigated in this action. This non-identity of issues between these two cases weighs against the granting of a stay in the present case in favor of the Abex D.C. Action.

C.     **The Whitman D.C. Action Was Filed After This Action and Has Potentially Fatal Issues of Justiciability.**

PAS proposes that the Whitman D.C. Action is a suitable alternative proceeding in which the matters raised in this case may be decided. The Whitman D.C. Action, however, was commenced over two years after this case, and New York law is clear that a later-filed action is not grounds for staying an earlier-filed action. *See, e.g., Izquierdo v. City Serv. Oil Co.,* 264 N.Y.S.2d 58, 62 (N.Y. Sup. Ct. 1965). This Court should not stay this action based on a later-filed action in D.C. federal court.

Additionally, Cooper has serious concerns as to whether the plaintiff, Whitman, has a justiciable controversy in the Whitman D.C. Action. Defendants in that case, particularly Lloyd's, may object to the jurisdiction of the federal court, as Whitman brought its case on the basis of diversity jurisdiction. Whether complete diversity exists between Whitman and all of the Names will likely be a disputed issue, given recent federal case law specifying that the citizenship of all Names must be considered for purposes of diversity jurisdiction when Lloyd's is a defendant. *See, e.g., Indiana Gas Co. v. Home Ins. Co.,* 141 F.3d 314, 320 (7th Cir. 1998); *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.,* 160 F.3d 925, 937 (2d Cir. 1998) (*rev'd on other grounds,* 241 F.3d 154 (2d Cir. 2001)). The possibility that the federal court will dismiss the Whitman D.C. Action because of the lack of complete diversity makes it anything but a clearly suitable alternative forum for these issues to be determined.

Defendants in the Whitman D.C. Action are also likely to object to Whitman's standing to sue the excess carriers named as defendants in the Whitman D.C. Action. Whitman, a reinsurer of primary insurers, is suing the excess insurers and the insured with regard to the insurance contracts between the insured and the excess insurers. Whitman, however, is a stranger to the excess insurers' contracts with the insured, and Whitman's standing to sue these companies on these contracts is dubious at best.

Given these serious potential flaws regarding the justiciability of the Whitman D.C. Action, it is unwise to consider that case to be a suitable alternative proceeding to the present action. Even if the Whitman D.C. Action is not dismissed on jurisdictional grounds, the action will not proceed until after protracted litigation over these issues of justiciability has taken place. The significant delay caused by dealing with these issues mitigates against granting PAS's Motion to Stay.

## III.   CONCLUSION

For the reasons explained above, Cooper respectfully requests that this Court deny PAS's Motion to Stay.

Dated: Pittsburgh, Pennsylvania
       July 13, 2005

JONES DAY

J.W. Montgomery, III
(admitted pro hac vice)
500 Grant Street, Suite 3100
Pittsburgh, PA 15219-2502
(412) 391-3939

Thomas H. Sear
222 East 41st Street
New York, NY 10017
(212) 326-3939

*Counsel for Cooper Industries, Inc.*

# AFFIRMATION OF SERVICE

J.W. Montgomery, III, an attorney admitted *pro hac vice* in this case, affirms under penalty of perjury pursuant to 22 NYCRR § 602.2, that on this 13th day of July, 2005, he caused a true and correct copy of the foregoing to be served via facsimile, addressed to counsel of record as follows:

Eileen T. McCabe, Esq.
Anna R. Newsom, Esq.
Christopher J. Serotta, Esq.
Suzanna M. M. Morales, Esq.
Mendes & Mount LLP
750 Seventh Avenue
New York, NY 10019-6829

*Attorneys for Plaintiffs*

Antonio D. Favetta, Esq.
Garrity Graham Favetta & Flinn
One Lackawanna Plaza, P.O. Box 4205
Montclair, NJ 07042-8205

Thomas D. Flinn, Esq.
Garrity, Graham, Favetta & Flinn
140 Broadway
46th Floor
New York, NY 10005

*Attorneys for Allianz Insurance Co.*

Adam Krauss, Esq.
Meryl R. Lieberman, Esq.
Traub Eglin Lieberman Straus
7 Skyline Drive
Hawthorne, NY 10532

*Attorneys for Associated International Insurance Company and Evanston Insurance Company*

William P. Shelley, Esq.
John J. Dwyer, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

*Attorneys for Federal Insurance Company*

David W. Steuber, Esq.
Howrey LLP
550 South Hope Street, Ste. 1400
Los Angeles, CA 90071-2604

David A. Luttinger, Jr., Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178

*Attorneys for Pepsiamericas, Inc..*

Stefano V. Calogero, Esq.
Nicole Curto, Esq.
Cuyler Burk LLP
4 Century Drive
Parsippany, NJ 07054-4663

*Attorneys for Allstate Insurance Company (as successor to Northbrook Excess and Surplus Insurance Company (f/k/a Northbrook Insurance Company)*

Stuart L. Peacock, Esq.
Bonner Kiernan Trebach & Crociata
1250 Eye Street, N.W.
Washington, DC  20005

