# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

WHITMAN INSURANCE COMPANY, LTD.,

                            Plaintiff,

        vs.

TRAVELERS INDEMNITY COMPANY, *et al*.,

                      Defendants.

Case No.:  05-01125

Judge John Garrett Penn

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FIRST STATE INSURANCE COMPANY'S SECOND MOTION TO DISMISS OR STAY THIS ACTION

# TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT ........................................................................................................1

STATEMENT OF FACTS ...............................................................................................................4

    The Whitman Action.................................................................................................................4

        Whitman........................................................................................................................4

        Procedural History .......................................................................................................4

        Pneumo Abex LLC .......................................................................................................5

        The Insurer Defendants................................................................................................5

        The Unnamed Insurers .................................................................................................6

        The Missing Parties:  PepsiAmericas and Cooper.......................................................6

        PepsiAmericas..............................................................................................................7

        Cooper..........................................................................................................................7

    The NY Action.........................................................................................................................8

        New York Complaint ....................................................................................................8

        Procedural History .......................................................................................................8

    The Complaint in the Prior DC Action ....................................................................................9

ARGUMENT .................................................................................................................................10

I.      THIS CASE SHOULD BE DISMISSED BECAUSE JOINDER OF
        INDISPENSABLE PARTIES, COOPER AND PEPSIAMERICAS, IS
        IMPOSSIBLE .....................................................................................................................10

      A.     Cooper and PepsiAmericas Are "Necessary" Parties That Must be
            Joined for Just Adjudication ......................................................................................11

            1.      Complete Relief is Impossible Without Cooper and
                 PepsiAmericas.............................................................................................11

NY 982435_2.DOC

TABLE OF CONTENTS
(Continued)

Page

2.    PepsiAmericas and Cooper Claim an Interest in the Scope of the Policies and Allowing this Action to Proceed will Subject the Insurers to a Substantial Risk of Conflicting Obligations...................12

B.    Cooper and PepsiAmericas Cannot be Joined in this Action Because Their Presence Would Destroy Diversity .................................13

C.    This Action Should be Dismissed Because Cooper and PepsiAmericas Are Indispensable Parties.........................................................14

1.    The Insurer Defendants Would Be Prejudiced by a Judgment Absent Cooper and PepsiAmericas............................................15

2.    The Relief Cannot be Shaped to Protect the Parties ..................16

3.    Judgment Rendered Without Cooper and PepsiAmericas is Inadequate and Wasteful..........................................................16

4.    Whitman has an Adequate Remedy Available in the NY Action..........................................................................................17

II.    THIS ACTION SHOULD BE DISMISSED BECAUSE WHITMAN LACKS STANDING TO BRING THIS SUIT AND IS NOT THE REAL PARTY IN INTEREST..................................................................................................17

A.    This Action Should Be Dismissed Because Whitman Lacks Standing .................17

B.    This Action Should Be Dismissed Because PepsiAmericas, Not Whitman, is the Real Party in Interest ..................................19

III.    THIS ACTION SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(b)(1) FOR LACK OF DIVERSITY BECAUSE PNEUMO ABEX SHOULD BE REALIGNED AS PLAINTIFF........................................................................20

A.    Pneumo Abex Should Be Realigned as a Plaintiff with Whitman........................20

B.    There is No Diversity Jurisdiction Once Pneumo Abex is Properly Aligned with Whitman as a Plaintiff .................................23

IV.    THIS ACTION SHOULD BE DISMISSED OR STAYED IN DEFERENCE TO THE PARALLEL NY ACTION .................................................................23

1.    This Action Cannot Fully Resolve This Controversy................25

2.    There is an Adequate Remedy Available in New York............25

## TABLE OF CONTENTS
(Continued)

Page

3.    This Dispute Arises Under State Law and Does Not Involve
      Any Issues of Significant Public Concern ...................................................26

4.    There is No Actual Controversy Between Whitman and the
      Defendants ...................................................................................................26

5.    Whitman's and PepsiAmericas' Maneuverings to Avoid
      Jurisdiction in New York Must Be Rejected ...............................................27

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Abex Corp. v. Maryland Cas. Co.*, 790 F.2d 119 (D.C. Cir. 1986) ........................................25, 27

*Acton Co. v. Bachman Foods, Inc.*, 668 F.2d 76 (1st Cir. 1982)..................................................16

*Aetna Cas. & Sur. Co. v. Rasa Mgmt. Co.*, 621 F. Supp. 892 (D. Nev. 1985) ............................11

*Catalyst & Chemical Services, Inc. v. Global Ground Support*, 350 F. Supp. 2d 1
    (D.D.C. 2004) .......................................................................................................................17

*Chapman v. Clarendon Nat'l Ins. Co.*, 299 F. Supp. 2d 559 (E.D. Va. 2004) ............................26

*\*City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63 (1941)............................................20, 23

*\*Cloverleaf Standardbred Owners Ass'n v. Nat'l Bank of Wash.*, 699 F.2d 1274
    (D.C. Cir. 1983) .........................................................................................11, 14, 15, 16

*Fortuin v. Milhorat*, 683 F. Supp. 1 (D.D.C. 1988).......................................................................16

*Hanes Corp. v. Millard*, 531 F.2d 585 (D.C. Cir. 1976)..................................................24, 25, 26

*IDT Corp. v. eGlobe Inc.*, 140 F. Supp. 2d 30 (D.D.C. 2001).......................................................23

*Jackson v. Culinary Sch. of Wash., Ltd.*, 27 F.3d 573 (D.C. Cir. 1994),
    *vacated on other grounds*, 515 U.S. 1139 (1995)....................................................................24

*Jackson v. Culinary Sch. of Wash., Ltd.*, 59 F.3d 254 (D.C. Cir. 1995).................................23, 26

*Kickapoo Tribe v. Babbit*, 43 F.3d 1491 (D.C. Cir. 1995)......................................................10, 17

*Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112 (D.D.C. 1999) ..................................................19

*Matter of Liquidation of Union Indem. Ins. Co.*, 611 N.Y.S.2d 506
    (N.Y. App. Div. 1st Dep't 1994) ...........................................................................................18

*Meng v. Schwartz*, 305 F. Supp. 2d 49 (D.D.C. 2004) .................................................................13

*\*National Union Fire Ins. Co. v. Rite Aid of S.C., Inc.*, 210 F.3d 246
    (4th Cir. 2000)..................................................................................11, 13, 14, 17

*Northland Ins. Co. v. Berkebile Oil Co.*, No. 3:03CV00011, 2003 WL 22995127
    (W.D. Va. Dec. 12, 2003) .....................................................................................................15

iv

TABLE OF AUTHORITIES
(Continued)

Page(s)

*Pneumo Abex Corporation v. Maryland Casualty Company*, No. 82CV2098,
    2001 U.S. Dist. LEXIS 20297 (D.D.C. Oct. 9, 2001) ............................................9, 10

*Potomac Elec. Power Co. v. Babcock & Wilcox Co.*, 54 F.R.D. 486
    (D. Md. 1972) .......................................................................................................17

*Provident Tradesman Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968) .........................12, 17

*Roche v. Lincoln Prop. Co.*, 373 F.3d 610 (4th Cir. 2004), *cert. granted*,
    125 S.Ct. 1398, 161 L.Ed.2d 189 (Feb 28, 2005) ....................................19

*Roth v. D.C. Courts*, 160 F. Supp. 2d 104 (D.D.C. 2001) ...............................................24

*Saylab v. Harford Mut. Ins. Co.*, 271 F. Supp. 2d 112 (D.D.C. 2003) ................................20, 21

*Sta-Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281 (7th Cir. 1996) ...........................19

