# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **WHITMAN INSURANCE COMPANY, LTD.,** | : | |
| | : | **Civil Action No. 05-01125** |
| **Plaintiff,** | : | |
| | : | **Judge John Garrett Penn** |
| | : | |
| | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| | : | |
| **TRAVELERS INDEMNITY COMPANY** | : | |
| **ET AL.,** | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

---

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS AIU INSURANCE COMPANY, AMERICAN HOME ASSURANCE COMPANY, GRANITE STATE INSURANCE COMPANY, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., AND NEW HAMPSHIRE INSURANCE COMPANY TO <u>AMENDED COMPLAINT OF WHITMAN INSURANCE COMPANY, LTD.</u>

COME NOW, Defendants AIU Insurance Company ("AIU"), American Home

Assurance Company ("American Home"), Granite State Insurance Company ("Granite State"),

Insurance Company of the State of Pennsylvania ("ISOP"), National Union Fire Insurance

Company of Pittsburgh, Pa. ("National Union"), and New Hampshire Insurance Company ("New

Hampshire") (the foregoing defendants hereinafter collectively referred to as "These

Defendants") and answer Whitman Insurance Company, Ltd. ("Plaintiff's") Amended Complaint for Declaratory and Injunctive Relief ("Complaint") as follows:

<u>**Nature of This Action**</u>

1.      The allegations in paragraph 1 of the Complaint are legal conclusions that need not be answered by These Defendants.  By way of further response, the allegations in paragraph 1 of the Complaint are Plaintiff's characterization of this action and need not be answered by These Defendants.  If an answer is deemed to be required, however, the allegations in paragraph 1 are denied.

2.      The allegations in paragraph 2 of the Complaint are legal conclusions that need not be answered by These Defendants.  By way of further response, the allegations in paragraph 2 of the Complaint are Plaintiff's characterization of this action and need not be answered by These Defendants.  If an answer is deemed to be required, however, the allegations in paragraph 2 are denied.

3.      These Defendants admit only that asbestos-related claims have been brought against Pneumo Abex, LLC.  The allegations in paragraph 3 of the Complaint are legal conclusions that need not be answered by These Defendants.  By way of further response, the allegations in paragraph 3 of the Complaint are Plaintiff's characterization of this action and need not be answered by These Defendants.  If an answer is deemed to be required, however, the allegations in paragraph 3 are denied.

4.      To the extent the allegations in paragraph 4 of the Complaint pertain to parties other than These Defendants, no response is required; but to the extent a response is deemed required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

-2-

Further responding to the first sentence of paragraph 4 of the Complaint, These Defendants deny the allegations of this sentence, except to admit that they issued certain policies of insurance to I.C. Industries, which are written agreements, the terms of which speak for themselves and are the best evidence of their contents. The allegations in the second through tenth sentences of paragraph 4 of the Complaint contain legal conclusions and Plaintiff's characterizations, and need not be answered by These Defendants. These defendants deny the allegations of the eleventh sentence of paragraph 4 of the Complaint. Theses Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of the twelfth and thirteenth sentences of paragraph 4 of the Complaint, and therefore deny the allegations of those sentences. These Defendants further state that their obligations, if any, under the policies referred to in paragraph 4 are defined and limited by the terms of the policies, which are incorporated herein. These Defendants deny the allegations contained in this paragraph to the extent those allegations are inconsistent with the terms, conditions, exclusions, and obligations of any policy allegedly issued by These Defendants.

5.      The allegations in paragraph 5 of the Complaint are legal conclusions and Plaintiff's characterizations, and therefore need not be answered by These Defendants. To the extent that a response is deemed to be required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

6.      The allegations in paragraph 6 of the Complaint pertain to parties other than These Defendants and therefore no response is required. To the extent that a response is deemed required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, and therefore deny those allegations.

DC\PTP\278986v3

7.      The allegations in paragraph 7 of the Complaint are legal conclusions and
Plaintiff's characterizations, and therefore need not be answered by These Defendants. To the
extent that a response is deemed to be required, These Defendants state that they lack knowledge
or information sufficient to form a belief as to the truth of the allegations of this paragraph, and
therefore deny those allegations.

