**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

WHITMAN INSURANCE COMPANY,
LTD.

Plaintiff,

-v-

TRAVELERS INDEMNITY COMPANY,
*et al.,*

Defendants.

Case No. 1-05cv01125
Penn, J.

**<u>TRAVELERS MOTION TO DISMISS</u>**

Defendant The Travelers Indemnity Company respectfully moves to dismiss this action because diversity jurisdiction does not exist and because the plaintiff lacks standing to bring this action.  Grounds for the requested relief are stated more fully in the accompanying Memorandum of Law.

Because this is a dispositive motion, a Local Civil Rule 7(m) certification is not required.

September 16, 2005

Respectfully submitted,

<u>/s/ Margaret H. Warner</u>
Margaret H. Warner, #359009
MCDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C.  20005-3096
(202) 756-8000

Barry R. Ostrager, *pro hac vice*
Jonathan K. Youngwood, *pro hac vice*
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000

*Counsel for The Travelers Indemnity Company*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

WHITMAN INSURANCE COMPANY,
LTD.

                        Plaintiff,

        -v-

TRAVELERS INDEMNITY COMPANY,
*et al.,*

                    Defendants.

Case No. 1-05cv01125
Penn, J.

## TRAVELERS MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS

Margaret H. Warner, #359009
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
(202) 756-8000

Barry R. Ostrager, *pro hac vice*
Jonathan K. Youngwood, *pro hac vice*
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000

*Counsel for The Travelers Indemnity Company*

Defendant The Travelers Indemnity Company respectfully submits this memorandum of law in support of its motion to dismiss the amended complaint filed by Whitman Insurance Company, Ltd., on July 29, 2005.

## INTRODUCTION

Whitman, an entity that is not an insured and has absolutely no legal relationship with Travelers—contractual or otherwise—seeks to manufacture diversity jurisdiction in this Court out of whole cloth. Whitman's attempt to circumvent the rules governing diversity jurisdiction should be summarily rejected as should its attempt to assert claims against Travelers notwithstanding any standing to do so.

First, Whitman purposely misaligned the parties in order to manufacture diversity jurisdiction. Surprisingly, Abex[1]—a party that has claimed an interest in the policies at issue—is named as a defendant alongside its insurers. If Abex were named as a plaintiff, where it belongs, no diversity jurisdiction would exist; a plaintiff would be from the same state as a defendant.

Second, Whitman has no standing to maintain this suit against Travelers. It has not and cannot allege any relationship with Travelers. The rights under Travelers policies have never been assigned to Whitman; therefore, Whitman maintains no interest in those policies.

## STATEMENT OF FACTS[2]

This declaratory judgment action was filed on June 7, 2005, by Whitman, a wholly-owned subsidiary of PepsiAmericas. It seeks to determine the obligations of certain excess insurers to pay costs relating to asbestos-related suits and claims asserted against Abex.

---

[1]     The term "Abex" shall be used in this brief to refer to Abex Corporation and the party named in the Complaint, Pneumo Abex LLC.

[2]     The Statement of Facts is based on the allegations in the Complaint and publicly-filed documents. A district court may properly consider publicly-filed documents, such as court records, without transforming a motion to dismiss into a motion for summary judgment. *See Hinton v. Shaw Pittman Potts & Trowbridge*, 257 F. Supp. 2d 96, 100 n.5 (D.D.C. 2003).

Complaint ¶ 3. The Complaint states that it is "related to" an action, described *infra*, that was filed by Abex in 1982 against certain primary carriers in whose policies Abex claimed an interest. *Id.* ¶ 1. The Complaint names as defendants Abex and certain, but not all of, the excess carriers. It does not aver any contractual relationship between Whitman and Travelers, or any of the other insurer defendants.

On July 26, 2005, First State Insurance Company filed a motion to dismiss the action. On July 29, 2005, Whitman amended its complaint in an attempt to overcome the jurisdictional problems raised in the motion to dismiss. The amended complaint, however, has not cured the jurisdictional defects in this action.

This action is the third to be filed that relates to Abex's claims for insurance coverage for asbestos-related suits and claims. The first such action was filed in 1982, involves only those insurers that allegedly issued primary coverage to Abex, and remains pending before this Court.[3] The second action was filed in 2002 in New York state court. Through a July 29, 2005 Order, the New York court stayed the N.Y. Action, apparently under the mistaken belief that jurisdiction is present in this case.

