### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

WHITMAN INSURANCE COMPANY,
LTD.,
                    Plaintiffs,

                    vs.

TRAVELERS INDEMNITY COMPANY, et.
al.,

                    Defendants.

Case No.: 05-01125

Judge John Garrett Penn

### DECLARATION OF ALEXANDER J. MUELLER, ESQ.

I, Alexander J. Mueller, Esq., pursuant to 28 U.S.C. §1746, make this declaration under penalty of perjury based upon personal knowledge, information and belief, as described below, and do testify to the following:

    1.    I am an attorney at law licensed to practice in the State of New York, and I am an associate at the law firm of Mendes & Mount, LLP, attorneys for defendants Certain Underwriters at Lloyd's, London and London Market Insurers.

    2.    I conducted an internet search for the current addresses of the two Vermont Names who subscribed to insurance policies identified in the Plaintiff's Summons and Complaint as described in the Declaration of Lynda Edwards. The internet search established that the two individuals identified by Ms. Edwards from her search of the MSU records remain residents of Vermont and were so on the date the complaint in this action was filed.

    3.    I also conducted a review of available policy-related documentation with respect to policies identified in the Plaintiff's Summons and Complaint. That documentation identifies the

cumulative subscription shares subscribed by each syndicate on behalf of its members for each policy in issue. The syndicate members, or Names, in turn have various individual shares of their syndicate's cumulative share of any given insurance risk.

4.     The policy-related documentation establishes that Syndicate 989 was the Lead Syndicate on Policy Nos. ULL0122, ULL0561, UMA0205, UMA0206, UMA0207, UNA0164, UNA165, UNA166, UPA0115, UPA0116, UQA0088, UQA0089, URA0059, and URA0060. The policy-related documentation also establishes that Peter Lowsley-Williams was the active underwriter for Syndicate 989 during the policy periods covered by the aforementioned policies.

### *Policy No. ULL 0122*

5.     Mr. Lowsley-Williams was the active underwriter on Syndicate 989, the lead syndicate for Policy ULL0122. Policy ULL 0122 had a policy period of January 5, 1979 to April 1, 1980 with a limit of $15,000,000 per occurrence and in the aggregate. Syndicate 989 severally subscribed 66.6667% of the limits on Policy No. ULL 0122. The Underwriters at Lloyd's had a total potential exposure of $10,000,005 on Policy No. ULL 0122 ($15,000,000 x 66.6667%). Syndicate 989 had a share of 9.720% of the risk on ULL0122. The entire Syndicate's share ($10,000,005 x 9.720%) would therefore not exceed $972,040.49. Mr. Lowsley Williams' share of Syndicate 989's risk in 1979 was .25%. Mr. Lowsley-Williams' share ($972,040.49 x .25%) would therefore not exceed $2,430.10.

6.     Mr. Lowsley-Williams was also a Name associated with Syndicate 231 in 1979. Syndicate 231 had a share of 5.7797% of the limits on ULL0122. The entire syndicate's share ($10,000,005 x 5.7797%) would therefore not exceed $577,970.29. Mr. Lowsley-Williams' share of Syndicate 231's risk in 1979 was .15%. Mr. Lowsley-Williams' share ($577,970.29 x.15%) would therefore not exceed $866.96.

7.     Mr. Lowsley-Williams was also a Name associated with Syndicate 279 in 1979. Syndicate 279 had a share of .7882% of the risk on ULL0122. The entire Syndicate's share ($10,000,005 x .7882%) would therefore not exceed $78,820.04. Mr. Lowsley-Williams' share of Syndicate 279's risk in 1979 was 1.10%. Mr. Lowsley-Williams' share ($78,820.04 x 1.10%) would therefore not exceed $867.02.

8.     In total, Mr. Lowsley-Williams' share of the risk on policy No. ULL0122 would not exceed $4,164.08.

### Policy No. ULL0561

9.     Syndicate 989 was the lead syndicate on Policy No. ULL0561. Policy ULL0561 had a policy period of April 1, 1979 to April 1, 1980 with a limit of $25,000,000 per occurrence and in the aggregate. Underwriters at Lloyd's wrote 20% of the risk on Policy No. ULL0561. Underwriters at Lloyds had a total potential exposure of $5,000,000 on Policy No. ULL0561 ($25,000,000 x 20%). Syndicate 989 had a share of 41.11% of the risk on Policy ULL0561. The entire Syndicate's share ($5,000,000 x 41.11%) would therefore not exceed $2,055,500. Mr. Lowsley-Williams' share of Syndicate 989's risk in 1979 was .25%. Mr. Lowsley-Williams' share ($2,055,500 x .25%) would therefore not exceed $5,138.75.

