**Cooper Industries**
P.O. Box 4446
600 Travis St., Suite 5800
Houston, Texas 77002
Phone: (713) 209-8509
Fax : (713) 209-8995



July 26, 2005

RECEIVED
AUG 0 1 2005
M. & M., LLP
Answered            FILE

Richard C. Milazzo, Esq.
Mendes & Mount, LLP (for
Lloyd's)
750 Seventh Avenue
New York, NY 10019-6829

Lemuel Shervington, Jr.
Assistant Vice President
Cavell USA (for Stonewall Insurance Company)
2 Central Square
Cambridge, MA 02139-3311

Patricia Heller
American Re-Insurance Company
555 College Road East
Princeton, NJ 08543-5241

Re:   **Your Insured: Abex Corporation**
      **Asbestos Litigation Updated Invoice for October 2001-May 2005**
      **Relating to Cases Served After August 29, 1998**

Dear All:

    Enclosed on behalf of your insured is an updated invoice for reasonable unreimbursed settlement costs incurred on behalf of your insured through May 31, 2005, in connection with the previously tendered asbestos-related bodily injury claims. We have billed certain of your co-insurers agreed upon percentages and are sending you this updated bill for the remainder, plus the current unreimbursed settlement costs billed to co-insurers for which your companies also owe an insuring obligation.

    Although we have billed Travelers for 100% of all unreimbursed defense costs, your insured continues to reserve its right to seek reimbursement from your companies for any portion of defense costs ultimately not paid by Travelers. None of the companies receiving this letter submitted any proof that any claim may not be covered by its policy periods. In submitting these bills to each of your companies, your insured is not waiving, and specifically reserves, the rights it claims against each individual insurer, including its right to enforce past and future rulings and agreements against any or all of the insurance companies, as may be appropriate.

    Although your insured previously tendered these claims to your insurance companies for defense and/or payment of expenses, none of your companies have honored their contractual obligations by agreeing to pay individually or collectively all of the expenses incurred by your insured in connection with asbestos-related claims. Further delay is not acceptable. Your companies were previously informed that the asbestos related bodily injury claims trigger their policy period(s), and that the limits, if any, underlying each of their previously identified policies have

been paid by your insured in connection with asbestos-related bodily injury claims against Abex, or have been exhausted by payments of claims including asbestos-related claims.

That information is not new to any of your companies because they previously paid expenses for underlying asbestos cases against Abex and/or were involved in the extensive discovery and negotiations that were part of insurance coverage litigation for underlying environmental or asbestos matters arising from Abex. Based on the material that has been made available, your insurance companies have far more than ample information regarding the underlying cases and the exhaustion of underlying insurance policies. Moreover, most, if not all, of you are aware that in the Abex's insurance coverage litigation in Washington D.C., Judge Penn ruled that Abex is entitled to full payment of the underlying expenses of asbestos cases, without regard to disputes its insurance companies may have among themselves as to allocation and contribution.

With that said, we are forwarding this updated bill, and will present periodic bills for future incurred and paid defense and settlement costs. We request that each of your companies honor its obligations to your insured. To that end, these bills are submitted to you collectively with the demand that each company individually or the group collectively pay 100% of the billed expenses pursuant to each insurer's indivisible obligation to reimburse "all sums" incurred by or on behalf of Abex as set forth in *Zurich Ins. Co. v. Raymark Indus., Inc.*, 118 Ill. 2d 23, 56-57, 112 Ill. Dec. 684, 514 N.E.2d 150 (1987). Abex will not object if the insurance companies immediately reach an internal agreement to share in the reimbursement of 100% of the enclosed and future invoices, so long as there is some procedure to assure continued reimbursement. However, the absence of full 100% payment within 30 days will be considered a wrongful act and a breach of the insurance policies of each insurance company that is obligated to reimburse your insured for the asbestos bodily injury claims.

Sincerely,


Bill Liles
Claims Administrator

Enclosures

cc:    Mark Sheridan, Esq, (Counsel for American Re-Insurance)
       Kathryn A. Underhill, Esq. (Counsel for Stonewall)
       Nancy Mollers
       John A. Winkel (Mafco)

# INVOICE
## for PNEUMO ABEX CORPORATION,
### successor-in-interest to Abex Corp.

### for October 2001-May 2005

Invoice Date: 7/26/05

**Lloyd's**
**American Re-Insurance**
**Stonewall Insurance**

| | |
|---|---:|
| (A) Indemnity Costs Incurred in October 2001-May 2005 for cases served after August 29, 1998: | $176,231,490.47 |
| (B) Indemnity Costs in Line "A" Unbilled to other Carriers | $83,734,029.02 |
| (C) Indemnity Costs in Line "A" Unreimbursed by other Carriers | $15,287,455.85 |
| (D) Total Unbilled and Unreimbursed by other Carriers: **Indemnity**     (B) + (C) | $99,021,484.88 |
| **Amount Due:** | **$99,021,484.88** |

PAYMENT IS DUE WITHIN THIRTY DAYS TO:

Pneumo Abex Corporation
c/o Cooper Industries
Attn. Bill Liles
P.O. Box 4446
Houston, TX 77210