## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WHITMAN INSURANCE COMPANY, LTD., | |
| Plaintiff, | |
| v. | Case No.: 1-05cv01125 |
| TRAVELERS INDEMNITY COMPANY, et al., | Judge John Garrett Penn |
| Defendants. | |

## MT. McKINLEY INSURANCE COMPANY'S JOINDER
## AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

# TABLE OF CONTENTS

Page(s)

I.    JOINDER IN FIRST STATE'S SECOND MOTION TO DISMISS...................................1

II.   MMIC'S ADDITIONAL SUPPORT FOR MOTION TO DISMISS................................1

   A.    Introduction..........................................................................................................1

   B.    Pneumo Abex Should Be Realigned As A Plaintiff And This Action
         Dismissed Under Fed. R. Civ. P. 12(B)(1) For Lack Of Diversity.........................4

   C.    PepsiAmericas Is A "Necessary" Party That Must Be Joined To Properly
         Adjudicate This Matter. .......................................................................................6

   D.    This Action Should Be Dismissed Because Joinder Of PepsiAmericas As
         An "Indispensable Party" Is Impossible Without Destroying Diversity. ...............8

   E.    This Action Should Be Dismissed Because Whitman Failed To Include
         Insurers From The NY Action In This Action Against Whom MMIC Has
         Filed Cross-Claims To Avoid Destroying Diversity. ...........................................10

CONCLUSION...............................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

## CASES

*City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941)............................................4, 5

*Cloverleaf Standardbred Owners Ass'n v. Nat'l Bank of Wash.*, 699 F.2d 1274, 1279 (D.C. Cir. 1983) .................................................................................................9

*Kickapoo Tribe v. Babbitt*, 43 F.3d 1491, 1494-95 (D.C. Cir. 1995) .............................................6

*Provident Tradesman Bank & Trust v. Patterson*, 390 U.S. 102, 107-108 (1968) .......................7

*Ward v. Deavers*, 203 F.2d 72, 75 (D.C. Cir. 1953) ......................................................................9

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ...........................................................................1

## STATUTES

28 USC §1332..................................................................................................................5

Fed. R. Civ. P. 12(b)(1)...............................................................................................1, 4, 5

Fed. R. Civ. P. 12(b)(7)...................................................................................................1, 6

Fed. R. Civ. P. 19 ................................................................................................................6

Fed. R. Civ. P. 19(a) ..........................................................................................................6

Fed. R. Civ. P. 19(a)(2)(ii).................................................................................................7

Fed. R. Civ. P. 19(b) ......................................................................................................8, 9

Defendant, Mt. McKinley Insurance Company (formerly known as Gibraltar Casualty Company and hereinafter referred to as "MMIC") joins in and adopts First State Insurance Company's Second Motion to Dismiss or Stay and the Memorandum of Points and Authorities In Support of First State Insurance Company's Second Motion to Dismiss or Stay this Action (1) pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join indispensable parties; (2) because this action is not brought by the real party in interest, and the nominal plaintiff lacks standing; (3) pursuant to Fed. R. Civ. P. 12(b)(1) for misalignment of parties such that there is no subject matter jurisdiction; and (4) in favor of an action in New York State court pursuant to *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). In addition to the arguments raised by First State Insurance Company, MMIC sets forth certain additional facts and argument in support of dismissal of the Whitman Insurance Company, Ltd. ("Whitman") Amended Complaint.

## I.    JOINDER IN FIRST STATE'S SECOND MOTION TO DISMISS

MMIC incorporates by reference and joins in First State Insurance Company's Second Motion to Dismiss or Stay and the Memorandum of Points and Authorities In Support of First State Insurance Company's Second Motion to Dismiss or Stay this Action filed on September 16, 2005. For the reasons set forth therein, Whitman's Amended Complaint should be dismissed.

## II.    MMIC'S ADDITIONAL SUPPORT FOR MOTION TO DISMISS

### A.    Introduction.

This action is nothing more than an improper attempt to (1) fabricate diversity jurisdiction where there properly is none, (2) to bind the Insurer Defendants to this Court's prior rulings in a 1982 action filed by Abex Corporation ("Abex") to which the Insurer Defendants, including MMIC, were never parties (captioned *Abex v. Maryland Casualty Company*, Civil

1

Action 82-2098 (the "1982 Action")), and (3) to avoid a more comprehensive action filed in New York state court more than three years ago. (captioned *Certain Underwriters at Lloyd's, London, et al. v. Pneumo Abex Corp., et al.*, No. 02-0602493 filed on July 9, 2002 (the "NY Action")).

Whitman is merely the convenient corporate subsidiary of one of the true parties in interest, PepsiAmericas, Inc. ("PepsiAmericas"), a party in the NY Action, but not presently a party to this case. PepsiAmericas claims to be the successor to IC Industries, Inc. ("IC Industries"), the named insured under the MMIC insurance policies. Necessary and indispensable parties, like PepsiAmericas, have been purposefully left out of this lawsuit, and another party, Pneumo Abex, successor to Abex Corporation, has been misaligned -- all in a transparent effort to achieve federal diversity jurisdiction.[1] Whitman's creative attempt to manufacture federal jurisdiction on its parent's behalf, however, fails when the parties are properly aligned and the real parties in interest are included.[2]

To confirm that there is no federal diversity jurisdiction, this Court need not look any further than MMIC's state of incorporation and principal place of business. MMIC's inclusion in this lawsuit destroys federal diversity, because MMIC was incorporated in Delaware and has a principal place of business in New Jersey. (Whitman Am. Compl. ¶ 25). Just like MMIC, the misaligned party, Abex, was incorporated in Delaware with a principal place of business in New Jersey. (Whitman Am. Compl. ¶ 33). A necessary and indispensable party, PepsiAmericas, was

---

[1]     As proof of the indispensability and misalignment, this Court need not look any further than PepsiAmericas opening sentence in it's Memorandum in Support of Motion to Stay the New York action: "This case centers on the obligations of the historical comprehensive general liability insurers of Illinois Central Industries, Inc. (subsequently known as IC Industries, Inc. and Whitman Corporation, and now known as PepsiAmericas Inc., all of which are referred to collectively herein as "PAS"), and its former subsidiary, Abex Corporation ("Abex")." (PAS Mem. in Support of Mot. to Stay at 1).

[2]     For a full discussion of the relationships between Abex, Cooper Industries, IC Industries, PepsiAmericas, and Whitman, and the procedural history of the NY Action, see First State Mem. at 1-10.

also left out of this lawsuit even though it is a party to the NY Action, because it was incorporated in Delaware with a principal place of business in Illinois. PepsiAmericas claims to be a successor to IC Industries and has asserted rights to insurance policies issued to Abex and to IC Industries by the insurers, including MMIC. (Biester Decl. Ex. 3,[3] Answer, Affirmative Defenses, Counter-Claims, and Cross-Claims of Defendants Pneumo Abex Corporation, Cooper Industries, Inc., and PepsiAmericas, Inc., dated August 6, 2002 ("NY Joint Answer"), at 10, ¶ 6). Furthermore, PepsiAmericas' NY Action Answer, Affirmative Defenses, Counter-Claims, and Cross-Claims was filed jointly with Cooper Industries and Abex against the insurer defendants, including MMIC. (NY Joint Answer, at 9, ¶ 3).

MMIC has also filed cross-claims against PepsiAmericas in the NY Action concerning PepsiAmericas' alleged rights to IC Industries' coverage for asbestos bodily injury lawsuits. (Answer of Mt. McKinley Insurance Company, formerly known as Gibraltar Casualty Company, Affirmative Defenses, Crossclaims, Counter-Claims, and Answer to All Crossclaims filed on September 30, 2002, and attached hereto as Exhibit A, ("MMIC NY Answer"), at 28-35). Inclusion and proper alignment of the real parties in interest to this action destroys diversity jurisdiction and, therefore, Whitman's Amended Complaint should be dismissed as discussed below.

