# EXHIBIT 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------------X

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON, etc., *et al.*,

                    Plaintiffs,

     - against -

PNEUMO ABEX CORPORATION, *et al.*,

                  Defendants,

ALBA GENERAL INSURANCE COMPANY
LTD, *et al.*,

            Nominal Defendants.

--------------------------------------------------------------------X

Index No. 602493/02

IAS Part 49

Hon. Herman Cahn, J.S.C.

---

**AMERICAN RE-INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO ARGONAUT INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

---

Of Counsel

    Michael L. Gioia, Esq.
    Mark G. Sheridan, Esq.

**LANDMAN CORSI BALLAINE & FORD P.C.**
120 Broadway
NEW YORK, N.Y. 10271-0079
(212) 238-4800

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CERTAIN UNDERWRITERS AT LLOYDS, )
LONDON, etc., *et al.*, )
　　　　　　　　　　　　　　　　 )
　　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　 )
　　 - 　against - 　　　　　　　 )
　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　 )
PNEUMO ABEX CORPORATION, *et al.*, )
　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　 )
　　　　　　　Defendants, )
　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　 )
ALBA GENERAL INSURANCE COMPANY LTD., *et* )
*al.*, )
　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　 )
　　　　　　　Nominal Defendants. )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No. 602493/02

IAS Part 49


Hon. Herman Cahn, J.S.C.


**AMERICAN RE-
INSURANCE COMPANY'S
MEMORANDUM OF LAW
IN OPPOSITION TO
ARGONAUT INSURANCE
COMPANY'S MOTION FOR
SUMMARY JUDGMENT**

　　　　American Re-Insurance Company ("American Re") responds to Argonaut Insurance

Company's ("Argonaut") Motion for Summary Judgment as follows:

　　　　The parties in this action seek a declaration of their rights and obligations in connection

with insurance policies issued to the alleged predecessors of Pneumo Abex Corporation

("Pneumo Abex"). Certain insurer defendants, including American Re, asserted cross-claims for

contribution against the other parties to this action, including Argonaut. Argonaut seeks

dismissal from this action, claiming that it has settled with Pneumo Abex and with certain of

Pneumo Abex's other primary insurers and that it has paid out its full limits of liability under its

policies.

　　　　There appears to be no dispute that Argonaut entered into certain settlement agreements,

although Argonaut has not produced these agreements. It further appears that Argonaut paid

certain sums on account of Pneumo Abex's asbestos liabilities. Neither of these facts, however,

even begins to establish that Argonaut's insurance policies have been properly and fully

exhausted.

To enter a finding that the Argonaut policies have been properly exhausted, the Court

would need an entire factual record that Argonaut has not even attempted to provide. The list of

unresolved issues -- on which <u>no</u> record evidence exists -- includes:

- Whether The "Per Occurrence" Deductible Is Properly Accounted For

  The Argonaut primary policy contains a $50,000 "per occurrence"
  deductible, meaning that Pneumo Abex and the other alleged
  policyholders would be required to absorb the first $50,000 in connection
  with <u>each</u> underlying occurrence. *See* Exhibit 4.A. to Ewan M. Clark's
  Affirmation in Support of Argonaut's Motion for Summary Judgment
  ("Clark Aff."). Under New York law,[1] each underlying asbestos claimant
  constitutes a separate "occurrence," requiring the satisfaction of a separate
  "per occurrence" deductible for each claimant. *See, e.g., Appalachian Ins.
  Co. v. General Electric Co., et al.*, 796 N.Y.S.2d 609 (N.Y. App. Div. 1st
  Dept. 2005). Upon information and belief, the insureds under the
  Argonaut primary policy did not satisfy the "per occurrence" deductible in
  the Argonaut policy. If so, the Argonaut policies have not been properly
  exhausted. In any event, the present record is completely devoid of any
  evidence on this topic. *See* Affidavit of R. Patrick Bedell in Opposition to
  Argonaut Insurance Company's Motion for Summary Judgment ("Bedell
  Aff.") ¶ 3.

- Whether Defense Costs Were Mischaracterized As Indemnity Payments

  The Argonaut primary policy contains a duty to defend in addition to a
  duty to indemnity. *See* Exhibit 4.A. Clark Aff. The costs Argonaut incurs
  fulfilling its duty to defend are in addition to, and do not reduce, the
  indemnity limit of liability. If Argonaut mischaracterized defense costs as
  indemnity costs, Argonaut would have improperly accelerated the
  exhaustion of its indemnity limits. Moreover, upon information and
  belief, defense costs apply to impair or exhaust the limits of liability
  provided by the Argonaut umbrella policy. If Argonaut improperly
  accelerated exhaustion of its primary policy and the termination of its duty
  to defend, by, for example, not requiring the satisfaction of the per

---

[1] Argonaut argues that Illinois substantive law should be applied in this action. *See*
Memorandum of Law in Support of Defendant Argonaut Insurance Company's Motion for
Summary Judgment. The determination of the choice of law issue, at least as to American Re, is
premature. American Re hereby reserves its right to challenge the application of Illinois law in
this litigation.

occurrence deductible in its primary policy, then Argonaut would have
also improperly accelerated the exhaustion of its umbrella policy through
impairment by defense costs that should properly be attributed to the
Argonaut primary policy. Without any discovery, the present record lacks
sufficient evidence to determine whether Argonaut properly characterized
its payments. *See* Bedell Aff. ¶ 4.

