# EXHIBIT 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, et al., | Index No.: 602493/02 |
| Plaintiffs, | |
| vs. | AFFIRMATION IN OPPOSITION TO ARGONAUT INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT |
| PNEUMO ABEX CORPORATION, et al., | |
| Defendants. | |

George R. Hardin, Esq., being duly sworn, deposes, affirms and says:

1. I am a partner in the law firm of Hardin, Kundla, McKeon & Poletto, P.A. and a member in good standing of the bar of the State of New Jersey and the State of New York. I am charged with handling this matter on behalf of Mt. McKinley Insurance Company (f/k/a Gibraltar Casualty Company) ("Mt. McKinley"). As such, I am fully familiar with the facts and circumstances of the within litigation, the source of my knowledge being the file maintained by my office in the course of handling this matter.

2. This Affirmation in Opposition is respectfully submitted on behalf of Mt. McKinley in response to the Motion for Summary Judgment filed by defendant Argonaut Insurance Company ("Argonaut") to dismiss with prejudice all claims and cross-claims asserted against Argonaut in this action. Said Affirmation is submitted pursuant to CPLR § 3212.

## PROCEDURAL HISTORY

3. Plaintiffs Certain Underwriters at Lloyd's, London et al. ("London") filed the instant Declaratory Judgment action in this Court on July 9, 2002 seeking a declaration of the rights, if any, of Pneumo Abex Corporation ("Pneumo Abex"), Cooper Industries, Inc., and PepsiAmericas, Inc. under insurance policies originally issued to American Brake Shoe Company and/or I.C. Industries for asbestos-related bodily injury claims asserted against Pneumo Abex.

4. In addition to Pneumo Abex, Cooper Industries, Inc., and PepsiAmericas, Inc., Plaintiffs' Complaint named as defendants various insurance companies, which allegedly issued insurance policies to American Brake Shoe Company and/or I.C. Industries.

5. Mt. McKinley, f/k/a Gibraltar Casualty Company, was named as a defendant insurer. Mt. McKinley issued certain excess insurance policies to I.C. Industries as follows:

| Policy | Pol. Period | Limits |
|---|---|---|
| GMX01140 | 4/1/81-4/1/82 | $10 million part of $50 million excess $100 million excess primary |
| GMX01616 | 4/1/82-4/1/83 | $10 million part of $50 million excess $100 million excess primary |
| GMX01617 | 4/1/82-4/1/83 | $10 million part of $50 million excess $150 million excess primary |
| GMX02171 | 4/1/83-4/1/84 | $20 million part of $100 million excess $100 million excess primary |

6. Cooper Industries, Inc. removed this action to the Southern District of New York. Accordingly, Mt. McKinley filed an Answer, Affirmative Defenses, Cross Claims, Counter-Claims, and Answer to All Cross Claims in the United States Bankruptcy Court

for the Southern District of New York on or about September 27, 2002. (See attached Exhibit A - a copy of the Mt. McKinley Answer).

7. Among the defenses raised by Mt. McKinley, as well as other excess insurers in this case, is the absence of any demonstration of proper exhaustion of underlying insurance. This invokes issues of proper and reasonable payments of meritorious claims, and proper allocation of those claims among policies that must respond.

8. The Mt. McKinley Cross Claims alleged, among other things, that in the event Mt. McKinley is found or determined to otherwise respond to the claims at issue in this litigation, a proper allocation of loss or damages among Mt. McKinley and the other parties, including Argonaut, is required. The Cross Claims further alleged that under such an allocation Mt. McKinley could not be required to provide coverage in excess of its properly allocated share, and that such an allocation could result in no sums being allocated to Mt. McKinley.

9. In its Cross Claims against Argonaut and the other parties to this action, Mt. McKinley requested the entry of a declaratory judgment providing that, among other things, Mt. McKinley has no obligation to reimburse any party for any monies expended to date in connection with any claims at issue herein; Mt. McKinley has no obligation to indemnify any party in connection with any claims at issue in this litigation; Mt. McKinley owes no obligation to defend any party in this litigation; Mt. McKinley is entitled to a proper allocation of loss among all parties; and Mt. McKinley is entitled to a declaration of the rights and obligations of all other parties.

10. Plaintiffs applied in Federal Court to remand this action to this Court. At the same time, Pneumo Abex and Cooper Industries, Inc. moved to transfer this case to the

United States Bankruptcy Court for the District of Delaware for resolution in conjunction with the bankruptcy proceeding of Federal-Mogul Global, Inc. et al. During that time period, from 2002 through May of 2005, the parties did not engage in discovery as they awaited the outcome of these motions.

11. On May 1, 2005, the United States District Court for the Southern District of New York entered an Order remanding this matter to this Court. ( See Exhibit B - a copy of the Order to Remand).

12. Following the remand of this matter to this Court, a Preliminary Conference was conducted by the Hon. Herman Cahn, J.S.C. on June 16, 2005. Judge Cahn directed that the parties proceed at that time with discovery. In order to facilitate discovery efforts, Judge Cahn appointed the Hon. John Bradley (Retired) to act as a Special Discovery Master/Referee.

