# EXHIBIT 8

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: _Cahn_
                    Justice

PART 49m

Certain underwriters

- v -

Pneumo Abex Corp

INDEX NO. 602493/02
MOTION DATE 7/18/05
MOTION SEQ. NO. 002
MOTION CAL. NO. _____

The following papers, numbered 1 to ____ were read on this motion to/for ____

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | |
| Answering Affidavits — Exhibits | |
| Replying Affidavits | |

Cross-Motion: ☐ Yes   ☐ No

Upon the foregoing papers, it is ordered that this motion

FILED
JUL 29 2005
NEW YORK
COUNTY CLERK'S OFFICE

MOTION IS DECIDED IN ACCORDANCE WITH ACCOMPANYING MEMORANDUM DECISION IN MOTION SEQUENCE

FILED
JUL 29 2005
NEW YORK
COUNTY CLERK'S OFFICE

[left margin: ...CASE IS RESPECTFULLY REFERRED TO ____ JUSTICE]

Dated: 7/29/05                    _/s/_ J.S.C.

Check one:  ☒ FINAL DISPOSITION    ☐ NON-FINAL DISPOSITION

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:         IAS PART 49
-------------------------------------------------------------X
CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON, *et al.*,                                    Index No. 602493/02

      Plaintiffs,

   - against -

PNEUMO ABEX CORPORATION, *et al.*,

      Defendants.
-------------------------------------------------------------X

Herman Cahn, J.

   Defendant PepsiAmericas, Inc., moves (seq. no. 002) to stay this action in favor of related litigation in the U.S. District Court for the District of Columbia, entitled *Abex Corp., et al. v Maryland Cas. Co., et al.* (C.A. No. 82-2098) and *Whitman Ins. Co., Ltd. v Travelers Indem. Co., et al.* (C.A. No. 05-1125), CPLR 327, 2201, 3211 (a) (4).

***Background:***

   This action, and the related actions, center on claims for personal injury arising from exposure to asbestos contained in products of Abex Corporation, a former subsidiary of Illinois Central Industries, Inc., presently known as PepsiAmericas, Inc., defendant/movant herein (Zevnik Aff. ¶ 2).[1]

   The complaint alleges that plaintiff Lloyd's, London, issued comprehensive general liability insurance policies to Illinois Central and Abex, including coverage for product liability, asbestos-related, claims. The vast majority of the policies were negotiated and drafted in Illinois, and issued to Illinois Central at its Chicago headquarters.

---

[1] Prior to its present name, PepsiAmericas, Inc., was known as Whitman Corporation, and before that, IC Industries, Inc. (Zevnik Aff. ¶ 2).

In July 1982, Abex commenced the action entitled *Abex Corp., et al. v Maryland Cas. Co., et al., supra*, in D.C. Federal District Court, Hon. John Garrett Penn, presiding. That action sues on the many comprehensive primary general liability policies covering Illinois Central and Abex, seeking defense and indemnity for many asbestos-related claims. The docket in that action exceeds 150 pages and contains over 1,500 entries (Zevnik Aff., Appx., Ex. 1). The primary insurers sued in that action asserted their own claims therein against umbrella policy and excess insurers. While many such insurers settled the claims, plaintiff Lloyd's, and American Reinsurance Company, did not, and the claims involving them are continuing in the D.C. federal litigation.

The D.C. Federal District Court has conducted two trials; issued various decisions concerning coverage issues among the parties; and entered orders and endorsed stipulations regarding the exhaustion of certain of the primary policies. Those decisions resulted in various D.C. Circuit decisions; among them, holding that Abex's insurers bore an immediate duty to defend Abex "as long as there remains a possibility – however remote – that injury occurred during the policy periods of each insurer" (*Abex Corp. v Maryland Cas. Co.*, 790 F2d 119, 129 [DC Cir 1986]; *see also, id.* ["Because it is possible for asbestos-induced injuries to occur at any time following initial exposure, the tort complaints against Abex 'permit proof' that the injury-in-fact occurred during the policy periods . . . ."]).

The instant New York action was commenced in 2002 by Lloyd's, seeking declaratory judgments: one, to the effect that Lloyd's policies do not cover the Abex asbestos-related claims; and a second, to the effect that, even if they do, Lloyd's is entitled to indemnification and/or contribution from other umbrella policy and excess insurers. Various

2

insurer defendants sued herein are also parties in the D.C. federal litigation,[2] ongoing now for nearly 20 years. The D.C. federal litigation includes primary and umbrella insurers not sued herein.

