IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WHITMAN INSURANCE COMPANY, LTD.<br><br>Plaintiff,<br><br>-v-<br><br>TRAVELERS INDEMNITY COMPANY, et al.,<br><br>Defendants. | Case No. 1-05cv01125<br><br>Judge John Garrett Penn |

**TRAVELERS REPLY MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

Margaret H. Warner, #359009
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
(202) 756-8000

Barry R. Ostrager, *pro hac vice*
Jonathan K. Youngwood, *pro hac vice*
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000

*Counsel for Travelers Insurance Company*

November 7, 2005

Defendant The Travelers Indemnity Company respectfully submits this reply memorandum of law in further support of its motion to dismiss the amended complaint filed by Whitman Insurance Company, Ltd., on July 29, 2005.

### PRELIMINARY STATEMENT[1]

In its motion to dismiss, Travelers asserted two independent reasons why this case should be dismissed: (1) Whitman has no standing to pursue this action against Travelers, and (2) Abex should be realigned as a plaintiff, which destroys diversity jurisdiction. Although Whitman attempts to trivialize the importance of standing and jurisdiction, referring to them as "hyper-technical," the failure of a complaint to satisfy either serves as a basis for dismissal.

### ARGUMENT

**I.    WHITMAN HAS NOT DEMONSTRATED THAT IT HAS STANDING TO BRING THIS ACTION AGAINST TRAVELERS.**

**A.    Whitman Does Not Allege That It Has Been Actually Harmed.**

Whitman states that it has paid "more than $9,000,000 in defense costs and single occurrence indemnity limits for such claims." Whitman Br. at 13. It does not allege that it has paid any more than its contractual limits or that it has been billed by Abex for any more payments. Whitman has suffered no injury in fact. *See Bellefonte Reins. Co. v. Aetna Cas. & Sur. Co.*, 590 F. Supp. 187, 193 n.9 (S.D.N.Y. 1984) ("[P]laintiffs [reinsurers] have yet to suffer any remediable harm, nor is it clear that they ever will. [Cedent] has not demanded that [reinsurers] make additional payments beyond those required under plaintiffs' interpretation of their reinsurance obligation.").

---

[1] The defined terms used herein are afforded the same meaning as in Travelers Memorandum of Law in Support of Its Motion to Dismiss.

In an attempt to manufacture an injury where none exists, Whitman alleges that the insurers in this action "either want Whitman Insurance to keep paying for the Abex asbestos suits or have refused to release Whitman Insurance from any further obligation for such suits, now or in the future." Whitman Br. at 17. This statement is remarkable because Whitman has never been named in any coverage litigation involving Abex's insurers.[2] London did not name it as a defendant in the N.Y. Action and Travelers is not seeking contribution from it in the Primary Policy D.C. Action. Whitman is not even identified on a coverage chart submitted in the N.Y. Action that was prepared by its own counsel. *See* Supplemental Declaration of Richard Rogers, Exhibit A (coverage chart, attached as Exhibit A to Affidavit of Paul A. Zevnik in support of PepsiAmericas, Inc.'s Motion to Stay). While Travelers, London, and the other insurers may seek to resolve issues with Whitman's cedents, they are not seeking to recover sums directly from Whitman. Therefore, Whitman's harm is merely hypothetical and does not give Whitman standing to bring this action. *See In re Diet Drugs Prods. Liab. Litig.*, 385 F.3d 386, 397 (3d Cir. 2004) (affirming district court decision that plaintiffs had no standing to pursue an action for future depletion of a trust because the injury was purely speculative at the time).

**B.    Whitman Concedes That It Does Not Reinsure Travelers and Does Not Provide Coverage in Travelers Coverage Block.**

Whitman concedes that it has no reinsurance relationship with Travelers but argues that it nonetheless has standing to sue Travelers because its layer of coverage was sued in Primary Policy D.C. Action. Whitman, however, is not a party to that action and Travelers is not seeking any relief from Whitman in that action (or anywhere else).

---

[2] Whitman's assertion that Travelers seeks to relitigate Judge Penn's decisions in the N.Y. Action is totally inaccurate. In opposing the stay of the N.Y. Action, Travelers stated that "since most of the excess insurers were not parties to the D.C. Action *they* will almost certainly seek to relitigate the prior decisions of the Court so that they may be resolved under current New York Law." *See* Travelers Opposition to PepsiAmericas, Inc.'s Motion to Stay at 10 (emphasis supplied) (attached to Chefitz Decl. at Exhibit 7).

Travelers has paid more than its equal share of defense costs in the Primary Policy D.C. Action[3] and, pursuant to this Court's order that all insurers share equally in Abex's defense costs, is now seeking contribution from those primary insurers that have not paid their equal share.[4] Whitman asserts only that it reinsures the first $250,000 layer of some or all of these primary carriers.

