IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WHITMAN INSURANCE COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> TRAVELERS INDEMNITY COMPANY, et al., <br><br> Defendants. | Case No.: 1-05cv01125 <br><br> Judge John Garrett Penn |

## MT. McKINLEY INSURANCE COMPANY'S JOINDER AND REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant, Mt. McKinley Insurance Company (formerly known as Gibraltar Casualty Company and hereinafter referred to as "MMIC") joins in and adopts the Reply Memorandum in Support of First State Insurance Company's Motion to Dismiss or Stay This Action. In addition to the arguments raised by First State Insurance Company, MMIC sets forth certain additional facts and arguments in reply to Whitman Insurance Company, Ltd.'s ("Whitman") Memorandum of Points And Authorities In Opposition to Certain Insurer Defendants' Motions to Dismiss or Stay.

### I.   JOINDER IN FIRST STATE'S REPLY BRIEF

MMIC incorporates by reference and joins in the Reply Memorandum in Support of First State Insurance Company's Motion to Dismiss or Stay This Action filed on November 7, 2005.

### II.   MMIC'S REPLY TO WHITMAN'S OPPOSITION TO MOTION TO DISMISS

In its opposition brief, Whitman labels the insurers' arguments "hyper-technical" and asserts that the fact that other parties have been litigating insurance coverage for Abex asbestos claims in the so-called *Related Abex Actions* for twenty years confers jurisdiction here.   But

whether a federal court has jurisdiction is not a matter of technicality and the mere passage of time also does not confer jurisdiction on the Court in this case if there is none.  Whitman spends much of its opposition brief trying to convince this Court that Whitman is a real party in interest and that it has some perceived dispute and conflict with Pneumo Abex ("Abex") such that they should not be realigned together as plaintiffs.  Whitman's attempts to create federal jurisdiction fails.

      **A.**    **Abex Is the Real Party In Interest And Should Be Realigned As A Plaintiff, Thereby Destroying Diversity.**

MMIC is an excess insurer of IC Industries, Inc. ("IC Industries").  There is no privity of contract between Whitman and MMIC that would entitle Whitman to a declaration of rights as to MMIC.  Nor could Whitman, an alleged captive reinsurer, have a claim for contribution against any MMIC policies issued to IC Industries because the policies sit well excess of Whitman's alleged $250,000 layer.[1]  Whitman claims to be a "captive reinsurer" of primary policies issued to Abex (Whitman Am. Compl. 10) and that it has some undefined "financial responsibility" for the $250,000 layer of Abex insurance coverage.  Whitman's obligations with respect to the claims at issue--and those obligations, if any, are unclear given the lack of documentation provided by Whitman--would be completed well before policies such as MMIC's, which are excess of hundreds of millions of dollars in underlying coverage, could be called upon to respond.  As an alleged "primary insurer," Whitman would not have claims against insurers whose obligations, if any, attach only long after Whitman's obligations are done.

It is astounding that despite its allegations and improper and unsubstantiated legal conclusions, Whitman failed to produce any insurance-related contract or policy information to justify its claims against MMIC or any of the insurers.  The absence of such documentation

---

[1]     MMIC's lowest layer policy issued to IC Industries sits excess of $100 million.

speaks volumes as to the validity of Whitman's allegations, or lack thereof.  For these reasons and those set forth in the First State Reply Memorandum, Whitman has no contractual rights or privity with the ultimate insured and lacks standing to bring a declaratory judgment.  As also explained in First State's Reply Memorandum, Whitman's standing to bring claims against MMIC and the Insurer Defendants is even more tenuous where Whitman, the purported reinsurer of primary policies, is suing excess insurers with respect to insurance contracts between the insured and the excess insurers.

Conversely, Abex, not Whitman, is seeking coverage from the Insurer Defendants and may be entitled to a declaration against the excess insurers similar to the action it has been litigating with its primary insurers for the last twenty-three years.  Still, Abex would have to maintain the diversity jurisdiction that the action is based on, which would be impossible if the suit were to include MMIC, because MMIC was incorporated in Delaware and has its principal place of business in New Jersey.  (Whitman Am. Compl. ¶ 25).  Abex also was incorporated in Delaware with a principal place of business in New Jersey.  (Whitman Am. Compl. ¶ 33). Whitman cannot overcome that diversity jurisdiction is lacking for the above reasons and those set forth in the First State and MMIC moving briefs.  Astonishingly, Whitman does not even address this head on in its opposition.

