## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WHITMAN INSURANCE COMPANY, LTD.,
Plaintiff,

vs.

TRAVELERS INDEMNITY COMPANY,
*et al.*,
Defendants.

Case No.:  05-1125

Judge John Garrett Penn

## REPLY MEMORANDUM IN SUPPORT OF FIRST STATE INSURANCE COMPANY'S MOTION TO DISMISS OR STAY THIS ACTION

William J. Bowman (Bar No. 241547)
James P. Ruggeri (Bar No. 431034)
Edward B. Parks, II (Bar No. 442293)
HOGAN & HARTSON LLP
Columbia Square
555 Thirteenth Street, N.W.
Washington, DC  20004
Tel. (202) 637-5600
Fax (202) 637-5910

*Attorneys for Defendant*
*First State Insurance Company*

Date:  November 7, 2005

\\\DC - 02376/0562 - 2215208 v1

TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................1

ARGUMENT ..................................................................................................................4

I.     WHITMAN LACKS STANDING TO BRING AN ACTION AGAINST
       PNEUMO ABEX AND THE INSURERS..............................................................4

II.    PEPSIAMERICAS IS A NECESSARY AND INDISPENSABLE PARTY........10

III.   THIS COURT SHOULD DISMISS THIS ACTION IN FAVOR OF
       THE MORE COMPREHENSIVE, EARLIER-FILED NEW YORK
       ACTION ............................................................................................................17

CONCLUSION ..............................................................................................................20

TABLE OF AUTHORITIES

Federal Cases                                                        Page

Aetna Cas. & Sur. Co. v. Rasa Mgmt. Co., Inc.,
    621 F. Supp. 892 (D. Nev. 1985)..........................................................16

Allstate Ins. Co. v. Administratia Asigurarilor de Stat,
    948 F. Supp. 285 (S.D.N.Y. 1996) ......................................................10

American Cas. Co. of Reading, Pa. v. Continisio,
    819 F. Supp. 385 (D.N.J. 1993), aff'd, 17 F.3d 62 (3d Cir. 1994) ........19

American Re-Insurance Co. v. Insurance Comm'n of Cal.,
    527 F. Supp. 444 (C.D. Cal. 1981)     ..................................................10

Athridge v. Aetna Cas. & Sur. Co.,
    351 F.3d 1166 (D.C. Cir. 2003)...........................................................18

Bankers Trust Co. v. Old Republic Ins. Co.,
    959 F.2d 677 (7th Cir. 1992)   .................................................................8

Eli Lilly and Co. v. Home Ins. Co.,
    794 F.2d 710 (D.C. Cir. 1986)................................................................7

Elk Grove Unified Sch. Dist. v. Newdow,
    124 S.Ct. 2301 (2004) ...........................................................................5

Federal Kemper Ins. Co. v. Rauscher,
    807 F.2d 345 (3d Cir. 1986) ...................................................................8

Gardiner v. Virgin Island Water & Power Auth.,
    145 F.3d 635 (3d Cir. 1998) .................................................................15

Hawkeye-Security Ins. Co. v. Schulte,
    302 F.2d 174 (7th Cir. 1962) ..................................................................8

Int'l Multifoods Corp. v. Commercial Union Ins. Co.,
    309 F.3d 76 (2d Cir. 2002) .....................................................................9

Kickapoo Tribe of Indians v. Babbit,
    43 F.3d 1491 (D.C. Cir. 1995)..............................................................14

Maryland Cas. Co. v. Pacific Coal & Oil Co.,
    312 U.S. 270 (1941) ...........................................................................8-9

Massachusetts v. E.P.A.,
    415 F.3d 50 (D.C. Cir. 2005)................................................................................6

National Union Fire Ins. Co. v. Rite Aid of South Carolina, Inc.,
    210 F.3d 246 (4th Cir. 2000) .........................................................................15-16

Phico Ins. Co. v. Providers Ins. Co.,
    888 F.2d 663 (10th Cir. 1989) ..............................................................................9

Pneumo Abex Corp. v. Maryland Cas. Co.,
    No. 82-2098 (JGP), 2001 U.S. Dist. LEXIS 20297
    (D.D.C. Oct. 9, 2001) ...........................................................................................12

Rochester Methodist Hosp. v. Travelers Ins. Co.,
    728 F.2d 1006 (8th Cir. 1984) ..............................................................................15

Sierra Club v. Morton,
    405 U.S. 727 (1972) ...............................................................................................5

Snodgrass v. Provident Life & Accident Ins. Co.,
    147 F.3d 1163 (9th Cir. 1998) ..............................................................................19

Stenhouse v. Jacobson,
    193 F. Supp. 694 (N.D. Cal. 1961).......................................................................16

St. Paul Fire & Marine Ins. Co. v. F.H.,
    117 F.3d 435 (9th Cir. 1997), overruled on other grounds by
    Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998).....................19

Truck Ins. Exch. v. Ashland Oil, Inc.,
    951 F.2d 787 (7th Cir. 1992) ..................................................................................8

United Air Lines, Inc. v. ALG, Inc.,
    916 F. Supp. 793 (N.D. Ill. 1996)...........................................................................7

United Servs. Auto. Ass'n v. Royal Globe Ins. Co.,
    511 F.2d 1094 (10th Cir. 1975) ..............................................................................9

Western Maryland Ry. Co. v. Harbor Ins. Co.,
    910 F.2d 960 (D.C. Cir. 1990).........................................................................16-17

