FOR USE IN RESPECT OF ILLINOIS RISKS ONLY

**This Declaration Page is attached to and forms part of cover note provisions (Form SLCN-2).**

Previous No. New Authority Ref. No. URA0059 Cover Note No. S L 3073

1 Name and address of the Assured

I C Industries Inc. etal as Underlying
One Illinois Center
111 East Wacker Drive
Chicago, Illinois 60601

LEAVE BLANK

LLOYD'S SURPLUS LINE BROKERS ASSOCIATION OF ... AUG 3 1984 Thomas L. Stevens SECRETARY

2 Effective from April 1, 1984 to April 1, 1985
both days at 12:01 a.m. standard time

3 Acting upon your instructions we have effected Insurance with certain UNDERWRITERS AT LLOYD'S, LONDON. Percentage 9.8232% part of 100% of 40%

| 4 Amount | Coverage | Rate | Premium |
|---|---|---|---|
| $25,000,000 any one occurrence<br>$25,000,000 annual aggregate wherein the Underlying<br>Only To Pay The Excess Of:<br>$25,000,000 any one occurrence<br>$25,000,000 annual Aggregate where applicable | Excess Broad Form Liability Insurance | | $2,554.00 part of 65,000 (100%) |

5 Special conditions Form: J(a) plus Short Excess Wording following Underlying as expiring INCLUDING: Workers' Compensation Act, Federal Longshoremen's and Harbor Workers' Act, Real Estate Agents Errors and Omissions Liability and Employee Benefits Liability but excluding claims resulting from Employee Retirement Income Security Act (1974) following Underlying.
Interest: Covering in respect of the Assured's operations
90 days Cancellation Clause; Service of Suit Clause (T.L. Stevens); Notice of loss to Rollins Burdick Hunter Co., Chicago, IL; N.M.A 1256; N.M.A. 1477; Seepage and Pollution Clause as Underlying

6 Service of Suit may be made upon:
Thomas L. Stevens, 135 S. LaSalle St., Chicago, Il. 60603

Dated July 26, 1984

ROLLINS BURDICK HUNTER OF ILLINOIS, INC.

by [signature]
Correspondent

**NOTICE TO POLICYHOLDER: "This contract is issued, pursuant to Section 445 of the Illinois Insurance Code, by an insurer not authorized and licensed to transact business in Illinois and as such is not covered by the Illinois Insurance Guaranty Fund."**

Eason Printing Co., Chicago, 7/82

LONDON COPY A!F AUG 17 1984

*This Declaration Page is attached to and forms part of cover note provisions (Form CN-6).*

Previous No. 1568 Authority Ref. No. URA0059 Cover Note No. 1643

1 Name and address of the Assured

I C Industries Inc. Etal as Underlying
One Illinois Center
111 East Wacker Drive
Chicago, Illinois 60601

LEAVE BLANK

UNDERWRITERS AT LLOYD'S, LONDON
(Not valid unless countersignature of Attorney-in-Fact appears here)
AUG 20 1984
John G. Smith
ATTORNEY-IN-FACT

2 Effective from April 1, 1984 to April 1, 1985
both days at 12:01 a.m. standard time

3 Acting upon your instructions we have effected Insurance with certain UNDERWRITERS AT LLOYD'S, LONDON. Percentage 19.6464% part of 100% of 40%

| 4 Amount | Coverage | Rate | Premium |
|---|---|---|---|
| $25,000,000 any one occurrence<br>$25,000,000 annual aggregate wherein the Underlying<br>Only To Pay The Excess Of:<br>$25,000,000 any one occurrence<br>$25,000,000 annual aggregate where applicable | Excess Broad Form Liability Insurance | | $5,108.00 part of $65,000 (100%) |

5 Special conditions Form:J(a) plus Short Excess Wording following Underlying as expiring INCLUDING: Workers' Compensation Act, Federal Longshoremen's and Harbor Workers' Act, Real Estate Agents Errors and Omissions Liability and Employee Benefits Liability but excluding claims resulting from Employee Retirement Income Security Act (1974) following Underlying.
Interest: Covering in respect of the Assured's operations
Situated: Worldwide
90 days Cancellation Clause; Service of Suit Clause (John G. Smith); Notice of loss to Rollins, Burdick, Hunter Co., Chicago, ~~Il; N.M.A. 1256; N.M.A. 1477;~~
Seepage and Pollution Clause as Underlying

