UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON (Members of Syndicate Nos. 002, 015, 016, 023, 029, 033, 035, 036, 049, 056, 057, 059, 065, 069, 073, 074, 075, 077, 086, 088, 090, 101, 108, 109, 110, 112, 116, 126, 130, 132, 133, 135, 138, 151, 164, 165, 169, 174, 188, 189, 190, 204, 211, 212, 219, 223, 224, 227, 231, 233, 235, 238, 243, 250, 263, 264, 265, 267, 278, 279, 283, 286, 297, 299, 300, 301, 303, 304, 311, 316, 317, 328, 329, 334, 347, 357, 358, 360, 365, 371, 373, 374, 395, 396, 397, 404, 405, 417, 420, 422, 427, 433, 434, 440, 448, 450, 461, 462, 465, 471, 472, 474, 475, 476, 479, 484, 489, 490, 499, 507, 518, 538, 553, 555, 576, 583, 589, 590, 592, 595, 604, 610, 612, 618, 619, 620, 621, 625, 629, 632, 634, 650, 651, 653, 656, 660, 661, 677, 680, 687, 688, 694, 701, 707, 711, 713, 719, 724, 755, 756, 763, 767, 768, 773, 795, 796, 797, 799, 800, 819, 830, 838, 845, 849, 857, 867, 870, 896, 899, 901, 905, 917, 918, 924, 928, 947, 948, 964, 975, 989, 999); DOMINION INSURANCE COMPANY LTD.; AND WORLD AUXILIARY INSURANCE CORPORATION LTD., <br><br>*Plaintiffs*, <br><br>*against* <br><br>PNEUMO ABEX CORPORATION; PEPSI AMERICAS, INC.; COOPER INDUSTRIES, INC.; AIU INSURANCE COMPANY; ALLIANZ INSURANCE COMPANY; ALLSTATE INSURANCE COMPANY (as successor-in-interest to Northbrook Excess Surplus Insurance Company formerly Northbrook Insurance Company); AMERICAN HOME ASSURANCE COMPANY; AMERICAN REINSURANCE COMPANY; ARGONAUT INSURANCE COMPANY; ASSOCIATED INTERNATIONAL INSURANCE COMPANY; CENTURY INDEMNITY | Case No. 02/8053A <br><br> Assigned to The Honorable Robert D. Drain <br><br><br> **ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIMS, AND CROSS-CLAIMS OF DEFENDANTS PNEUMO ABEX CORPORATION, COOPER INDUSTRIES, INC., AND PEPSIAMERICAS, INC.** |

1487516 v4; VVRW04!.DOC

|  |  |
|---|---|
| COMPANY (as successor-in-interest to California Union Insurance Company); COLUMBIA CASUALTY; CONTINENTAL INSURANCE COMPANY; CONTINENTAL CASUALTY COMPANY; EMPLOYERS MUTUAL CASUALTY COMPANY; EVANSTON INSURANCE COMPANY; FALCON INSURANCE COMPANY; FEDERAL INSURANCE COMPANY; FIREMAN'S FUND INSURANCE COMPANY; FIRST STATE INSURANCE COMPANY; GRANITE STATE INSURANCE COMPANY; GREAT AMERICAN SURPLUS; HARBOR SPECIALTY INSURANCE GROUP; HIGHLANDS INSURANCE COMPANY; THE HOME INSURANCE COMPANY; HUDSON INSURANCE COMPANY; INSURANCE COMPANY OF NORTH AMERICA; INTERNATIONAL INSURANCE COMPANY; MT. MCKINLEY INSURANCE COMPANY (formerly known as Gibraltar Casualty Company); ISOP; NATIONAL SURETY CORP.; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.; NEW HAMPSHIRE INSURANCE COMPANY; STONEWALL INSURANCE CO.; TRAVELERS CASUALTY & SURETY COMPANY; and JOHN DOES 1-100, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
|  *Defendants,* | ) )  |
| ALBA GENERAL INSURANCE COMPANY LTD.; ANGLO FRENCH INSURANCE COMPANY LTD.; ANGLO SAXON INSURANCE ASSOCIATION LTD.; BISHOPSGATE INSURANCE COMPANY LTD.; BRITISH AVIATION INSURANCE COMPANY LTD.; BRITISH MERCHANTS INSURANCE COMPANY LTD.; BRITTANY INSURANCE COMPANY LTD.; COMPAGNIE D'ASSURANCE MARITIMES AERIENNES & TERRESTRES, S.A.; CITY GENERAL INSURANCE COMPANY; COMPAGNIE EUROPEENNE D'ASSURANCES INDUSTRIELLES, S.A.; CORNHILL INSURANCE PLC; ECONOMIC INSURANCE COMPANY LTD.; EXCESS INSURANCE COMPANY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

