level of the "attachment point" of the policy, or when the immediately underlying policy becomes unavailable to Abex. Second, in certain circumstances, when an occurrence or bodily injury, physical injury or wrongful death sustained by any person is not covered by the immediately underlying policy, the umbrella policies (and excess policies following form to that umbrella) provide coverage for the loss, once the losses incurred by the insured reach the level of the designated retained limit, if any.

27. The excess liability insurance policies issued by the Insurance Companies covering Abex provide coverage, depending on the terms of the policies, when the losses incurred by the insured reach the level of the "attachment point" of each policy, or when the immediately underlying policy becomes unavailable to Abex.

28. The Insurance Companies' umbrella and excess general liability insurance policies obligate the Insurance Companies to indemnify Abex for damages that Abex becomes legally obligated to pay to third parties, when there is bodily injury, physical injury, or wrongful death that happens during the policy period arising out of a covered occurrence, such as the underlying Asbestos Claims.

29. In addition, certain of the Insurance Companies' umbrella and excess general liability policies obligate the Insurance Companies to defend, or pay the costs of defending, Abex against third-party claims that are potentially covered under the policy, such as the underlying Asbestos Claims.

30. Since 1977, Abex has been served with claims and has been named as a defendant or co-defendant in thousands of Asbestos Claims filed in various federal and state courts across the United States. In those Asbestos Claims, the claimants have alleged bodily injury, sickness, disease, or wrongful death resulting from alleged exposure to asbestos or asbestos-containing materials. Claimants in these Asbestos Claims seek

15

substantial damages from Abex arising out of the alleged asbestos-related conditions. Abex anticipates that additional Asbestos Claims will be brought against Abex in the future.

31.  To date, many of these Asbestos Claims against Abex have been dismissed, with no payments made to the plaintiffs in those claims. Abex has entered into settlements in other Asbestos Claims. Substantial costs have been incurred by or on behalf of Abex to defend all of the Asbestos Claims. Substantial indemnity costs have been incurred by or on behalf of Abex in making settlement payments to plaintiffs in certain Asbestos Claims, and such indemnity costs may, in appropriate cases, continue to be incurred. While Abex denies any liability with respect to the Asbestos Claims, Abex recognizes the possibility that some of the Asbestos Claims may result in substantial indemnity costs as a result of judgments against Abex with respect to present and future Asbestos Claims. Thousands of Asbestos Claims remain pending against Abex as of the date of these counter-claims and cross-claims.

32.  Abex is currently a Plaintiff in <u>Pneumo Abex Corporation, et ano. v. Maryland Casualty Company, et al.</u>, Civil Action 82-2098, pending in the United States District Court for the District of Columbia ("<u>Abex v. Maryland Casualty</u>"). The defendants in <u>Abex v. Maryland Casualty</u> are the seven insurance companies that issued primary and umbrella general liability policies covering Abex that underlie the Insurance Companies' umbrella and excess policies at issue in these counter-claims and cross-claims. Those insurance companies, and the years of primary coverage at issue in <u>Abex v. Maryland Casualty</u>, are as follows:

| Primary Insurer Covering Abex | Years of Primary Coverage |
|---|---|
| Maryland Casualty Co. | 8/1/43 - 7/31/57 |
| Liberty Mutual Insurance Co. | 8/1/57 - 3/1/71 |
| The Travelers Indemnity Co. | 3/1/71 - 3/1/74 |

16

| Primary Insurer Covering Abex | Years of Primary Coverage |
|---|---|
| Argonaut Insurance Co. | 3/1/74 - 3/1/75 |
| Continental Insurance Co. | 3/1/75 - 3/1/78, 4/1/79 – 4/1/80 |
| Northwestern National Insurance Co. | 3/1/78 - 4/1/79 |
| National Union Fire Insurance Co. of Pittsburgh, Pa. | 4/1/80 - 4/1/85 |

Travelers, Argonaut, and National Union also issued the following umbrella policies covering Abex that are at issue in <u>Abex v. Maryland Casualty</u> and, thus, not at issue in these counter-claims and cross-claims:

| Insurer | Policy Number | Policy Period |
|---|---|---|
| The Travelers Indemnity Co. | T-CUP 957503-71 | 3/1/71 - 3/1/74 |
| Argonaut Insurance Co. | UL 90-308-006150 | 3/1/74 - 3/1/75 |
| National Union Fire Insurance Co. of Pittsburgh, Pa. | BE 133 89 72 | 4/1/83 - 4/1/85 |

33. After April 1, 1985, Abex was unable to obtain insurance coverage for liabilities arising out of bodily injury, physical injury, or wrongful death caused by exposure to asbestos.

