UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WHITMAN INSURANCE COMPANY, LTD.,

Plaintiffs,

vs.

TRAVELERS INDEMNITY COMPANY, et. al.,

Defendants.

Case No.: 05-01125

Judge John Garrett Penn

**CERTAIN INSURERS' MOTION FOR AN EXPEDITED RULING REGARDING AN EXTENSION OF TIME TO FILE A RESPONSE TO PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON THE TRIGGER OF COVERAGE ISSUE AND THE NUMBER OF OCCURRENCES ISSUE**

Defendants Certain Underwriters at Lloyd's, London and Certain London Market Companies ("London Market Insurers"), pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, hereby move this Court for an Order granting them, and the defendants identified in footnote 1, an extension of time in which to file a response to Plaintiff Whitman Insurance Company, Ltd.'s ("Whitman") motions for partial summary judgment on the trigger of coverage issue and the number-of-occurrences issue.[1]  This motion is made on an expedited basis because Whitman's motions for partial summary judgment are returnable on November 30, 2005.  Defendants request that the Court grant

---

[1] Allianz Underwriters Insurance Company, American Re-Insurance Company, Century Indemnity Company as successor in interest to named Defendant California Union Insurance Company, Employer's Mutual Casualty, Fireman's Fund Insurance Company, Federal Insurance Company, First State Insurance Company, Mt. McKinley Insurance Company, National Surety Corporation, Northern Assurance Company of America ("NOAC") as successor in interest to certain insurance liabilities of named Defendant Falcon Insurance Company, TIG Insurance Company, Travelers Casualty and Surety Company, Stonewall Insurance Company .

them an enlargement of time until after orders are filed by the Court with respect to the pending motions to dismiss within which to respond to plaintiff's motions for partial summary judgment on the trigger of coverage issue and the number of occurrences issue.

Defendants request that the Court grant an enlargement of time for the filing of opposition papers because many of the defendants have filed pre-answer motions to dismiss the plaintiff's Amended Complaint on jurisdictional grounds.  Specifically, the London Market Insurers have filed a motion which seeks dismissal of the plaintiff's complaint on the following grounds:  1) pursuant to *Fed. R. Civ. P. 12 (b) (1)* the Court lacks subject matter jurisdiction because the jurisdictional amount in controversy requirement has not been met; 2) pursuant to *Fed. R. Civ. P. 12 (b) (1)* the Court lacks subject matter jurisdiction due to a lack of diversity; 3) the named plaintiff is not a real party in interest as required under *Fed. R. Civ. P. 17(a),* and there is no case or controversy between Plaintiff and these defendants; and, 4) the court should abstain from exercising jurisdiction due to the existence of the prior action filed in New York state court. The Defendants request an enlargement of time in which to file their opposition to plaintiff's motions for summary judgment because the jurisdictional issues should be resolved before the parties undergo the burden and expense of responding to premature summary judgment briefs.

## Procedural History

On June 7, 2005, Whitman filed a Complaint for declaratory judgment against the defendants. On July 14, 2005, Whitman filed motions for partial summary judgment on the trigger of coverage and number of occurrences issues.  After First State Insurance Company ("First State") filed a motion to dismiss, Whitman filed an Amended

Complaint on July 29, 2005, in an attempt to avoid the jurisdictional issues raised in First State's motion to dismiss and which they were otherwise made aware of in the pending case in New York. Whitman never re-filed the motions for summary judgment. To date, no discovery has taken place and, with the exception of a small handful, all the defendants filed motions to dismiss the Amended Complaint.

On August 11, 2005, Whitman and the Defendants entered into a stipulation concerning the briefing of the various motions in the *Whitman* action. Pursuant to the stipulation, the defendants' motions to dismiss were to be filed on or before September 16, 2005. Whitman was required to file its opposition to the motions to dismiss on or before October 17, 2005, and the defendants were required to file their reply papers on or before October 31, 2005. The defendants' motions to dismiss and the reply papers were filed in accordance with the stipulation. Pursuant to the stipulation, opposition to the motions for summary judgment was required to be filed on or before November 30, 2005. A copy of the stipulation is annexed hereto as Exhibit "A".

