# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WHITMAN INSURANCE COMPANY, LTD.,** *Plaintiff*, v. **TRAVELERS INDEMNITY COMPANY,** *et al.*, *Defendants*. | Civil Action No. 1:05-CV-1125 John Garrett Penn, Judge Related Case: 82-CV-2098 |

### PLAINTIFF'S OPPOSITION TO CERTAIN DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON OCCURRENCE AND TRIGGER-OF-COVERAGE

A number of defendants, led by Certain Underwriters at Lloyd's and Certain London Market Companies ("London Market Insurers"), filed a motion for an "expedited ruling" to delay *indefinitely* the time for defendants to respond to plaintiff's motions on occurrence and trigger-of-coverage, which were filed with this Court on July 14, 2005. Defendants' motion contravenes the agreed briefing schedule negotiated and stipulated to by the parties. At the request of defendants, plaintiff entered into a stipulation with defendants on August 11, 2005 (annexed hereto at Tab A) that gave defendants to and including November 30, 2005 to respond to plaintiff's motions. Now, despite having had more than three *additional* months to prepare their responses, defendants have requested an eleventh-hour "expedited ruling" that would allow defendants a further *unlimited* enlargement of time.

The motion should be denied for three principal reasons:

1. The defendants have had more than three months since the stipulation was filed to prepare their briefs. They do not contend that they have had insufficient time or that other

commitments prevent them from meeting the deadline. Indeed, defendants offer no justification or "cause" for their requested extension that could not have been offered months ago. Expedited treatment was unnecessary, is un-called for, and should be denied.

2.      The November 30 due date was part of a comprehensive stipulated schedule for the briefing of all motions pending at the time, including the defendants' motions to dismiss. Whitman Insurance filed its opposition to the motions to dismiss on October 17 as provided in the stipulation. Defendants should not be permitted to go back on their agreement now that Whitman Insurance has performed its part of the bargain.

3.      The subject matter of this coverage dispute has been pending in this Court since 1982. These defendants themselves sued in New York to resolve coverage issues. These defendants are running away from this Court and now trying to avoid the merits of a controversy they ignited. Defendants will have to address these core issues at some point. They have had sufficient time to formulate their arguments and should be required to make them without further delay.

I.      **Three Months Ago, These Defendants Entered into a Stipulation with Plaintiff Agreeing to File Their Responses to Plaintiff's Summary Judgment Motions on November 30, 2005.**

On August 11, 2005, the parties entered into a comprehensive stipulation establishing a briefing schedule for both defendants' motions to dismiss and plaintiff's motions for summary judgment. Pursuant to that stipulation, plaintiff allowed defendants more than *three months* to respond to the pending summary judgment motions, and defendants *agreed* to file such responses on November 30, 2005. Nothing has changed since August 11, 2005, except that, now that the motions to dismiss have been briefed, defendants want out of their side of the stipulation. Not only do they want to be relieved of the fast-approaching deadline, they will not even commit to a

future deadline, thus, in essence, requesting an unlimited enlargement of time. This is nonsense.

An enlargement of time requires "good cause." Here, there is "bad faith," not "good cause." It is now crystal clear that defendants never intended to abide by their stipulation, since there are no recent developments or new circumstances that were unknown at the time of entering into the stipulation with plaintiff. Defendants have not and cannot demonstrate "good cause." Rather, their sole purpose in requesting an extension appears to be to delay proceedings in this case so that they can argue to the New York state court that this litigation is still in its infancy. The Court should not permit such procedural maneuvering.

## II.     There Is No Basis for "Expedited" Treatment.

Nor is there any basis for the requested "expedited" treatment. Nothing has changed since the stipulation was filed that would justify the requested extension. Indeed, it is clear that defendants knew in August that they were going to request an indefinite extension. Apparently, they hoped to achieve some tactical advantage by waiting to make that request to the Court until after briefing on the motions to dismiss was completed. The Court should decline to play the pawn in defendants' procedural game.

There is simply no basis for defendants' belated request for an "expedited ruling" for an *unlimited* extension of time. All the arguments defendants make in their request for an expedited ruling could have been made months ago. Defendants cite to no intervening events or changed conditions since they agreed to file their responses on November 30, 2005, and they provide no explanation for why they waited so long to request a further *indefinite* extension that an *expedited ruling* became necessary. Defendants should be required to comply with their August 11, 2005 agreement.

### III. Defendants Should Not Be Permitted to Further Delay Resolution of Basic Coverage Issues by This Court.

Finally, the Court should deny defendants' motion for an extension of time because it is merely another attempt to delay resolution of the trigger-of-coverage and "occurrence" issues that lie at the center of this case. Lloyd's, in particular, has been in breach of its coverage obligations for the Abex asbestos suits since at least June 1, 2000, and presently owes approximately $40 million. Insurers like Whitman Insurance, that are honoring their insuring obligations, are being harmed by Lloyd's disregard for its contractual obligations. Defendants' request for an unlimited extension thus must be viewed together with defendants' overall goal of avoiding their coverage obligations, including their obligations to pay for losses covered by Whitman Insurance.

Defendants argue that an enlargement of time is necessary to avoid the "burden and expense of responding to premature summary judgment briefs." Defendants' Motion at 2. But whether or not the Court grants defendants' motions to dismiss, this case will continue in some jurisdiction, and defendants will have to respond to the arguments on the two core issues in plaintiff's motions for summary judgment. Consequently, regardless of how the Court rules on the motions to dismiss, defendants cannot avoid addressing these issues.

Defendants also argue that, "were the Court to entertain the motions for summary judgment before the jurisdictional issues were resolved, it would risk granting summary judgment with respect to parties over whom it does not have jurisdiction." Defendants' Motion at 4. This argument is entirely without merit. There is no reason why the summary judgment motions cannot be *briefed* before the Court *rules* on the motions to dismiss or stay. That way, if the Court denies defendants' motions to dismiss, as Plaintiff has demonstrated it should do, the Court could rule immediately on Plaintiff's motions for summary judgment, thereby effectively

- 4 -

and expeditiously resolving key issues in this case, and avoiding further unnecessary delay.

## **CONCLUSION**

Defendants have waited until the eleventh hour to ask for an "expedited" ruling that would allow them to avoid their earlier agreement to file a response to plaintiff's motions for summary judgment and to delay indefinitely any clear resolution of the core issues underlying this case. The delay that defendants seek serves no purpose, but is merely more procedural maneuvering meant to drag out this litigation indefinitely. Accordingly, defendants' motion should be denied.

Respectfully submitted,

Dated: November 22, 2005

Daniel E. Chefitz (D.C. Bar No. 481420)
Brooke Clagett (D.C. Bar No. 460570)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone:    202.739.3000
Facsimile:     202.739.3001
*Attorneys for Plaintiff*
*Whitman Insurance Company, Ltd.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of November, 2005, a copy of the foregoing "PLAINTIFF'S OPPOSITION TO CERTAIN DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON OCCURRENCE AND TRIGGER-OF-COVERAGE" was served by electronic filing on counsel listed on the Notice of Electronic Filing, and by first-class mail, postage prepaid, addressed to the following persons:

| Company Representing | Name of Counsel |
| --- | --- |
| Travelers Indemnity Company | Barry R. Ostrager, Esq.<br>Jonathan K. Youngwood, Esq.<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017-3909 |

Daniel E. Chefitz, D.C. Bar No. 481420