# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WHITMAN INSURANCE COMPANY, LTD.<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELERS INDEMNITY COMPANY, et. al.,<br><br>Defendants. | CIVIL ACTION NO.: 05-1125 (JGP) |

## LONDON MARKET INSURERS' REPLY TO PLAINTIFF'S OPPOSITION TO CERTAIN DEFENDANTS' MOTION FOR AN EXTENSION OF TIME

Defendants, Certain Underwriters at Lloyd's, London and certain London Market Companies (hereinafter collectively referred to as "London Market Insurers") submit this brief reply to Plaintiff's Opposition to Certain Defendants' Motion for an Extension of Time. London Market Insurers feel compelled to respond to Plaintiff's bold-face allegations regarding the "bad faith" allegedly behind their request for an extension of time to respond to the summary judgment motions Plaintiff filed in this five-month old case. The procedural posture of this case, not a hidden agenda, necessitated the stipulation entered by the parties. Simply put, Defendants challenge the Court's subject matter jurisdiction and Plaintiff refuses to postpone briefing on the merits despite the fact that a jurisdictional ruling from the Court in favor of Defendants would obviate *any* need for this Court to address Plaintiff's motions. As such, Defendants agreed to submit their responses to these motions on a date as far away in the future as Plaintiffs would agree to, fully expecting that a ruling from the Court on the jurisdictional issue was, and is, imminent.

Second, it is apparent that Defendants are not asking for an "unlimited" amount of time to respond to Plaintiff's motions but simply requesting a logical order of briefing. London Market Insurers are not in a position to take lightly the costs and expenses associated with summary judgment motions on core issues in this case and were one of several Defendants who requested a ruling on the extension of time on an expedited basis given the timing of these different motions.

Last, while London Market Insurers deny all the allegations in Section III of Plaintiff's Opposition, including Plaintiff's claim that London Market Insurers owe any entity a sum of $40 million, London Market Insurers further note that the claims Plaintiff made in this section of its Opposition comprise the very issues over which London Market Insurers respectfully contend this Court has no jurisdiction. As such, London Market Insurers are in no position to brief these issues given the jurisdictional challenge they have made and, in light of the pending outcome of this issue, continue to firmly believe that it would be a waste of litigants' and the judiciary's resources to address Plaintiff's summary judgment motions now.

Moreover, London Market Insurers filed the litigation in New York in 2002. Cooper, supported by PepsiAmericas and Pneumo Abex, promptly removed the action to the federal bankruptcy court in New York, which in turn transferred it to the U.S. District Court for the Southern District of New York. For three years, PepsiAmericas, Cooper, and Pneumo Abex told the New York Federal Court that, as a result of certain corporate transactions, the New York coverage litigation was "related to" the Federal Mogul bankruptcy proceedings and should accordingly be transferred to the Federal Mogul bankruptcy. It was only after Judge Preska of the U.S. District Court for the Southern District of New York issued an order on May 1, 2005 denying their motion and remanding the coverage litigation back to the New York State court

that Whitman Insurance Company filed this action.  Whitman filed motions for summary judgment on key coverage issues before any Answers were filed here and with the knowledge that these defendants were filing a motion to dismiss this litigation based on lack of jurisdiction. Whitman filed the summary judgment motions solely so that they could argue to the New York Court that this Court was already addressing substantive issues.

WHEREFORE, London Market Insurers request that this Court grant the relief requested in Certain Insurers' Motion for an Expedited Ruling Regarding an Extension of Time to File a Response to Plaintiff's Motions for Partial Summary Judgment on the Trigger of Coverage Issues and the Number of Occurrences Issue, dated November 18, 2005.

Respectfully Submitted,

*/s/ Michael J. Zoeller*

November 23, 2005

Martin Baach, No. 210377
Michael J. Zoeller, No. 426476
Baach Robinson & Lewis PLLC
Attorneys for Defendants
Certain Underwriters at Lloyd's, London
and Certain London Market Companies
1201 F Street, NW, Suite 500
Washington, D.C. 2004
(Tel) 202-833-8900
(Fax) 202-466-5738

*Of Counsel*:
Eileen T. McCabe, Esq.
Anna R. Newsom, Esq.
Alexander J. Mueller, Esq.
MENDES & MOUNT, LLP
Attorneys for Defendants
Certain Underwriters at Lloyd's, London
750 Seventh Avenue
New York, New York 10019-6829
(212) 261-8000 (telephone)
(212) 261-8750 (facsimile)

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that, on November 23, 2005, he caused a true and correct copy of the foregoing London Market Insurers' Reply to Plaintiff's Opposition to Certain Defendants' Motion for an Extension of Time, to be served upon counsel listed on the Notice of Electronic Filing, by electronic notification pursuant to Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure and Local Civil Rule 5.4(d), and by first-class mail, postage prepaid, upon:

| | |
|---|---|
| Travelers Indemnity Company | Barry R. Ostrager<br>Jonathan K. Youngwood<br>Simpson, Thatcher & Bartlett<br>425 Lexington Avenue<br>New York, NY 10017-3909 |

      /s/ Michael J. Zoeller
      Michael J. Zoeller, No. 426476
      BAACH ROBINSON & LEWIS PLLC
      1201 F Street, NW, #500
      Washington, DC  20004
      (202) 659-7217
      Fax:  (202) 466-5738

      *Attorneys for Certain Underwriters at Lloyd's,*
      *London and Certain London Market Companies*