# TAB A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**WHITMAN INSURANCE COMPANY, LTD.,**

*Plaintiff,*

**v.**

**TRAVELERS INDEMNITY COMPANY,** *et al.,*

*Defendants.*

Civil Action No. 1:05CV01125
John Garrett Penn, Judge

Related Case: 82-CV-2098

### PLAINTIFF'S SURREPLY IN OPPOSITION TO
### CERTAIN DEFENDANTS' MOTIONS TO DISMISS

Moving Defendants throw out a number of unsupported factual averments in their reply papers in an attempt to support their motions to dismiss the amended complaint. Because the so-called new "evidence" is both raised for the first time on reply and factually inaccurate, Whitman Insurance Company, Ltd. ("Whitman Insurance") requests leave to submit this surreply to set the record straight for the Court.[1]

1.    In challenging Whitman Insurance's standing to bring this action, First State repeatedly asserts that Whitman Insurance's interest in this matter is due to a contract with PepsiAmericas to satisfy retentions in the policy periods at issue in this lawsuit and not an insurance contract. [First State Reply  pp. 2, 3, 5, 7] First State's assertion is false.[2] Whitman

---

[1]    For purposes of a motion to dismiss, the facts alleged in plaintiff's complaint are taken as true. Hence, Moving Defendants' arguments that Whitman Insurance has not submitted "competent evidence" are without merit.  Nevertheless, because of the number of material factual inaccuracies in Moving Defendants' reply papers, Whitman Insurance feels compelled to correct Defendants' misstatements.

[2]    In fact, in the *Related Abex Action*, Travelers, one of the moving defendants here, is asserting contribution claims against the first $250,000 layer in the 1978 – 1985 policy periods for which Whitman Insurance has direct responsibility.  Thus, a justiciable controversy in this Court already exists with respect to the responsibilities of Whitman Insurance for the Abex claims.

Insurance reinsured National Union and other primary insurers.[3]  As set forth in the Declaration

of Archie Meairs ("Meairs Decl.") and as alleged in the amended complaint, Whitman Insurance

is responsible for all or a part (depending upon the policy period) of the first $250,000 of general

liability coverage insuring Abex as a result of this insuring relationship.  Whitman Insurance

managed Abex claims and paid Abex claims directly to, or on behalf of, Abex because of its

insuring relationship with Abex. [*See* Meairs Decl. ¶¶ 6-8]  Whitman Insurance paid Abex

claims no differently than any other insurer in this case has or would pay Abex claims had they

complied with their insuring obligations.  As the following cover page from one of Whitman

Insurance's policies demonstrates, the contracts with National Union do not relate to any alleged

retained limit of PepsiAmericas:

FACULTATIVE REINSURANCE AGREEMENT

between

INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA/
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA./
AMERICAN HOME ASSURANCE COMPANY/NEW HAMPSHIRE
INSURANCE OF MANCHESTER, NH

(hereinafter called the "Company")

and

I.C. INDUSTRIES INSURANCE CO. LTD.

(hereinafter called "the Reinsurer")

2.     With respect to the amount in controversy, Lloyd's submits a new declaration and

argues that "[a] review of the available policy information confirms that the London Market

Policies in effect from 1970 forward do not contain the [supplemental defense obligation]

endorsement . . . with the exception of one policy year, 1980-1981," and further states that the

---

[3]     Attached as Exhibit 1 to the Supplemental Declaration of Daniel E. Chefitz ("Supp. Chefitz Decl.") are samples of cover pages from Whitman Insurance policies showing the National Union policy numbers insured by Whitman Insurance (previously known as I.C. Industries Insurance Co., Ltd.).  By submitting these cover pages, Whitman Insurance is not waiving its right to assert that the agreements are confidential.

supplemental defense issue is "inapplicable" for "fourteen out of the seventeen policies listed in the Amended Complaint which were in effect post 1970." [Lloyd's Reply p. 18]  Lloyd's statement is also false.  In fact, all but two of the post-1970 London Market Policies contain Addendum No. 3, the supplemental defense endorsement.  [*See* Supp. Chefitz Decl. Exs. 2 - 14]  Several of the post-1970 London Market Policies "follow form" to National Union policy BE 1338972, which contains a supplemental defense obligation and is before the Court in both this action and the *Related Abex Action*.  Each of the London Market Policies in the National Union policy BE 1338972 policy periods (1983-1985) contains a supplemental defense obligation.[4] *Id*. Thus, Lloyd's has an unlimited supplemental defense obligation in 21 annual policy periods.  An unlimited supplemental defense obligation in a case where defense costs have already exceeded $150,000,000 demonstrates that Mr. Lowsley-Williams' personal exposure alone satisfies the jurisdictional amount in controversy based on his percentage of supplemental defense costs. Indeed, Lloyd's concedes that Mr. Lowsley-Williams' obligations are unlimited in any London Market Policy that contains a supplemental defense endorsement and follows form to an umbrella policy with a similar supplemental defense obligation.

