# Lloyd's Policy

551/UM10200



Lloyd's, London

STIP 000175

LLOYD'S COVER NOTE

In the event of claim under this cover note, please notify:

# ROLLINS BURDICK HUNTER

**ROLLINS BURDICK HUNTER OF ILLINOIS, INC.**

10 SOUTH RIVERSIDE PLAZA • CHICAGO, ILLINOIS 60606

TELEPHONE (312) 454-1400

Broker

This insurance effected with certain

## UNDERWRITERS AT LLOYD'S, LONDON
(not incorporated)

STIP 000176

**IMPORTANT** THIS COVER NOTE CANNOT BE CANCELLED FLAT. EARNED PREMIUM MUST BE PAID FOR THE TIME INSURANCE HAS BEEN IN FORCE. THE ASSURED IS REQUESTED TO READ THIS COVER NOTE, AND IF INCORRECT, RETURN IT IMMEDIATELY FOR ALTERATION.

Erson Printing Co Chicago
Form CN-1

IRI 2307

PART TWO: THIS DECLARATIONS PAGE WITH COVER NOTE PROVISIONS (FORM NO. RBH SI-1) ARE MADE AS PART HEREOF:

| DATE ISSUED | CONTRACT NO. | PREVIOUS NO. |
|---|---|---|
| June 16, 1980 | | |

COVER NOTE NUMBER  L  2149

**1. Name and Address of Assured**

I C Industries Incorporated Etal. as Underlying
One Illinois Center
111 East Wacker Drive
Chicago, IL 60601

**2.** EFFECTIVE ☒ 12:01 A.M.  BOTH DAYS AT
FROM ☐ 12:00 NOON  STANDARD TIME   April 1, 1980   TO   April 1, 1981

**3.** Acting upon your instructions, we have effected the insurance with Underwriters at Lloyd's, London. The Underwriters at Lloyd's, London (not incorporated) do hereby bind themselves each for his own part, and not for one another, their heirs, executors and administrators.

**4.**
| AMOUNT | RATE | PREMIUM |
|---|---|---|
| 75.0000% part of 100% of Limits on Attached Sheet | | $5,625.00 |

**5. COVERAGE -**

See Attached Sheet

NOTICE TO POLICYHOLDER: "This contract is issued, pursuant to Section 445 of the Illinois Insurance Code, by an insurer not authorized and licensed to transact business in Illinois and as such is not covered by the Illinois Insurance Guaranty Fund."

LLOYD'S SURPLUS LINE
BROKERS ASSOCIATION
OF ILLINOIS
115 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603

**6. SPECIAL CONDITIONS**

See Attached Sheet

STIP 000178

JUN 17 1980

*Thomas L. Stevens*
SECRETARY

Thomas L. Stevens - 115 South La Salle Street, Chicago, IL 60603

This insurance is made and accepted subject to all the provisions set forth herein or endorsed hereon or appearing on the Jacket hereof, all of which are incorporated herein, and any provisions appearing in forms attached hereto and made a part hereof which alter the provisions herein shall supersede such provisions as they are inconsistent therewith.

ROLLINS BURDICK HUNTER OF ILLINOIS, INC

BY  *R. J. Kerny*

ORIGINAL

IRI

This cover note is evidence that in accordance with your instructions and acting on your behalf we have procured from certain Underwriters at Lloyd's, London, herein after referred to as the Underwriters, the coverage described on the attached declaration page. This cover note is subject to all the terms and conditions of the policy to be issued and shall be automatically terminated and voided by delivery of said policy to the insured.



## COVER NOTE PROVISIONS

1. If the Assured shall make any claim knowing the same to be false or fraudulent, as regards amount or otherwise, this cover shall become void, and all claims thereunder shall be forfeited.

2. This cover note may be cancelled on the customary short rate basis by the Assured at any time by written notice or by surrender of this cover note to the Broker. This cover note may also be cancelled, with or without the return or tender of the unearned premium, by the Broker, in their behalf, by delivering to the Assured, or by sending to the Assured by mail, registered or unregistered, at the Assured's address as shown herein, not less than five days' written notice, stating when the cancellation shall be effective, and in such case the Underwriters shall refund the paid premium less the earned portion thereof on demand, subject always to the retention by the Underwriters hereon of any minimum premium stipulated herein (or proportion thereof previously agreed upon) in the event of cancellation either by the Underwriters or the Assured.

