# Lloyd's Policy

551/URA0060



## Lloyd's, London

**SCHEDULE**

| | | |
|---|---|---|
| Policy No.    551 | : | URA0060 |

| | | |
|---|---|---|
| Name and Address of the Insured/Assured | : | I.C. Industries Inc. and Others as set forth in the Underlying Umbrella Policy/ies, One Illinois Center, 111 East Wacker Drive, Chicago, Illinois 60601. |

| | | |
|---|---|---|
| Premium | : | U.S.$60,000.00 |

Period of Insurance

   From  1st April, 1984   to   1st April, 1985

   both days at 12.01 a.m. Local Standard Time

   and for such further period or periods as may be mutually agreed upon.

Risk and Sum Insured hereunder:

As per wording attached hereto
which shall be taken and read
as forming an integral part
hereof.



HERETO:  18.8234%  part of 100% of 40% of the Limits and Premium herein.

DATED in LONDON  13th March, 1985           JG/pw

## EXCESS UMBRELLA POLICY

### INSURING AGREEMENTS:

**I    COVERAGE –**

The Underwriters hereby agree, subject to the limitations, terms and conditions hereinafter mentioned, to indemnify the Assured for all sums which the Assured shall be obligated to pay by reason of the liability caused by or arising out of the hazards covered by and as more fully defined in the Underlying Umbrella Policy/ies stated in Item 2 of the Declarations.

**II    LIMIT OF LIABILITY –**

It is expressly agreed that liability shall attach to the Underwriters only after the Underlying Umbrella Insurers (as specified in Item 2 of the Declarations) have paid or have been held liable to pay the full amount of their respective ultimate net loss liability as follows:

| | |
|---|---|
| $ (as stated in Item 3 of the Declarations) | ultimate net loss in respect of each occurrence, but |
| $ (as stated in Item 4 of the Declarations) | in the aggregate for each annual period during the currency of this Policy, separately in respect of each hazard insured with an aggregate limit in the Underlying Umbrella Policy/ies |

and the Underwriters shall then be liable to pay only the excess thereof up to a further

| | |
|---|---|
| $ (as stated in Item 5 of the Declarations) | ultimate net loss in all in respect of each occurrence – subject to a limit of |
| $ (as stated in Item 6 of the Declarations) | in the aggregate for each annual period during the currency of this Policy, separately in respect of each hazard insured with an aggregate limit in the Underlying Umbrella Policy/ies. |

### CONDITIONS:

**1.    PRIOR INSURANCE AND NON CUMULATION OF LIABILITY –**

It is agreed that if any loss covered hereunder is also covered in whole or in part under any other excess policy issued to the Assured prior to the inception date hereof the limit of liability hereon as stated in Items 5 and 6 of the Declarations shall be reduced by any amounts due to the Assured on account of such loss under such prior insurance.

XOD2

2.   MAINTENANCE OF UNDERLYING UMBRELLA INSURANCE -

This Policy is subject to the same terms, definitions, exclusions and conditions (except as regards the premium, the amount and limits of liability and except as otherwise provided herein) as are contained in or as may be added to the Underlying Umbrella Policy/ies stated in Item 2 of the Declarations prior to the happening of an occurrence for which claim is made hereunder.  Provided always that this Policy shall not apply until the Underlying Umbrella Insurers have paid or have been held liable to pay the full amount of their respective ultimate net loss in accordance with Insuring Agreement II.  Should, however, any alteration be made in the premium for the Underlying Umbrella Policy/ies during the currency of this Policy, Underwriters reserve the right to adjust the premium hereon accordingly.

It is a condition of this Policy that the Underlying Umbrella Policy/ies shall be maintained in full effect during the currency hereof except for any reduction of the aggregate limits contained therein solely by payment of claims in respect of accidents and/or occurrences occurring during the period of this Policy, or by the operation of a clause contained in said Underlying Umbrella Policy/ies similar to Condition 1 above.

3.   ASSISTANCE AND CO-OPERATION -

The Underwriters shall not be called upon to assume charge of the settlement or defense of any claim made or suit brought or proceeding instituted against the Assured but Underwriters shall have the right and shall be given the opportunity to associate with the Assured or the Assured's underlying insurers, or both, in the defense and control of any claim, suit or proceeding relative to an occurrence where the claim or suit involves, or appears reasonably likely to involve Underwriters, in which event the Assured and Underwriters shall co-operate in all things in the defense of such claim, suit or proceeding.

4.   CANCELLATION -

This Policy may be cancelled by the Named Assured or by the Underwriters or their representatives by mailing written notice to the other party stating *ninety (90) when, not less than *thirty (30) days thereafter, cancellation shall be effective.  The mailing of notice as aforesaid by Underwriters  or their representatives to the Named Assured at the address shown in this Policy shall be sufficient proof of notice, and the insurance under this Policy shall end on the effective date and hour of cancellation stated in the notice.  Delivery of such written notice either by the Named Assured or by Underwriters or their representatives shall be equivalent to mailing.

If this Policy shall be cancelled by the Named Assured the Underwriters shall retain the customary short rate proportion of the premium for the period this Policy has been in force.  If this Policy shall be cancelled by the Underwriters the Underwriters shall retain the pro rata proportion of the premium for the period this Policy has been in force.  Notice of cancellation by the Underwriters shall be effective even though the Underwriters make no payment or tender of return premium with such notice.

5.   OTHER INSURANCE -

If other valid and collectible insurance with any other insurer  is available to the Assured covering a loss also covered by this Policy, other than insurance that is specifically stated to be in excess of this Policy, the insurance afforded by this Policy shall be in excess of and shall not contribute with such other insurance.  Nothing herein shall be construed to make this Policy subject to the terms, conditions and limitations of other insurance.

