# EXHIBIT 15

Case 1:05-cv-01125-PLF    Document 136-12    Filed 11/23/2005    Page 1 of 3

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com



**David A. Luttinger**
212.309.6177
dluttinger@morganlewis.com

October 13, 2005

**VIA HAND DELIVERY**

Honorable Herman Cahn
Supreme Court of the State of New York
60 Centre Street
New York, New York 10007

Re:   *Certain Underwriters at Lloyd's v. Pneumo Abex et al. – Index No. 602493/02*

Dear Justice Cahn:

We represent the policyholder, PepsiAmericas, Inc. ("PepsiAmericas") in the above-captioned action. We are compelled to respond to the October 6, 2005 letter sent to the Court by Mendes & Mount (counsel for Lloyd's). Because Mendes & Mount did not have the courtesy of sending its October 6th letter to counsel for PepsiAmericas by email, facsimile, or hand delivery, we just today received the Mendes & Mount letter, six days after it was provided to the Court.

We write to correct one glaring misstatement in the letter and affirmation from Mendes & Mount. Pneumo Abex (represented by Jones Day) has never opposed the efforts by PepsiAmericas, the first named insured on all post-1970 policies, to stay this action in favor of the two related D.C. federal court actions. Jones Day also represents Cooper (a party which is not an insured under any of the insurance policies at issue) and opposed the stay on behalf of Cooper only.

The October 4, 2005 letter from Jones Day, which is attached to Ms. McCabe's affirmation, while misleading, never states that Pneumo Abex opposes the stay, because, in fact, Pneumo Abex has not and does not oppose the stay. Pneumo Abex is a party to both of the related D.C. actions and has every interest in avoiding the relitigation of 25 years of coverage litigation that it has prosecuted before Judge Penn in D.C. PepsiAmericas is also a party to the action that has



Honorable Herman Cahn
October 13, 2005
Page 2

been pending in D.C. since 1982. Cooper is not a party to either of the D.C. actions because it has no rights under the insurance policies whatsoever and therefore is not a necessary or indispensable party to this coverage dispute.

Accordingly, nothing Lloyd's raises in its supplemental affirmation merits reconsideration of Your Honor's July 29, 2005 Order.

Very truly yours,

David A. Luttinger, Jr.

cc: All Counsel (via facsimile)

1960633_1.DOC