Exhibit A

Westlaw.

Not Reported in F.Supp.2d                                    Page 1
Not Reported in F.Supp.2d, 2002 WL 32107644 (M.D.Fla.)
**(Cite as: 2002 WL 32107644 (M.D.Fla.))**

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
M.D. Florida.
Patrick FARRELL, Plaintiff,
v.
Carl WOODHAM, Judy Woodham, et al.,
Defendants.
**No. 2:01-CV-417-FTM29DNF.**

May 29, 2002.

*ORDER*

STEELE, J.

**\*1** This matter comes before the Court on motions to dismiss filed by several of the defendants, motions for summary judgment filed by both sides, and various other motions. Plaintiff has filed a Memorandum in Support of Complaint and Response to Defendants' Motion to Dismiss (Doc. # 109). The Court concludes, for the reasons set forth below, that the motions to dismiss will be granted without prejudice, plaintiff will be allowed to file an Amended Complaint, and the summary judgment motions are either premature or moot. The other miscellaneous motions are resolved as set forth below, although not all motions require extended discussion.

Plaintiff filed a "Florida Agents In Law Enforcement Protect Wealthy Pedophiles RICO Complaint--Petition For Mandamus--Writ of Prohibition" (Doc. # 1), which is deemed to be a complaint and is hereinafter referred to as the Complaint. The Complaint contains twelve numbered counts and an unnumbered RICO claim, and alleges violations of plaintiff's civil rights under 42 U.S.C. § 1983, § 1985, § 1986, various constitutional provisions, federal RICO violations, and two state law claims. Plaintiff alleges that he was framed, arrested, and prosecuted in state court for sexual child abuse of a five year old girl on June 20, 1993, which was actually committed by defendant Carl Woodham, a member of the International Society of Krsna

Consciousness (ISKCON). Plaintiff alleges that ISKCON and its members have a long history of child abuse, which has been habitually covered up. Plaintiff alleges that eight of the defendants conspired to tell law enforcement that plaintiff had the sexual incident with the child, not Carl Woodham. On January 3, 1994, a warrant was issued for plaintiff's arrest for the incident. The case was prosecuted in state court, and plaintiff was ultimately acquitted on November 18, 1998. Plaintiff filed civil lawsuits in state court against persons who he alleged conspired to wrongfully prosecute him. Plaintiff asserts that his state civil lawsuits were barred or frustrated due to a criminal conspiracy by bribed state officers to prevent exposure of their crimes in the conspiracy against him. Plaintiff seeks judgment for the original mistake of blaming and prosecuting him for the abuse instead of Carl Woodham, and the subsequent conspiracy to conceal the mistake and wrongful prosecution.

I. Motion to Dismiss Standard of Review

In deciding a motion to dismiss, the Court must accept as true all factual allegations in the Complaint. *Hughes v. United States,* 110 F.3d 765, 767 (11th Cir.1997); *Brown v. Crawford County, Ga.,* 960 F.2d 1002, 1010 (11th Cir.1992). The Complaint must be viewed and all reasonable inferences must be made in favor of the plaintiff. *Sawinski v. Bill Currie Ford, Inc.,* 866 F.Supp. 1383, 1385 (M.D.Fla.1994)(citing *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). A Complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) (footnote omitted); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1022 (11th Cir.2001)(en banc). To satisfy the pleading requirements of Fed.R.Civ.P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992 (2002). However, dismissal is warranted under Fed.R.Civ.P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams,* 490 U.S. 319, 326 (1989); *Brown v. Crawford County, Ga.,* 960 F.2d at 1009- 10.

II. Analysis
A. Defendant Melville Brinson's Motion to Dismiss

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                      Page 2
Not Reported in F.Supp.2d, 2002 WL 32107644 (M.D.Fla.)
**(Cite as: 2002 WL 32107644 (M.D.Fla.))**

(Doc. # 61):

**\*2** Defendant Melville Brinson argues that plaintiff's Complaint should be dismissed for failure to properly plead or otherwise state a claim for conspiracy or other state law allegations of fraudulent concealment and intentional/negligent infliction of emotional distress. Defendant also argues that the case should be dismissed on the basis of *res judicata* or collateral estoppel.

The allegations against defendant Brinson are limited to the assertion that he conspired with Judge Lundy to interfere with plaintiff's due process rights. (Doc. # 1, ll.791-797). Plaintiff alleges that Judge Lundy presided over one or more of his post-acquittal civil suits, and conspired with the other defendants to push plaintiff out of court. (Doc. # 1, ll.197-214). Plaintiff alleges that Judge Lundy was "talking and laughing together" with defense counsel Melvin Brinson in the hall before a hearing, which plaintiff alleges to be an improper, *ex parte* conspiracy to violate his rights. (Doc. # 1, ll.791-797, 824-826).

"In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed." *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir.1984)(internal citations omitted). The Court finds that plaintiff has failed to adequately allege a conspiracy between attorney Brinson and Judge Lundy. In addition, to the extent that plaintiff asserts allegations regarding defendant Brinson's conduct in judicial proceedings, defendant Brinson is entitled to immunity. *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.,* 639 So.2d 606, 607-608 (Fla.1994). The motion will be granted as to plaintiff's failure to state a claim against defendant Brinson, with leave to amend, to have one opportunity to sufficiently allege a cause of action.

The Court rejects defendant's argument that the case should be dismissed because of *res judicata.* A review of the previously filed case, 2:98-cv-318-FTM-26D, shows that plaintiff's motion to proceed *in forma pauperis* was denied and the case was dismissed. In *Denton v. Hernandez,* 504 U.S. 25, 34 (1992), the Court stated: "Because a § 1915(d) dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute, the dismissal does not

prejudice the filing of a paid complaint making the same allegations." Plaintiff has now filed such a paid complaint, albeit several years after the initial dismissal. Therefore, the motion will be denied as to the *res judicata* issue.

B. Defendants Lee County Sheriff's Office, John McDougall, Rod Shoap, Robert Carmichael, Dave Palanzi, William Case, and Ed Tammayo's Motion to Dismiss (Doc. # 64):

Defendants argue that plaintiff's Complaint should be dismissed for failure to perfect service of process. The Complaint (Doc. # 1) was filed on July 27, 2001. Plaintiff was required to complete service of the summons and complaint within 120 days after the filing of the complaint. Fed.R.Civ.P. 4(m). Plaintiff failed to serve these defendants within the time allotted. Since the filing of the instant motion, however, all of the defendants were served on January 24, 2002. (*See* Docs. # 86-# 91). Therefore, the motion will be denied. Since an Amended Complaint must be filed, defendants will have the opportunity to plead or otherwise respond to the amended pleading.

