IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WHITMAN INSURANCE COMPANY, LTD.,**<br><br>*Plaintiff*,<br><br>v.<br><br>**TRAVELERS INDEMNITY COMPANY, et al.,**<br><br>*Defendants*. | Civil Case No. 1:05CV01125<br>John Garrett Penn, Judge<br><br>Related Case: 82-CV-2098 |

**REPLY MEMORANDUM OF WHITMAN INSURANCE COMPANY, LTD. IN
SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SURREPLY MEMORANDUM**

Whitman Insurance Company, Ltd. ("Whitman Insurance") respectfully submits this reply memorandum in support of its pending Motion for Leave to File a Surreply Memorandum. Whitman Insurance's surreply should be considered by this Court because it responds to new declarations and evidence submitted by the London Market Insurers ("London") for the first time in their reply brief. Whitman Insurance's surreply is particularly warranted in this case because the new evidence submitted by London is incomplete and London's characterization of that new evidence is highly misleading. London's latest brief does demonstrate, however, that a real and meaningful dispute exists between Whitman Insurance and London regarding their respective policy obligations for the Abex asbestos claims and underscores the following three reasons why the pending motions to dismiss should be denied:

1. The amount in controversy requirement has been satisfied because, among other reasons, London cannot demonstrate to a legal certainty that its policies do not contain a supplemental defense obligation;

    2.    A justiciable controversy exists between Whitman Insurance and each defendant with regard to whether the per occurrence obligation in Whitman Insurance's policy layer has been fully satisfied; and

    3.    This Court is the most appropriate court to resolve this dispute as many issues such as the policy obligations of London and other defendants in this case are necessarily intertwined with, and require the interpretation of, the underlying policies that are before this Court in the *Related Abex Action*.

## I. WHITMAN INSURANCE'S MOTION FOR A SURREPLY IS PROPER.

Leave to file a surreply may be granted to address new matters raised in a reply to which a party would otherwise be unable to respond. *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.*, 238 F. Supp. 2d 270, 276-77 (D.D.C. 2002). Whitman Insurance's motion is appropriate because its proposed surreply is necessary to address the new, misleading factual evidence submitted by Moving Defendants in their reply briefs in support of their motions to dismiss. *See id.* at 277.

London argues that its reply in support of its motion to dismiss contained "no 'new' information." [London Br. at 2]. London's reply brief, however, contains a new declaration by Christopher J. Serrotta that asserts new facts in support of London's argument that Whitman Insurance has not met the amount in controversy requirement. In addition to the Serotta Declaration, London introduces several new exhibits, including policy documentation and a letter—exhibits that contain new factual evidence that easily could have been, and should have been, attached to London's motion to dismiss. Whitman Insurance's proposed surreply is therefore necessary to respond to this new, misleading evidence and the arguments that London bases on this new evidence. *See Alexander v. FBI*, 186 F.R.D. 71, 74 (D.D.C. 1998) (finding leave to file a surreply appropriate where it was necessary to respond to a new declaration).

2

**II.    WHITMAN INSURANCE'S SURREPLY IS NECESSARY TO CORRECT THE MISLEADING NATURE OF THE NEW EVIDENCE INTRODUCED IN MOVING DEFENDANTS' REPLY MEMORANDA.**

London's reply brief introduces and characterizes both previously omitted policies [Serotta Declaration ¶ 4, and Exhibits 1-15], and a previously omitted letter from the firm of Jones Day to the New York state trial court. [Serotta Declaration ¶ 8, and Exhibit 18]. Both of these pieces of new evidence were submitted for the first time with London's reply brief, and London's treatment of both are highly misleading, requiring Whitman Insurance to respond by way of a surreply.

**A.    The Policies Attached to the Reply Memorandum Declaration are New Evidence Which London Mischaracterizes.**

London waited until its reply brief to submit misleading and incomplete policy documentation in a last ditch effort to find support for its argument that the amount in controversy requirement has not been met. London is apparently responding to Whitman Insurance's opposition brief, which demonstrated that, under any legal theory, London cannot meet its burden of showing "to a legal certainty" that Whitman Insurance's claim under the relevant policies was for less than the jurisdictional amount. *See Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 346-48 (1977); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). As evidence that its claim meets the amount in controversy requirement, Whitman Insurance pointed to the requirement in each policy that requires the London Market Insurers to pay an unlimited amount of defense costs arising from the Abex asbestos-related suits. [Whitman Insurance Opp. to Motions to Dismiss at 22-24]. London improperly submits new evidence of these purported policy documents, which, London asserts in the Serotta Declaration, are all missing the supplemental defense obligation claimed by Whitman Insurance. [*See* London Br. at 4; Serotta Decl. ¶ 4].

