# EXHIBIT 1

1  Kent R. Keller (043463)
2  Steven H. Weinstein (086724
   John C. Holmes (120578)
3  Lawrence F. Krutchik (144460)
   BARGER & WOLEN
4  515 South Flower Street, 34th Floor
   Los Angeles, California 90071-2205
5  (213) 680-2800

6  Attorneys for Defendant The Travelers Indemnity Company,
   and on behalf of Attorneys for Defendants
7  Listed in Appendix "A"

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                FOR THE COUNTY OF LOS ANGELES

11
   JENSEN-KELLY CORPORATION,      )
12 et al.                         )    CASE NO.  BC069018
                                  )
13              Plaintiffs,       )    CERTAIN DEFENDANTS' STATUS
                                  )    CONFERENCE REPORT
14        v.                      )
                                  )
15 ALLIANZ INSURANCE COMPANY,     )
   et al.                         )
16                                )    Date:  October 20, 1994
                                  )    Dept:  82
17              Defendants.       )    Time:  8:30 a.m.
                                  )
18 _____   )    DISCOVERY CUT-OFF:
                                            NONE SET
19                                     LAW & MOTION CUT-OFF:
                                            NONE SET
20                                     TRIAL DATE:   NONE SET

21

22

23

24

25

26

27

28



RECEIVED
OCT 1 7 1994
10-14-94 (c)
WILLIAMS AND ZEVNIK, P.C.
LA OFFICE
COVER: MWN/RSG
cc: WR/JH/RNC/DCG-CHICAGO

The defendants listed in Appendix "A" hereto respectfully submit the following Status Conference Report for the status conference scheduled for October 20, 1994.

## 1.   BACKGROUND

This case is a complex, multi-party, multi-state insurance coverage dispute in which the plaintiffs seek insurance benefits potentially running into hundreds of millions of dollars from the defendant insurers for environmental contamination claims asserted against the plaintiffs.  There are four named plaintiffs in the action.[1]  The plaintiffs' connections with each other apparently arise by virtue of interests they have held at various times in various predecessors, affiliates, subsidiaries and/or predecessors of affiliates and subsidiaries, or by virtue of interests held in the plaintiffs by various past or present common parent companies, parent company affiliates, or parent company subsidiaries.  The four plaintiffs thus seek relief on behalf of themselves and such "related" entities.  In all, there are approximately 135 such "related" entities identified in exhibits to the complaint.  All of the entities apparently were manufacturing and other industrial concerns.

The plaintiffs allegedly have incurred liabilities directly, or through the "related" entities, as a result of governmental and private environmental claims originating from

---

[1]  The four plaintiffs are Jensen-Kelly Corporation, Hussmann Corporation, Pneumo Abex Corporation and Whitman Corporation.

BARGER & WOLEN
515 SOUTH FLOWER ST.
THIRTY-FOURTH FLOOR
LOS ANGELES, CA 90071-2288
(213) 680-2800

approximately 55 sites throughout the United States which were

owned, operated, or used by the plaintiffs or the "related"

entities for industrial or waste disposal purposes.  The

plaintiffs have indicated that they may amend their complaint to

add as many as 90 additional sites to this action.  The sites

presently involved in this litigation appear to vary widely in

terms of the activities which were conducted at the sites, the

period of time over which the sites were owned, operated, or used,

and the approximate total exposure or damage at the sites.

Defendants are 48 domestic and foreign insurers.  These

insurers allegedly provided liability insurance to plaintiffs over

the last 40 to 50 years, either directly or by virtue of having

provided coverage to the "related" entities.  Plaintiffs are

seeking insurance coverage under defendants' policies[2] for the

underlying environmental claims.  Of the 48 defendants, 44 are

participating in joint defense efforts.

2.  PROGRESSION OF THE CASE

The complaint in this action was filed in November 1992.

A First Amended Complaint was filed in January 1993.  Answers were

filed in March 1993.  After initial motion practice, the parties

began meeting and conferring in late April 1993 to negotiate a

[2]  An exhibit to the plaintiffs' complaint identifies 260
policies, certificates and cover notes.  Pursuant to the Case
Management Order entered in the case, plaintiffs have until
October 20, 1994 to amend their complaint again to place
additional policies at issue.

BARGER & WOLEN
615 SOUTH FLOWER ST.
THIRTY-FOURTH FLOOR
LOS ANGELES, CA 90071-2329
(213) 680-2800

1    common plan for the fair, efficient, and orderly prosecution and

2    management of the case.  Those negotiations culminated in the

3    preparation of a comprehensive Case Management Order No. 1 (the

4    "CMO").  The CMO was entered in this action on October 20, 1993.

5

6          A.  Significant Features of the CMO

7

8          The CMO excepts this case from the provisions of the

9    Trial Court Delay Reduction Act, pursuant to former Los Angeles

10   Superior Court Local Rule 1311 (now Local Rule 7.6) and adopted a

11   case progression plan consistent with the exceptional

12   circumstances of this case, as contemplated by local rule

13   1305.1.3.(c) (now Local Rule 7.6(c)(3)).  The CMO also provides

14   that to the extent it varies from any rule or procedure of this

15   Court, the CMO supersedes such rule or procedure.

16

17         The CMO created a "Liaison Committee" -- comprised of

18   plaintiffs' and certain defendants' counsel -- to oversee and

19   coordinate the administration of the case.

20

21         To promote efficient and thorough discovery, the CMO

22   required certain initial informal exchanges of information and

23   documents.  For example, the CMO required the prompt

24   identification and exchange of policy information between the

25   parties in order to identify early on the policies that are

26   involved, thereby assisting the parties in focussing discovery.

27   The information and documentation thus exchanged was required to

28   be used in developing a Master Policy File stored at the offices

1   of Liaison Counsel.  The initial informal exchange of policy

2   information has been accomplished and the Master Policy File

3   assembled.

