# EXHIBIT 2

RECEIVED
MAIL
SEP 25 2000

ZHGMP & F-LA
cc: SEK/TLT/MBH/
DW/

1   CHARLSTON, REVICH & WILLIAMS LLP
    Ira Revich (State Bar No. 77878)
2   Nicholas R. Andrea (State Bar No. 166822)
    1840 Century Park East, Third Floor
3   Los Angeles, California 90067-2104
    Telephone: (310) 551-7000
4
5   Attorneys for Defendant THE HOME INSURANCE COMPANY and on behalf of
    Joint Defendants listed in Exhibit A hereto
6   ZEVNIK HORTON GUIBORD McGOVERN PALMER & FOGNANI
    Mark B. Hartzler, (State Bar No. 174783)
7   333 South Grand Avenue, 21st Floor
    Los Angeles, California 90071
8   Telephone: (213) 437-5200
9   Attorneys for Plaintiffs JENSEN-KELLY CORPORATION, et al.

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                  FOR THE COUNTY OF LOS ANGELES

12   IN RE:                              )   Judicial Council Coordination Proceeding
                                         )   No. 4083
13   ENVIRONMENTAL CONTRACT              )
     CASES                               )
14   _____        )   Coordinated Actions:
                                         )   Los Angeles County Superior Court Case
15   JENSEN-KELLY CORPORATION, et al     )   No. BC 069018;
                                         )   Ventura County Superior Court Case No.
16          Plaintiffs,                  )   CIV 187491
                                         )   [Assigned For All Purposes to
17       vs.                             )   Hon. Peter D. Lichtman]
                                         )
18   ALLIANZ UNDERWRITERS               )
     INSURANCE, et al.                   )
19                                       )   JOINT STATUS CONFERENCE
            Defendants.                  )   STATEMENT
20   _____        )
                                         )   DATE:        September 27, 2000
21   WHITMAN CORPORATION and            )   TIME:        10:00 A.M.
     PNEUMO ABEX CORPORATION,            )   LOCATION:    Department 310
22                                       )
            Plaintiffs,                  )   Date Case Filed:   November 20, 1992
23       vs.                             )   Discovery Cut-off: April 15, 1997
                                         )   Motion Cut-off:    Per CMO
24   ARGONAUT INSURANCE COMPANY,        )   Trial Date:        October 16, 2000
     et al.                              )
25                                       )
            Defendants.                  )
26   _____        )

27       Plaintiffs, Jensen-Kelly Corporation, et al. ("Plaintiffs") and Defendants, The Home

28   Insurance Company, on behalf of itself and the other Joint Defendants listed on Exhibit A

1851ss [5256.848]
CHARLSTON, REVICH
& WILLIAMS LLP

(Defendants") submit this Joint Status Conference Statement to report on the status of this action. Where the parties cannot agree, we provide the Court with Plaintiffs' and Defendants' respective positions.

## I.  INTRODUCTION

This action has been stayed since June for the purpose of trying to achieve a global settlement and resolution of all litigation between the parties herein. Argonaut Insurance Company reached a settlement during the stay and other Defendants (First State, Allstate, Maryland Casualty and Michigan Mutual) will hold Court supervised settlement conferences in early October. The stay expired on September 6, 2000. The first phase trial of this action relates to the following four sites: (i) Portsmouth, Virginia; (ii) Mahwah, New Jersey; (iii) Oxnard, California, and (iv) Cleveland, Ohio. The second phase trial will consist of the remaining two sites: (i) Orzinuovi, Italy, and (ii) Kalamazoo, Michigan.

## II.  REMAINING FIRST PHASE ACTIVITIES

Plaintiff's Position.

Plaintiffs have filed a Petition for Writ of Mandate with the Court of Appeal based on this Court's August 25, 2000 ruling and order that Plaintiffs may not dismiss certain Defendants without prejudice. The outcome of this petition will directly impact the future course of these proceedings. If there are remaining issues to be adjudicated by the Court, as Plaintiffs have argued to this Court and the Court of Appeal (and as Defendants now suggest below), then Plaintiffs should be permitted to dismiss certain Defendants without prejudice, thus concluding the litigation as between those parties. Code Civ. Proc. § 581; *Cal-Vada Aircraft, Inc. v. Superior Court*, 179 Cal. App. 3d 435 (1986) (partial adjudication of issues does not constitute a "trial" which brings the action to a stage where final disposition can be made, thus a plaintiff may voluntarily dismiss a party under Section 581.) Conversely, if Plaintiffs' case "is at a stage where final disposition can be made of it," as the Court concluded in its August 25, 2000 order (and as summary adjudication rulings which are dispositive as to the first phase trial sites (excepting Michigan Mutual and the Cleveland site), the remaining motions on file and those proposed by Defendants herein are immaterial and

1    should be withdrawn.  In either case, the "unfinished items" described by Defendants below

2    need not be addressed.

