SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

HERMAN CAHN

PART __49__

| Index Number : 602493/2002 |
| --- |
| **LLOYD'S LONDON** |
| vs. |
| **PNEUMO ABEX** |
| SEQUENCE NUMBER : 015 |
| RENEWAL |

INDEX NO. _____

MOTION DATE __10/3/06__

MOTION SEQ. NO. __015__

MOTION CAL. NO. _____

this motion to/for _____

**PAPERS NUMBERED**

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... _____

Answering Affidavits — Exhibits _____ _____

Replying Affidavits _____ _____

**Cross-Motion:**  ☐ Yes   ☐ No

Upon the foregoing papers, it is ordered that this motion

MOTION IS DECIDED IN ACCORDANCE
WITH ACCOMPANYING MEMORANDUM
DECISION IN MOTION SEQUENCE . . . . .

Dated: __3/24/06__                    _____[signature]_____
                                                          J.S.C.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Check one:   ☑ FINAL DISPOSITION    ☐ NON-FINAL DISPOSITION

Check if appropriate:   ☐ DO NOT POST    ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:     IAS PART 49
-----------------------------------------------------------X
CERTAIN UNDERWRITERS AT LLOYD'S,     :
LONDON, et al.,                                              Index No. 602493/02
                                                         :
          Plaintiffs,
                                                         :
     - against -
                                                         :
PNEUMO ABEX CORPORATION, et al.,
                                                         :
          Defendants.
-----------------------------------------------------------X

Herman Cahn, J.

      Motion sequence nos. 14 and 15 are consolidated for disposition.

      Defendant Mt. McKinley Insurance Company moves (seq. no. 14) for leave to reargue the motion of defendant PepsiAmercas, Inc., to stay this action in favor of related litigation in the U.S. District Court for the District of Columbia, entitled *Abex Corp., et al. v Maryland Cas. Co., et al.* (C.A. No. 82-2098) and *Whitman Ins. Co., Ltd. v Travelers Indem. Co., et al.* (C.A. No. 05-1125), which resulted in the court's decision and order dated July 29, 2005 (the "Decision"), granting same, CPLR 2221.

      Plaintiffs also move (seq. no. 15) for leave to renew and reargue said motion. Defendants American Re-Insurance Company and TIG Insurance Company join in the motion.

      The facts and prior disposition are fully set forth in the Decision, and will not be repeated here unless necessary to the within discussion.

***Mt. McKinley's Motion to Reargue (seq. no. 14):***

      As the Appellate Division declared:

> A motion for reargument, addressed to the discretion of the court, is designed to afford a party an opportunity to demonstrate that the court overlooked or misapprehended the

relevant facts, or misapplied any controlling principle of law. <u>Its purpose is not to serve as a vehicle to permit the unsuccessful party to reargue once again the very questions previously decided</u>.

(*Foley v Roche*, 68 AD2d 558, 567 [1st Dept 1979] emphasis added.)

Mt. McKinley does not identify overlooked facts or misapprehended law on this motion. Rather, it repeats its original argument in opposition to a stay; to wit, that "the only excess insurers involved in the Abex DC litigation were those who also issued primary coverage" (Hardin Affirm. ¶ 12). In fact, its entire argument herein is that it, and possibly some other insurers, are not, or were not, parties in the D.C. litigation (*see, id., passim*). The court was fully cognizant of that argument, made in opposition to the underlying motion for a stay; but held that a stay was proper in favor of the D.C. litigation due to other significant considerations.[1] The court stated:

> The actions are not so dissimilar as to preclude a stay hereof, as the excess policies underlying this action follow the form of the primary policies underlying the D.C. actions, specifically incorporating definitions, conditions, and exclusions contained in the latter (Zevnik Aff. ¶¶ 15-18). Indeed, District Judge Penn has refrained from issuing orders relating to the excess policies on the sole ground that the excess insurers were not parties to the D.C. federal actions (Youngwood Aff. Ex. A [Memorandum Order of Hon. John Garrett Penn, U.S.D.J., dated August 31, 2004] at 4). That impediment no longer exists due to the recent joinder of excess policy insurers in the D.C. federal litigation.
>
> In addition, complete identity of parties is not necessary to warrant a stay hereof, as it is sufficient that "at least one plaintiff and one defendant is common in each action" (*Morgulas v J. Yudell Realty, Inc.*, 161 AD2d 211 [1st Dept 1990]). Lloyd's, Whitman (l/k/a PepsiAmericas [*see, supra,* note 1]), National Union, AIU, Allianz, American Home Assurance, American Reinsurance, Associated International, Employers Mutual, Falcon, Federal, Fireman's Fund, First State, Granite State, Hudson, Mt. McKinley, New Hampshire, Stonewall, and Travelers are all common to this and the D.C. action (*compare* McCabe Aff. Ex. 1 [full caption hereof] *with* Zevnik Aff., Appx., Ex. 2

---

[1] As the Decision notes, at page 3, "[t]he court is vested with 'broad discretion' in determining a motion to dismiss on the ground of another action pending (*Whitney v Whitney*, 57 NY2d 731, 732 [1982])."