Ewan Marcus Clark, Esq.
Scott Goldstein, Esq.
Bonner Kiernan Trebach & Crociata
Empire State Building, Suite 3304
New York, NY  10118

*Attorneys for Argonaut Insurance Company*

Barry Parsons, Esq.
Cliff Elgarten, Esq.
Kathy Underhill, Esq.
Crowell & Moring
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004-2595

*Attorney for Stonewall Insurance Company
and Falcon Insurance Company*

Martin Lavelle, Esq.
Law Office of Martin P. Lavelle
110 Williams Street
18th Floor
New York, NY  10038

Elizabeth Medaglia, Esq.
Julie Selesnick, Esq.
Jackson & Campbell, P.C.
1120 Twentieth Street, N.W.
South Tower, Ste. 300
Washington, DC  20036-4337

*Attorneys for AIU Insurance Company,
American Home Assurance Company,
Granite State Insurance Company,
Insurance Company of the State of
Pennsylvania, ISOP, National Fire Union
Insurance Company, Lexington Insurance
Company, and New Hampshire Insurance
Company*

Norman C. Kleinberg, Esq.
David R. Biester, Esq.
Erik Bond, Esq.
Hughes Hubbard & Reed
One Battery Park Plaza
New York, NY  10004

Charles L. Kerr, Esq.
Morrison & Foerster, LLP
1290 Avenue of the Americas
New York, NY  10104-0185

*Attorneys for First State Insurance
Company*

Louis G. Corsi, Esq.
Landman Corsi Ballaine & Ford PC
120 Broadway, 27th Floor
New York, NY  10271-0079

*Attorney for International Insurance
Company*

Clint Cameron, Esq.
Julie Burgener, Esq.
Ross Dixon & Bell, LLP
55 West Monroe, Suite 3000
Chicago, IL  60603-5758

Charles A. Booth, Esq.
R. Brian Seibert, Esq.
Ford Marrin Esposito Witmeyer & Gleser,
LLP
Wall Street Plaza
New York, NY  10005-1875

*Attorneys for Continental Casualty
Company, Continental Insurance Company,
Columbia Casualty Company, and Harbor
Insurance Company*

Wendy L. Mager, Esq.
Smith, Stratton, Wise, Heher & Brennan,
LLP
2 Research Way
Princeton, NJ  08540

Thomas E. Schorr, Esq.
Smith, Stratton, Wise, Heher & Brennan,
LLP
83 Maiden Lane, Penthouse
New York, NY  10038

*Attorneys for Employers Mutual Casualty
Company*

Paul G. Burns, Esq.
Levin & Glasser, P.C.
420 Lexington Avenue, Suite 820
New York, NY  10170

Jerrald Hochman, Esq.
Siegal, Napierkowski & Park
533 Fellowship Road
Suite 120
Mt. Laurel, NJ  08054

*Attorneys for Century Indemnity Company
and Insurance Company of North America*

William McGrath, Esq.
Smith, Stratton, Wise & Brennan LLP
2 Research Way
Princeton, NJ  08540

*Attorney for Home Insurance Company*

Pamela Labaj, Esq.
Caron Constants & Wilson
201 Route 17 N.
2nd Floor
Rutherford, NJ  07070

Rolf Lindenhayn, Esq.
Kaufman & Logan, LLP
100 Spear Street
12th Floor
San Francisco, CA  94105

*Attorney for Fireman's Fund Insurance*

Darrel M. Seife, Esq.
Caron, Constants & Wilson
201 Route 17 North, 2nd Floor
Rutherford, NJ  07070

*Attorney for Fireman's Fund Insurance
Company and National Surety Corporation*

George R. Hardin, Esq.
John R. Scott, Esq.
Hardin, Kundla, McKeon, Poletto, P.A.
673 Morris Avenue
Springfield, NJ  07081-0730

*Attorneys for Mt. McKinley Insurance
Company and Highlands Insurance
Company*

Daniel I. Schlessinger, Esq.
Lord, Bissell & Brook
Suites 2600-3600
Harris Bank Building
115 S. La Salle Street
Chicago, IL  60603

*Attorney for Great American Surplus
Lines/American Empire Surplus Lines*

Mark Sheridan, Esq.
Robert J. Bates, Esq.
R. Patrick Bedell, Esq.
Bates & Carey LLP
191 North Wacker Drive
Suite 2400
Chicago, IL  60606

Michael L. Gioia, Esq.
Landman Corsi Ballaine & Ford, P.C.
120 Broadway, 27th Floor
New York, NY  10271-0079

*Attorneys for American Reinsurance
Company*

*Margaret H. Warner, Esq.*
McDermott, Will & Emery
600 Thirteenth Street, N.W.
Washington, DC  20005

Jonathan K. Youngwood, Esq.
Laura D. Murphy, Esq.
Barry R. Ostrager, Esq.
Simpson Thatcher & Bartlett
425 Lexington Avenue
New York, NY  10017

*Attorneys for Travelers Casualty and Surety
Company*

Dated: Pittsburgh, Pennsylvania
        July 13, 2005

_____
        J.W. Montgomery, III

- 4 -