*State Auto Ins. Cos. v. Summy*, 234 F.3d 131 (3d Cir. 2001) ...........................................26

*Stenhouse v. G.F. Jacobson*, 193 F. Supp. 694 (N.D. Cal. 1961) .......................................16

*Strawbridge v. Curtiss*, 7 U.S. 267 (1806) ..............................................................13, 23

*Unigard Sec. Ins. Co. v. North River Ins. Co.*, 79 N.Y.2d 576, 584 N.Y.S.2d 290,
    594 N.E.2d 571 (1992) ...........................................................................................18

*Ward v. Deavers*, 203 F.2d 72 (D.C. Cir. 1953) ........................................................15

*Warth v. Seldin*, 422 U.S. 490 (1975) ..................................................................17

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ......................................1, 10, 23, 24, 26

**STATUTES**

28 U.S.C. § 1331 ..........................................................................................13

28 U.S.C. § 1332 ..........................................................................................13, 23

Fed. R. Civ. P. 12(b)(1) ..................................................................................1, 20, 23

Fed. R. Civ. P. 12(b)(7) ..................................................................................1, 10, 14, 17

Fed. R. Civ. P. 17(a) .....................................................................................19

Fed. R. Civ. P. 19 ........................................................................................10, 19

v

TABLE OF AUTHORITIES
(Continued)

Page(s)

Fed. R. Civ. P. 19(a) ..................................................................................11, 14

Fed. R. Civ. P. 19(a)(2) ....................................................................................12

Fed. R. Civ. P. 19(a)(2)(ii) ...............................................................................12

Fed. R. Civ. P. 19(b) .........................................................................................14

28 U.S.C. 2201(a) ..............................................................................................23

**MISCELLANEOUS**

4 *Moore's Federal Practice* § 17.10[1] (3d ed. 2004).....................................19

vi

Defendant First State Insurance Company ("First State") submits this memorandum of law in support of its second motion to dismiss this action:  (1) pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join indispensable parties; (2) because this action is not brought by the real party in interest, and the nominal plaintiff lacks standing; (3) pursuant to Fed. R. Civ. P. 12(b)(1) for misalignment of parties such that there is no subject matter jurisdiction; and (4) dismiss or stay pursuant to *Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995), in favor of an action in New York State court.

## PRELIMINARY STATEMENT

This case is missing indispensable parties and has misaligned the parties who are present.  While Whitman Insurance Company, Ltd. ("Whitman"),[1] the nominal plaintiff, amended its complaint in an attempt to confront the flaws pointed out in First State's prior motion to dismiss the original complaint, the amended complaint does not alter the fundamental fact that if all indispensable parties were joined in this action and properly aligned, there would be no jurisdiction.

Three years ago, Certain Underwriters at Lloyd's, London and Certain London Market Companies ("London Market Insurers") filed a coverage action in New York state court to determine rights under certain excess insurance policies allegedly issued to IC Industries and American Brake Shoe Corp. (the "Policies").  *Certain Underwriters at Lloyd's, London, et al., v. Pneumo Abex Corp.*, *et al.,* No. 02-602493 (the "NY Action").  (Exhibit 1, Complaint for

---

1.   Whitman's amended complaint in this action ("Whitman Am. Compl.") alleges "Whitman is an insurance company that is responsible to pay, has paid, and continues to pay, for Abex asbestos-related suits and claims that alleged bodily injury during the Policy periods 1978 through 1985."  The allegations go on to seek declaratory judgment against insurers who issued policies to IC Industries or American Brake Shoe Corp., such as defendant First State, but there is no claim of any privity between Whitman and any of the insurers.

Declaratory Judgment, captioned *Certain Underwriters at Lloyd's, London, et al., v. Pneumo Abex Corp.*, *et al.,* No. 02-602493 (N.Y. Sup. Ct., N.Y. Cty., dated July 9, 2002) ("NY Compl."), attached to the Declaration of David R. Biester ("Biester Decl.").)  The claims relate to asbestos liabilities of American Brake Shoe Corp., and its purported successor, Pneumo Abex, LLC ("Pneumo Abex").  While that action is stayed because of this action, it involves the same fundamental issues and, more importantly, the required parties who are not involved in the instant action.  Without rearguing here the New York Court's reasons for staying that case, it appears that there was some confusion regarding the parties seeking and opposing the stay and the posture of this action.  The stay order has been appealed.  If this case is dismissed, as it should be, the stay will have no basis whatsoever.

        The crux of the controversy is the determination of various entities' purported rights and obligations under the Policies in connection with Pneumo Abex's asbestos liabilities. PepsiAmericas, Inc. ("PepsiAmericas") and Cooper Industries ("Cooper"), both parties to the NY Action but absent here, allege rights to proceeds under the Policies.  Cooper and PepsiAmericas each claim to be "net of insurance indemnitors" of Pneumo Abex for asbestos liabilities, pursuant to a series of contracts that do not include First State, Whitman, or any other insurance company.  PepsiAmericas has asserted that it, Whitman, and Pneumo Abex all have a "vested stake" in the dispute at issue here.  (Biester Decl. Ex. 2, PepsiAmericas' Reply Memorandum of Law in Further Support of Motion to Stay the NY Action ("PepsiAmericas NY Reply"), at 4-5, n.4.)  These entanglements make one thing clear:  PepsiAmericas and Cooper should be parties to this litigation.

        PepsiAmericas and Cooper were intentionally omitted from this action because joinder of either would defeat diversity.  For this same reason, Pneumo Abex has been

2

improperly listed on the defense side of the case with the insurers instead of as a plaintiff. Notably, Cooper, PepsiAmericas, and Pneumo Abex are aligned in the parallel and more comprehensive prior NY Action that was filed three years earlier.  In fact, in seeking to stay the NY Action, PepsiAmericas referred to "Abex" and "PepsiAmericas" as "the insureds." (Biester Decl. Ex. 10, PepsiAmericas' Memorandum of Law in Support of Motion to Stay, at 1.)

       Clearly, this action was filed by Whitman as a front for PepsiAmericas in an attempt to avoid the application of current New York state law.  Whitman relies upon the false basis that this action is part and parcel of another case before this Court, which actually involves different insurance policies and different parties, captioned *Abex v. Maryland Casualty Company*, Civil Action 82-2098 (the "1982 Action").  Most of the record in that case is under seal.  At least initially, the 1982 Action apparently involved only primary insurance carriers, unlike this action.  Nearly all of the defendants in this case issued only excess coverage. Whitman seeks to apply decisions in that action against the instant defendants, few of whom participated at all in the 1982 Action.

       The NY Action, although presently stayed, is before a court of general jurisdiction, was first filed, and is more comprehensive.  Parties crucial to a complete resolution of this dispute are absent here but are already parties to the NY Action, and additional parties may be added there if needed without jurisdictional concerns.  As between the two competing actions, it is quite clear that the NY Action is proper, and this action is properly dismissed.

NY 982435_2.DOC

<u>**STATEMENT OF FACTS**</u>

**The Whitman Action**

       **Whitman**

       Plaintiff Whitman states it is an insurance company organized under the laws of the State of Vermont, with its principal place of business in Vermont. (Whitman Am. Compl. ¶ 10.) Whitman claims to be "a captive reinsurer" of primary policies issued to Pneumo Abex. (Whitman Am. Compl. ¶ 10; Biester Decl. Ex. 2, PepsiAmericas NY Reply, at 16, 19.) Whitman asserts that it is responsible directly or indirectly for costs and expenses associated with "Abex asbestos-related suits and claims," apparently meaning claims against Pneumo Abex and its predecessors that allege bodily injury during the periods of 1978 through 1985. (Whitman Am. Compl. ¶ 6.)