8.      The allegations in paragraph 8 of the Complaint are legal conclusions and
Plaintiff's characterizations, and therefore need not be answered by These Defendants. To the
extent that a response is deemed to be required, These Defendants state that they lack knowledge
or information sufficient to form a belief as to the truth of the allegations of this paragraph, and
therefore deny those allegations. By way of further response, These Defendants incorporate by
reference the Prayer for Relief and Affirmative Defenses as set forth here-in-below.

9.      The allegations in paragraph 9 of the Complaint are legal conclusions and
Plaintiff's characterizations, and therefore need not be answered by These Defendants. To the
extent that a response is deemed to be required, These Defendants state that they lack knowledge
or information sufficient to form a belief as to the truth of the allegations of this paragraph, and
therefore deny those allegations.

## The Parties and Jurisdiction

10 - 11.    The allegations in paragraphs 10 and 11 of the Complaint pertain to parties
other than These Defendants and therefore no response is required. To the extent that a response
is deemed required, These Defendants state that they lack knowledge or information sufficient to
form a belief as to the truth of the allegations of these paragraphs, and therefore deny those
allegations.

12 - 13.    Admitted.

-4-

14.    The allegations in paragraph 14 of the Complaint pertain to a party other than These Defendants and therefore no response is required.  To the extent that a response is deemed required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, and therefore deny those allegations.

15.    Admitted.

16 - 25.  The allegations in paragraphs 16 through 25 of the Complaint pertain to parties other than These Defendants and therefore no response is required.  To the extent that a response is deemed required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, and therefore deny those allegations.

26.    Admitted.

27.    The allegations in paragraph 27 of the Complaint pertain to a party other than These Defendants and therefore no response is required.  To the extent that a response is deemed required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

28.    Admitted.

29 - 30.  The allegations in paragraphs 29 and 30 of the Complaint pertain to parties other than These Defendants and therefore no response is required.  To the extent that a response is deemed required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, and therefore deny those allegations.

31.    Admitted.

DC\PTP\278986v3

32 - 33.    The allegations in paragraphs 32 and 33 of the Complaint pertain to parties other than These Defendants and therefore no response is required.  To the extent that a response is deemed required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, and therefore deny those allegations.

34.    The allegations in paragraph 34 of the Complaint are legal conclusions that need not be answered by These Defendants.  To the extent that an answer is deemed to be required, the allegations in this paragraph are denied.

### General Factual Allegations

35.    Denied as phrased.  These Defendants admit that asbestos-related claims have been brought against Pneumo Abex, LLC.  The allegations in the fifth sentence of paragraph 35 of the Complaint contain legal conclusions and Plaintiff's characterizations, and need not be answered by These Defendants.  To the extent that the allegations of paragraph 35 of the Complaint relate to the insurance policies that These Defendants issued to I.C. Industries, those policies are written agreements, the terms of which speak for themselves and are the best evidence of their contents.  These Defendants further state that their obligations, if any, under the policies referred to in paragraph 35 are defined and limited by the terms of the policies, which are incorporated herein.  These Defendants deny the allegations contained in this paragraph to the extent those allegations are inconsistent with the terms, conditions, exclusions, and obligations of any policy allegedly issued by These Defendants.  To the extent that a further response is deemed required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

-6-

36.    Denied as phrased.  These Defendants admit that asbestos-related claims have been brought against Pneumo Abex, LLC.  To the extent that a further answer is deemed required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

37.    The allegations in paragraph 37 of the Complaint pertain to parties other than These Defendants and therefore no response is required.  To the extent that a response is deemed required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

38.    National Union admits that it issued the liability policies referred to in this paragraph to IC Industries.  Such policies are written agreements, the terms of which speak for themselves and are the best evidence of their contents.  National Union's obligations, if any, under the policies identified in paragraphs 38 are defined and limited by the terms of the policies, which are incorporated herein.  National Union denies the allegations contained in this paragraph to the extent those allegations are inconsistent with the terms, conditions, exclusions, and obligations of any policy allegedly issued by National Union.  National Union lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies those allegations.

39.    Defendant AIU admits that it issued the liability policies referred to in this paragraph to IC Industries.  Such policies are written agreements, the terms of which speak for themselves and are the best evidence of their contents.  AIUs' obligations, if any, under the policies identified in paragraph 39 are defined and limited by the terms of the policies, which are incorporated herein.  AIU denies the allegations contained in these paragraphs to the extent those allegations are inconsistent with the terms, conditions, exclusions, and obligations of any policy

-7-

allegedly issued by AIU. AIU lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies those allegations.