**The Primary Policy D.C. Action**

On July 27, 1982, Abex filed the Primary Policy D.C. Action against three primary carriers, Maryland Casualty Company, Liberty Mutual Insurance Company, and Travelers, purportedly to determine the parties' defense and indemnity obligations related to the numerous asbestos-related claims that have been filed against Abex. Since 1985, all filings in the Primary Policy D.C. Action have been filed under seal. In October 1987, third-party complaints were filed against four other primary carriers, Argonaut Insurance Company, Continental Insurance

---

[3] The 1982 action is referred to herein as the "Primary Policy D.C. Action."

Company, Northwestern National Insurance Company, and National Union Fire Insurance Co. of Pittsburgh.

On February 12, 1996, Abex moved to amend its complaint to assert claims against the Travelers excess policy. The court granted the motion and the amendment was deemed filed on June 21, 1996. In so doing the Court in no way issued a substantive ruling concerning the rights or obligations of the policy. Abex also asserted claims against umbrella policies issued by Argonaut, Continental, and National Union. Thus, until June 1996, none of the excess policies were before the D.C. Court. No other excess insurer has ever been joined in the Primary Policy D.C. Action.

In the Primary Policy D.C. Action, all of the insurers but Travelers have settled with Abex and Travelers policies are now exhausted. In addition, there are outstanding contribution claims among certain insurers, including Travelers. Recently, Whitman Corporation, a party that intervened as a plaintiff, filed a motion for partial summary judgment on the number of occurrence issue. Travelers responded by stating that the occurrence issue was not material as to any remaining issues between the parties and that the motion was nothing more than legal maneuvering by common counsel for PepsiAmericas, Whitman, and Whitman Corporation. Abex also responded by stating that there was no dispute on the number of occurrence issue.

**The N.Y. Action**

On July 9, 2002, Certain Underwriters at Lloyd's, London, filed an action in New York Supreme Court against Abex, PepsiAmericas, Cooper Industries, and more than thirty excess insurers, including Travelers. *See* Declaration of Richard B. Rogers, Ex. 1, ¶¶ 3–40 (N.Y. Complaint). Lloyd's seeks a declaration as to the rights and obligations of the various excess carriers with respect to asbestos-related bodily injury claims against Abex. Cooper, a party

3

claiming rights under the policies, removed the N.Y. Action to the United States District Court for the Southern District of New York. PepsiAmericas, Cooper, and Abex filed a joint answer and joint counterclaims against the insurer defendants. *See* Rogers Dec., Ex. 2 (N.Y. Joint Answer). On May 1, 2005, the District Court remanded the N.Y. Action back to state court.

On June 21, 2005, PepsiAmericas filed a motion to stay the N.Y. Action in favor of this action. The state court granted the motion on July 29, 2005, without considering the jurisdictional problems that exist in this action. Seven insurers, including Travelers, have appealed the court's decision and two insurers have requested reconsideration and reargument.

## ARGUMENT

This action should be dismissed for the following two reasons: (1) Abex, a party claiming to be insured under the policies at issue, should be realigned as a plaintiff, thus eliminating any claim to diversity jurisdiction; and (2) the Plaintiff (Whitman) is not the real party in interest and thus lacks standing to prosecute this action against Travelers.

## I. THIS ACTION SHOULD BE DISMISSED BECAUSE ABEX WAS MISALIGNED AS A DEFENDANT.

Jurisdiction in this action is purportedly based on diversity of citizenship, pursuant to 28 U.S.C. § 1441. *See* Complaint ¶ 34. In an attempt to meet the requirements of Section 1441, Whitman gerrymandered its complaint and misaligned Abex as a defendant. With Abex taking its proper place alongside Whitman as a plaintiff, diversity jurisdiction is no longer sustainable.

### A. Abex Should Be Re-Aligned As a Plaintiff.

It is well-accepted that federal diversity jurisdiction only exists when there is complete diversity—when no plaintiff is from the same state as any defendant. *See Exxon Mobil Corp. v. Allapattah Servs.*, 125 S. Ct. 2611, 2617 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single

4

defendant deprives the district court of original diversity jurisdiction over the entire action.")
(citations omitted).  It is equally well-accepted that federal courts should not accept allegations
of complete diversity without first examining "the principal purpose of the suit and the primary
and controlling matter in dispute."  *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69
(1941) (citations omitted); *Saylab v. Harford Mut. Ins. Co.*, 271 F. Supp. 2d 112, 116 (D.D.C.
2003) (realigning insured improperly designated as a defendant with the plaintiff in order to
determine whether complete diversity was present).  A court can and should realign parties
according to their true interests, and only then should the court determine whether diversity
jurisdiction exists.  *City of Indianapolis*, 314 U.S. at 69.