10.     Syndicate 231 had a share of 7.56% of the limits on ULL0561. The entire syndicate's share ($5,000,000 x 7.56%) would therefore not exceed $378,000. Mr. Lowsley-Williams' share of Syndicate 231's risk in 1979 was .15%. Mr. Lowsley-Williams' share ($378,000 x.15%) would therefore not exceed  $567.

11.     Syndicate 279 had a share of 3.33% of the risk on ULL0561. The entire Syndicate's share ($5,000,000 x 3.33%) would therefore not exceed $166,500. Mr. Lowsley-Williams' share of

Syndicate 279's risk in 1979 was 1.10%. Mr. Lowsley-Williams' share ($166,500 x 1.10%) would therefore not exceed $1,831.50.

12.    In total, Mr. Lowsley-Williams' share of the risk on policy No. ULL0561 would not exceed $7,537.25.

### *Policy No. UMA0205*

13.    Syndicate 989 was the lead syndicate on Policy No. UMA0205. Policy UMA0205 had a policy period of April 1, 1980 to April 1, 1981 with a limit of $25,000,000 per occurrence and in the aggregate. The Lloyd's insurers subscribed 40% of the limits on Policy No. UMA0205. The Underwriters at Lloyd's had a total potential exposure of $10,000,000 on Policy No. UMA0205 ($25,000,000 x 40%). Syndicate 989 had a share of 18.35% of the risk on Policy UMA0205. The entire Syndicate's share ($10,000,000 x 18.35%) would therefore not exceed $1,835,000. Mr. Lowsley-Williams' share of Syndicate 989's risk in 1980 was .20%. Mr. Lowsley-Williams' share ($1,835,000 x .20%) would therefore not exceed $3,670.

14.    Syndicate 231 had a share of 2.57% of the limits on UMA0205. The entire syndicate's share ($10,000,000 x 2.57%) would therefore not exceed $257,000. Mr. Lowsley-Williams' share of Syndicate 231's risk in 1980 was .14%. Mr. Lowsley-Williams' share ($257,000 x .14%) would therefore not exceed $359.80.

15.    In total, Mr. Lowsley-Williams' share of the limits on policy No. UMA0205 would not exceed $4,029.80.

*Policy No. UMA0206*

16.     Syndicate 989 was the lead syndicate on Policy No. UMA0206. Policy UMA0206 had a policy period of April 1, 1980 to April 1, 1981 with a limit of $25,000,000 per occurrence and in the aggregate. Underwriters at Lloyd's wrote 20% of the risk on Policy No. UMA0205. Underwriters at Lloyd's had a total potential exposure of $5,000,000 on Policy No. UMA0205 ($5,000,000 x 20%). Syndicate 989 had a share of 25% of the risk on Policy UMA0206. The entire Syndicate's share ($5,000,000 x 25%) would therefore not exceed $1,250,000. Mr. Lowsley-Williams' share of Syndicate 989's risk in 1981 was .18%. Mr. Lowsley-Williams' share ($1,250,000 x .18%) would therefore not exceed $ 2,250.

17.     Syndicate 279 had a share of 2.5% of the limits on UMA0206. The entire syndicate's share ($5,000,000 x 2.5%) would therefore not exceed $125,000. Mr. Lowsley-Williams' share of Syndicate 279's risk in 1981 was .95%. Mr. Lowsley-Williams' share ($125,000 x.95%) would therefore not exceed $1187.50.