There is no alleged contractual relationship between any of the Insurer Defendants and Whitman,[4] and Whitman has never sought to intervene in the NY Action.  Incredibly, Whitman

---

[3]    Unless otherwise noted, all Exhibit references herein refer to the Exhibits attached to the Declaration of David R. Biester in support of First State Insurance Company's Memorandum of Points and Authorities in Support of its Motion to Dismiss, to which MMIC has joined and adopted.

[4]    Whitman does not allege any rights to the insurance policies for itself, not as a contracting party, not as a third party beneficiary, and not as an assignee. Whitman claims to be "a captive reinsurer" of primary policies issued to Pneumo Abex (Whitman Am. Compl. ¶ 10). Whitman, however, has no contractual rights or privity with the ultimate insured and lacks standing to dispute their terms. Whitman's standing to bring claims against MMIC and the Insurer Defendants is even more non-existent where Whitman, the reinsurer of primary policies, is suing excess insurers with respect to insurance contracts between the insured and the excess insurers. (See, First State

asserts that rulings in the 1982 Action should be applied to the non-party excess insurers here

despite the fact that most of the rulings and discovery taken over the last twenty-three years in

the 1982 Action remain under seal (and therefore unknown and unavailable to MMIC).

Whitman even went so far as filing motions for summary judgment against the Insurer

Defendants based on these prior rulings ignoring the fact that many of the excess insurance

policies, including one of MMIC's insurance policies, were issued *after* the September 27, 1982,

lawsuit filed by Abex.[5]

### B.    Pneumo Abex Should Be Realigned As A Plaintiff And This Action Dismissed Under Fed. R. Civ. P. 12(B)(1) For Lack Of Diversity.

To determine whether subject matter jurisdiction actually exists in diversity jurisdiction

cases, federal courts use the doctrine of "realignment" to look beyond the pleadings and realign

the parties to reflect their true interests in the litigation. The U.S. Supreme Court has declared

that diversity jurisdiction cannot be conferred on federal courts by the parties' own determination

of who are plaintiffs and defendants. *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69

(1941). Rather, federal courts must decide whether the necessary adversity exists between the

parties, which is "not to be determined by mechanical rules" but "ascertained from the principal

purpose of the suit and the primary and controlling matter in dispute." *Id.* Federal courts must

group parties with the same ultimate interests as plaintiffs or as defendants, as the case may be,

and then consider whether any properly characterized plaintiff is a citizen of the same state as a

defendant. *Id.*

---

Mem. at 18-20).

[5]      It is apparent that Whitman is asking this Court to allow it to litigate a matter by ambush, seeking to bind
MMIC to rulings MMIC never had an opportunity to litigate and without opportunity to determine how such rulings
may impact MMIC, if at all. Such conduct cannot be countenanced.

For the last twenty-three years Abex Corporation has been litigating against it's primary insurers and several excess insurers in this Court. Whitman's parent, PepsiAmericas (then allegedly known as Whitman Corporation), intervened in the 1982 Action as a plaintiff, alongside Abex Corporation, which is now allegedly known as Pneumo Abex. Here, however, Whitman listed Abex as a defendant in a flawed effort to preserve diversity jurisdiction.

Abex, nominally a defendant in this action, shares the same interests in this litigation as plaintiff Whitman: maximizing the insurance recoveries for asbestos-related liabilities of various entities claiming to be successors to IC Industries and/or American Brake Shoe Company. As PepsiAmericas admitted recently in the NY Action, "[PepsiAmericas], its captive [Whitman], and Abex all have a vested stake in what happens between insurers because they are the ones who are out of pocket while the insurers point fingers at one another." (Biester Decl. Ex. 2, PepsiAmericas' Reply Memorandum of Law in Further Support of Motion to Stay the NY Action, served on July 14, 2005, ("PepsiAmericas NY Reply"), at 4-5, n.4). While Whitman holds itself out as an insurer--actually as a reinsurer of primary policies--it is in fact advancing its parent's (PepsiAmericas) pursuit of insurance.

Because Abex seeks the same declaratory relief as Whitman against the Insurer Defendants, it must be realigned as a plaintiff in this action. No matter how Abex is described, it most certainly falls on the opposite side of the insurers with respect to the "principal purpose of the suit." *See City of Indianapolis*, 314 U.S. at 69. Accordingly, Abex must be realigned as a plaintiff with Whitman. Once Abex is realigned as a plaintiff, it is not diverse to MMIC (both Abex and MMIC are incorporated in Delaware with principal places of business in New Jersey). (Whitman Am. Compl. ¶¶ 25 and 33). Therefore, this action must be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); 28 USC §1332.

C.    **PepsiAmericas Is A "Necessary" Party That Must Be Joined To Properly Adjudicate This Matter.**

Under Fed. R. Civ. P. 19, whether a party is indispensable for a just adjudication requires a determination regarding whether the absent party is necessary to the litigation. Dismissal is required if the plaintiff has failed to join an indispensable party that would defeat diversity. Fed. R. Civ. P. 12(b)(7).

Courts apply a three-part test to determine whether a party is indispensable: (1) is the absent party "necessary" (*i.e.*, "needed for just adjudication"); if so, (2) can the absent party be joined in the litigation; and (3) if joinder is not feasible, the court is to examine the four factors enumerated in Rule 19(b) to determine whether "in equity and good conscience" the case can proceed without the absent party. *See Kickapoo Tribe v. Babbitt*, 43 F.3d 1491, 1494-95 (D.C. Cir. 1995) (reversing trial court and dismissing action for failure to join an indispensable party). For a just adjudication of Whitman's action, it is necessary to join PepsiAmericas to this case. The joinder of PepsiAmericas would, however, destroy diversity jurisdiction and that appears to be the only explanation for PepsiAmericas' absence from this case.

An absent party is "necessary" to the litigation if: (1) in the party's absence complete relief cannot be accorded among those already parties, or (2) the party claims an interest relating to the subject of the action and is so situated that the disposition of the action in the party's absence may (i) as a practical matter impair or impede the party's ability to protect that interest or (ii) leave any persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the party's claimed interest. Fed R. Civ. P. 19(a).

PepsiAmericas claims rights under the insurance policies in connection with asbestos liabilities relating to Abex Corporation's (or predecessors) historical manufacturing and

6

distribution of asbestos products. (*See, e.g.*, NY Joint Answer at 13, ¶ 19). Here, Whitman seeks

a declaration with respect to the very same issues, when, in its Prayer for Relief, it asks this

Court, *inter alia*:

> To "determine and declare that the insurer defendants are obligated to pay in full
> **Abex's** legal liabilities, costs and expenses for the investigation and defense of
> the Abex asbestos-related suits and claims ... ." (Whitman Prayer for Relief at
> 27) (emphasis added);

> To "determine that plaintiff has no obligation to pay **Abex's** legal liabilities, costs
> and expenses for the investigation and defense of the Abex asbestos-related suits
> and claims ... ." (Whitman Prayer for Relief at 27-28) (emphasis added).

But PepsiAmericas is absent from this action and the central issue cannot be resolved unless

absent parties claiming rights under the policies are present. Whitman, as a reinsurer, does not

have any rights under any of the policies at issue, and certainly has no rights under any of

MMIC's insurance policies. PepsiAmericas on the other hand has made the same claims under

the policies in the NY Action (NY Joint Answer, at 9 ¶ 3), alleging a "vested stake" in the

dispute over the policies. Moreover, MMIC has asserted cross-claims against PepsiAmericas in

the NY Action seeking a determination of the alleged rights of PepsiAmericas, if any, under the

MMIC policies. The central issue in this dispute is the interpretation of the policies.