- Whether Argonaut's Payments Were On Account Of "Bodily Injury"

The Argonaut policies provide coverage, in relevant part, only for claims
involving "bodily injury." *See* Clark's Aff., Exhibit 4A and 4B. The
record lacks any evidence establishing that the underlying asbestos claims
involved actual "bodily injury," as opposed to fear of acquiring asbestos-
related diseases, emotional distress, costs for medical monitoring, etc.
Payment for claims not covered under Argonaut's policies cannot properly
erode the limits of liability on these policies. *See* Bedell Aff. ¶ 5.

- Whether Argonaut Paid Only For Claims On Which The Alleged
Policyholders Were Legally Liable

The Argonaut policies provide coverage only for liability that the
policyholder was "legally obligated to pay." *Id.* The present record is
completely devoid of any evidence that Pneumo Abex and the other
alleged policyholders were "legally obligated to pay" the claims that they
settled. (Many defendants facing large numbers of asbestos claims make a
business decision to settle all claims in bulk, regardless of whether they
face any legal liability in connection with these claims, simply to avoid
incurring litigation costs.) *See* Bedell Aff. ¶ 6.

- Whether Argonaut Paid For Claims That Post-Date Its Policies

The Argonaut policies could not, under any circumstances, provide
coverage for claims in which the claimant's first exposure to asbestos took
place after the expiration of the Argonaut policies. No evidence
whatsoever exists establishing, or even suggesting, that Argonaut limited
its payments to claims that involved dates of first exposure prior to the
expiration of its policies. *See* Bedell Aff. ¶ 7.

None of the above-referenced issues can be adjudicated on the present, empty record.
Indeed, Argonaut has not identified even a single underlying asbestos claim that allegedly
exhausted its policies. Accordingly, the Court should deny Argonaut's motion at the present
time pursuant to CPLR 3212(f) so that discovery may be had on the above-referenced issues.

3

be determined pursuant to the terms of its own insurance policies. Those rights and obligations cannot be affected by the private settlement agreements between Argonaut and the alleged policyholders. *See Consolidated Edison Co. of New York v. Fyn Paint & Lacquer Co., Inc.*, 2005 WL 139170 (E.D.N.Y., Jan. 24, 2005) (regardless of settlement agreement between policyholder and primary insurer, excess insurer was entitled to require policyholder to prove proper exhaustion of the coverage underlying the excess policy). This is especially true when those settlement agreements may permit Argonaut to claim that its policies are exhausted in a manner that is inconsistent with the terms of those policies or contrary to the true, but as yet undiscovered, facts.

Accordingly, American Re respectfully requests that the Court deny Argonaut's Motion for Summary Judgment; however, if the Court intends to grant Argonaut's motion, American Re respectfully requests that the Court utilize the form of Order attached hereto as Tab A.

Dated: July 26, 2005

Respectfully submitted,

One of the Attorneys for
American Re-Insurance Company

Michael L. Gioia
LANDMAN CORSI BALLATINE & FORD P.C.
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800

Of Counsel:

Mark G. Sheridan
R. Patrick Bedell
BATES & CAREY LLP
191 N. Wacker Drive, Suite 2400
Chicago, IL 60606
(312) 762-3100
C:\Documents and Settings\mgioia\Local Settings\Temporary Internet Files\OLK4A8\Opposition to Argonaut's MSJ.DOC

Of Counsel:

Mark G. Sheridan
R. Patrick Bedell
BATES & CAREY LLP
191 N. Wacker Drive, Suite 2400
Chicago, IL 60606
(312) 762-3100
C:\Documents and Settings\mgioia\Local Settings\Temporary Internet Files\OLK4A8\Opposition to Argonaut's MSJ.DOC

# TAB A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

CERTAIN UNDERWRITERS AT LLOYDS
LONDON, et al.,

               Plaintiff,
   -against.

PNEUMO ABEX CORPORATION, et al.,

               Defendants

ALBA GENERAL INSURANCE
COMPANY LTD., et al.,

               Nominal Defendants

Index No. 602493/2002.

PROPOSED ORDER

## ORDER

     Upon consideration of Defendant Argonaut Insurance Company's Motion for Summary Judgment and any opposition thereto;

     IT IS this _____ day of _____, 2005, ORDERED that Defendant's Motion for Summary Judgment is hereby DISMISSED WITHOUT PREJUDICE, and that the Complaint of Certain Underwriters at Lloyd's London, and the Cross-Claims against Argonaut Insurance Company by American Re-Insurance Company be DISMISSED WITHOUT PREJUDICE. Nothing in this Order adjudicates or otherwise affects the claims, rights, or defenses that the non-settling insurers have against any person or entity (other than Argonaut), including but not limited to the non-insurer defendants, concerning the claimed exhaustion of the Argonaut policies, and nothing in this Order shall prejudice such claims, rights, and defenses. Additionally, nothing in this Order adjudicates or otherwise affects a policy requirement that an

insured satisfy "per occurrence" deductibles contained within any primary, umbrella or excess policy issued by any insurer defendant.

———————————————————

Herman Cahn, J.S.C.