13. At the conference on June 16, 2005, Judge Bradley directed service of written discovery demands and the provision of certain other information. On June 23, 2005, Mt. McKinley served Initial Interrogatories, Supplemental Interrogatories, and an Initial Demand for Production of Documents upon Pneumo Abex. (See attached Exhibits C, D, and E - copies of these written discovery demands).

## ARGUMENT

## ARGONAUT'S SUMMARY JUDGMENT MOTION IS PREMATURE

14. Mt. McKinley has not been afforded the opportunity to obtain discovery from Argonaut, or any other parties to this litigation for that matter. The exchange of Discovery in this action has been allowed to proceed only since June of this year. Mt.

4

McKinley has timely served discovery demands upon Pneumo Abex regarding the underlying claims and the settlement thereof, which would encompass the claims that Argonaut alleges they have paid and forms the basis for their claim of exhaustion. These initial discovery responses are due on or about August 23, 2005. Any request for summary judgment in advance of the discovery period is premature.

15. The lack of discovery in this matter is also relevant with respect to the choice of law issues presented in Argonaut's motion. Argonaut contends in its moving papers that Illinois law applies to the interpretation of its policies because it alleges that Illinois has the most significant relationship to the transaction and the parties. However, this is inconsistent with the legal conclusions drawn by the D.C. Court of Appeals in the related case of Abex Corp. v. Maryland Casualty Co., 790 F.2d 119, 121 (D.C. Cir. 1986). There, the Court applied New York law in resolving certain preliminary coverage issues such as the interpretation of the term "occurrence" in the policies and the primary insurers' duty to defend Abex Corp. In any event, the determination of which state has the most significant relationship to the transaction and the parties is fact-sensitive, and Argonaut has produced nothing to support the facts it alleges, regarding choice of law, other than the policies it issued. Therefore, any request for summary relief is premature. C.P.L.R. § 3212(f); OK Petroleum Dist. Corp. v. Nassau/Suffolk Fuel Oil Corp., 17 A.D.3d 551, 793 N.Y.S.2d 152 (2nd Dep't 2005).

16. Mt. McKinley is an excess insurer of I.C. Industries. Mt. McKinley has asserted Cross Claims against Argonaut and the other parties to this litigation with respect to the proper allocation of Pneumo Abex claims. See, e.g., Consolidated Edison Co. of N.Y., Inc. v. Allstate Ins. Co., 98 N.Y.2d 208, 746 N.Y.S.2d 622 (2002)

5

(regarding allocation); <u>Appalachian Ins. Co. v. General Elec. Co.</u>, 2005 N.Y. slip op. 05005 (1st Dep't June 14, 2005) (regarding occurrence). We reference these cases because issues of allocation and number of occurrence impact the claimed exhaustion. In that regard, Mt. McKinley requires discovery of underlying claim and settlement information in order to evaluate the propriety of the Argonaut assertions, as well as to develop the facts addressing issues raised by Mt. McKinley's defenses and Cross Claims and/or to contest or verify Argonaut's claimed exhaustion. Facts concerning the nature of the underlying claims, when and how settlement payments were allocated by Argonaut to its policies as well as how they may have been allocated to policies issued by other carriers, how the "per occurrence" deductibles of the Argonaut policies were applied to the claims, whether Argonaut paid for legal liability due and owing under its policy(ies), and how each claim was treated by Argonaut in the purported settlement(s) it relies upon in connection with its claim for exhaustion all remain unknown at this point in time. Each of these facts impacts the determination of whether the claim of exhaustion made by Argonaut is proper under the terms of the policy(ies) it issued and the applicable law. As of this date, no discovery has been provided that would allow verification of whether the claimed exhaustion is proper. These facts are likely to exist but such knowledge, upon information and belief, rests with either Pneumo Abex and/or Argonaut. Accordingly, under C.P.L.R. 3212 (f), the Argonaut motion seeking summary judgment should be denied without prejudice so as to allow disclosure to be had.

17. It is, therefore, respectfully, requested that the Motion for Summary Judgment filed by Argonaut Insurance Company be denied in its entirety at this time.

18. In the event that Argonaut is dismissed from this litigation, Mt. McKinley

respectfully requests that the dismissal be without prejudice to the defenses and Cross Claims asserted on behalf of Mt. McKinley, including those related to proper exhaustion of underlying coverage and proper allocation. Further, no aspect of the Court's ruling should have any effect on issues of defense and/or indemnity coverage alleged to be owed by Mt. McKinley policies, and that no aspect of the Court's ruling should have any effect on issues of allocation among Pneumo Abex, Cooper Industries, Inc., PepsiAmericas, Inc., and their respective insurers, including Argonaut.

Mt. McKinley also respectfully requests the right to proceed with third party discovery against Argonaut as an insurer which has made payment of relevant claims.

Dated: Springfield, New Jersey
July 25, 2005

HARDIN, KUNDLA, MCKEON, & POLETTO, P.A.
Attorneys for Defendant, Mt. McKinley Insurance Company (f/k/a Gibraltar Casualty Company)
110 William Street
New York, New York 10038

By: _____
George R. Hardin, Esq.