PepsiAmericas acknowledges the long, ongoing, history of the D.C. federal actions, as well as the decisions rendered thereby, and that "extensive discovery" has gone forward therein (Opp. Mem. at 6). But it states that "the vast majority of excess carriers were not parties to those decisions nor participated in those discovery efforts (*id.*).[3]

***Discussion:***

"[W]here another action is pending, a major concern, as a matter of comity, is to avoid the potential for conflicts that might result from rulings issued by courts of concurrent jurisdiction" (*White Light Prods., Inc. v On the Scene Prods., Inc.*, 231 AD2d 90 [1st Dept 1997]). That may be the case where there is sufficient identity of the parties, and the issues, in the related actions (*id.*). The court is vested with "broad discretion" in determining a motion to dismiss on the ground of another action pending (*Whitney v Whitney*, 57 NY2d 731, 732 [1982]).

The equities militate in favor of granting a stay hereof in favor of the D.C. federal litigation.

*Abex Corp. v Maryland Cas. Co.*, (C.A. No. 82-2098), over which District Judge Penn has presided for approximately 20 years, has resulted in trials, discovery, and numerous

---

[2] Those insurers include Travelers, Argonaut, Continental Insurance, Continental Casualty, Columbia Casualty, Harbor, National Union, AIU, American Home, Granite State, ISOP, and New Hampshire (*see also, infra,* at 5).

[3] Yet PepsiAmericas acknowledges that those very excess insurers were recently added as defendants in the D.C. federal action (Opp. Mem. at 6).

decisions which, in some instances, have gone up on appeal (790 F2d 119 [DC Cir 1986]). Over $400,000,000.00 in insurance coverage has been made available through the prosecution of that litigation (Zevnik Aff. ¶ 8). Judge Penn has already determined that the Lloyd's policy periods have been triggered by the Abex asbestos-related claims. Moreover, various summary judgment motions relating to the policies issued to Illinois Central and Abex are presently pending before Judge Penn. Issues treated in those motions include:

1. The obligation of excess insurance policies to provide coverage for Abex asbestos-related claims;

2. Whether insurers waived defenses by failing to timely disclaim;

3. Whether Abex asbestos-related claims alleging "market share" and "conspiracy" theories of recovery are covered by the policies;

4. Whether the policies' "aircraft products exclusion" is applicable to the Abex asbestos-related claims;

5. The obligation of insurers to indemnify settled Abex asbestos-related claims;

6. The obligation of insurers to pay for Pneumo Abex's in-house defense costs incurred in connection with the Abex asbestos-related claims; and

7. Whether the Abex asbestos-related claims arise from the manufacture, sale, or distribution of asbestos containing products.

(*Id.*, ¶ 14.)

PepsiAmericas attempts to differentiate this action from the D.C. federal actions by asserting that this action involves excess insurance policies as opposed to the primary policies at issue there; although it concedes that the excess carriers have recently been joined there (Opp. Mem. at 6). The actions are not so dissimilar as to preclude a stay hereof, as the excess policies underlying this action follow the form of the primary policies underlying the D.C. actions,

specifically incorporating definitions, conditions, and exclusions contained in the latter (Zevnik Aff. ¶¶ 15-18). Indeed, District Judge Penn has refrained from issuing orders relating to the excess policies on the sole ground that the excess insurers were not parties to the D.C. federal actions (Youngwood Aff. Ex. A [Memorandum Order of Hon. John Garrett Penn, U.S.D.J., dated August 31, 2004] at 4). That impediment no longer exists due to the recent joinder of excess policy insurers in the D.C. federal litigation.

In addition, complete identity of parties is not necessary to warrant a stay hereof, as it is sufficient that "at least one plaintiff and one defendant is common in each action" (*Morgulas v J. Yudell Realty, Inc.*, 161 AD2d 211 [1st Dept 1990]). Lloyd's, Whitman (l/k/a PepsiAmericas [*see, supra,* note 1]), National Union, AIU, Allianz, American Home Assurance, American Reinsurance, Associated International, Employers Mutual, Falcon, Federal, Fireman's Fund, First State, Granite State, Hudson, Mt. McKinley, New Hampshire, Stonewall, and Travelers are all common to this and the D.C. action (*compare* McCabe Aff. Ex. 1 [full caption hereof] *with* Zevnik Aff., Appx., Ex. 2 [caption of *Whitman Ins. Co., Ltd. v Travelers Indem. Co., et al.*, C.A. No. 05-1125]).

In the interest of judicial economy, and that of the parties, as well as the need to avoid conflicting orders, the court defers to the long-standing and continuing litigation in the D.C. Federal District Court, and stays this action as hereafter set forth.

Accordingly, it is

ORDERED that the motion to stay this action in favor of related litigation in the U.S. District Court for the District of Columbia, entitled *Abex Corp., et al. v Maryland Cas. Co.,*

*et al.* (C.A. No. 82-2098) and *Whitman Ins. Co., Ltd. v Travelers Indem. Co., et al.* (C.A. No. 05-1125), is granted.

Dated: July 29, 2005

ENTER:

_____
J. S. C.