Travelers claims against those other carriers do not give Whitman standing to bring this action.[5] If Travelers prevails on its contribution claims, Travelers will recover from National Union, Northwestern National, and Continental—not Whitman. Whether Whitman has to reimburse those insurers for the amount they pay to Travelers is a dispute between Whitman and its reinsureds. *Cf. Unigard Sec. Ins. Co. v. North River Ins. Co.*, 4 F.3d 1049, 1070 (2d Cir. 1993) (holding, in an action between reinsurer and cedent, that reinsurer was not liable for amounts that exceeded the stated liability limit in the certificate of reinsurance); *Christiana Gen. Ins. Corp. v. Great Am. Ins. Co.*, 745 F. Supp. 150, 151 (S.D.N.Y. 1990). It is not a dispute between Whitman and Travelers and its potential existence does not give Whitman standing to proceed directly against Travelers.[6]

---

[3] Notably, Whitman repeatedly acknowledges that Travelers is the only Moving Defendant that has reimbursed Abex for its asbestos suits. *See* Whitman Br. at 12 n.6, 17, 30 n.20. Travelers, whose coverage to Abex spans only three years, has paid at Abex's request $18 million in indemnity and more than $35 million in defense costs. Its policies are now exhausted.

[4] Travelers is seeking contribution from Northwestern National Insurance Company, National Union Fire Insurance Company, and Continental Insurance Company. Travelers reserved the right to seek contribution from Liberty Mutual Insurance Company, Maryland Casualty Company, and Argonaut Insurance Company.

[5] Although Whitman may have an "interest" in Abex's coverage dispute with its insurers because it may be called upon to reimburse Abex or its cedent based on a reinsurance relationship, that "interest" does not create an actual controversy between Whitman and Travelers and does not give Whitman standing *See, e.g, Carlson Holdings, Inc. v. NAFCO Ins. Co.,* 205 F. Supp. 2d 1069, 1075 (D. Minn. 2001) (holding that the fact that a reinsurer may be required to pay for claims did not give insured standing to bring a declaratory judgment action directly against reinsurer).

[6] Whitman claims it seeks declaratory relief and is not suing under a reinsurance contract (Whitman Br. at 14), but it cannot deny that its interest in this litigation arises from its status as a reinsurer. *See Carlson,*

3

## II. WHITMAN HAS NOT ESTABLISHED THAT IT IS ADVERSE TO ABEX.

In its Motion to Dismiss, Travelers argued that Whitman's and Abex's interests were aligned and that Abex should be a named plaintiff, not a named defendant, which would destroy diversity jurisdiction. Whitman has failed adequately to refute Travelers allegation and has also failed to establish that it is adverse to Abex. Whitman's opposition merely asserts that it does not want to pay any more money to Abex. That alone, however, does not create adversity.

Whitman undeniably seeks to ensure that Abex obtains as much insurance coverage as possible. If Whitman's purpose in bringing this litigation were to determine its obligations to Abex, it would have simply sought a declaration that it had no further obligations to Abex and there would have been no need even to name Travelers or the other insurers. However, Whitman seeks much more. It seeks to maximize Abex's insurance coverage and minimize Abex's obligations. The Complaint requests the following declarations, which are unnecessary to resolve Whitman's so-called dispute with Abex, but are extremely beneficial to Abex:

- "[D]efendant insurers' duty to defend Abex asbestos-related suits and claims is joint, several and indivisible." Complaint at ¶ 8(ii).

- "Abex may select the Policy or Policies and policy year or years to which to allocate such defense or indemnity costs or damages for excess Policies issued subsequent to January 1, 1971." *Id.* at ¶ 8(iii).

- "Abex is not required to pay or reimburse deductibles, self-insured retentions or uninsured years for the Abex asbestos-related suits and claims as long as the insureds have available insurance that does not contain such deductibles or self-insured retentions" *Id.* at ¶ 8(iv).

- "Whitman and Abex are not required to pay or reimburse deductibles, self-insured retentions or uninsured years for the Abex asbestos-related suits as claims as long as they have available insurance that does not

---

205 F. Supp. 2d at 1075 (holding that Declaratory Judgment Act did not give reinsurer standing to sue insured where rights arose solely through contract).

4

contain such deductibles or self-insured retentions." *Id.* at ¶ 87.[7]

Given this clear identity of interest, realignment is appropriate under either of the two tests cited by Whitman—the "primary purpose" test or the "substantial conflict" test. *See* Whitman Br. at 33.