Moreover, Whitman cites to several cases in support of its claimed right to proceed against IC Industries' insurers.  Whitman Opp. Brief at pp. 13-17.  However, a careful review of even Whitman's summary of these cases shows that none of those cases involve a purported captive reinsurer seeking a declaration of coverage against the insured's insurers, and therefore they are distinguishable on their face.

Further evidence of Whitman's aligned interest with Abex can be seen in Whitman's opposition brief. For example, Whitman goes on at length contesting defendants' allegations that Abex's settled insurers are "indispensable parties," casting the argument as "re-opener shenanigans." See, Whitman Opp. Brief at p. 31. This seems more like an argument that Abex would proffer, rather than one by a party who is supposedly in "direct conflict with respect to key coverage issues," See, Whitman Opp. Brief at p. 32, although this may be just another example of Whitman looking out for Abex's interests in the same fashion Whitman seeks a declaration and order here that the *defendant insurers* have an obligation to Abex in connection with the Abex asbestos suits.[2] This Court should not be fooled by Whitman's deceptions however, as diversity jurisdiction cannot be conferred on federal courts by the parties' own determination of who are plaintiffs and defendants. *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941). Federal courts are not the place for straw man litigants.

### B. PepsiAmericas Is A Necessary Party That Has Been Improperly Omitted To Avoid Destroying Diversity Jurisdiction.

Whitman is the alleged corporate subsidiary of one of the true parties in interest, PepsiAmericas, Inc. ("PepsiAmericas"), a party in the previously filed coverage action in New York ("NY Action"), but not presently a party to this case. PepsiAmericas claims to be the successor to IC Industries, the named insured under the MMIC insurance policies. PepsiAmericas claims a "vested stake" as a net of insurance indemnitor of the IC Industries insurance policies, and in fact, has sought a declaration of these rights in the NY Action. (Biester Decl. Ex. 3, Answer, Affirmative Defenses, Counter-Claims, and Cross-Claims of Defendants Pneumo Abex Corporation, Cooper Industries, Inc., and PepsiAmericas, Inc., dated August 6, 2002 ("NY Joint Answer"), at 10, ¶ 6). PepsiAmericas admitted in the NY Action that

---

[2] While this may be commendable of Whitman's counsel to protect Abex's interests prior to Abex answering or joining the motions to dismiss, it clearly shows that Whitman and Abex should be realigned together.

"[PepsiAmericas], its captive [Whitman], and Abex all have a vested stake in what happens between insurers because they are the ones who are out of pocket while the insurers point fingers at one another." (Biester Decl. Ex. 2, PepsiAmericas' Reply Memorandum of Law in Further Support of Motion to Stay the NY Action, served on July 14, 2005, ("PepsiAmericas NY Reply"), at 4-5, n.4).

Whitman, PepsiAmericas and Abex have an aligned interest in having the excess policies respond to Abex's asbestos claims. This aligned interest even carries over into legal representation, as Whitman is represented by the same counsel that represents its corporate parent, PepsiAmericas. (Biester Decl. Ex. 8, Affidavit of Paul A. Zevnik made in Support of PepsiAmericas' Motion to Stay the NY Action dated June 19, 2005, ("Zevnik Affidavit")). Clearly, PepsiAmericas is a necessary party and it can only be aligned with Whitman.

MMIC's inclusion in this lawsuit destroys federal diversity, because MMIC was incorporated in Delaware and has a principal place of business in New Jersey. (Whitman Am. Compl. ¶ 25). PepsiAmericas was purposefully left out of this lawsuit because it was incorporated in Delaware with a principal place of business in Illinois. Whitman claims to have brought this suit as a captive-reinsurer of primary policies, when in reality, it is merely advancing its corporate parent's, PepsiAmericas', pursuit of insurance. Inclusion and proper alignment of the real parties in interest to this action destroys diversity jurisdiction and, therefore, Whitman's Amended Complaint should be dismissed.

## CONCLUSION

For the reasons stated above, this Court should dismiss this action, or, in the alternative, stay all proceedings in this action pending a result in the previously filed coverage action in New York.

        Respectfully submitted,

        <u>/s/ Rocco N. Covino</u>
        Rocco N. Covino #422148
        LORD, BISSELL & BROOK LLP
        885 Third Avenue
        26th Floor
        New York, NY 10022
        Telephone: 212.812.8340
        Facsimile: 212.812.8390

        *Counsel for Mt. McKinley Insurance Co.*

Fred L. Alvarez*
Arthur J. McColgan*
Ryan M. Henderson*
Mark A. Deptula*
LORD, BISSELL & BROOK LLP
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (312) 443-0700
Facsimile: (312) 443-0336

**pro hac vice* motion to be filed

*Counsel for Mt. McKinley Insurance Co.*