White v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,
    913 F.2d 165 (4th Cir. 1990) ..................................................................................8

\\\DC - 02376/0562 - 2215208 v1

State Cases

Great Atl. Life Ins. Co. v. Harris,
    723 S.W.2d 329 (Tex. App. 1987) .......................................................................10

Koken v. Legion Ins. Co.,
    831 A.2d 1196 (Pa. Cmmw. Ct. 2003) .................................................................10

Koken v. Reliance Ins. Co.,
    846 A.2d 167 (Pa. Cmmw. Ct. 2004) ...................................................................10

Venetsanos v. Zucker, Facher & Zucker,
    683 A.2d 1333 (N.J. Super. Ct. App. Div. 1994) .................................................10

Federal Rules

Fed. R. Civ. P. 19(a) ..............................................................................................10-11, 14

Fed. R. Civ. P. 19(b) .....................................................................................................11

Fed. R. Civ. P. 24(a) .....................................................................................................12

Other

Barry R. Ostrager and Thomas R. Newman,
    Handbook on Insurance Coverage Disputes, (12th ed. 2004) ..............................6-7

\\DC - 02376/0562 - 2215208 v1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WHITMAN INSURANCE COMPANY, LTD.,
Plaintiff,

v.

TRAVELERS INDEMNITY COMPANY,
*et al.*,
Defendants.

Case No.: 05-1125

Judge John Garrett Penn

## REPLY MEMORANDUM IN SUPPORT OF FIRST STATE INSURANCE COMPANY'S MOTION TO DISMISS OR STAY THIS ACTION

Defendant First State Insurance Company ("First State") respectfully submits this memorandum in reply to plaintiff Whitman Insurance Company, Ltd.'s ("Whitman") opposition to First State's motion to dismiss or, in the alternative, to stay this action. As discussed more fully below, Whitman's opposition is a thinly-veiled attempt by a parent corporation—PepsiAmericas, Inc. ("PepsiAmericas")—to manufacture diversity jurisdiction through the use of one of its corporate subsidiaries, apparently in hopes of saddling First State with rulings allegedly made in a different case 25 years ago to which neither First State nor Whitman were parties, and the record of which is under seal. This Court should say no and should dismiss the case because Whitman lacks standing to bring it and the Court lacks subject matter jurisdiction in any event.

## INTRODUCTION

First State moved to dismiss this action because (1) Whitman lacks standing to bring this action—Whitman is, at best, a reinsurer with no contractual relationship with Pneumo

Abex LLC ("Pneumo Abex") or any of the defendant insurers; (2) the Court lacks subject matter jurisdiction—Whitman failed to join as defendants nondiverse necessary and indispensable parties; and (3) there is a more comprehensive action already pending in New York where all the relevant issues between all the proper parties may be litigated.  In short, this action is a front for PepsiAmericas, "plaintiff" Whitman's corporate parent and the party with the real interest in the issues raised by the complaint. 1/

        Whitman filed a 40-page opposition on October 17, 2005.  Despite its length, Whitman's opposition may be most notable for what it left out.  Nowhere in the opposition's 40 pages does Whitman disclose to the Court or the other parties the real relationship between Whitman, on the one hand, and PepsiAmericas, on the other hand.  Nor does it even attempt adequately to describe the real nature of the financial interest it seeks to protect in this litigation – that of PepsiAmericas.  Indeed, Whitman's interests arise solely from its murky obligation to its corporate parent, PepsiAmericas.  While Whitman may have standing to sue its parent based on this relationship, it does not have standing to sue First State, an excess insurer of IC Industries, Inc. ("IC Industries") with which Whitman has no contractual relationship.

        Although it is far from clear (no doubt deliberately so), Whitman's brief suggests that Whitman may have "reinsured" a portion of the primary policies issued by National Union Insurance Company ("National Union") between 1978 and 1985, specifically, the portion that IC Industries, the policyholder, agreed to retain. 2/  However, what is clear is that the financial

---

1/     PepsiAmericas is the alleged successor-by-merger of Whitman Corporation, which was formerly named IC Industries, Inc.

2/     Throughout Whitman's opposition and in the affidavit of Archie L. Meairs, Whitman's President, Whitman vaguely argues that it is "financially responsible" for portions of the primary

[Footnote continued]

responsibility for costs within the IC Industries/PepsiAmericas retained limit for claims tendered by Pneumo Abex (the named defendant in the underlying asbestos suits) lies not with Whitman, but with PepsiAmericas (the former parent of Abex Corporation).  PepsiAmericas is the alleged successor to IC Industries and, as such, now is the party with responsibility for the retained limit.  And, PepsiAmericas' financial responsibility does not end there.  Not only is PepsiAmericas responsible for this retained limit, PepsiAmericas also is a self-described net-of-insurance indemnitor of Pneumo Abex liabilities.  This presumably means that, to the extent there is only limited insurance coverage available for claims covered by that indemnity agreement, PepsiAmericas is responsible for any uninsured shortfall.  And, of course, PepsiAmericas has an interest as an alleged successor to IC Industries, the named insured under the policies.

   PepsiAmericas is trying to protect the financial interests enumerated above through its wholly-owned subsidiary Whitman.  For Whitman to claim that PepsiAmericas' interest is merely that of a "bottler and distributor of soft drinks" is disingenuous at best.  PepsiAmericas' interest—and the reason it is a necessary and indispensable party—is that it— not Whitman—is the party with the ultimate financial stake here.  The Court should not allow PepsiAmericas to lie in the weeds and use Whitman—a complete stranger to First State's insurance contracts with IC Industries—as a stalking horse.  Whitman simply does not have standing to bring this action.