Dated July 26, 1984

ROLLINS BURDICK HUNTER OF ILLINOIS, INC.
by [signature]
Resident Agent

CLAIM REPORTS: Resident Agents, Attorneys and Adjusters must furnish copies of reports of all claims under this insurance to the Attorney-in-Fact for Underwriters at Lloyd's, London, 135 South LaSalle Street, Chicago, Illinois 60603.

Eaton Printing Co., Chicago, 7 82

# EXCESS UMBRELLA POLICY

## INSURING AGREEMENTS:

### I COVERAGE -

The Underwriters hereby agree, subject to the limitations, terms and conditions hereinafter mentioned, to indemnify the Assured for all sums which the Assured shall be obligated to pay by reason of the liability caused by or arising out of the hazards covered by and as more fully defined in the Underlying Umbrella Policy/ies stated in Item 2 of the Declarations.

### II LIMIT OF LIABILITY -

It is expressly agreed that liability shall attach to the Underwriters only after the Underlying Umbrella Insurers (as specified in Item 2 of the Declarations) have paid or have been held liable to pay the full amount of their respective ultimate net loss liability as follows:

| | |
|---|---|
| $ (as stated in Item 3 of the Declarations) | ultimate net loss in respect of each occurrence, but |
| $ (as stated in Item 4 of the Declarations) | in the aggregate for each annual period during the currency of this Policy, separately in respect of each hazard insured with an aggregate limit in the Underlying Umbrella Policy/ies |

and the Underwriters shall then be liable to pay only the excess thereof up to a further

| | |
|---|---|
| $ (as stated in Item 5 of the Declarations) | ultimate net loss in all in respect of each occurrence - subject to a limit of |
| $ (as stated in Item 6 of the Declarations) | in the aggregate for each annual period during the currency of this Policy, separately in respect of each hazard insured with an aggregate limit in the Underlying Umbrella Policy/ies. |

## CONDITIONS:

### 1. PRIOR INSURANCE AND NON CUMULATION OF LIABILITY -

It is agreed that if any loss covered hereunder is also covered in whole or in part under any other excess policy issued to the Assured prior to the inception date hereof the limit of liability hereon as stated in Items 5 and 6 of the Declarations shall be reduced by any amounts due to the Assured on account of such loss under such prior insurance.

2. MAINTENANCE OF UNDERLYING UMBRELLA INSURANCE -

This Policy is subject to the same terms, definitions, exclusions and conditions (except as regards the premium, the amount and limits of liability and except as otherwise provided herein) as are contained in or as may be added to the Underlying Umbrella Policy/ies stated in Item 2 of the Declarations prior to the happening of an occurrence for which claim is made hereunder. Provided always that this Policy shall not apply until the Underlying Umbrella Insurers have paid or have been held liable to pay the full amount of their respective ultimate net loss in accordance with Insuring Agreement II. Should, however, any alteration be made in the premium for the Underlying Umbrella Policy/ies during the currency of this Policy, Underwriters reserve the right to adjust the premium hereon accordingly.

It is a condition of this Policy that the Underlying Umbrella Policy/ies shall be maintained in full effect during the currency hereof except for any reduction of the aggregate limits contained therein solely by payment of claims in respect of accidents and/or occurrences occurring during the period of this Policy, or by the operation of a clause contained in said Underlying Umbrella Policy/ies similar to Condition 1 above.

3. ASSISTANCE AND CO-OPERATION -

The Underwriters shall not be called upon to assume charge of the settlement or defense of any claim made or suit brought or proceeding instituted against the Assured but Underwriters shall have the right and shall be given the opportunity to associate with the Assured or the Assured's underlying insurers, or both, in the defense and control of any claim, suit or proceeding relative to an occurrence where the claim or suit involves, or appears reasonably likely to involve Underwriters, in which event the Assured and Underwriters shall co-operate in all things in the defense of such claim, suit or proceeding.