| | |
|---|---|
| LTD.; FIDELIDADE INSURANCE COMPANY; FOLKSAM INTERNATIONAL INSURANCE COMPANY LTD.; HEDDINGTON INSURANCE (UK) LTD.; HELVETIA-ACCIDENT SWISS INSURANCE COMPANY LTD.; LEXINGTON INSURANCE COMPANY (UK) LTD.; LONDON & EDINBURGH INSURANCE COMPANY LTD.; LUDGATE INSURANCE COMPANY LTD.; MINSTER INSURANCE COMPANY LTD.; MITSUI MARINE & FIRE INSURANCE COMPANY (EUROPE) LTD.; OSLO REINSURANCE COMPANY (UK) LTD.; RIVER THAMES INSURANCE COMPANY LTD.; ROYAL SCOTTISH INSURANCE COMPANY LTD.; SPHERE/DRAKE INSURANCE COMPANY LTD.; ST. PAUL INTERNATIONAL INSURANCE COMPANY LTD.; STRONGHOLD INSURANCE COMPANY LTD.; SWISS NATIONAL INSURANCE COMPANY LTD.; SWITZERLAND GENERAL INSURANCE COMPANY; THREADNEEDLE INSURANCE COMPANY LTD.; TOKIO MARINE & FIRE INSURANCE (UK) LTD.; TRENT INSURANCE COMPANY LTD.; VANGUARD INSURANCE COMPANY LTD.; WINTERTHUR SWISS INSURANCE COMPANY; and WORLD MARINE & GENERAL INSURANCE COMPANY LTD., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| *Nominal Defendants.* | ) ) |

Defendants Pneumo Abex Corporation ("Pneumo Abex"), Cooper Industries, Inc. ("Cooper"), and PepsiAmericas, Inc. ("PAS") (collectively, the "Defendants"), for their answer, affirmative defenses, counter-claims, and cross-claims to the complaint filed by Plaintiffs, Certain Underwriters at Lloyd's, London ("Lloyd's"), Dominion Insurance Company Ltd. ("Dominion"), and World Auxiliary Insurance Corporation Ltd. ("World Auxiliary") (collectively, "Plaintiff Insurers"), hereby state:

3

## FIRST DEFENSE

## INTRODUCTION

1. Defendants admit the allegations in paragraph 1 of the complaint.

2. Defendants deny the allegations in paragraph 2 of the complaint, except that Defendants admit that Plaintiffs seek the relief that they allege in this paragraph.

## THE PARTIES

3. Defendants deny the allegations of paragraph 3 of the complaint because they are without knowledge or information sufficient to form a belief as to the truth of the matters alleged therein.

4. Defendants deny the allegations of paragraph 4 of the complaint, except that they admit the first sentence of paragraph 4 of the complaint.

5. Defendants deny the allegations of paragraph 5 of the complaint, except that they admit the first sentence of paragraph 5 of the complaint.

6. Defendants admit the allegations of paragraph 6 of the complaint.

7. Defendants deny the allegations of paragraphs 7 through 41 of the complaint because they are without knowledge or information sufficient to form a belief as to the truth of the matters alleged therein.