34. As a result of payment of covered claims by certain of the primary insurance companies that are defendants in <u>Abex v. Maryland Casualty</u>, the applicable limits of certain primary insurance policies covering Abex (or of certain annual periods of such policies) issued by Maryland Casualty Company, Liberty Mutual Insurance Company, Travelers Indemnity Company, Argonaut Insurance Company, Continental Insurance Company, Northwestern National Insurance Company, and National Union Fire Insurance Company of Pittsburgh, Pa. have been exhausted. In addition, the limits of certain primary policies that are not yet exhausted have been substantially eroded by the payment of covered claims.

17

1487516 v4; VVRW04!.DOC

Abex avers that its losses may result in reaching the attachments points of all of the general liability insurance policies sold by the Insurance Companies herein.

35. Abex has been reimbursed by certain of its insurance companies, other than the Insurance Companies in this action, for portions of its defense costs and indemnity costs related to the Asbestos Claims. The amount in dispute claimed by Abex in <u>Abex v. Maryland Casualty</u>, if paid by Abex's primary insurers, will exhaust the underlying limits of the remaining primary and umbrella general liability policies covering Abex at issue in <u>Abex v. Maryland Casualty</u>, but may not be enough to satisfy all of the Asbestos Claims. As Abex is served with additional Asbestos Claims in the future, and continues to incur substantial defense and indemnity costs with respect to those Asbestos Claims, all of the remaining insurance policies at issue in <u>Abex v. Maryland Casualty</u> will become exhausted.

36. In addition, as a result of payment of covered claims by certain of the excess general liability insurance companies that are not defendants in <u>Abex v. Maryland Casualty</u>, the applicable limits of certain excess general liability insurance policies sold by Columbia Casualty Company, Continental Insurance Company, Continental Casualty Company, American Empire Surplus Lines Insurance Company (formerly known as Great American Surplus Lines Insurance Company), Southern American Insurance Company, and Allstate Insurance Company (as successor-in-interest to Northbrook Excess and Surplus Insurance Company and Northbrook Insurance Company) either have been exhausted or have been substantially eroded by the payment of covered claims.

37. The Insurance Companies currently have, or will have, contractual obligations to indemnify Abex and, in many instances, to defend Abex or to pay Abex's costs for defending the underlying Asbestos Claims.

18

38. All of the premiums for all of the policies sold by the Insurance Companies, and providing umbrella and excess general liability insurance coverage to Abex were paid.

39. Abex has provided timely notice to the Insurance Companies of the Asbestos Claims against it and otherwise complied with all conditions precedent to coverage for the Asbestos Claims.

40. Except for those companies listed above as having come to agreement with Abex regarding how to honor their obligations to Abex, all of the Insurance Companies either have ignored the notices of Asbestos Claims provided by Abex, or refused to honor their contractual obligations (a) to indemnify Abex, and (b) to defend Abex, or to pay the costs of defending Abex, against Asbestos Claims.

41. By ignoring Abex's notices of Asbestos Claims and/or refusing to recognize their contractual obligations to Abex in their responses to Abex's notices of Asbestos Claims, the Insurance Companies (except for those companies listed above as having come to agreement with Abex regarding how to honor their obligations to Abex) have breached, or threatened to breach, their contractual obligations to Abex. Consequently, an actual and justiciable claim exists as to all the Insurance Companies named in this action.

### FIRST CLAIM FOR RELIEF
### (FOR BREACH OF CONTRACT
### AGAINST THE INSURANCE COMPANIES)

42. Paragraphs 1 through 41 of these counter-claims and cross-claims are incorporated by reference as if fully set forth herein.

43. As a result of the Asbestos Claims, Abex has incurred, and will continue to incur, substantial legal liability, costs, and expenses.