### Argument

The Defendants' time in which to file opposition to Whitman's motions for partial summary judgment should be enlarged as to all defendants pending the Court's decision on the motions to dismiss. The London Market Insurers and the vast majority of other defendants dispute that this court has jurisdiction and they have made the absence of subject matter jurisdiction a basis for their motion to dismiss. The Court should not consider the issues raised in Whitman's motions for partial summary judgment until the motions to dismiss have been decided. Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, the London Market Insurers' request that the Court grant all defendants

an enlargement of time to respond to plaintiff's motions for partial summary judgment on the trigger of coverage issue and the number of occurrences issue until after all orders are filed by this Court with respect to the pending motions to dismiss.

The Court has discretion under Rule 6(b) of the Federal Rules of Civil Procedure to grant a motion for enlargement of time. It is well settled that subject matter jurisdiction must be established before a federal court may proceed to address the merits. *Galvan v. Federal Prison Indus., Inc.*, 199 F.3d 461, 463 (D.C. Cir. 1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998)). "[B]oth expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of [subject matter jurisdiction] first." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999).

In the instant case, the Court should exercise its discretion to grant the defendants an enlargement of time in which to oppose plaintiff's motions for partial summary judgment. Were the Court to entertain the motions for summary judgment before the jurisdictional issues were resolved, it would risk granting summary judgment with respect to parties over whom it does not have jurisdiction.

Counsel for London Market Insurers has conferred with counsel for plaintiff in a good faith effort to avoid the necessity of motion practice. However, plaintiff's counsel advised that he will not consent to an enlargement of time in which to file oppositions to plaintiff's motions for partial summary judgment.

WHEREFORE, these defendants respectfully request that the Court:

(1)    Grant Certain Defendants' Motion for an Expedited Ruling Regarding an Extension of Time to file a Response to Whitman's Motion for Partial Summary

Judgment on the Trigger-of-Coverage Issue and Plaintiff's Motion for Partial Summary Judgment on the Number-of-Occurrences Issue, and

(2)  Order that Defendants' time within which to respond to plaintiff's motions for partial summary judgment on the trigger of coverage issue and the number of occurrences issue is enlarged until after the Court has filed orders with respect to the pending motions to dismiss.  In the event the motions to dismiss are denied, the Court will set a schedule for filing responses to Whitman's partial motions for summary judgment.

                    Respectfully Submitted,

*/s/ Michael J. Zoeller*

Martin Baach, No. 210377
Michael J. Zoeller, No. 426476
Baach Robinson & Lewis PLLC
Attorneys for Defendants
Certain Underwriters at Lloyd's, London
and Certain London Market Companies
1201 F Street, NW, Suite 500
Washington, D.C.  2004
(Tel) 202-833-8900
(Fax) 202-466-5738

November 18, 2005

*Of Counsel*:
    Eileen T. McCabe, Esq.
    Alexander J. Mueller, Esq.
    MENDES & MOUNT, LLP
    Attorneys for Defendants
    Certain Underwriters at Lloyd's, London
    750 Seventh Avenue
    New York, New York 10019-6829
    (212) 261-8000 (telephone)
    (212) 261-8750 (facsimile)

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that, on November 18, 2005, he caused true and correct copies of the foregoing Certain Defendants' Motion for an Expedited Ruling Regarding an Extension of Time to file a Response to Whitman's Motion for Partial Summary Judgment on the Trigger-of-Coverage Issue and Plaintiff's Motion for Partial Summary Judgment on the Number-of-Occurrences Issue, to be served upon counsel listed on the Notice of Electronic Filing, by electronic notification pursuant to Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure and Local Civil Rule 5.4(d), and by first-class mail, postage prepaid, upon:

| Travelers Indemnity Company | Barry R. Ostrager<br>Jonathan K. Youngwood<br>Simpson, Thatcher & Bartlett<br>425 Lexington Avenue<br>New York, NY 10017-3909 |
|---|---|

       /s/ Michael J. Zoeller
       Michael J. Zoeller, No. 426476
       BAACH ROBINSON & LEWIS PLLC
       1201 F Street, NW, #500
       Washington, DC  20004
       (202) 659-7217
       Fax:  (202) 466-5738

       *Attorneys for Certain Underwriters at*
       *Lloyd's, London and Certain London*
       *Market Companies*