3.    The attached London Market policies further demonstrate that the lead underwriter entered into the policy contracts on behalf of all names, which do not even appear in the policies.  London did not name all of the "names" under its policy in the lawsuit it filed in New York because only the lead underwriters are necessary to resolve a dispute regarding the London Market policies.  London therefore itself concedes that looking at the individual names for purposes of the amount in controversy issue is inapt.

4.    Lloyd's states that Pneumo Abex opposed the stay of the New York Action.

---

[4]    The following Lloyd's policies follow form to National Union policy BE 1338972: UQA0088, UQA0089, URA0059 and URA0060.

[Lloyd's Reply p.3]  This is also false.  In fact, Pneumo Abex, along with a number of insurers that are complying with their policy obligations consistent with this Court's rulings, did ***not*** oppose the stay of the New York Action.  [Supp. Chefitz Decl. ¶4]  Pneumo Abex did not file any opposition to the motions to stay and did not seek to appeal the stay order.  *Id*.  The letter referenced by Lloyd's was sent from the Jones Day law firm, which in the New York Action also represents Cooper Industries, LLC, a party that admittedly is not an insured and therefore has no right under the policies.  Cooper, not Pneumo Abex, opposed the stay, as explained in the October 13, 2005, submission to the New York court.  [*See* Supp. Chefitz Decl. Ex. 15].

    5.    Mt. McKinley raises a new matter on reply, *i.e.,* that Whitman Insurance cannot assert claims against Mt. McKinley because all of the Mt. McKinley limits are in excess of the Whitman Insurance limits. [Mt. McKinley Reply p. 2]  This assertion ignores the fact that Whitman Insurance's amended complaint is not seeking contribution, but a declaratory judgment regarding the respective obligations of Mt. McKinley and Whitman Insurance.  Given that both insurers have responsibility in the same policy period and Mt. McKinley is claiming that the Whitman Insurance layer is not exhausted, there is obviously a justiciable dispute between these two insurers, contrary to Mt. McKinley's assertion.  For the same reasons, the other Moving Defendants' arguments, *e.g.,* that "the London Market Insurers would owe Whitman <u>ZERO</u> at the end of this case," [Lloyd's Reply p. 2], are irrelevant.  As in *United Services Auto. Ass'n v. Royal Globe Ins. Co.*, 511 F.2d 1094, 1095 (10th Cir. 1975) – a case that both Lloyd's and First State incorrectly characterize as a contribution case – Whitman Insurance here seeks a declaration that other insurers, and not it, must continue to defend and indemnify Abex.  At base, Mt. McKinley's newly-raised assertions boil down to a contention that one insurance company has no cause of action against another insurance company to declare respective rights and

obligations. Yet, that was the sole basis for Lloyd's New York lawsuit, brought against dozens of identically-situated insurers. So, this argument by the insurers reduces itself to transparent disingenuity: it's OK for Lloyd's to seek such relief in New York, but not OK for Whitman Insurance to seek such relief in this Court. This argument falls on its face.

6.      Lloyd's claims that it is "mathematically impossible" for Whitman Insurance to have paid $9,000,000 to Abex for the Abex asbestos suits based on a "one occurrence basis" because the most it would have spent on a one occurrence basis would have been $1,750,000. [Lloyd's Reply p. 5 n.4] Lloyd's ignores the fact that much of the money Whitman Insurance has paid has been pursuant to a supplemental defense obligation, which is perfectly consistent with treating the asbestos suits as an occurrence.

7.      In support of its argument that Pneumo Abex should be realigned as a plaintiff, Lloyd's incorrectly asserts that Whitman Insurance "has named Abex as a defendant without requesting any relief from Abex." [Lloyd's Reply pp. 23-24] To the contrary, Whitman Insurance's amended complaint requests that the Court determine that Whitman Insurance "has no obligation to pay Abex's legal liabilities, costs and expenses. . . ." Am. Compl., Prayer for Relief.

8.      Finally, First State in its reply argues that the presence of parties in the *Related Abex Action* makes those parties indispensable to this action. First State's argument fails. Whitman Insurance filed this case in this Court because of this Court's longstanding and demonstrative ability to adjudicate these matters as demonstrated by the *Related Abex Action*. The fact that this action is related to the *Related Abex Action* does not render everybody and everything in that case indispensable. Numerous parties that have at one time been in the *Related Abex Action* are not in this case. It is neither PepsiAmericas nor Whitman Insurance that

is trying to "build in" the opportunity to achieve inconsistent results, but rather the Moving

Defendants who seek to do so through the now-stayed New York state court action.

    The motions to dismiss should be denied.

               Respectfully submitted,

               Daniel E. Chefitz (D.C. Bar No. 481420)
               Brooke Clagett (D.C. Bar No. 460570)
               MORGAN, LEWIS & BOCKIUS LLP
               1111 Pennsylvania Avenue, NW
               Washington, DC  20004
               Telephone:     202.739.3000
               Facsimile:      202.739.3001
               *Attorneys for Plaintiff*
               *Whitman Insurance Company, Ltd.*
               *Nov*

Dated:  November 23, 2005