3. SERVICE OF SUIT. It is agreed that in the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, Underwriters hereon, at the request of the Assured, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

   It is further agreed that service of process in such suit may be made upon the firm named in item 6 of the attached declaration page, and that in any suit instituted against any one of them upon this contract, the Underwriters will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

   The above-named are authorized and directed to accept service of process on behalf of the Underwriters in any such suit and/or upon the request of the insured (or reinsured) to give a written undertaking to the insured (or reinsured) that they will enter a general appearance upon the Underwriter's behalf in the event such a suit shall be instituted.

   Further, pursuant to any statute of any state, territory or district of the United States which make provision therefor, the Underwriters hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Insured (or reinsured) or any beneficiary hereunder arising out of this contract of insurance (or reinsurance), and hereby designate the above-named as the person to whom the said officer is authorized to mail such process or a true copy thereof.

4. It is expressly understood and agreed by the Assured by accepting this instrument that the Broker, is not an Assurer hereunder and that the Broker, neither is nor shall be in any way or to any extent liable for any loss or claim whatever, but that the Underwriters hereunder are those as shown elsewhere in this cover note.

5. The Assured shall immediately report to the Broker, any occurrence likely to result in a claim under this cover note, and shall also file with the Broker, detailed sworn proof of interest and loss within sixty days from the date of loss. Failure by the Assured either to report the said loss or damage or to file such written proof as above provided, shall invalidate any claim under this cover note.

6. All adjusted claims shall be paid or made good to the Assured within thirty days after presentation and acceptance of satisfactory proofs of interest and loss at the office of the Broker.

7. Loss, if any, to be payable in United States Currency.

8. This cover note does not cover loss or damage directly or indirectly occasioned by, happening through or in consequence of war, invasion, acts of foreign enemies, hostilities (whether war be declared or not), civil war, rebellion, revolution, insurrection, military or usurped power or confiscation or nationalization or requisition or destruction of or damage to property by or under the order of any government or pubic or local authority.

9. This insurance is made and accepted subject to all the provisions, conditions and warranties set forth herein or endorsed hereon or appearing on the reverse side hereof, all of which are to be considered as incorporated herein.

10. This insurance is subject to all provisions of this cover note, whether printed, typed, added by endorsement, or appearing in forms attached or incorporated by reference. Provisions added by endorsement or forms attached or incorporated by reference supersede any inconsistent printed or typed provisions in this cover note.

11. This cover note shall not be assigned either in whole or in part, without the written consent of the Broker endorsed hereon.

12. This cover note shall not be valid unless signed by the Broker.

STIP 000177

| | |
|---|---|
| COVERAGE: | Excess Broad Form Liability Insurance |
| FORM: | J(a) plus short excess wording following Underlying as expiring or to be agreed by Underwriters. Including Workmen's Compensation Act and Federal Longshoremen's and Habour Workers Compensation Act (in respect of State of Ohio) and Employee Benefit Liability following Underlying Umbrella, but excluding Employee Retirement Income Security Act of 1974. |
| INTEREST: | Covering in respect of the Assured's operations. |
| SUM INSURED: | $5,000,000 any one occurrence<br>$5,000,000 annual aggregate where in the Underlying<br>Part Of<br>$25,000,000 any one occurrence<br>$25,000,000 annual aggregate where in the Underlying<br>Only To Pay The Excess of<br>$50,000,000 any one occurrence<br>$50,000,000 annual aggregate where applicable |
| SITUATED: | Anywhere in the World. |
| CONDITIONS: | N.M.A. 1941 Cancellation Clause (Illinois).<br>Service of Suit Clause (John G. Smith - Licensed Underwriters) (Thomas L. Stevens - Unlicensed Underwriter Notice of Loss to Rollins, Burdick, Hunter and Company, Chicago.<br>N.M.A. 1256 Nuclear Incident Exclusion Clause - Liability Direct (Broad) - U.S.A.<br>N.M.A. 1477 Radioactive Contamination Exclusion Clause - Liability - Direct - U.S.A.<br>N.M.A. 1685 Seepage, Pollution and Contamination Clause No. 3 |
| PREMIUM: | $7,500 (100%) |
| SECURITY: | Underwriters at Lloyd's London<br>75.0000% part of 100% |

STIP 000179

IRI 2310

Illinois

## CANCELLATION CLAUSE

NOTWITHSTANDING anything contained in this Insurance to the contrary, this Insurance may be cancelled by the Assured at any time by written notice or by surrender of this contract of insurance.