XOD2

Page 2 of 4

6.    **NOTICE OF OCCURRENCE** -

Whenever the Assured has information from which they may reasonably conclude that an occurrence covered hereunder involves injuries or damages which, in the event that the Assured should be held liable, is likely to involve this Policy, notice shall be sent as stated in Item 8 of the Declarations as soon as practicable, provided, however, that failure to give notice of any occurrence which at the time of its happening did not appear to involve this Policy, but which, at a later date would appear to give rise to claims hereunder, shall not prejudice such claims.

7.    **SERVICE OF SUIT CLAUSE** -

It is agreed that in the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, Underwriters hereon, at the request of the Assured, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

It is further agreed that service of process in such suit may be made as stated in Item 9 of the Declarations, and that in any suit instituted against any one of them upon this Policy, Underwriters will abide by the final decision of such Court or of any Appellate Court in the event of an appeal. The person or firm named in Item 9 of the Declarations are authorised and directed to accept service of process on behalf of Underwriters in any such suit and/or upon the request of the Assured to give a written undertaking to the Assured that they will enter a general appearance upon Underwriters' behalf in the event such a suit shall be instituted.

Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefor, Underwriters hereon hereby designate the Superintendent, Commissioner or Director of Insurance or other officers specified for that purpose in the statute , or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Assured or any beneficiary hereunder arising out of this policy of insurance, and hereby designate the above-named as the person to whom the said officer is authorised to mail such process or a true copy thereof.

## DECLARATIONS

**ITEM 1.**  a)  NAMED ASSURED: I.C.Industries Inc. and Others as set forth in the Underlying Umbrella Policy/ies.

   b)  ADDRESS OF NAMED ASSURED:
   One Illinois Center,
   111 East Wacker Drive,
   Chicago, Illinois 60601.

**ITEM 2.**  a)  UNDERLYING UMBRELLA POLICY NO(S): BE 1338972
   551/UQA0087 and
   551/URA0059

   b)  UNDERLYING UMBRELLA INSURER(S):
   National Union Fire Insurance Company of
   Pittsburgh, PA and various other Insurance
   Companies and certain Underwriters at Lloyd's,
   London.

**ITEM 3.**  UNDERLYING UMBRELLA LIMITS     $50,000,000
   (Insuring Agreement II):

**ITEM 4.**  UNDERLYING UMBRELLA AGGREGATE     $50,000,000
   LIMITS (Insuring Agreement II):

**ITEM 5.**  LIMIT OF LIABILITY
   (Insuring Agreement II):     $50,000,000

**ITEM 6.**  AGGREGATE LIMIT OF LIABILITY     $50,000,000
   (Insuring Agreement II):

**ITEM 7.**  POLICY PERIOD: 1st April, 1984 to 1st April, 1985
   both days at 12.01 a.m. Local Standard Time.

**ITEM 8.**  NOTICE OF OCCURRENCE (Condition 6) to:
   Rollins, Burdick, Hunter of Illinois Inc.,
   10 South Riverside Plaza,
   Chicago, Illinois 60606.

**ITEM 9.**  SERVICE OF PROCESS (Condition 7) upon:
   John G.Smith,
   115 South La Salle Street,
   Chicago, Illinois.

XOD 2                                    Page 4 of 4

U.S.A.

## NUCLEAR INCIDENT EXCLUSION CLAUSE—LIABILITY—DIRECT (BROAD)
### (Approved by Lloyd's Underwriters' Non-Marine Association)

*For attachment to insurances of the following classifications in the U.S.A., its Territories and Possessions, Puerto Rico and the Canal Zone:—*

*Owners, Landlords and Tenants Liability, Contractual Liability, Elevator Liability, Owners or Contractors (including railroad) Protective Liability, Manufacturers and Contractors Liability, Product Liability, Professional and Malpractice Liability, Storekeepers Liability, Garage Liability, Automobile Liability (including Massachusetts Motor Vehicle or Garage Liability),*

*not being insurances of the classifications to which the Nuclear Incident Exclusion Clause—Liability—Direct (Limited) applies.*

This policy*                                                                    does not apply:—

I.   Under any Liability Coverage, to injury, sickness, disease, death or destruction

    (a)  with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

    (b)  resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America,or any agency thereof, with any person or organization.

II.  Under any Medical Payments Coverage, or under any Supplementary Payments Provision relating to immediate medical or surgical relief, to expenses incurred with respect to bodily injury, sickness, disease or death resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

III. Under any Liability Coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if

    (a)  the nuclear material (1) is at any nuclear facility owned by, or operated by or on behalf of, an insured or (2) has been discharged or dispersed therefrom;

    (b)  the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

    (c)  the injury, sickness, disease, death or destruction arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property at such nuclear facility.

IV.  As used in this endorsement:

"hazardous properties" include radioactive, toxic or explosive properties; "nuclear material" means source material, special nuclear material or byproduct material; "source material", "special nuclear material", and "byproduct material" have the meanings given them in the Atomic Energy Act 1954 or in any law amendatory thereof; "spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor; "waste" means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof; "nuclear facility" means

    (a)  any nuclear reactor,

    (b)  any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

    (c)  any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

    (d)  any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations; "nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

With respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

It is understood and agreed that, except as specifically provided in the foregoing to the contrary, this clause is subject to the terms, exclusions, conditions and limitations of the Policy to which it is attached.

*NOTE.—As respects policies which afford liability coverages and other forms of coverage in addition, the words underlined should be amended to designate the liability coverage to which this clause is to apply.

17/3/60
N.M.A. 1256

U.S.A.