C. Defendants Naveen Khurana and Michelle Khurana's Motion to Dismiss (Doc. # 65):

**\*3** Defendants argue that plaintiff has failed to state a claim and the case should be dismissed based on *res judicata.* Defendants ask the Court to take judicial notice of a circuit court case, Case No. 97-006279 CA-01. Since the case is apparently under seal, and the Court cannot examine its contents, the request for judicial notice will be denied. The motion to dismiss will therefore be denied on the theory of *res judicata.*

Plaintiff alleges that Naveen Khurana and Michelle Khurana are employees of the ISKCON Foundation, Inc., a Florida corporation, and registered agents (Doc. # 1, ll.75-78); that Michelle Khurana is a friend of Alfred Ford and reached an understanding with others to lie to the Sheriff's Office in Lee and Alachua County to frame plaintiff and mislead authorities (*Id.* at ll. 160- 167; *see also* ll. 646-649); that Michelle Farrell married Naveen Khurana, who failed to inform law enforcement of sex abuse occurring in an ISKCON temple where he, Naveen Khurana, is president (*Id.* at ll. 270-273); that Michelle Khurana was misled by Carl Woodham about plaintiff's guilt regarding a sex abuse incident (*Id.* at ll. 316-319); and that Michelle Khurana was dismissed from a case due to perjury. (*Id.* at ll. 705-706). The Court finds, taking all allegations as true,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 32107644 (M.D.Fla.)
(Cite as: 2002 WL 32107644 (M.D.Fla.))

Page 3

plaintiff has failed to state a claim. There is no claim stated against Naveen Khurana which relates to any matter for which plaintiff has standing to sue, and the allegations against Michelle Khurana are conclusory and contradictory. Nonetheless, the Court cannot determine, at this stage, whether plaintiff would be able to assert facts in support of a claim against these defendants if given an opportunity to amend. Therefore, the motion will be granted with leave to amend the Complaint.

D. Defendant David Wolfe's Motion to Dismiss Under Rule 12(b)(6) and Request to be Removed from the Caption of the Case (Doc. # 71):

Defendant seeks a dismissal of the case based on plaintiff's failure to state a claim. Plaintiff argues that defendant David Wolfe was an employee of the "Dept. of H.R.S." and Krsna devotee who concealed sex abuse occurrences from authorities. (Doc. # 1, ll.433-441). Plaintiff appears to allege some form of fraud, although it is not clear that such conduct had anything to do with plaintiff or his case. Under Fed.R.Civ.P. 9(b), fraud must be pleaded with particularity, and plaintiff has failed to do so. Plaintiff has not shown that he has any standing to sue even if the allegations of concealment of sex abuse are correct. The Court finds, taking all allegations as true, that plaintiff has failed to state a claim against this defendant. Defendant's motion will be granted, however, plaintiff will be afforded the opportunity to amend the Complaint to properly state a claim.

E. Defendants Richard Masla and Diane Masla's Motion to Dismiss (Doc. # 97):

Defendants argue that plaintiff's Complaint should be dismissed with prejudice based on judicial immunity, failure to state a claim, and res judicata. Plaintiff alleges that the Maslas conspired with Alfred Ford and others to accuse and lead authorities to the arrest of plaintiff for the sexual abuse of their daughter, when Carl Woodham was the responsible party. (Doc. # 1). Plaintiff also references testimony provided by the Maslas as to the alleged incident of sexual abuse.

*4 As previously stated, insofar as plaintiff's allegations are based on events occurring as a result of testimony in Court, defendants are immune. See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co., 639 So.2d at 607-608. The Court will deny the motion with regard to defendants' argument that the case is barred by res judicata. Defendants have failed to support the claim or otherwise show that a prior case was addressed on the merits. The Court does find, however, that plaintiff has failed to state a claim. Therefore, the motion will be dismissed on that basis, without prejudice to plaintiff to amend the Complaint to properly allege a claim against defendants, excluding any claim founded upon testimony provided in state court.

F. Defendant Alfred Ford's Motion to Dismiss and Request to be Removed From the Caption of This Case (Doc. # 102):

Defendant Alfred Ford (Ford) argues that plaintiff lacks standing to bring any of the claims asserted and has failed to state a claim for any of the causes of action alleged. Plaintiff asserts that Alfred Ford is a friend, devotee, and "business associate" of ISKCON and many of the other named defendants. (Doc. # 1, ll.87-88, 154-155, 159-161). Plaintiff alleges that defendant Ford reached an understanding with other defendants to implicate and frame plaintiff for sexual abuse of a minor through monetary support, to bribe Lee County and State of Florida officials, and to avoid a $400 million dollar lawsuit. (Id. at ll. 161-165, 191-196, 907-910). Plaintiff further alleges that defendant Ford purchased a mansion in Detroit, Michigan, converted it into a Hare Krsna temple, and hired defendant Naveen Khurana as president. (Id. at ll. 259- 261). Plaintiff alleges that defendant Ford used his "tremendous wealth" to further the interests of ISKCON, hire defendant Carl Woodham (an alleged child molester), bribe law enforcement and influence politicians to maintain ISKCON's tax exempt status. (Id. at ll. 263-269).

Plaintiff appears to allege conspiracy and fraudulent concealment, intentional and negligent infliction of emotional distress, and RICO allegations against this defendant. It does not appear, upon review of the Complaint, and taking all allegations as true, that plaintiff has alleged facts to support any of the claims asserted to withstand a motion to dismiss. As stated above, a general allegation of conspiracy is also insufficient. Therefore, the motion to dismiss will be granted, but Plaintiff will be provided one opportunity to file an amended complaint.

G. Plaintiff's Motion for Costs (Doc. # 76):

Plaintiff seeks reimbursement for costs incurred as a result of service of process. Federal Rule of Civil Procedure 4(d)(2) provides that:
If a defendant located within the United States fails

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 32107644 (M.D.Fla.)
(Cite as: 2002 WL 32107644 (M.D.Fla.))

to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

**\*5** Under Fed.R.Civ.P. 4(d)(2), plaintiff must show that the notice and request include the requirements in Fed.R.Civ.P. 4(d)(2)(A)-(G). Upon review of the Waiver of Service of Summons filed by plaintiff, the Court finds plaintiff has failed to comply with the technical requirements of Fed.R.Civ.P. 4(d)(2) or otherwise assert that the requirements have been met. *See Spivey v. Board of Church Extension & Home Mission of Church of God*, 160 F.R.D. 660, 662-63 (M.D.Fla.1995). In addition, the Court notes that plaintiff's Motion does not comply with Fed.R.Civ.P. 5, in that the Certificate of Service is deficient. Therefore, this motion will be denied at this stage of the proceedings.