3

London relies on the absurd proposition that it has no obligation to preserve its own policies to justify its waiting until its reply brief to submit incomplete policy documentation that conveniently omits its own supplemental defense endorsement, which would otherwise demonstrate that the amount in controversy requirement has been satisfied beyond any possible doubt. Even if this Court were to accept London's dubious practice of not maintaining its own policies, London has in fact already received all of its insured's policy documentation, including the supplemental defense endorsements, in an environmental coverage action that took place during the last decade in California. [*Jensen-Kelly Corp., et al. v. Allianz Underwriters Ins., et al.*, No. BC069018 (Cal. Super. Ct.) ("*Jensen-Kelly*")]. *Jensen-Kelly* involved all of the same policies that are at issue in this case, including all of the London policies. Not only was London provided with copies of all of its policies, it was also provided with copies of all other defendants' policies including the underlying National Union policies. Moreover, the same law firm that represents London in this action, also represented London in *Jensen-Kelly*, and in fact maintained the entire Master Policy File (consisting of insured and insurer versions of **all policies** at issue in this case) in its office pursuant to its role as Liaison Counsel in *Jensen-Kelly*.[1]

Accordingly, London's attempt to excuse its own failure to produce complete London policies by arguing that it is not responsible for maintaining policies and it is therefore "not

---

[1] To promote efficient and thorough discovery in *Jensen-Kelly*, a Master Policy File was developed that contained copies of both the insurer and the insured versions of all of the same policies that are at issue in this case. By order of the California court, a complete copy of the Master Policy File was stored at the office of the defense liaison counsel, although each insurer had access to all of the policies. *See* Certain Defendants' Status Conference Report, at 3-4, *Jensen-Kelly Corp. v. Allianz Underwriters Ins.*, No. BC069018 (Cal. Super. Ct. Oct. 20, 1994) (reciting the Case Management Order's requirement that a Master Policy File be compiled and stored at the offices of defense liaison counsel), attached hereto as Exhibit 1. On September 27, 2000, counsel for London, specifically Mendes & Mount LLP—the same firm that is counsel to London in this case—was designated as the new defense liaison counsel in *Jensen-Kelly*. The Master Policy File was therefore housed at Mendes & Mount's office. *See* Joint Status Conference Statement at 4, *Jensen-Kelly Corp. v. Allianz Underwriters Ins.*, No. BC069018 (Cal. Super. Ct. Sep. 27, 2000) (designating counsel for London as new defense liaison counsel) attached hereto as Exhibit 2. Indeed, London's possession of these policies is obvious from the ability of their counsel to quote extensively from the Northbrook policy, without any problem [*see* Serrotta Decl. ¶ 4], despite their argument that they do not have possession of any of the relevant policies.

4

surprising that London Market Insurers may have incomplete policy information in the present case" [London Market Br. at 3 n.2] is disingenuous to say the least.

Similarly, London's accusation that Whitman Insurance has somehow acted unfairly by not attaching every policy to its complaint is unfounded, because London already possesses a copy of each policy issued by defendant insurers.

### B. The Letter Submitted by London Market Insurers is New Evidence and is Misleading.

Whitman Insurance's surreply is also necessary to respond to London's submission of a letter from the Jones Day law firm to support London's argument, again raised for the first time on reply, that Abex does not want this Court to resolve the issues raised by this action. [*See* London Market Reply Br. at 3]. To support this new claim, London relies on a Jones Day letter to the New York court attached to the Serotta Declaration. [*See* Serotta Decl. ¶ 8, and Ex. 18]. London offers no explanation why it failed to attach this letter to its motion to dismiss, and the letter itself is misleading and fails to support London's proposition as demonstrated in Whitman Insurance's surreply memorandum.

As explained in the surreply, and the follow up letter submitted with it [*see* Supp. Chefitz Decl. Ex. 15], Jones Day, who wrote the letter introduced by London in its reply brief, actually represented two different parties in the New York case—Pneumo Abex and Cooper Industries. Jones Day, however, only opposed the stay on behalf of Cooper Industries, and Pneumo Abex, although represented by Jones Day, never opposed the efforts to stay the New York action in favor of this Court's jurisdiction.