4

5         In addition, the CMO required the plaintiffs to prepare

6   and provide to defendants preliminary "profiles" of the underlying

7   environmental claims and claim sites.  This has also been

8   accomplished.

9

10        The CMO also set forth procedures to streamline

11  discovery in light of the literally millions of pages of documents

12  -- located throughout the United States -- potentially subject to

13  discovery.  In order to organize a logical progression of

14  discovery, the CMO provides for circumscribed discovery during the

15  first nine months following its entry on October 20, 1993.  During

16  this initial period, discovery was limited to interrogatories,

17  demands for inspection, depositions for certain limited purposes,

18  and discovery reasonably necessary to preserve evidence.  In

19  short, given the volume of documents potentially at issue and to

20  avoid incomplete or repetitive depositions, the CMO phased

21  discovery so that the parties would complete their written

22  discovery and document productions before the general depositions

23  take place.  As discussed in detail below in Section 3 of this

24  Status Conference Report, this initial phase of discovery remains

25  underway and is not anticipated to be completed for some time.

26

27        The CMO also set forth rules to ensure all motions are

28  filed in an orderly and coordinated fashion.  In particular, the

1  CMO provided an initial period during which dispositive motions

2  would not be entertained in order to permit the parties to first

3  conduct adequate discovery.

4

5  CMO §VIII B. provides that the Court should consider the

6  status of discovery, date(s) for further status conference(s), and

7  the scheduling of factual discovery, expert discovery and the

8  filing of dispositive motions at this status conference. The

9  defendants filing this Status Conference Report propose a schedule

10  of such matters below in Section 5 of this report.

11

12  B.  The Protective Order

13

14  The CMO required the parties to negotiate and submit to

15  the Court a protective order.  The parties completed negotiation

16  of the protective order and filed a "Stipulation Regarding

17  Protective Order and Protective Order Thereon" (the "Protective

18  Order") with the Court in March 1994.  The Protective Order was

19  entered by the Court on April 8, 1994.

20

21  3.  STATUS OF DISCOVERY

22

23  The defendants commenced joint written discovery on

24  October 20, 1993 by serving comprehensive sets of interrogatories

25  and document requests on the plaintiffs.  Plaintiffs served joint

26  sets of interrogatories and document requests on the defendants on

27  November 22, 1993.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A.  Defendants' Document Demands to Plaintiffs

The plaintiffs served their written responses and objections to the defendants' joint set of document demands on November 24, 1993.  Plaintiffs withheld production of their documents pending entry of the Protective Order.

The plaintiffs initially proposed that defendants review all of plaintiffs' documents prior to plaintiffs themselves reviewing those documents.  Under that proposal, the plaintiffs would then review only those documents selected by defendants for copying and remove from the documents selected those that plaintiffs felt were privileged.  Defendants were unwilling to perform plaintiffs' relevance review and permit plaintiffs to remove documents from the production after defendants had selected them for copying.  Defendants therefore rejected this approach and required plaintiffs to review their documents for privilege prior to production.

The joint defendants chose to image the large volume of documents they anticipated plaintiffs would produce to minimize the difficulties inherent in managing, accessing and using these documents.  Images of documents are digitally stored on compact discs similar to music CDs.  This vastly reduces the space needed to store the documents and enables the joint defendants to efficiently access and use them.

BARGER & WOLEN
515 SOUTH FLOWER ST.
THIRTY-FOURTH FLOOR
LOS ANGELES, CA 90071-2266
(213) 680-2800

-6-

1      Pursuant to the CMO, plaintiffs are producing their

2  documents on a "rolling" facility-by-facility basis.  In their

3  written response to defendants' document requests, plaintiffs

4  indicated that they would produce documents at ten sites across

5  the country.[3]  Since that time, plaintiffs have informally

6  indicated that they will also produce documents from additional

7  sites.[4]  Since mid-May 1994, the defendants have reviewed

8  approximately 10,500 boxes of documents produced by plaintiffs.

9  Of the roughly 35,000,000 pages of documents thus reviewed, <u>less</u>

10  <u>than half of one-percent</u> have had even marginal relevance to this

11  case.[5]  In the remainder of this subsection, defendants detail the

12  history of plaintiffs' document production.

13

14      Following entry of the Protective Order and completion

15  of plaintiffs' review of the documents to be produced at the first

16  production site, defendants commenced their review of documents at

17  a Port Ewen, New York document storage facility on May 16, 1994.[6]

18  _____

19  [3]  These sites are (1) Port Ewen, New York, (2) Rosendale, New
York, (3) Milton, New Hampshire, (4) Cleveland Pneumatic

20  Company, Cleveland, Ohio, (5) Abex/NWL Aerospace, Kalamazoo,
Michigan, (6) Jetway Division of Pneumo Abex Corporation, Ogden,

21  Utah, (7) Abex Aerospace, Oxnard, California, (8) Whitman
Corporation, Rolling Meadows, Illinois, (9) Plaintiffs'

22  counsel's offices in Chicago, Illinois, (10) Hussmann
Corporation, Bridgeton, Missouri.

23  [4]  For example, plaintiffs' counsel have advised Defense Liaison
Counsel that they will produce documents in Hampton, New

24  Hampshire, Washington, D.C. and Morristown, New Jersey.

25  [5]  Of the approximately 35,000,000 pages defendants' imaging
contractor estimates plaintiffs have produced so far, defendants

26  have selected approximately 160,500 pages for imaging.