3          <u>Defendants' Position</u>.

4        A.     <u>Motions</u>.

5             1.     <u>Supplemental Briefing Relating to Exhaustion Motion as to Portsmouth</u>

6                  <u>Site Only</u>

7                 The Court granted the Defendants' exhaustion motion on the Cleveland,

8    Oxnard and Mahwah sites ("Exhaustion Ruling").  However, as to Portsmouth, the Court

9    asked for supplemental briefing limited to the amount of damages at the Portsmouth site.  The

10   briefing has been completed by all parties.  All that remains is for the Court to set a hearing

11   date for the matter.

12             2.     <u>Allstate Motion for Reconsideration of Exhaustion Ruling</u>

13                 In its Exhaustion Ruling, the Court excluded and denied the motion with

14   respect to certain of Allstate's policies.  Allstate filed a Motion for Reconsideration.

15   Plaintiffs have not filed an Opposition and a date has not been set by the Court to hear

16   Allstate's motion.

17             3.     <u>Motions for Summary Adjudication on Named Insured Issue</u>

18                 Defendants filed two Motions for Summary Adjudication regarding the

19   Named Insured issue.  One motion filed by London insurers relates to the I.C. Industries

20   policies.  The other motion originally filed by Liberty Mutual and joined in by other

21   Defendants relates to the American Brake Shoe Company policies.  Plaintiffs have filed

22   oppositions to both motions.  The setting of a hearing date for these motions will determine

23   the date the replies are due.  These motions involve common issues of law and should be set

24   for hearing on the same date.  Further, since the replies will be lengthy, Defendants request

25   the Court to set this hearing for the end of October.

26             4.     <u>Motion for Leave to File Cross-Complaint</u>

27                 Defendants, including London and Home, intend to file motions for

28   leave to file cross-complaints.  At the Court's request, the parties have met and conferred, but

1 were unable to agree upon Defendants' filing of cross-complaints. The Court needs to set a
2 briefing schedule and hearing date.

3       Home's cross-complaint will basically involve the allocation of
4 settlement proceeds received to date by Plaintiffs. If the motion is granted and Home's cross-
5 complaint is filed, Home intends to take discovery, written and, possibly, deposition,
6 regarding the actual and future damages at the sites which Plaintiffs have dismissed without
7 prejudice from this action. Ultimately, Home would file a motion to allocate the settlement
8 proceeds to the dismissed sites.

9      5.   Motion for Summary Adjudication on Owned Property Exclusion on
10           Cleveland

11       Prior to trial, Michigan Mutual intends to file a Motion for Summary
12 Adjudication based on the Owned Property Exclusion with respect to the Cleveland trial site.
13 The Court needs to set a briefing schedule and hearing date for this motion. Plaintiffs oppose
14 the request by Michigan Mutual to file this motion.

15      6.   Maryland Casualty Motion for Entry of Judgment

16       Maryland Casualty intends to file a motion for entry of judgment in its
17 favor based on the fact of its success in motions for summary adjudication combined with
18 Plaintiffs' dismissal of various sites, leaving no issues to be resolved between Maryland
19 Casualty and the Plaintiffs.

20    B.   Trial

21       The trial date for this action is October 16, 2000. Presently, the trial would
22 consist of one site, Cleveland, and one defendant, Michigan Mutual. The Defendants request
23 that the Court reset the trial date. Plaintiffs oppose this request.

24    C.   Administrative

25       Due to the settlement by Liberty Mutual, Defendants have to appoint new
26 liaison counsel. Counsel for London and Home will become liaison counsel along with
27 counsel for Plaintiffs. Plaintiffs do not oppose this redesignation.
28 //

## III.  SECOND PHASE

### Plaintiffs' Position

All issues surrounding the first phase trial sites, including trial of the Cleveland environmental action, must be resolved before activities concerning the second phase trial sites begin.

### Defendants' Position

As mentioned above, the only remaining sites for phase two are Orzinuovi, Italy and Kalamazoo, Michigan.  Defendants propose that an amendment to the Case Management Order ("CMO") be entered to permit written and oral discovery to begin on these two sites. The parties can meet and confer to develop a joint proposal for discovery, motion practice and trial of the phase two sites.  If this is acceptable to the Court, the Court can set a date for the hearing to enter the amendment to the CMO.