2

[caption of *Whitman Ins. Co., Ltd. v Travelers Indem. Co., et al.*, C.A. No. 05-1125]). (Decision at 4-5.)

Of course, the latter point – that complete identity of the parties is unnecessary for a stay under CPLR 3211 (a) (4) – is a direct refutation of Mt. McKinley's argument that a stay should not issue because there is not complete identity of the parties.

Accordingly, Mt. McKinley's motion to reargue is denied.

**Plaintiffs' Motion to Renew and Reargue (seq. no. 15):**

CPLR 2221 (e) provides that a motion for leave to renew a prior motion:

> shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion.

CPLR 2221 (f) provides that "[a] combined motion for leave to reargue and leave to renew shall identify separately and support separately each item of relief sought."

Plaintiffs have presented no new facts on this motion. They simply repeat the prior assertion that some of the parties herein are not parties to the D.C. litigation, and that some of their policies were delivered in New York. None of these facts is new, and all of them were presented to the court on the underlying motion.

Plaintiffs remind the court that defendant Cooper Industries, LLC, is not a defendant in the D.C. action, *Whitman Ins. Co., Ltd. v Travelers Indem. Co., et al.* (C.A. No. 05-1125), pressing the argument, again, that a stay of this action should not issue because the parties are not completely identical. Apart from the immateriality of that argument (*Morgulas v J. Yudell Realty, Inc.*, 161 AD2d 211 [1st Dept 1990]), it is not a "new" fact, as the notion has already been considered and disposed of in the underlying motion. Moreover, as observed in the

3

Decision:

> The D.C. Federal District Court has conducted two trials; issued various decisions concerning coverage issues among the parties; and entered orders and endorsed stipulations regarding the exhaustion of certain of the primary policies. Those decisions resulted in various D.C. Circuit decisions; among them, holding that Abex's insurers bore an immediate duty to defend Abex "as long as there remains a possibility – however remote – that injury occurred during the policy periods of each insurer" . . . .

(Decision at 2.)[2]

Apart from the D.C. court's familiarity and deep involvement in the underlying issues, Cooper is not an insured under any of the Lloyd's policies; rather, it seeks reimbursement on defendant Pneumo Abex's behalf. Cooper itself is, thus, not a necessary party, as movants American Re-Insurance and TIG urge.

Underwriters asserts that New York is the more appropriate forum because certain of its policies were delivered to the New York office of a former subsidiary of Chicago-based IC Industries. This hardly constitutes a significant New York nexus, as more than 90% of the policy limits at issue herein were delivered to IC Industries in Chicago; and negotiated, drafted, and brokered there (Chefitz Aff. ¶¶ 14-16).

Plaintiff contends that the Decision "confused" the two D.C. actions, by treating them as a single action (Underwriters' Mem. at 14). This is incorrect. The Decision recognized that the *Whitman* and *Abex* actions are related actions. Moreover, plaintiff is incorrect in asserting that District Judge Penn never made any rulings regarding excess policies of insurance at issue herein (*id.*, at 12). More accurately, Judge Penn stated: "Lest there be any misunderstanding, this Court will not seek to enter orders against excess insurers <u>which are not</u>

---

[2] Over two decades of litigation in the D.C. federal court have ensued in connection with the asbestos-related insurances issues common to this action.

4

parties to this action" (Travelers' Opp. Mem. Ex. A at 4 [emphasis added]).

Plaintiff contends that the court overlooked the fact that PepsiAmericas never proffered evidence that Lloyd's excess policies follow the form of the primary policies at issue in the D.C. litigation. This, too, is incorrect. Lloyd's wrote excess policies with the knowledge that it would be bound by the terms of the primary policies. Lloyd's policy, no. 551 URA 0059, issued to IC Industries, for example, for the period April 1, 1984, to April 1, 1985, follows the form of, and incorporates, the terms and definitions of the underlying National Union umbrella policy, no. BE 1338972, which was the subject of several orders entered by the D.C. federal court in the D.C. *Abex* action (Chefitz Supp. Aff. Ex. A). That fact was before the court during the underlying motion and, thus, the court did not overlook any material fact which might have changed the Decision's result, granting a stay hereof in favor of the ongoing, long-litigated, D.C. actions (*Foley v Roche, supra*).

Finally, plaintiff asserts that New York law applies to the interpretation of the policies herein; thus, rendering this forum more appropriate (Underwriters' Mem. at 15). As discussed above, only a small portion of the policies were issued to IC Industries' former New York subsidiary, as opposed to over 90% of the policies, which were issued to its Chicago, Illinois, office; and were negotiated, drafted, and brokered there. Absent a substantial nexus to New York, no sufficient basis exists to disturb the court's stay of this action in favor of the D.C. litigation (*Shin-Etsu Chem. Co., Ltd. v 3033 ICICI Bank Ltd.*, 9 AD3d 171 [1st Dept 2004]).

Consequently, insufficient grounds for renewal or reargument have been shown, and the motion is denied.

5

Accordingly, it is

ORDERED that the motions (seq. nos. 14 and 15) are denied.

Dated: March 24, 2006

                                        ENTER:

                                        _____
                                        J. S. C.