       **Procedural History**

       Whitman filed a three-count complaint on June 7, 2005. First State moved to dismiss Whitman's complaint on grounds virtually identical to those raised here on July 26, 2005. Whitman filed an amended complaint on July 29, 2005, necessitating this further motion.

       Whitman's amended complaint seeks declaratory judgment regarding numerous specified issues (Whitman Am. Compl. ¶¶ 78, 87) and a generic claim under the All Writs Act (Whitman Am. Compl. ¶¶ 83, 84). There is no alleged contractual relationship between any of the Insurer Defendants and Whitman. Rather, the amended complaint seeks an extension of the prior rulings made in the 1982 Action. (*See, e.g.*, Whitman Am. Compl. ¶¶ 1, 5, 8, 63-67, 69-70.)

       On July 14, 2005, Whitman filed motions for partial summary judgment regarding trigger and the number of occurrences. There has been no discovery to date.

4

**Pneumo Abex LLC**

Pneumo Abex has been through multiple corporate iterations, allegedly beginning with the American Brake Shoe and Foundry Company.  (Biester Decl. Ex. 3, Answer, Affirmative Defenses, Counter-Claims, and Cross-Claims of Defendants Pneumo Abex Corporation, Cooper Industries, Inc., and PepsiAmericas, Inc. in the NY Action, dated August 6, 2002 ("NY Joint Answer"), at 11, ¶ 8.)  According to Pneumo Abex's pleadings elsewhere, American Brake Shoe and Foundry Company originated in 1902, changed its name to American Brake Shoe Company in 1943, and again to Abex Corporation in 1966.  (NY Joint Answer, at 11, ¶ 8.)  American Brake Shoe and Foundry Company (or its successors) has been sued in a series of underlying claims relating to asbestos.  (NY Joint Answer, at 8, ¶ 2.)

Abex Corporation's assets and liabilities have been the subject of multiple transactions or restructurings allegedly involving, *inter alia*, IC Industries, PepsiAmericas and Cooper Industries.  (Biester Decl. Ex. 3, NY Joint Answer, at 11-12, ¶¶ 10, 15.)  The Whitman Complaint variously refers to "Abex Corporation including its successor Pneumo Abex LLC (collectively 'Abex' or the 'insured')" (Whitman Am. Compl. ¶ 3) as "a limited liability company organized under the laws of Delaware, with its principal place of business in New Jersey, and includes its predecessors and successors" (Whitman Am. Compl. ¶ 33).  Pneumo Abex's entitlement to insurance recoveries is subject to an amorphous interrelationship with Cooper and PepsiAmericas.  (NY Joint Answer, at 12, ¶¶ 13, 14.)

**The Insurer Defendants**

The Whitman Complaint seeks a declaration concerning the following insurers' obligations in connection with Abex asbestos liabilities under the Policies allegedly issued between 1952 and 1985:  The Travelers Indemnity Co.; National Union Fire Insurance Company

of Pittsburgh, Pa.; AIU Insurance Co.; Allianz Underwriters Insurance Co.; American Home Assurance Co.; American Reinsurance Co.; Associated International Insurance Co.; California Union Insurance Co.; the London Market Insurers; Employers Mutual Casualty Co.; Falcon Insurance Co.; Federal Insurance Co.; Fireman's Fund Insurance Co.; First State Insurance Company; Granite State Insurance Co.; Hudson Insurance Co.; The Insurance Company of the State of Pennsylvania; Mt. McKinley Insurance Co.; National Surety Corp.; New Hampshire Insurance Co.; Stonewall Insurance Co.; and TIG Insurance Co. (collectively, the "Insurer Defendants."). Each of the Insurer Defendants is a party to the NY Action. (Biester Decl. Ex. 1, NY Compl. ¶¶ 3-40.) Few of the Insurer Defendants were parties to the 1982 Action. The policies allegedly issued by the overwhelming majority of the Insurer Defendants were not at issue in the 1982 Action. First State and its policies were never part of the 1982 Action, and some of the First State policies were not yet issued when the 1982 Action was commenced. The same is true for many of the other insurance companies.

### The Unnamed Insurers

The insurers named in the NY Action that have been omitted from this action include: Allstate Insurance Co.; Argonaut Insurance Co.; Columbia Casualty; Continental Insurance Co.; Continental Casualty Co.; Great American Insurance Co.; Harbor Specialty Insurance Co.; and Highlands Insurance Co. (Biester Decl. Ex. 1, NY Compl. ¶¶ 3-40) (collectively, the "Unnamed Insurers").

### The Missing Parties: PepsiAmericas and Cooper

PepsiAmericas and Cooper assert rights to proceeds under the Policies in connection with Pneumo Abex's asbestos liabilities. (Biester Decl. Ex. 3, NY Joint Answer, at 9, ¶ 3.) PepsiAmericas and Cooper allege an interest in the Policies pursuant to a series of

contracts.  (NY Joint Answer, at 12, ¶¶ 13, 14.)  According to their joint answer and counterclaims filed in the NY Action, "[PepsiAmericas] and Cooper, as net-of-insurance indemnitors of certain of the Asbestos Claims, assert rights to certain of the proceeds of the insurance covering Abex, and [PepsiAmericas] also has other rights, including its rights as the successor in interest to IC Industries, as an insured under policies issued by certain of the Insurance Companies."  (NY Joint Answer, at 9, ¶ 3.)  Despite their claims for coverage, PepsiAmericas and Cooper are not named in this action.

### *PepsiAmericas*

PepsiAmericas, a party to the NY Action, claims to be the successor to IC Industries.  (NY Joint Answer, at 9, ¶ 3.)  IC Industries is alleged to have been the parent of Abex at one time.  (Whitman Am. Compl. ¶ 6.)  PepsiAmericas did not list Whitman as an insurer on the IC Industries' insurance coverage chart submitted in the NY Action.  (Biester Decl. Ex. 4, Exhibit A to the Affidavit of Paul A. Zevnik ("Zevnik Aff."), captioned "I.C. Industries/Abex Product Coverage Responsive to Asbestos-Related Claims (Issued to Abex pre-1971; Issued to I.C. Industries 1971-1985)").)  In the NY Action, PepsiAmericas filed an answer and counterclaims jointly with Cooper and Pneumo Abex against, *inter alia*, the Insurer Defendants.  In that pleading, PepsiAmericas asserted claims as an insured under the Policies for the asbestos liabilities at issue in this litigation.  (NY Joint Answer, at 9, ¶ 3.)

PepsiAmericas is allegedly incorporated in Delaware with its principal place of business in Illinois.  (Biester Decl. Ex. 1, NY Compl. ¶ 5; NY Joint Answer, at 4, ¶ 5.)

### *Cooper*

Cooper, also a party in the NY Action, makes claims against the Insurer Defendants (and certain of the Unnamed Insurers) and seeks to maximize recovery from the

Policies for asbestos liabilities of Pneumo Abex. (NY Joint Answer, at 9, ¶ 3.) Cooper claims that it acquired the assets of Pneumo Abex's friction products division and faces liabilities for Pneumo Abex-related asbestos claims. (NY Joint Answer, at 9, ¶ 3.) As part of that transaction, Cooper claims to have received an assignment of insurance rights. (Biester Decl. Ex. 5, Cooper Industries LLC's Opposition to PepsiAmericas' Motion to Stay in the NY Action ("NY Cooper Opp'n"), at 2.) As such, Cooper claims to stand in the shoes of the insured. In opposing the stay of the NY Action, Cooper asserted that it has "reimbursed Pneumo Abex for over $140 million out of pocket" for asbestos bodily injury claims. (NY Cooper Opp'n, at 5.) Cooper claims that it is the entity that "stands to recover the overwhelming majority of monies at issue" in the NY Action. (NY Cooper Opp'n, at 2.)