40.    The allegations in paragraph 40 of the Complaint pertain to parties other than These Defendants and therefore no response is required. To the extent that a response is deemed required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

41.    Defendant American Home lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies those allegations.

42 - 51.  The allegations in paragraphs 42 through 51 of the Complaint pertain to parties other than These Defendants and therefore no response is required. To the extent that a response is deemed required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, and therefore deny those allegations.

52.    Defendant Granite State lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies those allegations.

53.    The allegations in paragraph 53 of the Complaint pertain to parties other than These Defendants and therefore no response is required. To the extent that a response is deemed required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

54.    Defendant ISOP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies those allegations.

55 - 56.  The allegations in paragraphs 55 and 56 of the Complaint pertain to parties other than These Defendants and therefore no response is required. To the extent that a response is

DC\PTP\278986v3

deemed required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, and therefore deny those allegations.

57.    Defendant New Hampshire lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies those allegations.

58.    The allegations in paragraph 58 of the Complaint pertain to parties other than These Defendants and therefore no response is required.  To the extent that a response is deemed required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

59.    The allegations in paragraph 59 of the Complaint pertain to parties other than These Defendants and therefore no response is required.  To the extent that a response is deemed required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

60 - 61.  These Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 60 and 61 and the same are therefore denied.  By way of further response, the allegations are denied to the extent that they contain conclusions of law to which no response is required.

62.    These Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and the same are therefore denied.  By way of further response, such policies are written agreements, the terms of which speak for themselves and are the best evidence of their contents.  These Defendants' obligations, if any, under the policies identified in paragraph 62 are defined and limited by the terms of the policies, which are incorporated herein.  These Defendants deny the allegations contained in this paragraph to the

-9-

extent those allegations are inconsistent with the terms, conditions, exclusions, and obligations of any policy allegedly issued by These Defendants. The allegations are further denied to the extent that they contain conclusions of law to which no response is required.

63 - 64. Denied as phrased. The opinion in *Abex Corp. v. Maryland Cas. Co.*, 790 F.2d 119 (D.C. Cir. 1986) is a document which speaks for itself and is the best evidence of its contents. These Defendants deny the allegations contained in these paragraphs to the extent those allegations are inconsistent with the ruling of the United States Court of Appeals for the District of Columbia Circuit and insofar as they are legal conclusion and Plaintiff's characterization, and therefore need not be answered by These Defendants.

65.    The allegations in paragraph 65 of the Complaint are legal conclusions that need not be answered by These Defendants. To the extent that a response is deemed to be required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

66.    The allegations in paragraph 66 of the Complaint are legal conclusions that need not be answered by These Defendants. To the extent that a response is deemed to be required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

67.    These Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and the same are therefore denied.

68 - 74. The allegations in paragraph 68 through 74 of the Complaint are legal conclusions and Plaintiff's characterization of the New York litigation, and therefore need not be answered by These Defendants. To the extent that a response is deemed to be required, These

-10-

Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, and therefore deny those allegations.

## FIRST CLAIM FOR RELIEF
## (DECLARATORY JUDGMENT AGAINST ALL DEFENDANTS)

75.     These Defendants repeat and incorporate by reference paragraphs 1 through 74 of their Answer to the Complaint as if fully set forth herein.

76.     The allegations in paragraph 76 of the Complaint are legal conclusions and Plaintiff's characterizations, and therefore need not be answered by These Defendants. To the extent that a response is deemed to be required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

77.     The allegations in paragraph 77 of the Complaint are legal conclusions that need not be answered by These Defendants. To the extent that a response is deemed to be required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

78.     The allegations in paragraph 78 of the Complaint are legal conclusions that need not be answered by These Defendants. To the extent that a response is deemed to be required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

79.     The allegations in paragraph 79 of the Complaint are legal conclusions that  need not be answered by These Defendants. To the extent that a response is deemed to be required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

DC\PTP\278986v3

## SECOND CLAIM FOR RELIEF
## (ALL WRITS ACT -- AGAINST ALL DEFENDANTS)

80.     These Defendants repeat and incorporate by reference paragraphs 1 through 79 of their Answer to the Complaint as if fully set for herein.