  As the Complaint makes abundantly clear, both Whitman and Abex seek the exact same
relief:  a declaration that the insurer defendants (except Whitman, naturally) "are obligated to
pay in full the insureds' legal liabilities" and that "Whitman and Abex are not required to pay or
reimburse deductibles, self-insured retentions or uninsured years for the Abex asbestos-related
suits and claims[.]"  Complaint ¶ 87.  In short, the purported plaintiff in this case wants a
declaration that all the other insurer defendants are responsible for the defense and
indemnification of all asbestos-related claims against Abex, and that Abex itself bears no
responsibility for any of the costs.  Based on these allegations it is difficult to see how Abex's
interest is adverse to Whitman's, let alone aligned with that of the other insurers.  In fact, as
Whitman's own counsel stated in the N.Y. Action, "[it] is axiomatic that an insurance company's
interest in minimizing the impact claims may have on coverage are adverse to an insured's
interests in obtaining as much insurance coverage as possible for those same claims[.]"  *See*
Rogers Dec., Ex. 3 at 19 (PepsiAmericas' Reply in Further Support of Motion to Stay) (citing
*Employers Ins. of Wausau v. Albert D. Seeno Constr. Co.*, 692 F. Supp. 1150 (N.D. Cal. 1988)).

Here, Whitman and Abex both have an interest in obtaining as much insurance coverage as possible, which is directly adverse to the interests of all the insurer defendants.

In an attempt to overcome this fatal problem, Whitman amended its complaint to allege that "a direct adversity has arisen between Abex and [Whitman]" since the filing of the Primary Policy D.C. Action.  As the basis for this alleged adversity, Whitman asserts that Abex disagrees with it that the underlying asbestos claims constitute one occurrence.  *See* Complaint ¶ 6.  This issue is currently before the Court in the Primary Policy D.C. Action and, as noted above, Abex weighed in on it.

Furthermore, Whitman's averment of adversity between it and Abex stands in contrast to representations recently made in the N.Y. Action.  In its reply papers in further support of its motion to stay the N.Y. Action, PepsiAmericas candidly admitted that ***"[PepsiAmericas], its captive [Whitman], and Abex all have a vested stake in what happens between insurers because they are the ones who are out of pocket while the insurers point fingers at one another."*** *See* Rogers Dec., Ex. 3 at n.4, pp. 4–5 (PepsiAmericas' Reply in Further Support of Motion to Stay) (emphasis added).  Furthermore, PepsiAmericas and Abex answered the N.Y. Action complaint jointly, stating that they "seek to obtain the fullest legal relief possible, including money damages, for the Insurance Companies' breaches of contract and other wrongs." *See* Rogers Dec., Ex. 2 ¶ 19 (N.Y. Joint Answer).

Consequently, as Whitman and Abex share the same goal of maximizing insurance recoveries while minimizing their own costs, they are aligned for purposes of determining jurisdiction, and their interests fall squarely opposite that of the Defendant insurers.

### B.    Proper Realignment of the Parties Destroys Diversity Jurisdiction.

With this realignment in place, Abex, incorporated in Delaware (*see* Complaint ¶ 33), is not diverse with at least four of the insurers, who are also alleged to be incorporated in Delaware:

American Re-Insurance Co. (*id.* ¶ 16); Falcon Insurance Co. (*id.* ¶ 21); Mt. McKinley Insurance Co. (*id.* ¶ 25); and Hudson Insurance Co. (*id.* ¶ 27). Such lack of complete diversity is fatal to the Complaint. *See* 28 U.S.C. § 1332; *Exxon Mobil*, 125 S. Ct at 2617–18; *City of Indianapolis*, 314 U.S. at 69. Consequently, this action must be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); 28 U.S.C. § 1332.

## II.    WHITMAN LACKS STANDING TO BRING THIS ACTION AGAINST TRAVELERS.

Whitman is not the real party in interest to prosecute this action, at least with respect to Travelers. The Federal Rules mandate that only the real party in interest may prosecute cases in the federal courts. *See* Fed. R. Civ. P. 17(a) ("Every action shall be prosecuted in the name of the real party in interest.").