18.     In total, Mr. Lowsley-Williams' share of the limits on policy No. UMA0206 would not exceed $3,437.50.

*Policy No. UMA0207*

19.     Syndicate 989 was the lead syndicate on Policy No. UMA0207. Policy UMA0207 had a policy period of April 1, 1980 to April 1, 1981 with a limit of $25,000,000 per occurrence and in the aggregate. Underwriters at Lloyd's wrote 20% of the limits on Policy No. UMA0207. Underwriters at Lloyd's had a total potential exposure of $5,000,000 on Policy No. UMA0207 ($25,000,000 x 20%). Syndicate 989 had a share of 28.58% of the risk on Policy UMA0207. The entire Syndicate's share ($5,000,000 x 28.58%) would therefore not exceed $1,429,000. Mr.

Lowsley-Williams' share of Syndicate 989's risk in 1980 was .20%. Mr. Lowsley-Williams' share ($1,429,000 x .20%) would therefore not exceed $ 2,858.

20.     Syndicate 279 had a share of 2.86% of the limits on UMA0207. The entire syndicate's share ($5,000,000 x 2.86%) would therefore not exceed $143,000. Mr. Lowsley-Williams' share of Syndicate 279's risk in 1980 was .98%. Mr. Lowsley-Williams' share ($143,000 x .98%) would therefore not exceed $1,401.40.

21.     In total, Mr. Lowsley-Williams' share of the risk on policy No. UMA0207 would not exceed $4,259.40.

### Policy No. UNA164

22.     Syndicate 989 was the lead syndicate on Policy No. UNA164. Policy UNA164 had a policy period of April 1, 1981 to April 1, 1982 with a limit of $25,000,000 per occurrence and in the aggregate. Underwriters at Lloyd's wrote 40% of the risk on Policy No. UNA164. Underwriters at Lloyd's had a total potential exposure of $10,000,000 on Policy No. UNA164 ($25,000,000 x 40%). Syndicate 989 had a share of 17.8571% of the limits on Policy UNA164. The entire Syndicate's share ($10,000,000 x 17.8571%) would therefore not exceed $1,785,710. Mr. Lowsley-Williams' share of Syndicate 989's risk in 1981 was .18%. Mr. Lowsley-Williams' share ( $1,785,710 x .18%) would therefore not exceed $3,214.28.

23.     Syndicate 231 had a share of  2.50% of the limits on UNA164. The entire syndicate's share ($10,000,000 x 2.5%) would therefore not exceed $250,000. Mr. Lowsley-Williams' share of Syndicate 231's risk in 1981 was .16%. Mr. Lowsley-Williams' share ($250,000 x.16%) would therefore not exceed $400.

24.     Syndicate 279 had a share of 1.7857% of the risk on UNA164. The entire Syndicate's share ($10,000,000 x 1.7857%) would therefore not exceed $178,570. Mr. Lowsley-

Williams' share  of Syndicate 279's risk in 1981 was .95%. Mr. Lowsley-Williams' share (

$178,570 x .95%) would therefore  not exceed $1,696.42.

25.    In total, Mr. Lowsley-Williams' share of the risk on policy No. UNA164 would not

exceed $5,310.70.

### Policy No. UNA0165

26.    Syndicate 989 was the lead syndicate on Policy No. UNA165. Policy UNA0165

had a policy period of April 1, 1981 to April 1, 1982 with a limit of $25,000,000 per occurrence

and in the aggregate. Underwriters at Lloyd's shared 20% of the risk on Policy No. UNA165.

Underwriters at Lloyd's had a total potential exposure of $5,000,000 on Policy No. UNA165

($25,000,000 x 20%). Syndicate 989 had a share of  25% of the limits on Policy UNA0165. The

entire Syndicate's share ($5,000,000 x 25%) would therefore not exceed $1,250,000.   Mr.

Lowsley-Williams' share of Syndicate 989's risk  in 1981 was .18%. Mr. Lowsley-Williams' share

($1,250,000 x .18%) would therefore  not exceed $2,250.

27.    Syndicate 279 had a share of 2.5% of the limits on UNA0165. The entire

Syndicate's share ($5,000,000 x 2.5%) would therefore not exceed $125,000. Mr. Lowsley-

Williams' share  of Syndicate 279's risk in 1981 was .95%. Mr. Lowsley-Williams' share

($125,000 x .95%) would therefore  not exceed $ 1,187.50.

28.    In total, Mr. Lowsley-Williams' share of the risk on policy No. UNA0165 would

not exceed $3,437.50.