PepsiAmericas claims to be a successor-in-interest under the policies. Therefore, PepsiAmericas

ought to be a party to this action because complete relief is impossible in its absence.

Permitting this suit to continue without PepsiAmericas could subject MMIC to "a

substantial risk of incurring" conflicting legal obligations. Fed. R. Civ. P. 19(a)(2)(ii); *Provident

Tradesman Bank & Trust v. Patterson*, 390 U.S. 102, 107-108 (1968) (possibility of later

litigation by missing party shows necessity under Fed. R. Civ. P. 19(a)(2)(ii). With the NY

Action cross-claims of MMIC against PepsiAmericas seeking a determination of any rights

under the policies, there is a very real possibility of inconsistent judgments which should weigh in favor of PepsiAmericas being a necessary party.

The required joinder of PepsiAmericas, however, would defeat federal diversity, as Whitman no doubt knows, because it shares corporate citizenship with certain defendants, including MMIC. PepsiAmericas is a Delaware corporation with a principal place of business in Illinois. (Biester Decl. Ex. 1, NY Compl. ¶ 5; NY Joint Answer, at 4 ¶ 5). MMIC is also a Delaware corporation, as are American Re-Insurance Company, Falcon Insurance Company, and Hudson Insurance Company. (Whitman Am. Compl. ¶¶ 16, 21, 25, 27). Defendant Associated International is alleged to be an Illinois corporation (Whitman Am. Compl. ¶ 17). And, defendant National Surety is alleged to have its principal place of business in Illinois. (Whitman Am. Compl. ¶ 30).

Surprisingly, plaintiff Whitman is represented by the same counsel that represents its corporate parent, PepsiAmericas. (Biester Decl. Ex. 8, Affidavit of Paul A. Zevnik made in Support of PepsiAmericas' Motion to Stay the NY Action dated June 19, 2005, ("Zevnik Affidavit")). Clearly, PepsiAmericas can only be aligned with Whitman. Moreover, PepsiAmericas' interests in this litigation are aligned with Whitman's as an alleged policyholder, and it should be cast as a plaintiff.

**D.    This Action Should Be Dismissed Because Joinder Of PepsiAmericas As An "Indispensable Party" Is Impossible Without Destroying Diversity.**

Not only is PepsiAmericas a "necessary" party whose joinder as a plaintiff or a third-party defendant is impossible without destroying diversity, PepsiAmericas is also "indispensable" under Fed. R. Civ. P. 19(b). Rule 19(b) provides that if a party meeting the requirements of Rule 19(a) "cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be

dismissed, the absent party being thus regarded as indispensable." Fed. R. Civ. P. 19(b). In

applying this standard, the rule instructs courts to consider, *inter alia*, the following four factors:

> [F]irst, to what extent a judgment rendered in the person's absence might be
> prejudicial to the person or those already parties; second, the extent to which, by
> protective provisions in the judgment, by the shaping of relief, or other measures,
> the prejudice can be lessened or avoided; third, whether a judgment rendered in
> the person's absence will be adequate; fourth, whether the plaintiff will have an
> adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). Each of these factors weigh in favor of dismissal here.

The District of Columbia Court of Appeals has held repeatedly that all alleged parties or

assignees to a contract seeking to enforce rights and obligations thereunder must be joined if the

central focus of the case is construction of the contract. *Cloverleaf Standardbred Owners Ass'n*

*v. Nat'l Bank of Wash.*, 699 F.2d 1274, 1279 (D.C. Cir. 1983); *Ward v. Deavers*, 203 F.2d 72, 75

(D.C. Cir. 1953). The issue at the heart of this litigation is which, if any, of the various entities

may have rights under the insurance policies, and whether the insurance policies provide

coverage for the asbestos liabilities at issue.

Here, PepsiAmericas has taken the unequivocal position that it has an interest under the

MMIC policies with respect to Abex's asbestos liabilities. PepsiAmericas stated in its

counterclaim in the NY Action against all the insurer defendants in this case, including MMIC,

that they claim "rights to certain proceeds of the insurance covering Abex." (NY Joint Answer,

at 9, ¶ 3). Because PepsiAmericas would have the option of re-litigating these alleged rights in

the NY Action, a judgment in its absence could prejudice MMIC and the other Insurer

Defendants by subjecting them to duplicative litigation and the potential for conflicting rulings.

With the parties in this action facing potential collateral estoppel arguments by certain parties

like PepsiAmericas who have been taking prominent roles in the NY Action, there is no middle

ground to fashion appropriate relief that can protect MMIC, or any of the other insurers, from the

clear procedural disadvantage of having necessary and indispensable parties sitting on the sidelines. Whitman, through PepsiAmericas, has an adequate remedy available in the NY Action which addresses the same asbestos liabilities and is more comprehensive than the instant litigation. All parties have an adequate remedy in New York if this action is dismissed.

**E.      This Action Should Be Dismissed Because Whitman Failed To Include Insurers From The NY Action In This Action Against Whom MMIC Has Filed Cross-Claims To Avoid Destroying Diversity.**

Whitman's Amended Complaint fails to include certain insurers in the NY Action against whom MMIC has filed cross-claims. These "Unnamed Insurers" include: Allstate Insurance Co., Argonaut Insurance Co., Columbia Casualty, Continental Insurance Co. and Harbor Specialty Insurance Co. (NY Compl. ¶¶ 3-40); (MMIC NY Answer, at 28-35). These Unnamed Insurers further destroy diversity once Abex is properly realigned along with Whitman as plaintiffs in this action. For example, Columbia Casualty, Continental Insurance Co., and Allstate are all alleged to share the same principle place of business (Illinois) with Abex. (NY Compl ¶¶ 15, 17, and 9 respectively). (NY Compl ¶ 25). These Unnamed Insurers have been omitted by Whitman in an attempt to avoid further destroying this Court's jurisdiction. Furthermore, these Unnamed Insurers are all parties in the more comprehensive, general jurisdiction based NY Action, and without their inclusion in the instant action, MMIC may be prejudiced and be forced to litigate its cross-claims in the NY Action, subjecting itself to possible inconsistent rulings.

## CONCLUSION

For the reasons stated above, this Court should dismiss this action, or, in the alternative, stay all proceedings in this action pending a result in the NY Action.

Respectfully submitted,

Rocco N. Covino #422148
LORD, BISSELL & BROOK LLP
885 Third Avenue
26th Floor
New York, NY 10022
Telephone:  212.812.8340
Facsimile:  212.812.8390

*Counsel for Mt. McKinley Insurance Co.*

Fred L. Alvarez*
Arthur J. McColgan*
Ryan M. Henderson*
Mark A. Deptula*
LORD, BISSELL & BROOK LLP
115 S. LaSalle Street
Chicago, IL 60603
Telephone:  (312) 443-0700
Facsimile:  (312) 443-0336

**pro hac vice* motion to be filed

*Counsel for Mt. McKinley Insurance Co.*

11

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
CERTAIN UNDERWRITERS AT LLOYD'S      : Bankruptcy Docket No.:
LONDON (Members of Syndicate Nos.      02-08-053
002,015,016,023,029,033,035,036,     :
049,056,057,059,065,069,073,074,
075,077,086,088,090,101,108,109,110, : Hon. Cornelius Blackshear
112,116,126,130,132,133,135,138,151,
164,165,169,174,188,189,190,204,211, : **ANSWER OF MT. MCKINLEY**
212,219,223,224,227,231,233,235,238,   **INSURANCE COMPANY,**
243,250,263,264,265,267,278,279,283, : **formerly known as**
286,297,299,300,301,303,304,311,316,   **GIBRALTAR CASUALTY**
317,328,329,334,347,357,358,360,365, : **INSURANCE COMPANY,**
371,373,374,395,396,397,404,405,417,   **AFFIRMATIVE DEFENSES,**
420,422,427,433,434,440,448,450,461, : **CROSSCLAIMS, COUNTER-**
462,465,471,472,474,475,476,479,484,   **CLAIMS and ANSWER TO**
489,490,499,507,518,538,553,555,576, : **ALL CROSSCLAIMS**
583,589,590,592,595,604,610,612,618,
619,620,621,625,629,632,634,650,651, :
653,656,660,661,677,680,687,688,694,
701,707,711,713,719,724,755,756,763, :
767,768,773,795,796,797,799,800,819,
830,838,845,849,857,867,870,896,899, :
901,905,917,918,924,928,947,948,964,
975,989,999), DOMINION INSURANCE     :
COMPANY LTD.; AND WORLD AUXILIARY
INSURANCE CORPORATION LTD.           :