Under the "primary purpose" test, *U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992), Whitman argues that its primary purpose in bringing this suit "is to absolve Whitman of any further obligation to Abex by obligating the defendant insurers to indemnify Abex." Whitman Br. at 34. Yet in its prayer for relief, Whitman first seeks a declaration that "the insurer defendants are obligated to pay in full Abex's legal liabilities, costs and expenses for the investigation and defense of the Abex asbestos-related suits and claims" and also seeks a number of ancillary declarations that benefit Abex. *Id.* at Prayer for Relief. The primary dispute, therefore, is whether the insurer defendants must defend and indemnify Abex, a position in which Whitman and Abex are in full alignment. *See U.S. Fid. & Guar. Co.*, 955 F.2d at 1089 ("[P]arties [must] be aligned in accordance with the primary dispute in the controversy, even where a different, legitimate dispute between the parties supports the original alignment").

Under the "substantial conflict test "[r]ealignment is proper where there is no actual, substantial conflict between the parties that would justify placing them on opposite sides of the lawsuit." *Am. Motorist Ins. Co. v. Trane Co.*, 657 F.2d 146, 151 (7th Cir. 1981). Abex should be realigned with Whitman under this test because Abex and Whitman agree that the twenty-two insurers named in the Complaint should be obligated to fully reimburse Abex for its asbestos

---

[7] Whitman attempts to downplay the significance of its request by stating that the Federal Reporter is "rife" with examples of insurers bringing declaratory judgment actions to determine their obligations. Whitman Br. at 32. In those cases, the insurer typically seeks a declaration that it *does not* owe coverage to the insured. The N.Y. Action is an example. Here, Whitman is seeking an affirmative declaration that the insurers *do* owe coverage to Abex.

5

claims. Furthermore, Whitman states that the number of occurrence issue "is a very important part of the relief Whitman Insurance seek[s]." Whitman Br. at 35. Whitman admitted its alignment with Abex on the number of occurrence issue. In its Motion for Partial Summary Judgment on the Number-of-Occurrence Issue, Whitman stated:

> [T]he insureds [defined as IC Industries and Abex] (*including Whitman*) and Argonaut, Continental, Northwestern National, and National Union have followed this Court's instructions and resolved numerous issues including how the post-1973 per occurrence limits are applied to the Abex asbestos-related suits and claims. ***The parties have agreed that all Abex asbestos-related suits and claims arise out of one occurrence per policy period***.

Occurrence Br. at 2 (emphasis added).

In addition, realignment is appropriate because Whitman's counsel has admitted that Whitman's interests are aligned with those of Abex. Whitman does not refute PepsiAmericas' recent assertion that PepsiAmericas, Whitman and Abex all have a vested stake in what happens between the insurers. *See* Travelers Br. at 6. Following proper realignment, there is no diversity jurisdiction and this case must be dismissed. *See id* at 6–7.

## CONCLUSION

For the foregoing reasons, and the reasons stated in Travelers memorandum of law in support of its motion to dismiss Whitman's complaint, Travelers respectfully requests that this Court dismiss this action with prejudice.

November 7, 2005                                    Respectfully submitted,


                                                <u>/s/ Margaret H. Warner</u>
Margaret H. Warner, #359009
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
(202) 756-8000

Barry R. Ostrager, *pro hac vice*
Jonathan K. Youngwood, *pro hac vice*
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000

*Counsel for The Travelers Indemnity Company*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 7th day of November, 2005, a true and correct copy of the foregoing stipulation was served electronically by the Court's electronic filing system upon the parties' counsel who have consented to such service.  I FURTHER CERTIFY that on the 8th day of November, 2005, a true and correct copy of the same was served via first class mail, postage prepaid, addressed to all counsel listed below who are not listed on the e-filing receipt as having consented to electronic service:

| | |
|---|---|
| Counsel for Defendant<br>Certain Underwriters at Lloyd's, London | Martin Baach, Esq.<br>Michael J. Zoller, Esq.<br>Baach Robinson & Lewis PLLC<br>1201 F Street, NW, Suite 500<br>Washington, DC  20004<br><br>Eileen T. McCabe, Esq.<br>Anna R. Newsom, Esq.<br>Mendes & Mount, LLP<br>750 Seventh Avenue<br>New York, NY 10019 |
| Counsel for Defendant<br>Pneumo Abex Corporation | Barbara E. Rutkowski, Esq.<br>Jones Day<br>222 East 41st Street<br>New York, NY 10017<br><br>Michael Ginsberg, Esq.<br>J.W. Montgomery III, Esq.<br>Jones Day<br>One Mellon Center, 31st Floor<br>500 Grant Street<br>Pittsburgh, PA 15219-2502 |
| Counsel for Defendants American Home Assurance Company; AIU Insurance Company; Granite State Insurance Company; Lexington Insurance Company; National Union Fire Insurance Company of Pittsburgh, Pa.; ISOP; New Hampshire Insurance Company | M. Elizabeth Medaglia, Esq.<br>Julie Selesnick, Esq.<br>Jackson & Campbell, P.C.<br>1120 Twentieth Street, N.W.<br>South Tower, Suite 300<br>Washington, DC  20036-4337 |
| Counsel for Defendant Allianz Insurance Company | Elizabeth H. Hamlin, Esq.<br>Antonio D. Favetta, Esq.<br>Garrity, Graham, Favetta & Flinn, P.C.<br>One Lackawanna Plaza<br>P.O. Box 4205<br>Montclair, NJ  07042-8205 |