---

[Footnote continued]

policy issued by National Union and claims to have "<u>participated</u>" in the IC Industries insurance program.  Nowhere, however, does Whitman explain what it means by this.

- 3 -

If PepsiAmericas wants to litigate the issues raised by this action, it should (and is required to) litigate in its own name. Indeed, the Court need look no further than the so-called related action to see how this case should have been structured. That action was brought by Pneumo Abex <u>against</u> the primary insurers. PepsiAmericas' predecessor then intervened as a <u>co-plaintiff</u>. This left Pneumo Abex and PepsiAmericas on one side and the insurers on the other. Tellingly, Whitman was not named as a party, nor did it seek to intervene.

Although Whitman offers no reason why PepsiAmericas is not a party to this action, it appears that there are two reasons why this case is being brought by Whitman rather than PepsiAmericas. First, if PepsiAmericas were properly joined as a co-plaintiff, this Court would lack diversity jurisdiction because PepsiAmericas is a citizen of Delaware for diversity purposes as are a number of the insurer-defendants. Second, if PepsiAmericas is not named as a party, then it reserves its ability to take a second bite of the apple by filing an action in its own name in the event it is displeased with any rulings by this Court. The Court should not allow PepsiAmericas to get away with such gamesmanship. Rather, this case should proceed in New York state court, a venue where the court has jurisdiction over all the parties and all of the parties can be bound.

## ARGUMENT

### I.  WHITMAN LACKS STANDING TO BRING AN ACTION AGAINST PNEUMO ABEX AND THE INSURERS.

As a threshold matter, the Court should dismiss this action because Whitman—a so-called reinsurer of IC Industries' retained obligations under certain primary policies—does not have standing to bring a declaratory judgment action against Pneumo Abex and/or First State and the other excess-layer insurers. The doctrine of standing ensures that a lawsuit is brought by the party with a legally protectible interest and sufficient stake in an otherwise justiciable

- 4 -

controversy. <u>Sierra Club v. Morton</u>, 405 U.S. 727, 731-732 (1972). In other words, this doctrine is intended to ensure that the plaintiff is the party with a real interest in the dispute tendered to the court for resolution. <u>Id.</u> A party may not, for example, try to circumvent jurisdictional rules by bringing suit in its own name but litigating issues of import to an absent party whose presence would destroy diversity. <u>See generally Elk Grove Unified Sch. Dist. v. Newdow</u>, 124 S. Ct. 2301, 2308-2309 (2004) (prudential standing doctrine encompasses "'general prohibition on a litigant's raising another person's legal rights . . .'" (citation omitted)).

PepsiAmericas, a necessary but non-diverse party whose presence would destroy diversity, is using Whitman as a stalking horse to assert claims that should be asserted, if at all, by PepsiAmericas. Although its true status is far from clear, Whitman claims to be a "reinsurer" of obligations retained by IC Industries (now allegedly PepsiAmericas) under certain primary policies issued by National Union from 1978 to 1985. IC Industries apparently agreed to retain responsibility for the first $250,000 of each "occurrence" covered by the National Union policies. Subsequently, IC Industries may have contracted with Whitman to "reinsure" or assume IC Industries/PepsiAmericas' retained liability. Accordingly, Whitman's contractual rights and obligations presumably run to IC Industries/PepsiAmericas pursuant to whatever contract it negotiated. Yet, Whitman does not seek any relief under this contract or any declarations relating thereto. Instead, Whitman asks this Court to issue declarations regarding First State's and the other insurers' rights and obligations under contracts they issued to IC Industries. This Whitman cannot do.

As Whitman all but concedes, it is not enough for a party to have an interest in the outcome of a dispute between others to have standing to seek a resolution of that dispute. The party must show that it has suffered an actual injury <u>and</u> that <u>its</u> injury can be redressed by a

- 5 -

favorable decision on the claim the party wishes to assert. See Massachusetts v. E.P.A., 415

F.3d 50, 54 (D.C. Cir. 2005) (standing is established only if complainant has suffered injury-in-

fact that is likely to be redressed by favorable decision). In other words, the party must be able

to show that the claims it wishes to assert, if successful, would redress its claimed injury.

Whitman cannot make this showing because it has no justiciable interest in obtaining a

declaration of First State's rights and obligations under insurance policies First State issued to IC

Industries.

   Whitman asserts that it has a real stake in the outcome of this action because it has

contributed over $9 million toward asbestos claims arising from Pneumo Abex liabilities under

its apparently secret "reinsurance" contract. In Whitman's view, it now has no further

obligations under its contract. But, and this is a flaw with Whitman's standing argument,

Whitman's claims against Pneumo Abex and the insurers, even if successful, would not resolve

the issue of whether Whitman has further obligations under its reinsurance contract. As stated,

Whitman does not seek any relief under that contract. Instead, it seeks, among other things, a

declaration by this Court of First State's obligations under policies First State issued to IC

Industries. (Whitman's Amended Compl. for Declaratory and Injunctive Relief, U.S. Dist. Court

for D.C., No. 05-01125 (July 29, 2005) at 28-29). Such a declaration would not provide

Whitman with any relief from its alleged harm.