4. CANCELLATION -

This Policy may be cancelled by the Named Assured or by the Underwriters or their representatives by mailing written notice to the other party stating when, not less than thirty (30) days thereafter, cancellation shall be effective. The mailing of notice as aforesaid by Underwriters or their representatives to the Named Assured at the address shown in this Policy shall be sufficient proof of notice, and the insurance under this Policy shall end on the effective date and hour of cancellation stated in the notice. Delivery of such written notice either by the Named Assured or by Underwriters or their representatives shall be equivalent to mailing.

If this Policy shall be cancelled by the Named Assured the Underwriters shall retain the customary short rate proportion of the premium for the period this Policy has been in force. If this Policy shall be cancelled by the Underwriters the Underwriters shall retain the pro rata proportion of the premium for the period this Policy has been in force. Notice of cancellation by the Underwriters shall be effective even though the Underwriters make no payment or tender of return premium with such notice.

5. OTHER INSURANCE -

If other valid and collectible insurance with any other insurer is available to the Assured covering a loss also covered by this Policy, other than insurance that is specifically stated to be in excess of this Policy, the insurance afforded by this Policy shall be in excess of and shall not contribute with such other insurance. Nothing herein shall be construed to make this Policy subject to the terms, conditions and limitations of other insurance.

6. NOTICE OF OCCURRENCE -

Whenever the Assured has information from which they may reasonably conclude that an occurrence covered hereunder involves injuries or damages which, in the event that the Assured should be held liable, is likely to involve this Policy, notice shall be sent as stated in Item 8 of the Declarations as soon as practicable, provided, however, that failure to give notice of any occurrence which at the time of its happening did not appear to involve this Policy, but which, at a later date would appear to give rise to claims hereunder, shall not prejudice such claims.

7. SERVICE OF SUIT CLAUSE -

It is agreed that in the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, Underwriters hereon, at the request of the Assured, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

It is further agreed that service of process in such suit may be made as stated in Item 9 of the Declarations, and that in any suit instituted against any one of them upon this Policy, Underwriters will abide by the final decision of such Court or of any Appellate Court in the event of an appeal. The person or firm named in Item 9 of the Declarations are authorised and directed to accept service of process on behalf of Underwriters in any such suit and/or upon the request of the Assured to give a written undertaking to the Assured that they will enter a general appearance upon Underwriters' behalf in the event such a suit shall be instituted.

Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefor, Underwriters hereon hereby designate the Superintendent, Commissioner or Director of Insurance or other officers specified for that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Assured or any beneficiary hereunder arising out of this policy of insurance, and hereby designate the above-named as the person to whom the said officer is authorised to mail such process or a true copy thereof.

UNDERWRITERS AT LLOYD'S, LONDON
AUG 20 1984
[signature]
ATTORNEY-IN-FACT

U.S.A.

## NEW SHORT RATE CANCELLATION TABLE ENDORSEMENT

NOTWITHSTANDING anything to the contrary contained herein and in consideration of the premium for which this insurance is written it is agreed that in the event of cancellation thereof by the Assured the earned premium shall be computed as follows:—