8. Defendants deny the allegations of paragraph 42 of the complaint.

## JURISDICTION AND VENUE

9. Defendants deny the allegations of paragraphs 43 through 45 of the complaint because they are without knowledge or information sufficient to form a belief as to the truth of the matters alleged therein.

## THE POLICIES

10. Defendants admit the allegations of paragraphs 46 through 81 of the complaint that each of Plaintiff Insurers and Defendant Insurers issued one or more

umbrella or excess liability insurance policies in favor of American Brake Shoe Company or I.C. Industries, Inc. and that each of the policies provided product liability coverage, but they otherwise deny the specific allegations of paragraphs 46 through 81 of the complaint and refer to the insurance policies referenced therein for their true and complete contents, terms and conditions.

### THE ASBESTOS-RELATED PRODUCTS LIABILITY CLAIMS

11. Defendants admit the allegations of paragraphs 82 through 85 of the complaint, refer to the underlying asbestos claims and insurance policies referenced therein for their true and complete contents, terms and conditions, and aver that Pneumo Abex has given timely notice to all Plaintiff Insurers, Insurance Company Defendants, and Nominal Defendants of the referenced claims.

12. Defendants admit the allegations of paragraph 86 of the complaint.

13. Defendants admit the allegations of paragraph 87 of the complaint that Plaintiff Insurers deny any such obligations to Pneumo Abex or PAS, and Defendants aver that such denial constitutes an admission that Plaintiff Insurers are in breach of the referenced London Policies and that Plaintiff Insurers have acted in bad faith. Defendants refer to the insurance policies referenced therein for their true and complete contents, terms and conditions.

14. Defendants deny the allegations of paragraph 88 of the complaint and refer to the insurance policies referenced therein for their true and complete contents, terms and conditions.

15. Defendants admit the allegations of paragraph 89 of the complaint.

16. Defendants deny the allegations of paragraph 90 of the complaint, except that Defendants admit that Plaintiff Insurers deny that Cooper has any rights to the

referenced insurance policies. Defendant Cooper further avers that it does have rights to the proceeds of the referenced policies based upon its contractual relationship with Pneumo Abex.

## FIRST CAUSE OF ACTION
## (DECLARATORY RELIEF UNDER POLICIES)

17. Defendants repeat and reallege their responses in paragraphs 1 through 16.

18. Defendants deny the allegations of paragraph 92 of the complaint and refer to the insurance policies referenced therein for their true and complete contents, terms and conditions. Further, the allegations of paragraph 92 of the complaint are conclusions of law to which no response is required.

19. Defendants deny the allegations of paragraph 93 of the complaint.

20. Defendants deny the allegations of paragraph 94 of the complaint as they allege a legal conclusion to which no response is necessary.

21. Defendants admit the allegations of paragraph 95 of the complaint.

22. Defendants deny the allegations of paragraph 96 of the complaint.

23. Defendants deny the allegations of paragraph 97 of the complaint, except that Defendants admit that Plaintiffs seek the relief alleged in this paragraph.

24. Each allegation not expressly either admitted or denied on information and belief by any defendant is expressly denied by that defendant.

## SECOND DEFENSE

Plaintiff Insurers' complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff Insurers have waived all of their insurance coverage defenses, including each and every coverage defense asserted in Paragraph 93 of the complaint.

### FOURTH DEFENSE

Plaintiff Insurers are estopped to deny coverage for the underlying asbestos claims.

### FIFTH DEFENSE

Plaintiff Insurers' claims are barred by the doctrine of laches.

### SIXTH DEFENSE

Plaintiff Insurers are barred from any equitable relief they seek by reason of their own unclean hands.

### SEVENTH DEFENSE

Plaintiff Insurers' claims, in whole or in part, are barred to the extent that Plaintiff Insurers have failed to comply with the terms and conditions of the umbrella and excess general liability insurance policies covering Pneumo Abex.

### EIGHTH DEFENSE

Plaintiff Insurers' claims are barred by Plaintiff Insurers' bad faith conduct toward Pneumo Abex and I.C. Industries.