19

1487516 v4; VVRW04!.DOC

44. Except for those companies listed above as having come to agreement with Abex regarding how to honor their obligations to Abex, each of the Insurance Companies has breached, or it is reasonably anticipated will breach, their obligations as set forth in the umbrella and excess general liability insurance policies covering Abex, by their failure and refusal to pay the total sums, up to the limits of their policies, that Abex became or will become obligated to pay by reason of legal liability and/or settlement, as well as costs and expenses, to the extent required by the applicable policies, for the Asbestos Claims.

45. As a direct and proximate result of their breaches of contract, the Insurance Companies (except for those companies listed above as having come to agreement with Abex regarding how to honor their obligations to Abex) have deprived Abex of the benefit of insurance coverage for which Abex and IC Industries paid substantial premiums.

### SECOND CLAIM FOR RELIEF
### (FOR DECLARATORY RELIEF
### AGAINST THE INSURANCE COMPANIES)

46. Paragraphs 1 through 41 of these counter-claims and cross-claims are incorporated by reference as if fully set forth herein.

47. The umbrella and excess general liability insurance policies sold by the Insurance Companies provide Abex with insurance coverage for liability arising from physical injury, bodily injury and wrongful death, including damages arising out of the Asbestos Claims.

48. The Insurance Companies are obligated by their umbrella and excess general liability insurance policies to pay in full the total sums, up to the limits of their policies, that Abex became, or will become obligated to pay, including damages and costs and expenses, as a result of the Asbestos Claims.

49. Except for those companies listed above as having come to agreement with Abex regarding how to honor their obligations to Abex, the Insurance Companies have refused, or threatened to refuse, to accept their legal obligations to pay in full, to the extent required by their applicable policies, the total sums that Abex legally is obligated to pay, including damages and costs and expenses, as a result of some or all of the Asbestos Claims.

50. As a result of the foregoing, an actual and justiciable controversy presently exists between Defendants and the Insurance Companies (except for those companies listed above as having come to agreement with Abex regarding how to honor their obligations to Abex) regarding the Insurance Companies' obligations to pay in full the total sums that Abex became or will become legally obligated to pay as a result of some or all of the Asbestos Claims.

### THIRD CLAIM FOR RELIEF
### (FOR BAD FAITH AGAINST HOME, LLOYD'S, DOMINION, WORLD AUXILIARY, AND ALL NOMINAL DEFENDANTS)

51. Paragraphs 1 through 50 of these counter-claims and cross-claims are incorporated by reference as if fully set forth herein.

52. In every contract, including contracts and policies of insurance, there is an implied obligation of good faith and fair dealing. This obligation exists in the insurance policies and contracts sold and subscribed to Abex by Home, Lloyd's, Dominion, World Auxiliary, and all Nominal Defendants. As longstanding insurers of Abex, Home, Lloyd's, Dominion, World Auxiliary, and all Nominal Defendants are: (i) obligated to treat Abex in good faith and to deal fairly and honestly with it in all matters relating to the insuring relationship; (ii) give as much consideration to Abex's interests as their own and not to place their interests above or ahead of the interests of Abex; (iii) handle Abex's claims in a

21

manner that does not prejudice Abex; (iv) defend Abex against the Asbestos Claims; and (v) pay Abex's Asbestos Claims.

53. At all times relevant, each of Home, Lloyd's, Dominion, World Auxiliary, and all Nominal Defendants have been engaged in the trade or business of selling comprehensive general liability insurance policies, including (without limitation) the umbrella and excess general liability at issue in these counter-claims and cross-claims, and in administering and handling claims thereunder.

54. At all times relevant hereto, each of Home, Lloyd's, Dominion, World Auxiliary, and all Nominal Defendants, owed to Abex a duty of good faith and fair dealing in investigating, reviewing and paying claims such at the Asbestos Claim referred to herein.