This Insurance may also be cancelled by or on behalf of the Underwriters by mailing notice of cancellation to the Named Assured, at the last mailing address known by Underwriters. The Resident Agent shall maintain proof of mailing of such notice on a recognized U. S. Post Office form, and a copy of such notice shall be sent to the agent of record and/or the Assured's broker. Where cancellation is for non-payment of premium, at least 10 days notice of cancellation shall be given. Otherwise notice of cancellation must be mailed at least 15 days prior to the effective date of cancellation during the first 180 days of coverage or at least 30 days prior to the effective date of cancellation if coverage has been in effect for more than 180 days.

If the period of limitation relating to the giving of notice is prohibited or made void by any law controlling the construction thereof, such period shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law. If the Insurance to which this is attached provides for a greater number of days notice than is provided herein, said greater number of days shall apply in event of cancellation.

Payment or tender of any unearned premium by the Underwriters shall not be a condition precedent to the effectiveness of Cancellation but such payment shall be made as soon as practicable.

In the event of cancellation the earned premium shall be calculated as stated in the Insurance to which this is attached. If, the said Insurance does not provide for calculation of the earned premium, the following shall apply.

> If this Insurance shall be cancelled by the Assured the Underwriters shall retain the customary short rate proportion of the premium hereon, except that if this Insurance is on an adjustable basis the Underwriters shall receive the earned premium hereon or the customary short rate proportion of any minimum premium stipulated herein whichever is the greater.

> If this Insurance shall be cancelled by or on behalf of the Underwriters, the Underwriters shall retain the pro rata proportion of the premium hereon, except that if this Insurance is on an adjustable basis the Underwriters shall receive the earned premium hereon or the pro rata proportion of any minimum premium stipulated herein whichever is the greater.

N.M.A. 1941

STIP 000180

IRI 2311

ENDORSEMENT

Assured

I C INDUSTRIES INCORPORATED ETAL.

It is hereby understood and agreed, with effect from inception that where costs are not included in the "Ultimate Net Loss" or any similar definition contained in the Underlying Umbrella Policy/ies, the following shall be deemed to be additional Conditions to this insurance: -

INCURRING OF COSTS

In the event of claim or claims arising which appear likely to exceed the Underlying Umbrella Limits, no costs shall be incurred by the Assured without the written consent of the Underwriters.

APPORTIONMENT OF COSTS

Costs incurred by or on behalf of the Assured with the written consent of the Underwriters and for which the Assured is not covered by the Underlying Umbrella Policy/ies shall be apportioned as follows: -

(i) Should any claim or claims become adjustable prior to the commencement of trial for not more than the Underlying Umbrella Limits, then no costs shall be payable by the Underwriters.

(ii) Should, however, the amount for which the said claim or claims may be so adjustable exceed the Underlying Umbrella Limits, then the Underwriters, if they consent to the proceedings continuing, shall contribute to the costs incurred by or on behalf of the Assured in the ratio that their proportion of the ultimate net loss as finally adjusted bears to the whole amount of such ultimate net loss.

(iii) In the event that the Assured elects not to appeal a judgment in excess of the Underlying Umbrella Limits, the Underwriters may elect to conduct such appeal at their own cost and expense and shall be liable for the taxable court costs and interest incidental thereto but in no event shall the total liability of the Underwriters exceed their limit of liability as provided for in the wording, plus the expenses of such appeal.

All other terms, causes and conditions remain unchanged.

Attached to and forming part of Policy No. _____ Cover Note No. J-2149
Issued to I C Industries Inc. Etal
Effective Date April 1, 1980

By: Rollins Burdick Hunter

FEB 8 1982

Signed D.A. Wilson
Authorized Representative

STIP 000181

J (A) FORM

COPY

# Companies Collective Policy

**Whereas** the Assured named in the Schedule herein has paid the Premium or Consideration specified herein to the Assurers named overleaf to insure against Loss as provided in the said Schedule.