## RADIOACTIVE CONTAMINATION EXCLUSION CLAUSE—LIABILITY—DIRECT
### (Approved by Lloyd's Underwriters' Non-Marine Association)

*For attachment (in addition to the appropriate Nuclear Incident Exclusion Clause—Liability—Direct) to liability insurances affording worldwide coverage.*

In relation to liability arising outside the U.S.A., its Territories or Possessions, Puerto Rico or the Canal Zone, this Policy does not cover any liability of whatsoever nature directly or indirectly caused by or contributed to by or arising from ionising radiations or contamination by radioactivity from any nuclear fuel or from any nuclear waste from the combustion of nuclear fuel.

13/2/64
N.M.A. 1477

<u>U.S.A.</u>

### NEW SHORT RATE CANCELLATION TABLE ENDORSEMENT

NOTWITHSTANDING anything to the contrary contained herein and in consideration of the premium for which this insurance is written it is agreed that in the event of cancellation thereof by the Assured the earned premium shall be computed as follows:—

### SHORT RATE CANCELLATION TABLE

A.  For insurances written for one year:—

| Days Insurance in force | Per cent. of One Year Premium | Days Insurance in force | Per cent. of One Year Premium |
|---|---|---|---|
| 1 | 5 | 154—156 | 53 |
| 2 | 6 | 157—160 | 54 |
| 3— 4 | 7 | 161—164 | 55 |
| 5— 6 | 8 | 165—167 | 56 |
| 7— 8 | 9 | 168—171 | 57 |
| 9— 10 | 10 | 172—175 | 58 |
| 11— 12 | 11 | 176—178 | 59 |
| 13— 14 | 12 | 179—182 (6 months) | 60 |
| 15— 16 | 13 | 183—187 | 61 |
| 17— 18 | 14 | 188—191 | 62 |
| 19— 20 | 15 | 192—196 | 63 |
| 21— 22 | 16 | 197—200 | 64 |
| 23— 25 | 17 | 201—205 | 65 |
| 26— 29 | 18 | 206—209 | 66 |
| 30— 32 (1 month) | 19 | 210—214 (7 months) | 67 |
| 33— 36 | 20 | 215—218 | 68 |
| 37— 40 | 21 | 219—223 | 69 |
| 41— 43 | 22 | 224—228 | 70 |
| 44— 47 | 23 | 229—232 | 71 |
| 48— 51 | 24 | 233—237 | 72 |
| 52— 54 | 25 | 238—241 | 73 |
| 55— 58 | 26 | 242—246 (8 months) | 74 |
| 59— 62 (2 months) | 27 | 247—250 | 75 |
| 63— 65 | 28 | 251—255 | 76 |
| 66— 69 | 29 | 256—260 | 77 |
| 70— 73 | 30 | 261—264 | 78 |
| 74— 76 | 31 | 265—269 | 79 |
| 77— 80 | 32 | 270—273 (9 months) | 80 |
| 81— 83 | 33 | 274—278 | 81 |
| 84— 87 | 34 | 279—282 | 82 |
| 88— 91 (3 months) | 35 | 283—287 | 83 |
| 92— 94 | 36 | 288—291 | 84 |
| 95— 98 | 37 | 292—296 | 85 |
| 99—102 | 38 | 297—301 | 86 |
| 103—105 | 39 | 302—305 (10 months) | 87 |
| 106—109 | 40 | 306—310 | 88 |
| 110—113 | 41 | 311—314 | 89 |
| 114—116 | 42 | 315—319 | 90 |
| 117—120 | 43 | 320—323 | 91 |
| 121—124 (4 months) | 44 | 324—328 | 92 |
| 125—127 | 45 | 329—332 | 93 |
| 128—131 | 46 | 333—337 (11 months) | 94 |
| 132—135 | 47 | 338—342 | 95 |
| 134—138 | 48 | 343—346 | 96 |
| 139—142 | 49 | 347—351 | 97 |
| 143—146 | 50 | 352—355 | 98 |
| 147—149 | 51 | 356—360 | 99 |
| 150—153 (5 months) | 52 | 361—365 (12 months) | 100 |

B.  For insurances written for more or less than one year:—

1.  If insurance has been in force for 12 months or less, apply the standard short rate table for annual insurances to the full annual premium determined as for an insurance written for a term of one year.

2.  If insurance has been in force for more than 12 months:

    a.  Determine full annual premium as for an insurance written for a term of one year.

    b.  Deduct such premium from the full insurance premium, and on the remainder calculate the *pro rata* earned premium on the basis of the ratio of the length of time beyond one year the insurance has been in force to the length of time beyond one year for which the insurance was originally written.

    c.  Add premium produced in accordance with items (a) and (b) to obtain earned premium during full period insurance has been in force.

N.M.A. 45.

ILLINOIS

## CANCELLATION CLAUSE

NOTWITHSTANDING anything contained in this Insurance to the contrary, this Insurance may be cancelled by the Assured at any time by written notice or by surrender of this contract of insurance.

This Insurance may also be cancelled by or on behalf of the Underwriters by mailing notice of cancellation to the Named Assured, at the last mailing address known by Underwriters. The Resident Agent shall maintain proof of mailing of such notice on a recognized U.S. Post Office form, and a copy of such notice shall be sent to the agent of record and/or the Assured's broker. Where cancellation is for non-payment of premium, at least 10 days notice of cancellation shall be given. Otherwise notice of cancellation must be mailed at least 15 days prior to the effective date of cancellation during the first 180 days of coverage or at least 30 days prior to the effective date of cancellation if coverage has been in effect for more than 180 days.

If the period of limitation relating to the giving of notice is prohibited or made void by any law controlling the construction thereof, such period shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law. If the Insurance to which this is attached provides for a greater number of days notice than is provided herein, said greater number of days shall apply in event of cancellation.