H. Plaintiff's Motion for Attorney's Fee's [sic] (Doc. # 92):

Plaintiff seeks attorney's fees and costs incurred in defending himself in a related state criminal case. A motion in this case is not the proper procedure to seek recovery of attorney fees in the state criminal case, which would constitute damages. Additionally, plaintiff has failed to file a Certificate of Service, pursuant to Fed.R.Civ.P. 5, indicating that defendants were served with the motion. The motion will be denied.

I. Plaintiff's Motion for Default Judgment (Doc. # 99):

Plaintiff seeks the entry of a default judgment against defendants William Deadwyler and Lenny Rader. A review of the docket indicates that William Deadwyler was served on January 8, 2002, by personal service, and Lenny Rader was served on January 16, 2002, by serving his son. (Docs.# 82, # 85, # 98). Lenny Radar filed a Motion to Deny Plaintiff's Motion for Summary Judgment (Doc. # 171).

Federal Rule of Civil Procedure 55(a) states: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Plaintiff has not sought a Clerk's Default, and since no defaults have been entered, no default judgment can be entered as against the parties pursuant to Fed.R.Civ.P. 55(b).

Therefore, the motion will be denied.

J. Plaintiff's Motion to Strike (Doc. # 106):

Plaintiff seeks to have defendants Alane Laboda, Craig Ferrante, Keith Kyle, and Henderson Franklin's Motion for Rule 11 and Common Law Sanctions (Doc. # 55) stricken as a sham pleading. Defendants filed a Response to Plaintiff's Motion to Strike (Doc. # 118) on March 4, 2002. The Court finds that the motion is not a sham pleading, and therefore plaintiff's motion will be denied.

K. Defendant Craig Ferrante, Keith Kyle, and Henderson Franklin's Motion to Require Pre-Filing Approval of All Future Pleadings in this Cause and All Future Actions Instituted by Plaintiff as a Pro Se Litigant (Doc. # 27); Defendants Joe D'Allessandro, Melissa Skeen, Susan Tacy, Alane Laboda, Maida Wasserman, John Dommerich, Jay Rosman, and Jack Lundy's Motion to Require Pre-Filing Approval of All Future Pleadings in this Cause and All Future Actions Instituted by Plaintiff as a Pro Se Litigant (Doc. # 31); and Defendants Naveen Khurana and Michelle Khurana's Motion to Require Pre-Filing Approval of All Future Pleadings in this Cause and All Future Actions Instituted by Plaintiff as a Pro Se Litigant (Doc. # 68):

**\*6** Having reviewed the documents submitted by plaintiff, it is not apparent to the Court at this stage that plaintiff has been a "notoriously vexatious and vindictive litigator" or otherwise unduly litigious, as described in *Martin-Trigona v. Shaw*, 986 F.2d 1384 (11th Cir.1993). Although plaintiff's Complaint (Doc. # 1) is disjointed and must be amended, the Court does not find that he has, at this point, otherwise abused the system or filed frivolous documents. Therefore, the motions will be denied at this stage of the proceedings.

L. Defendants Craig Ferrante, Keith Kyle, and Henderson Franklin's Motion for Rule 11 and Common Law Sanctions (Doc. # 55),; Defendants Naveen Khurana and Michelle Khurana's Motion for Rule 11 and Common Law Sanctions (Doc. # 67); and Defendants Carl Woodham and Judy Woodham's Motion for Rule 11 and Common Law Sanctions (Doc. # 104):

Defendants argue that sanctions should be imposed against plaintiff for filing a Complaint for an improper purpose, to harass and cause unnecessary expenses, as frivolous and unsupported by established law, and without evidentiary support.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 32107644 (M.D.Fla.)
(Cite as: 2002 WL 32107644 (M.D.Fla.))

The Court does not find that sanctions are appropriate at this stage. The Court also finds that plaintiff is entitled to some leniency considering his *pro se* status, including the opportunity to properly state a claim if he can do so. Plaintiff has not yet been afforded an opportunity to amend his Complaint to comply with Fed.R.Civ.P. 8 and 10. Therefore, the motions will be denied.

M. Plaintiff's Motion to Amend Complaint Clarifying Count Ten in the Original Complaint (Doc. # 108):

Plaintiff seeks to amend his Complaint to clarify Count Ten. The Court finds, however, that plaintiff's attached proposed Amended Complaint is still deficient and does not address the other problems addressed in this Order. Therefore, plaintiff's motion will be denied, but he will be required to file an amended complaint according to instructions given below.

N. Plaintiff's Motion for Rule 11 and Common Law Sanctions (Doc. # 114):

Plaintiff seeks sanctions against defendants who filed and adopted the first Motion for Rule 11 Sanctions (Doc. # 55). The Court finds that sanctions are not warranted, and the Court will deny the motion.

O. Plaintiff's Petition for Writ of Mandamus (Doc. # 116):

Plaintiff seeks a writ compelling: (1) the investigation of a probable cause affidavit signed by defendant Carmichael; (2) the Speaker of the Florida House of Representatives to appoint a committee to investigate defendants; (3) the United States Department of Justice to investigate the matter and prosecute the alleged defendant conspirators; (4) the Internal Revenue Service Criminal Investigation Division to examine ISKCON for tax fraud; and (5) Congress to order the Commissioner of the Internal Revenue Service to re-examine ISKCON. Plaintiff also seeks compensatory damages in the amount of $100,000.

First, writs of mandamus in the district court have been abolished. Fed.R.Civ.P. 81(b). Second, while federal courts have jurisdiction over mandamus actions that seek to compel a federal official to perform a specific duty, 28 U.S.C. § 1361, federal courts have no general power to compel performance

by a state official where mandamus is the only relief sought. *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir.1973); [FN1] *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir.1973). Third, even if the Court had mandamus jurisdiction, petitioner has failed to show entitlement to a writ of mandamus. A writ of mandamus is an extraordinary remedy which is available only when there is no other adequate means available to remedy a clear usurpation of power or abuse of discretion. *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir.1997). A petitioner must show both that he lacks adequate alternative means to obtain the relief sought and carry the burden of showing that his right to issuance of a writ is clear and indisputable. *In re Am. Airlines, Inc.*, 972 F.2d 605, 608 (11th Cir.1992). In this case petitioner has not and cannot satisfy either requirement. Therefore, the motion will be denied.