5

III. **THE CONTINUING DISPUTE SHOWS THAT LONDON HAS NOT MET ITS BURDEN OF SHOWING TO A LEGAL CERTAINTY THAT THE AMOUNT IN CONTROVERSY REQUIREMENT CANNOT BE MET.**

Whitman Insurance submits that, for purposes of the pending motions to dismiss, the Court does not yet have to determine which are the true and correct policies.  Rather, the Court only needs to recognize that the disagreement over different versions of the relevant policies clearly demonstrates that a real dispute exists over the scope and amount of coverage under those policies.  The policies submitted by Plaintiff contain the supplemental defense endorsement, and if ultimately accepted as the true policies, those policies make this case worth far more than $75,000, and this very disagreement over the policies establishes that London cannot meet their burden of showing "to a legal certainty" that Whitman Insurance cannot meet the amount in controversy.  *See Love v. Budai*, 653 F.2d 513, 514 (D.C. Cir. 1981) (holding that the very disagreement between the parties over whether the plaintiff was entitled to damages meant defendant had not shown to a legal certainty that amount in controversy requirement had not been met); *Martin v. Gibson*, 723 F.2d 989, 992-93 & n.5 (D.C. Cir. 1983) (finding plaintiff's colorable claim of damages meant defendant had not shown to a legal certainty that amount in controversy requirement had not been met).

IV. **LONDON'S ATTEMPT BOTH TO OPPOSE THE FILING OF THE PROPOSED SURREPLY AND TO ARGUE THAT IT CONSTITUTES AN ADMISSION IS INAPPROPRIATE AND ITS ASSERTIONS ARE UNSUPPORTABLE.**

Although London opposes Whitman Insurance's efforts to file the surreply to respond and correct London's new and misleading evidence, London, at the same time, attempts to use the surreply to argue that Whitman Insurance has made a number of admissions with respect to London's positions.  London's tactic is not only inappropriate, but lacks any support.  For example, without any basis London contends that (1) Whitman Insurance "does not now contest London Market Insurers' submission as to the absence of any supplemental defense cost

obligation with respect to the London policies that sit in excess of the Northbrook policy," [London Br. at 4]; (2) that "Whitman no longer refutes" London's claim that Policy ULL0122 had a single potential aggregate limit counting toward the amount in controversy, [*id.* at 6]; and (3) that Whitman Insurance does not now contend that Addendum No. 3 is contained in the pre-1980 London Market policies. [*Id.*] Simply because Whitman Insurance's proposed surreply, as is appropriate under the rules, does not repeat its longstanding explicit objections to these assertions by London, does not mean that Whitman Insurance has somehow abandoned its rights or objections on these points. Just so that this point is clear, it is Whitman Insurance's position that an adjudication of London's policy obligations will reveal that each and every London policy has a supplemental defense obligation and that Policy ULL0122 has two separate per occurrence limits of liability applicable to the Abex asbestos suits.

London's most recent brief also relies for the first time on a curious "Clarification of Intent Addendum" allegedly contained in three of its policies in another belated attempt to argue that the amount in controversy has not been satisfied. [London Br. at 6-7]. This addendum purports to clarify London's intent on how an alleged provision in the underlying National Union primary policy that is before this Court in the *Related Abex Action* should be applied to asbestos claims. Whitman Insurance submits that an examination of the National Union primary policy in question will reveal that, contrary to London's contention, the National Union primary policy **does not** contain any self-insured retention, and thus this addendum does not apply to the Abex asbestos suits. Again, London should already know this fact since it has a copy of the Master Policy File, which includes all of the National Union policies. Moreover, London's reliance on the provisions in the primary policies before this Court in the *Related Abex Action* further demonstrates why this is the proper Court to resolve the issues presented by this case.

7

## **CONCLUSION**

For the foregoing reasons, and for those set forth in Whitman Insurance's initial memorandum, Plaintiff Whitman Insurance's Motion for Leave to File a Surreply should be granted.

Dated: December 15, 2005                    Respectfully submitted,

                                                            Daniel E. Chefitz (D.C. Bar No. 481420)
                                                            Brooke Clagett (D.C. Bar No. 460570)
                                                            MORGAN, LEWIS & BOCKIUS LLP
                                                            1111 Pennsylvania Avenue, NW
                                                            Washington, DC  20004
                                                            Telephone:    202.739.3000
                                                            Facsimile:     202.739.3001
                                                            *Attorneys for Plaintiff*
                                                            *Whitman Insurance Company, Ltd.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of December, 2005, a copy of the foregoing "Reply Memorandum of Whitman Insurance Company, Ltd. in Support of its Motion For Leave to File a Surreply Memorandum" was served by electronic filing on counsel listed on the Notice of Electronic Filing, and by first class mail, postage prepaid, addressed to the following persons:

| **Company Representing** | **Name of Counsel** |
|---|---|
| Travelers Indemnity Company | Barry R. Ostrager, Esq.<br>Jonathan K. Youngwood, Esq.<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017-3909 |

Daniel E. Chefitz, D.C. Bar No. 481420