27  [6]  Plaintiffs' production actually began earlier, on May 9,
1994, when two boxes of selected documents from the Port Ewen

28  storage facility were shipped by plaintiffs to Barger & Wolen,

1   Plaintiffs had made the Port Ewen facility available in late April

2   1994, but the defendants' imaging contractor required time to

3   install additional wiring and other systems necessary to operate

4   the imaging machinery prior to the commencement of the review.  A

5   team of up to 15 defense counsel reviewed approximately 1,500

6   boxes of documents at Port Ewen.  Of those 1,500 boxes,

7   approximately 500 were transported from a document storage

8   facility utilized by plaintiffs in Milton, New Hampshire.  The

9   review at the Port Ewen facility was completed on May 23, 1994.

10

11      Prior to the review at Port Ewen, plaintiffs provided

12  defendants with an index of the boxes of documents to be produced

13  at Port Ewen.  Upon completing the review, defendants determined

14  that the plaintiffs had not produced roughly 200 of the boxes

15  appearing on the index.  Plaintiffs' counsel later informed

16  defendants that most of those boxes no longer existed but that 25

17  of the missing boxes had been located.  In June 1994, a small team

18  of defense counsel returned to Port Ewen to review those boxes.

19  In all, defendants reviewed approximately 5 million pages of

20  documents at Port Ewen.

21

22      Also in June 1994, plaintiffs shipped approximately 12

23  boxes of documents maintained by counsel in an underlying Utah

24  case against plaintiffs to Defense Liaison Counsel.  These

25  documents have been reviewed by the joint defendants and are

26  currently being imaged.

27  _____

28  Liaison Counsel for the defendants.

1          In late June, the joint defendants were scheduled to

2   commence review of documents at a Cleveland, Ohio document storage

3   facility.  However, the defendants' imaging contractor was not

4   permitted to inspect the facility until June 15, 1994.[7]  During

5   that inspection, storage facility personnel informed defendants'

6   imaging contractor that a new roof was being installed and that

7   the review there could not commence until July 5, 1994.  The

8   review of the Cleveland documents thus began on July 6, 1994.

9   Approximately 9,000 boxes of documents were ultimately produced at

10  the Cleveland document warehouse.[8]  However, by mid-July the

11  defendants completed reviewing approximately 4,500 of these boxes

12  of documents and were then informed that plaintiffs had not pre-

13  reviewed and would not permit access to the remaining documents.

14  Defendants were faced with the choice of either waiting for

15  plaintiffs to review the approximately 4,500 remaining boxes prior

16  to resuming their review or allowing the plaintiffs to conduct a

17  post-production privilege review of documents selected for copying

18  by defendants.  Rather than delay the review, defendants chose the

19  latter course.  Nonetheless, there was an interruption of the

20  review for roughly three weeks while the parties negotiated a non-

21  waiver agreement preserving plaintiffs' right to assert privileges

22

23  [7]  A preproduction inspection at each facility is necessary so
    that the imaging contractor can determine whether additional
24  phone lines, electrical capacity and the like are needed to
    permit operation of the imaging process.  Time has been required
25  following such inspections at each facility to upgrade wiring,
    install phone lines, and set up imaging equipment.

26
    [8]  As with the Port Ewen, New York inspection, approximately 10
27  individuals per week travelled to Cleveland on a rotating basis
    to inspect these documents on behalf of the joint defendants.

28

1   after the documents had been produced.  The review of documents at
2   the Cleveland document warehouse was completed on August 25, 1994.
3
4           As the review at the Cleveland document warehouse was
5   winding down, plaintiffs informed Defense Liaison Counsel that
6   still more previously unidentified documents would be made
7   available for review in Cleveland.  These documents were
8   maintained in file drawers at facilities now owned by B.F.
9   Goodrich Aerospace (the current owner of at least one of the
10  "related" entities).  Plaintiffs chose to produce these documents
11  at operational rather than storage facilities.  Plaintiffs thus
12  limited defendants to only three attorneys at a time in conducting
13  that review.  Defendants completed this review between September
14  6, 1994 and ended on September 16, 1994.
15
16          In mid-September, 1994, plaintiffs also shipped to
17  Defense Liaison Counsel approximately eight boxes of documents
18  maintained by New Jersey counsel in one of the underlying cases.
19  These boxes have been reviewed by the joint defendants.
20
21          Given the paucity of relevant materials in the huge
22  number of documents plaintiffs have produced to date, defendants
23  are concerned that plaintiffs will attempt to confine the amount
24  of time left to complete discovery and then "unload" on defendants
25  large volumes of relevant materials requiring careful review,
26  selection and analysis.  Defendants expect that relevant documents
27  will ultimately be produced.  To date, they have not been
28  produced.  At a minimum, there would appear to be several thousand

boxes of documents which plaintiffs have not yet produced, including those maintained at (1) Rosendale, New York, (2) Abex/ NWL Aerospace, Kalamazoo, Michigan, (3) Abex Aerospace, Oxnard, California, (4) Whitman Corporation, Rolling Meadows, Illinois, (5) Plaintiffs' counsel's offices in Chicago, Illinois, (6) Hussmann Corporation, Bridgeton, Missouri, (7) Hampton, New Hampshire, (8) Washington, D.C. and (9) Morristown, New Jersey. In addition, since September 16, 1994, plaintiffs have not made any document inspection sites available to defendants. Based upon the large volume of documents to be inspected and the pace of the review thus far, defendants do not expect to complete their review of plaintiffs' documents until approximately May 1995, assuming that document production sites are sequentially made available to defendants without significant intermissions between reviews at each site.[9]

B.   Plaintiffs' Document Demands to Defendants

    The defendants responded individually to plaintiffs' first set of document demands and, following plaintiffs' lead, withheld production of their responsive documents pending entry of the Protective Order. Following the defendants' individual productions of documents, plaintiffs' expressed some dissatisfaction with the defendants' responses in a letter

_____

[9]   Under the CMO, the time for defendants to move to compel further production of documents from plaintiffs does not begin to run until after plaintiffs have produced their last document or served their last privilege log, whichever is later. If motion practice becomes necessary plaintiffs' production could remain open for some time beyond May 1995.