DATED:  _9/22/00_          CHARLSTON, REVICH & WILLIAMS LLP
                           Ira Revich
                           Nicholas R. Andrea


                    By:  _Ira Revich_
                           Ira Revich, Attorneys for Defendant
                           THE HOME INSURANCE COMPANY and on
                           behalf of Joint Defendants listed on Exhibit A hereto


DATED:  _September 21, 2000_   ZEVNIK HORTON GUIBORD McGOVERN
                               PALMER & FOGNANI
                               Mark B. Hartzler


                    By:  _Mark B. Hartzler_
                           Mark B. Hartzler, Attorneys for Plaintiff
                           JENSEN-KELLY CORPORATION, et al.

**EXHIBIT  "A"**

# EXHIBIT "A"

1.    Maryland Casualty Company.

2.    First State Insurance Company.

3.    Michigan Mutual Insurance Company.

4.    Certain Underwriters at Lloyd's London and the London Market Insurers.

5.    Allstate Insurance Company, solely as Successor-in-Interest to Northbrook Excess and Surplus Insurance Company.

6.    Commercial Union Insurance Company; Northern Assurance Company of America.

**Re:** *Jensen-Kelly Corp, et al. v. Allianz Ins. Co., et al.*
*Judicial Council Coordination Proceeding No. 4083; LASC Case No. BC 069018;*
*VCSC Case No. CIV 187491*

## PROOF OF SERVICE
1013A (3) C.C.P. Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1840 Century Park East, Third Floor, Los Angeles, California 90067,

On the date shown below, I served the foregoing document described as:

## *JOINT STATUS CONFERENCE STATEMENT*

as indicated on Service List, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

**x**   **(BY MAIL)** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**(BY PERSONAL SERVICE)** I delivered such envelope by hand to the addressee.

**(BY OVERNIGHT MAIL)** I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

_   **(BY FACSIMILE)** I caused such document to be delivered by facsimile to the offices of the addressees following ordinary business practices.

**x**   **STATE**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_   **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **September 22, 2000**, in Los Angeles, California.

SASHA SINGER                    *Sasha Singer*

## SERVICE LIST

<u>Jensen-Kelly Corp., et al. v. Allianz Ins. Co., et al.</u>; Judicial Council Coordination Proceeding No. 4083; LACSC Case No. BC 069018; VCSC Case No. CIV 187491

*Revised September 21, 2000*

| PLAINTIFFS | |
| --- | --- |
| Paul Anton Zevnik, Esq.<br>Steven E. Knott, Esq.<br>Jeffrey W. Moss (admitted <u>pro hac vice</u>)<br>Andrew J. Enschedé, Esq. (admitted <u>pro hac vice</u>)<br>Mark B. Hartzler, Esq.<br>**ZEVNIK HORTON GUIBORD McGOVERN PALMER & FOGNANI, L.L.P.**<br>333 South Grand Ave., 21st Floor<br>Los Angeles, CA 90071<br>Phone:      213-437-5200<br>Fax:         213-437-5222 | Attorneys for Plaintiffs JENSEN-KELLY CORPORATION, HUSSMAN CORPORATION, PEPSI-COLA GENERAL BOTTLER, INC., PNEUMO ABEX CORPORATION, and WHITMAN CORPORATION |
| Jeffrey Moss, Esq.<br>**ZEVNIK HORTON GUIBORD McGOVERN PALMER & FOGNANI, L.L.P.**<br>One International Place<br>Boston, MA 02110<br>(617) 790-2970<br>(617) 790-2910 FAX | Attorneys for Plaintiffs JENSEN-KELLY CORPORATION, HUSSMAN CORPORATION, PEPSI-COLA GENERAL BOTTLER, INC., PNEUMO ABEX CORPORATION, and WHITMAN CORPORATION |
| Steven L. Fasman, Esq.<br>**MAFCO CONSOLIDATED GROUP, INC.**<br>625 Madison Avenue, 14th Floor<br>New York, New York 10022<br>Phone:  212-527-5508<br>Fax:      212-527-5545 | Attorneys for Plaintiffs JENSEN-KELLY CORPORATION, HUSSMAN CORPORATION, PEPSI-COLA GENERAL BOTTLER, INC., PNEUMO ABEX CORPORATION, and WHITMAN CORPORATION |
| John W. Roberts, Esq.<br>John J. Houlihan, Jr., Esq.<br>**ZEVNIK HORTON GUIBORD & McGOVERN**<br>77 West Wacker Drive, #3300<br>Chicago, IL 60601<br>Phone:  312-977-2500<br>Fax:      312-977-2560/312-977-2561 | Attorneys for Plaintiffs JENSEN-KELLY CORPORATION, HUSSMAN CORPORATION, PEPSI-COLA GENERAL BOTTLER, INC., PNEUMO ABEX CORPORATION, and WHITMAN CORPORATION |
| Paul Anton Zevnik, Esq.<br>**ZEVNIK HORTON GUIBORD & McGOVERN**<br>1299 Pennsylvania Avenue, N.W.<br>Ninth Floor<br>Washington, D.C. 20004<br>Phone:  202-824-0950<br>Fax:      202-824-0955 | Attorneys for Plaintiffs JENSEN-KELLY CORPORATION, HUSSMAN CORPORATION, PEPSI-COLA GENERAL BOTTLER, INC., PNEUMO ABEX CORPORATION, and WHITMAN CORPORATION |