Cooper allegedly has its principal place of business in Texas. (Biester Decl. Ex. 1, NY Compl. ¶ 6; NY Joint Answer, at 4, ¶ 6.)

**The NY Action**

### New York Complaint

The London Market Insurers are the plaintiffs in the NY Action as presently constituted. (NY Compl. ¶ 3.) The complaint seeks a declaratory judgment to determine PepsiAmericas', Cooper's, and Pneumo Abex's rights, if any, under the Policies originally issued to American Brake Shoe and/or IC Industries from 1952 to 1985 in connection with Abex-related liabilities. (NY Compl. ¶ 1.) Unlike the Whitman action, the NY Action includes both PepsiAmericas and Cooper.

### Procedural History

The NY Action was initially filed in New York state court by the London Market
Insurers on July 9, 2002.  The case was brought against Pneumo Abex Corporation,[2]
PepsiAmericas, Cooper, and all of the Insurer Defendants and the Unnamed Insurers in the
Whitman Action.  (NY Compl. ¶¶ 4-40.)  Cooper removed the NY Action to the Southern
District of New York, and the London Market Insurers moved to remand.  (Biester Decl. Ex. 6,
Response of Defendants Pneumo Abex Corporation and Cooper Industries, Inc. to Plaintiffs'
Motion and Memorandum of Law in Support of Plaintiffs' Motion to Remand in the NY Action
("NY Remand Opp'n").)  While in federal court, PepsiAmericas, Cooper and Pneumo Abex filed
a joint answer and joint counterclaims against the Insurer Defendants.  (Biester Decl. Ex. 3, NY
Joint Answer.)  Cooper and Pneumo Abex also moved to transfer the case to the Federal Mogul
bankruptcy.  (Biester Decl. Ex. 6, NY Remand Opp'n.)  PepsiAmericas joined "in the general
arguments and proposed outcome" advanced by Cooper, "without necessarily adopting each fact
described and relied upon."  (Biester Decl. Ex. 6, NY Remand Opp'n, at 1.)  The federal court
ultimately remanded the NY Action to New York Supreme Court on May 1, 2005.

The NY Action was stayed on July 29, 2005.  First State timely appealed that
order on August 29, 2005.

**The Complaint in the Prior DC Action**

The instant complaint refers repeatedly to the 1982 Action.  (*See, e.g.*, Whitman
Am. Compl. ¶¶ 1, 5, 8, 63-67, 69-70.)  The pleadings in the 1982 Action are generally under seal
and have not, to date, been made available to First State or most of the Insurer Defendants,

---

2.    The NY Action filed three years ago names Pneumo Abex Corporation as a defendant.  In this action, Pneumo
      Abex LLC is a named party.  For convenience (and without waiver of any right), this brief will refer to Pneumo
      Abex Corporation and Pneumo Abex LLC as "Pneumo Abex."

9

although certain of the court's rulings are publicly available.  *Pneumo Abex Corporation v. Maryland Casualty Company*, No. 82CV2098, 2001 U.S. Dist. LEXIS 20297 (D.D.C. Oct. 9, 2001).  First State, along with most of the Insurer Defendants, was not a party to the 1982 Action.  In fact, the commencement of the 1982 Action predates some of the policies issued by First State and other Insurer Defendants, and does not involve the same parties and issues as in the present litigation.  (*Compare* Whitman Am. Compl. ¶¶ 2 and 50.)  At least initially, the 1982 Action apparently involved only primary insurance carriers.  (Biester Decl. Ex. 8, Affidavit of Paul A Zevnik ("Zevnik Aff.") ¶ 19.)  The 1982 Action was originally filed by Abex Corporation, an alleged predecessor to Pneumo Abex.  *Pneumo Abex Corp.,* 2001 U.S. Dist. LEXIS 20297, at *7, n.1.  In the course of that action, an alleged earlier iteration of PepsiAmericas intervened as a plaintiff alongside Pneumo Abex.  *Pneumo Abex Corp.,* 2001 U.S. Dist. LEXIS 20297, at *7, n.1.

<u>**ARGUMENT**</u>

This action is improperly filed and should be dismissed because:  (1) Whitman failed to join non-diverse indispensable parties; (2) Whitman is not the real party in interest and lacks standing to bring this action; (3) proper alignment of the parties would defeat diversity; and (4) a prior parallel action in New York state court requires that this Court exercise its substantial discretion under *Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995).

**I.      THIS CASE SHOULD BE DISMISSED BECAUSE JOINDER OF INDISPENSABLE PARTIES, COOPER AND PEPSIAMERICAS, IS IMPOSSIBLE.**

A case must be dismissed if the plaintiff has failed to join an indispensable party that would defeat diversity.  Fed. R. Civ. P. 12(b)(7).  Courts apply a three-part test to determine whether a party is indispensable:  (1) is the absent party "necessary" (*i.e.*, "needed for just adjudication"); if so, (2) can the absent party be joined in the litigation; and (3) if joinder is not

10

feasible, the court is to examine the four factors enumerated in Rule 19(b) to determine whether "in equity and good conscience" the case can proceed without the absent party. *See Kickapoo Tribe v. Babbit*, 43 F.3d 1491, 1494-95 (D.C. Cir. 1995) (reversing trial court and dismissing action for failure to join an indispensable party (citing Fed. R. Civ. P. 19)).

Cooper and PepsiAmericas both should be joined in this action, but their joinder would destroy federal court jurisdiction.  In fact, lack of diversity is the sole explanation for their absence from this case.  Proceeding without Cooper and PepsiAmericas would contradict equity and good conscience, and reward the alleged policyholders' procedural maneuvering.

### A.    Cooper and PepsiAmericas Are "Necessary" Parties That Must be Joined for Just Adjudication.

An absent party is "necessary" to the litigation if:  (1) in the party's absence complete relief cannot be accorded among those already parties, or (2) the party claims an interest relating to the subject of the action and is so situated that the disposition of the action in the party's absence may (i) as a practical matter impair or impede the party's ability to protect that interest or (ii) leave any persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the party's claimed interest. Fed. R. Civ. P. 19(a).  Cooper and PepsiAmericas are "necessary" parties under these criteria.

### 1.    *Complete Relief is Impossible Without Cooper and PepsiAmericas.*

Cooper and PepsiAmericas claim rights under the Policies and/or the insurance proceeds in connection with asbestos liabilities relating to Abex Corporation's (or predecessors) historical manufacturing and distribution of asbestos products.  (*See, e.g.*, Biester Decl. Ex. 3, NY Joint Answer at 13, ¶ 19.)  But PepsiAmericas and Cooper are absent from this action. Instead, Whitman inexplicably seeks to resolve insurance coverage for Pneumo Abex asbestos liabilities without either present.

It is well established that claimants to a contract, such as Cooper and PepsiAmericas, are "necessary" to litigation concerning their rights under that contract. *See, e.g.*, *Cloverleaf Standardbred Owners Ass'n v. Nat'l Bank of Wash.*, 699 F.2d 1274, 1279-80 (D.C. Cir. 1983) (parties to a contract are "necessary" parties to an action thereunder). This is particularly true in insurance coverage cases. *See, e.g.*, *National Union Fire Ins. Co. v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 251 (4th Cir. 2000); *Aetna Cas. & Sur. Co. v. Rasa Mgmt. Co.,* 621 F. Supp. 892, 893 (D. Nev. 1985) ("In an action by a liability insurer for declaratory judgment to determine the insurer's liability to an insured party, the insured is, of course, a necessary and indispensable party.").