81.     The allegations in paragraph 81 of the Complaint are legal conclusions and Plaintiff's characterization, and  need not be answered by These Defendants.  To the extent that a response is deemed to be required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

82.     The allegations in paragraph 82 of the Complaint are legal conclusions that need not be answered by These Defendants.  To the extent that a response is deemed to be required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

83.     The allegations in paragraph 83 of the Complaint are legal conclusions that need not be answered by These Defendants.  To the extent that a response is deemed to be required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

84.     The allegations in paragraph 84 of the Complaint are legal conclusions that  need not be answered by These Defendants.  To the extent that a response is deemed to be required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

DC\PTP\278986v3

**THIRD CLAIM FOR RELIEF**
**(DECLARATORY JUDGMENT – DUTY TO INVESTIGATE AND DEFEND,**
**REIMBURSE DEFENSE COSTS AND INDEMNIFY**
**AGAINST ALL INSURER DEFENDANTS)**

85.   These Defendants repeat and incorporate by reference paragraphs 1 through 84 of

their Answer to the Complaint as if fully set for herein.

86 (i) - (ix).   The allegations in paragraph 86 (i) - (ix). of the Complaint are legal

conclusions, and  need not be answered by These Defendants.  By way of further response,

These Defendants specifically deny that they have failed to meet their obligations to investigate,

defend, reimburse and/or indemnify under the subject insurance policies and applicable law.

87.   The allegations in paragraph 87 of the Complaint are legal conclusions and

requests for relief that need not be answered by These Defendants.  To the extent that a response

is deemed to be required, These Defendants state that they lack knowledge or information

sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny

those allegations.  By way of further response, These Defendants request that the Court enter an

order dismissing the Complaint with prejudice as to These Defendants; declaring that These

Defendants have no duty or obligation to indemnify or defend or pay defense costs to Plaintiff

for the underlying actions brought against it for which the Plaintiffs seek reimbursement;

declaring that These Defendants have no duty or obligation to subrogate, contribute or indemnify

the Plaintiffs for payments made to the Defendant Insureds for the costs of the underlying actions

brought against the Defendant Insureds; awarding to These Defendants any recoverable costs of

this action, including reasonable attorneys' fees; and for all such other or further relief as the

Court deems just and proper.

88.   The allegations in paragraph 88 of the Complaint are legal conclusions that need

not be answered by These Defendants.  To the extent that a response is deemed to be required,

-13-

These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

89.    The allegations in paragraph 89 of the Complaint are legal conclusions that need not be answered by These Defendants. To the extent that a response is deemed to be required, These Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

## PRAYER FOR RELIEF

**WHEREFORE**, These Defendants respectfully request that this Court grant judgment in their favor:

a.    dismissing the Complaint with prejudice as to These Defendants;

b.    declaring that These Defendants have no duty or obligation to indemnify or defend or pay defense costs to Plaintiff for the underlying actions brought against it for which the Plaintiffs seek reimbursement;

c.    declaring that These Defendants have no duty or obligation to subrogate, contribute or indemnify the Plaintiffs for payments made to the Defendant Insureds for the costs of the underlying actions brought against the Defendant Insureds;

d.    awarding to These Defendants any recoverable costs of this action, including reasonable attorneys' fees; and

e.    for all such other or further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against These Defendants upon which relief can be granted.

-14-

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred to the extent that this Court lacks jurisdiction over the subject matter of the Complain, which without limitation of this defense, presents no justiciable case or controversy between the Plaintiffs and These Defendants, or to the extent that this Court is not a proper venue.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred to the extent that the underlying claims do not constitute a suit as required by the policies issued by These Defendants.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint may not be authorized by the applicable statute and/or law regarding declaratory judgments. In particular, but without limitation, the Complaint for declaratory relief may not set forth facts establishing the existence of a justiciable controversy, is not ripe for adjudication, and seeks an advisory opinion.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that all conditions precedent and subsequent to the triggering of liability, coverage or a duty to defend, if any, under These Defendants' policies at issue herein have not been fulfilled, These Defendants have no obligation to Pneumo Abex Corporation, Pepsi Americas, Inc., Cooper Industries, Inc., or Whitman Insurance Company Ltd. (hereinafter "Abex Parties"), or any other party.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to allege facts sufficient to trigger any duty on behalf of These Defendants to indemnify and/or reimburse Plaintiff for any of the claims against the Abex Parties as alleged in the Complaint.