Federal courts frown on the attempts of corporate parents and their subsidiaries to manufacture diversity jurisdiction by prosecuting an action on behalf of one another where the real party in interest is not diverse. *See Roche v. Lincoln Prop. Co.*, 373 F.3d 610, 614 (4th Cir. 2004), *cert. granted*, 125 S. Ct. 1398 (2005); *see also Sta-Rite Indus. v. Allstate Ins. Co.*, 96 F.3d 281, 286–87 (7th Cir. 1996) (finding dismissal proper where the real party in interest was a non-diverse subsidiary insured while diverse parent corporation attempted to prosecute the action). Here, Whitman is not claiming an interest in the insurance policies at issue, but is only a wholly-owned subsidiary of a party doing so (PepsiAmericas, which is not a party to this case). Rather than having the party seeking coverage, as the real party in interest, bring this action, Whitman was chosen for its convenient corporate citizenship.

In addition, Whitman is a reinsurer of certain ***primary*** insurers. *See* Rogers Dec., Ex. 3 at 16 (PepsiAmericas' Reply in Further Support of Motion to Stay). Yet, Whitman now purports to sue Travelers in its capacity as an ***excess*** insurer. *See* Complaint ¶ 4. Whitman does not and

cannot allege that it is a reinsurer of *Travelers* excess policy.  Nor does Whitman allege any connection, contractual or otherwise, between itself and Travelers.  Similarly, Whitman does not and cannot allege any right under the policies at issue in this lawsuit; rather, Whitman simply seeks to litigate this action on behalf of other parties.  This lack of privity between Whitman and Travelers is fatal to Whitman's claims against Travelers.

Generally, a reinsurance contract is one of indemnity between the reinsurer and the reinsured.  *See, e.g.*, *Reliance Ins. Co. v. Aerodyne Eng'rs Inc.*, 612 N.Y.S.2d 87, 87 (3d Dep't 1994) ("A contract of reinsurance is one of indemnity to the entity reinsured. . . .  The reinsured remains solely responsible under the original insurance contact [sic] and it alone has a claim against the reinsurer.") (citations omitted).  Absent an allegation that Whitman entered into a reinsurance contract with Travelers, Whitman has no rights with respect to Travelers or any of its policies, and therefore has no standing to bring this action against Travelers.  Consequently, this action must be dismissed.  *See Ctr. for Law & Educ. v. Dep't of Educ.*, 396 F.3d 1152, 1162 (D.C. Cir. 2005) (affirming dismissal of action because plaintiffs lacked standing to sue); *Chenoweth v. Clinton*, 181 F.3d 112, 113 (D.C. Cir. 1999) ("A federal court cannot . . . . exercise jurisdiction over a lawsuit unless the plaintiff has suffered a 'personal injury fairly traceable to the defendant's allegedly unlawful conduct[.]'") (citations omitted); *Lans v. Gateway 2000*, 84 F. Supp. 2d 112, 122–23 (D.D.C. 1999) (dismissing action because plaintiff lacked standing where company, not individual, was the real party in interest); *see also Carlson Holdings, Inc. v. Nafco Ins. Co.*, 205 F. Supp. 2d 1069, 1074 (D. Minn. 2001) (holding that the Federal Declaratory Judgment Act does not grant jurisdiction to a district court where there is no legal relationship between the parties, and thus no case or controversy).

## **CONCLUSION**

For the foregoing reasons, Travelers respectfully requests that this Court dismiss this action with prejudice.

September 16, 2005                                      Respectfully submitted,


/s/ Margaret H. Warner
Margaret H. Warner, #359009
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C.  20005-3096
(202) 756-8000

Barry R. Ostrager, *pro hac vice*
Jonathan K. Youngwood, *pro hac vice*
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000

*Counsel for The Travelers Indemnity Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of September, 2005, a copy of the foregoing Motion to Dismiss and supporting Memorandum of Law was served electronically by the Court's electronic filing system upon the parties' counsel who have consented to such service and by first class mail, postage prepaid, addressed to all counsel listed below who are not listed on the e-filing receipt as having consented to electronic service:

| | |
|---|---|
| Counsel for Defendant<br>Certain Underwriters at Lloyd's, London | Eileen T. McCabe, Esq.<br>Anna R. Newsom, Esq.<br>Mendes & Mount, LLP<br>750 Seventh Avenue<br>New York, NY 10019 |
| Counsel for Defendant<br>Pneumo Abex Corporation | Barbara E. Rutkowski, Esq.<br>Jones Day<br>222 East 41st Street<br>New York, NY 10017<br><br>Michael Ginsberg, Esq.<br>J.W. Montgomery III, Esq.<br>Jones Day<br>One Mellon Center, 31st Floor<br>500 Grant Street<br>Pittsburgh, PA 15219-2502 |
| Counsel for Defendants American Home Assurance Company; AIU Insurance Company; Granite State Insurance Company; Lexington Insurance Company; National Union Fire Insurance Company of Pittsburgh, Pa.; ISOP; New Hampshire Insurance Company | M. Elizabeth Medaglia, Esq.<br>Julie Selesnick, Esq.<br>Jackson & Campbell, P.C.<br>1120 Twentieth Street, N.W.<br>South Tower, Suite 300<br>Washington, DC 20036-4337 |
| Counsel for Defendant Allianz Insurance Company | Elizabeth H. Hamlin, Esq.<br>Antonio D. Favetta, Esq.<br>Garrity, Graham, Favetta & Flinn, P.C.<br>One Lackawanna Plaza<br>P.O. Box 4205<br>Montclair, NJ 07042-8205 |