### Policy No. UNA166

29.    Syndicate 989 was the lead syndicate on Policy No. UNA166. Policy UNA166 had

a policy period of April 1, 1981 to April 1, 1982 with a limit of $25,000,000 per occurrence and in

the aggregate. Underwriters at Lloyd's shared 20% of the risk on Policy No. UNA166.

Underwriters at Lloyd's had a total potential exposure of $5,000,000 on Policy No. UNA166 ($25,000,000 x 20%). Syndicate 989 had a share of 23.2558% of the limits on Policy UNA166. The entire Syndicate's share ($5,000,000 x 23.2558%) would therefore not exceed $1,162,790. Mr. Lowsley-Williams' share of Syndicate 989's risk in 1981 was .18%. Mr. Lowsley-Williams' share ($1,162,790 x .18%) would therefore not exceed $2,093.02.

30.    Syndicate 231 had a share of 3.9534% of the limits on UNA166. The entire syndicate's share ($5,000,000 x 3.9534%) would therefore not exceed $197,670. Mr. Lowsley-Williams' share of Syndicate 231's risk in 1981 was .16%. Mr. Lowsley-Williams' share ($197,670 x.16%) would therefore not exceed $316.27.

31.    Syndicate 279 had a share of 2.3256% of the risk on UNA166. The entire Syndicate's share ($5,000,000 x 2.3256%) would therefore not exceed $116,280. Mr. Lowsley-Williams' share  of Syndicate 279's risk in 1981 was .95%. Mr. Lowsley-Williams' share ($116,280 x .95%) would therefore not exceed $1104.66.

32.    In total, Mr. Lowsley-Williams' share of the risk on policy No. UNA166 would not exceed $3,513.95.

### Policy No. UPA0115

33.    Syndicate 989 was the lead syndicate on Policy No. UPA0115. Policy UPA0115 had a policy period of April 1, 1982 to April 1, 1983 with a limit of $25,000,000 per occurrence and in the aggregate. Underwriters at Lloyd's shared 40% of the risk on Policy No. UPA0115. Underwriters at Lloyd's had a total potential exposure of $10,000,000 on Policy No. UPA0115 ($25,000,000 x 40%). Syndicate 989 had a share of 6.74% of the limits on Policy UPA0115. The entire Syndicate's share ($10,000,000 x 6.74%) would therefore not exceed $674,000.   Mr.

Lowsley-Williams' share of Syndicate 989's risk in 1982 was .19%. Mr. Lowsley-Williams' share ($674,000 x .19%) would therefore not exceed $1,280.60.

34.     .Syndicate 231 had a share of 2.43% of the limits on UPA0115. The entire syndicate's share ($10,000,000 x 2.43%) would therefore not exceed $243,000. Mr. Lowsley-Williams' share of Syndicate 231's risk in 1982 was .16%. Mr. Lowsley-Williams' share ($243,000 x .16%) would therefore not exceed $388.80.

35.     Syndicate 279 had a share of .65% of the risk on UPA0115. The entire Syndicate's share ($10,000,000 x .65%) would therefore not exceed $65,000. Mr. Lowsley-Williams' share of Syndicate 279's risk in 1982 was .96%. Mr. Lowsley-Williams' share ($65,000 x .96%) would therefore not exceed $624.

36.     In total, Mr. Lowsley-Williams' share of the risk on policy No. UPA0115 would not exceed $2,293.40.

### Policy No. UPA0116

37.     Syndicate 989 was the lead syndicate on Policy No. UPA0116. Policy UPA0116 had a policy period of April 1, 1982 to April 1, 1983 with a limit of $50,000,000 per occurrence and in the aggregate. Underwriters at Lloyd's shared 30% of the limits on Policy No. UPA0116. Underwriters at Lloyd's had a total potential exposure of $15,000,000 on Policy No. UPA116 ($50,000,000 x 30%). Syndicate 989 had a share of 11.31% of the risk on Policy UPA0116. The entire Syndicate's share ($15,000,000 x 11.31%) would therefore not exceed $1,696,500. Mr. Lowsley-Williams' share of Syndicate 989's risk in 1982 was .19%. Mr. Lowsley-Williams' share ($1,696,500 x .19%) would therefore not exceed $3,223.35.