                        Plaintiffs,   :

    - against -                       :

PNEUMO ABEX CORPORATION; PEPSI       :
AMERICAS, INC.; COOPER INDUSTRIES,
INC.; AIU INSURANCE COMPANY; ALLIANZ :
INSURANCE COMPANY; ALLSTATE INSURANCE
COMPANY (as successor-in-interest    :
to Northbrook Excess Surplus
Insurance Company, formerly          :
Northbrook Insurance Company);
AMERICAN HOME ASSURANCE COMPANY;     :
AMERICAN REINSURANCE COMPANY;
ARGONAUT INSURANCE                   :
COMPANY; ASSOCIATED INTERNATIONAL
INSURANCE COMPANY; CENTURY INDEMNITY :
COMPANY (as successor-in-interest to



EXHIBIT
A

California Union Insurance Company);     :
COLUMBIA CASUALTY; CONTINENTAL
INSURANCE COMPANY; CONTINENTAL            :
CASUALTY COMPANY; EMPLOYERS MUTUAL
CASUALTY COMPANY; EVANSTON INSURANCE      :
COMPANY; FALCON INSURANCE COMPANY;
FEDERAL INSURANCE COMPANY; FIREMAN'S      :
FUND INSURANCE COMPANY; FIRST STATE
INSURANCE COMPANY; GRANITE STATE          :
INSURANCE COMPANY; GREAT AMERICAN
SURPLUS; HARBOR SPECIALTY INSURANCE       :
GROUP; HIGHLANDS INSURANCE COMPANY;
THE HOME INSURANCE COMPANY; HUDSON        :
INSURANCE COMPANY; INSURANCE COMPANY
OF NORTH AMERICA; INTERNATIONAL           :
INSURANCE COMPANY; MT. MCKINLEY
INSURANCE (formerly known as              :
Gibraltar Casualty Company); ISOP;
NATIONAL SURETY CORP.; NATIONAL           :
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA.; NEW HAMPSHIRE            :
INSURANCE COMPANY; STONEWALL
INSURANCE CO.; TRAVELERS CASUALTY &       :
SURETY COMPANY; and JOHN DOES 1-100,

                                          :

              Defendants,

                                          :

ALBA GENERAL INSURANCE COMPANY LTD.;
ANGLO FRENCH INSURANCE COMPANY LTD.;      :
ANGLO SAXON INSURANCE ASSOCIATION
LTD.; BISHOPSGATE INSURANCE COMPANY       :
LTD.; BRITISH AVIATION INSURANCE
COMPANY LTD.; BRITISH MERCHANTS           :
INSURANCE COMPANY LTD.; BRITTANY
INSURANCE COMPANY LTD.; COMPAGNIE         :
D'ASSURANCE MARITIMES AERIENNES &
TERRESTRES, S.A.; CITY GENERAL            :
INSURANCE COMPANY; COMPAGNIE
EUROPEENNE D'ASSURANCES INDUSTRIELLES,:
 S.A.; CORNHILL INSURANCE PLC.;
ECONOMIC INSURANCE COMPANY LTD.;          :
EXCESS INSURANCE COMPANY, LTD.;
FIDELIDADE INSURANCE COMPANY;             :
FOLKSAM INTERNATIONAL INSURANCE
COMPANY, LTD,; HEDDINGTON INSURANCE       :
(UK) LTD.; HELVETIA-ACCIDENT SWISS
INSURANCE COMPANY LTD.; LEXINGTON         :

INSURANCE COMPANY (UK)LTD.; LONDON &
EDINBURGH INSURANCE COMPANY LTD.;          :
LUDGATE INSURANCE COMPANY LTD.;
MINSTER INSURANCE COMPANY LKD.;            :
MITSUI MARIEN & FIRE INSURANCE
COMPANY (EUROPE) LTD.; OSLO                :
REINSURANCE COMPANY (UK) LTD.;
RIVER THAMES INSURANCE COMPANY, LTD.; :
ROYAL SCOTTISH INSURANCE COMPANY LTD.;
SPHERE/DRAKE INSURANCE COMPANY LTD.;  :
ST. PAUL INTERNATIONAL INSURANCE
COMPANY LTD.; STRONGHOLD INSURANCE        :
COMPANY LTD.; SWISS NATIONAL
INSURANCE COMPANY LTD.; SWITZERLAND       :
GENERAL INSURANCE COMPANY;
THREADNEEDLE INSURANCE COMPANY LTD.;  :
TOKIO MARINE & FIRE INSURANCE COMPANY
LTD.; VANGUARD INSURANCE COMPANY LTD; :
WINTERTHUR SWISS INSURANCE COMPANY;
and WORLD MARINE & GENERAL INSURANCE  :
COMPANY LTD.

          Nominal Defendants.

-----------------------------------------X

     Defendant, Mt. McKinley Insurance Company, formerly known as

Gibraltar Casualty Company, as its Answer to the allegations

contained in the Complaint for Declaratory Judgment states:

### INTRODUCTION

     1.   This defendant lacks sufficient knowledge or

information upon which to form a belief as to the truth of the

allegations contained in Paragraph 1.

     2.   This defendant lacks sufficient knowledge or

information upon which to form a belief as to the truth of the

allegations contained in Paragraph 2.

### PARTIES

     3.   This defendant lacks sufficient knowledge or

information upon which to form a belief as to the truth of the allegations contained in Paragraph 3.

4.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 4.

5.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 5.

6.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 6.

7.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 7.

8.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 8.

9.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 9.

10.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 10.

11.    This defendant lacks sufficient knowledge or

information upon which to form a belief as to the truth of the allegations contained in Paragraph 11.

12.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 12.

13.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 13.

14.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 14.

15.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 15.

16.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 16.

17.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 17.

18.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 18.

19.    This defendant lacks sufficient knowledge or

information upon which to form a belief as to the truth of the allegations contained in Paragraph 19.

20.   This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 20.

21.   This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 21.

22.   This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 22.

23.   This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 23.

24.   This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 24.

25.   This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 25.

26.   This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 26.

27.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 27.

28.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 28.

29.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 29.

30.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 30.

31.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 31.

32.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 32.

33.    Defendant admits that Mt. McKinley Insurance Company is a corporation organized under the State of Delaware with its principal place of business in the State of New Jersey and further admits that it is licensed or authorized to conduct business in the State of New York.    The remaining allegations

contained in Paragraph 33 are denied at this time.

34.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 34.

35.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 35.

36.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 36.

37.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 37.

38.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 38.

39.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 39.

40.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 40.

41.    This defendant lacks sufficient knowledge or

information upon which to form a belief as to the truth of the allegations contained in Paragraph 41.

42.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 42.

## JURISDICTION AND VENUE

43.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 43.

44.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 44.

45.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 45.

## THE POLICIES

46.    Mt. McKinley Insurance Company denies the allegations contained in Paragraph 46 insofar as they pertain to Mt. McKinley.  With respect to other insurers, this defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations contained in Paragraph 46.