8

| | |
|---|---|
| Counsel for Defendant American Re-Insurance Company | Mark Sheridan, Esq.<br>Robert J. Bates, Esq.<br>R. Patrick Bedell, Esq.<br>Bates & Carey LLP<br>191 North Wacker Drive, Suite 2400<br>Chicago, Illinois 60606<br><br>Richard W. Driscoll, Esq.<br>Driscoll & Seltzer, PLLC<br>600 Cameron Street<br>Alexandria, Virginia 22314 |
| Counsel for Defendant Associated International Insurance Company | Adam Krauss, Esq.<br>Traub Eglin Lieberman Straus<br>7 Skyline Drive<br>Hawthorne, NY  10532<br><br>Richard W. Driscoll, Esq.<br>Driscoll & Seltzer, PLLC<br>600 Cameron Street<br>Alexandria, Virginia 22314 |
| Counsel for Defendant Employers Mutual Casualty | Wendy L. Mager, Esq.<br>Thomas E. Schorr, Esq.<br>Smith Stratton Wise Heher & Brennan, LLP<br>2 Research Way<br>Princeton, NJ 08540<br><br>Richard W. Driscoll, Esq.<br>Driscoll & Seltzer, PLLC<br>600 Cameron Street<br>Alexandria, Virginia 22314 |
| Counsel for Defendant Federal Insurance Company | L. Barrett Boss, Esq.<br>Cozen O'Connor<br>1667 K Street, NW, Suite 500<br>Washington, DC  20006<br><br>John J. Dwyer, Esq.<br>Cozen O'Connor<br>1900 Market Street<br>Philadelphia, PA  19103<br>III. |

| | |
|---|---|
| Counsel for Defendants Fireman's Fund Insurance; National Surety Corporation | Andrew Butz, Esq.<br>Bonner Kiernan Trebach & Crociata<br>1250 I Street, N.W., Ste. 600<br>Washington, DC  20005<br><br>Rolf Lindenhayn, Esq.<br>Kaufman & Logan, LLP<br>100 Spear Street<br>12th Floor<br>San Francisco, CA 94105 |
| Counsel for Defendant First State Insurance Company | Eric Parnes, Esq.<br>Hughes Hubbard & Reed LLP<br>1775 I Street, N.W.<br>Washington, D.C.  20006-2401<br>202-721-4600 |
| Counsel for Defendant TIG Insurance Co., formerly International Insurance Company | Louis G. Corsi, Esq.<br>Landman Corsi Ballaine & Ford, P.C.<br>120 Broadway, 27th Floor<br>New York, NY  10271-0079 |
| Counsel for Defendant Mt. McKinley Insurance Company | Fred L. Alvarez, Esq.<br>Arthur J. McColgan, Esq.<br>Ryan M. Henderson, Esq.<br>Mark A. Deptula, Esq.<br>Lord, Bissell & Brook LLP<br>115 S. LaSalle Street<br>Chicago, Illinois  60603 |
| Counsel for Defendant Stonewall Insurance Company, Northern Assurance Company of America, Century Indemnity Company | Clifton S. Elgarten, Esq.<br>Barry M. Parsons, Esq.<br>Kathryn A. Underhill, Esq.<br>Crowell & Moring LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, DC  20004-2595 |

| | |
|---|---|
| Counsel for Plaintiff Whitman Insurance Company, Ltd. | Daniel E. Chefitz, Esq.<br>Morgan, Lewis & Bockius LLP<br>1111 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20004 |
| Defendant Hudson Insurance Company | David M. Ross, Jr., Esq.<br>Elizabeth B. Sandza, Esq.<br>LeBoeuf, Lamb, Greene & MacRae LLP<br>1875 Connecticut Avenue, N.W.<br>Washington, D.C.  20009 |

/s/ Margaret H. Warner
Margaret H. Warner