   Whitman's obligations as a reinsurer of a primary policy are separate and distinct

from those of an excess insurer under an excess policy. In fact, Whitman's standing theory tries

to turn the insurance coverage program on its head. It is black-letter law that an excess insurer

has no obligations unless and until the underlying primary coverage has been exhausted. See

Barry R. Ostrager and Thomas R. Newman, Handbook on Insurance Coverage Disputes, (12th

\\\DC - 02376/0562 - 2215208 v1

ed. 2004) § 6.03(a) at 336 (excess insurance is coverage that attaches only after primary coverage has been exhausted); see also Eli Lilly and Co. v. Home Ins. Co., 794 F.2d 710, 718 (D.C. Cir. 1986) (excess insurers' obligations are not triggered until primary policy limits have been exhausted). Thus, First State's obligations arise only to the extent that the primary policies (and, by implication, whatever responsibility Whitman has for those policies) have been properly exhausted, i.e., after Whitman no longer has even a conceivable financial interest.

Moreover, not only does Whitman have no interest in seeking a declaration of the insurers' rights and obligations for Pneumo Abex liabilities, Whitman does not need Pneumo Abex or the insurers here to obtain the relief it claims to seek. To First State's knowledge, no insurer that issued policies to IC Industries (and certainly not First State) has asked Whitman to pay dollar one on account of asbestos claims arising from Pneumo Abex liabilities or has taken any position regarding Whitman's obligations under its reinsurance contract, and, upon information and belief, neither has Pneumo Abex. Nor could they. The insurers are not parties to Whitman's contract with its parent (and, apparently, neither is Pneumo Abex) and they would have no standing to make such a request or take such a position. See United Air Lines, Inc. v. ALG, Inc., 916 F. Supp. 793, 796-97 (N.D. Ill. 1996) (guarantor of lessee lacked standing to seek rescission of lease or damages for breach of lease because guarantor was not party to lease agreement and such claims belonged to lessee, not lessee's guarantor). The only entity with a right to bring a claim against Whitman is the unknown entity to which Whitman issued its "reinsurance contract," presumably IC Industries/PepsiAmericas. Simply put, Whitman's beef is not with Pneumo Abex or the insurers, but with PepsiAmericas. To the extent Whitman seeks a judicial resolution of its reinsurance obligations to IC Industries/PepsiAmericas, it should bring an action against IC Industries/PepsiAmericas, and possibly National Union. First State and the

- 7 -

other insurers need not (and should not be) parties to an action involving a dispute over a

reinsurance contract (i) to which they were not parties, (ii) have not even seen and (iii) was

issued by a "reinsurer" that they had not even heard of before Whitman filed this lawsuit.

Importantly, Whitman has not cited a single case in which a reinsurer of a primary

policy was found to have standing to file a declaratory judgment action against the insurers that

issued policies to the ceding company's insured.  This is telling.  Left without any case law to

support its tortured and unprincipled standing theory, Whitman points to a number of cases from

across the country, not one of which is relevant to the issue of Whitman's standing here.  These

cases generally fall into three categories:  (1) cases involving claims between a tort victim and an

insurer of the tortfeasor; (2) contribution actions between insurers, and (3) actions where a court

allowed an insured to bring an action directly against a reinsurer as a result of the reinsurer's

conduct.  These cases have no application here.

As an initial matter, Whitman cannot support its reinsurer-standing theory by

citing to cases in which courts have allowed suits between an insurer and a tort victim on the

grounds that the tort victim had a "legally protectible interest" in the insurance policy issued by

the insurer.  See Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 682 (7th Cir. 1992);

Maryland Cas. Co. v. Pacific Coal Oil Co., 312 U.S. 270, 273 (1941); Truck Ins. Exch. v.

Ashland Oil, Inc., 951 F.2d 787, 789-90 (7th Cir. 1992); White v. Nat'l Union Fire Ins. Co. of

Pittsburgh, Pa., 913 F.2d 165, 167-68 (4th Cir. 1990); Federal Kemper Ins. Co. v. Rauscher, 807

F.2d 345, 350-51 (3d Cir. 1986); Hawkey-Security Ins. Co. v. Schulte, 302 F.2d 174, 176-77 (7th

Cir. 1962).  In those cases, the tort victim's interest stems from a statutory right to proceed

directly against the insurer after the tort victim (i) obtains a final judgment against the insured

and (ii) attempts unsuccessfully to recover that judgment from the insured. See, e.g., Maryland

- 8 -

Casualty, 312 U.S. at 273. Reinsurers, in contrast, have no such legally protectible interest. Moreover, unlike Whitman's claim against First State here, the claims by the tort victims in those cases involved damages for which the insurer was alleged to have been ultimately responsible. Whitman does not allege—nor could it—that First State somehow is responsible for any amounts Whitman is found obligated to pay under its undisclosed reinsurance contract.

　　　　Whitman's reliance on contribution actions between and among insurers fares no better. See United Servs. Auto. Ass'n v. Royal Globe Ins. Co., 511 F.2d 1094, 1096 (10th Cir. 1975); Phico Ins. Co. v. Providers Ins. Co., 888 F.2d 663, 667-68 (10th Cir. 1989). An insurer that pays more than its appropriate share of a covered loss may seek contribution from other insurers for the share of the loss allocable to those other insurers' policies. See, e.g., Int'l. MultiFoods Corp. v. Commercial Union Ins. Co., 309 F.3d 76, 89 (2d Cir. 2002) ("insurer has a right in equity to collect a ratable contribution from any other insurer who is also liable for the same loss"). This is not analogous to Whitman's claim here. Again, Whitman's claim is that it has no further obligations to IC Industries/PepsiAmericas for losses tendered by Pneumo Abex under the terms of certain National Union primary policies and its alleged (but never seen) reinsurance contract. Whitman does not have a contribution action against any of the insurers named in this action. Whitman's claim is against IC Industries/PepsiAmericas, and possibly National Union, for a declaration of Whitman's reinsurance obligations.