### SHORT RATE CANCELLATION TABLE

A. For Insurances written for one year:—

| Days Insurance in force | Per cent. of One Year Premium | Days Insurance in force | Per cent. of One Year Premium |
|---|---|---|---|
| 1 | 5 | 154—156 | 53 |
| 2 | 6 | 157—160 | 54 |
| 3— 4 | 7 | 161—164 | 55 |
| 5— 6 | 8 | 165—167 | 56 |
| 7— 8 | 9 | 168—171 | 57 |
| 9— 10 | 10 | 172—175 | 58 |
| 11— 12 | 11 | 176—178 | 59 |
| 13— 14 | 12 | 179—182 | (6 months) 60 |
| 15— 16 | 13 | 183—187 | 61 |
| 17— 18 | 14 | 188—191 | 62 |
| 19— 20 | 15 | 192—196 | 63 |
| 21— 22 | 16 | 197—200 | 64 |
| 23— 25 | 17 | 201—205 | 65 |
| 26— 29 | 18 | 206—209 | 66 |
| 30— 32 | (1 month) 19 | 210—214 | (7 months) 67 |
| 33— 36 | 20 | 215—218 | 68 |
| 37— 40 | 21 | 219—223 | 69 |
| 41— 43 | 22 | 224—228 | 70 |
| 44— 47 | 23 | 229—232 | 71 |
| 48— 51 | 24 | 233—237 | 72 |
| 52— 54 | 25 | 238—241 | 73 |
| 55— 58 | 26 | 242—246 | (8 months) 74 |
| 59— 62 | (2 months) 27 | 247—250 | 75 |
| 63— 65 | 28 | 251—255 | 76 |
| 66— 69 | 29 | 256—260 | 77 |
| 70— 73 | 30 | 261—264 | 78 |
| 74— 76 | 31 | 265—269 | 79 |
| 77— 80 | 32 | 270—273 | (9 months) 80 |
| 81— 83 | 33 | 274—278 | 81 |
| 84— 87 | 34 | 279—282 | 82 |
| 88— 91 | (3 months) 35 | 283—287 | 83 |
| 92— 94 | 36 | 288—291 | 84 |
| 95— 98 | 37 | 292—296 | 85 |
| 99—102 | 38 | 297—301 | 86 |
| 103—105 | 39 | 302—305 | (10 months) 87 |
| 106—109 | 40 | 306—310 | 88 |
| 110—113 | 41 | 311—314 | 89 |
| 114—116 | 42 | 315—319 | 90 |
| 117—120 | 43 | 320—323 | 91 |
| 121—124 | (4 months) 44 | 324—328 | 92 |
| 125—127 | 45 | 329—332 | 93 |
| 128—131 | 46 | 333—337 | (11 months) 94 |
| 132—135 | 47 | 338—342 | 95 |
| 136—138 | 48 | 343—346 | 96 |
| 139—142 | 49 | 347—351 | 97 |
| 143—146 | 50 | 352—355 | 98 |
| 147—149 | 51 | 356—360 | 99 |
| 150—153 | (5 months) 52 | 361—365 | (12 months) 100 |

B. For Insurances written for more or less than one year:—

1. If insurance has been in force for 12 months or less, apply the standard short rate table for annual insurances to the full annual premium determined as for an insurance written for a term of one year.
2. If insurance has been in force for more than 12 months;
   a. Determine full annual premium as for an insurance written for a term of one year.
   b. Deduct such premium from the full insurance premium, and on the remainder calculate the *pro rata* earned premium on the basis of the ratio of the length of time beyond one year the insurance has been in force to the length of time beyond one year for which the insurance was originally written.
   c. Add premium produced in accordance with items (a) and (b) to obtain earned premium during full period insurance has been in force.

N.M.A. 45.

U.S.A.

## NUCLEAR INCIDENT EXCLUSION CLAUSE—LIABILITY—DIRECT (BROAD)

*(Approved by Lloyd's Underwriters' Non-Marine Association)*

*For attachment to insurances of the following classifications in the U.S.A., its Territories and Possessions, Puerto Rico and the Canal Zone:—*

*Owners, Landlords and Tenants Liability, Contractual Liability, Elevator Liability, Owners or Contractors (including railroad) Protective Liability, Manufacturers and Contractors Liability, Product Liability, Professional and Malpractice Liability, Storekeepers Liability, Garage Liability, Automobile Liability (including Massachusetts Motor Vehicle or Garage Liability),*

*not being insurances of the classifications to which the Nuclear Incident Exclusion Clause—Liability—Direct (Limited) applies.*

This policy* does not apply:—

I. Under any Liability Coverage, to injury, sickness, disease, death or destruction

(a) with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(b) resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

II. Under any Medical Payments Coverage, or under any Supplementary Payments Provision relating to immediate medical or surgical relief, to expenses incurred with respect to bodily injury, sickness, disease or death resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

III. Under any Liability Coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if

(a) the nuclear material (1) is at any nuclear facility owned by, or operated by or on behalf of, an insured or (2) has been discharged or dispersed therefrom;

(b) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

(c) the injury, sickness, disease, death or destruction arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property at such nuclear facility.