### NINTH DEFENSE

Plaintiff Insurers' claims are barred for the reasons set forth in Defendants' counter-claims and cross-claims.

### TENTH DEFENSE

Plaintiff Insurers' claims are barred for their failure to join all necessary and indispensable parties to this action pursuant to Federal Rule of Civil Procedure 17(a).

### ELEVENTH DEFENSE

Plaintiff Insurers' claims are barred, in whole or in part, by their lack of capacity and standing to bring this lawsuit.

### TWELFTH DEFENSE

Plaintiffs Dominion and World Auxiliary's claims are barred by their lack of capacity and standing to bring this lawsuit pursuant to New York Business Corporations Law § 1312.

### COUNTER-CLAIMS AGAINST PLAINTIFFS CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, DOMINION INSURANCE COMPANY LTD., AND WORLD AUXILIARY INSURANCE CORPORATION LTD., AND CROSS-CLAIMS AGAINST CERTAIN INSURANCE COMPANY DEFENDANTS AND ALL NOMINAL DEFENDANTS BY DEFENDANTS PNEUMO ABEX CORPORATION, COOPER INDUSTRIES, INC., AND PEPSIAMERICAS, INC.

Defendants Pneumo Abex, Cooper, and PAS, for their counter-claims against Plaintiffs Certain Underwriters at Lloyd's, London, Dominion, and World Auxiliary, and their cross-claims against all insurance company defendants and all nominal defendants (collectively, the Plaintiff Insurers, insurance company defendants (except for those companies listed below as having come to agreement with Abex regarding how to honor their obligations to Abex), and all nominal defendants are hereinafter referred to as the "Insurance Companies"), hereby allege and state as follows:

1. This is an action for breach of contract and for a declaratory judgment pursuant to 28 U.S.C. § 2201, et seq. for the purposes of determining a question of actual controversy between Pneumo Abex and the Insurance Companies in construing the rights and obligations of the parties arising from contracts of umbrella and excess general liability insurance sold by the Insurance Companies in favor of Abex.

2. Pneumo Abex, as successor-in-interest to Abex Corporation (collectively "Abex"), with respect to the matters that are the subject of these counter-claims and cross-claims, has been named, and expects to continue to be named, as a defendant in tort claims brought by persons seeking damages for physical injury, bodily injury or wrongful death resulting from alleged exposure to asbestos or asbestos-containing products (the "Asbestos

Claims"). Substantial costs to defend the underlying Asbestos Claims have been incurred by or on behalf of Abex. In addition, in appropriate cases, Abex has settled and expects to settle certain Asbestos Claims with underlying plaintiffs, resulting in additional costs being incurred by or on behalf of Abex. While Abex denies any liability with respect to the Asbestos Claims, Abex recognizes the possibility that some of the Asbestos Claims may result in adjudications and judgments of liability for damages resulting from bodily injury, physical injury, or wrongful death.

3. PAS and Cooper, as net-of-insurance indemnitors of certain of the Asbestos Claims, assert rights to certain of the proceeds of the insurance covering Abex, and PAS also has other rights, including its rights as the successor in interest to IC Industries, an insured under policies issued by certain of the Insurance Companies.

4. The Insurance Companies that are the subject of these counter-claims and cross-claims are insurance companies, or the successors-in-interest of insurance companies, that issued umbrella general liability and excess general liability insurance policies covering Abex between August 8, 1952 and April 1, 1985. These counterclaims and cross-claims do not apply to (a) Defendants Allstate Insurance Company, as successor-in-interest to Northbrook Excess Surplus Insurance Company (formerly known as Northbrook Insurance Company) and Great American Surplus, both of which have agreed with Abex as to how they may perform their insurance obligations to Abex; (b) Defendants Argonaut Insurance Company and Travelers Casualty and Surety Company, whose insurance policies covering Abex are already at issue in <u>Abex v. Maryland Casualty Company</u>, as explained in paragraph 32 below, (c) Defendant Evanston Insurance Company, and (d) the primary and umbrella policies of National Union Fire Insurance Company of Pittsburgh, Pa., which are already at issue in <u>Abex v. Maryland Casualty Company</u>, as explained in paragraph 32 below.