55. Notwithstanding that duty Home, Lloyd's, Dominion, World Auxiliary, and all Nominal Defendants, have consistently failed to act in good faith toward their policyholders and insureds (and assureds) having willfully and knowingly:

    a. Failed to provide a defense or to reimburse defense costs to Abex when potential liability under their policies became apparent;

    b. Failed to acknowledge and act reasonably promptly upon communication of the Asbestos Claims, and otherwise;

    c. Failed to maintain and utilize reasonable standards for the prompt investigation and processing of the Asbestos Claims;

    d. Failed to provide prompt or reasonable explanations for their coverage decisions concerning the Asbestos Claims;

    e. Failed to affirm, pay or agree to pay the Asbestos Claims within a reasonable time after receiving information that underlying coverage has been exhausted and their coverage obligations had been triggered;

1487516 v4; VVRW04!.DOC

f. Placed their interests above the interests of their insureds;

g. Otherwise failed or refused to perform known insuring obligations;

h. Unreasonably delayed their notifications, if any, to Abex concerning the disposition of claims, including whether they would be paid or denied;

i. Engaged in improper claims handling designed to prejudice Abex;

j. Unilaterally made "determinations" as to the scope of the duty to defend and/or indemnify under their policies benefiting Abex when such "determinations" were contrary to judicial precedent;

k. Failed to investigate Abex's claims properly; and

l. Failed to timely investigate and/or evaluate Abex's claims.

Each of Home, Lloyd's, Dominion, World Auxiliary, and all Nominal Defendants knew or should have known that their conduct alleged herein constituted unfair or deceptive acts or practices and bad faith.

56. As a direct and proximate result of these bad faith acts or practices, Abex, Cooper, and PAS, as may be appropriate, have sustained direct, indirect, consequential, special and compensatory damages in an amount according to proof at trial. Abex, Cooper, and PAS, as may be appropriate, are also entitled to all other indirect, consequential, special and exemplary damages provided for by law, including multiple damages, costs and attorneys' fees.

WHEREFORE, Abex, Cooper, and PAS demand judgments in their favor, as may be appropriate, and against the Insurance Companies as follows:

1. That Plaintiff Insurers take nothing by their Complaint and that the Complaint be dismissed with prejudice.

2. On the First Claim for Relief, that the Court enter a monetary judgment in favor of Abex, Cooper, and PAS, as may be appropriate, against each Insurance Company (except for those companies listed above as having come to agreement with Abex regarding how to honor their obligations to Abex), and award Abex, Cooper, and PAS, as may be appropriate:

    a. compensatory damages for each Insurance Company's past and anticipatory breaches of their insurance contracts in an amount to be determined at trial;

    b. pre-judgment and post-judgment interest on those amounts of defense costs and indemnity costs which each of the Insurance Companies wrongfully refused to pay Abex;

    c. all costs incurred in this action, including attorneys' fees; and

    d. such other and further relief as this Court may deem just and appropriate.

3. On the Second Claim for Relief, that the Court enter a declaratory judgment in favor of Abex, Cooper, and PAS, as may be appropriate, and against each Insurance Company, declaring that each Insurance Company is severally and indivisibly obligated (a) to defend Abex against Asbestos Claims or to pay the costs of defending Abex against Asbestos Claims upon the unavailability to Abex of the liability limits in insurance policies immediately underlying the Insurance Companies' policy or policies, or when the losses of Abex reach the attachment points of each of the insurance policies, and (b) to indemnify Abex for Asbestos Claims when each of the insurance policies attaches.

4. On the Third Claim for Relief, that the Court enter a monetary judgment in favor of Abex, Cooper, and PAS, as may be appropriate against Home, Lloyd's, Dominion, World Auxiliary, and all Nominal Defendants, including direct, indirect, consequential, special, compensatory, and exemplary damages, plus costs and attorneys' fees.