**Now know Ye** that we the Assurers named herein do severally agree each for the proportion set against its own name to pay or make good to the Assured or the Assured's Executors or Administrators, all such Loss, Damage or Liability as stated herein, that the Assured may sustain during the period of this Insurance not exceeding in all the sum Assured herein and in proportion to the several sums by each of us subscribed against our respective names. Such payment to be made after such Loss, Damage or Liability is proved.

If the Assured shall make any claim knowing the same to be false or fraudulent as regards amount or otherwise, this Policy shall become void and all claim thereunder shall be forfeited.

**In Witness whereof** I being a representative of the Leading Company which is duly authorized by the Assurers have hereunto subscribed my name on their behalf.

*[signature]*
DIRECTOR
H. S. WEAVERS (UNDERWRITING) AGENCIES LTD.

STIP 000182

The Assured is requested to read this Policy and, if it is incorrect, return it immediately for alteration.

In all communications the Policy Number should be quoted.

~~In the event of any occurrence likely to result in a claim under this Policy, immediate notice should be given to:~~

STIP 000183

## SCHEDULE

| | |
|---|---|
| The Policy No. 551 : | UMA0206 |
| The Name and Address of the Assured : | I.C. Industries Inc. Etal as more fully set forth in the wording attached hereto, One Illinois Center, 111 East Wacker Drive, Chicago, Illinois 60601. |
| The Rate or Premium : | US.$37,500.00 |

The Period of Insurance

From : 1st April, 1980      To: 1st April, 1981

both days inclusive    at 12.01 a.m. Local Standard Time

and for such further period or periods as may be mutually agreed upon.

The Risk and Sum Insured hereunder :

As per wording attached hereto which shall be taken and read as forming an integral part hereof.

Wherever the word "Underwriters" appears herein, the word "Assurers" shall be substituted therefor and read in lieu thereof.

HERETO: 25.00% part of 100% of 20% of the Limits and Premium herein.

DATED in LONDON, THE  11th November, 1980                                      AS/GT

L1 036

STIP 000184

EXCESS UMBRELLA POLICY

INSURING AGREEMENTS:

I    COVERAGE -

The Underwriters hereby agree, subject to the limitations, terms and conditions hereinafter mentioned, to indemnify the Assured for all sums which the Assured shall be obligated to pay by reason of the liability caused by or arising out of the hazards covered by and as more fully defined in the Underlying Umbrella Policy/ies stated in Item 2 of the Declarations.

II    LIMIT OF LIABILITY -

It is expressly agreed that liability shall attach to the Underwriters only after the Underlying Umbrella Insurers (as specified in Item 2 of the Declarations) have paid or have been held liable to pay the full amount of their respective ultimate net loss liability as follows:

| | |
|---|---|
| $ (as stated in Item 3 of the Declarations) | ultimate net loss in respect of each occurrence, but |
| $ (as stated in Item 4 of the Declarations) | in the aggregate for each annual period during the currency of this Policy, separately in respect of each hazard insured with an aggregate limit in the Underlying Umbrella Policy/ies |

and the Underwriters shall then be liable to pay only the excess thereof up to a further

| | |
|---|---|
| $ (as stated in Item 5 of the Declarations) | ultimate net loss in all in respect of each occurrence - subject to a limit of |
| $ (as stated in Item 6 of the Declarations) | in the aggregate for each annual period during the currency of this Policy, separately in respect of each hazard insured with an aggregate limit in the Underlying Umbrella Policy/ies. |

CONDITIONS:

1.    PRIOR INSURANCE AND NON CUMULATION OF LIABILITY -

It is agreed that if any loss covered hereunder is also covered in whole or in part under any other excess policy issued to the Assured prior to the inception date hereof the limit of liability hereon as stated in Items 5 and 6 of the Declarations shall be reduced by any amounts due to the Assured on account of such loss under such prior insurance.