Payment or tender of any unearned premium by the Underwriters shall not be a condition precedent to the effectiveness of Cancellation but such payment shall be made as soon as practicable.

In the event of cancellation the earned premium shall be calculated as stated in the Insurance to which this is attached. If, the said Insurance does not provide for calculation of the earned premium, the following shall apply:—

If this Insurance shall be cancelled by the Assured the Underwriters shall retain the customary short rate proportion of the premium hereon, except that if this Insurance is on an adjustable basis the Underwriters shall receive the earned premium hereon or the customary short rate proportion of any minimum premium stipulated herein whichever is the greater.

If this Insurance shall be cancelled by or on behalf of the Underwriters, the Underwriters shall retain the pro rata proportion of the premium hereon, except that if this Insurance is on an adjustable basis the Underwriters shall receive the earned premium hereon or the pro rata proportion of any minimum premium stipulated herein whichever is the greater.

N.M.A. 1941

Attaching to and forming part of Policy No. 551/URA0060

ADDENDUM NO. 1

It is hereby understood and agreed that this Policy is extended to include Workers Compensation Act Liability and Federal Longshoremen's and Harbor Workers' Act Liability in respect of the State of Ohio as more fully defined in the Underlying Umbrella Policy/ies as referred to in the wording of this Policy. .

All other terms and conditions remain unchanged.

220285AGC
dhw2/204

<u>Attaching to and forming part of Policy No. 551/URA0060</u>

<u>ADDENDUM NO. 2</u>

It is hereby understood and agreed that this Policy is extended to include
"Employee Benefit Liability" as more fully defined in the Underlying Umbrella
Policy/ies as referred to in the wording of this Policy.

Notwithstanding anything stated above to the contrary, it is understood and
agreed that the above extension in coverage shall not apply to claims based
upon the Employee Retirement Income Security Act of 1974, Public Law 93-406,
commonly referred to as the Pension Reform Act of 1974, and any amendments
thereto, or similar provisions of any Federal, State or Local Statutory Law or
Common Law.

All other terms and conditions remain unchanged.

220285AGC
dhw2/203

Attaching to and forming part of Policy No. 551/URA0060

ADDENDUM NO. 3

Where costs are not included in the "Ultimate Net Loss" or any similar
definition contained in the Underlying Umbrella Policy/ies the following shall
be deemed to be additional Conditions to this wording:-

INCURRING OF COSTS

In the event of claim or claims arising which appear likely to exceed the
Underlying Umbrella Limits, no costs shall be incurred by the Assured without
the written consent of the Underwriters.

APPORTIONMENT OF COSTS

Costs incurred by or on behalf of the Assured with the written consent of the
Underwriters and for which the Assured is not covered by the Underlying
Umbrella Policy/ies shall be apportioned as follows:-

(i)     Should any claim or claims become adjustable prior to the commencement
        of trial for not more than the Underlying Umbrella Limits, then no
        costs shall be payable by the Underwriters.

(ii)    Should, however, the amount for which the said claim or
        claims may be so adjustable exceed the Underlying Umbrella Limits,
        then the Underwriters, if they consent to the proceedings continuing,
        shall contribute to the costs incurred by or on behalf of the Assured
        in the ratio that their proportion of the ultimate net loss as finally
        adjusted bears to the whole amount of such ultimate net loss.

(iii)   In the event that the Assured elects not to appeal a judgment in
        excess of the Underlying Umbrella Limits, the Underwriters may elect
        to conduct such appeal at their own cost and expense and shall be
        liable for the taxable court costs and interest incidental thereto,
        but in no event shall the total liability of the Underwriters exceed
        their limit of liability as provided for in the wording, plus the
        expenses of such appeal.

All other terms and conditions remain unchanged.

220285AGC
dhw2/202

Attaching to and forming part of Policy No. 551/URA0060

ADDENDUM NO. 4

It is understood and agreed that this policy shall not apply to Personal Injury or Property Damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into, or upon land, the atmosphere or any water course or body of water, but this exclusion does not apply if such discharge, dispersal, release or escape is both sudden and accidental.

All other terms and conditions remain unchanged.

220285AGC
dhw2/201

Attaching to and forming part of Policy No. 551/URA0060

ADDENDUM NO. 5

## PROFESSIONAL LIABILITY

### THIS EXTENSION OF COVERAGE IS ON A CLAIMS MADE BASIS

This Policy, subject to the terms and conditions hereof, is extended to include liability in respect of any claim or claims which are first made against the Assured during the period of this Policy and arising out of any negligent act, error or omission of the Assured in the rendering or failing to render professional services for others in the Assured's capacity as real estate agent, broker or real estate appraiser or notary public, as more fully described in the underlying Umbrella Policy No. BE1338972 issued to the Assured by National Union Fire Insurance Company of Pittsburgh, PA, 551/UQA0087 and 551/URA0059 issued to the Assured by various Insurance Companies and certain Underwriters at Lloyd's, London.

This Addendum No. 5 is subject otherwise to the terms and conditions of the Policy of which it forms part and nothing contained herein shall operate to increase Underwriters' limit of liability of $50,000,000 in respect of any one occurrence.

All other terms and conditions remain unchanged.