> FN1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

P. Plaintiff's Motions to Add Party (Docs.# 120, # 125):

*7 Plaintiff seeks to add Judge William McIver and Florida Governor Jeb Bush as defendants. Plaintiff seeks to add Judge McIver based on his ruling against plaintiff in a state case. As the law set forth in a May 28, 2002 Order establishes, Judge McIver is entitled to judicial immunity for his conduct in the courtroom and over judicial proceedings. Plaintiff has not alleged any facts to demonstrate that Judge McIver acted in clear absence of all jurisdiction. Therefore the motion will be denied.

As to Governor Bush, plaintiff seeks to add him as a representative of the State of Florida. The Supreme Court has held that "an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens. Lawsuits against a state official in his or her official capacity are suits against the state when 'the state is the real, substantial party in interest." ' *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir.1990) (citations omitted). The Court finds that the State of Florida has not waived its Eleventh Amendment immunity, and insofar as plaintiff wishes to sue Governor Bush in his official capacity, the Governor is entitled to immunity. *See Tuveson v. Florida Governor's Council on Indian*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 32107644 (M.D.Fla.)
**(Cite as: 2002 WL 32107644 (M.D.Fla.))**

*Affairs, Inc.,* 734 F.2d 730 (11th Cir.1984). Therefore the motion will be denied.

Q. Defendants Lee County Sheriff's Office, John McDougall, Rod Shoap, Robert Carmichael, Dave Palanzi, William Case, and Ed Tamayo's Motion to Strike Plaintiff's Amended Complaint (Doc. # 121):

Defendants seek to strike plaintiff's Amended Complaint. As the Court has not allowed plaintiff to file the Amended Complaint attached to his Motion to Amend Complaint Clarifying Count Ten in the Original Complaint (Doc. # 108), the motion will be denied as moot.

R. Plaintiff's Motion for Summary Judgment (Doc. # 126); Defendants Craig Ferrante, Keith Kyle, and Henderson Franklin's Motion for Summary Judgment (Doc. # 146); Defendants Carl and Judy Woodham's Motion to Deny Plaintiff's Motion for Summary Judgment (Doc. # 153); Defendant Lenny Rader's Motion to Deny Plaintiff's Motion for Summary Judgment (Doc. # 171):

Both sides assert that there are no genuine issues of fact and that they are entitled to summary judgment. The Court finds that the case has not proceeded to the point where a summary judgment would be appropriate. The Court has dismissed some defendants with prejudice, and is allowing plaintiff an opportunity to amend the Complaint. Therefore, the motions will be denied as moot as to defendants who have been dismissed with prejudice and premature as to other defendants.

S. Defendants Carl Woodham and Judy Woodham's Motion to Dismiss (Doc. # 139):

Defendants argue that the case should be dismissed with prejudice and deny all allegations, as they pertain to them, in the Complaint. As the Court has previously stated, plaintiff is entitled to at least one amendment of the Complaint to comply with the Federal Rules and plaintiff will be given the opportunity to properly allege his claims against the defendants. At this time, the motion will be granted, without prejudice, as plaintiff has failed to allege a cause of action for relief against these defendants. Defendants' 3- year old daughter will be dismissed with prejudice as the Court finds that there are no set of facts plaintiff could allege to state a claim against Leela Woodham.

T. Defendant Melville G. Brinson's Motion to Strike Plaintiff's Memorandum of Law for Motion for

Summary Judgment (Doc. # 159) and Defendants Naveen Khurana and Michelle Khurana's Motion to Strike Plaintiff's Memorandum of Law for Motion for Summary Judgment (Doc. # 170):

*8 Defendants seek to have plaintiff's motion stricken for failure to file a supporting memorandum of law pursuant to United States District Court, Middle District of Florida, Local Rule 3.01(a). Although not immediately apparent, plaintiff did file a Memorandum in Support (Doc. # 143) a week later. Therefore, these motions will be denied as moot.

U. Defendant Charles Rossotti, Commissioner of Internal Revenue's Motion for Enlargement of Time Within Which to Respond to Complaint (Doc. # 180):

Defendant seeks an additional thirty days in which to file a responsive pleading. The Court will grant this motion *nunc pro tunc,* and accept the Motion to Dismiss (Doc. # 206) as timely.

Accordingly, it is now

ORDERED:

1. Defendant Melville Brinson's Motion to Dismiss (Doc. # 61) is GRANTED, and Defendant Brinson is DISMISSED without prejudice.

2. Defendants Lee County Sheriff's Office, John McDougall, Rod Shoap, Robert Carmichael, Dave Palanzi, William Case, and Ed Tammayo's Motion to Dismiss (Doc. # 64) is DENIED.

3. Defendants Naveen Khurana and Michelle Khurana's Motion to Dismiss (Doc. # 65) is GRANTED, and Defendants Naveen Khurana and Michelle Khurana are DISMISSED without prejudice.

4. Defendant David Wolfe's Motion to Dismiss Under Rule 12(b)(6) and Request to be Removed from the Caption of the Case (Doc. # 71) is GRANTED insofar as defendant David Wolfe is DISMISSED without prejudice. The motion is denied in all other respects.

5. Defendants Richard Masla and Diane Masla's Motion to Dismiss (Doc. # 97) is GRANTED, and Defendants Richard Masla and Diane Masla are DISMISSED without prejudice.

6. Defendant Alfred Ford's Motion to Dismiss and Request to be Removed From the Caption of This

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 32107644 (M.D.Fla.)
(Cite as: 2002 WL 32107644 (M.D.Fla.))

Case (Doc. # 102) is GRANTED insofar as defendant Alfred is DISMISSED without prejudice. The motion is denied in all other respects.

7. Defendants Carl Woodham and Judy Woodham's Motion to Dismiss (Doc. # 139) is GRANTED. Defendants Carl Woodham and Judy Woodham are DISMISSED without prejudice; defendant Leela Woodham is DISMISSED with prejudice.

8. Plaintiff's Motion for Costs (Doc. # 76) is DENIED.

9. Plaintiff's Motion for Attorney's Fee's [sic] (Doc. # 92) is DENIED.

10. Plaintiff's Motion for Default Judgment (Doc. # 99) is DENIED.

11. Plaintiff's Motion to Strike (Doc. # 106) is DENIED.

12. Defendant Craig Ferrante, Keith Kyle, and Henderson Franklin's Motion to Require Pre-Filing Approval of All Future Pleadings in this Cause and All Future Actions Instituted by Plaintiff as a Pro Se Litigant (Doc. # 27) is DENIED.

13. Defendants Joe D'Allessandro, Melissa Skeen, Susan Tacy, Alane Laboda, Maida Wasserman, John Dommerich, Jay Rosman, and Jack Lundy's Motion to Require Pre-Filing Approval of All Future Pleadings in this Cause and All Future Actions Instituted by Plaintiff as a Pro Se Litigant (Doc. # 31) is DENIED.