1  directed to all defendants.  Although defendants responded in

2  writing to that letter no reply was ever made by plaintiffs.

3  Nonetheless, negotiations aimed at resolving the resulting

4  disputes commenced in April 1994.  These negotiations were

5  initially conducted, on the defendants' side, by a committee of

6  joint defense group members in an attempt to narrow the issues on

7  a generic basis.  After that process reached the limits of its

8  effectiveness, negotiations proceeded between plaintiffs and

9  individual defendants.  Despite defendants' attempts to resolve

10  plaintiffs' assertions of entitlement to a vast array of

11  voluminous documentation, plaintiffs have recently announced that

12  no compromise, no matter how generous to plaintiffs, is possible.

13

14       C.  Interrogatories

15

16       On October 20, 1993, defendants served their "First

17  Joint Set of Special Interrogatories Directed to Plaintiffs."  On

18  April 14, 1994, plaintiffs served objections and answers to those

19  interrogatories.  The defendants are not satisfied with the few

20  responses plaintiffs did provide and believe that plaintiffs'

21  objections are unfounded.  On July 7, 1994, defendants sent a

22  "meet and confer" letter to plaintiffs detailing their

23  dissatisfaction with plaintiffs' responses and requesting a reply.

24  Plaintiffs have yet to provide a substantive response to that

25  letter.  Defendants' last day to move to compel further

26  interrogatory responses from plaintiffs is November 30, 1994.

27

28

BARGER & WOLEN
515 SOUTH FLOWER ST.
THIRTY-FOURTH FLOOR
LOS ANGELES, CA 90071-2266
(213) 680-2800

1      On November 22, 1993, plaintiffs served interrogatories

2  upon defendants.  As with the document requests, defendants have

3  responded individually to such interrogatories.  Plaintiffs have

4  expressed dissatisfaction with the defendants responses.

5  Plaintiffs and individual defendants are negotiating their

6  differences regarding the interrogatory responses.  Plaintiffs

7  last day to move to compel further interrogatory responses from

8  defendants is November 30, 1994.

9

10      D.   Depositions

11

12      Under the terms of the CMO, until July 20, 1994,

13  deposition practice was limited to certain depositions concerning

14  corporate organization and history, depositions of document

15  custodians concerning the existence, production, identification,

16  and authentication of documents and document retention policies,

17  depositions of aged or infirm and potentially unavailable non-

18  party witnesses, depositions regarding the existence and contents

19  of lost, missing, or incomplete insurance policies, and

20  depositions of non-parties taken for the purpose of obtaining

21  documents.  Given the status of document production, no

22  depositions have yet been taken.

23

24      4.   SETTLEMENT DISCUSSIONS

25

26      There have been no substantive settlement discussions

27  among the parties on a collective basis since the prior status

28  conference.

BARGER & WOLEN
515 SOUTH FLOWER ST
THIRTY-FOURTH FLOOR
LOS ANGELES, CA 90071-2266
(213) 680-2800

5.  <u>RECOMMENDED COURSE OF ACTION</u>

Although defendants have been diligent in reviewing plaintiffs' documents as they are made available, a considerable amount of discovery remains to be completed.  Largely, this is a result of plaintiffs' production of literally millions of pages of worthless documents which, in turn, resulted from plaintiffs' failure to review their own documents for relevance and responsiveness prior to producing them.  Because more than 99% of the documents produced by plaintiffs bear no relation to defendants' document requests, defendants have, consistent with a prudent review, reviewed them relatively quickly.  The result has been that plaintiffs have been unable or unwilling to provide defendants access to new review sites as defendants finish reviews at prior sites.  The delays attendant to reviewing millions of pages of irrelevant documents and plaintiffs' failure to make documents available consistent with defendants' pace have seriously impeded defendants' ability to proceed with preparation of their defense and frustrated the intent of the initial limited discovery period provided by the CMO.  For example, meaningful depositions cannot begin until plaintiffs complete production of their documents and voluminous amounts of documents remain to be produced.  Once depositions begin, they are anticipated to take roughly one year to complete.  In short, this case is not close to being ready for trial.  Accordingly, the defendants making this Status Conference Report request that a further status conference be set for October 20, 1995, at which time the parties should be in a position to consider a trial date.

1        For the immediate future, the defendants making this

2   Status Conference Report propose that the parties stipulate to,

3   and the Court approve, the following schedule of discovery phasing

4   to be embodied in a Case Management Order No. 2:

5

6        1.   That until May 1995, discovery be limited to (a)

7   interrogatories; (b) demands for inspection (document requests);

8   (c) Section 2025 depositions relating solely to corporate

9   organization, background and history; (d) depositions of document

10  custodians (limited to the existence, production, identification,

11  and authentication of documents and corporate policies relating to

12  the retention or destruction of documents and the loss or

13  destruction of documents); (e) depositions of aged or infirm

14  witnesses; (f) depositions of potentially unavailable non-party

15  witnesses; (g) depositions regarding the existence or terms and

16  conditions of any lost, missing, or incomplete policies of

17  insurance at issue in this case, (h) requests for admissions,

18  (i) contention interrogatories, (j) any discovery reasonably

19  necessary or appropriate to preserve evidence, and (k) depositions

20  of non-parties taken for the purpose of obtaining documents

21  including, without limitation, documents containing information

22  relating to lost, missing, or incomplete policies in the

23  possession or under the control of such non-parties.

24

25       2.   That general discovery, in addition to that

26  specified in the foregoing paragraph, commence starting in June

27

28

1   1995, including requests for admission as well as percipient

2   witness deposition.