| SPECIAL APPEARANCES | |
|---|---|
| David W. Steuber, Esq.<br>Jeffrey M. Jacobberger, Esq.<br>Tyrone Richard Childress, Esq.<br>**TROOP STEUBER PASICH REDDICK**<br>**& TOBEY**<br>2029 Century Park East, 24th Floor<br>Los Angeles, CA 90067-30001<br>Phone:  310-728-3200<br>Fax:      310-728-2200 | Whitman Corporation |
| Darrell J. Hieber, Esq.<br>**SKADDEN, ARPS, SLATE, MEAGHER**<br>**& FLOM LLP**<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>Phone:  213-687-5000<br>Fax:      213-687-5600 | Pneumo Abex Corporation |
| Michael H. Diamond, Esq.<br>**MILBANK TWEED HADLEY & McCLOY**<br>601 South Figueroa Street, 30th<br>Los Angeles, CA 90017<br>Phone: 213-892-4000<br>Fax:      213-629-5063 | Pneumo Abex Corporation |

| DEFENDANTS | |
|---|---|
| Edmund J. Towle, III, Esq.<br>Michael D. Howald, Esq.<br>**KINSELLA, BOESCH, FUJIKAWA & TOWLE**<br>1901 Avenue of the Stars, #700<br>Los Angeles, CA 90067-6009<br>Phone:  310-201-2000<br>Fax:      310-284-6018 | Maryland Casualty Company |
| Marilyn E. Kerst, Esq.<br>Nancy M. Barnes, Esq.<br>**WILEY, REIN & FIELDING**<br>1776 "K" Street, N.W.<br>Washington, D.C. 20006<br>Phone:  202-429-7000<br>Fax:      202-429-7049<br>            202-429-7207 | Maryland Casualty Company |
| Robert H. Berkes, Esq.<br>Gayle L. Wilder, Esq.<br>**PETERSON & ROSS**<br>333 South Grand Avenue, #1600<br>Los Angeles, CA 90071-1520<br>Phone:  213-625-3500<br>Fax:      213-625-0210 | First State Insurance Company |

| DEFENDANTS | |
|---|---|
| Lance Orloff, Esq.<br>**GRANT, GENOVESC & BARATTA**<br>2030 Main Street, Suite 1600<br>Irvine, CA 92614<br>Phone: 949-660-1600<br>Fax:    949-660-6060 | Michigan Mutual Insurance Company |
| Patrick Cathcart, Esq.<br>Yvette Roland, Esq.<br>**HANCOCK, ROTHERT & BUNSHOFT**<br>515 S. Figueroa Street, 17th Floor<br>Los Angeles, California  90071<br>Phone: 213-623-7777<br>Fax:    213-623-5405 | Certain Underwriters at Lloyd's London and the London Market Insurers |
| Susan J. Field, Esq.<br>Steven J. Elie, Esq.<br>**MUSICK, PEELER & GARRETT LLP**<br>One Wilshire Building, #2000<br>624 South Grand Avenue<br>Los Angeles, California  90017<br>Phone: 213-629-7600<br>Fax:    213-624-1376 | American Re-Insurance Company |
| Louis M. McCabe, Esq.<br>Scott McKnight, Esq.<br>**LILLICK & CHARLES**<br>Two Embarcadero Center<br>San Francisco, California 94111-3996<br>Phone: 415-984-8200<br>Fax:    415-984-8300 | Allstate Insurance Company, solely as Successor-in-Interest to Northbrook Excess and Surplus Insurance Company |
| Jan L. Pocaterra, Esq.<br>**SELMAN - BREITMAN**<br>11766 Wilshire Blvd., 6th Floor<br>Los Angeles, CA 90025-6538<br>Phone: 310-445-0800<br>Fax:    310-473-2525 | Commercial Union Insurance Company; Northern Assurance Company of America |