The complicated corporate transactions make this case unique. PepsiAmericas claims to be an insured, while Cooper alleges rights to proceeds under the Policies through the purchase of certain of the Pneumo Abex assets. But regardless of how PepsiAmericas and Cooper allege they acquired rights to proceeds under the Policies, the central issue in this dispute still is the interpretation of contracts: the Policies. PepsiAmericas and Cooper claim rights to proceeds under the Policies for Pneumo Abex's asbestos liabilities. Therefore, it should go without saying that each of them ought to be a party to this action and complete relief is impossible in their absence.

2.     *PepsiAmericas and Cooper Claim an Interest in the Scope of the Policies and Allowing this Action to Proceed will Subject the Insurers to a Substantial Risk of Conflicting Obligations.*

PepsiAmericas and Cooper "claim . . . an interest relating to the subject of the action" (rights to proceeds under the Policies), and permitting this suit to continue without Cooper and PepsiAmericas could subject the Defendant Insurers to "a substantial risk of incurring" conflicting legal obligations. Fed. R. Civ. P. 19(a)(2); *Provident Tradesman Bank &*

*Trust Co. v. Patterson*, 390 U.S. 102, 107-08 (1968) (possibility of later litigation by missing party shows necessity under Fed. R. Civ. P. 19(a)(2)(ii)).

Here, the risk of conflicting obligations is obvious, as Cooper and PepsiAmericas both assert contractual rights to proceeds under the Policies for the Pneumo Abex asbestos liabilities at issue. PepsiAmericas claims to be an insured; Cooper claims rights to proceeds of Pneumo Abex's insurance through contract. Therefore, if these parties remain absent, any judgment of this Court will be open to collateral attack. Cooper has gone so far to claim that it has the greatest interest in the Policies at issue. (Biester Decl. Ex. 5, Cooper NY Opp'n, at 2.) PepsiAmericas claims to have its own "vested stake" in the dispute over the Policies. (Biester Decl. Ex. 2, PepsiAmericas NY Reply, at 4-5, n.4.) Both of these parties should be involved in resolution of the dispute to avoid the very real possibility of an inconsistent judgment if one or both of them is able to attack a judgment in a separate proceeding. The specter of inconsistency "weighs heavily" in favor of finding that Cooper and PepsiAmericas are necessary parties. *Rite Aid of S.C.,* 210 F.3d at 252.

### B. Cooper and PepsiAmericas Cannot be Joined in this Action Because Their Presence Would Destroy Diversity.

Despite their obvious interest in the subject matter of this litigation, PepsiAmericas and Cooper have not been joined. This is not surprising only because they share corporate citizenship with certain defendants, and, therefore, would defeat diversity. 28 U.S.C. § 1332(c)(1).[3]

---

3.  There is no federal question in this case and the only alleged or potential basis for jurisdiction is diversity. *See* 28 U.S.C. §§ 1331, 1332; Whitman Am. Compl. ¶ 34. Of course, there must be complete diversity to sustain jurisdiction. *See, e.g.*, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (requiring complete diversity); *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004) (dismissing shareholder derivative action because plaintiffs

(Footnote continued on next page)

NY 982435_2.DOC

Once added, Cooper and PepsiAmericas must fall on the policyholder side of the case (*i.e.*, aligned with PepsiAmericas' subsidiary, Plaintiff Whitman)[4] and would therefore defeat diversity.  Cooper is alleged to have its principal place of business in Texas.  (Biester Decl. Ex. 1, NY Compl. ¶ 6; Biester Decl. Ex. 3, NY Joint Answer, at 4, ¶ 6.)  Defendant TIG also is alleged to have its principal place of business in Texas.  (Whitman Am. Compl. ¶ 29.) PepsiAmericas is a Delaware corporation with its principal place of business in Illinois.  (Biester Decl. Ex. 1, NY Compl. ¶ 5; Biester Decl. Ex. 3, NY Joint Answer, at 4 ¶ 5.)  Defendants American Re, Falcon, Mt. McKinley, and Hudson are alleged to be Delaware corporations (Whitman Am. Compl. ¶¶ 16, 21, 25, 27); defendant Associated International is alleged to be an Illinois corporation (Whitman Am. Compl. ¶ 17); and defendant National Surety is alleged to have its principal place of business in Illinois (Whitman Am. Compl. ¶ 30).

> **C.    This Action Should be Dismissed Because Cooper and PepsiAmericas Are Indispensable Parties.**

Not only are Cooper and PepsiAmericas "necessary" parties whose joinder is impossible, Cooper and PepsiAmericas are "indispensable" under Fed. R. Civ. P. 19(b). Therefore, this action must be dismissed under Fed. R. Civ. P. 12(b)(7).  *See, e.g.*, *Cloverleaf Standardbred Owners Ass'n*, 699 F.2d at 1280 (dismissing contract action because party to that contract was indispensable); *Rite Aid of S.C.*, 210 F.3d at 254.

---

(Footnote continued from previous page)

failed to show complete diversity).  For diversity purposes, corporations have dual citizenship:  their state of incorporation and their principal place of business.  *See* 28 U.S.C. § 1332(c)(1).

4.    Plaintiff Whitman is a subsidiary of PepsiAmericas, and is represented by the same counsel as PepsiAmericas. PepsiAmericas, therefore, can only be aligned with Whitman.  Moreover, Cooper's and PepsiAmericas' interests in this litigation are aligned with Whitman's as alleged policyholders, and they are properly cast as plaintiffs.

Rule 19(b) provides that if a party meeting the requirements of Rule 19(a) "cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed. R. Civ. P. 19(b). In applying this standard, the rule instructs courts to consider, *inter alia,* the following four factors:

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). Each factor weighs in favor of dismissal here.

1.      <em>The Insurer Defendants Would Be Prejudiced by a Judgment Absent Cooper and PepsiAmericas.</em>

The D.C. Circuit Court of Appeals has held that all alleged parties to a contract seeking to enforce rights and obligations thereunder must be joined if the central focus of the case is the construction of the contract. *Cloverleaf Standardbred Owners Ass'n,* 699 F.2d at 1279; *Ward v. Deavers,* 203 F.2d 72, 75 (D.C. Cir. 1953). In fact, the "potential preclusive effects of any judgment [rendered in the absence of an insured] erode the court's ability to avoid such prejudice." *Northland Ins. Co. v. Berkebile Oil Co.*, No. 3:03CV00011, 2003 WL 22995127, at *6 (W.D. Va. Dec. 12, 2003).

Here, Cooper and PepsiAmericas have both taken the unequivocal position that they have an interest under the Policies with respect to Pneumo Abex's asbestos liabilities. They stated in counterclaims against all of the Insurer Defendants that they claim "rights to certain of the proceeds of the insurance covering Abex." (NY Joint Answer, at 9, ¶ 3.) Because Cooper and PepsiAmericas could seek the option of re-litigating these rights, a judgment in their absence

15

could prejudice the Insurer Defendants by subjecting them to duplicative litigation and the potential for conflicting rulings.  Indeed, Cooper itself opposed the stay of the NY Action. (Biester Decl. Ex. 5, NY Cooper Opp'n.)

>    2.    *The Relief Cannot be Shaped to Protect the Parties.*

The issue at the heart of this litigation is which, if any, of various entities may have rights to proceeds under the Policies, and whether the Policies provide coverage for the asbestos liabilities at issue.  It would be entirely unfair to allow a PepsiAmericas subsidiary to prosecute this action with PepsiAmericas on the sidelines, prepared to employ collateral estoppel against the Insurer Defendants while protecting itself from any similar potential effects against it. *See Cloverleaf*, 699 F.2d at 1279 (absent contracting party, the interests of both contracting parties "might be detrimentally affected, and there could be no complete settlement of the controversy"); *Stenhouse v. G.F. Jacobson*, 193 F. Supp. 694, 696 (N.D. Cal. 1961) (dismissing action for failure to join indispensable insured, reasoning "defendants might be required to pay twice on a single claim under the policy").  Cooper and PepsiAmericas will either be parties and bound to the judgment, or not.  There is no middle ground to be fashioned that might protect the Insurer Defendants.  As relief cannot be tailored to compensate for the absence of the necessary parties, Cooper and PepsiAmericas are indispensable.