-15-

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred to the extent that it seeks recovery under policies allegedly issued by These Defendants to the Abex Parties which cannot be found, produced, or proved, in total or otherwise, as no coverage would be available pursuant to such non-existent policies. Furthermore, the Complaint is barred in whole or in part to the extent that the existence of material terms and conditions of any such alleged policies cannot be established by the Abex Parties.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of the claims against These Defendants are or may be barred in whole or in part by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

Some or all of the claims against These Defendants are or may be barred in whole or in part by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

Some or all of the claims against These Defendants are or may be barred in whole or in part by the doctrine of release.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of the claims against These Defendants are or may be barred in whole or in part by the doctrine of accord and satisfaction.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of the claims against These Defendants are or may be barred in whole or in part by the doctrine of estoppel.

DC\PTP\278986v3

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims against These Defendants are or may be barred in whole or in part by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims against These Defendants are or may be barred in whole or in part by applicable statutes of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint is or may be barred for failure to join parties necessary to the adjudication of this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that the Abex Parties may have failed to afford These Defendants timely, sufficient and appropriate written notice of losses, claims, occurrences and/or suits, as required by the terms of their policies, such failure would bar coverage under the policies issued by These Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that some or all of the circumstances alleged do not constitute an "occurrence," were not fortuitous or were "expected" or "intended" from the standpoint of the insured, as those terms are used and defined in some or all of the policies issued by These Defendants, coverage would be precluded.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred to the extent that the Plaintiff and/or Abex Parties failed to assist and/or cooperate with These Defendants as required under the policies or as implied or required by law.

## NINETEENTH AFFIRMATIVE DEFENSE

The Complaint is barred to the extent that the allegations of damage or injury asserted in the Complaint do not constitute "loss," "ultimate net loss," "bodily injury," "personal injury," "products hazard," "occupational disease," "employers liability," or "workmen's compensation" as those terms are used or defined in These Defendants' policies at issue herein, or any form of damage or "damages" as to which coverage is afforded under the terms and conditions of the policies.

## TWENTIETH AFFIRMATIVE DEFENSE

The claims are subject to any limits of liability for occupational disease, employer's liability or workmen's compensation set forth in These Defendants' policies or any underlying policies to which These Defendants' policies at issue follow form.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent that the Abex Parties' are not insureds under These Defendants' policies at issue herein, no coverage exists.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

These Defendants' liability, if any, is restricted by the stated limits of liability in their policies at issue herein.

-18-

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent that the Complaint seeks coverage for claims arising solely or primarily from circumstances, injury, damage and/or loss which did not take place during any effective period of coverage allegedly provided by These Defendants, there would be no coverage under those policies.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

These Defendants' policies at issue herein provide no coverage for, or exclude from coverage, loss or damage which constitutes, represents, or arises out of fines, penalties or punitive or exemplary damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

These Defendants' policies at issue herein provide no coverage for, or exclude from coverage, loss or damage which constitutes, represents or arises out of claims, demands or suits seeking non-pecuniary or injunctive relief.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

These Defendants' policies at issue herein do not apply to claims or losses alleged to be based upon or attributable to the Abex Parties' willful or deliberate noncompliance with any statute, regulation, ordinance or instruction of any government body or public policy.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent that the Complaint seeks to recover costs and expenses which were neither reasonable nor necessary or were incurred voluntarily or without the prior written consent of These Defendants, there would be no coverage under their policies at issue herein.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

These Defendants' policies at issue herein do not apply to claims arising out of liability of others which has been assumed by the Abex Parties under a contract or agreement.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Any recovery against These Defendants must be reduced to the extent Plaintiffs or the Abex Parties failed to mitigate, minimize or avoid their claimed damages.

## THIRTIETH AFFIRMATIVE DEFENSE

To the extent the Abex Parties, or their predecessors, affiliates, agents, brokers or other representatives intentionally or unintentionally failed to disclose or concealed, omitted, or misrepresented facts material to the risks at issue in this litigation to These Defendants or any underlying carrier, all claims under These Defendants' policies at issue herein are barred.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

To the extent the Abex Parties, or their predecessors, affiliates, agents, brokers or other representatives, intentionally or unintentionally, failed to disclose or concealed, omitted, or misrepresented facts material to the risks at issue in this litigation to These Defendants or any underlying carrier, or a mutual mistake at the time of formation exists, the equitable doctrines of rescission and reformation may apply.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

These Defendants may have no duty to defend under any excess policies issued to the Abex Parties. To the extent that These Defendants issued any policies which cover "loss only," These Defendants are not obligated to assume charge of the settlement or defense of any claim or suit brought or proceeding instituted against the Defendant Insureds, nor are These Defendants obligated to pay any legal expenses or costs associated therewith.