| | |
|---|---|
| Counsel for Defendant American Re-Insurance Company | Mark Sheridan, Esq.<br>Robert J. Bates, Esq.<br>R. Patrick Bedell, Esq.<br>Bates & Carey LLP<br>191 North Wacker Drive, Suite 2400<br>Chicago, Illinois 60606<br><br>Richard W. Driscoll, Esq.<br>Driscoll & Seltzer, PLLC<br>600 Cameron Street<br>Alexandria, Virginia 22314 |
| Counsel for Defendant Associated International Insurance Company | Adam Krauss, Esq.<br>Traub Eglin Lieberman Straus<br>7 Skyline Drive<br>Hawthorne, NY  10532<br><br>Richard W. Driscoll, Esq.<br>Driscoll & Seltzer, PLLC<br>600 Cameron Street<br>Alexandria, Virginia 22314 |
| Counsel for Defendant Employers Mutual Casualty | Wendy L. Mager, Esq.<br>Thomas E. Schorr, Esq.<br>Smith Stratton Wise Heher & Brennan, LLP<br>2 Research Way<br>Princeton, NJ 08540<br><br>Richard W. Driscoll, Esq.<br>Driscoll & Seltzer, PLLC<br>600 Cameron Street<br>Alexandria, Virginia 22314 |
| Counsel for Defendant Federal Insurance Company | L. Barrett Boss, Esq.<br>Cozen O'Connor<br>1667 K Street, NW, Suite 500<br>Washington, DC  20006<br><br>John J. Dwyer, Esq.<br>Cozen O'Connor<br>1900 Market Street<br>Philadelphia, PA  19103 |

| | |
|---|---|
| Counsel for Defendants Fireman's Fund Insurance; National Surety Corporation | Andrew Butz, Esq.<br>Bonner Kiernan Trebach & Crociata<br>1250 I Street, N.W., Ste. 600<br>Washington, DC 20005<br><br>Rolf Lindenhayn, Esq.<br>Kaufman & Logan, LLP<br>100 Spear Street<br>12th Floor<br>San Francisco, CA 94105 |
| Counsel for Defendant First State Insurance Company | Eric Parnes, Esq.<br>Hughes Hubbard & Reed LLP<br>1775 I Street, N.W.<br>Washington, D.C. 20006-2401<br>202-721-4600<br><br>David R. Biester, Esq.<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>212-837-6000 |
| Counsel for Defendant TIG Insurance Co., formerly International Insurance Company | Louis G. Corsi, Esq.<br>Landman Corsi Ballaine & Ford, P.C.<br>120 Broadway, 27th Floor<br>New York, NY 10271-0079 |
| Counsel for Defendant Mt. McKinley Insurance Company | Fred L. Alvarez, Esq.<br>Arthur J. McColgan, Esq.<br>Ryan M. Henderson, Esq.<br>Mark A. Deptula, Esq.<br>Lord, Bissell & Brook LLP<br>115 S. LaSalle Street<br>Chicago, Illinois 60603 |
| Counsel for Defendant Stonewall Insurance Company, Northern Assurance Company of America, Century Indemnity Company | Clifton S. Elgarten, Esq.<br>Barry M. Parsons, Esq.<br>Kathryn A. Underhill, Esq.<br>Crowell & Moring LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, DC 20004-2595 |

| | |
|---|---|
| Counsel for Plaintiff Whitman Insurance Company, Ltd. | Daniel E. Chefitz, Esq.<br>Morgan Lewis & Bockius LLP<br>1111 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20004 |
| Defendant Hudson Insurance Company | David M. Ross, Jr., Esq.<br>Elizabeth B. Sandza, Esq.<br>LeBoeuf, Lamb, Greene & MacRae LLP<br>1875 Connecticut Avenue, N.W.<br>Washington, D.C.  20009 |

/s/ Margaret H. Warner
Margaret H. Warner