38.     Syndicate 231 had a share of 2.92% of the limits on UPA0116. The entire syndicate's share ($15,000,000 x 2.92%) would therefore not exceed $438,000. Mr. Lowsley-

Williams' share of Syndicate 231's risk in 1982 was .16%. Mr. Lowsley-Williams' share ($438,000 x .16%) would therefore not exceed $700.80.

39.    Syndicate 279 had a share of 1.10 % of the limits on UPA0116. The entire Syndicate's share ($15,000,000 x 1.10%) would therefore not exceed $165,000. Mr. Lowsley-Williams' share  of Syndicate 279's risk in 1982 was .96%. Mr. Lowsley-Williams' share ($165,000 x .96%) would therefore  not exceed $1,584.

40.    In total, Mr. Lowsley-Williams' share of the risk on policy No. UPA0116 would not exceed $5,508.15.

### *Policy No. UQA0088*

41.    Syndicate 989 was the lead syndicate on Policy No. UQA0088. Policy UQA0088 had a policy period of April 1, 1983 to April 1, 1984 and a policy limit of $25,000,000 per occurrence and in the aggregate. Underwriters at Lloyd's shared 40% of the risk on Policy No. UQA0088. Underwriters at Lloyd's had a total potential exposure of $10,000,000 on Policy No. UQA 0088 ($25,000,000 x 40%). Syndicate 989 had a share of 6.16% of the limits on Policy UQA0088. The entire Syndicate's share ($10,000,000 x 6.16%) would therefore not exceed $616,000. Mr. Lowsley-Williams' share of Syndicate 989's risk in 1983 was .17%. Mr. Lowsley-Williams' share ($246,400 x .17%) would therefore  not exceed $1,047.20.

42.    Syndicate 231 had a share of .63% of the limits on UQA0088. The entire syndicate's share ($10,000,000 x .63%) would therefore not exceed $63,000.   Mr. Lowsley-Williams' share of Syndicate 231's risk in 1983 was .14%. Mr. Lowsley-Williams' share ($63,000 x .14%) would therefore not exceed  $88.20.

43.    Syndicate 279 had a share of .60 % of the limits on UQA0088. The entire Syndicate's share ($10,000,000 x .60%) would therefore not exceed $60,000. Mr. Lowsley-

Williams' share of Syndicate 279's risk in 1983 was .84%. Mr. Lowsley-Williams' share ($60,000 x .84%) would therefore not exceed $504.

44.    In total, Mr. Lowsley-Williams' share of the risk on policy No. UQA0088 would not exceed $1,639.40.

### Policy No. UQA0089

45.    Syndicate 989 was the lead syndicate on Policy No. UQA0089. Policy UQA0089 had a policy period of April 1, 1984 to April 1, 1985 with a limit of $50,000,000 per occurrence and in the aggregate. Underwriters at Lloyd's shared 40% of the risk on Policy No. UQA0089. Underwriters at Lloyd's had a total potential exposure of $20,000,000 on Policy No. UQA 0089 ($50,000,000 x 40%). Syndicate 989 had a share of 8.25% of the limits on Policy UQA0089. The entire Syndicate's share ($20,000,000 x 8.25%) would therefore not exceed $1,650,000. Mr. Lowsley-Williams' share of Syndicate 989's risk in 1984 was .27%. Mr. Lowsley-Williams' share ($1,650,000 x .27%) would therefore not exceed $4,455.

46.    Syndicate 231 had a share of 4.25% of the limits on UQA0089. The entire syndicate's share ($20,000,000 x 4.25%) would therefore not exceed $850,000. Mr. Lowsley-Williams' share of Syndicate 231's risk in 1984 was .29%. Mr. Lowsley-Williams' share ($850,000 x .29%) would therefore not exceed $2,465.

47.    Syndicate 279 had a share of .80 % of the risk on UQA0089. The entire Syndicate's share ($20,000,000 x .80%) would therefore not exceed $160,000. Mr. Lowsley-Williams' share of Syndicate 279's risk in 1984 was .72%. Mr. Lowsley-Williams' share ($160,000 x .72%) would therefore not exceed $1152.