47.    Upon information and belief, the defendant, Mt.

McKinley Insurance Company formerly known as Gibraltar Casualty
Company did issue one or more excess policies of insurance
policies to I.C. Industries, Inc. This defendant lacks
sufficient knowledge or information upon which to form a belief
as to the truth of the remaining allegations contained in
Paragraph 47.

48. The allegations contained in Paragraph 48 are denied
at this time.

49. Except to admit that any policies of insurance issued
to I.C. Industries, Inc. contained or follow form to terms,
conditions and exclusions that define the scope and extent of
coverage, the remaining allegations contained in Paragraph 49 are
denied at this time.

50. This defendant lacks sufficient knowledge or
information upon which to form a belief as to the truth of the
allegations contained in Paragraph 50.

51. This defendant lacks sufficient knowledge or
information upon which to form a belief as to the truth of the
allegations contained in Paragraph 51.

52. This defendant lacks sufficient knowledge or
information upon which to form a belief as to the truth of the
allegations contained in Paragraph 52.

53. This defendant lacks sufficient knowledge or

-10-

information upon which to form a belief as to the truth of the allegations contained in Paragraph 53.

54.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 54.

55.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 55.

56.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 56.

57.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 57.

58.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 58.

59.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 59.

60.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 60.

61. This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 61.

62. This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 62.

63. This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 63.

64. This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 64.

65. This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 65.

66. This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 66.

67. This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 67.

68. This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the

allegations contained in Paragraph 68.

69. Except to admit that Gibraltar Casualty Company issued one or more excess insurance polices to I.C. Industries, Inc.,this defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations contained in Paragraph 69.

70. This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 70.

71. This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 71.

72. This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 72.

73. This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 73.

74. This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 74.

75. This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the

allegations contained in Paragraph 75.

76.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 76.

77.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 77.

78.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 78.

79.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 79.

80.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 80.

81.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 81.

### THE ASBESTOS-RELATED PRODUCTS LIABILITY CLAIMS

82.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 82.

83.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 83.

84.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 84.

85.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 85.

86.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 86.

87.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 87.

88.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 88.

89.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained Paragraph 89.

90.    This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the

**FIRST CAUSE OF ACTION**

**(DECLARATORY RELIEF UNDER POLICIES)**

91.  This defendant repeats and incorporates herein each and every answer to the allegations contained in Paragraphs 1 through 90 as if set forth at length.

92.  This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 92.

93.  This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 93.

94.  This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 94.

95.   This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 95.

96.   This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 96.

97.  This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the

-16-

allegations contained in Paragraph 97.

## AFFIRMATIVE DEFENSES

**FIRST:** This Court may lack jurisdiction over the subject matter of the complaint and/or there may be no justiciable case or controversy as between plaintiffs and this defendant.

**SECOND:** This Court may lack jurisdiction over this defendant.

**THIRD:** Service of process upon this defendant is insufficient, ineffective, or improper.

**FOURTH:** The Complaint fails to state a claim for which relief may be granted.

**FIFTH:** The Complaint and each cause of action therein does not plead facts sufficient to constitute a cause of action against this defendant.

**SIXTH:** Venue of this action may be improper, or otherwise inappropriate under the doctrine of <u>forum</u> <u>non</u> <u>conveniens</u>, and this defendant reserves the right to move for transfer.

**SEVENTH:** Any policy of insurance which may have been issued by this defendant may be governed by the law of another jurisdiction pursuant to appropriate choice-of-law principles.

**EIGHTH:** Any policy of insurance that may have been issued by this defendant affords coverage only to the named insureds as defined in the policies allegedly issued by this defendant,

-17-

accordingly, such policy(ies) provide no coverage to any person or entity that is not included as a named insured.

**NINTH:** The claims are barred in whole or in part by virtue of the failure to provide proper, timely and/or adequate notice as required by any policy that may have been issued by this defendant and/or under any policies issued by other insurers to which any policy issued by this defendant follows form.

**TENTH:** Any policies of insurance issued by this defendant and/or any policies issued by other insurers to which any policy issued by this defendant follows form contain conditions precedent and conditions subsequent that are prerequisites to coverage and these conditions have not been satisfied.

**ELEVENTH:** Any policy of insurance that may have been issued by this defendant and/or any policies issued by other insurers to which any policy issued by this defendant follows form apply only after the limits of the policies, self-insured retentions, and/or deductibles underlying the alleged policy(ies) have been properly exhausted or paid. To the extent such underlying limits, self-insured retentions, and/or deductibles have not been properly exhausted or paid, this defendant has no obligation to indemnify the named insured.

**TWELFTH:** Any policies of insurance issued by this defendant constitute excess liability insurance and, therefore,

-18-

there would be no obligation to indemnify or to defend unless and until all underlying limits of insurance, self-insured retentions and deductibles have been previously exhausted by the payment of covered claims.

**THIRTEENTH:** To the extent that any policy of insurance issued by this defendant follows the form of one or more underlying insurance policies, coverage is unavailable, excluded or limited by all applicable terms, conditions, definitions, exclusions and provisions contained in the underlying policies of insurance issued to the plaintiff.

**FOURTEENTH:** Coverage under any excess policies issued by this defendant is barred to the extent plaintiff has failed to maintain in full effect the underlying insurance as represented or warranted at the time the policies were issued.

**FIFTEENTH:** Where this court adopts or implements an interpretation of law that allocates indemnity and/or defense payments over a period of time, then:

1.    The court must consider and include all periods relevant to the action, from and including the earliest period of injury or damage, in its final adjudication of the rights and obligations of the parties pursuant to insurance policies, self-insured retentions and deductible amounts attributable to such periods;

-19-

2.   Pneumo Abex Corporation, Pepsi Americas, Inc., Cooper Industries, American Brake Shoe Company and/or I.C. Industries, Inc. is obligated to make all indemnity and/or defense payments attributable to uninsured periods and other periods for which policies do not exist, and for which self-insured periods or retentions and deductible amounts apply;

3.   Pneumo Abex Corporation, Pepsi Americas, Inc., Cooper Industries, American Brake Shoe Company and/or I.C. Industries, Inc. is responsible for indemnity and/or defense payments attributable to insolvent insurers, insurers with which Pneumo Abex Corporation, Pepsi Americas, Inc., Cooper Industries, American Brake Shoe Company and/or I.C. Industries, Inc. has settled, and insurers that are not parties to this action; and

4.   This defendant is not obligated to pay any portion of:(1) damages and defense expense not properly allocated to its policy period, (2) damage or injury that did not take place during its policy period, and (3) the proportionate share of defense expense attendant thereto, and these properly are the responsibility of Pneumo Abex Corporation, Pepsi Americas, Inc., Cooper Industries, American Brake Shoe

-20-

Company and/or I.C. Industries, Inc. or its other insurers.

**SIXTEENTH:** The causes of action asserted in the complaint are barred, in whole or in part, because the events giving rise to the claims for which insurance coverage is sought do not constitute an "accident" or "occurrence" within the meaning of any definitions contained in any policy allegedly issued by this defendant and/or any policies issued by other insurers to which any policy issued by this defendant follows form.

**SEVENTEENTH:** The events for which coverage is sought do not constitute "bodily injury", "property damage", or "personal injury" within the meaning of any definitions contained in any policies that may have been issued by this defendant and/or any policies issued by other insurers to which any policy issued by this defendant follows form.

**EIGHTEENTH:** The events and alleged damage for which coverage is sought did not occur within the effective coverage period of any policy allegedly issued by this defendant and/or any policies issued by other insurers to which any policy issued by this defendant follows form.

**NINETEENTH:** The claims may be barred for the failure to join necessary parties without whom this action should not proceed.

-21-

**TWENTIETH:** The amounts for which coverage is sought do not constitute damages covered by any policy which may have been issued by this defendant and/or any policies issued by other insurers to which any policy issued by this defendant follows form.