　　　　Finally, those cases that have permitted an insured, in limited circumstances, to bring an action against a reinsurer provide no support for Whitman's claim that a reinsurer can bring an action against insurers of the ceding company's insured. The cases Whitman cites address an exception to the general rule that an insured has no direct cause of action against a reinsurer where the conduct of the reinsurer is deemed to create sufficient privity between the

- 9 -

reinsurer and the insured to enable a suit by the insured against the reinsurer.  See Venetsanos v. Zucker, Facher & Zucker, 638 A.2d 1333, 1338-339 (N.J. Super. Ct. App. Div. 1994), Great Atl. Life Ins. Co. v. Harris, 723 S.W.2d 329, 332 (Tex. App. 1987); Allstate Ins. Co. v. Administratia Asigurarilor de Stat, 948 F. Supp. 285, 307 (S.D.N.Y 1996); Koken v. Reliance Ins. Co., 846 A.2d 167, 171 (Pa. Commw. Ct. 2004); Koken v. Legion Ins. Co., 831 A.2d 1196, 1237 (Pa. Commw. Ct. 2003); American Re-Insurance Co. v. Insurance Comm'n of Cal., 527 F. Supp. 444, 453 n.16 (C.D. Cal. 1981).  Nothing in these cases, however, even suggests that a reinsurer, through its conduct, can manufacture privity between it and an insured of the ceding company, permitting a suit by the reinsurer against the insured.  In addition, even if these cases could be read to allow a suit by a reinsurer against an insured (and they cannot), they provide no support for Whitman's claim that it could then, in turn, bring an action against other insurers of that insured.  Finally, as with the cases involving a tort victim's suit against an insurer of the tortfeasor, the cases Whitman cites involving suits by insureds against reinsurers involve claims for which the reinsurer ultimately is alleged to be responsible.  Again, there is no claim that First State is in any way responsible for Whitman's obligations under its "reinsurance contract."

For all of these reasons, Whitman lacks standing to bring this action, and the Court should dismiss it.

## II.      PEPSIAMERICAS IS A NECESSARY AND INDISPENSABLE PARTY.

Contrary to Whitman's assertions in its opposition, PepsiAmericas is a necessary and indispensable party to this action.  As explained in First State's opening memorandum, under Rule 19(a), an absent party is "necessary" to the litigation if:  (1) in the party's absence complete relief cannot be accorded among those already parties, or (2) the party claims an interest relating to the subject of the action and is so situated that the disposition of the action in the party's

\\\DC - 02376/0562 - 2215208 v1

absence may (i) as a practical matter impair or impede the party's ability to protect that interest or (ii) leave any persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the party's claimed interest. Fed. R. Civ. P. 19(a). 3/ There is no real question that PepsiAmericas is a necessary and indispensable party under this standard—PepsiAmericas is the real party in interest in this case, and unless it is joined, First State faces the very real risk that it may be subject to a later claim that PepsiAmericas is not bound by whatever rulings the Court issues here.

PepsiAmericas, the entity pulling Whitman's strings here, has three separate financial interests here. First, PepsiAmericas appears to have financial responsibility, at least in the first instance, for the first $250,000 of each and every occurrence under the National Union primary policies issued between 1978 and 1985—the amount retained by its predecessor IC Industries. Thus, any costs that fall within this retained limit ultimately fall to PepsiAmericas, IC Industries' successor and Whitman's corporate parent. Second, PepsiAmericas is a net-of-insurance indemnitor of Pneumo Abex for certain claims. For each of those claims, PepsiAmericas is responsible for any costs in excess of the amount covered by insurance. If the insurance at issue in this litigation is found not to apply to those claims, in whole or in part, then PepsiAmericas is obligated to step in and fill any gap. Finally, PepsiAmericas claims to be an insured under the First State policies as the alleged successor by merger to IC Industries, the company with which the First State contracts were negotiated and to which they were issued, (Biester Decl., Ex. 3 at 9). As an alleged insured under the policies, PepsiAmericas has an

---

3/      Whitman does not dispute that, if PepsiAmericas is a necessary parties under Rule 19(a), it is also indispensable under Rule 19(b).

independent interest in both maximizing the amount of coverage under those policies and preserving the available limits of that coverage for claims for which it is responsible, directly or indirectly. These three separate interests show why PepsiAmericas has a real financial stake in the outcome of this action and why it is a necessary and indispensable party.