IV. As used in this endorsement:

**"hazardous properties"** include radioactive, toxic or explosive properties; **"nuclear material"** means *source material, special nuclear material or byproduct material*; **"source material"**, **"special nuclear material"**, and **"byproduct material"** have the meanings given them in the Atomic Energy Act 1954 or in any law amendatory thereof; **"spent fuel"** means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor; **"waste"** means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof; **"nuclear facility"** means

(a) any nuclear reactor,

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations; **"nuclear reactor"** means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

With respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

It is understood and agreed that, except as specifically provided in the foregoing to the contrary, this clause is subject to the terms, exclusions, conditions and limitations of the Policy to which it is attached.

*NOTE:—As respects policies which afford liability coverages and other forms of coverage in addition, the words underlined should be amended to designate the liability coverage to which this clause is to apply.

17/3/60
N.M.A. 1256

UNDERWRITERS AT LLOYD'S, LONDON
AUG 20 1984
John W. Smith
ATTORNEY-IN-FACT

U.S.A.

## RADIOACTIVE CONTAMINATION EXCLUSION CLAUSE—LIABILITY—DIRECT

*(Approved by Lloyd's Underwriters' Non-Marine Association)*

*For attachment (in addition to the appropriate Nuclear Incident Exclusion Clause—Liability—Direct) to liability insurances affording worldwide coverage.*

In relation to liability arising outside the U.S.A., its Territories or Possessions, Puerto Rico or the Canal Zone, this Policy does not cover any liability of whatsoever nature directly or indirectly caused by or contributed to by or arising from ionising radiations or contamination by radioactivity from any nuclear fuel or from any nuclear waste from the combustion of nuclear fuel.

13/2/64
N.M.A. 1477

## INDUSTRIES, SEEPAGE, POLLUTION AND CONTAMINATION CLAUSE No. 3

*(Approved by Lloyd's Underwriters' Non-Marine Association)*

This Insurance does not cover any liability for:

(1) Personal Injury or Bodily Injury or loss of, damage to, or loss of use of property directly or indirectly caused by seepage, pollution or contamination, provided always that this paragraph (1) shall not apply to liability for Personal Injury or Bodily Injury or loss of or physical damage to or destruction of tangible property, or loss of use of such property damaged or destroyed, where such seepage, pollution or contamination is caused by a sudden, unintended and unexpected happening during the period of this Insurance.

(2) The cost of removing, nullifying or cleaning-up seeping, polluting or contaminating substances unless the seepage, pollution or contamination is caused by a sudden, unintended and unexpected happening during the period of this Insurance.

(3) Fines, penalties, punitive or exemplary damages.

This Clause shall not extend this Insurance to cover any liability which would not have been covered under this Insurance had this Clause not been attached.

22/1/70
N.M.A. 1685



# DECLARATIONS

ITEM 1. a) NAMED ASSURED:

I C Industries Inc. etal

b) ADDRESS OF NAMED ASSURED:

One Illinois Center
111 East Wacker Dr.
Chicago, IL 60606

ITEM 2. a) UNDERLYING UMBRELLA POLICY NO(S):

BE1338972

b) UNDERLYING UMBRELLA INSURER(S):

National Union

ITEM 3. UNDERLYING UMBRELLA LIMITS (Insuring Agreement II):

$25,000,000.

ITEM 4. UNDERLYING UMBRELLA AGGREGATE LIMITS (Insuring Agreement II):

$25,000,000.

ITEM 5. LIMIT OF LIABILITY (Insuring Agreement II):

$25,000,000.

ITEM 6. AGGREGATE LIMIT OF LIABILITY (Insuring Agreement II):

$25,000,000.