5. The liability limits of the insurance policies covering Abex that underlie the umbrella liability and excess liability insurance policies issued by the Insurance Companies between August 8, 1952 and April 1, 1985 are either unavailable or are likely to become unavailable in the future. Defendants, therefore, seek a declaratory judgment that, upon the unavailability of the liability limits in immediately underlying insurance policies covering Abex, the Insurance Companies are obligated by the terms of their policies (a) to defend Abex against Asbestos Claims or to pay the costs of defending Abex against Asbestos Claims, and (b) to indemnify Abex for losses resulting from the Asbestos Claims.

6. Abex, Cooper, and PAS, as may be appropriate, also seek damages for certain Insurance Companies' breaches and anticipatory breaches of their contractual obligations (a) to defend Abex against past, pending and future Asbestos Claims, and/or to pay the costs of defending Abex against past, pending and future Asbestos Claims; and (b) to indemnify Abex for losses resulting from past, pending and future Asbestos Claims. As noted above, Abex, Cooper, and PAS do not seek damages against (a) Defendants Allstate Insurance Company, as successor-in-interest to Northbrook Excess Surplus Insurance Company (formerly known as Northbrook Insurance Company) and Great American Surplus, both of which have agreed with Abex as to how they may perform their insurance obligations to Abex; (b) Defendants Argonaut Insurance Company and Travelers Casualty and Surety Company, whose insurance policies covering Abex are already at issue in <u>Abex v. Maryland Casualty Company</u>, as explained in paragraph 32 below, (c) Defendant Evanston Insurance Company, and (d) the primary and umbrella policies of National Union Fire Insurance Company of Pittsburgh, Pa., which are already at issue in <u>Abex v. Maryland Casualty Company</u>, as explained in paragraph 32 below.

## THE IDENTITY OF THE PARTIES

10

7. Pneumo Abex is a corporation organized under the laws of the State of Delaware, with its principal place of business in Camden, New Jersey. Pneumo Abex is the corporate successor-in-interest to Abex Corporation, a dissolved corporation, with respect to the matters that are the subject of this complaint.

8. The company that eventually became Abex Corporation was founded in 1902 and was called at its founding the American Brake Shoe and Foundry Company. In 1943, the company name was shortened to The American Brake Shoe Company. In 1966, the company name was changed to Abex Corporation.

9. In 1968, the stock of Abex Corporation was acquired by Illinois Central Industries, Inc. and it became a wholly owned subsidiary. Illinois Central Industries, Inc. subsequently became known as IC Industries, Inc. ("IC Industries").

10. In 1988, IC Industries sold Abex Corporation to PA Holdings Corporation. In 1990, Abex Corporation was "rolled-up" into PA Holdings Corporation in a transaction designed to simplify the corporate structure. As part of that roll-up transaction, Abex Corporation was dissolved under Delaware law, and PA Holdings Corporation changed its name to Pneumo Abex Corporation. As a result, Pneumo Abex Corporation became the corporate successor-in-interest to the dissolved Abex Corporation with respect to the matters that are the subject of these counter-claims and cross-claims.

11. The Insurance Companies' umbrella and excess general liability insurance policies at issue in this action were issued to either (a) The American Brake Shoe Company/Abex Corporation, or (b) IC Industries, with Abex Corporation (a wholly-owned subsidiary of IC Industries) as an additional insured. As a result, Pneumo Abex, as the successor-in-interest to Abex Corporation with respect to the matters that are the

subject of this complaint, possesses all of Abex Corporation's rights under the umbrella and excess liability insurance policies at issue in these counter-claims and cross-claims.

12. Pneumo Abex Corporation, Abex Corporation and The American Brake Shoe Company are hereinafter referred to as "Abex."

13. Cooper has a net-of-insurance indemnification obligation to Pneumo Abex for certain Asbestos Claims, including certain claims filed after August 28, 1998.