24

Dated: August 6, 2002         By:   /s/ Edward Tessler
                                    Jerold Oshinsky, Esq. (No. JO-2080)
                                    Edward Tessler, Esq. (No. ET-4503)
                                    DICKSTEIN SHAPIRO MORIN &
                                      OSHINSKY LLP
                                    1177 Avenue of the Americas
                                    New York, NY 10036-2714
                                    Phone: (212) 835-1400

                                    -and-

                                    Mark H. Kolman, Esq.
                                    Andrew J. McFarland, Esq.
                                    Bridget A. Healy, Esq. (No. BH-8147)
                                    DICKSTEIN SHAPIRO MORIN &
                                      OSHINSKY LLP
                                    2101 L Street, NW
                                    Washington, DC 20037-1526
                                    Phone: (202) 785-9700

                                    COUNSEL FOR DEFENDANT
                                      PNEUMO ABEX CORPORATION


Dated: August 6, 2002         By:   /s/ Edward Tessler
                                    Jerold Oshinsky, Esq. (No. JO-2080)
                                    Edward Tessler, Esq. (No. ET-4503)
                                    DICKSTEIN SHAPIRO MORIN &
                                      OSHINSKY LLP
                                    1177 Avenue of the Americas
                                    New York, NY 10036-2714
                                    Phone: (212) 835-1400

                                    -and-

                                    Mark H. Kolman, Esq.
                                    Andrew J. McFarland, Esq.
                                    Bridget A. Healy, Esq. (No. BH-8147)
                                    DICKSTEIN SHAPIRO MORIN &
                                      OSHINSKY LLP
                                    2101 L Street, NW
                                    Washington, DC 20037-1526
                                    Phone: (202) 785-9700

                                    COUNSEL FOR DEFENDANT
                                      COOPER INDUSTRIES, INC.

1487516 v4; VVRW04!.DOC

Dated: August 6, 2002          By:   /s/ Richard A. Williamson
                                     Richard A. Williamson, Esq.
                                     Flemming, Zulack & Williamson, LLP
                                     One Liberty Plaza
                                     New York, NY 10006-1404
                                     Phone: 212-412-9500

                                     -and-

                                     David W. Steuber, Esq.
                                     Howrey Simon Arnold & White LLP
                                     550 South Hope Street
                                     Suite 1400
                                     Los Angeles, CA 90071

                                     COUNSEL FOR DEFENDANT
                                        PEPSIAMERICAS, INC.

26

**EXHIBIT A**

| EXCESS CARRIER | POLICY PERIOD | POLICY # |
|---|---|---|
| AIG | 4/1/81 – 4/1/82 | Unknown |
| AIU | 4/1/80-4/1/81 | 75101664 |
| AIU | 4/1/81-4/1/82 | 75101576 |
| AIU | 4/1/82-4/1/83 | 75100914 |
| AIU | 4/1/82-4/1/83 | 75100915 |
| AIU | 4/1/83-4/1/84 | 75103526 |
| AIU | 4/1/84-4/1/85 | 75103593 |
| Allianz Underwriters, Inc. | 4/1/82-4/1/83 | AUX5201403 |
| American Home | 3/1/73-3/1/74 | CE 2749634 |
| American Home | 3/1/74-3/1/76 | CE 2749634 |
| American Re | 8/1/62 – 8/1/68 | M 5124-0001 |
| American Re | 8/1/68 – 8/1/71 | M 0085282 |
| American Re | 3/1/71 – 3/1/74 | M 0372960 |
| American Re | 3/1/73-3/1/74 | Unknown |
| American Re | 3/1/74 – 3/30/75 | M 1029033 |
| American Re | 3/1/75-3/1/76 | M 1029033 |
| American Re | 3/1/76-3/1/77 | M 1029033 |
| American Re | 3/1/74-3/1/75 | Unknown |
| American Re | 3/1/75-3/30/76 | Unknown |
| American Re | 3/30/76-3/1/77 | M 1029685 |
| Associated International | 3/1/79-3/1/80 | AEL00139C |
| Associated International | 4/1/80-4/1/81 | AEL00365C |
| Associated International | 4/1/81-4/1/82 | AEL00568C |
| California Union | 4/1/82-4/1/83 | ZCX006198 |
| California Union | 4/1/83-4/1/84 | ZCX006519 |
| California Union | 4/1/84-4/1/85 | ZCX007098 |
| Chubb (Federal) | 4/1/80-4/1/81 | 79223250 |