STIP 000185

XOD2    Page 1 of 4

2. **MAINTENANCE OF UNDERLYING UMBRELLA INSURANCE** –

This Policy is subject to the same terms, definitions, exclusions and conditions (except as regards the premium, the amount and limits of liability and except as otherwise provided herein) as are contained in or as may be added to the Underlying Umbrella Policy/ies stated in Item 2 of the Declarations prior to the happening of an occurrence for which claim is made hereunder. Provided always that this Policy shall not apply until the Underlying Umbrella Insurers have paid or have been held liable to pay the full amount of their respective ultimate net loss in accordance with Insuring Agreement II. Should, however, any alteration be made in the premium for the Underlying Umbrella Policy/ies during the currency of this Policy, Underwriters reserve the right to adjust the premium hereon accordingly.

It is a condition of this Policy that the Underlying Umbrella Policy/ies shall be maintained in full effect during the currency hereof except for any reduction of the aggregate limits contained therein solely by payment of claims in respect of accidents and/or occurrences occurring during the period of this Policy, or by the operation of a clause contained in said Underlying Umbrella Policy/ies similar to Condition 1 above.

3. **ASSISTANCE AND CO-OPERATION** –

The Underwriters shall not be called upon to assume charge of the settlement or defense of any claim made or suit brought or proceeding instituted against the Assured but Underwriters shall have the right and shall be given the opportunity to associate with the Assured or the Assured's underlying insurers, or both, in the defense and control of any claim, suit or proceeding relative to an occurrence where the claim or suit involves, or appears reasonably likely to involve Underwriters, in which event the Assured and Underwriters shall co-operate in all things in the defense of such claim, suit or proceeding.

4. **CANCELLATION** –

This Policy may be cancelled by the Named Assured or by the Underwriters or their representatives by mailing written notice to the other party stating when, not less than thirty (30) days thereafter, cancellation shall be effective. The mailing of notice as aforesaid by Underwriters or their representatives to the Named Assured at the address shown in this Policy shall be sufficient proof of notice, and the insurance under this Policy shall end on the effective date and hour of cancellation stated in the notice. Delivery of such written notice either by the Named Assured or by Underwriters or their representatives shall be equivalent to mailing.

If this Policy shall be cancelled by the Named Assured the Underwriters shall retain the customary short rate proportion of the premium for the period this Policy has been in force. If this Policy shall be cancelled by the Underwriters the Underwriters shall retain the pro rata proportion of the premium for the period this Policy has been in force. Notice of cancellation by the Underwriters shall be effective even though the Underwriters make no payment or tender of return premium with such notice.

5. **OTHER INSURANCE** –

If other valid and collectible insurance with any other insurer is available to the Assured covering a loss also covered by this Policy, other than insurance that is specifically stated to be in excess of this Policy, the insurance afforded by this Policy shall be in excess of and shall not contribute with such other insurance. Nothing herein shall be construed to make this Policy subject to the terms, conditions and limitations of other insurance.

STIP 000186

XOD2

Page 2 of 4

6. **NOTICE OF OCCURRENCE -**

   Whenever the Assured has information from which they may reasonably conclude that an occurrence covered hereunder involves injuries or damages which, in the event that the Assured should be held liable, is likely to involve this Policy, notice shall be sent as stated in Item 8 of the Declarations as soon as practicable, provided, however, that failure to give notice of any occurrence which at the time of its happening did not appear to involve this Policy, but which, at a later date would appear to give rise to claims hereunder, shall not prejudice such claims.

7. **SERVICE OF SUIT CLAUSE -**

   It is agreed that in the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, Underwriters hereon, at the request of the Assured, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

   It is further agreed that service of process in such suit may be made as stated in Item 9 of the Declarations, and that in any suit instituted against any one of them upon this Policy, Underwriters will abide by the final decision of such Court or of any Appellate Court in the event of an appeal. The person or firm named in Item 9 of the Declarations are authorised and directed to accept service of process on behalf of Underwriters in any such suit and/or upon the request of the Assured to give a written undertaking to the Assured that they will enter a general appearance upon Underwriters' behalf in the event such a suit shall be instituted.

   Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefor, Underwriters hereon hereby designate the Superintendent, Commissioner or Director of Insurance or other officers specified for that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Assured or any beneficiary hereunder arising out of this policy of insurance, and hereby designate the above-named as the person to whom the said officer is authorised to mail such process or a true copy thereof.

STIP 000187

XOD2

Page 3 of 4.