220285AGC
dhw2/200

**UNDERWRITERS AT LLOYD'S, LONDON**
(Not Incorporated)
**JOHN G. SMITH**
Attorney-in-Fact in Illinois
**115, South La Salle Street, Chicago, Illinois**

In the event of any occurrence likely to result in a claim
under this Policy, immediate notice should be given to:—

# Lloyd's Policy

551/URA0060



Lloyd's, London



# Lloyd's, London

**This Insurance** is effected with certain Underwriters at Lloyd's, London (not incorporated).

**This Cover Note** and the insurance described herein was arranged in accordance with your instructions by the Resident Agent with certain Underwriters at Lloyd's, London whose names and the proportions underwritten by them can be ascertained by reference to the policy to be issued which bears the Seal of the Lloyd's Policy Signing Office (such Underwriters being hereinafter called "Underwriters"). This cover note is subject to all the terms and conditions of said policy and shall be automatically terminated and voided by delivery of said policy to the Assured.

**The Assured** is requested to read this cover note, and if not correct, return it immediately to the Resident Agent for appropriate alteration.

In the event of a claim under this cover note, please notify the following Resident Agent:

## ROLLINS BURDICK HUNTER

**ROLLINS BURDICK HUNTER OF ILLINOIS, INC.**
**10 SOUTH RIVERSIDE PLAZA**
**CHICAGO, ILLINOIS 60606**
**(312) 454-1400**

ILLINOIS CERTIFICATE
CN-6 (" 82)
EASON PRINTING CO. CHICAGO

JOHN G. SMITH
Attorney-in-Fact for Underwriters at Lloyd's, London
135 South La Salle Street, Chicago, Illinois 60603

Z 6199

This Declaration Page is attached to and forms part of cover note provisions (Form CN-6).

Previous No. 1567     Authority Ref. No. URA0060     Cover Note No. **1644**

**1** Name and address
of the Assured

LEAVE BLANK

I C Industries Inc. etal as Underlying
One Illinois Center
111 East Wacker Dr.
Chicago, IL  60601

AUG 20 1984

**2** Effective from     April 1, 1984     to     April 1, 1985
both days at 12:01 a.m. standard time

**3** Acting upon your instructions we have
effected Insurance with certain **UNDERWRITERS AT LLOYD'S. LONDON.** 18.8234% part of 100% of

Percentage

40%

**4**

| Amount | Coverage | Rate | Premium |
|---|---|---|---|
| $50,000,000 any one occurrence | Excess Broad Form Liability Insurance | | $4,518.00 part of $60,000 (100%) |
| $50,000,000 annual aggregate wherein the Underlying | | | |
| Only To Pay The Excess Of: | | | |
| $50,000,000 any one occurrence | | | |
| $50,000,000 annual aggregate | | | |
| where applicable | | | |

**5** Special conditions  J(a) plus Short Excess Wording following Underlying as expiring
INCLUDING: Workers' Compensation Act, Federal Longshoremen's and Harbor Workers'
Act, Real Estate Agents Errors and Omissions Liability and Employee Benefits
Liability but excluding claims resulting from Employee Retirement Income Security
Act (1974) following Underlying.
Interest: Covering in respect of the Assured's operations
90 days Cancellation Clause; Service of Suit Clause (John G. Smith); Notice of loss
to Rollins Burdick Hunter Co., Chicago, IL; N.M.A. 1256; N.M.A. 1477; Seepage and
Pollution Clause as Underlying

Dated   July 26, 1984

ROLLINS BURDICK HUNTER OF ILLINOIS, INC.

by _____
Resident Agent

Eaton Printing Co., Chicago. 7/82

Z 6201

## COVER NOTE PROVISIONS

**1. Countersignatures Required.** This cover note shall not be valid unless signed by the Resident Agent and countersigned by the Attorney-in-Fact on the attached Declaration Page.

**2. Resident Agent and Attorney-in-Fact Not Insurers.** Neither the Resident Agent nor the Attorney-in-Fact is an Insurer hereunder and neither is nor shall be liable for any loss or claim whatsoever. The Insurers hereunder are those individual Underwriters at Lloyd's, London whose names can be ascertained as hereinbefore set forth.

**3. Cancellation.** If the attached forms provide for cancellation, the following cancellation provision shall apply. If this cover note is cancelled after the inception date, earned premium must be paid for the time the insurance has been in force. This cover note may be cancelled on the short rate basis stated herein by the Assured at any time by written notice or by surrender of this cover note to the Resident Agent issuing this cover note. This cover note may also be cancelled with or without the return or tender of the unearned premium by Underwriters or by the Resident Agent in their behalf by mailing notice of cancellation to the Assured at the last mailing address known by Underwriters. The Resident Agent shall maintain proof of mailing of such notice on a recognized U.S. Post Office form and a copy of such notice shall be sent to the agent of record and/or the Assured's broker. Notice of cancellation must be mailed at least 15 days prior to the effective date of cancellation during the first 180 days of coverage. After coverage has been effective for 181 days or more, all notices must be mailed at least 30 days prior to the effective date of cancellation. Where cancellation is for nonpayment of premium, 10 days' notice shall be given. Underwriters shall refund the paid premium less the earned portion thereof on demand subject always to the retention by Underwriters of any minimum premium stipulated herein (or proportion thereof previously agreed upon) in the event of cancellation by Underwriters or the Assured. The mailing of such notice as aforesaid shall be sufficient proof of notice and this cover note shall terminate at the date and hour specified in such notice.

**4. Service of Suit.** In the event of any litigation arising out of insurance assumed hereunder, the Attorney-in-Fact named on the front hereof and the Director of Insurance of the State of Illinois and his successors in office are hereby appointed agents to accept service of process for Underwriters.

**5. Assignment:** This cover note shall not be assigned either in whole or in part without the written consent of the Resident Agent endorsed hereon.

**6. Assured's Insolvency.** The insolvency or bankruptcy of the Assured shall not release Underwriters from their obligations under this insurance.

**7. Complaints.** If you have any complaints concerning your insurance, please contact the Resident Agent. If he is unable to resolve the matter, you may contact the Attorney-in-Fact. You may also seek the assistance of the Public Service Section, Illinois Department of Insurance, Springfield, Illinois 62767.