14. Defendants Naveen Khurana and Michelle Khurana's Motion to Require Pre-Filing Approval of All Future Pleadings in this Cause and All Future Actions Instituted by Plaintiff as a Pro Se Litigant (Doc. # 68) is DENIED.

*9 15. Defendants Craig Ferrante, Keith Kyle, and Henderson Franklin's Motion for Rule 11 and Common Law Sanctions (Doc. # 55) is DENIED.

16. Defendants Naveen Khurana and Michelle Khurana's Motion for Rule 11 and Common Law Sanctions (Doc. # 67) is DENIED.

17. Plaintiff's Motion to Amend Complaint Clarifying Count Ten in the Original Complaint (Doc. # 108) is DENIED.

18. Plaintiff's Motion for Rule 11 and Common Law Sanctions (Doc. # 114) is DENIED.

19. Petition for Writ of Mandamus (Doc. # 116) is DENIED.

20. Plaintiff's Motions to Add Party (Docs.# 120, # 125) are DENIED.

21. Defendants Lee County Sheriff's Office, John McDougall, Rod Shoap, Robert Carmichael, Dave Palanzi, William Case, and Ed Tamayo's Motion to Strike Plaintiff's Amended Complaint (Doc. # 121) is DENIED as moot.

22. Defendants Richard Masla and Diane Masla's Motion for Judicial Notice of Lee County State Circuit Court Proceedings (Doc. # 142) and defendants Craig Ferrante, Keith Kyle, and Henderson Franklin's Request for Judicial Notice (Doc. # 149) are DENIED.

23. Plaintiff's Motion for Summary Judgment (Doc. # 126) is DENIED as moot.

24. Defendants Craig Ferrante, Keith Kyle, and Henderson Franklin's Motion for Summary Judgment (Doc. # 146) is DENIED as moot.

25. Defendants Carl and Judy Woodham's Motion to Deny Plaintiff's Motion for Summary Judgment (Doc. # 153) is DENIED as moot.

26. Defendant Lenny Rader's Motion to Deny Plaintiff's Motion for Summary Judgment (Doc. # 171) is DENIED as moot.

27. Defendant Melville G. Brinson's Motion to Strike Plaintiff's Memorandum of Law for Motion for Summary Judgment (Doc. # 159) is DENIED as moot.

28. Defendants Naveen Khurana and Michelle Khurana's Motion to Strike (Doc. # 170) is DENIED as moot.

29. Defendant Charles Rossotti, Commissioner of Internal Revenue's Motion for Enlargement of Time Within Which to Respond to Complaint (Doc. # 180) is GRANTED, nunc pro tunc. The Motion to Dismiss (Doc. # 206) shall be deemed timely.

30. Defendant Charles Rossotti, Commissioner of Internal Revenue's Motion to Dismiss (Doc. # 206) is DENIED as moot in light of the amended complaint to be filed.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 32107644 (M.D.Fla.)
(Cite as: 2002 WL 32107644 (M.D.Fla.))

31. Plaintiff's Motion for Default Judgment (Doc. # 211) is DENIED.

32. Plaintiff shall file an Amended Complaint within TWENTY (20) DAYS of the date of this Order following the instructions set forth below:

Plaintiff may not name as a defendant any person or entity previously dismissed with prejudice. Plaintiff must name as Defendants only those persons or entities who are responsible for the alleged constitutional violations or state law claims. If Plaintiff intends to proceed against the remaining named defendants, those not dismissed with prejudice herein, he must allege which acts were committed by these Defendants and how each act entitles him to relief. Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for Plaintiff to merely list constitutional rights or federal rights and/or statutes. Plaintiff must provide support in the statement of facts for the claimed violations. If, in the body of the amended complaint Plaintiff should clearly describe *how each named defendant* is involved in the alleged claim. Plaintiff must provide support in the statement of facts for the claimed violations. More than conclusory and vague allegations are required to state a cause of action. Plaintiff must also state which defendants are being sued for each particular count of the Amended Complaint.

**10** Plaintiff is reminded that his *pro se* status does not free him from the requirements of the Federal Rules of Civil Procedure, which Rules plaintiff is directed to consult before filing this additional material.

All documents filed with the Court must include a caption (the same as is set forth on Plaintiff's Complaint); a brief title which describes the contents of the document; Plaintiff's name and signature; and a Certificate of Service. All pleadings, motion, or other papers filed with the Court by Plaintiff must bear an original signature, or they will be rejected by the Court. Among other things, such signature serves as Plaintiff's certification, pursuant to Fed.R.Civ.P. 11(b), that said document is not submitted for any improper purpose; that the claims and defenses presented therein are warranted by existing law; and that there exists reasonable factual support for allegations or assertions made therein. Plaintiff is advised to review and become familiar with Fed.R.Civ.P. 11, as the failure to comply with its

provisions can result in the imposition of sanctions, including monetary fines.

All pleadings, motion, or other papers filed with the Court by Plaintiff must also include a signed Certificate of Service. Such is Plaintiff's certification that he has complied with the requirements of Fed.R.Civ.P. 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

Plaintiff is generally advised that he must timely and properly respond to all motions filed by other parties in this case, for if he does not timely respond to such a motion, the Court will assume that Plaintiff does not oppose that motion and any relief requested therein. Important motions that Plaintiff must promptly and properly respond to include, but are not limited to, Motions to Dismiss under Fed.R.Civ.P. 12(b) and Motions for Summary Judgment under Fed.R.Civ.P. 56. Plaintiff is advised that, unless the Court directs otherwise, Local Rule 3.01(b) requires that any brief or legal memorandum in opposition to a motion must be filed within ten (10) days after Plaintiff is served with that motion by his opponent.

Not Reported in F.Supp.2d, 2002 WL 32107644 (M.D.Fla.)

## Motions, Pleadings and Filings (Back to top)

• 2003 WL 23804502 (Trial Motion, Memorandum and Affidavit) Plaintiffs Response to Defendants Motion for Summary Judgement (Oct. 15, 2003)

• 2003 WL 23804495 (Trial Motion, Memorandum and Affidavit) Defendant Rod Shoap's and Robert Carmichael's Motion for Summary Judgment (Oct. 06, 2003)

• 2003 WL 23804486 (Trial Motion, Memorandum and Affidavit) Plaintiffs Response to Defendant Shoaps Motion to Dismiss (Sep. 29, 2003)

• 2003 WL 23804478 (Trial Motion, Memorandum and Affidavit) Defendants, Rod Shoap and Robert Carmichael's Response to Plaintiff's "Most Recent Renewed Motion for Summary Judgment" (Plaintiff's Fifth Motion for Summary Judgment) (Aug. 20,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 32107644 (M.D.Fla.)
(Cite as: 2002 WL 32107644 (M.D.Fla.))