3

4   DATED:   October __14__, 1994          BARGER & WOLEN

5

6                                   By _____

7                                      KENT R. KELLER
                                       STEVEN H. WEINSTEIN
8                                      JOHN C. HOLMES
                                       LAWRENCE F. KRUTCHIK
9                                      Attorneys for Defendant
                                       The Travelers Indemnity
10                                     Company

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## APPENDIX "A"

2

3    Mark E. Aronson, Esq.
     ANDERSON, MCPHARLIN & CONNERS
4    One Wilshire Building
     Nineteenth Floor
5    624 South Grand Avenue
     Los Angeles, CA 90017-3320
6    Phone:  213-688-0080

7    Attorneys for Defendant Atlanta
     International Insurance Company
8

9    Kent R. Keller, Esq.
     Steven H. Weinstein, Esq.
10   John C. Holmes, Esq.
     BARGER & WOLEN
11   515 South Flower Street
     Thirty-Fourth Floor
12   Los Angeles, CA 90071-2205
     Phone:  213-680-2800
13

14   Attorneys for Defendant The
     Travelers Indemnity Company

15

16   Edmund J. Towle, III, Esq.
     Michael D. Howald, Esq.
17   KINSELLA, BOESCH, FUJIKAWA & TOWLE
     1901 Avenue of the Stars
     Suite 700
18   Los Angeles, CA 90067-6009
     Phone:  310-201-2000
19

20   Attorneys for Defendant
     Maryland Casualty Company

21

22   John P. Groarke, Esq.
     Alan Schneider, Esq.
23   WILEY, REIN & FIELDING
     1776 "K" Street, N.W.
24   Washington, D.C. 20006
     Phone:  202-429-7000

25   Attorneys for Defendant
     Maryland Casualty Company
26

27

28



Michael T. Lowe, Esq.
BOOTH, MITCHEL & STRANGE
3080 Bristol Street, Suite 550
P.O. Box 5046
Costa Mesa, CA 92628-5046
Phone:  714-641-0217

Attorneys for Defendant
Highlands Insurance Company


James D. Otto, Esq.
Sherry L. Pantages, Esq.
CUMMINS & WHITE
865 South Figueroa Street
24th Floor
Los Angeles, CA 90017-2566
Phone:  213-614-1000

Attorneys for Defendants
International Insurance Company,
United States Fire Insurance
Company, and Associated
International Insurance Company


Kevin M. Haas, Esq.
McELROY, DEUTSCH & MULVANEY
1300 Mount Kemble Avenue
Post Office Box 2075
Morristown, N.J. 07962-2075
Phone:  201-993-8100

Attorneys for Defendants
International Insurance Company,
and United States Fire Insurance
Company


Lance D. Orloff, Esq.          Michigan Mutual Insurance
Karen A. Holloway, Esq.        Company
DANIELS, BARATTA & FINE
1801 Century Park East
Ninth Floor
Los Angeles, CA 90067
Phone:  310-556-7900

Attorneys for Defendant Michigan
Mutual Insurance Company

1  Susan J. Gill, Esq.
   HAASIS, POPE & CORRELL
2  550 West "C" Street
   Ninth Floor
3  San Diego, CA 92101-3509
   Phone:  619-236-9933
4
   Attorneys for Defendant
5  Federal Insurance Company

6

7  Paul Woolls, Esq.
   KNAPP, PETERSEN & CLARKE
   500 North Brand Boulevard
8  Twentieth Floor
   Glendale, CA 91203-1904
9  Phone:  818-547-5000

10 Attorneys for Defendant
   Argonaut Insurance Company
11

12 Jerrold Abeles, Esq.
   LEBOEUF, LAMB, GREENE & MACRAE
13 725 South Figueroa Street
   Los Angeles, CA 90017-5436
14 Phone:  213-955-7300

15 Attorneys for Defendants
   Hudson Insurance Company and
16 Gibraltar Casualty Company

17

18 Peter L. Garchie, Esq.
   Susan E. Leonard, Esq.
19 LEWIS, D'AMATO, BRISBOIS
    & BISGAARD
20 550 West "C" Street
   Suite 800
21 San Diego, CA 92101
   Phone:  619-233-1006

22 Attorneys for Defendants AIU
   Insurance Company, American Home
23 Assurance Company, Granite State
   Insurance Company, Insurance
24 Company of the State of Pennsylvania,
   National Union Fire Insurance
25 Company of Pittsburgh, Pa., New
   Hampshire Insurance Company, and
26 Lexington Insurance Company

27

28



1   John E. Peer, Esq.
    Jeffrey A. Dollinger, Esq.
2   LONG & LEVIT
    633 West Fifth Street
3   Suite 5900
    Los Angeles, CA 90071
4   Phone:  213-356-5900

5   Attorneys for Defendants
    Columbia Casualty Company and
6   Continental Casualty Company

7

8   Jan M. Michaels, Esq.
    LORD, BISSELL & BROOK
    115 South LaSalle Street
9   Chicago, IL 60603
    Phone:  312-443-0700/312-558-5600
10

11  Attorneys for Defendant American
    Empire Surplus Lines Insurance Company

12  C. Guerry Collins, Esq.
    LORD, BISSELL & BROOK
13  300 South Grand Avenue
    Eighth Floor
14  Los Angeles, CA 90071-3200
    Phone:  213-485-1500
15  FAX:    213-485-1200

16  Attorneys for Defendant American
    Empire Surplus Lines Insurance Company
17

18  Donald K. Fitzpatrick, Esq.
    Charles G. Carluccio, Esq.
19  MENDES & MOUNT
    725 South Figueroa Street
20  Suite 1990
    Los Angeles, CA 90017-5419
21  Phone:  213-955-7700

22  Attorneys for Defendants Certain
    Underwriters at Lloyd's London
23  and the London Market Insurers

24

25

26

27

28

1   Thomas J. Quinn, Esq.
    MENDES & MOUNT
2   750 Seventh Avenue
    New York, N.Y. 10019-6829
3   Phone:  212-261-8000