>    3.    *Judgment Rendered Without Cooper and PepsiAmericas is*
>           *Inadequate and Wasteful.*

Without Cooper and PepsiAmericas, any judgment in this case would be inadequate because it necessarily will not address the core question in the case:  the scope of coverage available under the Policies for Abex asbestos liabilities for all entities seeking coverage.  This action does nothing but waste judicial resources in the absence of Cooper and PepsiAmericas.  Therefore, those parties are indispensable.  *See Fortuin v. Milhorat*, 683 F.

16

Supp. 1, 4 (D.D.C. 1988) (holding party to a contract indispensable and noting that without the absent party's presence "the court is [not able] to render a judgment 'adequate' to protect the parties' rights"); *see also Acton Co. v. Bachman Foods, Inc.*, 668 F.2d 76, 81 (1st Cir. 1982) (dismissing action for failure to join indispensable parties where claimants to a contract were omitted "solely for the purpose of retaining jurisdiction in the federal court") (citations omitted).

        4.     *Whitman has an Adequate Remedy Available in the NY Action*.

The NY Action, although currently subject to a stay, addresses the same asbestos liabilities, was filed first, and is more comprehensive than the instant litigation, as it includes Cooper, PepsiAmericas, and additional parties and policies.  All parties will therefore have an adequate remedy in the New York court if this action is dismissed because the stay in that action will be lifted.  *See Kickapoo Tribe v. Babbit*, 43 F.3d 1491, 1499, n.12 (D.C. Cir. 1995) (quoting *Provident Tradesman*, 390 U.S. at 112) ("an adequate remedy inquiry involves the question 'whether the plaintiffs could have brought the same action, against the same parties plus [the absent party] in a state court'"); *Rite Aid of S.C.*, 210 F.3d at 251-52; *Potomac Elec. Power Co. v. Babcock & Wilcox Co.*, 54 F.R.D. 486, 491 (D. Md. 1972) (pending suit in another forum stands out among pragmatic considerations).  Moreover, the New York Supreme Court is a court of general jurisdiction that can better accommodate any interested parties.

Accordingly, this action should be dismissed because "equity and good conscience" require Cooper and PepsiAmericas to be parties.  Fed. R. Civ. P. 12(b)(7).

## II.    THIS ACTION SHOULD BE DISMISSED BECAUSE WHITMAN LACKS STANDING TO BRING THIS SUIT AND IS NOT THE REAL PARTY IN INTEREST.

### A.    This Action Should Be Dismissed Because Whitman Lacks Standing.

The Supreme Court has recognized that only litigants with a personal stake in the outcome of a litigation may invoke the jurisdiction of the federal courts.  *Warth v. Seldin*, 422

NY 982435_2.DOC

U.S. 490, 499 (1975). The plaintiff "must assert his own legal rights and interests, and cannot rest his claim on the legal rights and interests of third parties." *Id.* at 499. In diversity cases, the federal court must look to the state remedial law to determine if a nominal plaintiff has sufficient interest in the subject matter of the litigation to satisfy standing requirements. *See Catalyst & Chemical Services, Inc. v. Global Ground Support*, 350 F. Supp. 2d 1, 22 (D.D.C. 2004) ("A federal district court exercising diversity jurisdiction must look to state law to determine a party's standing to sue.")

Whitman claims a connection to this litigation as a "captive reinsurer" of certain primary policies at issue in the 1982 Action. (Whitman Am. Compl. ¶ 10; Biester Decl. Ex. 2, PepsiAmericas NY Reply, at 16.) On this basis, Whitman asserts claims against the Defendant Insurers and Pneumo Abex. These claims do not establish standing here.

Whitman, as an alleged reinsurer, has no standing to sue Pneumo Abex, an alleged underlying insured. A reinsurance contract is between the reinsurer and the reinsured, just as an insurance policy is a contract between the insurer and the insured. Reinsurance contracts generally do not extend rights to the ultimate insured. *See, e.g.*, *Matter of Liquidation of Union Indem. Ins. Co.*, 611 N.Y.S.2d 506, 511 (N.Y. App. Div. 1st Dep't 1994) (underlying insured is not a third-party beneficiary of a standard reinsurance contract). Therefore, the ultimate insured has no capacity to sue a reinsurer because there simply is no privity between them. *See Unigard Sec. Ins. Co. v. North River Ins. Co.*, 79 N.Y.2d 576, 584 N.Y.S.2d 290, 594 N.E.2d 571, 574 (1992) ("A reinsurance contract operates solely between the reinsurer and the ceding company [the insurer]. It confers no rights on the insured."). As a corollary, it should be plain that a reinsurer has no contractual rights or privity with the ultimate insured. This makes sense as allowing reinsurers standing to bring coverage actions against the insured would greatly

burden the courts by inviting reinsurers to initiate declaratory judgment actions against ultimate insureds and intervene in pending coverage cases.  Thus, precedent and common sense both show that Whitman's claim as a reinsurer against the alleged ultimate insured, Pneumo Abex, must fail.

Whitman's standing to bring claims against the Defendant Insurers is even more tenuous.  Whitman, a reinsurer of primary insurers, is suing excess insurers with regard to the insurance contracts between the insured and the excess insurers.  It is difficult, to say the least, to see how any rulings with respect to the excess policies can have a dollars-and-cents impact upon a reinsurer of primary policies.

Therefore, this action should be dismissed because Whitman lacks standing to assert claims against the Defendant Insurers and Pneumo Abex.  *See Lans v. Gateway 2000, Inc.,* 84 F. Supp. 2d 112, 123 (D.D.C. 1999) (Penn, J.) ("lack of standing is a defect in the Court's jurisdiction over this case and thus mandates its dismissal").

### B.    This Action Should Be Dismissed Because PepsiAmericas, Not Whitman, is the Real Party in Interest.

Rule 17(a) requires that "[e]very action shall be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a); *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112, 117, 122-23 (D.D.C. 1999) (Penn, J.) (dismissing patent case when plaintiff brought suit in his own name rather than in name of the corporation that owned the patent).[5]  "[A] corporate parent and its subsidiaries may not manipulate federal diversity jurisdiction by litigating cases in the name of the other where the real party in interest is not diverse."  *Roche v. Lincoln Prop. Co.,* 373 F.3d

---

5.  Rule 19 indispensable parties are, by definition, real parties in interest under Rule 17.  *See* 4 *Moore's Federal Practice* § 17.10[1] (3d ed. 2004).

610, 614 (4th Cir. 2004), *cert. granted*, 125 S.Ct. 1398, 161 L.Ed.2d 189 (Feb 28, 2005); *Sta-Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 286-87 (7th Cir. 1996) (dismissing action where nondiverse subsidiary insured was real party in interest).

This Court should not allow PepsiAmericas to manipulate federal jurisdiction by litigating this action in the name of Whitman. Whitman does not allege any rights to the Policies for itself — not as a contracting party, not as a third party beneficiary, nor as an assignee — and does not claim coverage thereunder. Whitman is a mere front for PepsiAmericas, with a convenient corporate citizenship. This action should be dismissed because Whitman's presence alone is insufficient to guarantee comprehensive resolution.

## III.  THIS ACTION SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(b)(1) FOR LACK OF DIVERSITY BECAUSE PNEUMO ABEX SHOULD BE REALIGNED AS PLAINTIFF.