DC\PTP\278986v3

### THIRTY-THIRD AFFIRMATIVE DEFENSE

These Defendants' policies at issue herein do not provide coverage for losses, claims, injury, damage and/or harm known or already in existence or in progress prior to the effective date of such policies.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that the claims alleged in the Complaint arose out of hazards, conditions, or risks known to exist before the effective date of some or all of These Defendants' policies, all such claims would be barred.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

These Defendants' liability, if any, under their policies at issue herein does not attach unless and until any and all underlying limits and coverages have been exhausted by payment of losses and any and all underlying self-insured retentions and/or deductibles have been paid by the insured.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that the Defendant Insureds are self-insured or uninsured during any triggered policy year, the Defendant Insureds have defense and indemnity obligations with respect to claims for alleged bodily injuries or personal injuries that occurred during the period or periods during which they were self-insured or uninsured.  Under the provisions, terms, definitions, conditions, limitations and, exclusions contained in These Defendants' policies, under the doctrines of subrogation and contribution, and as a matter of fairness and equity, the Defendant Insureds are required, at a minimum, to participate in the payment of the defense fees, expenses, and other amounts at issue.

-21-

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent any insurance underlying any of the Defendants' policies was issued by an insurance carrier that is now or in the future becomes insolvent, the Defendants' policies do not drop down to provide coverage at a lower level than stated in their policies' limits of liability.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent any policy at the same level of coverage of any of These Defendants' policies was issued by an insurance carrier that is now or in the future becomes insolvent, These Defendants' policies do not "drop over" to provide coverage to the Defendant Insureds.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

To the extent that the Defendant Insureds have failed to perform all of its obligations under These Defendants' policies at issue herein, the Defendant Insureds may be barred from recovery under those policies.

### FORTIETH AFFIRMATIVE DEFENSE

The policies at issue may provide that the insured cannot proceed against These Defendants unless and until the amount of the insured's obligations have been determined by either judgment or written agreement of the insured.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Certain of the insurance policies issued by These Defendants may contain or incorporate by reference certain business risk exclusions including, but not limited to, owned product exclusions, sistership/product recall exclusions and design defect exclusions. To the extent that the Defendant Insureds seek coverage for claims within the scope of any of These exclusions, claims under the Complaint are or may be barred, in whole or in part.

-22-

## FORTY-SECOND AFFIRMATIVE DEFENSE

These Defendants seek and assert a set-off or allocation of any liability on its part to the extent provided by law, equity, or contract based upon the alleged existence of coverage provided by others or payments made by others.

## FORTY-THIRD AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the non-cumulation, other insurance, and maintenance of underlying insurance provisions contained in the policies issued by These Defendants or any underlying policies to which These Defendants' policies at issue follow form.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Punitive damages violate the Excessive Fines Clause of the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and the corresponding provisions of applicable State Constitutions.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that the Defendant Insureds failed to maintain primary or underlying insurance in full force and effect during the period of the insurance policies allegedly issued by These Defendants, the Defendant Insureds' claims may be barred, in whole or in part.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

To the extent the events for which recovery is sought are judicially determined to constitute insurable damages, These Defendants' liability, if any, is limited to and must be allocated to or among the periods during which the damage actually occurred.

DC\PTP\278986v3

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

These Defendants do not have copies of all the insurance policies underlying the policies allegedly issued by them as set forth in the Complaint. These Defendants therefore reserve their right to assert any additional defenses which may arise based on the terms, conditions and exclusions contained in any such underlying policies and to the extent that These terms, conditions and exclusions are incorporated into the policies allegedly issued by These Defendants.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

The claims under the Complaint are barred to the extent that the Defendant Insureds have impaired These Defendants' right of subrogation.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

To the extent the Defendant Insureds' claims are subject to arbitration, These Defendants reserve their right to refer These claims to arbitration pursuant to the terms of the policies.