48.    In total, Mr. Lowsley-Williams' share of the risk on policy No. UQA0089 would not exceed $8,072.

### Policy No. URA0059

49.     Syndicate 989 was the lead syndicate on Policy No. URA0059. Policy URA0059 had a policy period of April 1, 1984 to April 1, 1985 with a limit of $25,000,000 per occurrence and in the aggregate. Underwriters at Lloyd's shared 40% of the risk on Policy No. URA0059. Underwriters at Lloyd's had a total potential exposure of $10,000,000 on Policy No. URA0059 ($25,000,000 x 40%). Syndicate 989 had a share of 7.613% of the limits on Policy URA0059. The entire Syndicate's share ($10,000,000 x 7.613%) would therefore not exceed $761,300. Mr. Lowsley-Williams' share of Syndicate 989's risk in 1984 was .27%. Mr. Lowsley-Williams' share ($761,300 x .27%) would therefore not exceed $2,055.51.

50.     Syndicate 279 had a share of .7368% of the limits on URA0059. The entire Syndicate's share ($10,000,000 x .7368%) would therefore not exceed $73,680. Mr. Lowsley-Williams' share of Syndicate 279's risk in 1984 was .72%. Mr. Lowsley-Williams' share ($73,680 x .72%) would therefore not exceed $530.50.

51.     In total, Mr. Lowsley-Williams' share of the risk on policy No. URA0059 would not exceed $2,586.01.

### Policy No. URA0060

52.     Syndicate 989 was the lead syndicate on Policy No. URA0060. Policy URA0060 had a policy period of April 1, 1984 to April 1, 1985 with a limit of $50,000,000 per occurrence and in the aggregate. Underwriters at Lloyd's shared 40% of the risk on Policy No. URA0060. Underwriters at Lloyd's had a total potential exposure of $20,000,000 on Policy No. URA0060 ($50,000,000 x 40%).Syndicate 989 had a share of 9.1177% of the risk on Policy URA0060. The

entire Syndicate's share ($20,000,000 x 9.1177%) would therefore not exceed $1,823,540.  Mr. Lowsley-Williams' share of Syndicate 989's risk in 1984 was .27%. Mr. Lowsley-Williams' share ($1,823,540 x .27%) would therefore  not exceed $4,923.56.

53.    Syndicate 231 had a share of 5.8823% of the limits on URA0060. The entire syndicate's share ($20,000,000 x 5.8823%) would therefore not exceed $1,176,460.  Mr. Lowsley-Williams' share of Syndicate 231's risk in 1984 was .29%. Mr. Lowsley-Williams' share ($1,176,460 x .29%) would therefore  not exceed $3,411.73.

54.    Syndicate 279 had a share of .8824% of the risk on URA0060. The entire Syndicate's share ($20,000,000 x .8824%) would therefore not exceed $176,480. Mr. Lowsley-Williams' share  of Syndicate 279's risk in 1984 was .72%. Mr. Lowsley-Williams' share ($176,480 x .72%) would therefore  not exceed $1,270.66.

55.    In total, Mr. Lowsley-Williams' share of the risk on policy No. URA0060 would not exceed $9,605.95.

### Conclusion

56.    Mr. Lowsley-Williams' potential liability on the policies identified in plaintiffs' summons and complaint is as follows:

| Policy | Potential Liability |
|---|---|
| ULL0122 | $4164.08 |
| ULL0561 | $7,537.25 |
| UMA0205 | $4029.80 |
| UMA0206 | $3,437.50 |
| UMA0207 | $4,259.40 |
| UNA0164 | $5,310.70 |

| | |
|---|---|
| UNA0165 | $3,437.50 |
| UNA0166 | $3,513.95 |
| UPA0115 | $2,293.40 |
| UPA0116 | $5,508.15 |
| UQA0088 | $1,639.40 |
| UQA0089 | $8,072.00 |
| URA0059 | $2,586.01 |
| URA0060 | $9,605.95 |
| Total | $65,395.09 |

The total potential liability of Peter Lowsley Williams, the active underwriter for the lead syndicate on many of the policies identified in the Plaintiff's Summons and Complaint does not exceed $65,395.09.

57.    I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Executed on 16 September 2005

Alexander J. Mueller