**TWENTY-FIRST:** To the extent the named insureds have failed to comply with the terms, conditions and obligations contained in the policies allegedly issued by this defendant and/or any policies issued by other insurers to which any policy issued by this defendant follows form, the claims seeking coverage and indemnification are barred.

**TWENTY-SECOND:** Coverage under any policy of insurance issued by this defendant and/or any policies issued by other insurers to which any policy issued by this defendant follows form is excluded by the exclusionary provisions of the policy including, but not limited to, the pollution exclusion applicable to bodily injury or property damage arising out of the discharge, disbursal, release or escape of smoke, vapor, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants, into or upon land, the atmosphere, water course, or body of water.

**TWENTY-THIRD:** The claims are barred by virtue of any common exclusion for asbestos-related liability that may be present in

-22-

the subject policies or policies to which they follow form.

**TWENTY-FORTH:** Any coverage which may be afforded by this defendant applies only to fortuitous events, and there is no coverage for underlying claims to the extent that they arise from acts or incidents that were not fortuitous.

**TWENTY-FIFTH:** Coverage under any policy that may have been issued by this defendant and/or any policies issued by other insurers to which any policy issued by this defendant follows form is limited by the per occurrence and aggregate limits of liability, and by language in any such policy providing that all exposure to substantially the same general conditions shall be deemed to be one occurrence.

**TWENTY-SIXTH:** Any coverage afforded by any policy of insurance issued by this defendant is restricted, limited or precluded by the "other insurance" clause and/or any non-cumulation clause contained in such policy and/or any policies issued by other insurers to which any policy issued by this defendant follows form.

**TWENTY-SEVENTH:** To the extent that an insured, its agents or representatives failed to disclose, concealed, or misrepresented facts that were material to risks being underwritten by this defendant, coverage under the policy is barred, and the policy is void or, alternatively, the policy should be reformed to

-23-

eliminate coverage for such risks.

**TWENTY-EIGHTH:** To the extent any party may have voluntarily paid or assumed the obligation to pay or incur any obligations, costs, or expenses in connection with or in settlement of one or more of the underlying claims, without consent or approval of this defendant, there is no coverage provided by any policy.

**TWENTY-NINTH:** The rights and obligations of any insured and this defendant are defined and controlled by the terms, conditions, and other provisions or exclusions of any policies of insurance which may have been issued by this defendant and/or any policies issued by other insurers to which any policy issued by this defendant follows form. Said terms, conditions, and other provisions or exclusions are too voluminous to itemize in affirmative defenses and, therefore, are incorporated by reference herein.

**THIRTIETH:** The Complaint does not sufficiently particularize the underlying claim to allow this defendant to determine which defenses (including defenses based upon the terms, conditions, exclusions or other provisions of the policy allegedly issued by this defendant and/or any policies issued by other insurers to which any policy issued by this defendant follows form) it has in response to plaintiff's cause of action. Accordingly, this defendant reserves the right to assert all defenses which may be

-24-

pertinent to those claims set forth in the complaint once the full nature of the facts and claims are ascertained through discovery and investigation.

**THIRTY-FIRST:** The claims asserted in the complaint and the claims against any policy of insurance issued by this defendant are barred or otherwise limited by the doctrines of waiver or estoppel.

**THIRTY-SECOND:** Any action under any policy of insurance that may have been issued by this defendant and/or any policies issued by other insurers to which any policy issued by this defendant follows form is barred in whole or in part by the applicable statute of limitations and/or limitations provisions contained in the policies.

**THIRTY-THIRD:**   The claims are barred to the extent plaintiff fails to prove the existence of the alleged policies, the terms and conditions thereof, and that the claims are covered thereunder.

**THIRTY-FOURTH:** The claims are barred to the extent that they arise out of losses, claims, damage, and/or harm known or already in existence or progress prior to the effective date of the alleged policies, or that were otherwise reasonably foreseeable before the policy took effect.

**THIRTY-FIFTH:** Coverage, if any, afforded by any policy of

-25-

insurance issued by this defendant is reduced, limited, or eliminated by amounts due to the insured on account of the same loss under other policies of insurance.

**THIRTY-SIXTH:** Any policies of insurance that may have been issued by this defendant do not apply to accidents or events or occurrences that result in bodily injury, property damage or personal injury that was either expected or intended by any insured under the policy.

**THIRTY-SEVENTH:** The claims are barred in whole or in part to the extent they arise out of any intentional or illegal conduct.

**THIRTY-EIGHTH:** To the extent that any alleged policy contains provisions requiring assistance and cooperation by the insured, and the insured is found to have breached these provisions, coverage is not extended under these policies.

**THIRTY-NINTH:** The claims asserted in the complaint are barred by the doctrine of unclean hands.

**FORTIETH:** Coverage under any policy of insurance that may have been issued by this defendant is excluded by the exclusionary provisions of the policy including, but not limited to, the exclusions for losses resulting from intentional acts of any insured.

**FORTY-FIRST:** Coverage under any policy of insurance that may have been issued by this defendant is excluded by the

-26-

exclusionary provisions of the policy including, but not limited to, the exclusion for liabilities assumed by the insured under any contract or agreement.  To the extent any of the damage or injury claims for which plaintiffs seek coverage arise from liability assumed under contract or agreement, there is no coverage for such claims.

**FORTY-SECOND**: To the extent that the claims alleged in the complaint involve liability for statutory, civil or criminal fines or penalties, or treble or exemplary damages, such liability may not be covered pursuant to public policy and/or under the policies allegedly issued by this defendant and/or under any underlying policy(ies) to which they may follow form.

**FORTY-THIRD**:  Any policy issued by this defendant does not provide coverage for punitive damage awards, and insurance coverage for  such liability may also be precluded by public policy.  Coverage sought for any such punitive or exemplary damage awards is, therefore, barred.

**FORTY-FOURTH**: To the extent that any acts or failure to act that gave rise to the claims referenced in the complaint were in violation of law and/or public policy, coverage is not afforded under any policy issued by this defendant.

**FORTY-FIFTH**: Any policy of insurance issued by this defendant does not provide coverage for claims seeking equitable

-27-

relief, including injunctive relief and restitution sought by any private person or governmental entity.

**FORTY-SIXTH:** Plaintiff has failed to mitigate, minimize or avoid any damages it allegedly sustained and any recovery against this defendant must be reduced by that amount.

Defendant reserves the right to amend its answer and to assert additional defenses and/or supplement, alter or change the answer upon completion of appropriate investigation and discovery.

**COUNTERCLAIMS/CROSS-CLAIMS**

Defendant, Mt. McKinley Insurance Company, formerly known as Gibraltar Casualty Company, by way of counterclaim against plaintiffs and by way of cross-claim against co-defendants and nominal defendants other than Highlands Insurance Company, hereby allege:

1.    Defendant, Mt. McKinley Insurance Company, formerly known as Gibraltar Casualty Company, repeats and realleges each of the responses contained in paragraphs 1 through 97 above.

2.    Upon information and belief, plaintiffs and each and every co-defendant and/or nominal defendant now in this action (excepting Highlands Insurance Company), or hereafter added which has and/or will enter an appearance contesting plaintiffs' allegations, assert a claim, counterclaim, cross-claim and/or

-28-

third-party claim in this action (hereinafter "Insurer"), issued

certain contracts of insurance which relate to the to the

liabilities of American Brake Shoe Company, I.C. Industries,

Inc., Pneumo Abex Corporation and/or Pepsi Americas, Inc., during

one or more of the policy periods at issue in this litigation and

which may provide coverage to American Brake Shoe Company, I.C.

Industries, Inc., Cooper Industries, Pneumo Abex Corporation

and/or Pepsi Americas, Inc. for the alleged liabilities at issue

in this litigation.