Tellingly, PepsiAmericas' predecessor, Whitman Corporation (not to be confused with Whitman Insurance Ltd., the plaintiff here), 4/ appears to have reached the same conclusion. Whitman Corporation/PepsiAmericas intervened as a co-plaintiff with Pneumo Abex in the so-called "related" action to which Whitman seeks to tie this action. See Pneumo Abex Corp. v. Maryland Cas. Co., No. 82-2098 (JGP), 2001 U.S. Dist. Lexis 20297, at *6, n.1 (D.D.C. Oct. 9, 2001) (attached as Ex. 1). Presumably (because the records are sealed, First State can only presume), Whitman Corporation alleged that it was entitled to intervene in that action as a matter of right pursuant to Federal Rule of Civil Procedure 24(a), because it claimed to have "an interest relating to the [insurance policies that were] the subject of the action and [because Whitman was] so situated that the disposition of the action . . . as a practical matter [would] impair or impede [its] ability to protect that interest [and its] interest [was not] adequately represented by [the] existing parties." Fed. R. Civ. P. 24(a)(2). Nothing has changed between now and then that would relieve PepsiAmericas of the interests that motivated its predecessor to intervene in the so-

---

4/      Upon information and belief, IC Industries changed its name to Whitman Corporation in 1989. In 2000, Whitman Corporation merged with PepsiAmericas. It is through these corporate transactions that PepsiAmericas claims to be the successor to IC Industries. Whether this really is the case is a question for another day. First State has been provided only limited information regarding the corporate history of PepsiAmericas, Whitman and Pneumo Abex.

called related action. For the same reason Whitman Corporation was allowed to intervene there, its alleged successor (PepsiAmericas) is a necessary party here. 5/

Moreover, unless PepsiAmericas is joined, First State faces a substantial risk that it could be subjected to multiple or inconsistent obligations. If PepsiAmericas is not joined, then First State faces the risk that it may later claim that any decision here will not be binding on them, leaving First State open to the possibility that it may have to relitigate this complicated case. The Court should not allow PepsiAmericas to build in a mulligan to its litigation strategy. In addition, of course, proceeding without PepsiAmericas could also subject First State to the risk that PepsiAmericas might argue later on that First State should not have paid monies to Pneumo Abex to cover the claims filed against it. As such, PepsiAmericas must be joined as a party to this action, destroying diversity and relieving this Court of jurisdiction.

Whitman nevertheless argues that PepsiAmericas is not a necessary party because, according to Whitman, (1) PepsiAmericas only seeks to recover from Pneumo Abex whatever insurance proceeds Pneumo Abex recovers from the insurers, and (2) Whitman is not required to join all additional insureds under the insurance policies at issue here. As an initial matter, Whitman's attempt to dissect PepsiAmericas' interests in this fashion is inappropriate. In

---

5/    Of course, PepsiAmericas is not the only necessary party that Whitman chose not to name here. Cooper Industries, Inc. also has a substantial financial stake in the outcome of this litigation and its presence here also is necessary. Cooper alleges that it acquired certain of Pneumo Abex's assets, liability for certain Pneumo Abex-related asbestos claims and an assignment of Pneumo Abex's insurance rights. (Declaration of David Biester in Support of First State's Mot. to Dismiss ("Biester Decl."), Ex. 3 at 9; Ex.5 at 2.) According to Cooper, as a result of these acquisition and assumptions, Cooper now shoulders the ultimate financial responsibility for many of the underlying asbestos claims against Pneumo Abex, specifically those claims that are not PepsiAmericas' responsibility. (Biester Decl., Ex. 5 at 5-6.) As a result, Cooper claims to have paid over one hundred and forty million dollars to date on account of Pneumo Abex claims. (Biester Decl., Ex. 5 at 5.)

examining whether PepsiAmericas is a necessary party, the Court should look to its cumulative interests in this dispute and its total financial stake in its outcome.  Whether PepsiAmericas would be a necessary party if it <u>only</u> was a named insured under the policies, or <u>only</u> an indemnitor of Pneumo Abex for the claims at issue here, or <u>only</u> the party with financial responsibility for the retained limit under the National Union policies is neither here nor there. But even if it were appropriate to examine PepsiAmerica's interests piecemeal, Whitman is wrong in any event.

First, even if it were factually accurate that PepsiAmericas only seeks coverage as an "indemnitor," and not as an insured (and PepsiAmericas' position on this issue is far from clear), this argument is irrelevant to the issue of whether PepsiAmericas is a necessary party. There is nothing in Rule 19(a) or the case law interpreting it that supports Whitman's position that the nature of the relationship between the parties, whether as indemnitors or co-parties to a contract, has any bearing on the determination of whether an absent party is a necessary party. Rather, Rule 19(a) makes clear that if an absent party has an interest in the litigation such that disposition of the litigation in the party's absence will deprive the absent party of the ability to protect its interest or subject the current parties to the risk of inconsistent obligations, then the absent party is necessary.  <u>See</u> <u>Kickapoo Tribe of Indians v. Babbit</u>, 43 F.3d 1491, 1494-95 (D.C. Cir. 1995) (state had interest in validity of compact between state and Indian tribe and thus was necessary party).  This is certainly the case here where PepsiAmericas is responsible, at least with respect to certain claims, as a co-indemnitor with the insurers.  PepsiAmericas is an indemnitor of Pneumo Abex for costs incurred by Pneumo Abex that are not covered, in whole or in part, by the insurance policies at issue in this action.  This means that, to the extent there is a determination that the insurance policies here provide no coverage, or limited coverage, for the

- 14 -

underlying claims against Pneumo Abex, PepsiAmericas is on the hook for any shortfall. This interest and PepsiAmericas' indemnitor status makes PepsiAmericas a necessary party. Whitman's argument to the contrary is premised on a misreading of two cases from other circuits, Rochester Methodist Hosp. v. Travelers Ins. Co., 728 F.2d 1006, 1016 (8th Cir. 1984) and Gardiner v. Virgin Islands Water & Power Auth., 145 F.3d 635, 641 (3d Cir. 1998), neither of which supports Whitman's position.