ITEM 7. POLICY PERIOD:

April 1, 1984 to 1985

UNDERWRITERS AT LLOYDS, LONDON
AUG 20 1984
John G. Smith
ATTORNEY-IN-FACT

ITEM 8. NOTICE OF OCCURRENCE (Condition 6) to:

Rollins Burdick Hunter of Illinois
10 S. Riverside Plaza
Chicago, IL 60606

ITEM 9. SERVICE OF PROCESS (Condition 7) upon:

John G. Smith
135 S. LaSalle
Chicago, IL 60606

FOR USE IN RESPECT OF ILLINOIS RISKS ONLY

**This Declaration Page is attached to and forms part of cover note provisions (Form SLCN-2).**

Previous No. New Authority Ref. No. URA0059 Cover Note No. **S L 3073**

1 Name and address of the Assured

I C Industries Inc. etal as Underlying
One Illinois Center
111 East Wacker Drive
Chicago, Illinois 60601

LEAVE BLANK

LLOYD'S SURPLUS LINE BROKERS ASSOCIATION AUG 3 1984 Thomas L. Stevens

2 Effective from April 1, 1984 to April 1, 1985 both days at 12:01 a.m. standard time

3 Acting upon your instructions we have effected Insurance with certain UNDERWRITERS AT LLOYD'S, LONDON. Percentage 9.8232% part of 100% of 40%

| Amount | Coverage | Rate | Premium |
|---|---|---|---|
| $25,000,000 any one occurrence $25,000,000 annual aggregate wherein the Underlying Only To Pay The Excess Of: $25,000,000 any one occurrence $25,000,000 annual Aggregate where applicable | Excess Broad Form Liability Insurance | | $2,554.00 part of 65,000 (100%) |

5 Special conditions Form: J(a) plus Short Excess Wording following Underlying as expiring INCLUDING: Workers' Compensation Act, Federal Longshoremen's and Harbor Workers' Act, Real Estate Agents Errors and Omissions Liability and Employee Benefits Liability but excluding claims resulting from Employee Retirement Income Security Act (1974) following Underlying.
Interest: Covering in respect of the Assured's operations
90 days Cancellation Clause; Service of Suit Clause (T.L. Stevens); Notice of loss to Rollins Burdick Hunter Co., Chicago, IL; N.M.A 1256; N.M.A. 1477; Seepage and Pollution Clause as Underlying

6 Service of Suit may be made upon:
Thomas L. Stevens, 135 S. LaSalle St., Chicago, Il. 60603

Dated July 26, 1984

ROLLINS BURDICK HUNTER OF ILLINOIS, INC.
by [signature]
Correspondent

NOTICE TO POLICYHOLDER: "This contract is issued, pursuant to Section 445 of the Illinois Insurance Code, by an insurer not authorized and licensed to transact business in Illinois and as such is not covered by the Illinois Insurance Guaranty Fund."

Eason Printing Co., Chicago, 7 82

| DATE ISSUED | CONTRACT NO. | PREVIOUS NO. |
|---|---|---|
| July 26, 1984 | URA0059 | C 7404 |

PART TWO: THIS DECLARATIONS PAGE WITH COVER NOTE PROVISIONS (FORM NO. RBH 105) ARE MADE AS PART HEREOF:

ITEM — NUMBER C 7538

**1**

*Name of Assured*

I C Industries Inc. etal as Underlying
One Illinois Center
111 East Wacker Drive
Chicago, IL 60601

**2**

EFFECTIVE FROM ☒ 12:01 A.M. ☐ 12:00 NOON BOTH DAYS AT STANDARD TIME April 1, 1984 TO April 1, 1985

**3**

Acting upon your instruction, we have effected the insurance with:

| NAME OF INSURERS | AMOUNT OR PERCENT |
|---|---|
| Certain British Insurance Companies | 70.5304% part of 100% of 40% |

The Insurance Company(s) (hereinafter called the Insurers) do hereby bind themselves, each for itself and not for another, for the percentage shown hereon.

**4**

| AMOUNT | COVERAGE | RATE | PREMIUM |
|---|---|---|---|
| See Attached Sheet | Excess Broad Form Liability Insurance | | $18,338.00 part of $65,000 (100%) |

AUDIT TOTAL CHARGED

**5**

SPECIAL CONDITIONS

See Attached Sheet

It is understood and agreed that when the participation as shown above is less than 100% this insurance shall run concurrently with and be subject to the same gross rate, terms, conditions and endorsements as more particularly set forth in and/or as may from time to time be added to Cover Note No. SL 3073 issued by Lloyd's Underwriters on the same subject matter and risk.