14. PAS is a successor-in-interest to IC Industries and also has a net-of-insurance indemnification obligation to Pneumo Abex for certain Asbestos Claims, including claims filed prior to August 29, 1998.

15. Pursuant to a 1998 purchase and sale agreement between Cooper and Federal-Mogul Corporation ("Federal-Mogul"), Federal-Mogul acquired from Cooper the stock of an entity (now known as Federal-Mogul Products, Inc. and formerly known as Moog Automotive Inc.) that was the successor by merger to Wagner Electric Corporation, a party to a contract that provides net-of-insurance indemnification to Pneumo Abex for certain Asbestos Claims filed against Abex, including certain Asbestos Claims filed after August 28, 1998.

16. Federal-Mogul filed for chapter 11 bankruptcy on or about October 11, 2001, in the Bankruptcy Court for the United States District Court for the District of Delaware.

17. The Insurance Companies are either the liability insurance companies that issued umbrella or excess liability insurance policies to Abex and/or IC Industries or are the successors-in-interest to the liability insurance companies that issued umbrella or excess general liability insurance policies to Abex and/or IC Industries.

12

## JURISDICTION AND VENUE

18. The Insurance Companies have breached, or threatened to breach, insurance contracts with Abex and duties of good faith and fair dealing owed to Abex, causing great damage to Abex's lawful interests. In addition, the Insurance Companies generally have violated, or threatened to violate, their duties and obligations generally to Abex.

19. Defendants seek a declaratory judgment with respect to the parties' rights under the insurance contracts and the legal relations between Abex and the Insurance Companies. Defendants also seek to obtain the fullest legal relief possible, including money damages, for the Insurance Companies' breaches of contracts and other wrongs.

20. This Court has jurisdiction over each of the individual Insurance Companies because each of the Insurance Companies is or was licensed or permitted to do business in this jurisdiction, transacts or transacted business in this jurisdiction, and/or contracts or contracted to supply services in this jurisdiction, including the sale of general liability insurance policies.

21. In addition, certain of the general liability insurance policies, including those sold by Lloyd's, Dominion, World Auxiliary, the Nominal Defendants, and other Insurance Companies, contain, or "follow form" to policies that contain, provisions pursuant to which the insurer consents to submit, at the request of the insured, to the jurisdiction of any court of competent jurisdiction within the United States, and to comply with all requirements necessary to give such court jurisdiction, and to have all matters arising under their policies determined in accordance with the substantive law and practice of such court.

22. Venue is proper in the Southern District of New York because Abex has, at times relevant to this action, conducted business in the Southern District of New York, and

13

each of the Insurance Companies is presently, or has in the past, conducted business in or sold insurance to entities operating in the Southern District of New York. In addition, numerous claims for which insurance coverage is sought in this action are or were brought in the Southern District of New York.

23. In addition, some or all of the Defendants either already have requested or will request transfer of this matter to the Bankruptcy Court for the United States District Court for the District of Delaware and submit that that court is a proper venue for further determinations in this matter due to the pendancy of the Federal-Mogul bankruptcy in that court.

## FACTUAL BACKGROUND

24. Between August 8, 1952 and April 1, 1985, each Insurance Company issued at least one umbrella or excess general liability insurance policy providing broad insurance coverage to Abex.

25. Abex and/or IC Industries purchased umbrella and excess general liability insurance policies covering Abex between 1952 and 1985 as part of a comprehensive program of general liability insurance. The policy numbers and policy periods of the umbrella and excess general liability insurance covering Abex between August 8, 1952 and April 1, 1985 that are at issue in this action are listed by insurance company in Exhibit A to these counter-claims and cross-claims.

26. The umbrella general liability insurance policies issued by the Insurance Companies covering Abex generally provide coverage in two circumstances, depending on the terms of the policies. First, when an occurrence or bodily injury, physical injury, or wrongful death sustained by any person is covered by an underlying policy, the umbrella policies provide excess coverage for losses once the losses incurred by the insured reach the