| EXCESS CARRIER | POLICY PERIOD | POLICY # |
|---|---|---|
| Chubb (Federal) | 4/1/81-4/1/82 | 79226250 |
| Chubb (Federal) | 4/1/81-4/1/82 | 79226302 |
| Columbia Casualty | 3/1/71-3/1/74 | RDX 018084738 |
| Columbia Casualty | 3/1/73-3/1/74 | RDX 01808S146 |
| Columbia Casualty | 3/1/73-3/1/74 | Unknown |
| Columbia Casualty | 3/1/74-3/1/77 | RDX 01808S358 |
| Columbia Casualty | 3/1/74-3/1/75 | Unknown |
| Columbia Casualty | 3/1/74-3/30/76 | RDX 01808S146 |
| Columbia Casualty | 3/1/75-3/30/76 | Unknown |
| Columbia Casualty | 3/30/76-3/1/77 | RDX 1864061 |
| Columbia Casualty | 3/1/77-3/1/78 | RDX 3652042 |
| Columbia Casualty | 3/1/78-3/1/79 | RDX 3652763 |
| Columbia Casualty | 4/1/83-4/1/84 | RDX 9176293 |
| Columbia Casualty | 4/1/84-4/1/85 | RDX 9176293 |
| Continental Casualty | 3/1/71 – 3/1/74 | RDX 0128084738 |
| Continental Casualty | 3/1/74 – 3/1/77 | RDX 0128085358 |
| Continental Casualty | 3/1/73-3/1/75 | RDX 18085146 |
| Continental Casualty | 3/1/75-3/30/76 | RDX 18085146 |
| Continental Casualty | 4/1/81-4/1/82 | SRX 2153492 |
| Continental Casualty | 4/1/81-4/1/82 | SRX 2153493 |
| Continental Casualty | 4/1/83-4/1/84 | SRX 1891303 |
| Continental Casualty | 4/1/82-4/1/83 | SRX 316910 |
| Employers Mutual | 4/1/81-4/1/82 | MMMW72004 |
| Falcon | 4/1/82-4/1/83 | S1600355 |
| Fireman's Fund | 4/1/81-4/1/82 | XLX 1436393 |
| Fireman's Fund | 4/1/81-4/1/82 | XLX K136392 |
| First State | 3/1/77-3/1/78 | 923956 |
| First State | 4/1/79-4/1/80 | 927358 |
| First State | 4/1/80-4/1/81 | 928074 |
| First State | 4/1/81-4/1/82 | 931542 |

-2-

1440446 v4; %VG#04!.DOC

| EXCESS CARRIER | POLICY PERIOD | POLICY # |
|---|---|---|
| First State | 4/1/83 - 4/1/84 | 932742 |
| First State | 4/1/84 - 4/1/85 | 932758 |
| Gibraltar | 4/1/81-4/1/82 | GMX01140 |
| Gibraltar | 4/1/82-4/1/83 | GMX01616 |
| Gibraltar | 4/1/82-4/1/83 | GMX01617 |
| Gibraltar | 4/1/83-4/1/84 | GMX02171 |
| Granite State | 3/1/79-4/1/80 | 66791112 |
| Granite State | 4/1/80-4/1/81 | 66802037 |
| Granite State | 4/1/81-4/1/82 | 66812384 |
| Granite State | 4/1/82-4/1/83 | 66823237 |
| Granite State | 4/1/83-4/1/84 | 66833987 |
| Granite State | 4/1/84-4/1/85 | 66844645 |
| Harbor | 3/1/77 - 3/1/78 | 127402 |
| Harbor | 3/1/78-3/1/79 | 127550 |
| Harbor | 4/1/79-4/1/80 | 134739 |
| Harbor | 4/1/80-4/1/81 | 134886 |
| Harbor | 4/1/81-4/1/82 | HI 149649 |
| Harbor | 4/1/84-4/1/85 | HI 180130 |
| Highlands | 4/1/81-4/1/82 | SR40672 |
| Highlands | 4/1/82-4/1/83 | SR40836 |
| Highlands | 4/1/83-4/1/84 | SR41027 |
| Highlands | 4/1/84-4/1/85 | SR41283 |
| Highlands | 4/1/84-4/1/85 | SR41027 |
| Home | 8/1/62 - 7/31/65 | Unknown |
| Home | 8/1/65 - 8/1/68 | HEC 9 54 44 09 |
| Home | 8/1/68 - 8/1/71 | HEC 9 64 61 67 |
| Hudson | 4/1/83-4/1/84 | HC00892 |
| Insurance Co. of the State of PA | 3/1/77-3/1/78 | 41777632 |
| International Ins. Co. | 4/1/80-4/1/81 | 5220182538 |
| Lloyd's & London Market Companies | 8/8/52 - 8/8/53 | KJ4050 |