**8. Attached Conditions Incorporated.** This cover note is made and accepted subject to all the provisions, conditions and warranties set forth herein, attached, or endorsed, all of which are to be considered as incorporated herein.

### Short Rate Cancellation Table For Term of One Year

| Days Insurance in Force | Per Cent of One Year Premium | Days Insurance in Force | Per Cent of One Year Premium | Days Insurance in Force | Per Cent of One Year Premium | Days Insurance in Force | Per Cent of One Year Premium |
|---|---|---|---|---|---|---|---|
| 1 | 5% | 66-69 | 29% | 154-156 | 53% | 256-260 | 77% |
| 2 | 6 | 70-73 | 30 | 157-160 | 54 | 261-264 | 78 |
| 3-4 | 7 | 74-76 | 31 | 161-164 | 55 | 265-268 | 79 |
| 5-6 | 8 | 77-80 | 32 | 165-167 | 56 | 270-273 (9 mos.) | 80 |
| 7-8 | 9 | 81-83 | 33 | 168-171 | 57 | 274-278 | 81 |
| 9-10 | 10 | 84-87 | 34 | 172-175 | 58 | 279-282 | 82 |
| 11-12 | 11 | 88-91 (3 mos.) | 35 | 176-178 | 59 | 283-287 | 83 |
| 13-14 | 12 | 92-94 | 36 | 179-182 (6 mos.) | 60 | 288-291 | 84 |
| 15-16 | 13 | 95-98 | 37 | 183-187 | 61 | 292-296 | 85 |
| 17-18 | 14 | 99-102 | 38 | 188-191 | 62 | 297-301 | 86 |
| 19-20 | 15 | 103-105 | 39 | 192-196 | 63 | 302-305 (10 mos.) | 87 |
| 21-22 | 16 | 106-109 | 40 | 197-200 | 64 | 306-310 | 88 |
| 23-25 | 17 | 110-113 | 41 | 201-205 | 65 | 311-314 | 89 |
| 26-29 | 18 | 114-116 | 42 | 206-209 | 66 | 315-319 | 90 |
| 30-32 (1 mo.) | 19 | 117-120 | 43 | 210-214 (7 mos.) | 67 | 320-323 | 91 |
| 33-36 | 20 | 121-124 (4 mos.) | 44 | 215-218 | 68 | 324-328 | 92 |
| 37-40 | 21 | 125-127 | 45 | 219-223 | 69 | 329-332 | 93 |
| 41-43 | 22 | 128-131 | 46 | 224-228 | 70 | 333-337 (11 mos.) | 94 |
| 44-47 | 23 | 132-135 | 47 | 229-232 | 71 | 338-342 | 95 |
| 48-51 | 24 | 136-138 | 48 | 233-237 | 72 | 343-346 | 96 |
| 52-54 | 25 | 139-142 | 49 | 238-241 | 73 | 347-351 | 97 |
| 55-58 | 26 | 143-146 | 50 | 242-246 (8 mos.) | 74 | 352-355 | 98 |
| 59-62 (2 mos.) | 27 | 147-149 | 51 | 247-250 | 75 | 356-360 | 99 |
| 63-65 | 28 | 150-153 (5 mos.) | 52 | 251-255 | 76 | 361-365 (12 mos.) | 100 |

Rules applicable to insurance with terms less than or more than one year:

A. If insurance has been in force for one year or less, apply the short rate table for annual insurance to the full annual premium determined as for insurance written for a term of one year.

B. If insurance has been in force for more than one year:

  1. Determine full annual premium as for insurance written for a term of one year.

  2. Deduct such premium from the full insurance premium, and on the remainder calculate the pro rata earned premium on the basis of the ratio of the length of time beyond one year the insurance has been in force to the length of time beyond one year for which the insurance was originally written.

  3. Add premium produced in accordance with items (1) and (2) to obtain earned premium during full period insurance has been in force.

Z 6200

*Name of Assured*

```
I C Industries Inc. etal as Underlying
One Illinois Center
111 East Wacker Dr.
Chicago, IL  60601
```

In the event of claim under this cover note, please notify:

# ROLLINS BURDICK HUNTER

## ROLLINS BURDICK HUNTER OF ILLINOIS, INC.

### 10 SOUTH RIVERSIDE PLAZA  •  CHICAGO, ILLINOIS 60606
### TELEPHONE (312) 454-1400

**Insurers Representative**

This insurance effected with
Insurance Company(s) as noted herein.

**IMPORTANT** THIS COVER NOTE CANNOT BE CANCELLED FLAT.  EARNED PREMIUM MUST BE PAID FOR THE TIME INSURANCE HAS BEEN
FORCE.  THE ASSURED IS REQUESTED TO READ THIS COVER NOTE, AND IF INCORRECT, RETURN IT IMMEDIATELY FOR ALTERATION.