2003)

• 2003 WL 23804470 (Trial Motion, Memorandum and Affidavit) Plaintiffs Response to Defendant Sheriff Response to Plaintiffs Motion for Summary Judgement with Exhibits (Jun. 23, 2003)

• 2003 WL 23804464 (Trial Motion, Memorandum and Affidavit) Defendants, Rod Shoap and Robert Carmichael's Response to Plaintiff's Fourth Motion for Summary Judgment (Jun. 19, 2003)

• 2003 WL 23804460 (Trial Motion, Memorandum and Affidavit) Plaintiffs Renewed Motion for Summary Judgement (Jun. 10, 2003)

• 2003 WL 23804451 (Trial Motion, Memorandum and Affidavit) Defendants' Response to Plaintiff's Motion for Relief from Judgment and Order (Apr. 21, 2003)

• 2003 WL 23804456 (Trial Motion, Memorandum and Affidavit) Plaintiffs Response to: Sheriffs Response to Summary Judgement (Apr. 21, 2003)

• 2003 WL 23804445 (Trial Motion, Memorandum and Affidavit) Defendants Maslas' Memorandum of Law Opposing Plaintiff's Motion for Relief from Judgment and Order (Apr. 18, 2003)

• 2003 WL 23804439 (Trial Motion, Memorandum and Affidavit) Defendants Maslas' Motion to Strike and/or Deny Plaintiff's Motion for Summary Judgment and Incorporated Memorandum of Law (Apr. 17, 2003)

• 2003 WL 23804434 (Trial Motion, Memorandum and Affidavit) Defendants, Rod Shoap and Robert Carmichael's Response to Plaintiff's Third Motion for Summary Judgment (Apr. 14, 2003)

• 2003 WL 23804437 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Defendants' Response to Plaintiff's Third Motion for Summary Judgment (Apr. 14, 2003)

• 2003 WL 23804431 (Trial Motion, Memorandum and Affidavit) Plaintiffs Motion for Relief from Judgement and Order (Apr. 04, 2003)

• 2003 WL 23804427 (Trial Pleading) Defendants' Rod Shoap and Robert Carmichael's Answer and Affirmative Defenses to Plaintiff's Amended Complaint/Statement of the Case (Mar. 28, 2003)

• 2003 WL 23804416 (Trial Motion, Memorandum and Affidavit) Defendants Maslas' Memorandum of Law Opposing Plaintiff's Motion for Summary Judgment (Mar. 04, 2003)

• 2003 WL 23804406 (Trial Motion, Memorandum and Affidavit) Defendant's Response to Plaintiff's Motion for Summary Judgment (Feb. 27, 2003)

• 2003 WL 23804401 (Trial Motion, Memorandum and Affidavit) Defendant, Richard Masla and Diane Masla's, Memorandum of Law in Support of its Motion to Discharge/Dissolve Plaintiff's Notice of Lis Pendens and Motion for Sanctions (Feb. 03, 2003)

• 2002 WL 32661561 (Trial Motion, Memorandum and Affidavit) Plaintiffs Response to D'Alessandro's and LaBoda's Motion for Costs (Oct. 04, 2002)

• 2002 WL 32661552 (Trial Motion, Memorandum and Affidavit) Defendants D'Alessandro's and LaBoda's Motion for Costs and Attorney's Fees Pursuant to 42 U.S.C. § 1988 and Memorandum in Support (Oct. 01, 2002)

• 2002 WL 32661543 (Trial Motion, Memorandum and Affidavit) Motion for Order Dismissing Plaintiff's Complaint with Prejudice and Incorporated Memorandum of Law (Sep. 09, 2002)

• 2002 WL 32661535 (Trial Motion, Memorandum and Affidavit) Defendant, Howard Resnick's Response to Order to Show Cause (Aug. 29, 2002)

• 2002 WL 32661527 (Trial Motion, Memorandum and Affidavit) 1. Plaintiffs Revised Response to Defendant Carl and Judy Woodhams Motion to Dismiss and; 2. Plaintiffs Response to Defendants Response to Plaintiffs Original Motion to Strike (Aug. 13, 2002)

• 2002 WL 32661508 (Trial Motion, Memorandum and Affidavit) Plaintiffs Motion to Dismiss Defendants Deadwyler, Resnick and Jacobs Motion to Dismiss (Aug. 12, 2002)

• 2002 WL 32661519 (Trial Motion, Memorandum and Affidavit) Plaintiffs Memorandum of Law in Support of Motion to Dismiss Defendants Deadwyler, Resnick and Jacobs Motion to Dismiss (Aug. 12, 2002)

• 2002 WL 32661490 (Trial Motion, Memorandum and Affidavit) Response to Plaintiff's Motion to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 10
Not Reported in F.Supp.2d, 2002 WL 32107644 (M.D.Fla.)
**(Cite as: 2002 WL 32107644 (M.D.Fla.))**

Strike and for Relief from Local Rule 3.01 (g) (Aug. 08, 2002)

• 2002 WL 32661500 (Trial Motion, Memorandum and Affidavit) Plaintiffs Addendum to Motion to Dismiss Lee Co. Sheriffs Motion to Dismiss (Aug. 08, 2002)

• 2002 WL 32661477 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Plaintiff's Notice of Fraud Upon the Court and Request for Criminal Investigation (Aug. 07, 2002)

• 2002 WL 32661464 (Trial Motion, Memorandum and Affidavit) Plaintiffs Response to Defendant Masla Motion to Dismiss (Aug. 01, 2002)

• 2002 WL 32661444 (Trial Motion, Memorandum and Affidavit) Second Motion to Dismiss by Internal Revenue Service and Charles Rossotti, Commissioner of Internal Revenue (Jul. 29, 2002)

• 2002 WL 32661451 (Trial Motion, Memorandum and Affidavit) Plaintiffs Memorandum of Law in Support of Motion to Strike Defendant Carl and Judy Woodhams Motion to Dismiss (Jul. 29, 2002)

• 2002 WL 32661366 (Trial Motion, Memorandum and Affidavit) Plaintiffs Response to Defendant Masla Motion to Dismiss (Doc. #249) (Title of Pleading) (Jul. 24, 2002)

• 2002 WL 32661412 (Trial Motion, Memorandum and Affidavit) Brief in Support of Defendant William Deadwyler's Motion to Dismiss Under Rule 12(b)(6) and Request to be Removed from the Caption of the Case (Jul. 24, 2002)