4   Attorneys for Defendants Certain
    Underwriters at Lloyd's London
5   and the London Market Insurers

6

7   Douglas C. Purdy, Esq.
    MORRIS, POLICH & PURDY
8   1055 West Seventh Street
    24th Floor
9   Los Angeles, CA 90017-2503
    Phone:  213-891-9100

10  Attorneys for Defendants
    Continental Insurance Company
11  and Harbor Insurance Company

12

13  Susan J. Field, Esq.
    Steven J. Elie, Esq.
14  MUSICK, PEELER & GARRETT
    One Wilshire Building
15  Suite 2000
    624 South Grand Avenue
16  Los Angeles, CA 90017
    Phone:  213-629-7600

17  Attorneys for Defendants
    America Re-Insurance Company
18  and Employers Mutual Casualty Company

19

20  Thomas B. Keegan, Esq.
    ROBINS, KAPLAN, MILLER & CIRESI
21  55 West Wacker Drive
    Suite 900
22  Chicago, IL 60601-1701
    Phone:  (312) 782-9200

23  Attorneys for Defendant
    Employers Mutual Casualty Company
24

25

26

27

28

1  Steven M. Kohn, Esq.
   Scott C. McKnight, Esq.
2  CROSBY, HEAFEY, ROACH & MAY
   1999 Harrison Street
3  Oakland, California 94612
   Phone:  510-763-2000
4
   Attorneys for Defendant
5  Allstate Insurance Company, solely
   as successor-in-interest to
6  Northbrook Excess and Surplus
   Insurance Company
7

8  Richard K. Wilson, Esq.
   ROPERS, MAJESKI, KOHN, BENTLEY,
9   WAGNER & KANE
   1001 Marshall Street
10 Redwood City, CA 94063
   Phone:  415-364-8200
11
   Attorneys for Defendant
12 Liberty Mutual Insurance Company

13
   Stephen J. Erigero, Esq.
14 ROPERS, MAJESKI, KOHN, BENTLEY,
     WAGNER & KANE
15 550 S. Hope Street
   Nineteenth Floor
16 Los Angeles, CA 90071
   Phone: 213-312-2000
17
   Attorneys for Defendant
18 Liberty Mutual Insurance Company

19
   Nancy W. Shokohi, Esq.
20 Jeffrey A. Turkell, Esq.
   SELMAN, BREITMAN & BURGESS
21 11766 Wilshire Blvd.
   Sixth Floor
22 Los Angeles, CA 90025-6538
   Phone:  310-445-0800
23
   Attorneys for Defendants
24 Commercial Union Insurance
   Company and Northern
25 Insurance Company or America

26

27

28

**PROOF OF SERVICE**

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  Barger & Wolen, 515 South Flower Street, 34th Floor, Los Angeles, California 90071.

I am readily familiar with the business practice of this office for collection and processing of documents for mailing with the U.S. Postal Service, that all office mail is deposited in the U.S. Postal Service on the date set forth thereon following the ordinary business practice of this office. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On **October 14, 1994**, I served the foregoing document described as **CERTAIN DEFENDANTS' STATUS CONFERENCE REPORT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

I placed such envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California on **October 14, 1994.**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

KATHY MUELLER

BARGER & WOLEN
515 SOUTH FLOWER ST.
THIRTY-FOURTH FLOOR
LOS ANGELES, CA 90071-2266
(213) 680-2800

1   Mark E. Aronson, Esq.           Atlanta International
2   ANDERSON, MCPHARLIN & CONNERS   Insurance Company
    One Wilshire Building
3   Nineteenth Floor
    624 South Grand Avenue
4   Los Angeles, CA 90017-3320
    Phone: 213-688-0080
5   FAX:   213-622-7594

6   Kent R. Keller, Esq.            The Travelers Indemnity
    Steven H. Weinstein, Esq.      Company
7   John C. Holmes, Esq.
    BARGER & WOLEN
8   515 South Flower Street
    Thirty-Fourth Floor
9   Los Angeles, CA 90071-2205
    Phone: 213-680-2800
10   FAX:   213-614-7399

11   Edmund J. Towle, III, Esq.     Maryland Casualty Company
    Michael D. Howald, Esq.
12   KINSELLA, BOESCH, FUJIKAWA & TOWLE
    1901 Avenue of the Stars
13   Suite 700
    Los Angeles, CA 90067-6009
14   Phone: 310-201-2000
    FAX:   310-284-6018

15   John P. Groarke, Esq.          Maryland Casualty Company
    Alan Schneider, Esq.
16   WILEY, REIN & FIELDING
    1776 "K" Street, N.W.
17   Washington, D.C. 20006
    Phone: 202-429-7000
18   FAX:   202-429-7049
          202-429-7207
19

20   Robert H. Berkes, Esq.        First State Insurance Company
    BODKIN, MCCARTHY, SARGENT
21    & SMITH
    707 Wilshire Blvd.
22   Fifty-First Floor
    Los Angeles, CA 90017-3676
23   Phone: 213-620-1000
    FAX:   213-623-5224

24   Michael T. Lowe, Esq.          Highlands Insurance Company
    BOOTH, MITCHEL & STRANGE
25   3080 Bristol Street, Suite 550
    P.O. Box 5046
26   Costa Mesa, CA 92628-5046
    Phone: 714-641-0217
27   FAX:   714-957-0411

28



1  Catherine S. Smith, Esq.                Fireman's Fund Insurance
   CARON, GREENBERG & FITZGERALD           Company; Associated Indemnity
2  550 North Brand Blvd.                   Corporation; American
   17th Floor                              Insurance Company; National
3  Glendale, CA 91203-1900                 Surety Corporation
   Phone:  818-244-6600
4  FAX:    818-547-6582