Pneumo Abex is nominally a defendant in this action, but shares an interest in the core issue in this litigation with plaintiff Whitman: maximizing coverage available under the Policies for asbestos-related liabilities of Pneumo Abex. However, Whitman has listed Pneumo Abex as a defendant in this action in an attempt to preserve diversity. As Pneumo Abex has the same principal purpose as Whitman in litigating with the Insurer Defendants, Pneumo Abex must be realigned as a plaintiff (alongside Whitman) in this action. Once Pneumo Abex is realigned as a plaintiff, there is no diversity, and this action must be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

### A.  Pneumo Abex Should Be Realigned as a Plaintiff with Whitman.

The doctrine of "realignment" permits a federal court to realign parties in a federal action to reflect their true interests for purposes of determining whether subject matter jurisdiction actually exists. The U.S. Supreme Court declared that federal courts determining diversity must look beyond the pleadings to decide if the necessary adversity exists between the

parties, which is "not to be determined by mechanical rules" but "ascertained from the principal

purpose of the suit and the primary and controlling matter in dispute." *City of Indianapolis v.*

*Chase Nat'l Bank*, 314 U.S. 63, 69 (1941) (citations omitted). The court should group parties

with the same ultimate interests as plaintiffs or as defendants, as the case may be, and then

consider whether any properly characterized plaintiff is a citizen of the same state as a defendant.

*See id.*

Applying the principles espoused in *City of Indianapolis*, this court held in an

insurance coverage case, *Saylab v. Harford Mut. Ins. Co.*, 271 F. Supp. 2d 112, 116 (D.D.C.

2003), that it was proper to realign the underlying defendant — the insured — with the

underlying plaintiff notwithstanding their facial adversity because:

> The 'real controversy' in this lawsuit is whether any of the
> Insurance Defendants owes a duty, through contract or
> otherwise, to indemnify and defend [the insured]. As to
> that real controversy, [the insured] is a nominal defendant
> only, whose interests are completely aligned with the
> [plaintiffs]. Thus, for purposes of considering diversity
> jurisdiction, the Court must realign [the insured] to the side
> of the [plaintiffs].

271 F. Supp. 2d at 116. As in *Saylab,* Pneumo Abex is properly a plaintiff for diversity

purposes. While Whitman holds itself out as an insurer — actually as a reinsurer of primary

policies — it is merely advancing the interests of PepsiAmericas, its parent, an alleged

policyholder, and "net-of-insurance" indemnitor of Pneumo Abex. (Biester Decl. Ex. 3, NY

Joint Answer, at 9, ¶ 3.). In fact, when PepsiAmericas' corporate predecessor intervened in the

1982 Action, it did so as a plaintiff alongside Pneumo Abex.

Whitman alleges that since the filing of the 1982 Action, "a direct adversity has

arisen between [Pneumo] Abex and [Whitman] . . . concerning the responsibility to pay for costs

and expenses associated with Abex asbestos-related suits and claims." (Whitman Am. Compl. ¶

6.)  Even if this were true — which is not feasible as Whitman, a reinsurer has no direct

obligations to Pneumo Abex, an alleged underlying insured — it does not change Pneumo

Abex's proper alignment alongside Whitman with regard to the primary purpose of this case:

Whitman — on behalf of its parent, Pepsi Americas — and Pneumo Abex both seek to maximize

coverage under the excess policies at issue in this litigation.  Thus, the parties should be

realigned to reflect this reality.

Comparing this action to the NY Action makes the commonality of interest

between Whitman, PepsiAmericas, and Pneumo Abex readily apparent.  In the NY Action,

PepsiAmericas, Pneumo Abex and Cooper did not assert claims against each other; instead they

answered jointly, and presented joint counter and cross-claims against the insurers.  Their

pleading in the NY Action concisely states:  "Defendants [defined as PepsiAmericas, Pneumo

Abex, and Cooper]" "seek to obtain the fullest legal relief possible, including money damages,

for the Insurance Companies' breaches of contracts and other wrongs."  (Biester Decl. Ex. 3, NY

Joint Answer, at 13, ¶ 19.)  PepsiAmericas has asserted in the NY Action that, "[PepsiAmericas],

its captive [Whitman], and Abex all have a vested stake in what happens between insurers

because they are the ones who are out of pocket while the insurers point fingers at one another."

(Biester Decl. Ex. 2, PepsiAmericas NY Reply, at 4-5, n.4.)

As Whitman and Pneumo Abex are aligned in their efforts to maximize coverage

available under the Policies the "real controversy" in this case is between the alleged

policyholders and the non-affiliated insurers:  the policyholder interests that are represented by

Whitman, Pneumo Abex, and non-parties PepsiAmericas (Whitman's parent) and Cooper on one

hand, with the insurers' interests on the other.  No matter how Pneumo Abex is described or

22

defined, it most certainly falls on the opposite side of the insurers with respect to the "principal purpose of the suit." As such, Pneumo Abex must be realigned as a plaintiff with Whitman.

**B.      There is No Diversity Jurisdiction Once Pneumo Abex is Properly Aligned with Whitman as a Plaintiff.**

Pneumo Abex is alleged to be Delaware corporation with its principal place of business in New Jersey. (Whitman Am. Compl. ¶ 33.) Several of the defendants are alleged to be Delaware corporations: American Re (Whitman Am. Compl. ¶ 16), Falcon (Whitman Am. Compl. ¶ 21), Mt. McKinley (Whitman Am. Compl. ¶ 25), and Hudson (Whitman Am. Compl. ¶ 27); three of the defendants are alleged to have principal places of business in New Jersey: Federal (Whitman Am. Compl. ¶ 22), Mt. McKinley (Whitman Am. Compl. ¶ 25) and American Re (Whitman Am. Compl. ¶ 16). Therefore, there is no diversity jurisdiction once Pneumo Abex is properly aligned as a plaintiff. 28 U.S.C. § 1332; *see City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941); *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *IDT Corp. v. eGlobe Inc.*, 140 F. Supp. 2d 30, 36 (D.D.C. 2001) (dismissing for lack of subject matter jurisdiction when plaintiff and defendant were both incorporated in Delaware).

Thus, the action should be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); 28 U.S.C. § 1332. Moreover, as discussed above, dismissal serves efficiency and will not delay resolution, as the NY Action involves PepsiAmericas, Cooper, and Pneumo Abex.

**IV.    THIS ACTION SHOULD BE DISMISSED OR STAYED IN DEFERENCE TO THE PARALLEL NY ACTION.**

Even if this Court were properly vested with jurisdiction, it would not be proper to exercise it. Under the Declaratory Judgment Act, 28 U.S.C. 2201(a), the decision whether to exercise jurisdiction rests within the sound discretion of the District Court. *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 ("Since its inception, the Declaratory Judgment Act has been

23

understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."); *Jackson v. Culinary Sch. of Wash., Ltd.*, 59 F.3d 254, 256 (D.C. Cir. 1995) ("The Supreme Court in *Wilton* took great pains to emphasize the singular breadth of the district court's discretion to withhold declaratory judgment.").

This Court has substantial discretion to dismiss or stay this action. This action brings multiple claims for declaratory relief, which are discretionary. (Whitman Am. Compl., Prayer for Relief); *Wilton*, 515 U.S. at 286. The only other claim, under the "All Writs Act," appears to seek ancillary relief to protect jurisdiction in federal court, but does not seek any substantive injunctive or compensatory relief that would be encompassed in a final judgment. (Whitman Am. Compl., Second Claim for Relief.) Thus, application of the *Wilton* standard is proper given the relief sought. And although First State does not think it appropriate to argue in full the validity of the stay in New York, it is worth noting that the stay decision fails to acknowledge Cooper's opposition or the actual posture of this action vis-à-vis the 1982 Action. The stay has been appealed.