**FIFTIETH AFFIRMATIVE DEFENSE**

The Complaint may be barred and precluded by other terms, exclusions, limitations and conditions of the policies issued by These Defendants.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

Certain of the excess insurance policies issued by These Defendants may follow form to or adopt, directly or indirectly, the terms and conditions of underlying insurance contracts issued to the Defendant Insureds by other insurers. To the extent that the terms and conditions of such underlying policies operate to limit or preclude coverage with respect to the underlying claims asserted against the Defendant Insureds, said terms and conditions also operate to limit or preclude coverage for such claims under the insurance policies issued by These Defendants.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

These Defendants reserve the right to offer additional defenses which cannot now be articulated due to Plaintiffs' failure to particularize its claims, or due to the fact that These Defendants do not have copies of critical documents bearing on, for example, the Defendant Insureds' alleged insurance, or due to Plaintiffs' or the Defendant Insureds' failure to provide more specific information concerning the nature of the underlying claims for which it seeks coverage. Upon further particularization of the claims by Plaintiffs, or upon further discovery concerning the provisions, terms, conditions, and exclusions, including any applicable endorsements of These Defendants' policies at issue, or upon discovery of further information concerning the Defendant Insureds' underlying claims, These Defendants reserve the right to assert additional defenses.

**WHEREFORE**, These Defendants respectfully request that this Court grant judgment in its favor:

a.    dismissing the Complaint with prejudice as to These Defendants;

b.    declaring that These Defendants have no duty or obligation to indemnify or defend or pay defense costs to Plaintiff for the underlying actions brought against it for which the Plaintiffs seek reimbursement;

c.    declaring that These Defendants have no duty or obligation to subrogate, contribute or indemnify the Plaintiffs for payments made to the Defendant Insureds for the costs of the underlying actions brought against the Defendant Insureds;

d.    awarding to These Defendants any recoverable costs of this action, including reasonable attorneys' fees; and

DC\PTP\278986v3

e.    for all such other or further relief as the Court deems just and proper.

Respectfully submitted,

*M. Elizabeth Medaglia*

M. Elizabeth Medaglia (No. 198077)
Julie Selesnick (No. 485558)
JACKSON & CAMPBELL, P.C.
1120 20th Street, N.W. – South Tower
Washington, DC  20036
(202) 457-1600

**ATTORNEYS FOR DEFENDANTS  AIU
INSURANCE COMPANY, AMERICAN HOME
ASSURANCE COMPANY, GRANITE STATE
INSURANCE COMPANY, INSURANCE
COMPANY OF THE STATE OF
PENNSYLVANIA, NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH,
PA., AND NEW HAMPSHIRE INSURANCE
COMPANY**

**Date:**  September 16, 2005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of September 2005, a copy of the foregoing was served by electronic filing upon counsel listed in the notice of Electronic Filing, and by first class mail, postage prepaid, addressed to the following:

| | |
|---|---|
| *Whitman Insurance Company* | Daniel E. Chefitz, Esq.<br>Brooke Clagett, Esq.<br>Morgan, Lewis & Bockius, LLP<br>1111 Pennsylvania Avenue, NW<br>Washington, DC 20004 |
| *Pneumo Abex Corporation, LLC* | Barbara E. Rutkowski, Esq.<br>Jones Day<br>222 East 41st Street<br>New York, NY 10017<br><br>Michael Ginsberg, Esq.<br>J.W. Montgomery III, Esq.<br>Jones Day<br>One Mellon Center, 331st Floor<br>500 Grant Street<br>Pittsburgh, PA 15219 |
| *American Home Assurance Company; AIU Insurance Company; Granite State Insurance Company; National Union Fire Insurance Company of Pittsburgh, PA; Insurance Company of the State of Pennsylvania; New Hampshire Insurance Company* | M. Elizabeth Medaglia, Esq.<br>Julie Selesnick, Esq.<br>Jackson & Campbell, P.C.<br>1120 20th Street, NW<br>South Tower, Suite 300<br>Washington, DC 20036-4337 |
| *Allianz Insurance Company, f/k/a Allianz Underwriters, Inc. (improperly sued as Allianz Global Risks U.S. Insurance Company, f/k/a Allianz Insurance Company)* | Elizabeth Hamlin, Esq.<br>Antonio D. Favetta, Esq.<br>Garrity, Graham, Favetta and Flinn<br>One Lackawanna Plaza<br>P.O. Box 4205<br>Montclair, NJ 07042-8205 |
| *American Reinsurance Company* | Mark Sheridan, Esq.<br>Robert J. Bates, Esq.<br>R. Patrick Bedell<br>Bates & Carey LLP<br>191 North Wacker Drive<br>Suite 2400<br>Chicago, IL 60606 |