3.    Upon information and belief, the American Brake Shoe

Company, I.C. Industries, Inc., Cooper Industries, Pneumo Abex

Corporation and/or Pepsi Americas, Inc. during all periods

relevant to this action, from and including the earliest period

of alleged injury or damage, was self-insured and/or maintained

certain self-insured retentions and/or deductibles which, in the

final adjudication of any rights and/or obligations of the

parties to insurance policies, obligate American Brake Shoe

Company, I.C. Industries, Inc., Cooper Industries, Pneumo Abex

Corporation and/or Pepsi Americas, Inc. to make all indemnity

and/or defense payments attributable to uninsured periods and/or

other periods for which policies do not exist and for which self-

insured periods, lost policy periods and/or retentions or

deductible amounts apply.

4.    Upon information and belief, certain of American Brake Shoe Company, I.C. Industries, Inc., Cooper Industries, Pneumo Abex Corporation and/or Pepsi Americas, Inc. insurers who issued liability policies, whether primary, excess and/or umbrella, to American Brake Shoe Company, I.C. Industries, Inc., Cooper Industries, Pneumo Abex Corporation and/or Pepsi Americas, Inc. are and/or will be insolvent.

5.    American Brake Shoe Company, I.C. Industries, Inc., Cooper Industries,  Pneumo Abex Corporation and/or Pepsi Americas, Inc. is responsible and obliged to make all indemnity and/or defense payments attributable to any and all insolvent insurers.

6.    Upon information and belief, plaintiff and/or American Brake Shoe Company, I.C. Industries, Inc., Cooper Industries, Pneumo Abex Corporation and/or Pepsi Americas, Inc. has failed to join and/or settle with insurers who are not parties to this action but who, nevertheless, issued insurance policies to American Brake Shoe Company, I.C. Industries, Inc., Cooper Industries, Pneumo Abex Corporation and/or Pepsi Americas, Inc. during all relevant time periods.

7.    While denying any and all liability for the claims and/or losses set forth in the Complaint and/or in any cross claim(s) that have and/or may be asserted as against Mt. McKinley

-30-

Insurance Company, and if any recovery is had against Mt. McKinley Insurance Company, then such recovery will entitle Mt. McKinley Insurance Company in turn to recover these amounts from the other defendants and/or plaintiff in this action. Accordingly, to the extent Mt. McKinley Insurance Company has liability, plaintiffs and other defendants are liable to contribute their proportional share of any such liability due to their own contractual obligations.

8.   In the event Mt. McKinley Insurance Company is found to be obligated to pay any such liability, then the other defendants and the plaintiff have an obligation to indemnify and to make Mt. McKinley whole for the damages thereby incurred by Mt. McKinley Insurance Company.

9.   In the event Mt. McKinley Insurance Company is found or determined to otherwise respond to the claims at issue in this litigation, a proper allocation of loss or damages among Mt. McKinley Insurance Company, plaintiffs and the other defendants/nominal defendants named herein (or hereinafter added) is required.

10.  Such allocation, upon information and belief, may result in no sums being allocated to Mt. McKinley Insurance Company.

11.  To the extent that Mt. McKinley Insurance Company

-31-

policy(ies) are determined to respond to any of the claims at issue in this litigation, a proper allocation of loss or damage among Mt. McKinley Insurance Company, American Brake Shoe Company, I.C. Industries, Inc., Cooper Industries, Pneumo Abex Corporation and/or Pepsi Americas, Inc., plaintiff and the other defendants named herein (and/or to be added hereinafter) is required and in no such event is Mt. McKinley Insurance Company required to provide coverage in excess of its share under a fair and proper allocation.

12.  Mt. McKinley Insurance Company seeks a declaration as to the rights and obligations of Mt. McKinley Insurance Company, with respect to any and all policies issued by it, if any, as those rights and obligations relate to the clams at issue in this litigation.

13.  The claims set forth in paragraphs 1 through 12 above are presently at issue in this litigation by virtue of plaintiff's complaint.  Pursuant to CPLR §3001, Mt. McKinley Insurance Company seeks a declaratory judgment in the form of a declaration that Mt. McKinley: (1) owes no obligation to American Brake Shoe Company, I.C. Industries, Inc., Cooper Industries, Pneumo Abex Corporation and/or Pepsi Americas, Inc. or any other party under the policies issued by Mt. McKinley Insurance Company or applicable laws as those claims are not within the scope of

-32-

the policies issued by Mt. McKinley Insurance company, as well as applicable law.

WHEREFORE, by reasons of the foregoing, Mt. McKinley Insurance Company is entitled to judgment, and respectfully prays that the Court enter judgment determining and declaring that:

      (a)  It has no obligation under the policies issued by Mt. McKinley Insurance Company to defend American Brake Shoe Company, I.C. Industries, Inc., Cooper Industries, Pneumo Abex Corporation and/or Pepsi Americas, Inc. with respect to any claims at issue in this litigation; and

      (b) It has no obligation to reimburse American Brake Shoe Company, I.C. Industries, Inc., Cooper Industries, Pneumo Abex Corporation and/or Pepsi Americas, Inc. or any other party herein (or hereinafter added) for any monies expended to date in connection with any claims at issue herein; and

      (c)  It has no obligation to indemnify American Brake Shoe Company, I.C. Industries, Inc., Cooper Industries, Pneumo Abex Corporation and/or Pepsi Americas, Inc., or any party herein (or hereinafter added) in connection with any claims at issue in this litigation; and

      (d)  Determining Mt. McKinley Insurance Company owes no

-33-

obligation to American Brake Shoe Company, I.C.
Industries, Inc., Cooper Industries, Pneumo Abex
Corporation and/or Pepsi Americas, Inc., or any other
party herein (or hereinafter added); and

(e)  Determining the rights of Mt. McKinley Insurance
Company to a fair and proper allocation of loss among
Mt. McKinley Insurance Company, American Brake Shoe
Company, I.C. Industries, Inc., Cooper Industries,
Pneumo Abex Corporation and/or Pepsi Americas, Inc.,
and all other defendants, nominal defendants, and/or
parties herein (or hereinafter added).

(f)  In the event Mt. McKinley is deemed liable for all
or any part of the claims at issue in this litigation,
determines the rights of Mt. McKinley Insurance Company
as to a proper allocation of loss among all parties;
and

(g)  In the event Mt. McKinley is deemed liable for all
or any part of the clams at issue and/or found to have
coverage obligations, declares the rights and
obligations of all other parties herein (or hereinafter
added) and award Mt. McKinley Insurance Company
contribution and indemnity from such other parties; and

(h)  That this Court awards Mt. McKinley Insurance

-34-

Company its reasonable costs and expenses incurred in

this action, including attorney's fees; and

(i)  Mt. McKinley Insurance Company is entitled to such

other and further relief as the Court may deem just and

equitable.

### ANSWER TO ALL CROSSCLAIMS

Defendant, Mt. McKinley Insurance Company, denies each

and every allegation of any and all crossclaims asserted and/or

to be asserted against this answering defendant.

Dated: New York, New York
       September 27, 2002

                            HARDIN, KUNDLA, MCKEON,
                            POLETTO & POLIFRONI, P.A.
                            Attorneys for Defendant,
                            Mt. McKinley Insurance
                            Company, formerly known as
                            Gibraltar Casualty Company
                            110 William Street
                            New York, New York 10038
                            (212) 571-0111


                    By: _____
                            George R. Hardin

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                        ) ss.:
COUNTY OF NEW YORK   )

      LORIANN BRACERO, being duly sworn, deposes and says:

      I am not a party to the action, am over eighteen years of age, and reside in Lake Hopatcong, New Jersey. On September 27, 2002, I served the within Answer of Mt. McKinley Insurance Company, formerly known as Gibraltar Casualty Insurance Company, Affirmative Defenses, Crossclaims, Counterclaims and Answer to All Crossclaims on:

         Thomas J. Quinn, Esq.
         Richard c. Milazzo, Esq.
         Eugene P. Murphy, Esq.
         MENDES & MOUNT
         750 Seventh Avenue
         New York, New York 10019-6829
         Attorney for Plaintiffs,
         Certain Underwriter's at Lloyd's, et al.

the address designated by said party for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, under the exclusive care and custody of the United States Postal Service.