Rochester Methodist Hospital and Gardiner both stand for the simple proposition that in an underlying action a "defendant's right to contribution or indemnity from an absent non-diverse party does not render" the absentee indispensable. Rochester Methodist Hospital, 728 F.2d at 1016, Gardiner, 145 F.3d at 641 (citation omitted). Under the holdings of those cases, PepsiAmericas and the insurers are not necessary parties to an underlying asbestos suit against Pneumo Abex as a result of their potential obligation to indemnify Pneumo Abex for that claim. First State agrees. But that is not the situation here. The question here is whether an indemnitor, PepsiAmericas, is a necessary party in a declaratory judgment action to determine the rights and obligations of other indemnitors for the same liability. Neither Rochester Methodist Hospital or Gardiner even addresses that question.

Second, Whitman's claim that it was not required to name PepsiAmericas in this action because it is not required to add all named insureds under the policies misses the mark. First State does not contend that every named insured under a policy has to be named in an insurance coverage action. But where, as here, there are multiple alleged insureds asserting competing claims for a limited pool of proceeds to cover their separate portions of liabilities, they are all necessary parties. See National Union Fire Ins. Co. v. Rite Aid of S. Carolina, Inc., 210 F.3d 246, 250-54 (4th Cir. 2000) (insured parent company was necessary and indispensable

party to coverage action between its insured subsidiary and insurer); Aetna Cas. & Sur. Co. v.

Rasa Mgmt. Co. Inc., 621 F. Supp. 892, 893 (D. Nev. 1985) (insured is necessary party to action

seeking to determine insurer's liability to insured). Indeed, in Stenhouse v. Jacobson, the court

recognized that multiple insureds competing for the same insurance proceeds for the same

liabilities must be joined to prevent the insurer from potentially being forced to pay twice,

reasoning:

> [T]he proposed defendant Cheney is an indispensable party to the
> action. It appears that he is a named assured in the policy upon
> which this action is based. It seems unreasonable to require the
> other defendants to defend an action in which plaintiff seeks to
> prove that he alone is entitled to recover upon the policy, when
> such an action will not be binding upon Cheney. Such a procedure
> would leave open the way for Cheney to bring a second action
> against the same defendants, in which he might establish that he
> alone was entitled to recover. If such should come to pass, the
> defendants might be required to pay twice on a single claim under
> the policy. This would create an unjust result which the Court
> cannot tolerate.

193 F. Supp. 694, 696 (N.D. Cal. 1961).

In the face of this clear authority, Whitman looks to a single case, Western

Maryland Ry. Co. v. Harbor Ins. Co., 910 F.2d 960 (D.C. Cir. 1990) to support its claim that

additional insureds are not necessary and indispensable parties. 6/ Whitman's reliance on

Western Maryland is misplaced. In Western Maryland, several insured railroads brought

---

6/      Whitman also takes a swipe at a couple of the cases cited by First State in its opening
memorandum—Rite Aid and Rasa. Neither of Whitman's attempts to distinguish these on-point
authorities is persuasive. In both cases, the court found that additional insureds under insurance
policies were necessary parties because, inter alia, of their competing interests in those policies.
See Rite Aid, 210 F.3d at 250-54 (insured parent company was necessary and indispensable
party to coverage action between its insured subsidiary and insurer); Rasa, 621 F. Supp. at 893
(insured is necessary party to action seeking to determine insurer's liability to insured).

- 16 -

separate actions against their common insurers. Id. at 961-62. The court held that the plaintiff insureds were not necessary parties to both actions because both actions were pending before the same judge in the same court and were treated consistently. Id. at 963. In this case, despite the fact that both actions concern the same insurance policies, the same underlying asbestos claims and the same pot of insurance proceeds, the actions are pending in different forums (New York state court and here) before different judges and will not be treated consistently.

Thus, this action should be dismissed because Whitman failed to join certain necessary and indispensable parties, whose joinder would destroy diversity and relieve this Court of jurisdiction.

## III.   THIS COURT SHOULD DISMISS THIS ACTION IN FAVOR OF THE MORE COMPREHENSIVE, EARLIER-FILED NEW YORK ACTION.

Whitman's opposition brief also fails to articulate any sound reason why this Court should not dismiss this action in favor of the New York action, which involves all of the parties claiming rights to insurance proceeds and which was filed three years before this action. 7/ Whitman disingenuously accuses the insurers of trying to make an "end run" around rulings issued by this Court more than twenty years ago in a purportedly related case, to which many of the insurers, including First State, were not even parties, and, for that matter, neither was Whitman. (Whitman Opposition at 36.) As an initial matter, this argument makes no sense. The rulings that First State and the other insurers are supposedly seeking to avoid were made

---

7/    Although First State acknowledges that the New York action has been stayed, First State is currently appealing the stay ruling and maintains that this Court nevertheless should dismiss or stay this action in favor of the New York action for the reasons described in First State's opening memorandum and this reply memorandum. Moreover, there is every reason to believe that the stay will be lifted if this Court dismisses this action, and Whitman does not seriously argue otherwise.

before some of the First State policies were even issued in an action to which First State was not a party. Any such rulings are not, and could not be, binding on First State even if this Court does not dismiss this action. See Athridge v. Aetna Cas. & Sur. Co., 351 F.3d 1166, 1170 (D.C. Cir. 2003) (plaintiffs' indemnification claims against defendant insurer were not barred by prior action because plaintiffs were not parties to prior action). Accordingly, Whitman's argument that it would somehow suffer prejudice if the rulings in the prior action in this Court were not imposed on the insurer defendants is unconvincing.