This insurance is made and accepted subject to all the provisions set forth herein or endorsed hereon or appearing on the Jacket hereof, all of which are incorporated herein, and any provisions appearing in forms attached hereto and made a part hereof which alter the provisions herein shall supersede such provisions as they are inconsistent therewith.

ROLLINS BURDICK HUNTER OF ILLINOIS, INC.

By [signature]

RBH 105A EPC

LONDON

| | |
|---|---|
| FORM: | J(a) plus Short Excess Wording following Underlying as expiring<br>INCLUDING: Workers' Compensation Act, Federal Longshoremen's and Harbor Workers' Act, Real Estate Agents Errors and Omissions Liability and Employee Benefits Liability excluding claims resulting from Employee Retirement Income Security Act. (1974) following Underlying |
| INTEREST: | Covering in respect of the Assured's operations |
| SUM INSURED: | $25,000,000 any one occurrence<br>$25,000,000 annual aggregate wherein the Underlying Only To Pay The Excess Of:<br>$25,000,000 any one occurrence<br>$25,000,000 annual aggregate where applicable |
| SITUATED: | Worldwide |
| CONDITIONS: | 90 days Cancellation Clause<br>Service of Suit Clause (T.L. Stevens)<br>Notice of loss to Rollins Burdick Hunter Co. Chicago, IL<br>N.M.A. 1256<br>N.M.A. 1477<br>Seepage and Pollution Clause as Underlying |

FOR USE IN RESPECT OF ILLINOIS RISKS ONLY

This Declaration Page is attached to and forms part of cover note provisions (Form SLCN-2).

Previous No. SL 3020 Authority Ref. No. URA0060 Cover Note No. S L 3074

1 Name and address of the Assured

I C Industries Inc. etal as Underlying
One Illinois Center
111 East Wacker Dr.
Chicago, IL 60601

LEAVE BLANK

LLOYD'S SURPLUS LINE BROKERS ASSOCIATION OF ILLINOIS
AUG 3 1984
Thomas L. Stevens
SECRETARY

2 Effective from April 1, 1984 to April 1, 1985
both days at 12:01 a.m. standard time

3 Acting upon your instructions we have effected Insurance with certain UNDERWRITERS AT LLOYD'S, LONDON. 11.7648% part of 100% of 40% Percentage

4

| Amount | Coverage | Rate | Premium |
|---|---|---|---|
| $50,000,000 any one occurrence $50,000,000 annual aggregate wherein the Underlying Only To Pay The Excess Of: $50,000,000 any one occurrence $50,000,000 annual aggregate where applicable | Excess Broad Form Liability Insurance | | $2,823.00 part of $60,000 (100%) |

5 Special conditions Form: J(A) plus Short Excess Wording following Underlying as expiring INCLUDING Workers' Compensation Act, Federal Longshoremen's and Harbor Workers' Act, Real Estate Agents Errors and Omissions Liability and Employee Benefits Liability but excluding claims resulting from Employee Retirement Income Security Act (1974) following Underlying.
Interest: Covering in respect of the Assured's operations
Situated: Worldwide
90 days Cancellation Clause; Notice of loss to Rollins Burdick Hunter, Chicago, IL; N.M.A. 1256; N.M.A. 1477; Seepage and Pollution Clause as Underlying

6 Service of Suit may be made upon:
Thomas L. Stevens, 135 S. LaSalle St., Chicago, IL 60603

Dated July 26, 1984

ROLLINS BURDICK HUNTER OF ILLINOIS, INC

by________________
Correspondent

NOTICE TO POLICYHOLDER: "This contract is issued, pursuant to Section 445 of the Illinois Insurance Code, by an insurer not authorized and licensed to transact business in Illinois and as such is not covered by the Illinois Insurance Guaranty Fund."

Eason Printing Co. Chicago. 7 82