-3-

1440446 v4; %VG#04!.DOC

| EXCESS CARRIER | POLICY PERIOD | POLICY # |
|---|---|---|
| Lloyd's & London Market Companies | 8/8/53 – 8/8/54 | K19499 |
| Lloyd's & London Market Companies | 8/8/54 – 8/8/55 | K26013 |
| Lloyd's & London Market Companies | 8/8/55 – 8/8/56 | K32675 |
| Lloyd's & London Market Companies | 9/13/55 – 9/13/56 | K34251 |
| Lloyd's & London Market Companies | 8/8/56 – 8/8/57 | K38374 |
| Lloyd's & London Market Companies | 9/13/56 – 9/13/57 | K38906 |
| Lloyd's & London Market Companies | 8/8/57 – 8/8/58 | K45478 |
| Lloyd's & London Market Companies | 9/13/57 – 9/13/58 | K45479 |
| Lloyd's & London Market Companies | 8/8/58 – 8/1/59 | K51515 |
| Lloyd's & London Market Companies | 9/13/58 – 8/1/59 | K51514 |
| Lloyd's & London Market Companies | 8/1/59 – 8/1/62 | C59/5380 |
| Lloyd's & London Market Companies | 11/16/59 – 8/1/62 | 60/5836 |
| Lloyd's & London Market Companies | 11/16/59 – 8/1/62 | Unknown |
| Lloyd's & London Market Companies | 1/5/79 – 4/1/80 | 881 ULL 0122 |
| Lloyd's & London Market Companies | 4/1/79 – 4/1/80 | 881 ULL 0561 |
| Lloyd's & London Market Companies | 4/1/80 – 4/1/81 | 551 UMA 0205 |
| Lloyd's & London Market Companies | 4/1/80 – 4/1/81 | 551 UMA 0206 |
| Lloyd's & London Market Companies | 4/1/80 – 4/1/81 | 551 UMA 0207 |
| Lloyd's & London Market Companies | 4/1/81 – 4/1/82 | 551 UNA 0164 |
| Lloyd's & London Market Companies | 4/1/81 – 4/1/82 | 551 UNA 0165 |
| Lloyd's & London Market Companies | 4/1/81 – 4/1/82 | 551 UNA 0166 |
| Lloyd's & London Market Companies | 4/1/82 – 4/1/83 | 551 UPA 0115 |
| Lloyd's & London Market Companies | 4/1/82 – 4/1/83 | 551 UPA 0116 |
| Lloyd's & London Market Companies | 4/1/83 – 4/1/86 | 551 UQA 0087 |
| Lloyd's & London Market Companies | 4/1/83 – 4/1/84 | 551 UQA 0088 |
| Lloyd's & London Market Companies | 4/1/83 – 4/1/84 | 551 UQA 0089 |
| Lloyd's & London Market Companies | 4/1/83 – 4/1/84 | Unknown |
| Lloyd's & London Market Companies | 4/1/84 – 4/1/85 | 551 URA 0059 |
| Lloyd's & London Market Companies | 4/1/84 – 4/1/85 | 551 URA 0060 |
| National Surety | 4/1/80 – 4/1/81 | XLX1366406 |

-4-

1440446 v4; %VG#04!.DOC

| EXCESS CARRIER | POLICY PERIOD | POLICY # |
|---|---|---|
| National Surety | 4/1/82-4/1/83 | XLX1483438 |
| National Surety | 4/1/83-4/1/84 | XLX1530075 |
| National Surety | 4/1/84-4/1/85 | XLX1686098 |
| New Hampshire | 3/1/78-3/1/79 | 56780901 |
| Stonewall | 3/1/75 – 3/30/76 | 35000137 |
| Stonewall | 3/30/76 – 3/1/77 | 35000585 |
| Travelers | 3/1/71 – 3/1/74 | TCUP9750371 |

-5-