Z 6207

Form SL/COS/CN

| July 26, 198 | CONTRACT NO.<br>URA0060 | PREVIOUS NO.<br>C 7403 |
| --- | --- | --- |

PART TWO: THIS DECLARATIONS PAGE WITH COVER NOTE PROVISIONS (FORM NO. RBH 105)
ARE MADE AS PART HEREOF.

| ITEM | | NUMBER  C  7540 |
| --- | --- | --- |
| 1 | **Name of Assured**<br><br>I C Industries Inc. etal as Underlying<br>One Illinois Center<br>111 East Wacker Dr.<br>Chicago, IL 60601 | |

| 2 | EFFECTIVE ☒ 12:01 A.M.  BOTH DAYS AT<br>FROM ☐ 12:00 NOON  STANDARD TIME |
| --- | --- |

April 1, 1984    TO    April 1, 1985

| 3 | Acting upon your instruction. we have effected the insurance with: ➡ | NAME OF INSURERS | AMOUNT OR PERCENT |
| --- | --- | --- | --- |
| | | Certain British Insurance Companies | 69.4118% part of 100% of 40% |
| | The Insurance Company(s) (hereinafter called the Insurers) do hereby bind themselves, each for itself and not for another, for the percentage shown hereon. | | |

| 4 | AMOUNT | COVERAGE | RATE | PREMIUM |
| --- | --- | --- | --- | --- |
| | See Attached Sheet | Excess Broad Form Liability Insurance | | $16,659.00 part of 60,000 (100%) |
| | AUDIT | | TOTAL CHARGED | |

| 5 | SPECIAL CONDITIONS |
| --- | --- |
| | See Attached Sheet<br><br>It is understood and agreed that when the participation as shown above is less than 100% this insurance shall run concurrently with and be subject to the same gross rate, terms, conditions and endorsements as more particularly set forth in and/or as may from time to time be added to Cover Note No. SL 3074 issued by Lloyd's Underwriters on the same subject matter and risk. |

This insurance is made and accepted subject to all the provisions set forth herein or endorsed hereon or appearing on the Jacket hereof, all of which are incorporated herein, and any provisions appearing in forms attached hereto and made a part hereof which alter the provisions herein shall supersede such provisions as they are inconsistent therewith.

ROLLINS BURDICK HUNTER OF ILLINOIS, INC.

By D.A. Wilson

RBH 105A EPC

If an original policy is issued replacing this cover note, this insurance is subject to all the terms and conditions of that policy. This cover note shall be automatically terminated and voided by delivery of the original policy to the Assured.

## COVER NOTE PROVISIONS

1. If the Assured shall make any claim knowing the same to be false or fraudulent, as regards amount or otherwise, this cover note shall become void, and all claims thereunder shall be forfeited.

2. This cover note may be cancelled on the customary short rate basis by the Assured at any time by written notice or by the surrender of this cover note to the said Insurer's Representative. This cover note may also be cancelled, with or without the return or tender of the unearned premium, by the Insurer's Representative, in their behalf, by delivering to the Assured, or by sending to the Assured by mail, registered or unregistered, at the Assured's address as shown herein, not less than five days' written notice, stating when the cancellation shall be effective, and in such case the Insurers shall refund the paid premium less the earned portion thereof on demand, subject always to the retention by the Insurers hereon of any minimum premium stipulated herein (or proportion thereof previously agreed upon) in the event of cancellation either by the Insurers or the Assured.

3. **Service of Suit Clause—**It is agreed that in the event of the failure of the Insurers to pay any amount claimed to be due hereunder, the Insurers, at the request of the insured (or reinsured), will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

   It is further agreed that service of process in such suit may be made upon
       Lord, Bissell & Brook, 115 South La Salle Street, Chicago, Illinois 60603, or Mendes & Mount, 3 Park Avenue, New York, New York 10016 or their nominee, and
   that in any suit instituted against any of them upon this contract, the Insurers will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

   The above-named are authorized and directed to accept service of process on behalf of the Insurers in any such suit and/or upon the request of the insured (or reinsured) to give a written undertaking to the insured (or reinsured) that they will enter a general appearance upon the Insurer's behalf in the event such a suit shall be instituted.

   Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefor, the Insurers hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured (or reinsured) or any beneficiary hereunder arising out of this contract of insurance (or reinsurance), and hereby designate the above-named as the person to whom the said officer is authorized to mail such process or a true copy thereof.

4. It is expressly understood and agreed by the Assured by accepting this instrument that the said Insurer's Representative, is not an Assurer hereunder and that the said Insurer's Representative, neither is nor shall be in any way or to any extent liable for any loss or claim whatever, but that the Insurers hereunder are those as shown elsewhere in this cover note.

5. The Assured shall immediately report to the said Insurer's Representative, an occurrence likely to result in a claim under this cover note, and shall also file with the said Insurer's Representative, detailed sworn proof of interest and loss within sixty days from the date of loss. Failure by the Assured either to report the said loss or damage or to file such written proof of loss as above provided, shall invalidate any claim under this cover note.

6. All adjusted claims shall be paid or made good to the Assured within thirty days after presentation and acceptance of satisfactory proofs of interest and loss at the office of the said Insurer's Representative.

7. Loss, if any, to be payable in Chicago, Illinois, in United States Currency.

8. This cover note does not cover loss or damage directly or indirectly occasioned by, happening through or in consequence of war, invasion, acts of foreign enemies, hostilities (whether war be declared or not), civil war, rebellion, revolution, insurrection, military or usurped power or confiscation or nationalization or requisition or destruction of or damage to property by or under the order of any government or public or local authority.

9. **TAX CLAUSE—**Notice is hereby given that the Insurers have agreed to allow for the purpose of paying the Federal Excise Tax 4% (1% personal accident or reinsurance) of the premium payable hereon to the extent such premium is subject to Federal Excise Tax. It is understood and agreed that in the event of any return of premium becoming due hereunder the Insurers will deduct 4% (1% personal accident or reinsurance) from the amount of the return and the Assured or his agent should take steps to recover the Tax from the U.S. Government.

10. This insurance is made and accepted subject to all the provisions, conditions and warranties set forth herein or endorsed hereon or appearing on the reverse side hereof, all of which are to be considered as incorporated herein.

11. Any provision or conditions appearing in any forms attached hereto and made a part hereof, which conflict with or alter the cover note provisions stated above, shall supersede the provisions appearing in this cover note, insofar as the latter are inconsistent with the provisions appearing in such attached forms.