• 2002 WL 32661419 (Trial Motion, Memorandum and Affidavit) Brief in Support of Defendant Howard Resnick's Motion to Dismiss Under Rule 12(b)(6) and Request to be Removed from the Caption of the Case (Jul. 24, 2002)

• 2002 WL 32661434 (Trial Motion, Memorandum and Affidavit) Brief in Support of Defendant Bruce Jacobs's Motion to Dismiss Under Rule 12(b)(6) and Request to Be Removed from the Caption of the Case (Jul. 24, 2002)

• 2002 WL 32661397 (Trial Motion, Memorandum and Affidavit) Defendants Naveen Khurana and Michelle Khurana's Response to Plaintiff's Request for Default Judgment (Jul. 23, 2002)

• 2002 WL 32661405 (Trial Motion, Memorandum and Affidavit) Defendant, Lenny Rader's Response to Plaintiff's Request for Default Judgement (Jul. 23, 2002)

• 2002 WL 32661387 (Trial Motion, Memorandum and Affidavit) Plaintiffs Memorandum of Law in Support of Motion to Dismiss Maslas Motion to Dismiss (Jul. 15, 2002)

• 2002 WL 32661359 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of the Defendant Woodhams' Motion to Dismiss (Jul. 10, 2002)

• 2002 WL 32661355 (Trial Motion, Memorandum and Affidavit) Motion for Judicial Notice of Lee County State Circuit Court Proceedings (Jul. 08, 2002)

• 2002 WL 32661341 (Trial Motion, Memorandum and Affidavit) Opposition by Defendant Charles Rossotti, Commissioner of Internal Revenue, to Plaintiff's Motion for Costs (Jul. 05, 2002)

• 2002 WL 32661348 (Trial Motion, Memorandum and Affidavit) Opposition by Defendant Charles Rossotti, Commissioner of Internal Revenue, to Plaintiff's Motion for Costs (Jul. 05, 2002)

• 2002 WL 32661331 (Trial Motion, Memorandum and Affidavit) Plaintiffs Memorandum of Law in Support of Motion to Dismiss Lee Co. Sheriff's Motion to Dismiss (Jul. 03, 2002)

• 2002 WL 32661312 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in Support of Motion to Dismiss Plaintiff's Amended Complaint/Statement of Case for Failure to State a Claim Upon Which Relief Can be Granted (Jul. 01, 2002)

• 2002 WL 32661321 (Trial Motion, Memorandum and Affidavit) Motion to Dismiss Defendant Khuranas Motion to Dismiss (Jul. 01, 2002)

• 2002 WL 32661307 (Trial Motion, Memorandum and Affidavit) Defendants Naveen Khurana and Michelle Khurana's Motion to Dismiss Amended Complaint and Memorandum of Law in Support of Their Motion to Dismiss (Jun. 26, 2002)

• 2002 WL 32661286 (Trial Motion, Memorandum and Affidavit) Plaintiffs Response to Defendant Charles Rosotti's Motion to Dismiss with

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 32107644 (M.D.Fla.)
(Cite as: 2002 WL 32107644 (M.D.Fla.))

Incorporated Memorandum of Law (May. 29, 2002)

• 2002 WL 32661282 (Trial Motion, Memorandum and Affidavit) Opposition by by Defendant Charles Rossotti, Commissioner of Internal Revenue, to Plaintiff's Motion for Default Judgment (May. 28, 2002)

• 2002 WL 32661278 (Trial Motion, Memorandum and Affidavit) Response to Letter from Joseph Belpulsi (May. 18, 2002)

• 2002 WL 32661271 (Trial Motion, Memorandum and Affidavit) Motion to Dismiss by Defendant Charles Rossotti, Commissioner of Internal Revenue (May. 16, 2002)

• 2002 WL 32661244 (Trial Motion, Memorandum and Affidavit) Defendants Lenny Rader's Motion to Deny Plaintiff's Motion for Summary Judgement (Apr. 08, 2002)

• 2002 WL 32661233 (Trial Motion, Memorandum and Affidavit) Plaintiffs Opposition to Defendants Richard and Diane Masla Affidavits Opposing Plaintiffs Motion for Summary Judgement and Notice of Fraud Upon the Court (Apr. 05, 2002)

• 2002 WL 32661240 (Trial Motion, Memorandum and Affidavit) Defendants', Naveen Khurana and Michelle Khurana's, Response to Plaintiff's Motion for Summary Judgment and Defendants, Naveen Khurana and Michelle Khurana's, Memorandum of Law in Opposition of Plaintiff's Motion for Summary Judgment (Apr. 05, 2002)

• 2002 WL 32661242 (Trial Motion, Memorandum and Affidavit) Defendants', Naveen Khurana and Michelle Khurana's, Motion to Strike Plaintiff's Memorandum of Law for Summary Judgment (Apr. 05, 2002)

• 2002 WL 32661248 (Trial Motion, Memorandum and Affidavit) Defendant David Wolf's Response to Plaintiff's Memorandum of Law for Motion for Summary Judgment with Incorporated Exhibits (Apr. 05, 2002)

• 2002 WL 32661256 (Trial Motion, Memorandum and Affidavit) Defendant David Wolf's Memorandum of Law in Support of His Response to Plaintiff's Memorandum of Law for Motion for Summary Judgment with Incorporated Exhibits (Apr. 05, 2002)

• 2002 WL 32661263 (Trial Motion, Memorandum

and Affidavit) Plaintiffs Memorandum in Response to Defendant Lee Co. Sheriffs Response to Plaintiffs Motion for Summary Judgement (Apr. 05, 2002)

• 2002 WL 32661229 (Trial Motion, Memorandum and Affidavit) Plaintiffs Opposition to Motion for Summary Judgement (Apr. 04, 2002)

• 2002 WL 32661219 (Trial Motion, Memorandum and Affidavit) Defendants' Response to Plaintiff's Motion for Summary Judgment (Apr. 03, 2002)

• 2002 WL 32661224 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Defendants' Response to Plaintiff's Motion for Summary Judgment (Apr. 03, 2002)

• 2002 WL 32661198 (Trial Motion, Memorandum and Affidavit) Motion to Strike Plaintiff's Memorandum of Law for Motion for Summary Judgment (Apr. 02, 2002)

• 2002 WL 32661205 (Trial Motion, Memorandum and Affidavit) Defendant Alfred Ford's Response to Plaintiff's Motion for Summary Judgment (Apr. 02, 2002)

• 2002 WL 32661213 (Trial Motion, Memorandum and Affidavit) Alfred Ford's Response to Plaintiff's Motion for Rule 11 Sanctions (Apr. 02, 2002)

• 2002 WL 32661162 (Trial Motion, Memorandum and Affidavit) Plaintiffs Response to Defendant Masla Motion for Judicial Notice of State Proceedings (Apr. 01, 2002)