5  Ira Revich, Esq.                        The Home Insurance Company
   David S. Levy, Esq.
6  CHARLSTON, REVICH & WILLIAMS
7  1840 Century Park East
   Third Floor
   Los Angeles, CA 90067-2104
8  Phone:  310-551-7000
   Direct: 310-551-7020 (Ira Revich)
9  Direct: 310-551-7050 (David Levy)
   FAX:    310-203-9321
10

11 James D. Otto, Esq.                     International Insurance
   Sherry L. Pantages, Esq.                Company; United States Fire
12 CUMMINS & WHITE                         Insurance Company; Associated
   865 South Figueroa Street               International Insurance
13 24th Floor                              Company
   Los Angeles, CA 90017-2566
14 Phone:  213-614-1000
   FAX:    213-614-0500

15 Kevin M. Haas, Esq.                     International Insurance
   McELROY, DEUTSCH & MULVANEY             Company; United States Fire
16 1300 Mount Kemble Avenue                Insurance Company
   Post Office Box 2075
17 Morristown, N.J. 07962-2075
   Phone:  201-993-8100
18 FAX:    201-425-0161

19 Lance D. Orloff, Esq.                   Michigan Mutual Insurance
   Karen A. Holloway, Esq.                 Company
20 DANIELS, BARATTA & FINE
21 1801 Century Park East
   Ninth Floor
   Los Angeles, CA 90067
22 Phone:  310-556-7900
   FAX:    310-556-2807
23

24 Michael D. Gallagher, Esq.              Stonewall Insurance Company
   Thomas M. Going, Esq.
25 Christine L. Davis, Esq.
   GERMAN, GALLAGHER & MURTAGH
26 200 South Broad Street
   The Bellevue, Suite 500
27 Philadelphia, PA 19102
   Phone:  215-545-7700
28 FAX:    215-732-4182


BARGER & WOLEN
515 SOUTH FLOWER ST.
THIRTY-FOURTH FLOOR
LOS ANGELES, CA 90071-3388
(213) 680-2800

| | |
|---|---|
| Paul V. Wayne, Esq.<br>Daniel A. Schuch, Esq.<br>THARPE & HOWELL<br>12400 Wilshire Boulevard<br>Suite 1500<br>Los Angeles, CA 90025<br>Phone: 310-826-4240<br>FAX:     310-207-1301 | Stonewall Insurance Company |
| Susan J. Gill, Esq.<br>HAASIS, POPE & CORRELL<br>550 West "C" Street<br>Ninth Floor<br>San Diego, CA 92101-3509<br>Phone: 619-236-9933<br>FAX:     619-236-8961 | Federal Insurance Company |
| Roger E. Marken, Esq.<br>Neil D. Joseph, Esq.<br>IVES, KIRWAN & DIBBLE<br>520 South Grand Avenue<br>Fourth Floor<br>Los Angeles, CA 90071<br>Phone: 213-627-0113<br>FAX:     213-627-1545 | Allianz Insurance Company |
| Paul Woolls, Esq.<br>KNAPP, PETERSEN & CLARKE<br>500 North Brand Boulevard<br>Twentieth Floor<br>Glendale, CA 91203-1904<br>Phone: 818-547-5000<br>FAX:     818-547-5329 | Argonaut Insurance Company |
| Jerrold Abeles, Esq.<br>LEBOEUF, LAMB, GREENE & MACRAE<br>725 South Figueroa Street<br>Los Angeles, CA 90017-5436<br>Phone: 213-955-7300<br>FAX:     213-955-7399 | Hudson Insurance Company;<br>Gibraltar Casualty Company |
| Peter L. Garchie, Esq.<br>Susan E. Leonard, Esq.<br>LEWIS, D'AMATO, BRISBOIS<br> & BISGAARD<br>550 West "C" Street<br>Suite 800<br>San Diego, CA 92101<br>Phone: 619-233-1006<br>FAX:     619-233-8627 | AIU Insurance Company;<br>American Home Assurance<br>Company; Granite State<br>Insurance Company; Insurance<br>Company of the State of<br>Pennsylvania; National Union<br>Fire Insurance Company of<br>Pittsburgh, PA; New Hampshire<br>Insurance Company; Lexington<br>Insurance Company |

| | |
|---|---|
| John E. Peer, Esq.<br>Jeffrey A. Dollinger, Esq.<br>LONG & LEVIT<br>633 West Fifth Street<br>Suite 5900<br>Los Angeles, CA 90071<br>Phone:  213-356-5900<br>FAX:    213-613-0664 | Columbia Casualty Company;<br>Continental Casualty Company; |
| Jan M. Michaels, Esq.<br>LORD, BISSELL & BROOK<br>115 South LaSalle Street<br>Chicago, IL 60603<br>Phone:  312-443-0700/312-558-5600<br>Direct: 312-443-1720<br>FAX:    312-443-0336/312-443-0570 | American Empire Surplus Lines<br>Insurance Company |
| C. Guerry Collins, Esq.<br>LORD, BISSELL & BROOK<br>300 South Grand Avenue<br>Eighth Floor<br>Los Angeles, CA 90071-3200<br>Phone:  213-485-1500<br>FAX:    213-485-1200 | American Empire Surplus Lines<br>Insurance Company |
| Donald K. Fitzpatrick, Esq.<br>Charles G. Carluccio, Esq.<br>MENDES & MOUNT<br>725 South Figueroa Street<br>Suite 1990<br>Los Angeles, CA 90017-5419<br>Phone:  213-955-7700<br>FAX:    213-955-7725 | Certain Underwriters at<br>Lloyd's London and the London<br>Market Insurers |
| Thomas J. Quinn, Esq.<br>MENDES & MOUNT<br>750 Seventh Avenue<br>New York, N.Y. 10019-6829<br>Phone:  212-261-8000<br>FAX:    212-261-8750 | Certain Underwriters at<br>Lloyd's London and the London<br>Market Insurers |
| Douglas C. Purdy, Esq.<br>MORRIS, POLICH & PURDY<br>1055 West Seventh Street<br>24th Floor<br>Los Angeles, CA 90017-2503<br>Phone:  213-891-9100<br>FAX:    213-488-1178 | Continental Insurance<br>Company; Harbor Insurance<br>Company |