Under *Wilton* and its progeny, the considerations for a district court in the exercise of its discretion include: (1) whether the federal action would finally settle the controversy between the parties; (2) whether other remedies are available or other proceedings pending; (3) whether state or federal law governs and the public importance of the question to be decided; (4) the degree of adversity between the parties; and (5) the equity of the conduct of the declaratory judgment plaintiff. *Wilton v. Seven Falls Co.,* 515 U.S. 277; *Jackson v. Culinary Sch. of Wash., Ltd.*, 27 F.3d 573, 578 (D.C. Cir. 1994) (listing various considerations), *vacated on other grounds*, 515 U.S. 1139 (1995); *Hanes Corp. v. Millard*, 531 F.2d 585, 591 n.4 (D.C. Cir. 1976). These considerations all weigh in favor of abstention.

NY 982435_2.DOC

1.    *This Action Cannot Fully Resolve This Controversy.*

The U.S. Court of Appeals for the D.C. Circuit has instructed district courts to dismiss declaratory judgment actions where the declaratory relief would not "settle the controversy between the parties." *Jackson*, 27 F.2d at 580 (quoting *Hanes Corp.*, 531 F.2d at 591). Cooper and PepsiAmericas are the two primary claimants alleging rights to proceeds under the Policies, and cannot be joined in this action. Any judgment rendered by this Court cannot bind them, and thus cannot resolve this controversy. *Roth v. D.C. Courts*, 160 F. Supp. 2d 104, 110 (D.D.C. 2001) (stating "it would not be prudent for this Court to expend limited judicial resources to resolve issues which would not fully resolve the plaintiffs' claims"). This strongly favors dismissal.

2.    *There is an Adequate Remedy Available in New York.*

The NY Action was filed on July 9, 2002, over three years prior to this case. By bringing the instant matter, PepsiAmericas (through Whitman) seeks only to use this Court to interfere with the NY Action in an apparent effort to avoid application of prevailing insurance coverage law.[6] Although the NY Action is presently stayed, it has not been dismissed and the stay is subject to appeal. And the NY Action is open to further proceedings as First State has appealed the stay. Therefore, Whitman has an adequate remedy in New York if this action is

---

6. Acknowledging the judicial preference for prior state court actions, Whitman claims in its complaint that the current case is connected to the 1982 Action in this Court. (Whitman Am. Compl. ¶ 1.) Any claim that this forum predates the NY Action with respect to the current dispute is inaccurate as the parties, the policies at issue, and the issues to be resolved are not the same. First, most defendants in this case, including First State, were not parties to that litigation. In addition, while the record in the 1982 Action remains sealed, it appears that few, if any, of the policies at issue in this litigation, and none of the First State policies, were addressed in the 1982 Action. Indeed, some of the First State policies implicated were not even issued at the time of the filing of the 1982 Action.

dismissed. *Hanes Corp. v. Millard*, 531 F.2d 585, 591 n.4 (D.C. Cir. 1976) (listing the availability of an adequate remedy elsewhere as a consideration under *Brillhart*).

> 3.     *This Dispute Arises Under State Law and Does Not Involve Any Issues of Significant Public Concern.*

There can be no dispute that this coverage case is a matter of state law — as Pneumo Abex's prior briefing put it — a matter of "New York law." (Biester Decl. Ex. 9, Brief of Pneumo Abex Corporation as Amicus Curiae in Suppport of Plaintiff-Appellant, *Con. Edison v. Allstate Ins. Co.,* Index No. 600142/98, before the New York Court of Appeals, at 6 (proclaiming its "Interest as Amici Curiae" "[a]s a policyholder with policies that are being interpreted under New York law in an ongoing coverage case"); *Abex Corp. v. Maryland Cas. Co.*, 790 F.2d 119, 121 (D.C. Cir. 1986) ("The parties have stipulated that this case is governed by New York law."). Accordingly, federal law will not be implicated, strongly militating for dismissal of this case in favor of a pending state court proceeding. *See Jackson*, 59 F.3d at 256 (applying *Wilton* where the action concerned novel state law issues); *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 136 (3d Cir. 2001) (in insurance coverage case, "the state's interest in resolving its own law must not be given short shrift"); *Chapman v. Clarendon Nat'l Ins. Co*., 299 F. Supp. 2d 559, 563 (E.D. Va. 2004) (dismissing a declaratory judgment action because "states have a particularly strong interest in regulating the insurance industry").

> 4.     *There is No Actual Controversy Between Whitman and the Defendants.*

There is reason to doubt that an actual controversy exists between Whitman and the defendants. As discussed above, Whitman, a reinsurer of *primary* insurers, is suing *excess* insurers with regard to the insurance contracts between the insured and the excess insurers. Whitman does not claim rights to proceeds under the Policies, and Whitman does not claim to have issued any of the policies. How Whitman (a reinsurer of primary policies) would be

NY 982435_2.DOC

impacted by any ruling in this case — which involves only excess policies — is difficult to fathom. Therefore, this action should be dismissed or stayed. *See Hanes Corp. v. Millard*, 531 F.2d 585, 591 n.4 (D.C. Cir. 1976) (listing degree of adversity between the parties as a consideration).

5. *Whitman's and PepsiAmericas' Maneuverings to Avoid Jurisdiction in New York Must Be Rejected.*

Courts have found the type of "procedural fencing" undertaken by Whitman here as an influential consideration in dismissing declaratory judgment actions. *See Hanes Corp.*, 531 F.2d at 591, n.4 (listing "procedural fencing" as a consideration).

In fact, this action is brought by a convenient decoy corporation and bears the hallmarks of contrived litigation — missing and misaligned parties, and a plaintiff with no articulated standing.

Moreover, not only has PepsiAmericas improperly used Whitman to manipulate the jurisdictional requirements of this action, it also has used the 1982 Action (to which First State was not a party) and its confidentiality order as twin procedural swords to attack the NY Action. PepsiAmericas has been quite content to offer its own characterizations of the proceedings in the 1982 Action in its attempt to stay the NY Action. (*See* Biester Decl. Ex. 2, PepsiAmericas NY Reply, at 1-3, 6, 9.) Whitman has also filed motions for summary judgment in this action, seeking to extend prior rulings in the 1982 Action against entities who have never been part of that case, and who were never heard on the relevant prior motions. At the same time, Whitman and PepsiAmericas have not taken any visible steps towards allowing the Insurer Defendants access to the proceedings in the 1982 Action to the extent such materials are under seal (despite advising the New York court that it would take steps to lift the order). (Biester Decl. Ex. 7, Transcript of June 16, 2005 Hearing before Hon. John Bradley, in the NY Action, at

27

36.)  They also fail to provide any documentary explanation of how it could be, as they assert, that New York has no connection to the litigation (Biester Decl. Ex. 2, PepsiAmericas NY Reply, at 3), while the D.C. Circuit has stated that "the parties have stipulated that this case is governed by New York law."  *Abex Corp.*, 790 F.2d at 121.

All of this confusion and obfuscation can end by deferring to the NY Action, where all of the parties are present.

## <u>CONCLUSION</u>

For the reasons stated above, this Court should dismiss this action, or, in the alternative, stay all proceedings in this action.

    _/s/ Eric S. Parnes_____
Eric S. Parnes (D.C. Bar No. 489071)
Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
(202) 721-4600
*Attorneys for First State Insurance*
*Company*

*Of Counsel:*
    David R. Biester
    Erik Bond
    Hughes Hubbard & Reed LLP
    One Battery Park Plaza
    New York, NY 10004
    (212) 837-6000

NY 982435_2.DOC