| | |
|---|---|
| *American Reinsurance Company (Cont.)* | Richard W. Driscoll, Esq.<br>Driscoll & Seltzer, PLLC<br>600 Cameron Street<br>Alexandria, VA 22314 |
| *Employers Mutual Casualty* | Wendy L. Mager, Esq.<br>Smith, Stratton, Wise, Heher & Brennan, LLP<br>2 Research Way<br>Princeton, NJ 08540<br><br>Richard W. Driscoll, Esq.<br>Driscoll & Seltzer, PLLC<br>600 Cameron Street<br>Alexandria, VA 22314 |
| *Federal Insurance Company* | L. Barrett Boss, Esq.<br>Cozen O'Connor<br>1667 K Street, NW, Suite 500<br>Washington, DC 20006<br><br>John J. Dwyer, Esq.<br>Cozen O'Connor<br>1900 Market Street<br>Philadelphia, PA 19103 |
| *Fireman's Fund Insurance; National Surety Company* | Andrew Butz, Esq.<br>Bonner, Kiernan, Trebach & Crociata<br>1250 I Street, NW, Sixth Floor<br>Washington, DC 20005<br><br>Rolf Lindenharn, Esq.<br>Kaufman & Logan, LLP<br>100 Spear Street, 12th Floor<br>San Fancisco, CA 94105 |
| *First State Insurance Company* | Eric S. Parnes, Esq.<br>Kathryne Love, Esq.<br>Hughes, Hubbard & Reed, LLP<br>1775 I Street, NW<br>Washington, DC 20006-2401<br><br>David R. Biester, Esq.<br>Erik Bond, Esq.<br>Hughes, Hubbard & Reed, LLP<br>One Battery Park Plaza<br>New York, NY 10004-1482 |

| | |
|---|---|
| *Hudson Insurance Company* | Elizabeth B. Sandza, Esq.<br>David M. Ross, Esq.<br>Leboeuf, Lamb, Green & Macrae, LLP<br>1875 Connecticut Avenue, NW<br>Washington, DC  20009 |
| *TIG Insurance Co.* | Louis G. Corsi, Esq.<br>Landman, Corsi, Ballaine & Ford, P.C.<br>120 Broadway, 27th Floor<br>New York, NY  10271-0079 |
| *Mt. McKinley Insurance Company* | Fred L. Alvarez, Esq.<br>Arthur J. McColgan, Esq.<br>Ryan M. Henderson, Esq.<br>Mark A. Deptula, Esq.<br>Lord, Bissell & Brook, LLP<br>115 LaSalle Street<br>Chicago, IL  60603 |
| *Stonewall Insurance Company; Northern Assurance Company of America ("NOAC") (as successor in interest to certain insurance liabilities of Defendant Falcon Insurance Company); Century Indemnity Company (as successor in interest to California Union Insurance Company)* | Clifton S. Elgarten, Esq.<br>Barry M. Parsons, Esq.<br>Kathryn A. Underhill, Esq.<br>Crowell & Morning, LLP<br>1001 Pennsylvania Avenue, NW<br>Washington, DC  20004-2595 |
| *Travelers Insurance Company* | Margaret H. Warner, Esq.<br>Richard Rogers, Esq.<br>McDermott, Will & Emery, LLP<br>600 13th Street, NW<br>Washington, DC  2005<br><br>Barry R. Ostrager, Esq.<br>Jonathan K. Youngwood, Esq.<br>Simpson, Thatcher & Bartlett, LLP<br>425 Lexington Avenue<br>New York, NY 10017 |
| *Certain Underwriters at Lloyd's London* | Eileen T. McCabe, Esq.<br>Anna R. Newsom, Esq.<br>Mendes & Mount, LLP<br>750 7th Avenue<br>New York, NY  10019 |

Julia S. Selesnick

-3-