                               _____
                                 LORIANN BRACERO

Sworn to before me this 27th

day of September, 2002

_____
Notary Public
DOLORES PEREIRA
A Notary Public Of New Jersey
My Commission Expires 4-16-07

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     )  ss.:
COUNTY OF NEW YORK   )

LORIANN BRACERO, being duly sworn, deposes and says:

I am not a party to the action, am over eighteen years of age, and reside in Lake Hopatcong, New Jersey.  On September 27, 2002, I served the within Answer via FedEx on:

Eugene P. Murphy, Esq.
Mendes & Mount
750 Seventh Avenue
New York, New York 10019-6829
Attorney for Plaintiffs, Certain Underwriter's at Lloyd's, et al.
(Via FedEx)

| | |
|---|---|
| Attorneys for Defendant Pneumo Abex Corporation; Cooper Industries, Inc. | Bridget Healy, Esq.<br>Jerold Oshinsky, Esq.<br>Dickstein Shapiro Morin & Oshinsky LLP<br>2101 L Street, N.W.<br>Washington, DC  20037-1526<br>(Via FedEx) |
| | Edward Tessler, Esq.<br>Dickstein Shapiro Morin & Oshinsky LLP<br>1177 Avenue of the Americas<br>New York, NY  10036<br>(Via FedEx) |
| | Lee G. Dunst, Esq.<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue<br>New York, NY  10166-0193<br>(Via FedEx) |
| Attorneys for Pepsiamericas, Inc. | David W. Steuber, Esq.<br>Howrey Simon Arnold & White LLP<br>550 South Hope Street<br>Suite 1400<br>Los Angeles, CA  90071-2604<br>(Via FedEx)<br><br>Richard A. Williamson, Esq.<br>Flemming, Zulack & Williamson, LLP<br>One Liberty Plaza<br>New York, NY  10006-1404<br>(Via FedEx) |

And via regular mail on:

| | |
|---|---|
| Allianz Insurance Company | Antonio D. Favetta, Esq.<br>Garrity, Graham, Favetta & Flinn<br>One Lackawanna Plaza<br>P.O. Box 4205<br>Montclair, NJ  07042-8205 |
| Allstate Insurance Company | Stefano V. Calogero, Esq.<br>Julie M. Vales, Esq.<br>Cuyler Burk, LLP<br>4 Century Drive<br>Parsippany, NJ  07054-4663 |
| American Home Assurance Company | Elizabeth Medaglia, Esq.<br>Jackson & Campbell, P.C.<br>1120 Twentieth Street, N.W.<br>South Tower, Suite 300<br>Washington, DC  20036-4337 |
| American Re-Insurance Company | Mark Sheridan, Esq.<br>Bates & Carey<br>333 West Wacker Drive, Suite 900<br>Chicago, Illinois 60606<br><br>Michael L. Gioia, Esq.<br>Landman Corsi Ballaine & Ford P.C.<br>120 Broadway, 27th Floor<br>New York, NY  10271-0079 |
| Associated International Insurance Company and Evanston Insurance Company | Adam Krauss, Esq.<br>Traub Eglin Lieberman Straus<br>3 Skyline Drive<br>Hawthorne, NY  10532 |
| Argonaut Insurance Company | Stuart L. Peacock, Esq.<br>Bonner Kiernan Trebach & Crociata<br>1250 Eye Street, N.W.<br>Washington, DC  20005 |
| Century Indemnity Company; Insurance Company of North America | Paul G. Burns, Esq.<br>Levin & Glasser, P.C.<br>420 Lexington Avenue – Suite 820<br>New York, NY  10170<br><br>John F. Glowacki, Jr., Esq.<br>Siegal & Napierkowski<br>220 Lake Drive East - Suite 304<br>Cherry Hill, NJ  08002 |

| | |
|---|---|
| Continental Casualty Company; Continental Insurance Company; Columbia Casualty; and Harbor Insurance Company | Eileen King Bower, Esq.<br>Curt Cameron, Esq.<br>Ross, Dixon & Bell, L.L.P.<br>3 First National Plaza<br>70 West Madison Street, Suite 525<br>Chicago, IL 60602-4261<br><br>Charles A. Booth, Esq.<br>Ford Marrin Esposito Witmeyer & Gleser, LLP<br>Wall Street Plaza<br>New York, NY 10005-1875 |
| Federal Insurance Company | William P. Shelley, Esq.<br>John J. Dwyer, Esq.<br>Cozen O'Connor<br>1900 Market Street<br>Philadelphia, PA 19103 |
| Fireman's Fund Insurance Company and National Surety Corporation | Darrel M. Seife, Esq.<br>Caron, Constants & Wilson<br>201 Route 17 North, 2nd Floor<br>Rutherford, NJ 07070 |
| First State Insurance Company | Norman C. Kleinberg, Esq.<br>David R. Biester, Esq.<br>Hughes Hubbard & Reed<br>One Battery Park Plaza<br>New York, NY 10004 |
| Great American Surplus | Daniel I. Schlessinger, Esq.<br>Lord, Bissell & Brook<br>Suites 2600-3600<br>Harris Bank Building<br>115 South La Salle Street<br>Chicago, IL 60603 |

| | |
|---|---|
| | 600 College Road East<br>Princeton, NJ 08540 |
| International Insurance Company | Louis G. Corsi, Esq.<br>Landman Corsi Ballaine & Ford, P.C.<br>120 Broadway, 27th Floor<br>New York, NY 10271-0079 |
| Stonewall Insurance Company<br>and<br>Falcon Insurance Company | Barry Parsons, Esq.<br>Cliff Elgarten, Esq.<br>Crowell & Moring<br>1001 Pennsylvania Avenue, N.W.<br>Washington, DC 20004-2595 |
| Travelers Casualty and Surety Company | Margaret H. Warner, Esq.<br>Peter Tompa, Esq.<br>McDermott, Will & Emery<br>600 Thirteenth Street, N.W.<br>Washington, DC 20005<br><br>Jonathan K. Youngwood, Esq.<br>Simpson Thatcher & Bartlett<br>425 Lexington Avenue<br>New York, NY 10017 |
| Kenneth V. Harkins<br>AIU Insurance Company<br>160 Water Street, 24th Floor<br>New York, NY 10038 | David J. Walsh<br>New Hampshire Insurance Company<br>160 Water Street<br>24th Floor<br>New York, NY 10038 |
| Richard W. Hoffman, General Counsel<br>Employers Mutual Casualty Company<br>717 Mulberry Street, P.O. Box 712<br>Des Moines, IA 50309 | CT Corporation System<br>Hudson Insurance Company<br>111 Eighth Avenue<br>New York, NY 10011 |

| | |
|---|---|
| Kenneth V. Harkins<br>Granite State Insurance Company<br>160 Water Street, 24th Floor<br>New York, NY 10038 | |
| Secretary<br>ISOP<br>70 Pine Street.<br>3rd Floor<br>New York, N Y 10270 | Kenneth V. Harkins, Esq.<br>National Union Fire Insurance Company of Pittsburgh, Pa.<br>160 Water Street, 24th Floor<br>New York, NY 10038 |

the address designated by said party for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, under the exclusive care and custody of the United States Postal Service.

LORIANN BRACERO

Sworn to before me this _27th_

day of _September_ , 2002

Notary Public

ELEANOR BACCARY
A Notary Public of New Jersey
My Commission Expires _12/3/06_

-5-