Moreover, it is PepsiAmericas, through Whitman, that is playing procedural games here. By litigating this case here through its wholly-owned subsidiary, PepsiAmericas is attempting to give itself the chance for a second bite at the apple. In the event that PepsiAmericas (through Whitman) is unable to persuade this Court to adopt its coverage theories, it has preserved the right to argue later on that it is not bound by those rulings, which, if successful, would require the insurers to relitigate this argument down the road. The Court can and should avoid this gamesmanship by dismissing this case in favor the New York action that includes both PepsiAmericas and Cooper. This will prevent PepsiAmericas from later requesting a do-over.

In addition, there is no judicial economy in proceeding with this action because of the 25-year history of the purported "related" action. Actually, it is the reverse. The proposition of somehow using this action to revive a 25-year-old action that has progressed through numerous trials and appeals and apply rulings from that action to new insurers and new insurance policies involved in this action is absurd. It would be more logical, from the standpoint of preserving judicial resources, to dismiss this action in favor of the New York

action, a single action that includes all interested parties and all relevant insurance policies, rather than seek to connect new parties and new policies to a 25-year-old case. 8/

    Finally, as Pneumo Abex has claimed in its prior briefing, many of the policies may be governed by New York law. (Biester Decl., Ex. 9 at 6). The potential application of New York law is yet another reason for this Court to defer in favor of the pending New York action, as this action does not present any issue of federal law and the New York court has more expertise in applying the laws of its state. Tellingly, not one of the cases cited by Whitman compels a contrary result. See American Cas. Co. of Reading, Pa. v. Continisio, 819 F. Supp. 385, 393 (D.N.J. 1993), aff'd, 17 F.3d 62 (3d Cir. 1994) (federal court declined to stay the federal action in favor of a parallel state court proceeding because federal law, rather than state law, applied and federal action was more comprehensive than the state action); Snodgrass v. Provident Life & Accident Ins. Co., 147 F.3d 1163, 1167-68 (9th Cir. 1998) (federal district court's dismissal of claim for declaratory relief was abuse of discretion because declaratory relief claim was joined with other claims over which district court's jurisdiction was not discretionary); and St. Paul Fire & Marine Ins. Co. v. F.H., 117 F.3d 435, 438-440 (9th Cir. 1997), overruled on other grounds by Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998) (en banc) (federal district court did not abuse discretion in exercising jurisdiction over declaratory judgment action because there was no pending state court action in which plaintiff's claim for declaratory relief could be litigated).

---

8/  Whitman did not merely seek to join all the insurers here to the prior action in this Court because it knew that it would destroy diversity jurisdiction if it did so. Three of the defendant insurers in this action, American Reinsurance Company, Hudson Insurance Company and Mt. McKinley Insurance Company, are incorporated in Delaware, as is Pneumo Abex, the plaintiff in the prior DC action; thus, these insurers cannot be joined as defendants in the prior DC action.

Therefore, this Court should dismiss this action in favor of the earlier-filed, more comprehensive New York action, which is the logical forum wherein all interested parties will be able to obtain complete relief.

## CONCLUSION

For all of the foregoing reasons, as well as those in First State's opening brief, this Court should dismiss this action, or, in the alternative, stay all proceedings in this action pending a result in the New York action.

Respectfully submitted,

By:  Edward B. Parks, II  /s/
    William J. Bowman (Bar No. 241547)
    James P. Ruggeri (Bar No. 431034)
    Edward B. Parks, II (Bar No. 442293)
    HOGAN & HARTSON LLP
    Columbia Square
    555 Thirteenth Street, N.W.
    Washington, DC  20004
    Tel. (202) 637-5600
    Fax (202) 637-5910

    Attorneys for Defendant
    First State Insurance Company

Date:  November 7, 2005

- 20 -

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on November 7, 2005, he caused true and accurate

copies of the foregoing Reply Memorandum in Support of First State Insurance Company's

Motion to Dismiss or Stay this Action, to be served by electronic filing upon counsel listed on

the Notice of Electronic Filing, and by first-class, postage prepaid, mail upon:

| | |
|---|---|
| The Travelers Indemnity Co. | Jonathan K. Youngwood, Esq.<br>Barry R. Ostrager, Esq.<br>Simpson Thatcher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017 |
| Pneumo Abex Corporation | Thomas Sear, Esq.<br>Jones Day<br>222 East 41st Street<br>New York, NY 10017 |
| Mt. McKinley Insurance Co. | Fred L. Alvarez, Esq.<br>Arthur J. McColgan, Esq.<br>Ryan M. Henderson, Esq.<br>Mark A. Deptula, Esq.<br>Lord, Bissell & Brook LLP<br>115 S. LaSalle Street<br>Chicago, IL 60603 |
| Certain Underwriters at Lloyd's, London | Michael John Zoeller, Esq.<br>Baach, Robinson & Lewis PLLC<br>1201 F Street NW, Suite 500<br>Washington, DC 20005 |

By:  Edward B. Parks, II  /s/
      William J. Bowman, D.C. Bar No. 241547
      Edward B. Parks, II, D.C. Bar No. 442293
      HOGAN & HARTSON L.L.P.
      555 Thirteenth Street, N.W.
      Washington, DC 20004-1109
      (202) 637-5600

      *Attorneys for Defendant First State*
      *Insurance Company*

\\\DC - 76384/9555 - 2215256 v1                                1