12. This cover note shall not be assigned either in whole or in part, without the written consent of the said Insurer's Representative, endorsed hereon.

13. This cover note shall not be valid unless signed by the said Insurer's Representative.

Z 6208

FORM:

J(a) plus Short Excess Wording following
Underlying as expiring
INCLUDING: Workers' Compensation Act, Federal
Longshoremen's and Harbor Workers' Act, Real
Estate Agents Errors and Omissions Liability
and Employee Benefits Liability but excluding
claims resulting from Employee Retirement
Income Act (1974) following Underlying.

INTEREST:

Covering in respect of the Assured's operations

SUM INSURED:

$50,000,000 any one occurrence
$50,000,000 annual aggregate wherein the
               Underlying
Only To Pay The Excess Of:
$50,000,000 any one occurrence
$50,000,000 annual aggregate where applicable

CONDITIONS:

90 days Cancellation Clause
Service of Suit Clause (T.L. Stevens)
Notice of loss to Rollins, Burdick Hunter
 Chicago, IL
N.M.A. 1256
N.M.A. 1477
Seepage and Pollution Clause as Underlying

Situated:

Worldwide

Z 6210

# Short Rate Cancellation Table

## For Term of One Year

| Days Policy in Force | | Per Cent of One Year Premium | Days Policy in Force | | Per Cent of One Year Premium |
|---|---|---|---|---|---|
| 1 | | 5% | 154-156 | | 53% |
| 2 | | 6 | 157-160 | | 54 |
| 3- 4 | | 7 | 161-164 | | 55 |
| 5- 6 | | 8 | 165-167 | | 56 |
| 7- 8 | | 9 | 168-171 | | 57 |
| 9- 10 | | 10 | 172-175 | | 58 |
| 11- 12 | | 11 | 176-178 | | 59 |
| 13- 14 | | 12 | 179-182 | (6 mos.) | 60 |
| 15- 16 | | 13 | 183-187 | | 61 |
| 17- 18 | | 14 | 188-191 | | 62 |
| 19- 20 | | 15 | 192-196 | | 63 |
| 21- 22 | | 16 | 197-200 | | 64 |
| 23- 25 | | 17 | 201-205 | | 65 |
| 26- 29 | | 18 | 206-209 | | 66 |
| 30- 32 | (1 mo.) | 19 | 210-214 | (7 mos.) | 67 |
| 33- 36 | | 20 | 215-218 | | 68 |
| 37- 40 | | 21 | 219-223 | | 69 |
| 41- 43 | | 22 | 224-228 | | 70 |
| 44- 47 | | 23 | 229-232 | | 71 |
| 48- 51 | | 24 | 233-237 | | 72 |
| 52- 54 | | 25 | 238-241 | | 73 |
| 55- 58 | | 26 | 242-246 | (8 mos.) | 74 |
| 59- 62 | (2 mos.) | 27 | 247-250 | | 75 |
| 63- 65 | | 28 | 251-255 | | 76 |
| 66- 69 | | 29 | 256-260 | | 77 |
| 70- 73 | | 30 | 261-264 | | 78 |
| 74- 76 | | 31 | 265-269 | | 79 |
| 77- 80 | | 32 | 270-273 | (9 mos.) | 80 |
| 81- 83 | | 33 | 274-278 | | 81 |
| 84- 87 | | 34 | 279-282 | | 82 |
| 88- 91 | (3 mos.) | 35 | 283-287 | | 83 |
| 92- 94 | | 36 | 288-291 | | 84 |
| 95- 98 | | 37 | 292-296 | | 85 |
| 99-102 | | 38 | 297-301 | | 86 |
| 103-105 | | 39 | 302-305 | (10 mos.) | 87 |
| 106-109 | | 40 | 306-310 | | 88 |
| 110-113 | | 41 | 311-314 | | 89 |
| 114-116 | | 42 | 315-319 | | 90 |
| 117-120 | | 43 | 320-323 | | 91 |
| 121-124 | (4 mos.) | 44 | 324-328 | | 92 |
| 125-127 | | 45 | 329-332 | | 93 |
| 128-131 | | 46 | 333-337 | (11 mos.) | 94 |
| 132-135 | | 47 | 338-342 | | 95 |
| 136-138 | | 48 | 343-346 | | 96 |
| 139-142 | | 49 | 347-351 | | 97 |
| 143-146 | | 50 | 352-355 | | 98 |
| 147-149 | | 51 | 356-360 | | 99 |
| 150-153 | (5 mos.) | 52 | 361-365 | (12 mos.) | 100 |

Rules applicable to policies with terms less than or greater than 12 months:

A. If policy has been in force for 12 months or less, apply the standard short rate table for annual policies to the full annual premium determined as for a policy written for a term of one year.

B. If policy has been in force for more than 12 months:
   1. Determine full annual premium as for a policy written for a term of one year.
   2. Deduct such premium from the full policy premium, and on the remainder calculate the pro-rata earned premium on the basis of the ratio of the length of time beyond one year the policy has been in force to the length of time beyond one year for which the policy was originally written.
   3. Add premium produced in accordance with items (1) and (2) to obtain earned premium during full period policy has been in force.

Z 6211



NOTICE TO POLICYHOLDER: "This contract is issued, pursuant to Section 445 of the Illinois Insurance Code, by an insurer not authorized and licensed to transact business in Illinois and as such is not covered by the Illinois Insurance Guaranty Fund."

## ILLINOIS

### For the information of the Attorney-in-Fact.

Illinois Brokers'
Cover Note No. ...... S L   3 0 7 3

Countersigning Date... A u c  3  1 9 8 4

ROLLINS E



L1 027

S    2002 (11.4.74) R

Z 6202