• 2002 WL 32661167 (Trial Motion, Memorandum and Affidavit) Defendants' Response to Plaintiff's Motion for Summary Judgment (Apr. 01, 2002)

• 2002 WL 32661173 (Trial Motion, Memorandum and Affidavit) Defedants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment (Apr. 01, 2002)

• 2002 WL 32661181 (Trial Motion, Memorandum and Affidavit) Defedants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment (Apr. 01, 2002)

• 2002 WL 32661189 (Trial Motion, Memorandum and Affidavit) Defendants' Response to Plaintiff's Motion for Summary Judgment (Apr. 01, 2002)

• 2002 WL 32661141 (Trial Motion, Memorandum

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 32107644 (M.D.Fla.)
**(Cite as: 2002 WL 32107644 (M.D.Fla.))**

and Affidavit) Memorandum of Law in Support of Defendants' Motion for Summary Judgment (Mar. 29, 2002)

• 2002 WL 32662967 (Trial Motion, Memorandum and Affidavit) Defendants Maslas' Memorandum of Law Opposing Plaintiff's Motion for Summary Judgment (Mar. 29, 2002)

• 2002 WL 32662998 (Trial Motion, Memorandum and Affidavit) Memorandum of Law for Motion for Summary Judgement with Incorporated Exhibits Marked with Line Number (Mar. 29, 2002)

• 2002 WL 32663010 (Trial Motion, Memorandum and Affidavit) Response to Plaintiff's Motion for Summary Judgment (Mar. 29, 2002)

• 2002 WL 32662952 (Trial Motion, Memorandum and Affidavit) Defendant Ford Motor Company's Response to Plaintiff's Motion for Summary Judgment (Mar. 27, 2002)

• 2002 WL 32662907 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment (Mar. 25, 2002)

• 2002 WL 32662921 (Trial Motion, Memorandum and Affidavit) Defendant, Brinson's Reply to Motion for Summary Judgment (Mar. 25, 2002)

• 2002 WL 32662936 (Trial Motion, Memorandum and Affidavit) Defendants, Naveen Khurana and Michelle Khurana's, Response to Plaintiff's Motion to Strike (Mar. 25, 2002)

• 2002 WL 32662876 (Trial Motion, Memorandum and Affidavit) Defendants' Response to Plaintiff's Petition for Writ of Mandamus (Mar. 14, 2002)

• 2002 WL 32662891 (Trial Motion, Memorandum and Affidavit) Response to Plaintiff's Motion to Strike (Mar. 13, 2002)

• 2002 WL 32662861 (Trial Motion, Memorandum and Affidavit) Defendants' Motion to Strike Plaintiff's Amended Complaint (Mar. 08, 2002)

• 2002 WL 32662805 (Trial Motion, Memorandum and Affidavit) Plaintiffs Memorandum in Support of Motion for Rule 11 and Common Law Sanctions (Mar. 04, 2002)

• 2002 WL 32662824 (Trial Motion, Memorandum

and Affidavit) Memorandum in Support of Petition for Writ of Mandamus (Mar. 04, 2002)

• 2002 WL 32662841 (Trial Motion, Memorandum and Affidavit) Response to Plaintiff's Motion to Strike (Mar. 04, 2002)

• 2002 WL 32662766 (Trial Motion, Memorandum and Affidavit) Plaintiffs Memorandum in Support of Motion to Strike (Feb. 22, 2002)

• 2002 WL 32662752 (Trial Motion, Memorandum and Affidavit) Alfred Ford's Motion to Dismiss and Request to be Removed from the Caption of this Case (Feb. 13, 2002)

• 2002 WL 32662736 (Trial Motion, Memorandum and Affidavit) Motion to Dismiss and Incorporated Memorandum of Law (Feb. 11, 2002)

• 2002 WL 32662981 (Trial Motion, Memorandum and Affidavit) Motion for Default Judgement (Feb. 11, 2002)

• 2002 WL 32662724 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Plaintiffs Motion for Attorneys Fees and Related Case Costs (Feb. 06, 2002)

• 2002 WL 32662712 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Motion for Costs (Feb. 04, 2002)

• 2002 WL 32662696 (Trial Motion, Memorandum and Affidavit) Brief in Support of Defendant David Wolfe's Motion to Dismiss Under Rule 12(b)(6) and Request to Be Removed from the Caption of the Case (Jan. 29, 2002)

• 2002 WL 32662659 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in Support of Motion to Dismiss (Jan. 24, 2002)

• 2002 WL 32662672 (Trial Motion, Memorandum and Affidavit) Defendants' Motion for Rule 11 and Common Law Sanctions, and Defendants' Memorandum of Law in Support of Defendants' Motion for Rule 11 and Common Law Sanctions (Jan. 24, 2002)

• 2002 WL 32662684 (Trial Motion, Memorandum and Affidavit) Motion to Require Pre-Filing Approval of all Future Pleadings in this Cause, and All Future Actions Instituted by Plaintiff as pro se Litigant and Memorandum of Law in Support of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2002 WL 32107644 (M.D.Fla.)
**(Cite as: 2002 WL 32107644 (M.D.Fla.))**

Same (Jan. 24, 2002)

• 2002 WL 32662646 (Trial Motion, Memorandum and Affidavit) Motion to Dismiss (Jan. 22, 2002)

• 2001 WL 34662957 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion to Dismiss (Dec. 10, 2001)

• 2001 WL 34662954 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in Support of Defendants' Motion for Rule 11 and Common Law Sanctions (Oct. 31, 2001)

• 2001 WL 34662950 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in Support of Defendants' Motion to Require Pre-Filing Approval of All Future Pleadings in this Cause and All Future Actions Instituted by Plaintiff as a pro se Litigant (Oct. 12, 2001)

• 2001 WL 34662946 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in Support of Defendants' Motion to Require Pre-Filing Approval of All Future Pleadings in this Cause and All Future Civil Actions Instituted by Plaintiff as a pro se Litigant (Oct. 05, 2001)

• 2001 WL 34662943 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Defendants' Motion to Dismiss (Sep. 27, 2001)

• 2001 WL 34662940 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Defendants' Motion to Dismiss (Sep. 26, 2001)

• 2001 WL 34662934 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in Support of Motion to Dismiss (Sep. 25, 2001)

• 2001 WL 34662931 (Trial Motion, Memorandum and Affidavit) Brief in Support of Defendant Ford Motor Company's Motion to Dismiss Under Rule 12(B)(6) and Request to be Removed from the Caption of the Case (Sep. 10, 2001)

• 2:01CV00417 (Docket) (Jul. 27, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.