BARGER & WOLEN<br>515 SOUTH FLOWER ST.<br>THIRTY-FOURTH FLOOR<br>LOS ANGELES, CA 90071-2285<br>(213) 680-2800

1
2
3
4
5

Susan J. Field, Esq.
Steven J. Elie, Esq.
MUSICK, PEELER & GARRETT
One Wilshire Building
Suite 2000
624 South Grand Avenue
Los Angeles, CA 90017
Phone:  213-629-7600
FAX:    213-624-1376

American Re-Insurance
Company; Employers Mutual
Casualty Company;

6
7
8
9

Steven M. Kohn, Esq.
Scott C. McKnight, Esq.
CROSBY, HEAFEY, ROACH & MAY
1999 Harrison Street
Oakland, California 94612
Phone:  510-763-2000
FAX:    510-273-8832

Allstate Insurance Company,
solely as Successor-in-
interest to Northbrook Excess
And Surplus Insurance Company

10

11
12
13
14

Thomas B. Keegan, Esq.
ROBINS, KAPLAN, MILLER & CIRESI
55 West Wacker Drive
Suite 900
Chicago, IL 60601-1701
Phone:  (312) 782-9200
FAX:    (312) 782-7756

Employers Mutual Casualty
Company

15

16
17
18
19

Gary E. Tavetian, Esq.
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER
1055 West Seventh Street
Suite 2700
Los Angeles, CA 90017-2503
Phone:  213-624-3044
FAX:    213-624-8060

Northwestern National
Insurance Company; Shand,
Morahan & Company, Inc.;
Evanston Insurance Company

20
21
22
23

Peter B. Ackerman, Esq.
O'MELVENY & MYERS
400 S. Hope Street
Fifteenth Floor
Los Angeles, CA 90071-2899
Phone:  213-669-6000
FAX:    213-669-6407

Insurance Company of North
America; California Union
Insurance Company; Pacific
Employers Insurance Company

24

25
26
27
28

Richard K. Wilson, Esq.
ROPERS, MAJESKI, KOHN, BENTLEY,
  WAGNER & KANE
1001 Marshall Street
Redwood City, CA 94063
Phone:  415-364-8200
FAX:    415-367-8643
        415-367-0997

Liberty Mutual Insurance
Company

| | | |
|---|---|---|
| 1 | Stephen J. Erigero, Esq. | Liberty Mutual Insurance |
| | ROPERS, MAJESKI, KOHN, BENTLEY, | Company |
| 2 | WAGNER & KANE | |
| | 550 S. Hope Street | |
| 3 | Nineteenth Floor | |
| | Los Angeles, CA 90071 | |
| 4 | Phone: 213-312-2000 | |
| | FAX:   213-312-2001 | |
| 5 | | |
| | Nancy W. Shokohi, Esq. | Commercial Union Insurance |
| 6 | Jeffrey A. Turkell, Esq. | Company and Northern |
| | SELMAN, BREITMAN & BURGESS | Assurance Company of America |
| 7 | 11766 Wilshire Blvd. | |
| | Sixth Floor | |
| 8 | Los Angeles, CA 90025-6538 | |
| | Phone:  310-445-0800 | |
| 9 | FAX:    310-473-2525 | |
| 10 | J. Christopher Bennington, Esq. | General Accident Insurance |
| | WASSERMAN, COMDEN & CASSELMAN | Company of America |
| 11 | 5567 Reseda Blvd. | |
| | Suite 330 | |
| 12 | P.O. Box 7033 | |
| | Tarzana, CA 91357-7033 | |
| 13 | Phone:  818-705-6800 | |
| | FAX:    818-996-8266 | |
| 14 | 818-345-0162 | |
| 15 | Michelle R. Bernard, Esq. | Employers Insurance of |
| | ZELLE & LARSON | Wausau; Lumbermens Mutual |
| 16 | One Market Plaza | Casualty Company |
| | Steuart Street Tower | |
| 17 | Fifteenth Floor | |
| | San Francisco, CA 94105 | |
| 18 | Phone:  415-978-9788 | |
| | FAX:    415-978-9924 | |
| 19 | | |
| | Michel Y. Horton, Esq. | Plaintiffs |
| 20 | Richard S. Grant, Esq. | |
| | WILLIAMS AND ZEVNIK, P.C. | |
| 21 | 633 West Fifth Street | |
| | Twenty-Second Floor | |
| 22 | Los Angeles, CA 90017 | |
| | Phone:  213-439-5200 | |
| 23 | FAX:    213-439-5222 | |
| 24 | John W. Roberts, Esq. | Plaintiffs |
| | John J. Houlihan, Jr., Esq. | |
| 25 | WILLIAMS AND ZEVNIK, P.C. | |
| | 77 West Wacker Drive | |
| 26 | Suite 3300 | |
| | Chicago, IL  60601 | |
| 27 | Phone:  312-977-2500 | |
| | FAX:    312-977-2560 | |
| 28 | 312-977-2561 | |

1  | Paul Anton Zevnik, Esq.          Plaintiffs
   | WILLIAMS AND ZEVNIK, P.C.
2  | 1133 Connecticut Avenue, N.W.
   | Seventh Floor
3  | Washington, D.C. 20036
   | Phone:   202-973-0950
4  | FAX:     202-973-0955

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28